## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE, INC., | : | Case No. 22-10951 (    ) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 36-4973937 | : | |

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE CANADA HOLDINGS, LLC, | : | Case No. 22-10952 (  ) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. N/A | : | |

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE ASSET SECURITIZATION LLC, | : | Case No. 22-10953 (  ) |
| Debtor. | : | |
| | : | |
| Tax I.D. No. N/A | : | |

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE ASSET FUNDING 2017-A LLC, | : | Case No. 22-10954 (  ) |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 61-1854803 | : | |

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE ASSET FUNDING 2019-A LLC, | : | Case No. 22-10955  (  ) |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 83-4698973 | : | |

---------------------------------------------------------- x

```
------------------------------------------------------------ x
In re                                            :    Chapter 11
                                                 :
KABBAGE DIAMETER, LLC,                            :    Case No. 22-10956 (    )
                                                 :
          Debtor.                                :
                                                 :
Tax I.D. No. N/A                                 :
------------------------------------------------------------ x
```

## MOTION OF DEBTORS FOR ENTRY OF ORDER
## DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully move and represent as follows in support of this motion (this "**Motion**"):

### Relief Requested

1.      By this Motion, the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction and Venue

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent

2

to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.   Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.      On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in the Debtors' voluntary cases (the "**Chapter 11 Cases**").

5.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis In Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith.[1]

### Relief Requested Should Be Granted

6.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  Under section 101(2) of the Bankruptcy Code, the term "affiliate" means:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). The Debtors are all "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. As set forth in the First Day Declaration, the Debtors are under common ownership and control by an entity with, directly or indirectly, at least 20% of the outstanding voting securities in each Debtor. Accordingly, this Court is authorized to jointly administer these Chapter 11 Cases for procedural purposes.

7.       In addition, Local Rule 1015–1 provides, in relevant part, as follows:

An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Pursuant to Local Rule 1015-1, the Debtors have filed the First Day Declaration contemporaneously herewith. As set forth in the First Day Declaration, joint administration of the

4

Debtors' respective estates is warranted and will ease the administrative burden for the Court and all parties in interest.

8.    Joint administration of these Chapter 11 Cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders.  Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets.  The United States Trustee for the District of Delaware (the "**U.S. Trustee**") and other parties in interest will similarly benefit from joint administration of these Chapter 11 Cases, as it will spare them the time and effort of reviewing duplicative pleadings and papers.

9.    Joint administration of these Chapter 11 Cases will not adversely affect creditors' rights because this Motion requests administrative consolidation of the Debtors' estates for procedural purposes only and does not seek substantive consolidation.  As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

10.    Although the lead Debtor is listed for tax identification purposes as "Kabbage, Inc.," the lead Debtor also does business under the trade names "KServicing" "KServicing, Inc." and "KService Corp."  Kabbage, Inc. formally and primarily conducts business under the trade name "KServicing" and has licensed the use of the "Kabbage" trademark as a result of (a) an *Agreement and Plan of Merger*, dated August 16, 2020, as between Kabbage, Inc., American Express Travel Related Services Company, Inc., and certain others and (b) a related *Transition Services Agreement*, dated October 16, 2020, as between Alpha Kabbage, Inc. and Kabbage, Inc.  Accordingly, the proposed case caption for the jointly-administered cases will reflect the trade name "KServicing" to, among other things, preserve familiarity with the Debtors' businesses for all interested parties.

11.     The Debtors respectfully request that these cases be administered under the following caption:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re                                       :   Chapter 11
                                            :
KABBAGE, INC. d/b/a KSERVICING, et al.,     :   Case No. 22-10951 (    )
                                            :
                                            :
                Debtors. ¹                   :   (Jointly Administered)
------------------------------------------------------------ x
```

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

12.     The Debtors also request that the following notation be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of Kabbage, Inc. d/b/a KServicing) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of Kabbage, Inc. d/b/a KServicing, *et al.*  The docket in Case No. 22-10951 (    ) should be consulted for all matters affecting this case.

13.     Based on the foregoing, the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these Chapter 11 Cases.  Accordingly, the Court should authorize the relief requested herein.

**Notice**

14.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross

RLF1 28018166v.1

River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  As this Motion is seeking "first-day" relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m).  The Debtors believe that no further notice is required.

**<u>No Prior Request</u>**

15.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 3, 2022
      Wilmington, Delaware

*/s/ Zachary I. Shapiro*

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
       steele@rlf.com
       shapiro@rlf.com
       milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Natasha S. Hwangpo (*pro hac vice* admission pending)
Chase A. Bentley (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
E-mail:     ray.schrock@weil.com
         candace.arthur@weil.com
         natasha.hwangpo@weil.com
         chase.bentley@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE, INC., | : | Case No. 22-10951 (    ) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 36-4973937 | : | |

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE CANADA HOLDINGS, LLC, | : | Case No. 22-10952 (   ) |
| | : | |
| Debtor. | : | |
| | : | |
| Tax I.D. No. N/A | : | |

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE ASSET SECURITIZATION LLC, | : | Case No. 22-10953 (   ) |
| Debtor. | : | |
| | : | |
| Tax I.D. No. N/A | : | |

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE ASSET FUNDING 2017-A LLC, | : | Case No. 22-10954 (   ) |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 61-1854803 | : | |

-------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE ASSET FUNDING 2019-A LLC, | : | Case No. 22-10955 (   ) |
| Debtor. | : | |
| | : | |
| Tax I.D. No. 83-4698973 | : | |

-------------------------------------------------------- x

```
----------------------------------------------------------- x
In re                                          :        Chapter 11
                                               :
KABBAGE DIAMETER, LLC,                          :        Case No. 22-10956 (    )
                                               :
              Debtor.                          :
                                               :
Tax I.D. No. N/A                               :
----------------------------------------------------------- x
```

## ORDER PURSUANT TO FED. R. BANKR. P. 1015(b)
## DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion, dated October 3, 2022 (the "**Motion**")[1] of Kabbage, Inc. d/b/a

KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases

(collectively, the "**Debtors**"), for entry of an order pursuant to Bankruptcy Rule 1015(b) and Local

Rule 1015-1 directing joint administration of the Chapter 11 Cases, all as more fully set forth in

the Motion; and this Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware, dated February 29,

2012; and consideration of the Motion and the requested relief being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided; and such notice having

been adequate and appropriate under the circumstances, and it appearing that no other or further

notice need be provided; and this Court having reviewed the Motion; and upon any hearing held

on the Motion (the "**Hearing**"); and upon the First Day Declaration and the record of the Hearing;

and this Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and it appearing that the relief requested in the Motion is

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1.      The Motion is granted to the extent set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 22-10951 (____).

3.      Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors, or the Debtors' estates.

4.      The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
**In re**                                          :        **Chapter 11**
                                                   :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.,*      :        **Case No. 22-10951 (    )**
                                                   :
                                                   :
              **Debtors.** [1]                     :        **(Jointly Administered)**
------------------------------------------------------------ x

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

5.      A docket entry shall be made in each of the above-captioned cases (other than the chapter 11 case of Kabbage, Inc. d/b/a KServicing) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of Kabbage, Inc. d/b/a KServicing, *et al.*  The docket in Case No. 22-10951 (    ) should be consulted for all matters affecting this case.

3

6.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.