## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re                                          :    Chapter 11
                                               :
KABBAGE, INC. d/b/a KSERVICING, et al.,        :    Case No. 22-10951 (      )
                                               :
                                               :
            Debtors.¹                          :    (Joint Administration Requested)
------------------------------------------------------------- x
```

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE AND MAINTAIN CONSOLIDATED CREDITOR LISTS, AND (B) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUALS, (II) APPROVING SPECIAL ELECTRONIC NOTICING PROCEDURES, AND (III) GRANTING RELATED RELIEF

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully move and represent as follows in support of this motion (this "**Motion**"):[2]

### Relief Requested

1.      By this Motion, the Debtors request, pursuant to sections 521 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007, 2002, 9007, 9008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1001-1(c), 1007-1, and 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined below) filed contemporaneously herewith. Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration (as defined below).

Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that the Court (i) authorize, the Debtors to (a) file a single, consolidated list of creditors, maintain a single, consolidated mailing matrix (the "**Creditor Matrix**"), and file a single, consolidated list of the Debtors' 30 largest unsecured creditors, in lieu of filing and maintaining separate creditor lists and mailing matrices for each Debtor, and (b) redact certain personal identification information for individuals; (ii) approve special electronic noticing procedures (the "**Special Electronic Noticing Procedures**"); and (iii) grant related relief.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

<div align="center">

**Jurisdiction and Venue**

</div>

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<div align="center">

**Background**

</div>

4.      On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

<div align="center">2</div>

5.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis In Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith.

## Relief Requested Should Be Granted

### A.      Request to File a Consolidated List of Creditors

7.      The Local Rules set forth several requirements regarding the filing and maintenance of creditor lists.  Section 521 of the Bankruptcy Code, Bankruptcy Rule 1007(c)(1), and Local Rule 1007-2(a) require that a debtor in a voluntary chapter 11 case "file with the petition a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."  Local Rule 2002-1(f)(v) requires that each debtor in jointly administered cases, or its duly retained claims and noticing agent, maintain a separate creditor mailing matrix.

8.      Bankruptcy Rule 1007(d) also requires the debtor to file with its petition "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."  This list is used primarily by the Office of the United States Trustee in evaluating the types and amounts of unsecured claims asserted against a debtor and to identify potential creditors to serve on an official committee if one is appointed under section 1102 of the Bankruptcy Code.

9.      Local Rule 1001-1(c), however, permits modification of the Local Rules by the Court "in the interest of justice."  The Debtors submit that permitting them to file and maintain

3

a single, consolidated Creditor Matrix, in lieu of filing and maintaining separate creditor lists and mailing matrices for each Debtor, is warranted. The Debtors operate as an integrated business and share cash management and operational systems. Accordingly, in the ordinary course of the Debtors' business, they maintain various consolidated lists of their approximately 460,000 potential creditors' names and addresses. Requiring the Debtors to segregate and convert their records to a debtor-specific creditor matrix format would be an unnecessarily burdensome task that would result in a significant waste of estate resources and the needless creation of duplicate mailings. Moreover, because the lists of the Debtors' largest unsecured creditors will substantially overlap, and certain Debtors may have fewer than 20 unsecured creditors with substantial claims, the Debtors submit that filing separate lists of their 20 largest creditors would be of limited utility while consuming a disproportionate amount of the resources of the Debtors and their advisors.

10.     The Debtors, in consultation with Omni Agent Solutions ("**Omni**"), their proposed claims, noticing and administrative agent,[3] have determined that greater efficiencies can be obtained for the estates by using the Debtors' existing records to generate a consolidated Creditor Matrix and a consolidated list of the Debtors' 30 largest unsecured creditors. Omni will continue to maintain a separate claims register for each of the Debtors' cases, thus ensuring that the creditors' substantive rights will not be impaired by the relief requested herein. In addition, the Debtors submit that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file its own creditor mailing matrix.

11.     Courts in this district have routinely approved relief similar to that requested herein since the modifications to Local Rule 2002-1(f)(v) took effect. *See, e.g., In re Renovate*

---

[3] Contemporaneously with the filing of this Motion, the Debtors have filed an application seeking the appointment of Omni as their claims and noticing agent pursuant to 28 U.S.C. § 156(c).

