## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **KABBAGE, INC. d/b/a KSERVICING,** *et al.*, | : | **Case No. 22-10951 (     )** |
| | : | |
| | : | |
| Debtors.[1] | : | **(Joint Administration Requested)** |

---------------------------------------------------------- x

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY PROVIDERS, (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully move and represent as follows in support of this motion (the "**Motion**"):[2]

### Relief Requested

1.      By this Motion, the Debtors request, pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "**Bankruptcy Code**"), entry of orders (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Providers (as defined below), (ii) establishing procedures for resolving objections by the Utility Providers relating to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined below) filed contemporaneously herewith.  Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration (as defined below).

adequacy of the Adequate Assurance Deposit (as defined below), (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases (the "**Chapter 11 Cases**") or outstanding prepetition invoices, and (iv) granting related relief.

2.      The Debtors further request that the Court (a) authorize all applicable financial institutions (collectively, the "**Banks**") to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing to the extent directed by the Debtors in accordance with this Motion, and to the extent the Debtors have sufficient funds on deposit in their accounts with such Bank, whether such checks were presented or electronic requests were submitted before or after the date hereof, and (b) authorize all Banks to rely on the Debtors' designation of any particular check or electronic payment request as appropriate pursuant to this Motion without any duty of further inquiry, and without liability for following the Debtors' instructions.

3.      A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **Exhibit A** (the "**Proposed Interim Order**"), and a proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit B** (the "**Proposed Final Order**" and together with the Proposed Interim Order, the "**Proposed Orders**").

**Jurisdiction and Venue**

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

2

(the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.     On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

6.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules.

7.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith.

## Debtors' Utilities

8.     In the ordinary course of business, the Debtors incur expenses for telecommunications, cable, and internet (collectively, the "**Utility Services**") from two utility providers (collectively, the "**Utility Providers**").  A nonexclusive list of the Utility Providers that

3

provide Utility Services to the Debtors as of the Petition Date is set forth on **Exhibit C** annexed

hereto (the "**Utility Services List**").[3]

9.       The Debtors maintain a field office primarily responsible for managing day-

to-day operations, and require Utility Services to operate such office.  Should any Utility Provider

refuse or discontinue service, even for a brief period of time, the Debtors' operations would be

severely disrupted, and such disruption would negatively impact the Debtors' restructuring efforts

to the detriment of all parties in interest.  The Debtors require the Utility Services to continue

operating in the ordinary course and servicing the loan portfolio, including important servicing of

PPP loans for the Federal Reserve, Customers Bank, and Cross River Bank.

### Adequate Assurance Deposit

10.       As adequate assurance of payment for continued post-petition services, and

to ensure uninterrupted access to the Utility Services, with respect to each Utility Provider, the

Debtors propose to deposit cash in an amount equal to two weeks' cost of the relevant Utility

Services, calculated using the historical monthly average of payments incurred for the six (6)

months[4] prior to the Petition Date (the "**Adequate Assurance Deposit**").   The Adequate

Assurance Deposit will be funded into a segregated account for the benefit of the Utility Providers

(the "**Utility Deposit Account**").

11.       Based on the historical two-week average cost of Utility Services provided

by each Utility Provider during the six (6) months prior to the Petition Date, the Debtors estimate

---

[3]  The inclusion of any entity on, or omission of any entity from, the Utility Services List is not an admission by the
     Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the
     Debtors reserve all rights and defenses with respect thereto.

[4]  The Debtors calculated the Adequate Assurance Deposit based on the historical average cost of the prior six (6)
     month period (rather than a twelve month period) for the Utility Services because the Debtors began utilizing
     internet services with a new provider and simultaneously reduced the volume of its telecommunications services
     approximately six (6) months ago.  Accordingly, basing the Adequate Assurance Deposit off of a twelve month
     lookback period would not accurately reflect go-forward costs associated with Utility Services.

that their cost of Utility Services for the next 14 days will be approximately $12,300.  Accordingly, as of the Petition Date, the Debtors estimate that the total amount of the Adequate Assurance Deposit will be approximately $12,300.

