**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re                                                        :     Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                    :     Case No. 22-10951 (     )
                                                             :
                                                             :
Debtors.[1]                                                  :     (Joint Administration Requested)
------------------------------------------------------------ x

**APPLICATION OF DEBTORS FOR AUTHORITY**
**TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP**
**AS ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully move and represent as follows in support of this application (this "**Application**"):[2]

**Relief Requested**

1.  By this Application, the Debtors request authority, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to retain and employ Weil,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Rieger-Paganis Declaration (as defined below).

Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtors effective as of the Petition Date.

2. The Debtors further request that the Court approve the retention of Weil as their attorneys to perform the extensive legal services that will be required during these chapter 11 cases in accordance with Weil's normal hourly rates in effect when services are rendered and Weil's normal reimbursement policies. In support of this Application, the Debtors submit the declaration of Ray C. Schrock, P.C., a partner of Weil, which is annexed hereto as **Exhibit A** (the "**Schrock Declaration**") and the declaration of Holly Loiseau, the Debtors' General Counsel and Secretary, which is annexed hereto as **Exhibit B** (the "**Loiseau Declaration**").

3. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

## Jurisdiction and Venue

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue operating their business and managing their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

6. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**Rieger-Paganis Declaration**"), filed contemporaneously herewith.

## Weil's Qualifications

8. Since April 2022, Weil has advised the Debtors in connection with exploring various strategic alternatives to address concerns with the Debtors' operations, pending litigations, and disputes with key stakeholders while simultaneously effectuating a value maximizing winddown for the benefit of its stakeholders. Weil was extensively involved in prepetition negotiations with the Debtors' key stakeholders in connection with exploring such strategic alternatives, including the commencement of these Chapter 11 Cases. As a result of Weil's prepetition representation of the Debtors, Weil possesses an in-depth knowledge of the Debtors' capital structure and has gained additional insight into the current condition of the Debtors' businesses, management, operations, corporate governance and restructuring. Accordingly, Weil possesses the necessary background and knowledge to address the potential legal issues that may arise in the context of these Chapter 11 Cases.

9. The Debtors have also selected Weil as their attorneys because of the Firm's extensive general experience and expertise, including Weil's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under the Bankruptcy Code. For example, Weil currently represents or has represented, among others, the following debtors

and their affiliates: Ditech Holding Corporation; Walter Inv. Mgmt. Corp.; Talen Energy Supply, LLC; SAS AB; All Year Holdings Ltd.; Evergreen Gardens Mezz LLC; CBL & Associates Properties, Inc., Fieldwood Energy LLC; Brooks Brothers Group, Inc.; VIVUS, Inc.; CEC Entertainment, Inc.; ORG GC Midco, LLC; NPC International, Inc.; Chisholm Oil and GasOperating, LLC; Exide Technologies, LLC; Gavilan Resources, LLC; 24 Hour Fitness Worldwide; SpeedCast International Limited; Skillsoft Corp.; Chinos Holdings, Inc.; Kingfisher Midstream LLC; EP Energy Corporation; Halcon Resources Corporation; Fusion Connect, Inc.; Insys Therapeutics, Inc.; CTI Foods, LLC; PG&E Corporation and Pacific Gas and Electric Company; Checkout Holding Corp.; Waypoint Leasing Holdings Ltd.; LBI Media, Inc.; Sears Holdings Corporation; Tops Holding Company LLC; Southeastern Grocers, LLC; Claire's Inc.; Westinghouse Electric Company LLC; TK Holdings Inc.; Angelica Corp.; Azure Midstream Partners, LP; Memorial Production Partners LP; CHC Group Ltd.; Breitburn Energy Partners LP; American Gilsonite Company; Aéropostale, Inc.; Fairway Group Holdings Corp.; Paragon Offshore plc; Vantage Drilling International (f/k/a Offshore Group Investment Limited); and The Great Atlantic and Pacific Tea Co.

10. The Debtors have been informed that Ray C. Schrock, P.C., Candace M. Arthur, and Natasha S. Hwangpo, partners of Weil, as well as other partners of, counsel to, and associates of Weil who will be employed in these Chapter 11 Cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York. Applications for admission *pro hac vice* for Ray C. Schrock, P.C., Candace M. Arthur, Natasha S. Hwangpo, and certain other Weil attorneys to practice before the Court are pending.

11. Accordingly, Weil is both well qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

## Scope of Services

12. The services to be performed by Weil are appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute these Chapter 11 Cases. Subject to further order of the Court, it is proposed that Weil be employed to render the following professional services:

   a. take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalves, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

   b. prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

   c. take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

   d. take all necessary actions to protect and preserve the value of the Debtors' estates; and

   e. perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; *provided*, *however*, that to the extent Weil determines that such services fall outside the scope of services historically or generally performed by Weil as lead debtor's counsel in a bankruptcy case, Weil will file a supplemental declaration.

13. It is necessary for the Debtors to employ attorneys to render the foregoing professional services. Weil has stated its desire and willingness to act in these Chapter 11 Cases and render the necessary professional services as attorneys for the Debtors.

