UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (     )
:
:
Debtors.[1] : (Joint Administration Requested)
:
------------------------------------------------------------ x

APPLICATION OF DEBTORS PURSUANT TO
11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR
AUTHORITY TO RETAIN AND EMPLOY OMNI AGENT SOLUTIONS, INC.
AS ADMINISTRATIVE AGENT EFFECTIVE AS OF THE PETITION DATE

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):[2]

**Relief Requested**

1. By this Application, the Debtors request, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), entry of an order (i) authorizing, but not directing, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

Debtors to employ and retain Omni Agent Solutions, Inc. ("**Omni**") as administrative agent ("**Administrative Agent**") in these chapter 11 cases, effective as of the Petition Date (as defined below), in accordance with the terms set forth in the Engagement Agreement, dated September 16, 2022 (the "**Engagement Agreement**"), annexed hereto as **Exhibit A**; and (ii) granting related relief.

2.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

3.  On October 3, 2022, the Debtors' filed an application (the "**Section 156(c) Application**") for an order appointing Omni as claims and noticing agent in these chapter 11 cases pursuant to 28 U.S.C. § 156(c). The Debtors believe that administration of these chapter 11 cases will require Omni to perform duties outside the scope approved in the Section 156(c) Application. Accordingly, the Debtors submit this Application to enable Omni to provide such additional services.

4.  In support of this Application, the Debtors submit the Declaration of Paul H. Deutch (the "**Deutch Declaration**"), a copy of which is annexed hereto as **Exhibit B**.

### Jurisdiction and Venue

5.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and *the Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

7. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Local Rules.

8. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief*, dated October 3, 2022 (the "**First Day Declaration**").

**Omni's Qualifications**

9. Omni is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and the facilitation of other administrative aspects of chapter 11 cases. Omni has substantial experience in matters of similar size and complexity and has acted as the official claims and noticing agent and/or administrative agent in many large bankruptcy cases in this District and other districts nationwide. *See*, *e.g.*, *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022); *In re PWM Property Management LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021); *In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Apr. 8, 2020); *In re*

*Lucky's Market Parent Company, LLC*, No. 20-10166 (JTD) (Bank. D. Del. Jan. 28, 2020); *In re SFP Franchise Corporation*, No. 20-10134 (JTD) (Bank. D. Del. Jan. 24, 2020).[3]

### Scope of Service

10. Pursuant to the Engagement Agreement, the Debtors seek to retain Omni to provide, among other things, the following bankruptcy administration services (the "**Services**"), if and to the extent requested:

   a. assist with, among other things, solicitation, balloting, and tabulation of votes; prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;

   b. prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

   c. assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

   d. provide a confidential data room, if requested by the Debtors;

   e. manage and coordinate any distributions pursuant to a chapter 11 plan if designated as distribution agent under such plan; and

   f. provide such other solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court, or the Office of the Clerk of the Bankruptcy Court.

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this application. Copies of these orders are available upon request to the Debtors' proposed counsel.

RLF1 28018302v.1

**Omni's Compensation**

11. The Debtors respectfully submit that the fees Omni will charge in connection with its services to the Debtors, as set forth in the Engagement Agreement, are competitive and comparable to the rates Omni's competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Omni as Administrative Agent. The Debtors believe Omni's rates are more than reasonable given the quality of Omni's services and its professionals' bankruptcy expertise. Additionally, Omni will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

12. Omni intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the Services it provides as Administrative Agent pursuant to the Engagement Agreement. Omni will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

13. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Omni and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Omni's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Proposed Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the Services of an Administrative Agent in these Chapter 11 Cases for the services provided by this Application.

### No Duplication of Services

14.     The Debtors intend that the services of Omni will complement, and not duplicate, the services being rendered by other professionals retained in these Chapter 11 Cases. Omni understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

### Disinterestedness

15.     Omni has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Deutch Declaration, Omni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

16.     Omni will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### Relief Requested Should Be Granted

17.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

18.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

19.     To help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Chapter 11 Cases, the Debtors respectfully request the Court enter an order appointing Omni as the Administrative Agent in these Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

20.     The Debtors respectfully request that Omni's retention be made effective as of the Petition Date so that Omni may be compensated for the services performed prior to approval of this Application. Omni has provided services to the Debtors in advance of approval of this Application in anticipation that its retention would be approved effective as of the Petition Date. The Debtors submit that these circumstances warrant retroactive approval. Further, the Debtors believe that no party in interest will be prejudiced by the granting of the retroactive effectiveness of Omni's employment because Omni has provided, and will continue to provide, valuable services to the Debtors' estates in the covered period.

21.     For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and therefore, should be granted.

RLF1 28018302v.1

**Notice**

22. Notice of this Application will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required.

**No Prior Request**

23. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 4, 2022
      Atlanta, Georgia

                    **KABBAGE, INC. d/b/a KSERVICING,** *et al.*
                    (on behalf of itself and each of its affiliated Debtors)

                    */s/ Holly Loiseau*
                    Name: Holly Loiseau
                    Title:  General Counsel and Secretary