**Exhibit B**

**Deutch Declaration**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (     )
: 
: 
Debtors.[1] : (Joint Administration Requested)
: 
------------------------------------------------------------ x

**DECLARATION OF PAUL H. DEUTCH IN SUPPORT OF
APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a)
AND FED. R. BANKR. P. 2014 AND 2016 FOR AUTHORITY
TO RETAIN AND EMPLOY OMNI AGENT SOLUTIONS, INC. AS
<u>ADMINISTRATIVE AGENT EFFECTIVE AS OF THE PETITION DATE</u>**

I, Paul H. Deutch, under penalty of perjury, declare as follows:

1. I am the Executive Vice President of Omni Agent Solutions, Inc. ("**Omni**"), a chapter 11 administrative services firm, whose offices are located at 5955 DeSoto Avenue, Woodland Hills, California 91367 and 1120 Avenue of the Americas, 4th Floor, New York, New York 10036. Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called and sworn as a witness, I could and would testify competently thereto.

2. This declaration (this "**Declaration**") is made in support of the *Application of Debtors' Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) and 2016 for Authority*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

*to Retain and Employ Omni Agent Solutions, Inc. as Administrative Agent Effective as of the Petition Date*, which was filed contemporaneously herewith (the "**Application**").[2]

3.  Omni is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and the facilitation of other administrative aspects of chapter 11 cases. Omni has substantial experience in matters of similar size and complexity and has acted as the official claims and noticing agent and/or administrative agent in many large bankruptcy cases in this District and other districts nationwide. *See*, *e.g.*, *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022); *In re PWM Property Management LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021); *In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Apr. 8, 2020); *In re Lucky's Market Parent Company, LLC*, No. 20-10166 (JTD) (Bank. D. Del. Jan. 28, 2020); *In re SFP Franchise Corporation*, No. 20-10134 (JTD) (Bank. D. Del. Jan. 24, 2020).[3].

4.  As Administrative Agent, Omni will perform the Services specified in the Application and the Engagement Agreement. In performing such services, Omni will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **<u>Exhibit A</u>** to the Application.

5.  Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Omni and its professional personnel:

(a)  Omni is not a creditor, security holder, or insider of the Debtors;

(b)  Omni and its personnel are not and were not, within two years before the date of the filing of these cases, directors, officers, or employees of the Debtors; and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this application. Copies of these orders are available upon request to the Debtors' proposed counsel.

2

  (c)  Omni does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

  6.  To the best of my knowledge, neither Omni, nor any of its professional personnel have any relationship with the Debtors that would impair Omni's ability to serve as Administrative Agent. The Debtors have many creditors and, accordingly, Omni may have rendered and may continue to render services to certain of these creditors. However, Omni has not and will not represent the separate interest of any such creditor in these Chapter 11 Cases.

  7.  I caused to be submitted for review by our conflicts system the names of all known potential parties-in-interest (the "**Potential Parties in Interest**") in these Chapter 11 Cases. The list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' 30 largest unsecured creditors on a consolidated basis and other parties. The results of the conflict check were compiled and reviewed by Omni professionals. At this time, and as set forth in further detail herein, Omni is not aware of any relationship that would present a disqualifying conflict of interest. Should Omni discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Omni will use reasonable efforts to file promptly a supplemental declaration.

  8.  On October 16, 2019, Omni executed a contract with X-Claim Inc. ("**X-Claim**") whereby Omni agreed to provide X-Claim with *publicly* available claims register data in

a downloadable format (the "**Agreement**").[4] Omni ceased providing services under the Agreement as of June 8, 2022 and, as confirmed to Omni by X-Claim, the Agreement was terminated as of June 9, 2022.

9. Other than the disclosed contract with X-Claim, Omni is not a party to any agreement where it receives consideration in exchange for transferring information derived from Omni's role as an administrative agent in cases in the District of Delaware or elsewhere to non-client third parties.

10. To the best of my knowledge and based solely upon information provided to me by the Debtors, and except as provided herein, neither Omni, nor any employee thereof, has any materially adverse connection to the Debtors, their creditors or other relevant parties. Omni may have relationships with certain of the Debtors' creditors as a vendor or in connection with cases in which Omni serves or has served in a neutral capacity as noticing, claims, and balloting agent for another chapter 11 debtor.

11. Omni has and will continue to represent clients in matters unrelated to these Chapter 11 Cases. In addition, Omni and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals and other parties in interest that may be involved in the Debtors' chapter 11 cases in matters unrelated to these cases. Omni may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

12. To the best of my knowledge, neither Omni nor any of its partners or employees hold or represent any interest materially adverse to the Debtors' estates with respect to

---

[4] The Agreement did not provide for, nor did X-Claim receive, any claims-related information from Omni that was not also available to the general public on Omni's case-specific websites.

any matter upon which Omni is to be engaged. Based on the foregoing, I believe that Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: October 3, 2022
       New York, New York

/s/ *Paul H. Deutch*
Paul H. Deutch
Executive Vice President
Omni Agent Solutions Inc.