**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, | : | Case No. 22-10951 (CTG) |
| | : | |
| | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | Objection Deadline: TBD |
| | : | Hearing Date: TBD |

---

### APPLICATION OF DEBTORS TO RETAIN AND EMPLOY RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF PETITION DATE

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully move and represent as follows in support of this application (the "**Application**"):

**Relief Requested**

1. By this Application, the Debtors request, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that the Court authorize the employment and retention of Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel to the Debtors effective as of the Petition Date (as defined below).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**"). The Debtors submit the declaration of Daniel J. DeFranceschi, a director of RL&F, which is attached hereto as **Exhibit B** (the "**DeFranceschi Declaration**") and the declaration of Holly Loiseau, the General Counsel of the Debtors, which is attached hereto as **Exhibit C** (the "**Loiseau Declaration**").

### Jurisdiction and Venue

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4. On October 3, 2022 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

5. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above-captioned case.

6.  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13] (the "**First Day Declaration**") filed on the Petition Date.

## Scope of Services

7.  The Debtors require RL&F to render a variety of legal services during the pendency of these Chapter 11 Cases and to assist the Debtors in addressing the myriad issues that may arise. Subject to further order of the Court, the Debtors request the employment and retention of RL&F to render professional services, including, but not limited to:

   a.  Assisting in pre-bankruptcy preparation and planning;

   b.  assisting in preparing necessary petitions, motions, applications, answers, orders, reports, and papers necessary to commence these Chapter 11 Cases;

   c.  advising the Debtors of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

   d.  taking all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors in the Chapter 11 Cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

   e.  assisting with any sale or sales of assets, including preparing any necessary motions and papers related thereto;

   f.  assisting in preparing the Debtors' disclosure statement and any related motions, pleadings, or others documents necessary to solicit votes on any plan of reorganization;

   g.  assisting in preparing the Debtors' chapter 11 plan;

   h.  prosecuting on behalf of the Debtors any proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

   i.  performing all other necessary legal services in connection with the prosecution of these Chapter 11 Cases.

8.  In addition to the services set forth in paragraphs 7(a) through 7(i) above, RL&F may perform all other services assigned to it by the Debtors, in consultation with Weil, Gotshal & Manges LLP ("**Weil**"), the Debtors' restructuring co-counsel.  To the extent RL&F determines that such services fall outside of the scope of services historically or generally performed by RL&F as co-counsel in a bankruptcy case, RL&F will file a supplemental declaration.

## Basis for Relief

9.  Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a).  Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C § 328(a).

10. The Debtors believe that RL&F is well qualified to represent them in their bankruptcy cases in an efficient and timely manner.  The Debtors have selected RL&F as their bankruptcy co-counsel because of, among other things, (i) the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, (ii) its expertise, experience, and knowledge in practicing before this Court, (iii) its proximity to the Court, and (iv) its ability to respond quickly to emergency hearings and other emergency matters.  RL&F's services will enable the Debtors to execute faithfully their duties as debtors in possession.

11. To that end, RL&F has stated its desire and willingness to act in these Chapter 11 Cases and to render the necessary professional services as co-counsel to the Debtors.

12. In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ (i) Weil, as general restructuring counsel; (ii) Omni Agent Solutions, Inc., as claims and notice agent and administrative agent; and (iii) AlixPartners, LLP, as financial advisor. The Debtors may also file applications to employ additional professionals. The Debtors understand the division of responsibilities among these professionals and intend to monitor carefully these and any other retained professionals to ensure a clear delineation of their respective duties and roles to prevent duplication of effort. The Debtors recognize that efficient coordination of efforts among the Debtors' professionals will greatly add to the effective administration of these Chapter 11 Cases.

## Professional Compensation

### A. Professional Fees

13. The Debtors understand that RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. In that regard, the Debtors and RL&F are developing a prospective budget and staffing plan in a reasonable effort to comply with any requests for information and additional disclosures that may be made by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"). Subject to the foregoing, the Debtors propose to pay RL&F its customary hourly rates in effect from time to time as set forth in the DeFranceschi Declaration. The Debtors submit that these rates are reasonable.

14. RL&F's current hourly rates for matters related to these Chapter 11 Cases are expected to be within the following ranges:

5

| Position | Range of Hourly Rates |
|---|---|
| Directors | $850 to $1,300 an hour |
| Counsel | $725 to $750 an hour |
| Associates | $425 to $700 an hour |
| Paraprofessionals | $315 an hour |

15. The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

   a. Daniel J. DeFranceschi        $1,100 per hour
   b. Amanda R. Steele              $875 per hour
   c. Zachary I. Shapiro            $850 per hour
   d. Matthew P. Milana             $600 per hour
   e. Huiqi Liu                     $475 per hour
   f. M. Lynzy McGee                $315 per hour

16. The Debtors understand that RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.

17. Other than the periodic adjustments described above, RL&F's hourly rates of its attorneys and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein. The Debtors understand that these hourly rates are consistent with the rates that RL&F charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case, and are not significantly different from the rates that RL&F charges in non-bankruptcy representations. None of RL&F's professionals included in this engagement have varied their rate based on the geographic location of these Chapter 11 Cases. Notwithstanding the consistent hourly rates,

RL&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiency that may appear before billing.

18. Prior to the Petition Date, the Debtors made total retainer payments to RL&F in the amount of $235,428 (the "**Retainer**"). The Retainer was utilized as a retainer to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in connection with, the Debtors' restructuring and the commencement of these Chapter 11 Cases. The Debtors propose that the remainder of the Retainer paid to RL&F and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by RL&F as security throughout these bankruptcy cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

19. Given the extensive nature of the services that RL&F will provide to the Debtors, the retention of RL&F under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the reorganization of the Debtors.

20. Other than as set forth in the DeFranceschi Declaration, no arrangement is proposed between the Debtors and RL&F for compensation to be paid in these Chapter 11 Cases. RL&F has informed the Debtors that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**B. Expenses**

21. The Debtors understand that it is RL&F's policy to charge its clients in all areas of practice for all expenses incurred in connection with clients' cases. The expenses charged to clients include, among other things, long-distance telephone charges, regular mail, and express mail charges, special or hand delivery charges, document processing charges,

printing and photocopying charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and certain other overtime.  RL&F will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by the Local Rules.  The Debtors understand that it is RL&F's belief that it is fair to charge these expenses to the client incurring them instead of increasing hourly rates and spreading these expenses among all clients.

### RL&F's Disinterestedness

22. To the best of the Debtors' knowledge and except as is disclosed in the DeFranceschi Declaration: (a) RL&F is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtors' estates; and (c) neither RL&F, nor any attorney (including any director, counsel or associate) of RL&F, currently represents, or has in the past represented, or has any connection with, the potential parties in interest set forth on **Exhibit 3** to the DeFranceschi Declaration.

23. RL&F will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### Bankruptcy Rule 5002

24. As set forth in the DeFranceschi Declaration, and except as described therein, no director, counsel, or associate of RL&F is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the United States Trustee assigned to these Chapter 11 Cases or any other employee of the United

States Trustee that would render RL&F's retention in these Chapter 11 Cases improper under Bankruptcy Rule 5002. Accordingly, the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

**Notice**

25. Notice of this Application has been or will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors believe that no further notice is required.

**No Prior Request**

26. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 4, 2022
      Atlanta, Georgia

**KABBAGE, INC. d/b/a KSERVICING** *et al.*
(on behalf of itself and each of its affiliated Debtors)

*/s/ Holly Loiseau*
Name: Holly Loiseau
Title:   General Counsel