**<u>Exhibit A</u>**

**Proposed Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re                                      :    **Chapter 11**
                                           :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.,*  :    **Case No. 22-10951 (CTG)**
                                           :
                                           :
             **Debtors.**[1]               :    **(Jointly Administered)**
---------------------------------------------------------- x

**ORDER AUTHORIZING RETENTION**
**AND EMPLOYMENT OF RICHARDS,**
**LAYTON & FINGER, P.A. AS CO-COUNSEL**
**TO THE DEBTORS EFFECTIVE AS OF PETITION DATE**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for employment and retention of Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel for the Debtors effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016(a) and Local Rule 2014-1, all as more fully described in the Application; and upon consideration of the First Day Declaration and the DeFranceschi Declaration; and due and proper notice of the Application having been given; and having determined that no other or further notice of the Application is required; and having determined that this Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing, if any, having been held to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the DeFranceschi Declaration and the record of the Hearing, if any; and having found that RL&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and that RL&F has the capability and experience to provide the services described in the Application; and it appearing that the employment of RL&F is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain RL&F as co-counsel to the Debtors on the terms and conditions set forth in the Application and the DeFranceschi Declaration effective as of the Petition Date.

3. RL&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. RL&F shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with any interim and/or final fee application(s) to be filed by RL&F in these Chapter 11 Cases.

4.      RL&F shall, to the extent it has not previously done so, first apply the Retainer to all prepetition invoices and, thereafter, any remaining balance of the Retainer shall be held by RL&F as security throughout the Debtors' Chapter 11 Cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

5.      No agreement or understanding exists between RL&F and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with the Chapter 11 Cases, nor shall RL&F share or agree to share compensation received for services rendered in connection with the Chapter 11 Cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

6.      Notwithstanding anything in the Application to the contrary, RL&F shall (i) to the extent that RL&F uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in the Chapter 11 Cases, pass-through the cost of such Contractors at the same rate that RL&F pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts check as required for RL&F; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

7.      Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of RL&F, RL&F shall not seek reimbursement of expenses for office supplies.

8.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.     In the event of any inconsistency between the Application, the DeFranceschi Declaration, and this Order, this Order shall govern.

12.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.