## EXHIBIT A

## Application

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------- x
In re                              :       **Chapter 11**
                                   :
**KABBAGE, INC. d/b/a KSERVICING**, *et al.,*  :      **Case No. 22-10951 (    )**
                                   :
                                   :
               **Debtors.**[1]        :       **(Joint Administration Requested)**
------------------------------------------------------------- x

### APPLICATION OF DEBTORS FOR AUTHORITY
### TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP
### AS ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully move and represent as follows in support of this application (this "**Application**"):[2]

### Relief Requested

1.      By this Application, the Debtors request authority, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to retain and employ Weil,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Rieger-Paganis Declaration (as defined below).

Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtors effective as of the Petition Date.

2.      The Debtors further request that the Court approve the retention of Weil as their attorneys to perform the extensive legal services that will be required during these chapter 11 cases in accordance with Weil's normal hourly rates in effect when services are rendered and Weil's normal reimbursement policies.  In support of this Application, the Debtors submit the declaration of Ray C. Schrock, P.C., a partner of Weil, which is annexed hereto as **Exhibit A** (the "**Schrock Declaration**") and the declaration of Holly Loiseau, the Debtors' General Counsel and Secretary, which is annexed hereto as **Exhibit B** (the "**Loiseau Declaration**").

3.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

### Jurisdiction and Venue

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

5.      On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors are authorized to continue operating their business and managing their

2

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

6.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

7.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**Rieger-Paganis Declaration**"), filed contemporaneously herewith.

### Weil's Qualifications

8.      Since April 2022, Weil has advised the Debtors in connection with exploring various strategic alternatives to address concerns with the Debtors' operations, pending litigations, and disputes with key stakeholders while simultaneously effectuating a value maximizing winddown for the benefit of its stakeholders.  Weil was extensively involved in prepetition negotiations with the Debtors' key stakeholders in connection with exploring such strategic alternatives, including the commencement of these Chapter 11 Cases.  As a result of Weil's prepetition representation of the Debtors, Weil possesses an in-depth knowledge of the Debtors' capital structure and has gained additional insight into the current condition of the Debtors' businesses, management, operations, corporate governance and restructuring. Accordingly, Weil possesses the necessary background and knowledge to address the potential legal issues that may arise in the context of these Chapter 11 Cases.

9.      The Debtors have also selected Weil as their attorneys because of the Firm's extensive general experience and expertise, including Weil's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under the Bankruptcy Code. For example, Weil currently represents or has represented, among others, the following debtors

3

and their affiliates: Ditech Holding Corporation; Walter Inv. Mgmt. Corp.; Talen Energy Supply, LLC; SAS AB; All Year Holdings Ltd.; Evergreen Gardens Mezz LLC; CBL & Associates Properties, Inc., Fieldwood Energy LLC; Brooks Brothers Group, Inc.; VIVUS, Inc.; CEC Entertainment, Inc.; ORG GC Midco, LLC; NPC International, Inc.; Chisholm Oil and GasOperating, LLC; Exide Technologies, LLC; Gavilan Resources, LLC; 24 Hour Fitness Worldwide; SpeedCast International Limited; Skillsoft Corp.; Chinos Holdings, Inc.; Kingfisher Midstream LLC; EP Energy Corporation; Halcon Resources Corporation; Fusion Connect, Inc.; Insys Therapeutics, Inc.; CTI Foods, LLC; PG&E Corporation and Pacific Gas and Electric Company; Checkout Holding Corp.; Waypoint Leasing Holdings Ltd.; LBI Media, Inc.; Sears Holdings Corporation; Tops Holding Company LLC; Southeastern Grocers, LLC; Claire's Inc.; Westinghouse Electric Company LLC; TK Holdings Inc.; Angelica Corp.; Azure Midstream Partners, LP; Memorial Production Partners LP; CHC Group Ltd.; Breitburn Energy Partners LP; American Gilsonite Company; Aéropostale, Inc.; Fairway Group Holdings Corp.; Paragon Offshore plc; Vantage Drilling International (f/k/a Offshore Group Investment Limited); and The Great Atlantic and Pacific Tea Co.

10.    The Debtors have been informed that Ray C. Schrock, P.C., Candace M. Arthur, and Natasha S. Hwangpo, partners of Weil, as well as other partners of, counsel to, and associates of Weil who will be employed in these Chapter 11 Cases, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York. Applications for admission *pro hac vice* for Ray C. Schrock, P.C., Candace M. Arthur, Natasha S. Hwangpo, and certain other Weil attorneys to practice before the Court are pending.

4

11.     Accordingly, Weil is both well qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

### Scope of Services

12.     The services to be performed by Weil are appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute these Chapter 11 Cases.  Subject to further order of the Court, it is proposed that Weil be employed to render the following professional services:

a.  take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalves, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

b.  prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

c.  take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

d.  take all necessary actions to protect and preserve the value of the Debtors' estates; and

e.  perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; *provided*, *however*, that to the extent Weil determines that such services fall outside the scope of services historically or generally performed by Weil as lead debtor's counsel in a bankruptcy case, Weil will file a supplemental declaration.

13.     It is necessary for the Debtors to employ attorneys to render the foregoing professional services.  Weil has stated its desire and willingness to act in these Chapter 11 Cases and render the necessary professional services as attorneys for the Debtors.

14.     In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ (i) Richards, Layton & Finger, P.A. ("**RLF**") as co-counsel,

5

(ii) Omni Agent Solutions, Inc. as claims and noticing agent and, separately, as voting agent, and (iii) AlixPartners LLP, as financial advisor.  The Debtors may also file applications to employ additional professionals.  It is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

## No Duplication of Services

15.    As described in the Schrock Declaration, Weil will work with RLF and the Debtors' other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these Chapter 11 Cases to prevent duplication of services and ensure these Chapter 11 Cases are administered in the most efficient fashion possible. In that regard, Weil and RLF have informed the Debtors that Weil will take the lead on the services set forth in paragraph 12 above.  RLF's duties will include, among other tasks: (i) providing Delaware law expertise, including advising the Debtors and Weil on issues of local practice and the Local Rules; (ii) communicating with the Court and the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") with respect to the Debtors' filings and these Chapter 11 Cases; (iii) reviewing, commenting on, and coordinating the filing of various pleadings; (iv) appearing in court on behalf of the Debtors; and (v) serving as lead counsel to the Debtors with respect to matters or parties as to which Weil has a conflict and determines that it cannot (or should not) represent the Debtors (where RLF does not similarly have a conflict).

## Weil's Disinterestedness

16.    To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth herein and in the Schrock Declaration.

6

17.     Based upon the Schrock Declaration, Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new material relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court accordingly.

### Professional Compensation

18.     Weil is not a creditor of the Debtors' estates.  As set forth in the Schrock Declaration, during the 90 days prior to the Petition Date, Weil received payments and advances in the aggregate amount of $6,133,888.13 for professional services performed and to be performed, including in preparation for the commencement and prosecution of these Chapter 11 Cases.  Weil has a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in connection with these Chapter 11 Cases in the amount of $490,803.00 (the "**Fee Advance**").  Weil intends to apply the Fee Advance to any outstanding amounts relating to the period before the Petition Date that were not processed through Weil's billing system as of the Petition Date.  An accounting summary of payments invoiced or to be invoiced and received by Weil in the 90 days before the Petition Date is set forth in **Exhibit 3** to the Schrock Declaration.  As of the Petition Date, the Debtors did not owe Weil any fees for professional services performed or expenses incurred.

19.     The Debtors understand and have agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"), and any further orders of the Court (the "**Orders**") for all

7

professional services performed and expenses incurred after the Petition Date.  Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and the Orders, the Debtors propose to compensate Weil for services rendered at Weil's customary hourly rates that are in effect from time to time, as set forth in Schrock Declaration, and to reimburse Weil according to its customary reimbursement policies.  The Debtors respectfully submit that Weil's rates and policies, as set forth in the Schrock Declaration, are reasonable.

