**<u>EXHIBIT A</u>**

**Application**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

----------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **KABBAGE, INC. d/b/a KSERVICING**, *et al.*, | : | **Case No. 22-10951 (CTG)** |
| | : | |
| | : | **(Jointly Administered)** |
| | : | |
| Debtors.[1] | : | Objection Deadline: TBD |
| | : | Hearing Date: TBD |

----------------------------------------------------------- x

### APPLICATION OF DEBTORS TO RETAIN AND EMPLOY
### RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO
### THE DEBTORS EFFECTIVE AS OF PETITION DATE

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully move and represent as follows in support of this application (the "**Application**"):

### Relief Requested

1.      By this Application, the Debtors request, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), that the Court authorize the employment and retention of Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel to the Debtors effective as of the Petition Date (as defined below).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

2.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").  The Debtors submit the declaration of Daniel J. DeFranceschi, a director of RL&F, which is attached hereto as **Exhibit B** (the "**DeFranceschi Declaration**") and the declaration of Holly Loiseau, the General Counsel of the Debtors, which is attached hereto as **Exhibit C** (the "**Loiseau Declaration**").

## Jurisdiction and Venue

3.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.     On October 3, 2022 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

5.     Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above-captioned case.

6.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13] (the "**First Day Declaration**") filed on the Petition Date.

## Scope of Services

7.    The Debtors require RL&F to render a variety of legal services during the pendency of these Chapter 11 Cases and to assist the Debtors in addressing the myriad issues that may arise.  Subject to further order of the Court, the Debtors request the employment and retention of RL&F to render professional services, including, but not limited to:

a.    Assisting in pre-bankruptcy preparation and planning;

b.    assisting in preparing necessary petitions, motions, applications, answers, orders, reports, and papers necessary to commence these Chapter 11 Cases;

c.    advising the Debtors of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

d.    taking all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors in the Chapter 11 Cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

e.    assisting with any sale or sales of assets, including preparing any necessary motions and papers related thereto;

f.    assisting in preparing the Debtors' disclosure statement and any related motions, pleadings, or others documents necessary to solicit votes on any plan of reorganization;

g.    assisting in preparing the Debtors' chapter 11 plan;

h.    prosecuting on behalf of the Debtors any proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

i.    performing all other necessary legal services in connection with the prosecution of these Chapter 11 Cases.

8.      In addition to the services set forth in paragraphs 7(a) through 7(i) above, RL&F may perform all other services assigned to it by the Debtors, in consultation with Weil, Gotshal & Manges LLP ("**Weil**"), the Debtors' restructuring co-counsel.  To the extent RL&F determines that such services fall outside of the scope of services historically or generally performed by RL&F as co-counsel in a bankruptcy case, RL&F will file a supplemental declaration.

## Basis for Relief

9.      Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."  11 U.S.C. § 327(a).  Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C § 328(a).

10.      The Debtors believe that RL&F is well qualified to represent them in their bankruptcy cases in an efficient and timely manner.  The Debtors have selected RL&F as their bankruptcy co-counsel because of, among other things, (i) the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, (ii) its expertise, experience, and knowledge in practicing before this Court, (iii) its proximity to the Court, and (iv) its ability to respond quickly to emergency hearings and other emergency matters.  RL&F's services will enable the Debtors to execute faithfully their duties as debtors in possession.

11.     To that end, RL&F has stated its desire and willingness to act in these Chapter 11 Cases and to render the necessary professional services as co-counsel to the Debtors.

12.     In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ (i) Weil, as general restructuring counsel; (ii) Omni Agent Solutions, Inc., as claims and notice agent and administrative agent; and (iii) AlixPartners, LLP, as financial advisor.  The Debtors may also file applications to employ additional professionals. The Debtors understand the division of responsibilities among these professionals and intend to monitor carefully these and any other retained professionals to ensure a clear delineation of their respective duties and roles to prevent duplication of effort.  The Debtors recognize that efficient coordination of efforts among the Debtors' professionals will greatly add to the effective administration of these Chapter 11 Cases.

## Professional Compensation

### A.  Professional Fees

13.     The Debtors understand that RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.   In that regard, the Debtors and RL&F are developing a prospective budget and staffing plan in a reasonable effort to comply with any requests for information and additional disclosures that may be made by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").  Subject to the foregoing, the Debtors propose to pay RL&F its customary hourly rates in effect from time to time as set forth in the DeFranceschi Declaration.  The Debtors submit that these rates are reasonable.

14.     RL&F's current hourly rates for matters related to these Chapter 11 Cases are expected to be within the following ranges:

| Position | Range of Hourly Rates |
| --- | --- |
| Directors | $850 to $1,300 an hour |
| Counsel | $725 to $750 an hour |
| Associates | $425 to $700 an hour |
| Paraprofessionals | $315 an hour |

15.     The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

| | | |
| --- | --- | --- |
| a. | Daniel J. DeFranceschi | $1,100 per hour |
| b. | Amanda R. Steele | $875 per hour |
| c. | Zachary I. Shapiro | $850 per hour |
| d. | Matthew P. Milana | $600 per hour |
| e. | Huiqi Liu | $475 per hour |
| f. | M. Lynzy McGee | $315 per hour |

16.     The Debtors understand that RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.    Hourly rates vary with the experience and seniority of the individuals assigned.    These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.

17.     Other than the periodic adjustments described above, RL&F's hourly rates of its attorneys and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein. The Debtors understand that these hourly rates are consistent with the rates that RL&F charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case, and are not significantly different from the rates that RL&F charges in non-bankruptcy representations. None of RL&F's professionals included in this engagement have varied their rate based on the geographic location of these Chapter 11 Cases.    Notwithstanding the consistent hourly rates,

6

RL&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiency that may appear before billing.

18.     Prior to the Petition Date, the Debtors made total retainer payments to RL&F in the amount of $235,428 (the "**Retainer**").  The Retainer was utilized as a retainer to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in connection with, the Debtors' restructuring and the commencement of these Chapter 11 Cases.  The Debtors propose that the remainder of the Retainer paid to RL&F and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by RL&F as security throughout these bankruptcy cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

19.     Given the extensive nature of the services that RL&F will provide to the Debtors, the retention of RL&F under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the reorganization of the Debtors.

20.     Other than as set forth in the DeFranceschi Declaration, no arrangement is proposed between the Debtors and RL&F for compensation to be paid in these Chapter 11 Cases. RL&F has informed the Debtors that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**B.  Expenses**

21.     The Debtors understand that it is RL&F's policy to charge its clients in all areas of practice for all expenses incurred in connection with clients' cases.  The expenses charged to clients include, among other things, long-distance telephone charges, regular mail, and express mail charges, special or hand delivery charges, document processing charges,

printing and photocopying charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and certain other overtime. RL&F will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by the Local Rules. The Debtors understand that it is RL&F's belief that it is fair to charge these expenses to the client incurring them instead of increasing hourly rates and spreading these expenses among all clients.

