## EXHIBIT 1

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

--------------------------------------------------------------- x
In re                                                                                   :   Chapter 11
                                                                                              :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,              :   Case No. 22-10951 (CTG)
                                                                                              :
                                                                                              :
Debtors.[1]                                                                      :   (Jointly Administered)
                                                                                              :
                                                                                              :   Ref. Docket No. 5
--------------------------------------------------------------- x

**ORDER (I) AUTHORIZING THE DEBTORS TO
(A) FILE AND MAINTAIN CONSOLIDATED CREDITOR LISTS,
AND (B) REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION FOR INDIVIDUALS, (II) APPROVING SPECIAL
ELECTRONIC NOTICING PROCEDURES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry an order (i) authorizing the Debtors to (a) file a single, consolidated list of creditors, maintain a single, consolidated mailing matrix (the "**Creditor Matrix**"), and file a single, consolidated list of the Debtors' top 30 largest unsecured creditors, in lieu of filing and maintaining separate creditor lists and mailing matrices for each Debtor; and (b) redact certain personal identification information for individuals; (ii) approving the manner of notifying current and former borrowers of PPP Loans or Legacy Loans (collectively, the "**Borrowers**") of the commencement of these Chapter 11 Cases and the proposed Special Electronic Noticing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the First Day Declaration.

...

Procedures; and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held hearings to consider the relief requested in the Motion on an interim and, if necessary, final basis (the "**Hearings**"); and upon the First Day Declaration and the record of the Hearings, and all of the proceedings had before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided* that if either of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3. The Debtors are authorized to submit a consolidated list of their 30 largest unsecured creditors; *provided* that if any of these Chapter 11 Cases converts to a case under chapter

7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top 20 unsecured creditors.

    4.  The Debtors are authorized to redact the home addresses or email addresses of individuals from the Creditor Matrix, the Schedules, affidavits or certificates of service and any other paper filed or to be filed with the Court in these Chapter 11 Cases. The Debtors shall provide (if requested) an unredacted version of the Creditor Matrix and any other applicable document to the Debtors' claims and noticing agent, the U.S. Trustee, any official committee of unsecured creditors appointed in these Chapter 11 Cases, any subsequently appointed trustee, the Court, and any party in interest upon reasonable request. Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document. Each party receiving an unredacted copy of the Creditor Matrix or other applicable document disclosing personally identifiable information shall keep such information confidential unless otherwise required to be disclosed by law or court order.

    5.  When serving any notice in these cases on individuals whose personally identifiable information is redacted pursuant to this Order, the Debtors' claims and noticing agent and, where applicable, the Clerk of the Court and any other party in interest, shall use such individual's home address.

    6.  The Debtors may provide Borrowers with email service in these cases in keeping with their ordinary business practices, as outlined below, and may continue to offer Borrowers the option of electing to instead receive notices by first class or other physical mail delivery if they desire, consistent with the following Special Electronic Noticing Procedures:

- The Debtors will serve the notice of commencement of these Chapter 11 Cases and the section 341 meeting of creditors (the "**Case Commencement Notice**") via

- electronic mail on any Borrower with an account that has at least one valid email address on file in the Debtors' books and records.

- To the extent the Debtors do not have an email address on file for a Borrower, or to the extent the Debtors receive a "bounce-back' or similar error message in response to the electronic service of the Case Commencement Notice, the Debtors will serve the Case Commencement Notice via first-class mail directed to the last known physical address, if available, maintained in their books and records for such Borrower.[3]

- The Debtors will publish the Case Commencement Notice in both the national editions of *The New York Times* and *USA Today*. The Debtors will also publish the Notice of Commencement on the Debtors' case management website to be established by Omni and on the Debtors' website.

- The Debtors will include with the Case Commencement Notice: (a) information for accessing the case management website to be established by Omni, where the recipient can obtain additional information about these cases; and (b) instructions indicating that all future notices will be provided to the recipient by email, if available, unless the recipient designates, either in writing or via Omni's website, that it wishes to receive physical notices in connection with the Debtors' cases. Creditors who do not have an email address on file or who previously elected to receive physical notices will also be given an opportunity to provide a current email address and to elect to receive electronic service in connection with these

---

[3] On information and belief, the Debtors lack valid email addresses for, and would consequently send hard copy notice to, approximately 18,000 Borrowers.

bankruptcy cases. This information (the "**Electronic Noticing Instructions**") will be provided substantially in the form of the language below:

---

**NOTICE TO CURRENT BORROWERS**

**THE FILING OF THESE BANKRUPTCY CASES DOES NOT RELIEVE YOU OF YOUR OBLIGATION TO CONTINUE TO MAKE TIMELY PAYMENTS IN CONNECTION WITH FINANCING SERVICED BY THE DEBTORS**

**ELECTRONIC SERVICE NOTICE**

**IF THE DEBTORS HAVE A VALID E-MAIL ADDRESS FOR YOUR ACCOUNT IN THEIR RECORDS, ALL FUTURE NOTICES TO YOU IN CONNECTION WITH THESE CHAPTER 11 CASES WILL BE DELIVERED ONLY TO THAT E-MAIL ADDRESS UNLESS YOU INDICATE THAT YOU WISH TO RECEIVE FUTURE NOTICES BY PHYSICAL MAIL BY SENDING A WRITTEN REQUEST, TOGETHER WITH YOUR MAILING ADDRESS, TO THE DEBTORS AT THE FOLLOWING ADDRESS OR BY SUBMITTING YOUR REQUEST VIA THE DEBTORS CASE MANAGEMENT WEBSITE AT:**

Kabbage, Inc. d/b/a KServicing
c/o Omni
5955 De Soto Ave., Suite 100
Northland Hills, CA 91367
kservicinginquiries@omniagnt.com

https://omniagentsolutions.com/kservicing
https://omniagentsolutions.com/kservicing-hard-copy-opt-in

**IF YOU WISH TO PROVIDE A CURRENT EMAIL ADDRESS TO THE DEBTORS IN ORDER TO RECEIVE ELECTRONIC SERVICE IN THESE CASES, YOU MAY ALSO DO SO BY WRITING TO THE DEBTORS AT THE ABOVE ADDRESS OR UTILIZING THEIR CASE MANAGEMENT WEBSITE.**

**ADDITIONAL INFORMATION**

YOU MAY ALSO ACCESS INFORMATION ABOUT THE CASE AT THE DEBTORS' CASE MANAGEMENT WEBSITE OR YOU MAY VIEW ALL DOCUMENTS FILED IN THE CASE THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AT WWW.PACER.GOV.

---

7. The Special Noticing Procedures shall apply only to Borrowers, and, absent further order of the Court, the Debtors will be required to serve all other parties in interest (including, but not limited to, governmental entities, non-Borrower creditors, and counsel in any litigation pending against the Debtors) by first-class mail or such other means as are provided for pursuant to the Bankruptcy Rules or this Court's Local Rules.

5

8. The Debtors may seek further Court authority by separate motion on notice to use the Special Electronic Noticing Procedures for the service of notice of the confirmation hearing of any chapter 11 plan and any service of documents related to the solicitation of a plan.

9. Notwithstanding anything in the Motion or this Order to the contrary, the Special Electronic Noticing Procedures shall not apply to the named plaintiffs (or their counsel) in the putative class action titled *Jason Carr, Vicki LeMaster, Edward Ford Services LLC, Carlton Morgan, 365 Sun LLC and Candice Worthy*, individually and on behalf of all others similarly situated *v. Kabbage, Inc. d/b/a K Servicing*, Case No. 1:22-cv-01249-VMC (N.D. Ga. 2022).

10. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

11. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.