UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                    :   Case No. 22-10951 (CTG)
                                                             :
                                                             :
Debtors.[1]                                                  :   (Jointly Administered)
                                                             :
                                                             :   Ref. Docket No. 4
------------------------------------------------------------ x

### ORDER PURSUANT TO 11 U.S.C. § 105(a) AND 28 U.S.C. § 156(c) APPOINTING OMNI AGENT SOLUTIONS, INC. AS CLAIMS AND NOTICING AGENT EFFECTIVE AS THE OF PETITION DATE

Upon the application, dated October 3, 2022 (the "**Application**"),[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f) (i) authorizing the appointment of Omni as Claims and Noticing Agent in the Debtors' Chapter 11 Cases and (ii) granting related relief, all as more fully set forth in the Application; and upon consideration of the First Day Declaration and the Deutch Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and this Court having held a hearing to consider the relief requested in the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Application is granted as set forth herein.

2. The Debtors are authorized pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f) to retain Omni as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and Omni is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, all as described in the Application.

3. Omni shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim (if any), and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4.     Omni is authorized and directed to provide an electronic interface for filing proofs of claims and to obtain a post office box or address for the receipt of proofs of claims.

5.     Omni is authorized to take such other action to comply with all the duties set forth in the Application and this Order.

6.     The Debtors are authorized to compensate Omni in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Omni and the rates charged for each, and to reimburse Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7.     Omni shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8.     Omni may apply its retainer to all prepetition invoices and Omni may hold its retainer under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses under the Engagement Agreement.

9.     Omni shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; *provided, however*, that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Omni under this Order shall be an administrative expense of the Debtors' estates.

12. The Debtors shall indemnify Omni under the terms of the Engagement Agreement, as modified pursuant to this Order, as modified pursuant to this Order. Omni shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the Services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

13. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Omni, or provide contribution or reimbursement to Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Omni's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Omni's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Omni should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14. To the extent applicable in the Engagement Agreement, all requests by Omni for the payment of indemnification shall be made by means of an application to the Court

4

wand shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation, dispute, or settlement in respect of which indemnity is sought. In no event shall Omni be indemnified for its actions in these Chapter 11 Cases for its own gross negligence or willful misconduct. All parties in interest shall retain the right to object to any demand by Omni for indemnification, contribution, or reimbursement.

15. The limitation of liability provision contained in the Engagement Agreement shall have no force and effect during the pendency of these chapter 11 cases.

16. In the event that Omni seeks reimbursement from the Debtors for attorneys' fees in connection with the payment of an indemnity claim, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Omni's own applications, both interim and final, but determined by this Court after notice and a hearing.

17. In the event Omni is unable to provide the services set out in this Order, Omni will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

18. Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

19. Omni shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of this Court; *provided*, *however*, that Omni may seek such an order on expedited notice by filing a request with this Court

RLF1 28023147v.1

with notice of such request to be served on the Debtors, the Office of the United States Trustee, and any official committee of creditors appointed in these cases.

20. After entry of an order terminating Omni's services as the Claims and Noticing Agent, upon the closing of these Chapter 11 Cases, or for any other reason, Omni shall be responsible for preparing all proofs of claim to be archived with the Federal Archives Record Administration, if applicable.

21. The requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief granted in this Order is necessary to avoid immediate and irreparable harm.

22. Notice of the Application shall be deemed good and sufficient notice of such application, and the notice requirement of Bankruptcy Rule 6004(a) is satisfied.

23. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

24. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

25. The Debtors and Omni are authorized to take all action necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

26. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementations, interpretations, or enforcement of this Order.

**Dated: October 6th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**