## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------- x

In re                      :        **Chapter 11**

                         :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,  :        **Case No. 22-10951 (CTG)**

                         :

                         :

           **Debtors.[1]**          :        **(Jointly Administered)**

                         :

                         :        **Ref. Docket No. 6**

-------------------------------------------------------------- x

## INTERIM ORDER ESTABLISHING
## NOTIFICATION PROCEDURES AND APPROVING
## RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS

Upon the motion, dated October 3, 2022 (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a) and 362 of the Bankruptcy Code authorizing the Debtors to establish procedures to protect the Tax Attributes, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the interim relief requested in the Motion (the "**Hearing**"); and upon the Motion, the First Day Declaration, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted on an interim basis to the extent set forth herein.

2.    The provisions of this Interim Order shall be effective as of the Petition Date.

3.    The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

4.    The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply on or after the Petition Date to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), as provided therein; *provided*, *that*, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

5.    Until further order of this Court to the contrary, any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and

including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date in violation of the Stock Procedures shall be null and void *ab initio* pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code (other than, for the avoidance of doubt, the Disregarded Transfer Notice).

6.      Any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

7.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** are hereby approved.

8.      Within five (5) business days of the entry of this Interim Order (or as soon as practicable thereafter), the Debtors shall serve the notice of this Interim Order (the "**Notice of Interim Order**") substantially in the form annexed hereto as **Exhibit 5**, via first class mail and email or fax (of applicable), to (i) all parties that were served with notice of the Motion; and (ii) all registered holders of the Debtors' debt and/or equity securities.  In addition, as soon as practicable after the entry of the Interim Order, the Debtors will publish the Notice of Interim Order once in the national edition of *The New York Times*.  In addition, the Debtors will post the Procedures to the website established by Omni Agent Solutions, Inc. for these Chapter 11 Cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures,

RLF1 28023190v.1

whether known or unknown, and no further notice of the Procedures shall be necessary.

9.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership in Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock) from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

10.     The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in the beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock), nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

11.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.     The requirements set forth in this Interim Order are in addition to the requirements of applicable securities, corporate and other laws and do not excuse noncompliance therewith.

13.     Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14.     The final hearing to consider the relief requested in the Motion shall be held on November 7, 2022 at 1:00 p.m. (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, and served on or prior to October 31, 2022 at

RLF1 28023190v.1

4:00 p.m. (Prevailing Eastern Time).

15.    The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted in this Interim Order.

16.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.


**Dated: October 6th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

5