IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re                                              :   Chapter 11
                                                   :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,          :   Case No. 22-10951 (CTG)
                                                   :
                                                   :
        Debtors.[1]                                :   (Jointly Administered)
                                                   :
                                                   :   Ref. Docket No. 10
---------------------------------------------------------- x

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS AND PAY RELATED OBLIGATIONS AND (II) GRANTING RELATED RELIEF

Upon the motion, dated October 3, 2022 (the "**Motion**")[2] of Kabbage, Inc. d/b/a/ KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) pay the Employee Obligations and (b) maintain, continue to honor, and pay amounts with respect to the Debtors' business practices, programs, and policies for their employees as such were in effect as of the commencement of these Chapter 11 Cases and as such may be modified during the pendency of these Chapter 11 Cases and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Rieger-Paganis Declaration; and this Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and upon the record of the hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code to (i) pay the prepetition Employee Obligations in an aggregate amount not to exceed, absent further order of this Court, $1,050,800, (ii) pay any related expenses, fees and costs incident to the foregoing, and (iii) maintain, honor, and continue the Employee Benefit Programs in the ordinary course of business, as summarized in further detail in the chart below:

RLF1 28023540v.1

| Employee Obligations | Interim Amount |
|---|---|
| Administration Fees | $1,000 |
| Compensation | $35,000 |
| Employee Bonus Program | $0 |
| Employee Benefit Programs | $2,000 |
| Employer Taxes | $3,000 |
| Deferred 2020 Payroll Tax | $600,000 |
| Reimbursement Programs | $5,000 |
| Contractor Workforce Compensation | $400,000 |
| Employee Leave Benefits | $0 |
| Health and Welfare Benefits | $2,800 |
| Retirement Benefits | $2,000 |
| ***Total*** | **$1,050,800** |

3. Notwithstanding any other provision of this Interim Order nothing in this Interim Order shall authorize the Debtors to make any payment to, or on behalf of, any Employee or Contractor on account of prepetition wages and other compensation obligations or other prepetition obligations in excess of the statutory caps set forth in sections 507(a)(4) and (5) of the Bankruptcy Code.

4. Nothing in the Motion or this Interim Order shall be deemed to (i) authorize the payment of any amounts in satisfaction of bonus or severance obligations, including but not limited to the KERP program or the Employee Bonus Program, or which are subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any obligations

to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code) of the Debtors or any non-Debtor affiliates, or violate or permit a violation of section 503(c) of the Bankruptcy Code; or (ii) authorize the Debtors to cash out unpaid vacation or leave time except upon termination of an employee, if applicable state law requires such payment.

5. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

6. The Debtors are authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

7. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

8. Nothing in this Interim Order shall implicitly or expressly approve or sanction any current or prospective incentive bonus, key employee incentive or retention program, or any payment having been made in relation to or pursuant thereto.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Interim Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

14. The final hearing to consider the relief requested in the Motion shall be held on October 26, 2022 at 10:30 a.m. (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, and served so as to be actually received on or prior to October 19, 2022 at 4:00 p.m. (Prevailing Eastern Time).

**Dated: October 6th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**