## EXHIBIT B

## Interim Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                    :    Case No. 22-10951 (CTG)
                                                             :
                                                             :
Debtors.[1]                                                  :    (Jointly Administered)
                                                             :
                                                             :    Ref. Docket No. 7
------------------------------------------------------------ x

**INTERIM ORDER**
**(I) AUTHORIZING DEBTORS TO (A) CONTINUE**
**INSURANCE POLICIES, AND (B) PAY ALL OBLIGATIONS**
**WITH RESPECT THERETO, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 362(d), and 363(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004 (i) authorizing the Debtors (a) to continue all Insurance Policies, and (b) to pay any prepetition obligations arising under the Insurance Policies, and (ii) granting related relief, and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the interim relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration and the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure, and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 362(d), and 363(b) of the Bankruptcy Code, to continue the Insurance Policies and to perform their obligations with respect thereto.

3. The Debtors are further authorized, but not directed, to revise, extend, renew, rollover, replace, or obtain new Insurance Policies, and to take all appropriate actions in connection therewith, in the ordinary course of business.

4. Notwithstanding anything to the contrary in this Interim Order, payments on account of prepetition Insurance Obligations shall not exceed $25,000.00 in the aggregate without further order of this Court.

5. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of Insurance Obligations and Brokers' Fees as set forth herein, and to replace any prepetition checks or electronic fund transfer requests

that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

6. Each of the Banks at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized to (a) receive, process, honor, and pay all checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts, and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

7. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

9. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

13. The final hearing to consider the relief requested in the Motion shall be held on October 26, 2022 at 10:30 a.m. (Prevailing Eastern Time), and any objections or responses to

the Motion shall be in writing, filed with the Court, and served on or prior to October 19, 2022 at 4:00 p.m. (Prevailing Eastern Time).

**Dated: October 6th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

4