**EXHIBIT B**

**Interim Order**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re                                              :         Chapter 11
                                                   :
KABBAGE, INC. d/b/a KSERVICING, et al.,            :         Case No. 22-10951 (CTG)
                                                   :
                                                   :
          Debtors.¹                                :         (Jointly Administered)
                                                   :
                                                   :         Ref. Docket No. 8
------------------------------------------------------------ x
```

### INTERIM ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY PROVIDERS, (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")² of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of orders (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Providers, (ii) establishing procedures for resolving objections by the Utility Providers relating to the adequacy of the Adequate Assurance Deposit, (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of the commencement of these Chapter 11 Cases or outstanding prepetition invoices, and (iv) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

² Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the interim relief requested in the Motion (the "**Hearing**"); and upon the First Day Declaration and the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Adequate Assurance Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3. Each of the Banks at which the Debtors maintain their accounts relating to the payment of the Utility Services are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other

order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

4. The Debtors shall deposit the Adequate Assurance Deposit in the amount of $12,300 in a segregated account for the benefit of the Utility Providers within 20 days after the Petition Date.

5. Subject to the Adequate Assurance Procedures, all Utility Providers are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Adequate Assurance Deposit.

6. The following Adequate Assurance Procedures are hereby approved:

   a. The Debtors shall serve a copy of this Motion and this Interim Order on the Utility Providers on the Utility Services List within two business days after entry of this Interim Order.

   b. The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

   c. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the following parties: (i) proposed counsel to the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Elizabeth Ruocco, Esq. (elizabeth.rucco@weil.com) and Chase A. Bentley, Esq. (chase.bentley@weil.com)) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE, 19801 (Attn: Daniel J. DeFranceschi Esq. (defranceschi@rlf.com) and Zachary I. Shapiro, Esq. (shapiro@rlf.com)), (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov)), and (iii) counsel for any official committee of unsecured creditors appointed in these Chapter 11 Cases (collectively, the "**Utility Notice Parties**").

3

        d.        The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (iii) explain why the Utility Provider believes the Adequate Assurance Deposit is not adequate assurance of payment, (iv) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Provider to the Debtors, calculated as a historical average over the six (6) month period preceding the Petition Date, and (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Provider.

        e.        Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall negotiate in good faith with such Utility Provider to try to resolve such Utility Provider's Additional Assurance Request.

        f.        The Debtors may, without further order from this Court, resolve an Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

        g.        If the Debtors and the Utility Provider are not able to reach an alternative resolution within 20 days of receipt of the Additional Assurance Request, the Debtors shall request a hearing before this Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

        h.        Pending resolution of Additional Assurance Requests or the Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Deposit.

7.        The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.        The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is

not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

9. The Debtors are authorized to amend the Utility Services List to remove Utility Providers, including to the extent the Debtors terminate the services of any Utility Provider, provided that the Debtors give at least three (3) business days' notice to the affected Utility Provider. The Debtors are also authorized to amend the Utility Services List to add Utility Providers to the extent the Debtors identify additional Utility Providers. This Interim Order shall apply to any such Utility Provider that is added to the Utility Services List and that receives service of this Interim Order. The Debtors shall serve a copy of this Interim Order upon any Utility Provider added to the Utility Services List.

10. The Debtors shall increase the amount of the Adequate Assurance Deposit if an additional Utility Provider is added to the Utility Services List by an amount equal to two weeks of Utility Services provided by such additional Utility Provider, calculated using the historical average for such payments during the six (6) months prior to the Petition Date. The Debtors may terminate the services of any Utility Provider and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Provider provided that the Debtors remove such Utility Provider from the Utility Services List in accordance with paragraph 9 of this Interim Order and there are no outstanding disputes related to post-petition payments due.

11. The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and that receive service of this Interim Order and is not limited to those parties or entities listed on the Utility Services List. Any additional Utility Provider added to the

Utility Services List is not subject to the terms of this Interim Order until the Adequate Assurance Deposit is increased as set forth herein on account of such additional Utility Provider.

12. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14. Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

18. The final hearing to consider the relief requested in the Motion shall be held on October 26, 2022 at 10:30 a.m. (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, and served on or prior to October 19, 2022 at 4:00 p.m. (Prevailing Eastern Time).

**Dated: October 6th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

6