*America, Inc.,* (LSS) (Bankr. D. Del. Dec. 21, 2020) (authorizing a consolidated creditor matrix and list of largest unsecured creditors); *In re 24 Hour Fitness Worldwide, Inc*., No. 20-11558 (KB) (Bankr. D. Del. June 16, 2020) (same); *In re Charming Charlie Holdings, Inc*., No. 19-11534 (CSS) (Bankr. D. Del July 12, 2019) (same); *In re Cloud Peak Energy, Inc*., No. 19-11047 (KG) (Bankr. D. Del. May 14, 2019) (same).

12.     Accordingly, the Debtors respectfully request that the Court authorize the Debtors to file and maintain a single, consolidated Creditor Matrix in these cases and to file a single, consolidated list of their 30 largest unsecured creditors.

**B.     Request to Redact Certain Personal Identifiable Information for Individual Creditors and Interest Holders**

13.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

14.     The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact the home addresses or email addresses of individuals from the Creditor Matrix, the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), affidavits or certificates of service, and any paper filed or to be filed with the Court in these Chapter 11 Cases because such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking.  This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available

5

until then, forcing the employee to change addresses again for her safety.[4]  The Debtors propose

to provide (if requested), on a confidential basis, an unredacted version of the Creditor Matrix and

any other applicable filings to the Debtors' claims and noticing agent, the U.S. Trustee, any official

committee of unsecured creditors appointed in these Chapter 11 Cases, any subsequently appointed

trustee, the Court, and any party in interest upon reasonable request.  In addition, any party in

interest that is not provided with an unredacted version of the applicable document upon request

may file a motion with the Court to obtain such documents.

15.    For these reasons, the Debtors respectfully submit that cause exists to

authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), the home addresses or email

addresses in respect of individuals who are listed on the Creditor Matrix, the Schedules, affidavits

or certificates of service, or any other document filed with the Court.  Absent such relief, the

Debtors would unnecessarily render individuals more susceptible to identity theft and could

jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic

violence or stalking by publishing their home addresses without any advance notice or opportunity

to opt out or take protective measures.

### C.    Proposed Special Electronic Noticing Procedures

16.    Bankruptcy Rule 2002 establishes the general rule for notifying creditors in

chapter 11 cases.  Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other

person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees

at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the

---

[4] The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

[Bankruptcy] Code." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

17. The Company operates as a servicer and subservicer of small business Paycheck Protection Program Loans ("**PPP Loans**"), and provides lenders of PPP Loans software services. The Debtors have approximately 456,000 current and former Borrowers identified on the Creditor Matrix. If the Debtors were to provide actual notice by mail of pleadings and hearings to all such Borrowers, the costs could be astronomical. Omni estimates that the cost of postage alone to mail a single notice to 456,000 Borrowers would exceed $501,600 (approximately $410,400 on account of postage and $91,200 on account of labor). In addition to postage, however, the Debtors would also have to pay for copying charges, printing charges, overhead costs, and hourly fees for professionals. In fact, in the ordinary course of business, the Debtors' primary method of outbound communication with its Borrowers is primarily through email.

18. Accordingly, given the excessive costs of mailing notices to all current and former Borrowers identified on the Creditor Matrix, by this Motion, the Debtors are seeking authority to provide Borrowers with email service in these Chapter 11 Cases in keeping with their ordinary business practices, as outlined below, and to continue to offer these Borrowers the option of electing to instead receive notices by first class or other physical mail delivery if they desire.[5]

- The Debtors will serve the notice of commencement of these Chapter 11 Cases and the section 341 meeting of creditors (the "**Case Commencement Notice**") via electronic mail on any Borrower with an account that has at least one valid email address on file in the Debtors' books and records.

---

[5] For the avoidance of doubt, the proposed Special Electronic Noticing Procedures shall apply to all notices and mailings that the Borrowers are entitled to receive in the Chapter 11 Cases, including, without limitation, the notice of the hearing on approval of the Disclosure Statement; *provided, however,* that the Special Electronic Noticing Procedures shall not apply to service of the notice of confirmation of any chapter 11 plan and any notices or documents relating to solicitation of a plan and the Debtors shall seek separate relief with respect to the service of such notices and documents.