12.    The Adequate Assurance Deposit will be placed into the Utility Deposit Account within 20 days after the Petition Date to be held by the Debtors for the benefit of the Utility Providers on the Utility Services List during the pendency of these Chapter 11 Cases.  The Adequate Assurance Deposit may be adjusted by the Debtors if the Debtors terminate any of the Utility Services provided by a Utility Provider, make other arrangements with certain Utility Providers for adequate assurance of payment, determine that an entity listed on the Utility Services List is not a utility company as defined by section 366 of the Bankruptcy Code, or supplement the Utility Services List to include additional Utility Providers.

13.    The Debtors intend to pay all post-petition obligations owed to the Utility Providers in a timely manner and have sufficient funds to do so.  As set forth further herein, the Debtors submit that the Adequate Assurance Deposit constitutes sufficient adequate assurance to the Utility Providers in satisfaction of section 366 of the Bankruptcy Code.

### Adequate Assurance Procedures

14.    Any Utility Provider that is not paid for post-petition services or is not satisfied with the Adequate Assurance Deposit may receive payment or request additional or different adequate assurance of future payment, as applicable, pursuant to the procedures described below (the "**Adequate Assurance Procedures**").

    a.    The Debtors will serve a copy of this Motion and the Proposed Orders on the Utility Providers on the Utility Services List within two business days after entry of the Proposed Orders.

    b.    Subject to entry of the Proposed Orders, the Debtors will deposit the Adequate Assurance Deposit in the aggregate amount of $12,300

into the Utility Deposit Account within 20 days after the Petition Date.

c.  The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

d.  Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the following parties: (i) proposed counsel to the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Elizabeth Ruocco, Esq. (elizabeth.ruocco@weil.com) and Chase A. Bentley, Esq. (chase.bentley@weil.com)) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE, 19801 (Attn: Daniel J. DeFranceschi Esq. (defranceschi@rlf.com) and Zachary I. Shapiro, Esq. (shapiro@rlf.com)), (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov)), and (iii) counsel for any official committee of unsecured creditors appointed in these Chapter 11 Cases (collectively, the "**Utility Notice Parties**").

e.  The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (iii) explain why the Utility Provider believes the Adequate Assurance Deposit is not adequate assurance of payment, (iv) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Provider to the Debtors, calculated as a historical average over the six (6) month period preceding the Petition Date, and (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Provider.

f.  Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate in good faith with such Utility Provider to try to resolve such Utility Provider's Additional Assurance Request.

g.  The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate

6

assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

h.    If the Debtors and the Utility Provider are not able to reach an alternative resolution within 20 days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

i.    Pending resolution of Additional Assurance Requests and the Determination Hearing, the Utility Provider filing such Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Deposit.

### Subsequent Modifications

15.    The Debtors have made an extensive and good faith effort to identify all of the Utility Providers and include them on the Utility Services List.  Nonetheless, certain Utility Providers may not be listed on the Utility Services List.  To the extent the Debtors identify additional Utility Providers, the Debtors will promptly file amendments to the Utility Services List and serve copies of the Proposed Orders, as applicable, on any newly identified Utility Providers. In addition, the Debtors will increase the amount of the Adequate Assurance Deposit to account for any newly identified Utility Providers.  The Debtors request that the Proposed Orders bind all Utility Providers, regardless of when the Utility Providers are added to the Utility Services List.

### Relief Requested Should be Granted

16.    The relief requested in this Motion will ensure the continuation of the Debtors' business at this critical juncture as they transition into chapter 11.  The relief requested also provides the Utility Providers with a fair and orderly procedure for determining requests for additional adequate assurance, without which the Debtors could be forced to address multiple

7

requests by Utility Providers in a disorganized manner when the Debtors' efforts should be more productively focused on continuing to operate and restructure their businesses for the benefit of all parties in interest.