14. In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ (i) Richards, Layton & Finger, P.A. ("**RLF**") as co-counsel,

(ii) Omni Agent Solutions, Inc. as claims and noticing agent and, separately, as voting agent, and (iii) AlixPartners LLP, as financial advisor. The Debtors may also file applications to employ additional professionals. It is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

### No Duplication of Services

15. As described in the Schrock Declaration, Weil will work with RLF and the Debtors' other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these Chapter 11 Cases to prevent duplication of services and ensure these Chapter 11 Cases are administered in the most efficient fashion possible. In that regard, Weil and RLF have informed the Debtors that Weil will take the lead on the services set forth in paragraph 12 above. RLF's duties will include, among other tasks: (i) providing Delaware law expertise, including advising the Debtors and Weil on issues of local practice and the Local Rules; (ii) communicating with the Court and the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") with respect to the Debtors' filings and these Chapter 11 Cases; (iii) reviewing, commenting on, and coordinating the filing of various pleadings; (iv) appearing in court on behalf of the Debtors; and (v) serving as lead counsel to the Debtors with respect to matters or parties as to which Weil has a conflict and determines that it cannot (or should not) represent the Debtors (where RLF does not similarly have a conflict).

### Weil's Disinterestedness

16. To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth herein and in the Schrock Declaration.

17. Based upon the Schrock Declaration, Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new material relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court accordingly.

**Professional Compensation**

18. Weil is not a creditor of the Debtors' estates. As set forth in the Schrock Declaration, during the 90 days prior to the Petition Date, Weil received payments and advances in the aggregate amount of $6,133,888.13 for professional services performed and to be performed, including in preparation for the commencement and prosecution of these Chapter 11 Cases. Weil has a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in connection with these Chapter 11 Cases in the amount of $490,803.00 (the "**Fee Advance**"). Weil intends to apply the Fee Advance to any outstanding amounts relating to the period before the Petition Date that were not processed through Weil's billing system as of the Petition Date. An accounting summary of payments invoiced or to be invoiced and received by Weil in the 90 days before the Petition Date is set forth in **Exhibit 3** to the Schrock Declaration. As of the Petition Date, the Debtors did not owe Weil any fees for professional services performed or expenses incurred.

19. The Debtors understand and have agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"), and any further orders of the Court (the "**Orders**") for all

7

professional services performed and expenses incurred after the Petition Date. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Weil for services rendered at Weil's customary hourly rates that are in effect from time to time, as set forth in Schrock Declaration, and to reimburse Weil according to its customary reimbursement policies. The Debtors respectfully submit that Weil's rates and policies, as set forth in the Schrock Declaration, are reasonable.

### **Evergreen Retainer**

20.  The Debtors propose that the remainder of the Fee Advance, after application of any fees and expenses mentioned in paragraph 18 above, paid to Weil and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by Weil as security throughout these Chapter 11 Cases until Weil's fees and expenses are awarded by final order of the Court and payable to Weil.

21.  In this district, evergreen retainers are routinely used by professionals and are normal business practice. *See, e.g.*, *In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) (noting that "it is not disputed that the taking of evergreen retainers is a practice now common in the market place" and that such fee arrangements have been used in this district since the early 1990s.). Section 328(a) of the Bankruptcy Code expressly permits the employment of attorneys on a retainer. In addition, the approval of an evergreen retainer in these Chapter 11 Cases satisfies the five-part test articulated by the court in *Insilco*. In particular, the *Insilco* court evaluated the reasonableness of an evergreen retainer by examining:

> (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, *i.e.*, whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; (3) whether the retention, as proposed, is in the best interests of the estate; (4) whether there is creditor opposition to the retention and retainer provisions; and (5) whether, given the size, circumstances and posture of the case, the amount of the retainer is itself

reasonable, including whether the retainer provides the appropriate level of "risk minimization," especially in light of the existence of any other "risk-minimizing" devices, such as an administrative order or a carve-out.

*Id.* at 634.

22.     *First*, the proposed terms of Weil's engagement reflect normal business terms in the marketplace. *Second*, both Weil and the Debtors are sophisticated business entities that have negotiated Weil's advance as part of an arm's length agreement. *Third*, it is in the best interest of the Debtors' estates to provide Weil with an evergreen retainer because it ensures that the Debtors have immediate and uninterrupted access to highly skilled and experienced counsel to prosecute the Debtors' Chapter 11 Cases. *Fourth*, the Debtors are not aware of any creditor opposition to approval of the remainder of Weil's advance as an evergreen retainer. *Finally*, in light of the size, scope, and posture of the Debtors' Chapter 11 Cases, approval of the remainder of Weil's advance as an evergreen retainer provides Weil with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in these Chapter 11 Cases and allows Weil to focus its efforts on providing the best possible advice without concern over payment of fees, which is in the best interest of the Debtors and all parties-in-interest.

## Notice

23.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required.

**No Prior Request**

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 4, 2022
            Atlanta, Georgia

**KABBAGE, INC. d/b/a KSERVICING,** *et al.*
(on behalf of itself and each of its affiliated Debtors)

*/s/ Holly Loiseau*
Name: Holly Loiseau
Title:   General Counsel and Secretary