**Evergreen Retainer**

20.    The Debtors propose that the remainder of the Fee Advance, after application of any fees and expenses mentioned in paragraph 18 above, paid to Weil and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by Weil as security throughout these Chapter 11 Cases until Weil's fees and expenses are awarded by final order of the Court and payable to Weil.

21.    In this district, evergreen retainers are routinely used by professionals and are normal business practice. *See, e.g.*, *In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) (noting that "it is not disputed that the taking of evergreen retainers is a practice now common in the market place" and that such fee arrangements have been used in this district since the early 1990s.).  Section 328(a) of the Bankruptcy Code expressly permits the employment of attorneys on a retainer.  In addition, the approval of an evergreen retainer in these Chapter 11 Cases satisfies the five-part test articulated by the court in *Insilco*.  In particular, the *Insilco* court evaluated the reasonableness of an evergreen retainer by examining:

> (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, *i.e.*, whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; (3) whether the retention, as proposed, is in the best interests of the estate; (4) whether there is creditor opposition to the retention and retainer provisions; and (5) whether, given the size, circumstances and posture of the case, the amount of the retainer is itself

8

reasonable, including whether the retainer provides the appropriate level of "risk minimization," especially in light of the existence of any other "risk-minimizing" devices, such as an administrative order or a carve-out.

*Id.* at 634.

22.     *First*, the proposed terms of Weil's engagement reflect normal business terms in the marketplace.  *Second*, both Weil and the Debtors are sophisticated business entities that have negotiated Weil's advance as part of an arm's length agreement.  *Third*, it is in the best interest of the Debtors' estates to provide Weil with an evergreen retainer because it ensures that the Debtors have immediate and uninterrupted access to highly skilled and experienced counsel to prosecute the Debtors' Chapter 11 Cases. *Fourth*, the Debtors are not aware of any creditor opposition to approval of the remainder of Weil's advance as an evergreen retainer.  *Finally*, in light of the size, scope, and posture of the Debtors' Chapter 11 Cases, approval of the remainder of Weil's advance as an evergreen retainer provides Weil with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in these Chapter 11 Cases and allows Weil to focus its efforts on providing the best possible advice without concern over payment of fees, which is in the best interest of the Debtors and all parties-in-interest.

### **Notice**

23.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required.

9

## No Prior Request

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 4, 2022
        Atlanta, Georgia

                                    **KABBAGE, INC. d/b/a KSERVICING, *et al.***
                                    (on behalf of itself and each of its affiliated Debtors)


                                    */s/ Holly Loiseau*_____
                                    Name:  Holly Loiseau
                                    Title:    General Counsel and Secretary

10

**Exhibit A**

**Schrock Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

--------------------------------------------------------- x
In re                                    :    **Chapter 11**
                                         :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,  :    **Case No. 22-10951 (      )**
                                         :
                                         :
            Debtors.[1]                  :    **(Joint Administration Requested)**
--------------------------------------------------------- x

**DECLARATION OF RAY C. SCHROCK, P.C.**
**IN SUPPORT OF APPLICATION OF DEBTORS FOR**
**AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES**
**LLP AS ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Ray Schrock, P.C., hereby declare as follows:

1.    I am a partner of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; and regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton, New Jersey; Redwood Shores, California; and foreign offices in London, United Kingdom; Frankfurt and Munich, Germany; Paris, France; Beijing, Hong Kong and Shanghai, China.

2.    I submit this declaration (this "**Declaration**") in connection with the application submitted on the date hereof (the "**Application**") of Kabbage, Inc. d/b/a KServicing and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for authority to employ and retain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

Weil as their attorneys, effective as of October 3, 2022 (the "**Petition Date**"), at its normal hourly rates in effect from time to time and in accordance with its normal reimbursement policies, in compliance with sections 327(a), 328, 329, and 504 of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").   Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Weil's completion of further review, or as additional information regarding parties in interest becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented, or otherwise modified information.

3. Neither I, Weil, nor any partner of, counsel to, or associate of the Firm represents any entity other than the Debtors in connection with these Chapter 11 Cases.  In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Weil, nor any partner of, counsel to, or associate of the Firm represents any party in interest in these Chapter 11 Cases in matters related to these Chapter 11 Cases.

## Weil's Disclosure Procedures

4. Weil, which employs approximately 1,100 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  Weil has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Debtors in matters unrelated to the Debtors' pending Chapter 11 Cases.  Some of those entities are, or may consider themselves

2

to be, creditors or parties in interest in these pending Chapter 11 Cases or to otherwise have interests in these cases.

5.      In preparing this Declaration, Weil used a set of procedures developed by Weil to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm Disclosure Procedures**").  Pursuant to the Firm Disclosure Procedures, Weil performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Weil's connection to such parties:

   a.      A comprehensive list of the types of entities that may have contacts with the Debtors was developed through discussions with the Weil attorneys who have provided services to the Debtors and in consultation with the advisors to and senior management of the Debtors (the "**Retention Checklist**").  A copy of the Retention Checklist is annexed hereto as **Exhibit 1**.

   b.      Weil obtained information responsive to the Retention Checklist through several inquiries of the Debtors' senior management and advisors and review of documents provided by the Debtors to Weil.  Weil then used that information, together with other information identified by Weil, to compile a list of the names of entities that may be parties in interest in these Chapter 11 Cases (the "**Potential Parties in Interest**").

   c.      Weil maintains a master client database as part of its conflict clearance and billing records.  The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**").  The Client Database includes the names of all current and former clients, the names of the parties who are or were related or adverse to such current and former clients, and the names of the Weil personnel who are or were responsible for current and former matters for such clients.  Weil's policy is that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party.  Accordingly, the database is updated for every new matter undertaken by Weil.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

3

d.      Weil compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[2]  Any matches to names in the Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "**Client Match List**").

e.      A Weil attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to Weil's clients in both this matter and the matter referenced on the Client Match List.

f.      Using information in the Client Database concerning entities on the Client Match List and making general and, if applicable, specific inquiries of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Client Match List in connection with the Debtors or these Chapter 11 Cases.

g.      In addition, a general inquiry to all Weil personnel (attorneys and staff) was sent by electronic mail before the filing of these Chapter 11 Cases to determine whether any such individual or any member of his or her household (i) owns any debt or equity securities of the Debtors; (ii) holds a claim against or interest adverse to the Debtors; (iii) is or was an officer, director, or employee of the Debtors; (iv) is related to or has any connections to Bankruptcy Judges in the District of Delaware; or (v) is related to or has any connections to anyone working in the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").

## Weil's Connections with Debtors

6.      Weil compiled responses to the foregoing inquiries for the purposes of preparing this Declaration.  Responses to the inquiry described in paragraph 5(g) above reflect that, as of the Petition Date, no Weil personnel or member of the household of any Weil personnel holds any claims against, stock of, or other interests in the Debtors[3] and that no such individuals held any significant employment with the Debtors, or is related to or has any connections to anyone

---

[2] For purposes of the Firm Disclosure Procedures, Weil considers an entity a "former client" if professional time was recorded within the past two years, but all matters for such client have been closed.  Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

[3] Certain Weil personnel or members of households of Weil personnel may unknowingly hold stock or other interests in the Debtors in blind, discretionary accounts, or mutual funds.

working in the Office of the U.S. Trustee. Certain Weil attorneys, including attorneys working on this matter, have previously clerked or otherwise worked with Bankruptcy Judges in the District of Delaware. Further, since February 28, 2022, Holly Loiseau has been the General Counsel and Secretary of Kabbage, Inc. d/b/a KServicing. Prior to joining the Debtors, Ms. Loiseau was employed by and a partner at Weil. Ms. Loiseau's employment at Weil ended December 31, 2021.