### **RL&F's Disinterestedness**

22.    To the best of the Debtors' knowledge and except as is disclosed in the DeFranceschi Declaration: (a) RL&F is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtors' estates; and (c) neither RL&F, nor any attorney (including any director, counsel or associate) of RL&F, currently represents, or has in the past represented, or has any connection with, the potential parties in interest set forth on **Exhibit 3** to the DeFranceschi Declaration.

23.    RL&F will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### **Bankruptcy Rule 5002**

24.    As set forth in the DeFranceschi Declaration, and except as described therein, no director, counsel, or associate of RL&F is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the United States Trustee assigned to these Chapter 11 Cases or any other employee of the United

States Trustee that would render RL&F's retention in these Chapter 11 Cases improper under Bankruptcy Rule 5002.  Accordingly, the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

### Notice

25.     Notice of this Application has been or will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c)  the Federal Reserve; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors believe that no further notice is required.

### No Prior Request

26.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 4, 2022
        Atlanta, Georgia

                                        **KABBAGE, INC. d/b/a KSERVICING** *et al.*
                                        (on behalf of itself and each of its affiliated Debtors)


                                        */s/ Holly Loiseau*
                                        Name:  Holly Loiseau
                                        Title:   General Counsel

RLF1 27977256v.2

**<u>Exhibit A</u>**

**Proposed Retention Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                            :    **Chapter 11**
                                                 :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,    :    **Case No. 22-10951 (CTG)**
                                                 :
                                                 :
          **Debtors.**[1]                        :    **(Jointly Administered)**
------------------------------------------------------------ x

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF PETITION DATE

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for employment and retention of Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel for the Debtors effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016(a) and Local Rule 2014-1, all as more fully described in the Application; and upon consideration of the First Day Declaration and the DeFranceschi Declaration; and due and proper notice of the Application having been given; and having determined that no other or further notice of the Application is required; and having determined that this Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing, if any, having been held to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the DeFranceschi Declaration and the record of the Hearing, if any; and having found that RL&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and that RL&F has the capability and experience to provide the services described in the Application; and it appearing that the employment of RL&F is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain RL&F as co-counsel to the Debtors on the terms and conditions set forth in the Application and the DeFranceschi Declaration effective as of the Petition Date.

3.      RL&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  RL&F shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with any interim and/or final fee application(s) to be filed by RL&F in these Chapter 11 Cases.

4.      RL&F shall, to the extent it has not previously done so, first apply the Retainer to all prepetition invoices and, thereafter, any remaining balance of the Retainer shall be held by RL&F as security throughout the Debtors' Chapter 11 Cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.

5.      No agreement or understanding exists between RL&F and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with the Chapter 11 Cases, nor shall RL&F share or agree to share compensation received for services rendered in connection with the Chapter 11 Cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

6.      Notwithstanding anything in the Application to the contrary, RL&F shall (i) to the extent that RL&F uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in the Chapter 11 Cases, pass-through the cost of such Contractors at the same rate that RL&F pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts check as required for RL&F; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

7.      Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of RL&F, RL&F shall not seek reimbursement of expenses for office supplies.

8.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

RLF1 27977256v.2

3

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. In the event of any inconsistency between the Application, the DeFranceschi Declaration, and this Order, this Order shall govern.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**<u>Exhibit B</u>**

**DeFranceschi Declaration**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re                                           :       **Chapter 11**
                                                :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,   :       **Case No. 22-10951 (CTG)**
                                                :
                                                :
Debtors.[1]                                     :       **(Jointly Administered)**

---------------------------------------------------------- x

### DECLARATION OF DANIEL J. DEFRANCESCHI
### IN SUPPORT OF APPLICATION
### OF DEBTORS TO RETAIN AND EMPLOY
### RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO
### THE DEBTORS EFFECTIVE AS OF PETITION DATE

I, Daniel J. DeFranceschi, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am an attorney admitted to practice in the State of Delaware and before this Court, and a director of the firm of Richards, Layton & Finger, P.A. ("**RL&F**").  RL&F is a Delaware law firm with offices at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801.

2.      I submit this declaration in support of the foregoing application (the "**Application**")[2] to provide certain disclosures in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.  To the extent that any information disclosed herein requires amendment or modification upon RL&F's completion of further analysis, or as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

additional information becomes available to it, a supplemental affidavit or declaration will be submitted to the Court.

3.     RL&F has extensive experience in the field of debtors' and creditors' rights and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code and expertise, experience, and knowledge practicing before this Court.  RL&F's proximity to the Court enables RL&F to respond quickly to emergency hearings and other emergency matters before this Court.

4.     RL&F has been actively involved in major chapter 11 cases and has represented debtors in many cases, including recently:  *In re GenapSys, Inc.*, Case No. 22-10621 (BLS) (Bankr. D. Del. Aug. 17, 2022); *In re Enjoy Tech., Inc.*, Case No. 22-10580 (JKS) (Bankr. D. Del. Aug. 1, 2022); *In re Ruby Pipeline, L.L.C.*, Case No. 22-10278 (CTG) (Bankr. D. Del. May 24, 2022); *In re Alpha Latam Management, LLC*, Case No. 21-11109 (JKS) (Bankr. D. Del. Sept. 15, 2021); *In re TECT Aerospace Group Holdings, Inc.*, Case No. 21-10670 (Bankr. D. Del. May 5, 2021); *In re Mallinckrodt plc*, Case No. 20-12522 (JTD) (Bankr. D. Del. Nov. 19, 2020); *In re Energy Alloy Holdings, LLC*, Case No. 20-12088 (MFW) (Bankr. D. Del. Oct. 9, 2020); *In re Shiloh Industries, Inc.*, Case No. 20-12024 (LSS) (Bankr. D. Del. Aug. 30, 2020); *In re Brooks Brothers Grp., Inc.*, Case No. 20-11785 (CSS) (Bankr. D. Del. Aug. 19, 2020); *In re Exide Holdings, Inc.*, Case No. 20-11157 (CSS) (Bankr. D. Del. June 25, 2020); *In re The Hertz Corp.*, Case No. 20-11218 (MFW) (Bankr. D. Del. June 24, 2020); *In re Longview Power, LLC*, Case No. 20-10951 (BLS) (Bankr. D. Del. May 18, 2020); *In re Rentpath Holdings, Inc.*, Case No. 20-10312 (BLS) (Bankr. D. Del. Mar. 10, 2020).

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

5.      On or about September 9, 2022, the Debtors formally engaged RL&F in connection with their restructuring efforts.  In providing prepetition professional services to the Debtors, RL&F has become familiar with the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters. Having provided such professional services to the Debtors, RL&F has gained familiarity with the Debtors and their business that will assist it in providing effective and efficient services in these Chapter 11 Cases. Accordingly, RL&F is both well qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

6.      RL&F understands that the Debtors are seeking to employ (i) Weil, Gotshal & Manges LLP ("**Weil**"), as general restructuring counsel; (ii) Omni Agent Solutions, Inc., as claims and notice agent and administrative agent; and (iii) AlixPartners, LLP, as financial advisor.  RL&F also understands that the Debtors intend to monitor carefully these and any other retained professionals to ensure a clear delineation of their respective duties and roles so as to prevent duplication of effort.  RL&F recognizes that efficient coordination of efforts among the Debtors' professionals will greatly add to the effective administration of these Chapter 11 Cases.