- To the extent the Debtors do not have an email address on file for a Borrower, or to the extent the Debtors receive a "bounce-back" or similar error message in response to the electronic service of the Case Commencement Notice, the Debtors will serve the Case Commencement Notice via first-class mail directed to the last known physical address, if available, maintained in their books and records for such Borrower. [6]

- The Debtors will publish the Case Commencement Notice in both the national editions of *The New York Times* and *USA Today.*  The Debtors will also publish the Case Commencement Notice on the Debtors' case management website to be established by Omni and on the Debtors' website.

- The Debtors will include with the Case Commencement Notice: (a) information for accessing the case management website to be established by Omni, where the recipient can obtain additional information about these cases; and (b) instructions indicating that all future notices will be provided to the recipient by email, if available, unless the recipient designates, either in writing or via Omni's website, that it wishes to receive physical notices in connection with the Debtors' cases. Creditors who do not have an email address on file or who previously elected to receive physical notices will also be given an opportunity to provide a current email address and to elect to receive electronic service in connection with these bankruptcy cases. This information (the "**Electronic Noticing Instructions**") will be provided substantially in the form of the language below:

---

[6] On information and belief, the Debtors lack valid email addresses for, and would consequently send hard copy notice to, approximately 18,000 Borrowers.

**NOTICE TO CURRENT BORROWERS**

**THE FILING OF THESE BANKRUPTCY CASES DOES NOT RELIEVE YOU OF YOUR OBLIGATION TO CONTINUE TO MAKE TIMELY PAYMENTS IN CONNECTION WITH FINANCING SERVICED BY THE DEBTORS**

**ELECTRONIC SERVICE NOTICE**

**IF THE DEBTORS HAVE A VALID E-MAIL ADDRESS FOR YOUR ACCOUNT IN THEIR RECORDS, ALL FUTURE NOTICES TO YOU IN CONNECTION WITH THESE CHAPTER 11 CASES WILL BE DELIVERED ONLY TO THAT E-MAIL ADDRESS UNLESS YOU INDICATE THAT YOU WISH TO RECEIVE FUTURE NOTICES BY PHYSICAL MAIL BY SENDING A WRITTEN REQUEST, TOGETHER WITH YOUR MAILING ADDRESS, TO THE DEBTORS AT THE FOLLOWING ADDRESS OR BY SUBMITTING YOUR REQUEST VIA THE DEBTORS CASE MANAGEMENT WEBSITE AT:**

Kabbage, Inc. d/b/a KServicing
c/o Omni
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367
kservicinginquiries@omniagnt.com

https://omniagentsolutions.com/kservicing
https://omniagentsolutions.com/kservicing-hard-copy-opt-in

**IF YOU WISH TO PROVIDE A CURRENT EMAIL ADDRESS TO THE DEBTORS IN ORDER TO RECEIVE ELECTRONIC SERVICE IN THESE CASES, YOU MAY ALSO DO SO BY WRITING TO THE DEBTORS AT THE ABOVE ADDRESS OR UTILIZING THEIR CASE MANAGEMENT WEBSITE.**

**ADDITIONAL INFORMATION**

YOU MAY ALSO ACCESS INFORMATION ABOUT THE CASE AT THE DEBTORS' CASE MANAGEMENT WEBSITE OR YOU MAY VIEW ALL DOCUMENTS FILED IN THE CASE THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AT WWW.PACER.GOV.

19.     The Debtors submit that the combination of email, mail, and publication of the Notice of Commencement is the most practical method by which to notify the Borrowers of the commencement of these Chapter 11 Cases and constitutes an efficient use of the estates' resources. The Debtors further submit that the procedures outlined above are also consistent with other procedures previously approved by this district. *See, e.g., In re Renovate America, Inc.,* (LSS) (Bankr. D. Del. Dec. 21, 2020) (authorizing notice of commencement of the case to be provided to homeowners by email, and to the extent the Debtors received a "bounce-back," via first-class mail); *In re 24 Hour Fitness Worldwide, Inc.,* (KBO) (Bankr. D. Del. June 25, 2020)

9

(authorizing notice of commencement of the case to be provided to members and guests by only (i) email notice, to the extent available, (ii) notice by mail, to the extent an email address was unavailable, and (iii) by publication notice to the extent that the debtors had neither email addresses nor physical addresses on file; no further notices to current and former members and guests of the notice of commencement were required). Further, any party in interest, including Borrowers, may file a proper notice request pursuant to Bankruptcy Rule 2002.