**A.     The Adequate Assurance Deposit Is Sufficient under Section 366 of the Bankruptcy Code**

17.     Section 366 of the Bankruptcy Code is designed for the dual purpose of protecting debtors from being cut off from utility services after filing for bankruptcy, and providing utility companies with "adequate assurance" that the debtor will be able to pay for post-petition services.  *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N 5963, 6306. To that end, pursuant to section 366(c) of the Bankruptcy Code, during the first 30 days of a chapter 11 case, a utility company may not alter, refuse, or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of a chapter 11 case or unpaid prepetition amounts.  After the first 30 days, however, a utility company may alter, refuse, or discontinue service if a debtor does not provide adequate assurance of payment for post-petition utility services in satisfactory form.

18.     Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to mean several enumerated forms of security (*e.g.*, a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or other mutually agreed upon security), while section 366(c)(1)(B) of the Bankruptcy Code expressly excludes from such definition an administrative expense priority for a utility's claim.  In addition, section 366(c)(3)(B) of the Bankruptcy Code provides a list of factors that courts are *not* to consider when evaluating whether an adequate assurance deposit payment is in fact adequate.  These factors include (i) the absence of security before the petition date, (ii) the debtor's history of timely payments, and (iii) the availability of an administrative expense priority.

8

19.     Although section 366(c) of the Bankruptcy Code clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, it does not divest this Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a Utility Provider.  *See* 11 U.S.C. § 366(c).  Specifically, section 366(c)(3)(A) states that "[o]n request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment." Thus, there is nothing to prevent a court from deciding, on the facts of the case before it, that the amount required of a debtor to provide adequate assurance of payment to a utility company should be nominal or even zero.  *See, e.g.*, *In re Pac-West Telecomm, Inc.*, Case No. 07-10562 (BLS) (Bankr. D. Del.  May 2, 2007) (Docket No. 39) (approving adequate assurance in the form of one-time supplemental prepayment to each utility company equal to prorated amount of one week's charges).  Prior to the enactment of section 366(c) of the Bankruptcy Code, courts frequently made such rulings pursuant to section 366(b).  *See Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

20.     Although section 366(c)(2) of the Bankruptcy Code allows a utility provider to take action if the debtor fails to provide adequate assurance of payment that is "satisfactory" to the utility, the bankruptcy court is the ultimate arbiter of what is "satisfactory" assurance after taking into consideration the relationship between the debtor and the utility.  *See, e.g., In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming the bankruptcy court's decision that no utility deposit was necessary where such deposits would "jeopardize the continuing

9

operation of the [debtor] merely to give further security to suppliers who already [were] reasonably protected"); *see In re Heard*, 84 B.R. 454, 459 (Bankr. W.D. Tex. 1987) (holding that because the utility had not had any difficulty with the debtors during 14 years of service, "the utility need[ed] no adequate assurance").  Indeed, section 366 of the Bankruptcy Code only requires that assurance of payment be "adequate," and courts construing section 366(b) have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay.  *See, e.g., In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . the Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.  The statute does not require an 'absolute guarantee of payment.'" (citation omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) ("Adequate assurance, however, is not a guarantee of payment; rather, it is intended to guard against the utility assuming an unreasonable risk of non-payment.") (citation omitted).

21.    Here, the Utility Providers will be provided adequate assurance against any risk of nonpayment for future services through the Adequate Assurance Deposit.  Further, the Debtors have established a historical record of timely payments to their Utility Providers.  To the best of the Debtors' knowledge, there are no defaults or arrearages of any significance for the Debtors' undisputed invoices for prepetition Utility Services, other than payment interruptions that may be caused by the commencement of these Chapter 11 Cases.  Accordingly, the Adequate Assurance Deposit and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course provide assurance of the Debtors' payment of their future obligations to the Utility Providers.  Moreover, termination of the Utility Services could result in the Debtors' inability to operate their business to the detriment of all stakeholders, including borrowers who rely on the

10

Debtors to service their loans. *See In re Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2009 WL 7313309, at *2 (Bankr. N.D. Tex. Jan 4, 2009) ("The consequences of an unexpected termination of utility service to [the debtors] could be catastrophic."); *In re Monroe Well Serv.*, Inc., 83 B.R. 317, 321-22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it.").