7.      Weil previously represented Credit Suisse as agent in connection with a warehouse lending facility with one or more of the Debtors. The facility was repaid in November 2019. Since that time, the Debtors have done no further work for Credit Suisse on that matter.

8.      Weil has rendered, among other services, corporate, litigation, and restructuring-related legal services to the Debtors since April 2022. Since that time, Weil has advised the Debtors concerning their operations, disputes with key stakeholders, and strategic restructuring alternatives. Most recently, Weil provided the services necessary to enable the Debtors to commence these Chapter 11 Cases. Weil, working together with Richards, Layton & Finger, P.A. ("**RLF**"), was primarily responsible for the preparation of the Debtors' chapter 11 petitions, initial motions for "first day" relief, and applications relating to these Chapter 11 Cases and their commencement.

### Weil's Connections with Parties in Interest in Matters Unrelated to These Chapter 11 Cases

9.      Either I, or an attorney working under my supervision, reviewed the connections between Weil and the clients identified on the Client Match List and the connections between those entities and the Debtors. After such review, either I, or an attorney working under my supervision, determined, in each case, that Weil does not hold or represent an interest that is adverse to the Debtors' estates and that Weil is a "disinterested person" as such term is defined in

section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

10.     Weil previously represented, currently represents, and may represent in the future the entities described below (or their affiliates) in matters unrelated to the Debtors or these Chapter 11 Cases.

11.     Disclosures relating to all other categories on the Retention Checklist, annexed hereto as **Exhibit 2** (the "**Disclosure Schedule**"), are the product of implementing the Firm Disclosure Procedures.  Weil has not represented, does not represent, and will not represent any entities listed on the Disclosure Schedule in matters directly related to the Debtors or these Chapter 11 Cases.

12.     An entity is listed as a "**Current Client**" on the Disclosure Schedule if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two years.  An entity is listed as a "**Former Client**" on the Disclosure Schedule if Weil represented such entity or a known affiliate of such entity within the past two years based on recorded attorney time charges on a matter, but all matters for such entity or any known affiliate of such entity have been formally closed.

13.     To the best of my knowledge and information, the annual fees for each of the last two (2) years paid to Weil by any party listed on the Disclosure Schedule or its affiliates on an aggregate basis did not exceed 1% of the Firm's annual gross revenue.

14.     In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014(a), between Weil and (i) the U.S. Trustee or any person employed thereby, (ii) any attorneys, accountants, or financial

consultants in these Chapter 11 Cases, except as set forth herein and on the Disclosure Schedule or (iii) any investment bankers that represent or may represent the Debtors or claimants or other parties in interest in these Chapter 11 Cases, except as set forth herein.  As part of its practice, Weil appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent the Debtors, claimants, and other parties in interest these cases.  Weil does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtors or their estates.

15.     Additionally, the Debtors have no funded debt.  Therefore, to the best of Weil's knowledge, Weil has not represented any entities that hold, or may in the future hold, certain of the Debtors' debt in beneficial accounts on behalf of unidentified parties.  As a large firm, Weil may represent creditors/investors of parties interested in investing in one or more parties in interest in these cases.  Weil does not believe these relationships represent interests adverse to a debtor.

16.     Certain of the parties in interest or affiliates or subsidiaries of parties in interest in these Chapter 11 Cases are, were, or could be, from time to time, members or parties related to members of ad hoc group or official creditors' committees represented by Weil in matters unrelated to these Chapter 11 Cases.  In such instances, Weil only represented, currently only represents, and will only represent the committee or group, and did not represent, does not represent, and will not represent the parties in their individual capacities.

17.     Despite the efforts described herein to identify and disclose Weil's connections with the parties in interest in these Chapter 11 Cases, and because of the Debtors' numerous relationships, Weil is unable to state with certainty that every client relationship or other

7

connection has been disclosed.  In this regard, Weil will continue to apply the Firm Disclosure Procedures.  If any new material relevant facts or relationships are discovered or arise, Weil will promptly file a supplemental disclosure with the Court.

### **Weil is Disinterested**

18.    Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Weil is to be employed, and Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

### **Weil's Retainer, Rates and Billing Practices**

19.    During the 90 day period prior to the Petition Date, Weil received payments and advances in the aggregate amount of $6,133,888.13 for services performed and expenses incurred, and also to be performed and incurred, including in preparation for the commencement of these Chapter 11 Cases.  A summary of payments invoiced and received by Weil in the 90 days prior to the Petition Date is set forth on **Exhibit 3** annexed hereto.  As of the Petition Date, Weil held an advance payment retainer of 490,803.00, subject to any amounts Weil intends to apply against the retainer as set forth in paragraph 21 of the Application.

20.    Weil intends to charge the Debtors for services rendered in these Chapter 11 Cases at Weil's normal hourly rates in effect at the time the services are rendered.  Weil's current customary hourly rates, subject to change from time to time, are $1,250.00 to $1,950.00 for partners and counsel, $690.00 to $1,200.00 for associates and $275.00 to $495.00 for paraprofessionals.

21.    Weil also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply

with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**").  Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, Weil will charge $.10 per page for black and white copies and $.50 per page for color copies in accordance with Local Rule 2016-2(e)(iii).  Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include, but are not limited to, facsimiles, overtime, overtime meals, deliveries, court costs, costs of food at meetings, transcript fees, travel fees, and clerk fees.

22.     No promises have been received by Weil, or any partner, counsel, or associate thereof, as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.  Furthermore, Weil has no agreement with any other entity to share with such entity any compensation received by Weil or by such entity.

### **Coordination with Other Professionals for Debtors**

23.     Weil is aware that the Debtors have submitted, or intend to submit, applications to retain (i) RLF as co-counsel; (ii) Omni Agent Solutions, Inc. as claims and noticing agent, and separately, as voting agent; and (iii) AlixPartners LLP, as financial advisor.  The Debtors may seek to retain additional professionals in the near term.  Weil, together with the Debtors' management, intends to carefully monitor and coordinate efforts of all professionals

9

retained by the Debtors in these Chapter 11 Cases and will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible.

## **Attorney Statement Pursuant to the Fee Guidelines**

24.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.

**Question:**     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:     No.

**Question:**     Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:     No.

**Question**:     If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:     Weil was formally engaged by the Debtors in April 2022.  Weil's billing rates and material financial terms have not changed since the Debtors engaged Weil.

**Question**:     Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:     Weil is developing a prospective budget and staffing plan for these Chapter 11 Cases.  Weil and the Debtors will review such budget following the close of the budget period to determine a budget for the following period.

25.     The foregoing constitutes the statement of Weil pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

## **Conclusion**

26.     The Application requests approval of the Debtors' retention of Weil at Weil's normal hourly rates in effect at the time the services are rendered and in accordance with

Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with orders of the Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.  Subject to these terms and conditions, Weil intends to apply, pursuant to section 330 of the Bankruptcy Code, for allowance of compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Fee Guidelines.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: October 3, 2022

/s/ *Ray C. Schrock, P.C.*
Ray C. Schrock, P.C.
Partner, Weil, Gotshal & Manges LLP