## Services to be Provided

7.      The Debtors require RL&F to render a variety of legal services during the pendency of these Chapter 11 Cases and to assist the Debtors in addressing the myriad issues that may arise.  Subject to further order of the Court, the Debtors request the employment and retention of RL&F to render professional services, including, but not limited to:

a.      Assisting in pre-bankruptcy preparation and planning;

b.      assisting in preparing necessary petitions, motions, applications, answers, orders, reports, and papers necessary to commence these Chapter 11 Cases;

c.      advising the Debtors of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

d.      taking all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors in the Chapter 11 Cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

e.      assisting with any sale or sales of assets, including preparing any necessary motions and papers related thereto;

f.      assisting in preparing the Debtors' disclosure statement and any related motions, pleadings, or others documents necessary to solicit votes on any plan of reorganization;

g.      assisting in preparing the Debtors' chapter 11 plan;

h.      prosecuting on behalf of the Debtors any proposed plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

i.      performing all other necessary legal services in connection with the prosecution of these Chapter 11 Cases.

8.      In addition to those services set forth in paragraphs 7(a) through 7(i) above, RL&F may perform other services assigned by the Debtors, in consultation with Weil. To the extent RL&F determines that such services, including those services set forth in paragraph 7(i) above, fall outside of the scope of services historically or generally performed by RL&F as counsel in a bankruptcy case, RL&F will file a supplemental declaration. RL&F has and will continue to work closely with the Debtors' other professionals, including Weil, to prevent any duplication of efforts in the course of advising the Debtors. RL&F is willing and able to act in the Debtors' cases and render the necessary professional services as bankruptcy co-counsel to the Debtors on the terms described herein, and subject itself to the jurisdiction of the Court.

**Professional Compensation**

9.      Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, RL&F intends to apply for compensation for professional services rendered in connection with the Chapter 11 Cases, plus reimbursement of actual, necessary expenses and other charges incurred by RL&F during the Debtors' bankruptcy cases.

10.      RL&F's current hourly rates for matters related to these Chapter 11 Cases are expected to be within the following ranges:

| Position | Range of Hourly Rates |
| --- | --- |
| Directors | $850 to $1,300 an hour |
| Counsel | $725 to $750 an hour |
| Associates | $425 to $700 an hour |
| Paraprofessionals | $315 an hour |

11.      The principal professionals and paraprofessionals designated to represent the Debtors and their current standard hourly rates are as follows:

| | | |
| --- | --- | --- |
| a. | Daniel J. DeFranceschi | $1,100 per hour |
| b. | Amanda R. Steele | $875 per hour |
| c. | Zachary I. Shapiro | $850 per hour |
| d. | Matthew P. Milana | $600 per hour |
| e. | Huiqi Liu | $475 per hour |
| f. | M. Lynzy McGee | $315 per hour |

12.      RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.  Other than these potential periodic adjustments, RL&F does not expect any changes during the pendency of these Chapter 11 Cases.

Notwithstanding the consistent hourly rates, RL&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiencies that may appear before billing.

13.     RL&F has not shared or agreed to share any of its compensation received from the Debtors with any other persons, except as permitted by section 504 of the Bankruptcy Code.

14.     The Debtors do not owe RL&F any amount for services rendered or expenses incurred prior to the Petition Date, and thus RL&F is not a prepetition creditor of the Debtors.

15.     In addition, consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, I submit the following information:

   a.     RL&F did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

   b.     None of RL&F's professionals, included in this engagement, have varied their rate based on geographic location for these Chapter 11 Cases;

   c.     RL&F has advised the Debtors in connection with their restructuring efforts and in contemplation of these Chapter 11 Cases since on or about September 9, 2022. The billing rates, except for RL&F's standard and customary periodic rate adjustments as set forth above, and material financial terms have not changed postpetition from the prepetition arrangement; and

   d.     RL&F, in conjunction with the Debtors, is developing a prospective budget and staffing plan for these Chapter 11 Cases.

16.     It is RL&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, regular mail, and express mail charges, special or hand delivery charges, document processing charges, printing/photocopying charges, travel expenses, expenses for

"working meals," computerized research charges, transcription costs as well as non-ordinary overhead expenses such as secretarial and other overtime. RL&F will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by this Court. RL&F believes that it is reasonable and fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

### Evergreen Retainer

17.    Prior to the Petition Date, RL&F received total payments from the Debtors in the amount of $235,428 (the "**Retainer**") to serve as a retainer and to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in connection with, the Debtors' restructuring and the commencement of these chapter 11 cases. Prior to the Petition Date, RL&F drew down the entirety of the Retainer (the "**Draw Down Amount**") for fees and expenses actually incurred and anticipated to be incurred through the Petition Date. Thus, at the time of filing these Chapter 11 Cases, the Retainer had a zero balance. RL&F intends to promptly complete a final accounting of all amounts actually incurred as fees and expenses prior to the Petition Date. To that end, RL&F also intends to complete a true-up against the Draw Down Amount and credit back to the Retainer the excess amounts, if any, with all such amounts to be held as an evergreen retainer in the bankruptcy cases as discussed in the Application.

18.    An accounting summary of payments made to RL&F during the 90-day period prior to the Petition Date and the actual and estimated amounts incurred by RL&F is attached hereto as **Exhibit 4.**

**RL&F's Disinterestedness**

19.     RL&F maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of RL&F to make and maintain these records.  The conflict system maintained by RL&F is designed to include (i) every active matter on which RL&F is engaged, (ii) every closed matter on which RL&F has been engaged since 1990, (iii) the entity by which it is now or has been engaged, (iv) the identity of related parties, (v) the identity of adverse parties, and (vi) the attorney at RL&F who is knowledgeable about the matter.  It is the policy of RL&F that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including: (a) the identity of the prospective client, (b) the matter, and (c) the related and adverse parties.  Accordingly, the database is updated for every new matter undertaken by RL&F.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

20.     With the exception of those entities listed on **Exhibit 1** and **Exhibit 2**, insofar as I have been able to ascertain, neither I, RL&F, nor any other attorney, including any director, counsel or associate of RL&F currently represents, or has in the past represented, or has any connection with, the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors), or any of the potential parties in interest, all as set forth on **Exhibit 3** attached hereto (collectively, the "**Parties in Interest**"), except as hereinafter set forth.

21.     Through the procedures set forth above, RL&F has determined that it has in the past represented, currently represents, and/or may in the future represent, the Parties in

Interest (or affiliates thereof) set forth on **Exhibit 1** attached hereto (who are current clients) and the Parties in Interest (or affiliates thereof) set forth on **Exhibit 2** attached hereto (who are former clients that RL&F has represented within the last five (5) years).  With the exception of Wilmington Savings Fund Society, FSB ("**WSFS**") and a certain related affiliate of U.S. Bank Trust National Association ("**U.S. Bank**"), I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (0.5%) of RL&F's annual fees billed, or that, in the aggregate for any related group of entities, exceeds one percent (1%) of RL&F's annual fees billed.  RL&F currently represents WSFS and U.S. Bank in general corporate and transactional matters wholly unrelated to the Debtors and these Chapter 11 Cases.