## Notice

20.      Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware;; and (l) any party that is entitled to notice pursuant to Local Rule 9013-1(m).  As this Motion is seeking "first-day" relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m).  The Debtors believe that no further notice is required.

## No Prior Request

21.      No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

10

RLF1 28018180v.1

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 3, 2022
      Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
       steele@rlf.com
       shapiro@rlf.com
       milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Natasha S. Hwangpo (*pro hac vice* admission pending)
Chase A. Bentley (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
E-mail:     ray.schrock@weil.com
         candace.arthur@weil.com
         natasha.hwangpo@weil.com
         chase.bentley@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re                                   :    **Chapter 11**
                                        :
**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,  :    **Case No. 22-10951 (     )**
                                        :
                                        :
Debtors.[1]                             :    **(Jointly Administered)**
---------------------------------------------------------- x

**ORDER (I) AUTHORIZING THE DEBTORS TO
(A) FILE AND MAINTAIN CONSOLIDATED CREDITOR LISTS,
AND (B) REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION FOR INDIVIDUALS, (II) APPROVING SPECIAL
ELECTRONIC NOTICING PROCEDURES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor

affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively,

the "**Debtors**"), for entry an order (i) authorizing the Debtors to (a) file a single, consolidated list

of creditors, maintain a single, consolidated mailing matrix (the "**Creditor Matrix**"), and file a

single, consolidated list of the Debtors' top 30 largest unsecured creditors, in lieu of filing and

maintaining separate creditor lists and mailing matrices for each Debtor; and (b) redact certain

personal identification information for individuals;   (ii) approving the manner of notifying

Borrowers of the commencement of these Chapter 11 Cases and the proposed Special Electronic

Noticing Procedures; and (iii) granting related relief, all as more fully set forth in the Motion; and

this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

28 U.S.C. §§ 157(a)-(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held hearings to consider the relief requested in the Motion on an interim and, if necessary, final basis (the "**Hearings**"); and upon the First Day Declaration and the record of the Hearings, and all of the proceedings had before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Motion is granted to the extent set forth herein.

2.      The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided* that if either of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3.      The Debtors are authorized to submit a consolidated list of their 30 largest unsecured creditors; *provided* that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top 20 unsecured creditors.

4.      The Debtors are authorized to redact the home addresses or email addresses of individuals from the Creditor Matrix, the Schedules, affidavits or certificates of service and any other paper filed or to be filed with the Court in these Chapter 11 Cases.  The Debtors shall provide (if requested) an unredacted version of the Creditor Matrix and any other applicable document to the Debtors' claims and noticing agent, the U.S. Trustee, any official committee of unsecured creditors appointed in these Chapter 11 Cases, any subsequently appointed trustee, the Court, and any party in interest upon reasonable request.  Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document.  Each party receiving an unredacted copy of the Creditor Matrix or other applicable document disclosing personally identifiable information shall keep such information confidential unless otherwise required to be disclosed by law or court order.

5.      When serving any notice in these cases on individuals whose personally identifiable information is redacted pursuant to this Order, the Debtors' claims and noticing agent and, where applicable, the Clerk of the Court and any other party in interest, shall use such individual's home address.

6.      The Debtors may provide Borrowers with email service in these cases in keeping with their ordinary business practices, as outlined below, and may continue to offer Borrowers the option of electing to instead receive notices by first class or other physical mail delivery if they desire, consistent with the following Special Electronic Noticing Procedures:

- The Debtors will serve the notice of commencement of these Chapter 11 Cases and the section 341 meeting of creditors (the "**Case Commencement Notice**") via electronic mail on any Borrower with an account that has at least one valid email address on file in the Debtors' books and records.