**B.      Adequate Assurance Procedures Are Reasonable and Appropriate**

22.      If a Utility Provider does not believe the Adequate Assurance Deposit is "satisfactory," such Utility Provider may file an objection or an Adequate Assurance Request pursuant to the Adequate Assurance Procedures described above.  The Adequate Assurance Deposit Procedures are reasonable because they will ensure that the Utility Services continue uninterrupted while providing a streamlined process for Utility Providers to challenge the adequacy of the Adequate Assurance Deposit or seek an alternative form of adequate assurance. The procedures also outline the remedies available to the Utility Providers to access the deposited funds, in the unlikely event the Debtors fail to pay for post-petition services.  The Court has the power to approve these Adequate Assurance Procedures pursuant to section 105(a) of the Bankruptcy Code, which provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Adequate Assurance Procedures are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366.

23.      For the foregoing reasons, the Adequate Assurance Deposit and the Adequate Assurance Procedures are necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases.  Accordingly, the Court should grant the relief requested herein.

**C.    Cause Exists to Authorize Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers**

24.    The Debtors anticipate having sufficient funds to pay the amounts described herein in the ordinary course of business using expected cash flows from ongoing business operations.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify whether checks or wire transfer requests are payments authorized by the relief requested in this Motion.  Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently and that the Court should authorize the Banks, when requested by the Debtors, to receive, process, honor and pay any and all checks or wire transfer requests in respect of the relief requested herein, to the extent the Debtors have sufficient funds on deposit in their accounts with such Banks, and such Banks may rely on the representations of the Debtors without any duty of further inquiry and without liability for following the Debtors' instructions.

## Reservation of Rights

25.    Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claim or cause of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### **Debtors Have Satisfied Bankruptcy Rule 6003(b)**

26.     Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a Bankruptcy Court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before 21 days after the filing of the petition. Fed. R. Bankr. P. 6003(b).  As described above, and in the First Day Declaration, the Debtors would suffer immediate and irreparable harm if the relief sought herein is not promptly granted.  Accordingly, the Debtors believe that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

### **Bankruptcy Rules 6004(a) and (h)**

27.     To implement the foregoing successfully, the Debtors request that the Court find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances, and waive the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).  As described above, and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

### **Notice**

28.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h)

the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) the Banks; (m) the Utility Providers; and (n) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  As this Motion is seeking "first-day" relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m).  The Debtors believe that no further notice is required.

## No Prior Request

29.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

14

WHEREFORE the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 3, 2022
       Wilmington, Delaware

*/s/ Zachary I. Shapiro*

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
       steele@rlf.com
       shapiro@rlf.com
       milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Natasha S. Hwangpo (*pro hac vice* admission pending)
Chase A. Bentley (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
E-mail:      ray.schrock@weil.com
          candace.arthur@weil.com
          natasha.hwangpo@weil.com
          chase.bentley@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit A**

**Proposed Interim Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re                                                  :    **Chapter 11**
                                                       :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*, :    **Case No. 22-10951 (       )**
                                                       :
                                                       :
Debtors.[1]                                             :    **(Jointly Administered)**

---------------------------------------------------------- x

### INTERIM ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY PROVIDERS, (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of orders (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Providers, (ii) establishing procedures for resolving objections by the Utility Providers relating to the adequacy of the Adequate Assurance Deposit, (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of the commencement of these Chapter 11 Cases or outstanding prepetition invoices, and (iv) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* entered by

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the interim relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration and the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure, and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The Adequate Assurance Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3.      Each of the Banks at which the Debtors maintain their accounts relating to the payment of the Utility Services are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

2

4.      The Debtors shall deposit the Adequate Assurance Deposit in the amount of $12,300 in a segregated account for the benefit of the Utility Providers within 20 days after the Petition Date.

5.      Subject to the Adequate Assurance Procedures, all Utility Providers are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Adequate Assurance Deposit.