RLF1 28018298V.1

**Exhibit 1**

**Retention Checklist**

(1) Debtors – exact Corporate Name (name should be the same as in the articles of incorporation)
(2) Non Debtor Affiliates and Subsidiaries (including any partnerships and JV partners)
(3) Debtors' Trade Names and Aliases (up to 8 years) (a/k/a, f/k/a, d/b/a)
(4) Banks/Bank Accounts
(5) Banks – Servicing
(6) Bankruptcy Judges and Staff (District of Delaware)
(7) Benefit Providers (Workers Compensation/Pension Plans/Third Party Administrators)
(8) Clerk of the Court
(9) Committees and Committee Members (including UCC)
(10) Non-Debtor Professionals (law firms, accountants, and other professionals)
(11) Contract Counterparties (includes patents and intellectual property)
(12) Current Officers and Directors (include senior management)
(13) Affiliations of Current Officers and Directors
(14) Debtors Professionals (law firms, accountants and other professionals)
(15) Former Officers and Directors (include senior management if readily available) (3 years)
(16) Affiliation of Former Officers and Directors (as of last day with company)
(17) Insurance/Insurance Provider
(18) Landlords and parties to leases
(19) Lenders, Noteholders, Administrative Agents and Indenture Trustees (includes ABL Lenders/Term Loan Lender/Revolver/Collateral Agents/Prepetition & Proposed Postpetition)
(20) List of Secured Creditors
(21) Top 30 Unsecured Creditors
(22) Litigation Counterparties/Litigation Pending Lawsuits (includes threatened litigation)
(23) Litigation - Governmental Investigations Agencies
(24) Other Parties in Interest (Notice of Appearance Parties, Ombudsman, any other person or group appointed)
(25) Other Professionals
(26) Regulatory and Government (Federal, State, and Local)
(27) Significant Customers
(28) Significant Shareholders (more than 5% of equity)
(29) Taxing Authorities (Federal, State, and Local; trust fund, use property, franchise, sales)
(30) UCC Search Results/UCC Lien Search Results
(31) Unions
(32) United States Attorney's Office for the District of Delaware
(33) United States Trustee and Staff (District of Delaware)
(34) Utility Providers/Utility Brokers
(35) Vendors/Suppliers (includes critical, foreign, common carrier, shippers, warehousemen, customs duties, brokers charges, facilities provider, etc.)

1. **Debtors**

(1) Kabbage, Inc.
(2) Kabbage Asset Securitization LLC
(3) Kabbage Asset Funding 2017-A LLC
(4) Kabbage Asset Funding 2019-A LLC
(5) Kabbage Canada Holdings, LLC
(6) Kabbage Diameter, LLC

2. **Non-Debtor Affiliates and Subsidiaries (including any partnerships and JV partners)**

(1) Kabbage Financial Services Limited (UK entity)
(2) Kabbage India Private Limited (India entity)

3. **Debtors' Trade Names and Aliases (up to 8 years) (a/k/a, f/k/a, d/b/a)**

(1) d/b/a KServicing
(2) d/b/a KServicing Corp.
(3) d/b/a KServicing, Inc.

4. **Banks/Bank Accounts**

(1) Celtic Bank
(2) Primis Bank
(3) Synovus Bank (Synovus Financial Corp.)

5. **Banks – Servicing**

(1) Celtic Bank
(2) Cross River Bank
(3) Customers Bank
(4) HCG (a/k/a Home Capital Group Inc.)
(5) Stone Ridge

6. **Bankruptcy Judges and Staff for the District of Delaware**

(1) Al Lugano
(2) Cacia Batts
(3) Catherine Farrell
(4) Chief Judge Laurie Selber Silverstein
(5) Claire Brady
(6) Demitra Yeager
(7) Jill Walker
(8) Joan Ranieri
(9) Judge Ashely M. Chan

(10) Judge Brendan L. Shannon
(11) Judge Craig T. Goldblatt
(12) Judge John T. Dorsey
(13) Judge J. Kate Stickles
(14) Judge Karen B. Owens
(15) Judge Mary F. Walrath
(16) Laura Haney
(17) Laurie Capp
(18) Lora Johnson
(19) Marquietta Lopez
(20) Nickita Barksdale
(21) Paula Subda
(22) Rachel Bello
(23) Robert Cavello

**7.  Benefit Providers (Workers Compensation/Pension Plans/Third Party Administrators)**

(1) Blue Cross Blue Shield of California
(2) Hawaii Medical Service Association (HMSA) - Blue Cross Blue Shield of Hawaii
(3) Insperity, Inc.
(4) Kaiser Permanente
(5) New York Life
(6) New York Life (f/k/a Cigna)
(7) Optum Bank
(8) UnitedHealthcare
(9) UnitedHealthcare Dental
(10) UnitedHealthcare of California
(11) VSP Choice

**8.  Clerk of the Court**

(1) Una O'Boyle

**9.  Committees and Committee Members**

[Unknown at this time]

**10. Non-Debtors Professionals (law firms, accountants, and other professionals)**

(1) Cleary Gottlieb Steen & Hamilton LLP
(2) Holland & Knight LLP
(3) Quinn Emmanuel Urquhart & Sullivan LLP
(4) [UCC Legal]
(5) [UCC Financial]

3

## 11. <u>Contract Counterparties (includes patents and intellectual property)</u>

(1) Abel Commercial Funding
(2) Airbnb, Inc.
(3) American Nation Bank
(4) Alexandra Schieren
(5) A-Lign Assurance
(6) A-Lign Compliance and Security, Inc.
(7) Altabank
(8) American Express Travel Related Services Company, Inc.
(9) Andy Mei
(10) Anthony Gallucci
(11) Apisero, Inc.
(12) Aprio, LLP
(13) Automation Anywhere, Inc.
(14) Azlo Business, Inc.
(15) Bank of Bird in Hand
(16) Become Technological Solutions, Inc.
(17) Better Impression Ltd.
(18) Bhayva Brundavanam
(19) Big Think Capital
(20) Biz2credit
(21) BlackLine Systems, Inc.
(22) Bonduel State Bank
(23) Bradley Wells
(24) Carter Bank & Trust
(25) Catherine Pargeter
(26) Celtic Bank Corporation
(27) CentSai
(28) Cobbs Allen Capital, LLC d/b/a CAC Specialty
(29) CommerceOne Bank
(30) Community Financial Services Bank
(31) Community National Bank
(32) CoreCard Software, Inc.
(33) Credit Suisse
(34) Crestmont Capital, LLC
(35) Cross River Bank
(36) CSC
(37) Cullum Financial LLC d/b/a Walloot
(38) Customer Bank
(39) David Rodin
(40) David Snitkof
(41) David Stein d/b/a Law Office of David Stein d/b/a David Stein Law Group
(42) Daysmart
(43) Debt Settlement Info Bank
(44) Docusign

(45) Dorado Real Estate, Inc d/b/a Host Financial
(46) Dynamic Recovery Solutions, LLC
(47) Endurance International Group, Inc.
(48) East West Bank
(49) Emprise Bank
(50) Erik Goshin
(51) Evangelical Christian Credit Union (ECCU)
(52) Ernst & Young LLP
(53) Farm Credit East, ACA
(54) Farm Credit West, ACA
(55) Federal Reserve
(56) First Florida Credit Union
(57) First National Bank of Syracuse
(58) five9 Inc.
(59) FNBC Bank and Trust
(60) Forensic Risk Alliance Inc.
(61) Fortis Advisors, LLC
(62) Fortis Private Bank
(63) Frank Sauer
(64) Fraz Khalil
(65) GoDaddy.com, LLC
(66) Guggenheim Securities, LLC
(67) Guideline
(68) Guillaume Poirier
(69) Hi Tech Capital
(70) Hyperion Bank
(71) Innovative Funding Solutions, Inc.
(72) Investar Bank, National Association
(73) Investment 360
(74) InscribeAI, Inc.
(75) Insperity
(76) Invariant LLC
(77) iAdvance Now Inc.
(78) James Candalino
(79) James Frohnhofer
(80) Jason Dolinger
(81) Jason Hwa
(82) Jonathan Kelfer
(83) Jones Day
(84) Karrot
(85) KLDiscovery Ontrack, LLC
(86) Kroll Associates, Inc.
(87) Legacy Bank Colorado
(88) Lendio, Inc.
(89) Level Up Funding LLC
(90) LexisNexis Risk Solutions FL Inc.