22.    In addition, RL&F provided general Delaware corporate advice to American Express Company ("**AmEx**") related to the Debtors' sale of their legacy online lending platform to affiliates of American Express (the "**AmEx Transaction**").  RL&F advised AmEx solely on issues of Delaware law.  RL&F's representation of AmEx in connection with the AmEx Transaction concluded on or around September 2020.  To address any potential conflict of interest arising from RL&F's past, current and future representations of AmEx and certain related affiliates, RL&F obtained a written waiver from the Debtors.  Pursuant to such waiver, the Debtors, among other things, waived any actual or arguable conflict of interest in connection with RL&F's past representation of AmEx and continuing to represent AmEx and certain affiliates in unrelated matters.  Further, RL&F will not disclose any confidential information belonging to AmEx to the Debtors and vice versa.  To that end, RL&F has established an internal ethical wall between this matter and any matters in which RL&F has represented and currently represents AmEx and any affiliates thereof.  In addition, none of the

RL&F professionals involved in the representation of AmEx in the above referenced representation or any other representation of AmEx or any affiliate thereof is or will be involved in the representation of the Debtors in these Chapter 11 Cases.  Further, RL&F has not represented and will not represent AmEx or any affiliate thereof in connection with the Debtors' current restructuring and these Chapter 11 Cases and, in fact, I believe AmEx is represented by separate counsel in connection with all such matters.  I do not believe this representation precludes RL&F from being a disinterested party under the Bankruptcy Code.

23.    In any event, while RL&F currently represents, and in the past has represented certain Parties in Interest, it will not represent any of the Parties in Interest or any other party in interest (including, without limitation WSFS, U.S. Bank and AmEx), other than the Debtors, in any facet relating to the Debtors or these Chapter 11 Cases.

24.    I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between RL&F and (i) the U.S. Trustee or any person employed by the U.S. Trustee or (ii) any counsel, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in the Chapter 11 Cases, except as otherwise described herein.  In addition, as part of its practice, RL&F appears in cases, proceedings and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in the Debtors' Chapter 11 Cases.  Except as set forth herein, RL&F has not represented and will not represent any such entities in relation to the Debtors and their Chapter 11 Cases, nor does RL&F have any relationship with any such entities where such relationship would be adverse to the Debtors or their estates.

25.     Except as set forth herein, and based upon the information available to me, neither I, RL&F, nor any attorney employed by RL&F, including any director, counsel or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.  In addition, RL&F is not a creditor of the Debtors.  Therefore, based upon the information available to me, I believe that RL&F is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

26.     No promises have been received by RL&F, or by any director, counsel or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  RL&F has no agreement with any other entity to share with such entity any compensation received by RL&F, other than the directors of RL&F.

27.     Based on the foregoing, except to the extent set forth in the next paragraph, to the best of my knowledge, information and belief and in accordance with Bankruptcy Rule 5002, no attorney, including any director, counsel or associate, of RL&F, has a connection with any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the U.S. Trustee assigned to the Chapter 11 Cases or any other employee of the U.S. Trustee that would render RL&F's retention in the Chapter 11 Case improper.  Accordingly, I understand that the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

28.     Kevin Gross, who was elected as a director of RL&F effective as of April 1, 2020, was a bankruptcy judge for the Court between March 13, 2006 and March 12, 2020.

While Mr. Gross is not one of the principal professionals expected to perform services on behalf of the Debtors, if the circumstances warrant it, he may perform such services during the pendency of the Chapter 11 Cases.

29.     In addition, as noted above, the Debtors have numerous creditors and relationships with various individuals and entities that may be Parties in Interest in the Chapter 11 Cases.  Consequently, although every reasonable effort has been made to discover all connections with the Parties in Interest, including the efforts outlined herein, RL&F is unable to state with certainty whether every possible connection has been discovered.  If, however, RL&F discovers any information that is contrary or pertinent to the statements made herein, including if any attorney employed by RL&F, including any director, counsel or associate thereof, has any connection with any of the Parties in Interest, RL&F will promptly disclose such information to the Court.

30.     RL&F will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  Pursuant to Local Rule 2014-1, to the extent that RL&F learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), RL&F will file and serve a supplemental affidavit or declaration with the Court setting forth the additional information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated: October 4, 2022
Wilmington, Delaware              */s/ Daniel J. DeFranceschi*
                                   Daniel J. DeFranceschi (No. 2732)

## Exhibit 1[1] – Current Clients[2]

### Banks/Bank Accounts

Synovus Bank
Certain related affiliates of Synovus Financial Corp.
Certain related affiliates of Stone Ridge

### Benefit Providers (Workers Compensation/Pension Plans/Third Party Administrators)

Certain related affiliates of New York Life
Certain related affiliates of New York Life (f/k/a Cigna)

### Non-Debtors Professionals (law firms, accountants, and other professionals)

Holland & Knight LLP

### Contract Counterparties (includes patents and intellectual property)

Airbnb, Inc.
Certain related affiliates of A-Lign Assurance
A-Lign Compliance and Security, Inc.
Credit Suisse
CSC
Certain related affiliates of Emprise Bank
Certain related affiliates of Federal Reserve
five9 Inc.
Certain related affiliates of Fortis Advisors, LLC
Jones Day
Certain related affiliates of LexisNexis Risk Solutions FL Inc.
Certain related affiliates of Macquarie
MasterCard International Incorporated
Certain related affiliates of Option 1 Partners, LLC
Certain related affiliates of ReliaQuest Holdings, LLC
Certain related affiliates of Salesforce
Certain related affiliates of Sound Point Capital Management, LP
South State Bank
Stericycle Inc.
Certain related affiliates of Synovus
Visa U.S.A. Inc.

---

[1]    Parties that are both current clients and former clients of RL&F are only listed on **Exhibit 1**—Current Clients.

[2]    Due to the similarity of names of certain entities, RL&F was not able to determine if all entities listed herein are actually affiliates of current clients. However, out of an abundance of caution, RL&F has listed those entities which it reasonably believes may be affiliates of current clients.

**Affiliations of Current Officers and Directors**

Corporation Service Company (CSC)
National Association of Corporate Directors
Automatic Data Processing, Inc. (ADP)
Certain related affiliates of Libra Risk Management

**Debtors' Professionals (law firms, accountants and other professionals)**

Certain related affiliates of AlixPartners, LLP
Jones Day
KPMG
McGuireWoods LLP
Weil, Gotshal & Manges LLP

**Affiliation of Former Officers and Directors (as of last day with company)**

Corporation Service Company (CSC)
Certain related affiliates of Tricolor Auto Group, LLC
Certain related affiliates of American Express

**Insurance/Insurance Provider**

Certain related affiliates of AIG Specialty Insurance Company
Certain related affiliates of Berkshire Hathaway Specialty Insurance Company
Certain related affiliates of Endurance American Insurance Company c/o Sompro Pro

**Lenders, Noteholders, Administrative Agents and Indenture Trustees**

Credit Suisse
Guggenheim
Certain related affiliates of Macquarie
Certain related affiliates of U.S. Bank

**30 Top Unsecured Creditors**

Certain related affiliates of Federal Reserve Bank of San Francisco
Certain related affiliates of Option 1 Partners LLC
Certain related affiliates of Libra Risk Management
Goodwin Proctor
Corporation Service Company

RLF1 27977256v.2

**Litigation Counterparties/Litigation Pending Lawsuits – includes threatened litigation**

Holland & Knight, LLP
JP Morgan Chase Bank, N.A.