3

- To the extent the Debtors do not have an email address on file for a Borrower, or to the extent the Debtors receive a "bounce-back' or similar error message in response to the electronic service of the Case Commencement Notice, the Debtors will serve the Case Commencement Notice via first-class mail directed to the last known physical address, if available, maintained in their books and records for such Borrower.[3]

- The Debtors will publish the Case Commencement Notice in both the national editions of *The New York Times* and *USA Today.* The Debtors will also publish the Notice of Commencement on the Debtors' case management website to be established by Omni and on the Debtors' website.

- The Debtors will include with the Case Commencement Notice: (a) information for accessing the case management website to be established by Omni, where the recipient can obtain additional information about these cases; and (b) instructions indicating that all future notices will be provided to the recipient by email, if available, unless the recipient designates, either in writing or via Omni's website, that it wishes to receive physical notices in connection with the Debtors' cases. Creditors who do not have an email address on file or who previously elected to receive physical notices will also be given an opportunity to provide a current email address and to elect to receive electronic service in connection with these bankruptcy cases. This information (the "**Electronic Noticing Instructions**") will be provided substantially in the form of the language below:

---

[3] On information and belief, the Debtors lack valid email addresses for, and would consequently send hard copy notice to, approximately 18,000 Borrowers.

4

<div style="border:1px solid black;">

**NOTICE TO CURRENT BORROWERS**

**THE FILING OF THESE BANKRUPTCY CASES DOES NOT RELIEVE YOU OF YOUR OBLIGATION TO CONTINUE TO MAKE TIMELY PAYMENTS IN CONNECTION WITH FINANCING SERVICED BY THE DEBTORS**

**ELECTRONIC SERVICE NOTICE**

**IF THE DEBTORS HAVE A VALID E-MAIL ADDRESS FOR YOUR ACCOUNT IN THEIR RECORDS, ALL FUTURE NOTICES TO YOU IN CONNECTION WITH THESE CHAPTER 11 CASES WILL BE DELIVERED ONLY TO THAT E-MAIL ADDRESS UNLESS YOU INDICATE THAT YOU WISH TO RECEIVE FUTURE NOTICES BY PHYSICAL MAIL BY SENDING A WRITTEN REQUEST, TOGETHER WITH YOUR MAILING ADDRESS, TO THE DEBTORS AT THE FOLLOWING ADDRESS OR BY SUBMITTING YOUR REQUEST VIA THE DEBTORS CASE MANAGEMENT WEBSITE AT:**

Kabbage, Inc. d/b/a KServicing
c/o Omni
5955 De Soto Ave., Suite 100
Northland Hills, CA 91367
kservicinginquiries@omniagnt.com

https://omniagentsolutions.com/kservicing
https://omniagentsolutions.com/kservicing-hard-copy-opt-in

**IF YOU WISH TO PROVIDE A CURRENT EMAIL ADDRESS TO THE DEBTORS IN ORDER TO RECEIVE ELECTRONIC SERVICE IN THESE CASES, YOU MAY ALSO DO SO BY WRITING TO THE DEBTORS AT THE ABOVE ADDRESS OR UTILIZING THEIR CASE MANAGEMENT WEBSITE.**

**ADDITIONAL INFORMATION**

YOU MAY ALSO ACCESS INFORMATION ABOUT THE CASE AT THE DEBTORS' CASE MANAGEMENT WEBSITE OR YOU MAY VIEW ALL DOCUMENTS FILED IN THE CASE THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AT WWW.PACER.GOV.

</div>

7.     The Special Noticing Procedures shall apply only to Borrowers, and, absent further order of the Court, the Debtors will be required to serve all other parties in interest (including, but not limited to, governmental entities, non-Borrower creditors, and counsel in any litigation pending against the Debtors) by first-class mail or such other means as are provided for pursuant to the Bankruptcy Rules or this Court's Local Rules.

RLF1 28018180v.1

8.      The Debtors may seek further Court authority by separate motion on notice to use the Special Electronic Noticing Procedures for the service of notice of the confirmation hearing of any chapter 11 plan and any service of documents related to the solicitation of a plan.

9.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

10.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

6