6.      The following Adequate Assurance Procedures are hereby approved:

a.      The Debtors shall serve a copy of this Motion and this Interim Order on the Utility Providers on the Utility Services List within two business days after entry of this Interim Order.

b.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

c.      Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the following parties: (i) proposed counsel to the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Elizabeth Ruocco, Esq. (elizabeth.rucco@weil.com) and Chase A. Bentley, Esq. (chase.bentley@weil.com)) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE, 19801 (Attn: Daniel J. DeFranceschi Esq. (defranceschi@rlf.com) and Zachary I. Shapiro, Esq. (shapiro@rlf.com)), (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov)), and (iii) counsel for any official committee of unsecured creditors appointed in these Chapter 11 Cases (collectively, the "**Utility Notice Parties**") .

d.      The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding

3

balance for each such account, (iii) explain why the Utility Provider believes the Adequate Assurance Deposit is not adequate assurance of payment, (iv) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Provider to the Debtors, calculated as a historical average over the six (6) month period preceding the Petition Date, and (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Provider.

e.     Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall negotiate in good faith with such Utility Provider to try to resolve such Utility Provider's Additional Assurance Request.

f.     The Debtors may, without further order from this Court, resolve an Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

g.     If the Debtors and the Utility Provider are not able to reach an alternative resolution within 20 days of receipt of the Additional Assurance Request, the Debtors shall request a hearing before this Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

h.     Pending resolution of Additional Assurance Requests or the Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Deposit.

7.     The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.     The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

4

9.      The Debtors are authorized to amend the Utility Services List to remove Utility Providers, including to the extent the Debtors terminate the services of any Utility Provider, provided that the Debtors give at least three (3) business days' notice to the affected Utility Provider.  The Debtors are also authorized to amend the Utility Services List to add Utility Providers to the extent the Debtors identify additional Utility Providers.  This Interim Order shall apply to any such Utility Provider that is added to the Utility Services List and that receives service of this Interim Order.  The Debtors shall serve a copy of this Interim Order upon any Utility Provider added to the Utility Services List.

10.      The Debtors shall increase the amount of the Adequate Assurance Deposit if an additional Utility Provider is added to the Utility Services List by an amount equal to two weeks of Utility Services provided by such additional Utility Provider, calculated using the historical average for such payments during the six (6) months prior to the Petition Date.  The Debtors may terminate the services of any Utility Provider and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Provider provided that the Debtors remove such Utility Provider from the Utility Services List in accordance with paragraph 9 of this Interim Order and there are no outstanding disputes related to post-petition payments due.

11.      The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and that receive service of this Interim Order and is not limited to those parties or entities listed on the Utility Services List.  Any additional Utility Provider added to the Utility Services List is not subject to the terms of this Interim Order until the Adequate Assurance Deposit is increased as set forth herein on account of such additional Utility Provider.

5

12.    Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13.    The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14.    Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15.    Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

16.    The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

17.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

18.    The final hearing to consider the relief requested in the Motion shall be held on ____, 2022 at _____ (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, and served on or prior to _____, 2022 at 4:00 p.m. (Prevailing Eastern Time).