5

(91) Lexolution, LLC
(92) Liam Von Thien
(93) LIG International LLC
(94) Lincoln and Morgan, LLC
(95) Llano National Bank
(96) Macquarie
(97) Major, Lindsey & Africa
(98) Marqeta, Inc
(99) MasterCard International Incorporated
(100) Matt Burton
(101) Mechanics Bank
(102) Merchant and Manufacturers Bank
(103) Mission Capital d/b/a SBG Funding
(104) Moore Colson & Company, P.C.
(105) MorganFranklin Consulting, LLC
(106) Mountainseed Real Estate Services, LLC
(107) National Check Resolution, Inc.
(108) Natural Intelligence Ltd.
(109) Nicholas DelZingaro
(110) Northern California National Bank
(111) Northwest Farm Credit Services, FLCA
(112) Okta, Inc.
(113) OnCourse Learning d/b/a BankersEdge
(114) Option 1 Partners, LLC
(115) Orchard App, Inc.
(116) P.A.R. Consulting d/b/a US Business Funding
(117) People Bank
(118) PharmaCentra LLC
(119) Prospera Credit Union
(120) Providence Bank
(121) Quick Funding Solutions LLC
(122) Radius Intelligence, Inc.
(123) Redwood Growth Capital, LLC
(124) Red River Bank
(125) ReliaQuest Holdings, LLC
(126) Resource Bank
(127) Salesforce
(128) Sam Zakalik
(129) Sound Point Capital Management, LP
(130) South State Bank
(131) Stericycle Inc.
(132) Strategic Capital
(133) Synovus
(134) The Law Office of Hayes & Welsh
(135) The National Directory of Registered Tax Return Preparers & Professionals Ltd
(136) The Poplar Grove State Bank

(137) The Provident Bank
(138) TransUnion Risk and Alternative Data Solutions, Inc. (TRADS)
(139) Trevelino/Keller and Groovy Studios
(140) TrustArc Inc.
(141) United Capital Source Inc
(142) United Resources Enterprise Corp. d/b/a Brickell Capital Finance
(143) Upwise Capital, LLC
(144) URS Technologies Solutions LLC
(145) Vaco LLC
(146) Venture Lending & Leasing VII, Inc.
(147) Venture Lending & Leasing VIII, Inc.
(148) Visa U.S.A. Inc.
(149) Vital Outsourcing Services, Inc.
(150) Walker Morris
(151) WeTravel, Inc.
(152) Wheaten Financial, Inc.
(153) Xact Data Discovery
(154) Yuhui Yang
(155) Zendesk
(156) Zip Capital Group, LLC
(157) ZMC & Associates LLC

## 12. **Current Officers and Directors (include senior management)**

*Current Officers*

(1) Salim Kafiti
(2) Ian Cox
(3) Holly Loiseau
(4) David Walker
(5) Laquisha Milner
(6) Donna Evans

*Current Directors*

(1) Laquisha Milner
(2) Robin Gregg
(3) Eric Hartz (dba CorporateHartz, LLC)
(4) John Hebert
(5) Lawrence X. Taylor

*Current Independent Manager*

(1) John Hebert

**13. <u>Affiliations of Current Officers and Directors</u>**

(1) American Chemistry Council
(2) Corporation Service Company (CSC)
(3) Solomon's Temple
(4) Vector Solutions
(5) M2 Business Group, LLC
(6) Point Predictive
(7) DRUM Technologies
(8) Roadsync
(9) Lending Science
(10) PadSplit
(11) Emory Goizueta Business School
(12) Nexus Circular
(13) 1847 Holdings
(14) Item 9 Labs
(15) Barrie House Coffee Roasters
(16) CLP Holdings III, LLC
(17) Taylor Strategy Group
(18) National Association of Corporate Directors
(19) Arizona State University
(20) Major Lindsey & Africa
(21) Automatic Data Processing, Inc. (ADP)
(22) Clairvoyant Ventures, LLC
(23) Kafiti Real Estate Group, Inc.
(24) Electrolux AB
(25) Libra Risk Management
(26) Creative Essentials, LLC
(27) National Bar Association Executive Committee, Commercial Law Section
(28) Moore Colson
(29) Magnolia Trust Company

**14. <u>Debtors Professionals (law firms, accountants and other professionals)</u>**

(1) AlixPartners, LLP
(2) Forensic Risk Alliance Inc.
(3) Greenberg Traurig, LLP
(4) Jones Day
(5) KPMG
(6) McGuireWoods LLP
(7) Omni Agent Solutions
(8) Richard Layton & Finger
(9) Weil, Gotshal & Manges LLP

RLF1 28018298V.1

**15. <u>Former Officers and Directors (include senior management if readily available) (3 years)</u>**

(1) Daniel Scott Eidson
(2) Jon Hoffman
(3) Julia McCullough
(4) Kathryn Petralia
(5) Kimberly Withrow
(6) L. Scott Askins
(7) Marc Gorlin
(8) Oneal Bhambani
(9) Robert Frohwein
(10) Spencer Robinson
(11) Troy Deus

**16. <u>Affiliation of Former Officers and Directors (as of last day with company)</u>**

(1) Corporation Service Company
(2) DRUM Technologies, Inc.
(3) Tricolor Auto Group, LLC
(4) PadSplit
(5) Kimberly F. Withrow Law
(6) eCapital Corp.
(7) Bibby Financial Services
(8) American Express
(9) Roadie
(10) Flutterwave
(11) Keep Financial Technologies, Inc.

**17. <u>Insurance/Insurance Provider</u>**

(1) AIG Specialty Insurance Company
(2) Atlantic Specialty Insurance Company
(3) Berkshire Hathaway Specialty Insurance Company
(4) Cobbs Allen Capital, LLC d/b/a CAC Specialty
(5) Endurance American Insurance Company c/o Sompro Pro
(6) Everest National Insurance Company
(7) Marsh USA Inc.
(8) National Union Fire Insurance Company of Pittsburgh, Pa.
(9) QBE Insurance Corporation
(10) XL Specialty Insurance Company

**18. <u>Landlords and Parties to Leases</u>**

(1) 730 Midtown SVP, LLC (Lincoln Property Company)

**19. Lenders, Noteholders, Administrative Agents and Indenture Trustees**

(1) Credit Suisse
(2) Guggenheim
(3) Macquarie
(4) U.S. Bank

**20. List of Secured Creditors**

(1) Reserve Bank of San Francisco

[The Company only has one secured creditor]

**21. 30 Top Unsecured Creditors**

(1) Cross River Bank
(2) Customers Bank
(3) Federal Reserve Bank of San Francisco
(4) U.S. Department of Justice – Civil Division, Commercial Litigation
(5) Federal Trade Commission
(6) Small Business Bureau
(7) American Express Kabbage Inc.
(8) Biz2X LLC
(9) Vital Outsourcing Services Inc.
(10) Vaco LLC
(11) Transunion Risk and Alternative Data Solutions
(12) URS Technologies Solutions LLC
(13) MorganFranklin Consulting, LLC
(14) KLDiscovery Ontrack, LLC
(15) Amazon Webservices
(16) Google LLC
(17) Moore Colson
(18) Major, Lindsey & Africa / Allegis Group Holdings Inc.
(19) RSM US LLP
(20) Goodwin Proctor LLP
(21) Libra Risk Management
(22) Slack Technologies, LLC
(23) Option 1 Partners LLC
(24) Thomas E. Austin Jr., LLC
(25) Box
(26) TKCG, Inc.
(27) Corporation Service Company
(28) Microsoft
(29) Lanier Parking Solutions I, LLC
(30) Jason Carr, Vicki LeMaster, Edward Ford Services LLC, Carlton Morgan¸ 365 Sun LLC
and Candice Worthy, individually and as putative plaintiffs on behalf of the proposed class

22. **Litigation Counterparties/Litigation Pending Lawsuits – includes threatened litigation**