**Other Professionals**

Akin Gump Strauss Hauer & Feld LLP
Davis Polk & Wardwell LLP
Goodwin Procter LLP
Sidley Austin LLP

**Regulatory and Government (Federal, State, and Local)**

Federal Deposit Insurance Corporation
Certain related affiliates of Federal Reserve

**Significant Customers**

Certain related affiliates of Stone Ridge
Certain related affiliates of Provident Investment Realty, LLC

**UCC Search Results/UCC Lien Search Results**

Certain related affiliates of CIT
Certain related affiliates of CIT Bank, N.A.
CSC
Certain related affiliates of Federal Reserve Bank of San Francisco
Certain related affiliates of U.S. Bank
Wilmington Savings Fund Society, FSB

**Utility Providers/Utility Brokers**

Certain related affiliates of Cogent Communications, Inc.
Five9 Inc.

**Vendors/Suppliers (includes critical, foreign, common carrier, shippers, warehousemen, customs duties, brokers charges, facilities provider, etc.)**

Certain related affiliates of A-Lign
Certain related affiliates of Five9
Certain related affiliates of Google Duo
Certain related affiliates of Google Workspace
Certain related affiliates of Libra Risk Management
Certain related affiliates of Option 1 Partners LLC

3

Certain related affiliates of ReliaQuest Holdings, LLC
Salesforce.com

4

## **Exhibit 2 – Former Clients**

**Benefit Providers (Workers Compensation/Pension Plans/Third Party Administrators)**

Certain related affiliates of Blue Cross Blue Shield of Hawaii
Certain related affiliates of UnitedHealthcare
Certain related affiliates of UnitedHealthcare Dental
Certain related affiliates of UnitedHealthcare of California

**Non-Debtors Professionals (law firms, accountants, and other professionals)**

Cleary Gottlieb Steen & Hamilton LLP

**Contract Counterparties (includes patents and intellectual property)**

American Express and certain related affiliates
Endurance International Group, Inc.
Certain related affiliates of Farm Credit East, ACA
Certain related affiliates of Farm Credit West, ACA
Certain related affiliates of TransUnion Risk and Alternative Data Solutions, Inc. (TRADS)
Certain related affiliates of Zendesk

**Affiliations of Current Officers and Directors**

Certain related affiliates of CLP Holdings III, LLC

**Debtors Professionals (law firms, accountants and other professionals)**

Greenberg Traurig, LLP

**Affiliation of Former Officers and Directors (as of last day with company)**

American Express and certain related affiliates

**Insurance/Insurance Provider**

Certain related affiliates of National Union Fire Insurance Company of Pittsburgh, Pa.
Certain related affiliates of QBE Insurance Corporation

**Landlords and Parties to Leases**

Certain related affiliates of Lincoln Property Company

**30 Top Unsecured Creditors**

Certain related affiliates of Transunion Risk and Alternative Data Solutions

Certain related affiliates of Allegis Group Holdings Inc
Certain related affiliates of Amazon Web Services
Certain related affiliates of Slack

**Litigation Counterparties/Litigation Pending Lawsuits – includes threatened litigation**
Greenberg Traurig
White & Williams, LLP

**Other Professionals**
Dentons US LLP

**Significant Shareholders (more than 5% of equity)**

Certain related affiliates of Softbank Vision Fund (AIV M2) L.P.
Certain related affiliates of SoftBank PriceVille Investments, L.P.

**Vendors/Suppliers (includes critical, foreign, common carrier, shippers, warehousemen, customs duties, brokers charges, facilities provider, etc.)**

Certain related affiliates of Allegis Group Holdings Inc
Certain related affiliates of Slack
Certain related affiliates of Transunion Risk and Alternative Data Solutions
Certain related affiliates of Zendesk

RLF1 27977256v.2

## Exhibit 3 – Parties-in-Interest

**Debtors**

Kabbage, Inc.
Kabbage Canada Holdings, LLC
Kabbage Asset Securitization LLC
Kabbage Asset Funding 2017-A LLC
Kabbage Asset Funding 2019-A LLC
Kabbage Diameter, LLC

**Non-Debtor Affiliates and Subsidiaries
(including any partnerships and JV
partners)**

Kabbage Financial Services Limited (UK
entity)
Kabbage India Private Limited (India entity)

**Debtors' Trade Names and Aliases (up to
8 years) (a/k/a, f/k/a, d/b/a)**

d/b/a KServicing
d/b/a KServicing Corp.
d/b/a KServicing, Inc.

**Banks/Bank Accounts**

Celtic Bank
Primis Bank
Synovus Bank (Synovus Financial Corp.)

**Banks – Servicing**

Celtic Bank
Cross River Bank
Customers Bank
HCG (a/k/a Home Capital Group Inc.)
Stone Ridge

**Bankruptcy Judges and Staff for the
District of Delaware**

Chief Judge Laurie Selber Silverstein
Cacia Batts
Lora Johnson

Judge John T. Dorsey
Laura Haney
Robert Cavello
Judge Craig T. Goldblatt
Demitra Yeager
Nickita Barksdale
Judge Karen B. Owens
Claire Brady
Marquietta Lopez
Judge Brendan L. Shannon
Jill Walker
Rachel Bello
Judge J. Kate Stickles
Paula Subda
Al Lugano
Judge Mary F. Walrath
Catherine Farrell
Laurie Capp
Judge Ashely M. Chan
Joan Ranieri

**Benefit Providers (Workers
Compensation/Pension Plans/Third Party
Administrators)**

Blue Cross Blue Shield of California
Hawaii Medical Service Association
(HMSA) - Blue Cross Blue Shield of Hawaii
Insperity, Inc.
Kaiser Permanente
New York Life
New York Life (f/k/a Cigna)
Optum Bank
UnitedHealthcare
UnitedHealthcare Dental
UnitedHealthcare of California
VSP Choice

**Clerk of the Court**

Una O'Boyle

**Non-Debtors Professionals (law firms, accountants, and other professionals)**

Cleary Gottlieb Steen & Hamilton LLP
Holland & Knight LLP
Quinn Emmanuel Urquhart & Sullivan LLP