RLF1 28018228v.1

**Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
----------------------------------------------------------- x
In re                                      :    Chapter 11
                                           :
KABBAGE, INC. d/b/a KSERVICING, et al.,   :    Case No. 22-10951 (      )
                                           :
                                           :
            Debtors.¹                      :    (Jointly Administered)
----------------------------------------------------------- x
```

## FINAL ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY PROVIDERS, (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**"),[2] of Kabbage, Inc. d/b/a KServicing and its debtor

affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the

"**Debtors**"), for entry of orders (i) approving the Debtors' proposed form of adequate assurance of

payment to the Utility Providers, (ii) establishing procedures for resolving objections by the Utility

Providers relating to the adequacy of the Adequate Assurance Deposit, (iii) prohibiting the Utility

Providers from altering, refusing, or discontinuing service to, or discriminating against, the

Debtors on account of the commencement of these Chapter 11 Cases or outstanding prepetition

invoices, and (iv) granting related relief, all as more fully set forth in the Motion; and this Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion

District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held hearings to consider the relief requested in the Motion on an interim and, if necessary, final basis (the "**Hearings**");  and upon the First Day Declaration and the record of the Hearings, and all of the proceedings had before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The Adequate Assurance Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3.      Each of the Banks at which the Debtors maintain their accounts relating to the payment of the Utility Services are authorized to (a) receive, process, honor, and pay all checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts, and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

4.      Subject to the Adequate Assurance Procedures, all Utility Providers are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Adequate Assurance Deposit.

5.      The following Adequate Assurance Procedures are hereby approved:

a.      The Debtors shall serve a copy of the Motion and this Final Order on the Utility Providers on the Utility Services List within two business days after entry of this Final Order.

b.      The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

c.      Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the following parties: (i) proposed counsel to the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Elizabeth Ruocco, Esq. (elizabeth.ruocco@weil.com) and Chase A. Bentley, Esq. (chase.bentley@weil.com)) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE, 19801 (Attn: Daniel J. DeFranceschi Esq. (defranceschi@rlf.com) and Zachary I. Shapiro, Esq. (shapiro@rlf.com)), (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov)), and (iii) counsel for any official committee of unsecured creditors appointed in these Chapter 11 Cases (collectively, the "**Utility Notice Parties**").

d.      The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (iii) explain why the Utility Provider believes the Adequate Assurance Deposit is not adequate assurance of payment, (iv) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Provider to the Debtors, calculated as a historical average over the six (6) month period preceding the Petition Date, and (v) certify that the Utility Provider

3

does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Provider.

e.    Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall negotiate in good faith with such Utility Provider to try to resolve such Utility Provider's Additional Assurance Request.

f.    The Debtors may, without further order from this Court, resolve an Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

g.    If the Debtors and the Utility Provider are not able to reach an alternative resolution within 20 days of receipt of the Additional Assurance Request, the Debtors shall request a hearing before this Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

h.    Pending resolution of Additional Assurance Requests or the Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Deposit.

6.    The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.    The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8.    The Debtors are authorized to amend the Utility Services List to remove Utility Providers, including to the extent the Debtors terminate the services of any Utility Provider, provided that the Debtors give at least three (3) business days' notice of the affected Utility

4

Provider.  The Debtors are also authorized to amend the Utility Services List to add Utility Providers to the extent the Debtors identify additional Utility Providers.  This Final Order shall apply to any such Utility Provider that is added to the Utility Services List and that receives service of this Final Order.  The Debtors shall serve a copy of this Final Order upon any Utility Provider added to the Utility Services List.

9.     The Debtors shall increase the amount of the Adequate Assurance Deposit if an additional Utility Provider is added to the Utility Services List by an amount equal to two weeks of Utility Services provided by such additional Utility Provider, calculated using the historical average for such payments during the six (6) months prior to the Petition Date.  The Debtors may terminate the services of any Utility Provider and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Provider provided that the Debtors remove such Utility Provider from the Utility Services List in accordance with paragraph 8 of this Final Order and there are no outstanding disputes related to post-petition payments due.

10.    The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and that receive service of this Final Order and is not limited to those parties or entities listed on the Utility Services List.  Any additional Utility Provider added to the Utility Services List is not subject to the terms of this Final Order until the Adequate Assurance Deposit is increased as set forth herein on account of such additional Utility Provider.

11.    Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12.    Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

RLF1 28018228v.1

13.　　Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

14.　　The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

15.　　This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

6

**Exhibit C**

**Utility Services List**

**Utility Providers**

| Provider | Provider's Address | Service(s) Provided | Account Number | Location Served | Legal Entity Served | Adequate Assurance Deposit Amount |
|---|---|---|---|---|---|---|
| Five9 Inc. | Attention: Nancy Wood 3001 Bishop Drive, Suite 250 San Ramon, CA 94583 | Virtual phone lines and long distance services | 134226 | Virtual (Cloud Contact Center) | Kabbage, Inc. d/b/a KServicing | $12,100.00 |
| Cogent | 2450 N Street, NW Washington, DC 20037 | Internet Services | KSERVICI00001 | 730 Peachtree Street NE Suite 470 Atlanta, GA 30308 | Kabbage, Inc. d/b/a KServicing | $200.00 |

**Total: <u>$12,300.00</u>**