(1) 365 Sun LLC
(2) Alison F. Kanne
(3) Bosco Seungchul Baek
(4) Calvin L. Erby, II
(5) Candice Worthy
(6) Carlton Morgan
(7) Celtic Bank Corporation d/b/a Celtic Bank
(8) Christina R. King
(9) Cole Ratias
(10) Customers Bank
(11) Douglas Biviano
(12) Edward Ford Services, LLC
(13) Eric L. Lifschitz
(14) Eva Merian Spahn
(15) First Home Bank
(16) Florida Veterinary Behavior Service
(17) George Pullen
(18) Greenberg Traurig
(19) Henry Anesthesia Associates, LLC
(20) Holland & Knight, LLP
(21) Jason Russell Carr
(22) Jennifer Pullen
(23) Jeremy Sternberg
(24) John P. Mertens
(25) Joshua Borger
(26) JP Morgan Chase Bank, N.A.
(27) Justin E. Proper
(28) Keith W. Berglund
(29) LaDonna Wiggins
(30) Latoya Clark
(31) Lauren B. Veggian
(32) Law Office of James A. Flanagan
(33) Law Offices of Eric L. Lifschitz
(34) Leslie K. Rinaldi
(35) Lexington National Insurance Corporation
(36) Love Watch Hill & Sailors Haven, Inc.
(37) Luxx Lashes by Lay, LLC
(38) Marco Bell
(39) MaryBeth V. Gibson
(40) Melissa Davis Lowe
(41) Ogier, Rothschild & Rosenfeld P.C.
(42) Pia Hoyt Law Firm
(43) Power Bail Bonds

11

(44) Rice Pugatch Robinson Storfer & Cohen PLLC,
(45) Richard A. Marshack
(46) Richard Storfer
(47) Shulman Bastian Friedman & Bui LLP
(48) SM Novelties
(49) Smooth & EZ Merchant Funding
(50) Squeeze-It Corp.
(51) Strategic Elements, LLC
(52) Tamara Miles Ogier, Chapter 11 Subchapter V Trustee
(53) Tastetunup, LLC
(54) The Berglund Group
(55) The Cardoza Law Corporation
(56) The Finley Firm, P.C
(57) Vicki LeMaster
(58) Wandro & Associates, P.C.
(59) White & Williams, LLP

### 23. <u>Litigation - Governmental Investigations Agencies</u>

(1) U.S. Federal Trade Commission
(2) U.S. Department of Justice – Massachusetts
(3) U.S. Department of Justice – Eastern District of Texas
(4) The Small Business Administration (SBA)
(5) The United States House Representatives Select Subcommittee on the Coronavirus Crisis

### 24. <u>Other Parties in Interest (Notice of Appearance Parties, Ombudsman, any other person or group appointed)</u>

[Unknown at this time]

### 25. <u>Other Professionals</u>

(1) Akin Gump Strauss Hauer & Feld LLP
(2) Bailey Duquette
(3) Dentons US LLP
(4) Davis Polk & Wardwell LLP
(5) Goodwin Procter LLP
(6) Green & Sklartz
(7) Hayes & Welsh
(8) Mandelbaum Salsburg, P.C.
(9) RSM US LLP
(10) Sidley Austin LLP
(11) Thomas E. Austin
(12) Windham Brannon

RLF1 28018298V.1

26. **Regulatory and Government (Federal, State, and Local)**

(1) Delaware Attorney General – Kathy Jennings
(2) Federal Deposit Insurance Corporation
(3) Federal Reserve
(4) Federal Trade Commission
(5) Internal Revenue Service
(6) Office of Foreign Assets Control
(7) Small Business Administration
(8) U.S. Securities and Exchange Commission
(9) United States Attorney for the District of Delaware – David C. Weiss
(10) United States Department of Justice

27. **Significant Customers**

(1) Celtic Bank
(2) Cross River Bank
(3) Customers Bank
(4) HCG (a/k/a Home Capital Group Inc.)
(5) Stone Ridge
(6) FleetCor Technologies, Inc.
(7) Relief Without Borders LLC
(8) SJ Medical PLLC
(9) Go Africa Flobal LLC
(10) Cuisine 365 Mobile Inc
(11) New Legend, Inc
(12) Jlite Motors
(13) Boom Rewards LLC
(14) David Horvath PA
(15) Wiggins & Graham Enterprise LLC
(16) Pink Lady Line
(17) R and L Arcade INC
(18) Potomac Valley Operator LLC
(19) Source Allies, Inc.
(20) European Service at Home Inc
(21) Tigris, LLC
(22) AREPII SA Hotel LLC
(23) Aspen River Candle Company
(24) Big Shot LLC
(25) Wesley Aron Mock LLC
(26) Club One Casino, Inc
(27) Brian Bui Inc
(28) repairo llc
(29) California Freight Solutions Corp
(30) Torque Power Equipment Repairs
(31) PG Medical Lab

13

(32) Energy Efficient Construction Solutions
(33) Trusted Communications LLC
(34) Horizon 5 Lakes LLC
(35) Wingfield Leigh Industries, Inc
(36) Allegro School, Inc.
(37) Dog Training With Mario Holland LLC
(38) A One Roof Management and Construction, INC.
(39) Koger Industrial Staffing, LLC
(40) Provident Investment Realty, LLC
(41) Flair Group Inc
(42) Rex Therapeutics LLC
(43) IMR Contracting Corp
(44) Gods Anointed Youth Ministry
(45) Showtime on the Piers, LLC.
(46) Summit Truck Line
(47) K Weaver Properties LLC
(48) Ences Services Inc
(49) Federal Credit Union
(50) Heart Living Centers of Colorado, LLC
(51) Agee Construction Corporation
(52) 1 Ponce de Leon LLC
(53) Bustro Inc
(54) Francis Joseph Capital Inc
(55) DataSync Inc
(56) SMELifestyle, inc
(57) Crown Management Services, LLC
(58) SUITE Media Productions & Management LLC
(59) Gourmet Nut Inc
(60) Propel Opportunity Fund Inc.
(61) Keystrokes Transcription Service Inc
(62) E. Mishan & Sons
(63) Russell Road Food and Beverage LLC

## 28. **Significant Shareholders (more than 5% of equity)**

(1) Softbank Vision Fund (AIV M2) L.P.
(2) Blue Run Ventures IV, L.P.
(3) Thomvest Ventures Ltd.
(4) MDV Ix, L.P. c/o Mohr Davidow Ventures
(5) SoftBank PriceVille Investments, L.P.

## 29. **Taxing Authorities (Federal, State, and Local; trust fund, use property, franchise, sales)**

(1) Alabama Department of Revenue
(2) California Franchise Tax Board

14

(3) Georgia Department of Revenue
(4) Internal Revenue Service
(5) North Carolina Department of Revenue
(6) New York State Department of Finance
(7) New York City Department of Finance
(8) Pennsylvania Department of Revenue

### 30. UCC Search Results/UCC Lien Search Results

(1) CHTD Company
(2) CIT
(3) CIT Bank, N.A.
(4) Cross River Bank
(5) CSC
(6) Direct Capital Corporation
(7) Federal Reserve Bank of San Francisco
(8) Financial Agent Services
(9) Fulton County, Georgia Tax Commissioner
(10) Secured Lender Solutions, LLC
(11) U.S. Bank
(12) Wilmington Savings Fund Society, FSB

### 31. Unions

N/A

### 32. United States Attorney's Office for the District of Delaware

(1) David C. Weiss

### 33. United States Trustee and Staff for the District of Delaware

(1) Andrew R. Vara
(2) Joseph McMahon
(3) David Buchbinder
(4) Linda Casey
(5) Joseph Cudia
(6) Timothy J. Fox, Jr.
(7) Benjamin Hackman
(8) Jane Leamy
(9) Hannah M. McCollum
(10) Linda Richenderfer
(11) Juliet Sarkessian
(12) Richard Schepacarter
(13) Rosa Sierra-Fox
(14) Lauren Attix

RLF1 28018298V.1

(15) Shakima L. Dortch
(16) Christine Green
(17) Ramona Harris
(18) Angelique Okita
(19) Edith A. Serrano
(20) Dion Wynn
(21) Denis Cooke
(22) Holly Dice
(23) Nyanquoi Jones
(24) James R. O'Malley
(25) Michael Panacio
(26) Diane Giordano

**34. Utility Providers/Utility Brokers**

(1) Cogent Communications, Inc.
(2) Five9 Inc.