**Contract Counterparties (includes patents and intellectual property)**

Abel Commercial Funding
Airbnb, Inc.
American Nation Bank
Alexandra Schieren
A-Lign Assurance
A-Lign Compliance and Security, Inc.
Altabank
American Express Travel Related Services Company, Inc.
Andy Mei
Anthony Gallucci
Apisero, Inc.
Aprio, LLP
Automation Anywhere, Inc.
Azlo Business, Inc.
Bank of Bird in Hand
Become Technological Solutions, Inc.
Better Impression Ltd.
Bhayva Brundavanam
Big Think Capital
Biz2credit
BlackLine Systems, Inc.
Bonduel State Bank
Bradley Wells
Carter Bank & Trust
Catherine Pargeter
Celtic Bank Corporation
CentSai
Cobbs Allen Capital, LLC d/b/a CAC Specialty
CommerceOne Bank
Community Financial Services Bank
Community National Bank
CoreCard Software, Inc.
Credit Suisse
Crestmont Capital, LLC

Cross River Bank
CSC
Cullum Financial LLC d/b/a Walloot
Customer Bank
David Rodin
David Snitkof
David Stein d/b/a Law Office of David Stein d/b/a David Stein Law Group
Daysmart
Debt Settlement Info Bank
Docusign
Dorado Real Estate, Inc d/b/a Host Financial
Dynamic Recovery Solutions, LLC
Endurance International Group, Inc.
East West Bank
Emprise Bank
Erik Goshin
Evangelical Christian Credit Union (ECCU)
Ernst & Young LLP
Farm Credit East, ACA
Farm Credit West, ACA
Federal Reserve
First Florida Credit Union
First National Bank of Syracuse
five9 Inc.
FNBC Bank and Trust
Forensic Risk Alliance Inc.
Fortis Advisors, LLC
Fortis Private Bank
Frank Sauer
Fraz Khalil
GoDaddy.com, LLC
Guggenheim Securities, LLC
Guideline
Guillaume Poirier
Hi Tech Capital
Hyperion Bank
Innovative Funding Solutions, Inc.
Investar Bank, National Association
Investment 360
InscribeAI, Inc.
Insperity
Invariant LLC
iAdvance Now Inc.
James Candalino
James Frohnhofer

2

Jason Dolinger
Jason Hwa
Jonathan Kelfer
Jones Day
Karrot
KLDiscovery Ontrack, LLC
Kroll Associates, Inc.
Legacy Bank Colorado
Lendio, Inc.
Level Up Funding LLC
LexisNexis Risk Solutions FL Inc.
Lexolution, LLC
Liam Von Thien
LIG International LLC
Lincoln and Morgan, LLC
Llano National Bank
Macquarie
Major, Lindsey & Africa
Marqeta, Inc
MasterCard International Incorporated
Matt Burton
Mechanics Bank
Merchant and Manufacturers Bank
Mission Capital d/b/a SBG Funding
Moore Colson & Company, P.C.
MorganFranklin Consulting, LLC
Mountainseed Real Estate Services, LLC
National Check Resolution, Inc.
Natural Intelligence Ltd.
Nicholas DelZingaro
Northern California National Bank
Northwest Farm Credit Services, FLCA
Okta, Inc.
OnCourse Learning d/b/a BankersEdge
Option 1 Partners, LLC
Orchard App, Inc.
P.A.R. Consulting d/b/a US Business
Funding
People Bank
PharmaCentra LLC
Prospera Credit Union
Providence Bank
Quick Funding Solutions LLC
Radius Intelligence, Inc.
Redwood Growth Capital, LLC
Red River Bank

ReliaQuest Holdings, LLC
Resource Bank
Salesforce
Sam Zakalik
Sound Point Capital Management, LP
South State Bank
Stericycle Inc.
Strategic Capital
Synovus
The Law Office of Hayes & Welsh
The National Directory of Registered Tax
Return Preparers & Professionals Ltd
The Poplar Grove State Bank
The Provident Bank
TransUnion Risk and Alternative Data
Solutions, Inc. (TRADS)
Trevelino/Keller and Groovy Studios
TrustArc Inc.
United Capital Source Inc
United Resources Enterprise Corp. d/b/a
Brickell Capital Finance
Upwise Capital, LLC
URS Technologies Solutions LLC
Vaco LLC
Venture Lending & Leasing VII, Inc.
Venture Lending & Leasing VIII, Inc.
Visa U.S.A. Inc.
Vital Outsourcing Services, Inc.
Walker Morris
WeTravel, Inc.
Wheaten Financial, Inc.
Xact Data Discovery
Yuhui Yang
Zendesk
Zip Capital Group, LLC
ZMC & Associates LLC

**Current Officers and Directors (include
senior management)**

Salim Kafiti
Ian Cox
Holly Loiseau
David Walker
Laquisha Milner
Donna Evans

3

Laquisha Milner
Robin Gregg
Eric Hartz (dba CorporateHartz, LLC)
John Hebert
Lawrence X. Taylor
John Hebert

**Affiliations of Current Officers and Directors**

Solomon's Temple
Vector Solutions
M2 Business Group, LLC
Point Predictive
DRUM Technologies
Roadsync
Lending Science
PadSplit
Emory Goizueta Business School
American Chemistry Council
Nexus Circular
Corporation Service Company (CSC)
1847 Holdings
Item 9 Labs
Barrie House Coffee Roasters
CLP Holdings III, LLC
Taylor Strategy Group
National Association of Corporate Directors
Arizona State University
Major Lindsey & Africa
Automatic Data Processing, Inc. (ADP)
Clairvoyant Ventures, LLC
Kafiti Real Estate Group, Inc.
Electrolux AB
Libra Risk Management
Creative Essentials, LLC
National Bar Association Executive
Committee, Commercial Law Section
Moore Colson
Magnolia Trust Company

**Debtors Professionals (law firms, accountants and other professionals)**

AlixPartners, LLP
Forensic Risk Alliance Inc.

Greenberg Traurig, LLP
Jones Day
KPMG
McGuireWoods LLP
Omni Agent Solutions
Richard Layton & Finger
Weil, Gotshal & Manges LLP

**Former Officers and Directors (include senior management if readily available) (3 years)**

Daniel Scott Eidson
Jon Hoffman
Julia McCullough
Kathryn Petralia
Kimberly Withrow
L. Scott Askins
Marc Gorlin
Oneal Bhambani
Robert Frohwein
Spencer Robinson
Troy Deus

**Affiliation of Former Officers and Directors (as of last day with company)**

Julia McCullough
Corporation Service Company (CSC)
Kathryn Petralia
Keep Financial
DRUM Technologies, Inc.
Tricolor Auto Group, LLC
PadSplit
Kimberly WIthrow
Kimberly F. Withrow Law
eCapital Corp.
Bibby Financial Services
L. Scott Askins
American Express
Marc Gorlin
Roadie
Oneal Bhambani
Flutterwave
Robert Frohwein
Keep Financial Technologies, Inc.