**35. Vendors/Suppliers (includes critical, foreign, common carrier, shippers, warehousemen, customs duties, brokers charges, facilities provider, etc.)**

(1) A-Lign
(2) Allegis Group Holdings Inc
(3) American Express Kabbage Inc.
(4) Biz2X LLC
(5) BlackLine Systems, Inc.
(6) Box
(7) DataBricks
(8) Five9
(9) Fusion Cloud Services LLC
(10) Google Duo
(11) Google Workspace
(12) HP Holdings, Inc. (dba Invariant LLC)
(13) InscribeAI, Inc.
(14) KLDiscovery Ontrack, LLC
(15) Kroll Associates, Inc.
(16) Lexolution
(17) Libra Risk Management
(18) MLA
(19) Moore Colson
(20) MorganFranklin Consulting, LLC
(21) Option 1 Partners LLC
(22) ReliaQuest Holdings, LLC
(23) Salesforce.com
(24) Sage Intacct, Inc.
(25) Slack

16

(26) TLO
(27) Transunion Risk and Alternative Data Solutions
(28) URS Technologies Solutions LLC
(29) Vaco LLC
(30) Vital Outsourcing Services Inc.
(31) Willis Towers Watson US LLC
(32) Zendesk

RLF1 28018298V.1

**Exhibit 2**

**Disclosure Schedule**

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| AIG Specialty Insurance Company | Insurance/Insurance Provider | **Affiliate or Subsidiary of Current Client** |
| AlixPartners, LLP | Debtors Professionals | **Current Client** |
| Atlantic Specialty Insurance Company | Insurance/Insurance Provider | **Related to Current Client** |
| Amazon Web Services | Top Unsecured Creditors | **Related to Current Client** |
| Berkshire Hathaway Specialty Insurance Company | Insurance/Insurance Provider | **Related to Former Client** |
| Cobbs Allen Capital, LLC d/b/a CAC Specialty | Insurance/Insurance Provider<br><br>Contract Counterparties | **Current Client** |
| Credit Suisse[1] | Contract Counterparties<br><br>Lenders, Noteholders, Administrative Agents and Indenture Trustees | **Current Client** |
| Ernst & Young LLP | Contract Counterparties | **Affiliate or Subsidiary of Former Client** |
| Fleetcor Technologies, Inc. | Significant Customers | **Related to Current Client** |
| Fortis Advisors, LLC<br><br>Fortis Private Bank | Contract Counterparties | **Current Client** |
| Fusion Cloud Services LLC | Vendors / Suppliers | **Current Client** |
| Guggenheim Securities, LLC | Contract Counterparties<br><br>Lenders, Noteholders, Administrative Agents and Indenture Trustees | **Current Client** |
| JP Morgan Chase Bank, N.A. | Litigation Counterparties / Litigation Pending Lawsuits | **Current Client** |
| Kaiser Permanente | Benefit Providers | **Affiliate or Subsidiary of Current Client** |
| Kroll Associates, Inc. | Contract Counterparties<br><br>Vendors/Suppliers | **Affiliate or Subsidiary of Current Client** |

---

[1] Weil previously represented Credit Suisse as agent in connection with a warehouse lending facility with one or more of the Debtors.  The facility was repaid in November 2019.  Since that time, the Debtors have done no further work for Credit Suisse on that matter.

18

| Matched Entity | Relationship to Debtors | Relationship to Weil |
|---|---|---|
| LexisNexis Risk Solutions FL Inc. | Contract Counterparties | **Affiliate or Subsidiary of Current Client** |
| Macquarie | Contract Counterparties<br><br>Lenders, Noteholders, Administrative Agents and Indenture Trustees | **Affiliate or Subsidiary of Current Client** |
| Marsh USA Inc. | Insurance/Insurance Provider | **Affiliate or Subsidiary of Current Client** |
| MasterCard International Incorporated | Contract Counterparties | **Current Client** |
| Microsoft | Top 30 Unsecured Creditors | **Current Client** |
| National Union Fire Insurance Company of Pittsburgh, Pa. | Insurance/Insurance Provider | **Current Client** |
| QBE Insurance Corporation | Insurance/Insurance Provider | **Related to Current Client** |
| Softbank Vision Fund (AIV M2) L.P.<br><br>SoftBank PrinceVille Investments, L.P. | Significant Shareholders | **Affiliate or Subsidiary of Current Client** |
| Stone Ridge | Banks – Servicing<br><br>Significant Customers | **Affiliate or Subsidiary of Current Client** |
| U.S. Bank | Lenders, Noteholders, Administrative Agents and Indenture Trustees<br><br>UCC Search Results/UCC Lien Search Results | **Current Client** |
| U.S. Department of Justice | Top Unsecured Creditors | **Related to Current Client** |
| U.S. Department of Justice – Eastern District of Texas | Litigation - Governmental Investigations Agencies | **Related to Current Client** |
| U.S. Department of Justice - Massachusetts | Litigation - Governmental Investigations Agencies | **Related to Current Client** |
| Visa U.S.A. Inc. | Contract Counterparties | **Affiliate or Subsidiary of Current Client** |
| Willis Towers Watson US LLC | Vendors/Suppliers | **Current Client** |
| XL Specialty Insurance Company | Insurance/Insurance Provider | **Affiliate or Subsidiary of Current Client** |