4

Spencer Robinson
Troy Deus
Keep Financial
DRUM Technologies

**Insurance/Insurance Provider**

AIG Specialty Insurance Company
Atlantic Specialty Insurance Company
Berkshire Hathaway Specialty Insurance
Company
Cobbs Allen Capital, LLC d/b/a CAC
Specialty
Endurance American Insurance Company
c/o Sompro Pro
Everest National Insurance Company
Marsh USA Inc.
National Union Fire Insurance Company of
Pittsburgh, Pa.
QBE Insurance Corporation
XL Specialty Insurance Company

**Landlords and Parties to Leases**

730 Midtown SVP, LLC (Lincoln Property
Company)

**Lenders, Noteholders, Administrative
Agents and Indenture Trustees**

Credit Suisse
Guggenheim
Macquarie
U.S. Bank

**List of Secured Creditors**

Reserve Bank of San Francisco

**30 Top Unsecured Creditors**

Cross River Bank
Customers Bank
Federal Reserve Bank of San Francisco
U.S. Department of Justice
Federal Trade Commission

Small Business Bureau
American Express Kabbage Inc.
Biz2Credit
Vital Outsourcing Services Inc
MorganFranklin Consulting, LLC
Vaco LLC
RSM US LLP
Transunion Risk and Alternative Data
Solutions
URS Technologies Solutions LLC
KLDiscovery Ontrack, LLC
Amazon Web Services
Allegis Group Holdings Inc
Google Workspace
Moore Colson
Option 1 Partners LLC
Libra Risk Management
Marcell Birk
Slack
Box
Goodwin Proctor
Marcus Carr
Kenny Ajetunmobi
Moyin Omotayo
Thomas E. Austin Jr. LLC
Corporation Service Company

**Litigation Counterparties/Litigation
Pending Lawsuits – includes threatened
litigation**

365 Sun LLC
Alison F. Kanne
Bosco Seungchul Baek
Calvin L. Erby, II
Candice Worthy
Carlton Morgan
Celtic Bank Corporation d/b/a Celtic Bank
Christina R. King
Cole Ratias
Customers Bank
Douglas Biviano
Edward Ford Services, LLC
Eric L. Lifschitz
Eva Merian Spahn
First Home Bank

Florida Veterinary Behavior Service
George Pullen
Greenberg Traurig
Henry Anesthesia Associates, LLC
Holland & Knight, LLP
Jason Russell Carr
Jennifer Pullen
Jeremy Sternberg
John P. Mertens
Joshua Borger
JP Morgan Chase Bank, N.A.
Justin E. Proper
Keith W. Berglund
LaDonna Wiggins
Latoya Clark
Lauren B. Veggian
Law Office of James A. Flanagan
Law Offices of Eric L. Lifschitz
Leslie K. Rinaldi
Lexington National Insurance Corporation
Love Watch Hill & Sailors Haven, Inc.
Luxx Lashes by Lay, LLC
Marco Bell
MaryBeth V. Gibson
Melissa Davis Lowe
Ogier, Rothschild & Rosenfeld P.C.
Pia Hoyt Law Firm
Power Bail Bonds
Rice Pugatch Robinson Storfer & Cohen PLLC,
Richard A. Marshack
Richard Storfer
Shulman Bastian Friedman & Bui LLP
SM Novelties
Smooth & EZ Merchant Funding
Squeeze-It Corp.
Strategic Elements, LLC
Tamara Miles Ogier, Chapter 11 Subchapter V Trustee
Tastetunup, LLC
The Berglund Group
The Cardoza Law Corporation
The Finley Firm, P.C
Vicki LeMaster
Wandro & Associates, P.C.
White & Williams, LLP

## Litigation - Governmental Investigations Agencies

U.S. Federal Trade Commission
U.S. Department of Justice – Massachusetts
U.S. Department of Justice – Eastern District of Texas
The Small Business Administration (SBA)
The United States House Representatives Select Subcommittee on the Coronavirus Crisis

## Other Professionals

Akin Gump Strauss Hauer & Feld LLP
Bailey Duquette
Dentons US LLP
Davis Polk & Wardwell LLP
Goodwin Procter LLP
Green & Sklartz
Hayes & Welsh
Mandelbaum Salsburg, P.C.
RSM US LLP
Sidley Austin LLP
Thomas E. Austin
Windham Brannon

## Regulatory and Government (Federal, State, and Local)

Delaware Attorney General – Kathy Jennings
Federal Deposit Insurance Corporation
Federal Reserve
Federal Trade Commission
Internal Revenue Service
Office of Foreign Assets Control
Small Business Administration
U.S. Securities and Exchange Commission
United States Attorney for the District of Delaware – David C. Weiss
United States Department of Justice

**Significant Customers**

Celtic Bank
Cross River Bank
Customers Bank
HCG (a/k/a Home Capital Group Inc.)
Stone Ridge
FleetCor Technologies, Inc.
Relief Without Borders LLC
SJ MEDICAL PLLC
Go Africa Global LLC
Cuisane 365 Mobile Inc
New Legend, Inc
Jlite Mortors
Boom Rewards LLC
David Horvath PA
Wiggins & Graham Enterprise LLC
Pink Lady Line
R and L ARCADE INC
Potomac Valley Operator LLC
Source Allies, Inc.
European Service at Home Inc
Tigris, LLC
AREPII SA Hotel LLC
Aspen River Candle Company
Big Shot LLC
Wesley Aron Mock LLC
Club One Casino, Inc
Brian Bui Inc
Repairo LLC
California Freight Solutions Corp
Torque Power Equipment Repairs
PG Medical Lab
Energy Efficient Construction Solutions
TrustedCommunications LLC
Horizon 5 Lakes LLC
Wingfield Leigh Industries, Inc
Allegro School, Inc.
Dog Training With Mario Holland LLC
A One Roof Management & Construction, Inc.
Koger Industrial Staffing, LLC
Provident Investment Realty, LLC
Flair Group Inc
REX Therapeutics LLC
IMR Contracting Corp

Gods Anointed Youth Ministry
Showtime On The Piers, LLC.
Summit Truck Line
K Weaver Properties LLC
Ences Services Inc
Federal Credit Union
Heart Living Centers of Colorado, LLC
Agee Construction Corporation
1 Ponce De Leon LLC
Bustro Inc
Francis Joseph Capital Inc
DataSync Inc
SMELifestyle, inc
Crown Management Services, LLC
SUITE Media Productions & Management LLC
Gourmet Nut Inc
Propel Opportunity Fund Inc.
Keystrokes Transcription Service Inc
E. Mishan & Sons
Russell Road Food and Beverage LLC

**Significant Shareholders (more than 5% of equity)**

Softbank Vision Fund (AIV M2) L.P.
Blue Run Ventures IV, L.P.
Thomvest Ventures Ltd.
MDV Ix, L.P. c/o Mohr Davidow Ventures
SoftBank PriceVille Investments, L.P.