19

**Exhibit 3**

**Summary of Payments**

| Invoice Date | Invoice # | Description | Transaction Type | Billings | | | | Payments | | | Fee Advance Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Fees | Costs | Fee Advance Requests | Total Fees & Costs Billed | Payment Type | Payment Date | Payment Received | |
| | | | | | | | | | | | $500,000.00 |
| 07/08/22 | 2022007984 | Through 6/14/2022 | Bill | $487,031.50 | $5,027.59 | | $492,059.09 | Wire | 07/14/22 | $492,059.09 | $500,000.00 |
| | | | | | | | | | | | |
| 07/20/22 | 2022008380 | Through 6/30/2022 | Bill | $498,645.50 | $727.47 | | $499,372.97 | Wire | 07/21/22 | $499,372.97 | $500,000.00 |
| | | | | | | | | | | | |
| 07/22/22 | 2022008634 | | Fee Advance | | | $300,000.0 | | Wire | 07/28/22 | $300,000.00 | $800,000.00 |
| | | | | | | | | | | | |
| 07/29/22 | 2022009002 | Through 7/28/22 | Bill | $781,506.50 | $4,805.85 | $786,312.35 | $786,312.35 | Fee Advance Application | 07/29/22 | $786,312.35 | $13,687.65 |
| | | | Fee Advance | | | | | Wire | 08/05/22 | $786,312.35 | $800,000.00 |
| | | | | | | | | | | | |
| 08/16/22 | 2022009635 | Through 8/12/22 | Bill | $791,583.00 | $6,249.75 | $797,832.75 | $797,832.75 | Fee Advance Application | 08/16/22 | $797,832.75 | $2,167.25 |
| | | | Fee Advance | | | $100,000.00 | | Wire | 08/19/22 | $100,000.00 | $102,167.25 |
| | | | | | | | | Wire | 08/19/22 | $797,832.75 | $900,000.00 |
| | | | | | | | | | | | |
| 08/31/22 | 2022010431 | Through 8/31/22 | Bill | $813,743.50 | $3,508.35 | $817,251.85 | $817,251.85 | Fee Advance Application | 08/31/22 | $817,251.85 | $82,748.15 |
| | | | Fee Advance | | | | | Wire | 09/01/22 | $817,251.85 | $900,000.00 |
| | | | | | | | | | | | |
| 09/14/22 | 2022010848 | Through 9/14/22 | Bill | $698,347.00 | $1,021.54 | $699,368.54 | $699,368.54 | Fee Advance Application | 09/14/22 | $699,368.54 | $200,631.46 |
| | | | Fee Advance | | | | | Wire | 09/15/22 | $699,368.54 | $900,000.00 |
| | | | | | | | | | | | |
| 09/26/22 | 2022011413 | Through 9/23/22 | Bill | $756,138.50 | $2,623.58 | $758,762.08 | $758,762.08 | Fee Advance Application | 09/26/22 | $758,762.08 | $141,237.92 |
| | | | Fee Advance | | | | | Wire | 09/28/22 | $758,762.08 | $900,000.00 |
| | | | | | | | | | | | |
| 09/29/22 | 2022011753 | Through 9/28/22 | Bill | $500,809.00 | $14,086.00 | $514,895.00 | $514,895.00 | Fee Advance Application | 09/29/22 | $514,895.00 | $385,105.00 |
| | | | Fee Advance | | | | | Wire | 09/29/22 | $514,895.00 | $900,000.00 |
| | | | | | | | | | | | |
| 10/03/22 | 2022011878 | Through 9/30/22 | Bill | $367,875.00 | $158.50 | $368,033.50 | $368,033.50 | Fee Advance Application | 10/03/22 | $368,033.50 | $531,966.50 |
| | | | Fee Advance | | | | | Wire | 10/03/22 | $368,033.50 | $900,000.00 |
| 10/03/22 | 2022011922 | Through 10/3/22 | Bill | $409,197.00 | $0.00 | $409,197.00 | $409,197.00 | Fee Advance Application | 10/03/22 | $409,197.00 | $490,803.00 |

**Exhibit B**

**Loiseau Declaration**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re                                        :      **Chapter 11**
                                             :
**KABBAGE, INC. d/b/a KSERVICING**, *et al.*, :      **Case No. 22-10951 (      )**
                                             :
                                             :
          Debtors.[1]                        :      **(Joint Administration Requested)**
---------------------------------------------------------- x

## DECLARATION OF HOLLY LOISEAU IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEY FOR DEBTORS EFFECTIVE AS OF PETITION DATE

Pursuant to 28 U.S.C. § 1746, I, Holly Loiseau, hereby declare as follows:

1.      I am the General Counsel and Secretary of Kabbage, Inc. d/b/a KServicing ("**KServicing**" or the "**Company**")).  In my current role, I am responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

2.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  I submit this declaration (the "**Declaration**") in support of the Application (the "**Application**")[2] of KServicing and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

"**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for authority to retain and employ Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), as attorneys for the Debtors effective as of the Petition Date.

3.       This Declaration is provided pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**").   Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as General Counsel and Secretary for the Debtors.   I am authorized to submit this Declaration on behalf of the Debtors.

4.       The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that their bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements.   The Debtors engaged Weil in April 2022 to advise the Debtors in connection with exploring strategic options to address concerns with the Debtors' operations, pending litigations, and disputes with key stakeholders.   The Debtors chose Weil based upon Weil's reputation and experience in the restructuring field, upon the Debtors' particular circumstances, and upon discussions with Weil's attorneys who were proposed to work on this matter.

5.       Weil has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a

2

non-bankruptcy engagement.  Weil has advised me that its current customary U.S. hourly rates are $1,250.00 to $1,950.00 for partners and counsel, $690.00 to $1,200.00 for associates and $275.00 to $495.00 for paraprofessionals.  It is my understanding that Weil reviews and adjusts its billing rates annually. Weil has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

6.      I am informed by Weil that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms.  To the extent that there is any disparity in such rates, however, I nevertheless believe that Weil's retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

7.      I understand that Weil's fees and expenses will be subject to periodic review on a monthly, interim, and final basis, as applicable, during the pendency of these Chapter 11 Cases by, among other parties, the Office of the United States Trustee, and the Debtors, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and order of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

8.      As General Counsel and Secretary, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel.  I review the Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In so doing, I assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors' and their estates.  The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy matters.  Moreover, Weil has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to

3

the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Weil.

9.      Weil and the Debtors are in the process of developing a prospective budget and staffing plan for the first interim period of these Chapter 11 Cases.  The Debtors recognize that in a large chapter 11 case such as this, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and Weil.  The Debtors also recognizes that it is their responsibility to monitor closely the billing practices of Weil and its other counsel to ensure that fees and expenses paid by the estates remain consistent with the Debtors' expectations, taking into account the exigencies of these Chapter 11 Cases.  To that end, the Debtors will continue to review and monitor the regular invoices submitted by Weil, and, together with Weil, will periodically amend the budgets and staffing plans to reflect developments in these cases as applicable.

10.      As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during these Chapter 11 Cases and ensure that the Debtors are an active participants in that process.  Recognizing that every chapter 11 case is unique, the Debtors, together with Weil, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

4

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated:  October 3, 2022

**KABBAGE, INC. d/b/a KSERVICING** *et al.*
(on behalf of itself and each of its affiliated Debtors)


*/s/ Holly Loiseau* _____
Name:  Holly Loiseau
Title:    General Counsel and Secretary

**Exhibit C**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------- x

In re                                                      :    **Chapter 11**
                                                           :
**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,             :    **Case No. 22-10951 (        )**
                                                           :
                                                           :
Debtors.[1]                                               :    **(Jointly Administered)**

-------------------------------------------------------- x

### ORDER AUTHORIZING RETENTION AND
### EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS
### ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE

Upon the application, dated October 3, 2022 (the "**Application**"),[2] of Kabbage, Inc.

d/b/a KServicing *et. al.* and its debtor affiliates, as debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections

327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules

2014-1 and 2016-1 authorizing the Debtors to retain and employ Weil, Gotshal & Manges LLP

("**Weil**") as attorneys for the Debtors, effective as of the Petition Date, all as more fully set forth

in the Application; and upon the consideration of the Schrock Declaration and the Loiseau

Declaration; and the Court being satisfied, based on the representations made in the Application

and the Schrock Declaration, that Weil is "disinterested" as such term is defined in section 101(14)

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required

under section 327(a) of the Bankruptcy Code, and that Weil represents no interest adverse to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to  consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Weil as their attorneys on the terms and conditions set forth in the Application and the Schrock Declaration, effective as of the Petition Date.

3.      Weil is authorized to render the following professional services:

a       take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalves, the defense of any actions commenced against the Debtors, the negotiation of disputes

in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

b     prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

c     take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

d     take all necessary actions to protect and preserve the value of the Debtors' estates and all related matters; and

e     perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; *provided*, *however*, that, to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead Debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

4.     Weil shall be compensated in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to, sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Weil shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the Fee Guidelines.

5.     Weil shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

6.     Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7.     Weil shall first apply the Fee Advance in satisfaction of its prepetition invoice, and any balance of the Fee Advance shall be treated as an evergreen retainer and shall be

3

held by Weil as security throughout the Debtors' Chapter 11 Cases until Weil's fees and expenses are awarded and payable to Weil on a final basis.

8.      Weil shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these Chapter 11 Cases in connection with any increase of the hourly rates listed in the Schrock Declaration.

9.      Notwithstanding the applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     To the extent there is any inconsistency between this Order and the Application, the provisions of this Order shall govern.

11.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

4