**Taxing Authorities (Federal, State, and Local; trust fund, use property, franchise, sales)**

Alabama Department of Revenue
California Franchise Tax Board
Georgia Department of Revenue
Internal Revenue Service
North Carolina Department of Revenue
New York State Department of Finance
New York City Department of Finance
Pennsylvania Department of Revenue

7

**UCC Search Results/UCC Lien Search Results**

CHTD Company
CIT
CIT Bank, N.A.
Cross River Bank
CSC
Direct Capital Corporation
Federal Reserve Bank of San Francisco
Financial Agent Services
Fulton County, Georgia Tax Commissioner
Secured Lender Solutions, LLC
U.S. Bank
Wilmington Savings Fund Society, FSB

**United States Attorney's Office for the District of Delaware**

David C. Weiss

**United States Trustee and Staff for the District of Delaware**

Andrew R. Vara
Joseph McMahon
David Buchbinder
Linda Casey
Joseph Cudia
Timothy J. Fox, Jr.
Benjamin Hackman
Jane Leamy
Hannah M. McCollum
Linda Richenderfer
Juliet Sarkessian
Richard Schepacarter
Rosa Sierra-Fox
Lauren Attix
Shakima L. Dortch
Christine Green
Ramona Harris
Angelique Okita
Edith A. Serrano
Dion Wynn
Denis Cooke
Holly Dice

Nyanquoi Jones
James R. O'Malley
Michael Panacio
Diane Giordano

**Utility Providers/Utility Brokers**

Cogent Communications, Inc.
Five9 Inc.

**Vendors/Suppliers (includes critical, foreign, common carrier, shippers, warehousemen, customs duties, brokers charges, facilities provider, etc.)**

A-Lign
Allegis Group Holdings Inc
American Express Kabbage Inc.
Biz2X LLC
BlackLine Systems, Inc.
Box
DataBricks
Five9
Fusion Cloud Services LLC
Google Duo
Google Workspace
HP Holdings, Inc. (dba Invariant LLC)
InscribeAI, Inc.
KLDiscovery Ontrack, LLC
Kroll Associates, Inc.
Lexolution
Libra Risk Management
MLA
Moore Colson
MorganFranklin Consulting, LLC
Option 1 Partners LLC
ReliaQuest Holdings, LLC
Salesforce.com
Sage Intacct, Inc.
Slack
TLO
Transunion Risk and Alternative Data Solutions
URS Technologies Solutions LLC
Vaco LLC
Vital Outsourcing Services Inc.

RLF1 27977256v.2

Willis Towers Watson US LLC                    Zendesk

9

**Exhibit 4 - Accounting Summary of Payments**

| Date | Transaction | Amount | Retainer Balance |
|------|-------------|--------|------------------|
| 9/19/2022 | Wire Transfer Deposit of Retainer | $100,000 | $100,000 |
| 9/29/2022 | Wire Transfer Deposit of Retainer | $110,428 | $210,428 |
| 9/30/2022 | Wire Transfer Deposit of Retainer | $25,000 | $235,428 |
| 10/3/2022 | Retainer amount drawn down based on services performed and anticipated to be performed through the Petition Date.  This amount represented a good faith estimate of the fees and expenses associated with all such services, including fees and expenses already recorded in RL&F's billing system.  Any portion of the amounts drawn which, upon reconciliation, is not attributed to prepetition fees and expenses, will be held by RL&F as security throughout the Debtors' bankruptcy cases until RL&F's fees and expenses are awarded by final order and are then payable to RL&F. | $235,428 | ($0.00) |

**<u>Exhibit C</u>**

**Loiseau Declaration**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re         :  **Chapter 11**
           :
**KABBAGE, INC. d/b/a KSERVICING, *et al.*,** :  **Case No. 22-10951 (CTG)**
           :
           :
    **Debtors.[1]**     :  **(Jointly Administered)**

---------------------------------------------------------- x

### DECLARATION OF HOLLY LOISEAU IN
### SUPPORT OF APPLICATION OF DEBTORS
### TO RETAIN AND EMPLOY RICHARDS,
### LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE
### DEBTORS EFFECTIVE AS OF PETITION DATE

   I, Holly Loiseau, pursuant to 28 U.S.C. § 1746, hereby declare that the following

is true and correct to the best of my knowledge, information, and belief:

   1.  I am the General Counsel (the "**General Counsel**") of the above-

captioned debtors and debtors in possession (collectively, the "**Debtors**").  I submit this

declaration (the "**Declaration**") in support of the *Application of Debtors to Retain and Employ*

*Richards, Layton & Finger, P.A. as Co-Counsel to the Debtors Effective as of Petition Date* (the

"**Application**")[2] for authority to retain and employ Richards, Layton & Finger, P.A. ("**RL&F**"),

as co-counsel for the Debtors effective as of the Petition Date.  Except as otherwise noted, all

facts in this Declaration are based on my personal knowledge of the matters set forth herein,

information gathered from my review of relevant documents and information supplied to me by

other members of the Debtors' personnel and the Debtors' advisors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

## SELECTION OF RL&F AS CO-COUNSEL

2.      The Debtors seek to retain Weil Gotshal & Manges LLP as their lead bankruptcy counsel in connection with the Chapter 11 Cases.  Upon determining that these Chapter 11 Cases would be filed in the United States Bankruptcy Court for the District of Delaware, the Debtors selected RL&F to serve as their Delaware co-counsel.  RL&F was selected because of the firm's extensive experience and knowledge in the field of debtor's and creditor's rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge in practicing before this Court, its proximity to the Court, its ability to respond quickly to emergency hearings and other emergency matters, and its familiarity with the Debtors and their businesses due to RL&F's prepetition representation of the Debtors.  As such, the Debtors believe that RL&F is uniquely qualified to represent them in these Chapter 11 Cases.

## RATE STRUCTURE

3.      In my capacity as General Counsel, I, and others acting under my direction, are responsible for assisting the Debtors in supervising outside counsel retained by the Debtors.  In my experience working with other outside law firms on other matters, I believe that RL&F's rates are comparable to those of firms similar to RL&F.  I, and others acting under my direction, are also responsible for reviewing the invoices regularly submitted by RL&F, and I understand that the rates RL&F charged the Debtors in the prepetition period are the same as the rates RL&F will charge the Debtors in the postpetition period, subject to annual and customary firm-wide adjustments in the ordinary course of RL&F's business.

RLF1 27977256v.2

## COST SUPERVISION

4.      RL&F and the Debtors are in the process of developing a prospective budget and staffing plan for the first interim period in these Chapter 11 Cases.  The Debtors recognize that in large chapter 11 cases such as this, it is possible there may be unforeseen fees and expenses that will need to be addressed by the Debtors and RL&F.  The Debtors also recognize it is their responsibility to closely monitor the billing practices of RL&F to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations taking into account the exigencies of these Chapter 11 Cases.  To that end, the Debtors will continue to review and monitor the regular invoices submitted by RL&F and, together with RL&F, periodically amend the budget and staffing plans to reflect developments in these cases as applicable.

5.      The Debtors will continue to monitor the fees and expense reimbursement process during these Chapter 11 Cases and ensure the Debtors are an active participant in that process.  Recognizing that every chapter 11 case is unique, the Debtors, together with RL&F, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals who will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated:  October 4, 2022
        Atlanta, Georgia


                                          */s/ Holly Loiseau*_____
                                          Name:  Holly Loiseau
                                          Title:  General Counsel

4