## EXHIBIT A

**Motion**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------- x
In re                                                    :    **Chapter 11**
                                                         :
**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,            :    **Case No. 22-10951 (      )**
                                                         :
                                                         :
Debtors.[1]                                              :    **(Joint Administration Requested)**
-------------------------------------------------------- x

**MOTION OF DEBTORS**
**FOR ENTRY OF INTERIM AND FINAL ORDERS ESTABLISHING**
**NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON**
**CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully move and represent as follows in support of this motion (this "**Motion**"):

**Relief Requested**

1.     By this Motion, pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors request entry of interim and final orders authorizing the Debtors to establish procedures (the "**Procedures**," as defined below) to protect the potential value of certain federal consolidated net operating losses (the "**NOLs**") and certain other tax benefits (including certain state tax attributes) (collectively, the "**Tax Attributes**") for use during the pendency of these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

2.      The Procedures apply to beneficial ownership (including direct and indirect ownership) of the common stock of the Company (the "**Common Stock**") and any options or similar rights (within the meaning of applicable Treasury Regulations, as defined herein) to acquire such stock (the "**Options**").  The Debtors request that the Court enter the Proposed Orders (as defined herein) granting the relief requested herein effective as of the date hereof.

3.      A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **Exhibit A** (the "**Proposed Interim Order**") and a proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit B** (the "**Proposed Final Order**, and, together with the Proposed Interim Order, the "**Proposed Orders**").

**Jurisdiction and Venue**

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5.      On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors

2

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

6.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis In Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith.[2]

## Debtors' Tax Attributes

8.      As of the Petition Date, the Debtors have approximately $53 million in estimated federal consolidated NOLs and approximately $22 million in consolidated state NOLs. The Tax Attributes are potentially valuable assets of the Debtors' estates.

9.      Section 172 of title 26 of the United States Code (the "**Tax Code**") generally permits a corporation to carry forward its NOLs to reduce future taxable income, thereby reducing such corporation's tax liability in future periods. Accordingly, absent any intervening limitations and depending on future operating results, the Tax Attributes are valuable assets that could reduce the Debtors' U.S. federal income tax liability for current and future periods, including during the pendency of these Chapter 11 Cases and in connection with the implementation of the Debtors' chapter 11 plan (the "**Plan**"). The Tax Attributes, therefore, could translate into future tax savings over time that enhance the Debtors' cash position for the benefit of all parties in interest.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

10.     The Debtors' ability to utilize the Tax Attributes to reduce future tax liability is subject to certain potential statutory limitations.  Sections 382 of the Tax Code limits a corporation's ability to utilize its NOLs and certain other tax benefits to offset future income once that corporation has undergone an "ownership change" within the meaning of section 382 of the Tax Code (an "**Ownership Change**").  Pursuant to section 382 of the Tax Code, an Ownership Change generally occurs when the percentage of a corporation's equity held by one or more of its "5-percent shareholders" (each, as that term is used in section 382 of the Tax Code) increases by more than fifty (50) percentage points above the lowest percentage of the corporation's equity owned by such shareholder(s) at any time during the relevant testing period (usually three years). *See id*. § 382(g).

11.     The Debtors believe that they have Tax Attributes that would be adversely affected (and could be effectively eliminated) by an Ownership Change during the pendency of these Chapter 11 Cases.  If such an Ownership Change were to occur, the availability and value of such Tax Attributes would be adversely impacted.  Therefore, it is in the best interests of the Debtors and their stakeholders to restrict transfers of the beneficial ownership of Common Stock that could result in an Ownership Change occurring *before* the effective date of a chapter 11 plan or any applicable bankruptcy court order.  Such a restriction would protect the Debtors' ability to use the Tax Attributes during the pendency of these Chapter 11 Cases and in connection with any reorganization transaction.  Although (as described below) the limitations imposed by section 382 of the Tax Code may be significantly less restrictive when an Ownership Change occurs *pursuant* to a confirmed chapter 11 plan (or any applicable bankruptcy court order), the benefits available under section 382 of the Tax Code in connection with a confirmed chapter 11 plan (or any applicable bankruptcy court order) are not applied retroactively to reduce the limitations imposed

4

on a corporation's ability to utilize its tax benefits resulting from a *previous* Ownership Change (such as an Ownership Change occurring during the pendency of a chapter 11 case). *See, e.g.*, *id.* § 382(*l*)(5), (6). Accordingly, pursuant to this Motion, the Debtors seek to implement procedures in order to monitor and potentially restrict acquisitions, dispositions and trading with respect to the beneficial ownership (including direct and indirect ownership) of the Common Stock and Options to acquire beneficial ownership of the Common Stock.

### Proposed Procedures Relating to Common Stock

12.    By establishing the following procedures for monitoring transfers of any direct or indirect interest in Common Stock (including Options to acquire beneficial ownership of Common Stock) (the "**Procedure**s"), the Debtors can preserve their ability to seek necessary relief if it appears that any such transfer(s) may impair the Debtors' ability to utilize their Tax Attributes. Therefore, the Debtors propose the following Procedures that would become effective as of the Petition Date, upon the entry of the Proposed Interim Order:

(a)    Definitions. For purposes of these Procedures, the following terms have the following meanings:

(i)    "**Common Stock**" shall mean any common stock issued by Kabbage, Inc. d/b/a KServicing ("**KServicing**"). For the avoidance of doubt, by operation of the definition of Beneficial Ownership, an owner of an Option to acquire Common Stock may be treated as the owner of such Common Stock.

(ii)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(iii)    "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the Tax Code, the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**"), rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus shall include, without limitation, (A) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members, (C) ownership by any group of persons acting

5

pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (D) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(iv)    "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(v)    "**Substantial Stockholder**" shall mean any Entity or person that beneficially owns at least 1,848,370[3] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).

(b)    Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve via first class mail and email or fax (if applicable) upon (i) the Debtors, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309 (Attn: David Walker (dwalker@kservicecorp.com) and Holly Loiseau (hloiseau@kservicecorp.com)); (ii) proposed attorneys for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn:  Natasha S. Hwangpo (natasha.hwangpo@weil.com)  and  Chase  A.  Bentley (chase.bentley@weil.com));  and (y) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Amanda R. Steele (steele@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com)); and (iii) attorneys for any statutory committee of unsecured creditors appointed in this case (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **<u>Exhibit 2</u>**, which describes specifically and in detail such person's or Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder.  At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Substantial Stockholder's taxpayer identification number and any person or Entity (other than the Debtors) required to file a Substantial Stock Ownership Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Substantial Stockholder beneficially owns.

(c)    Acquisition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly or indirectly, and including the grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such acquiring or increasing person or Entity or Substantial Stockholder (a "**Proposed Transferee**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties

---

[3] As of the Petition Date, there were 38,913,048 shares of common stock outstanding.

a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Proposed Transferee's taxpayer identification number and any person or Entity (other than the Debtors) required to file an Acquisition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferee beneficially owns or that such person or Entity plans to acquire or purchase.

(d)     Disposition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person or Entity or Substantial Stockholder (a "**Proposed Transferor**") shall file with this Court and serve via first class mail and email and fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer its beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Proposed Transferor's taxpayer identification number and any person or Entity (other than the Debtors) required to file a Disposition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferor beneficially owns or that such person or Entity plans to dispose of or transfer.

(e)     Certain Pre-Approval Exceptions.  For the avoidance of doubt, a pre-transfer Trading Notice is not required to be filed in connection with a transfer of beneficial ownership of Common Stock (i) from a person to an entity that is disregarded for U.S. federal income tax purposes as being separate from the person (a "**Disregarded Entity**"), or from such Disregarded Entity to such person; (ii) from a person to a trust whose assets are treated as being solely owned by such person for U.S. federal income tax purposes (a "**Grantor Trust**"), or from such Grantor Trust to such person; (iii) from a Disregarded Entity to any one or more other Disregarded Entities or Grantor Trusts if the same person is treated as the owner or taxpayer with respect to all of the assets of such Disregarded Entities or Grantor Trusts for U.S. federal income tax purposes; and (iv) from a Grantor Trust to any one or more other Grantor Trusts or Disregarded Entities if the same person is treated as the owner or taxpayer with respect to all of the assets of such Grantor Trusts and Disregarded Entities for U.S. federal income tax purposes.  However, in the event of any such transfer for which a Trading Notice would otherwise have been required if the Disregarded Entities or Grantor Trusts involved had not been so disregarded for U.S. federal income tax purposes, that transferor or transferee shall no more than twenty (20) business days after the date of transfer serve via first class mail and email or fax (if applicable) upon the

7

Disclosure Parties a notice substantially similar to the equivalent Trading Notice (a "**Disregarded Transfer Notice**"); however, absent gross negligence or reckless or intentional disregard, the failure to timely file such notice shall not be subject to sanctions.

(f)     Objection Procedures.  The Debtors shall have ten (10) business days after the filing of a Trading Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, approving the Proposed Transaction prior to the Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the applicable Trading Notice.  Any further Proposed Transaction must be the subject of an additional Trading Notice and Objection Period.

(g)     Noncompliance with the Procedures.  Any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of the Procedures (other than, for the avoidance of doubt, the Disregarded Transfer Notice) shall be null and void *ab initio* pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code, and an act in violation of the automatic stay under section 362 of the Bankruptcy Code. Furthermore, any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of the Procedures shall be subject to sanctions as provided by law.

(h)     Debtors' Right to Waive. The Debtors may, in their sole discretion, waive, in writing, any and all of the foregoing restrictions, stays, and notification requirements contained in the procedures.

## **Relief Requested Should Be Granted**

A.     **Automatic Stay Bars Any Equity Transfer that Would Diminish or Limit the Debtors' Interests in the Tax Attributes**

13.     In furtherance of the automatic stay provisions of section 362 of the Bankruptcy Code and pursuant to section 105 of the Bankruptcy Code, the Debtors seek authority to monitor and approve (or disapprove) certain changes in the beneficial ownership of Common Stock to protect against the occurrence of an Ownership Change during the pendency of these Chapter 11 Cases, and thereby to preserve the potential value of the Tax Attributes.

8

14.     Section 362 of the Bankruptcy Code enjoins all entities from, among other things, taking any action to obtain possession of property of or from the estate or to exercise control over property of the estate.  Section 541 of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of a debtor in property as of the commencement date of a chapter 11 case, including tax benefits.

15.     The Tax Attributes are valuable property of the Debtors' estates and thus are protected, by operation of the automatic stay, from actions that would diminish or eliminate their value, including direct or indirect transfers that would result in an Ownership Change.  It is well established that a debtor's NOLs are property of the debtor's estate protected by the automatic stay.  *See Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 928 F.2d 565, 574 (2d Cir. 1991) ("[W]here a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay."); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."); *In re Grossman's Inc.*, No. 97-695 (PJW), 1997 WL 33446314 (Bankr. D. Del. Oct. 9, 1997).  The United States Court of Appeals for the Second Circuit, in its seminal decision, *In re Prudential Lines Inc.*, affirmed the application of the automatic stay to a debtor's tax benefits and upheld a permanent injunction prohibiting a parent corporation from taking a worthless stock deduction that would have adversely affected the ability of the parent corporation's subsidiary to utilize its NOLs under the special relief provisions of section 382 of the Tax Code.  *See* 928 F.2d at 573.  As the Second Circuit stated:

> Including NOL carryforwards as property of a corporate debtor's
> estate is consistent with Congress' intention to "bring anything of

> value that the debtors have into the estate." Moreover, . . .
> [i]ncluding the right to a NOL carryforward as property of [a
> debtor's] bankruptcy estate furthers the purpose of facilitating the
> reorganization of [the debtor].

*Id*. (quoting H.R. Rep. No. 95-595, at 176 (1978)) (citations omitted); *see also In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor.'" (quoting *Prudential Lines*, 928 F.2d at 572) (alteration in original)); *Gibson v. United States (In re Russell)*, 927 F.2d 413, 417 (8th Cir. 1991) (concluding that the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).

16.    In *Prudential Lines*, the Second Circuit determined that a debtor's NOLs are protected by the automatic stay. The Second Circuit also held that, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, a bankruptcy court may issue a permanent injunction to protect such NOLs. *Prudential Lines*, 928 F.2d at 574.

17.    In *In re Phar-Mor, Inc.*, 152 B.R. 924 (Bankr. N.D. Ohio 1993), the bankruptcy court applied similar reasoning and granted the debtors' motion to prohibit transfers of their stock that could have had an adverse effect on their ability to utilize their NOLs, even though the debtors' stockholders had not stated any intent to sell their stock and the debtors had not shown that a sale that would trigger an Ownership Change was pending. *See id.* at 927. Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the *NOL has a potential value, as yet undetermined*, which will be of benefit to creditors and will assist debtors in their reorganization process. This asset is entitled to protection while [the d]ebtors move forward toward reorganization." *Id*. (emphasis added).

18.     The bankruptcy court in *Phar-Mor* also concluded that, because the debtors were seeking to enforce the automatic stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate remedy at law, or irreparable injury, or loss and a likelihood of success on the merits.  The key elements for a stay . . . are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.*, 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

19.     Restrictions on equity trading to protect a debtor against the possible loss of valuable tax attributes are regularly approved by this and other courts. *See, e.g.*, *In re Vivus, Inc.*, No. 20-11779 (Docket No. 161) (Bankr. D. Del. Aug. 16, 2020) (approving notification procedures and restrictions on certain transfers of interests in the debtors); *In re Brooks Brothers Group, Inc.*, No. 20-11785 (Docket No. 108) (Bankr. D. Del. July 10, 2020) (approving notification procedures and restrictions on certain transfers of interests in the debtors); *In re Exide Holdings, Inc.*, No. 20-11157 (Docket No. 113) (Bankr. D. Del. May 21, 2020) (approving notification procedures and restrictions on certain transfers of interests in the debtors); *In re RentPath Holdings, Inc.*, No. 20-10312 (Docket No. 79) (Bankr. D. Del. Feb. 13, 2020) (approving notification procedures and restrictions on certain transfers of interests in the debtors); *In re Checkout Holdings Corp.*, No. 18-12794 (Docket No. 205) (Bankr. D. Del. Jan. 10, 2019) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re Claire's Stores, Inc.*, No. 18-10584 (Docket No. 284) (Bankr. D. Del. Apr. 17, 2018) (same); *In re NewPage Corp.*, No. 11-12804 (KG) (Docket No. 307) (Bankr. D. Del. Oct. 4, 2011) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re Metrocall, Inc.*, No. 02-11579 (Docket No. 290) (Bankr. D. Del. Jul. 8, 2002)

11

(approving procedures by which the debtor would object to proposed transfers of stock that would result in a transferee's holding 5 percent or more of the debtor's stock or a reduction in the ownership interest of an existing 5-percent shareholder); *In re Reliance Acceptance Grp. Inc.*, No. 98-288 (PJW) (Docket No. 270) (Bankr. D. Del. Apr. 28, 1998) (providing debtor with thirty-days' notice to object to proposed transfers that would result in a transferee holding five percent or more of debtor's common stock); *In re Aéropostale, Inc.*, No. 16-11275 (SHL) (Docket No. 240) (Bankr. S.D.N.Y. June 3, 2016) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re SunEdison, Inc.*, No. 16-1992 (SMB) (Docket No. 253) (Bankr. S.D.N.Y. May 12, 2016) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re The Great Atl. & Pac. Tea Co.*, No. 15-23007 (RDD) (Docket No. 501) (Bankr. S.D.N.Y. Aug. 11, 2015) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re AMR Corp.*, No. 11-15463 (SHL) (Docket No. 890) (Bankr. S.D.N.Y. Jan. 27, 2012) (same); *In re Delta Air Lines, Inc.*, No. 05-17923 (PCB) (Docket No. 1640) (Bankr. S.D.N.Y. Dec. 20, 2005) (same); *In re Nw. Airlines Corp.*, No. 05-17930 (ALG) (Docket No. 836) (Bankr. S.D.N.Y. Oct. 28, 2005) (same).

20.     As these cases demonstrate, it is well settled that, pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay enjoins actions that would adversely affect a debtor's ability to utilize its NOLs and other tax benefits.

**B.     The Procedures Are Necessary and in the Best Interests of the Debtors, their Estates, and their Creditors**

21.     The Procedures are necessary to preserve the Debtors' ability to utilize their Tax Attributes, while providing certain latitude for trading.  The Debtors' ability to preserve their Tax Attributes may be jeopardized unless the Procedures are established immediately and effective

as of the Petition Date to ensure that trading in the beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock) are either precluded or closely monitored and made subject to Court approval.

22.     Depending on the Debtors' tax profile during the pendency of these Chapter 11 Cases, the extent of any gain or other income recognized in connection with the Debtors' ownership or disposition of their assets, and the consequences of any restructuring, the Debtors' ability to utilize the Tax Attributes may enhance the Debtors' prospects for a successful emergence from chapter 11.  The relief requested herein is narrowly tailored to permit certain stock trading to continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws.

23.     The Debtors respectfully submit that the Procedures must be implemented as soon as possible.  Even if a transfer were to be null and void under section 362 of the Bankruptcy Code, under federal income tax law, such transfer nevertheless may be regarded as having occurred for tax purposes, in which event the Debtors' estates could suffer an irrevocable loss of value. Accordingly, if a transfer occurs that limits the Debtors' ability to utilize their Tax Attributes under section 382 of the Tax Code, the Debtors' ability to realize the value of their Tax Attributes may be permanently diminished.  The relief requested, therefore, is crucial to prevent an irrevocable diminution of the value of the Debtors' estates.

24.     It is in the best interests of the Debtors and their stakeholders to restrict trading in the beneficial ownership of Common Stock that could result in an Ownership Change *before* the effective date of a chapter 11 plan or any applicable bankruptcy court order.  This restriction would permit the Debtors to utilize the Tax Attributes, if necessary, to offset gain or other income recognized in connection with the Debtors' ownership or disposition of their assets,

13

the operation of their businesses, and the consequences of any restructuring.  If such an Ownership Change were to occur, however, the valuation for determining the annual amount of usable Tax Attributes is expected to be adversely affected.

25.     With respect to an Ownership Change that occurs *pursuant* to a confirmed chapter 11 plan or any applicable bankruptcy court order, the limitations imposed by section 382 of the Tax Code can be significantly less restrictive than those applicable to an Ownership Change that occurs before the effective date (or otherwise outside of) a chapter 11 plan.  *See, e.g.,* 26 U.S.C. §§ 382(*l*)(6).

26.     Specifically, section 382(*l*)(6) of the Tax Code provides that, if a debtor undergoes an Ownership Change pursuant to a chapter 11 plan (and section 382(*l*)(5) either does not apply or the debtor elects out of its application), then the appropriate value of the debtor for purposes of calculating the annual limitation under section 382 of the Tax Code shall reflect the increase in value of the debtor resulting from any surrender or cancellation of creditors' claims. Generally, under section 382 of the Tax Code, the taxable income of a loss corporation available for offset by pre-Ownership Change Tax Attributes is annually limited to an amount equal to the long-term tax-exempt bond rate times the value of the loss company's stock *immediately before* the Ownership Change.  Thus, were the equity value of the Debtors to increase as a result of a reorganization, section 382(*l*)(6) of the Tax Code would provide for a higher (and therefore less restrictive) annual limitation than would result under the general rules of section 382 of the Tax Code, thereby preserving the Debtors' ability to utilize a greater portion of their otherwise available Tax Attributes to offset any post-Ownership Change income.  In all circumstances, it is in the best interest of the Debtors and their stakeholders for the Court to grant the requested relief

14

to prevent an Ownership Change prior to the effective date of a chapter 11 plan or any applicable bankruptcy court order.

## **Interim Relief Should Be Granted**

27.     Granting the relief requested herein on an interim basis will benefit the Debtors and their stakeholders by preventing the loss of the Debtors' ability to utilize the Tax Attributes pending final approval of the Procedures, while allowing holders of direct or indirect interests in Common Stock and other parties in interest ample time to consider the Procedures. Absent the interim relief, the Debtors may be irreparably harmed due to transfers in the beneficial ownership of Common Stock that may follow immediately after persons or Entities (as defined in the Procedures) receive notice of this Motion.  Persons or Entities may rush to acquire or dispose of their beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock) before the Court imposes the requested restrictions on trading, and such transfers or actions may be regarded as occurring for tax purposes even if such trades were to be null and void under section 362 of the Bankruptcy Code or as a result of a final order of this Court prohibiting such trading effective as of the Petition Date.  Such transfers or actions would jeopardize the Debtors' ability to utilize the Tax Attributes and would be counterproductive to the Debtors' objectives in seeking the relief requested herein.  Accordingly, the Debtors request that the Procedures proposed herein be approved on an interim basis, and that a hearing be scheduled to consider entry of the Proposed Final Order.

## **Reservation of Rights**

28.     Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claim or cause of action which may exist against any

creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### Debtors Have Satisfied Bankruptcy Rule 6003(b)

29.     Rule 6003(b) of the Bankruptcy Rules provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a Bankruptcy Court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before 21 days after filing of the petition.  Fed. R. Bankr. P. 6003(b). The Debtors respectfully submit that Bankruptcy Rule 6003 does not apply to the relief requested herein because the Debtors are not, by this Motion, seeking to use, sell, or lease property of their estates.  *See* Fed. Bankr. R. P. 6004 Advisory Comm.'s note to 2011 amend. ("[T]he rule does not prohibit the court from entering orders in the first 21 days of the case that *may relate* to the motion and applications set out in (a), (b), and (c) of Bankruptcy Rule 6003; it is only prohibited from granting the relief requested by those motions or applications" (emphasis added)).  Notwithstanding the foregoing, even if the Court were to find that Bankruptcy Rule 6003 applied to this Motion, the relief requested herein is necessary to avoid immediate and irreparable harm and, therefore, Bankruptcy Rule 6003 is satisfied.

30.     As discussed herein, the Tax Attributes are a valuable asset of the Debtors' estates.  In addition, once a Tax Attribute is limited under section 382 of the Tax Code, its use is limited forever.  Absent granting the relief requested herein on an interim basis, at the outset of these Chapter 11 Cases, the Debtors may be irreparably harmed by any equity trading that occurs

16

prior to the Court's entry of an order granting this Motion on a final basis. By this Motion, the Debtors seek to implement Procedures that would protect against such irreparable harm. Accordingly, to the extent that Bankruptcy Rule 6003 applies to the relief requested herein, it does not require the Court to wait twenty-one (21) days before entering the Proposed Interim Order.

## Notice

31.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) all Substantial Stockholders; and (m) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**"). As this Motion is seeking "first-day" relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m). The Debtors believe that no further notice is required.

## No Prior Request

32.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

17

WHEREFORE the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 3, 2022
        Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
         steele@rlf.com
         shapiro@rlf.com
         milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* admission pending)
Candace M. Arthur (*pro hac vice* admission pending)
Natasha S. Hwangpo (*pro hac vice* admission pending)
Chase A. Bentley (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
E-mail:       ray.schrock@weil.com
              candace.arthur@weil.com
              natasha.hwangpo@weil.com
              chase.bentley@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

----------------------------------------------------------- x

In re                                              :          **Chapter 11**

                                                   :

**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,     :          **Case No. 22-10951 (      )**

                                                   :

                                                   :

                 Debtors.[1]                       :          **(Joint Administration Requested)**

----------------------------------------------------------- x

## INTERIM ORDER ESTABLISHING
## NOTIFICATION PROCEDURES AND APPROVING
## <u>RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS</u>

Upon the motion, dated October 3, 2022 (the "**Motion**")[2] of Kabbage, Inc. d/b/a

KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a)

and 362 of the Bankruptcy Code authorizing the Debtors to establish procedures to protect the Tax

Attributes, all as more fully set forth in the Motion; and this Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided; and such notice having been adequate and appropriate under the circumstances, and it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

appearing that no other or further notice need be provided; and the Court having held a hearing to consider the interim relief requested in the Motion (the "**Hearing**"); and upon the Motion, the First Day Declaration, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted on an interim basis to the extent set forth herein.

2.       The provisions of this Interim Order shall be effective as of the Petition Date.

3.       The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

4.       The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply on or after the Petition Date to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), as provided therein; *provided*, *that*, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

5.       Until further order of this Court to the contrary, any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date

2

in violation of the Stock Procedures shall be null and void *ab initio* pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code (other than, for the avoidance of doubt, the Disregarded Transfer Notice).

6.       Any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

7.       The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** are hereby approved.

8.       Within five (5) business days of the entry of this Interim Order (or as soon as practicable thereafter), the Debtors shall serve the notice of this Interim Order (the "**Notice of Interim Order**") substantially in the form annexed hereto as **Exhibit 5**, via first class mail and email or fax (of applicable), to (i) all parties that were served with notice of the Motion; and (ii) all registered holders of the Debtors' debt and/or equity securities.  In addition, as soon as practicable after the entry of the Interim Order, the Debtors will publish the Notice of Interim Order once in the national edition of *The New York Times*.  In addition, the Debtors will post the Procedures to the website established by Omni Agent Solutions, Inc. for these Chapter 11 Cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

9.     Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership in Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock) from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

10.     The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in the beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock), nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

11.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.     The requirements set forth in this Interim Order are in addition to the requirements of applicable securities, corporate and other laws and do not excuse noncompliance therewith.

13.     Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14.     The final hearing to consider the relief requested in the Motion shall be held on [_____], 2022 at _____ (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, and served on or prior to _____, 2022 at 4:00 p.m. (Prevailing Eastern Time).

4

15.     The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted in this Interim Order.

16.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

**<u>Exhibit 1</u>**

**Procedures**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re                                               :        **Chapter 11**

                                                    :

**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,    :        **Case No. 22-10951 (      )**

                                                    :

                                                    :

         **Debtors.**[1]                            :        **(Joint Administration Requested)**

---------------------------------------------------------- x

## NOTICES, RESTRICTIONS, AND OTHER PROCEDURES
## REGARDING OWNERSHIP AND TRANSFERS OF INTERESTS IN THE DEBTORS

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* (the "**Interim Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 2022, Docket No. ____, the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock).[2]

**A.    Common Stock Restrictions**

(1)    Definitions.  For purposes of these Procedures, the following terms have the following meanings:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Interim Order.

(a)      "**Common Stock**" shall mean any common stock issued by Kabbage, Inc. d/b/a KServicing.  For the avoidance of doubt, by operation of the definition of Beneficial Ownership, an owner of an Option to acquire Common Stock may be treated as the owner of such Common Stock.

(b)      "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(c)      "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**"), rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(d)      "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(e)      "**Substantial Stockholder**" shall mean any Entity or person that beneficially owns at least 1,848,370[3] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).

(2)    Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve via first class mail and email or fax (if applicable) upon (i) the Debtors, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309 (Attn: David Walker (dwalker@kservicecorp.com) and Holly Loiseau (hloiseau@kservicecorp.com)); (ii) proposed attorneys for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn:  Natasha S. Hwangpo        (natasha.hwangpo@weil.com)        and        Chase        A. Bentley (chase.bentley@weil.com));  and  (y) Richards,  Layton  &  Finger,  P.A.,  One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Amanda R. Steele (steele@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com)); and (iii) attorneys for any statutory committee of unsecured creditors appointed in this case (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or

---

[3] As of the Petition Date, there were 38,913,048 shares of common stock outstanding.

Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Substantial Stockholder's taxpayer identification number and any person or Entity (other than the Debtors) required to file a Substantial Stock Ownership Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Substantial Stockholder beneficially owns.

(3)  Acquisition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly or indirectly, and including the grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such acquiring or increasing person or Entity or Substantial Stockholder (a "**Proposed Transferee**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Proposed Transferee's taxpayer identification number and any person or Entity (other than the Debtors) required to file an Acquisition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferee beneficially owns or that such person or Entity plans to acquire or purchase.

(4)  Disposition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person or Entity or Substantial Stockholder (a "**Proposed Transferor**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer its beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction. At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be

redacted to exclude all but the last four (4) digits of the Proposed Transferor's taxpayer identification number and any person or Entity (other than the Debtors) required to file a Disposition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferor beneficially owns or that such person or Entity plans to dispose of or transfer.

(5)     Certain Pre-Approval Exceptions.  For the avoidance of doubt, a pre-transfer Trading Notice is not required to be filed in connection with a transfer of beneficial ownership of Common Stock (i) from a person to an entity that is disregarded for U.S. federal income tax purposes as being separate from the person (a "**Disregarded Entity**"), or from such Disregarded Entity to such person; (ii) from a person to a trust whose assets are treated as being solely owned by such person for U.S. federal income tax purposes (a "**Grantor Trust**"), or from such Grantor Trust to such person; (iii) from a Disregarded Entity to any one or more other Disregarded Entities or Grantor Trusts if the same person is treated as the owner or taxpayer with respect to all of the assets of such Disregarded Entities or Grantor Trusts for U.S. federal income tax purposes; and (iv) from a Grantor Trust to any one or more other Grantor Trusts or Disregarded Entities if the same person is treated as the owner or taxpayer with respect to all of the assets of such Grantor Trusts and Disregarded Entities for U.S. federal income tax purposes.  However, in the event of any such transfer for which a Trading Notice would otherwise have been required if the Disregarded Entities or Grantor Trusts involved had not been so disregarded for U.S. federal income tax purposes, that transferor or transferee shall no more than twenty (20) business days after the date of transfer serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice substantially similar to the equivalent Trading Notice (a "**Disregarded Transfer Notice**"); however, absent gross negligence or reckless or intentional disregard, the failure to timely file such notice shall not be subject to sanctions.

(6)     Objection Procedures.  The Debtors shall have ten (10) business days after the filing of a Trading Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, approving the Proposed Transaction prior to the Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the applicable Trading Notice.  Any further Proposed Transaction must be the subject of an additional Trading Notice and Objection Period.

## B.      **Noncompliance with the Procedures**

Any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of these Procedures (other than, for the avoidance of doubt, the Disregarded Transfer Notice) shall

RLF1 28018208v.1

be null and void *ab initio* pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.  Furthermore, any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of the Stock Procedures shall be subject to sanctions as provided by law.

**C.**      **Debtors' Right to Waive**

**The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated:      Wilmington, Delaware                    **BY ORDER OF THE COURT**
_____, 2022

**<u>Exhibit 2</u>**

**Notice of Substantial Stock Ownership**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

----------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **KABBAGE, INC. d/b/a KSERVICING**, *et al.*, | : | **Case No. 22-10951 (      )** |
| | : | |
| | : | |
| **Debtors.**[1] | : | **(Joint Administration Requested)** |

----------------------------------------------------------- x

### NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns (including directly and indirectly):

    (i)    _____ shares of Common Stock,[2] and/or

    (ii)    Options to acquire (directly or indirectly) _____ shares of Common Stock.

      **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

      For Common Stock and/or Options to acquire beneficial ownership of Common Stock that are owned directly by the Filer, the table sets forth (a) the number of shares of Common Stock and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

In the case of Common Stock and/or Options to acquire beneficial ownership of Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Beneficially Owned | Shares Underlying Options Beneficially Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____

Telephone: _____
Facsimile: _____
Date: _____

2

**Exhibit 3**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re           :  **Chapter 11**
              :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.,* :  **Case No. 22-10951 ( )**
              :
              :
    **Debtors.**[1]     :  **(Joint Administration Requested)**
---------------------------------------------------------- x

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE COMMON STOCK

    **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in an increase in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

    **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

    1. If the Proposed Transfer involves the purchase or acquisition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

    2. If the Proposed Transfer involves the purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired (directly or indirectly), and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired (Directly or Indirectly) | Shares Underlying Options to be Purchased or Acquired (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

2

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly)) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____
Telephone: _____
Facsimile: _____


Date: _____

## Exhibit 4

**Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------- x

In re                                                      :        **Chapter 11**

                                                       :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.,*   :        **Case No. 22-10951 (        )**

                                                       :

                                                       :

                   **Debtors.**[1]                       :        **(Joint Administration Requested)**

-------------------------------------------------------- x

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER COMMON STOCK

        **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed sale, transfer, or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in a decrease in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

        **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

        1.    If the Proposed Transfer involves the sale, transfer, or disposition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

        2.    If the Proposed Transfer involves the sale, transfer or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock and/or Options; (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of (directly or indirectly); and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Shares Underlying Options to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer, or disposition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of

2

Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____

_____

Telephone: _____
Facsimile: _____

Date: _____

**<u>Exhibit 5</u>**

**Notice of Interim Order**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF STOCK ISSUED BY KABBAGE, INC. D/B/A KSERVICING:**

Upon the motion (the "**Motion**") of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), on _____, 2022, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Kabbage, Inc. d/b/a KServicing, et al.*, No. _____ (__) (the "**Chapter 11 Cases**"), entered an interim order establishing procedures with respect to transfers in the beneficial ownership (including directly or indirectly) of common stock of the Debtors ("**Common Stock**") and options to acquire beneficial ownership of Common Stock, and scheduling a hearing on a final order with respect to such procedures.

In certain circumstances, the procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (i) is a Substantial Stockholder of the Common Stock or (ii) as a result of such a transaction, would become a Substantial Stockholder of the Common Stock.  For purposes of the procedures, a "**Substantial Stockholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns (including options to acquire and direct or indirect ownership) at least 1,848,370[1] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).  *Any prohibited acquisition or other transfer of Common Stock (including options to acquire beneficial ownership of Common Stock) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The procedures, as approved on an interim basis and as requested on a final basis, are available on the website of Omni Agent Solutions, Inc., the Debtors' Court-approved claims agent, located at https://omniagentsolutions.com/kservicing, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://pacer.gov.*

**A direct or indirect holder of, or prospective holder of, Common Stock that may be or become a Substantial Stockholder should consult the procedures.**

 **PLEASE TAKE NOTICE** that the final hearing on the Motion shall be held on _____, 2022, at _____ **(Prevailing Eastern Time),** and any objections or responses to the Motion shall be in writing, filed with the Court (with a copy delivered to Chambers), and served upon (i) (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Natasha S. Hwangpo and Chase A. Bentley); and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Amanda R. Steele and Zachary I. Shapiro); (b) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter and Rosa Sierra-Fox); in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on _____, 2022**.

---

[1] As of the Petition Date, there were 38,913,048 shares of common stock outstanding.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the procedures are in addition to the requirements of and applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

Dated:  Wilmington, Delaware     **BY ORDER OF THE COURT**
     _____, 2022

2

**<u>Exhibit B</u>**

**Proposed Final Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re                                          :        **Chapter 11**
                                               :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,  :        **Case No. 22-10951 (     )**
                                               :
                                               :
          **Debtors.**[1]                      :        **(Joint Administration Requested)**
---------------------------------------------------------- x

## FINAL ORDER ESTABLISHING
## NOTIFICATION PROCEDURES AND APPROVING
## <u>RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS</u>

Upon the motion, dated October 3, 2022 (the "**Motion**")[2] of Kabbage, Inc. d/b/a

KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a)

and 362 of the Bankruptcy Code authorizing the Debtors to establish procedures to protect the Tax

Attributes, all as more fully set forth in the Motion; and this Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided as required by the *Interim Order Establishing Notification Procedures and Approving*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).   Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*Restrictions on Certain Transfers of Interests in the Debtors* [Docket No. [•]] (the "**Interim Order**"); and such notice having been adequate and appropriate under the circumstances and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "**Interim Hearing**"); and the Court having entered the Interim Order; and the Court having held a hearing to consider the relief requested in the Motion on a final basis (the "**Final Hearing**"); and upon the First Day Declaration and the record of the Interim Hearing and the Final Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The provisions of this Final Order shall be effective as of the Petition Date.

3.      The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

4.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply on or after the Petition Date to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), as provided therein; *provided*, *that*, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

2

5.      Any acquisition, disposition, or trading in the beneficial ownership of (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date, in violation of the Procedures shall be null and void *ab initio* pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code (other than, for the avoidance of doubt, the Disregarded Transfer Notice).

6.      Any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date, in violation of this Final Order or the Procedures or that otherwise fails to comply with their requirements shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

7.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** are hereby approved.

8.      Within five (5) business days of the entry of this Order, the Debtors shall serve the notice of this Final Order (the "**Notice of Final Order**") substantially in the form annexed hereto as **Exhibit 5**, via first class mail and email or fax (if applicable), to (i) all parties that were served with notice of the Motion; and (ii) all registered holders of the Debtors debt and/or equity securities.  In addition, as soon as practicable after entry of the Final Order, the Debtors will publish the Notice of Final Order once in the national edition of *The New York Times*.  The Debtors will also post the Procedures to the website established by Omni Agent Solutions, Inc. for these Chapter 11 Cases (which website address shall be identified in the Notice of Final Order), such notice being

3

reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

9.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

11.     The relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Final Order expressly conditions or restricts trading in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

12.     Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13.     The requirements set forth in this Final Order are in addition to the requirements of applicable securities, corporate and other laws and do not excuse noncompliance therewith.

14.     The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted in this Final Order.

4

15.     This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation and/or enforcement of this Final Order.

**<u>Exhibit 1</u>**

**Procedures**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,  :    Case No. 22-10951 (      )
                                                             :
                                                             :
                        Debtors.[1]                          :    (Joint Administration Requested)
------------------------------------------------------------ x

**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES REGARDING
OWNERSHIP AND TRANSFERS OF INTERESTS IN THE DEBTORS**

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY INTERESTS
IN THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* (the "**Final Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 2022, Docket No. No. [____], the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock).[2]

A.    **Common Stock Restrictions**

(1)    Definitions.  For purposes of these Procedures, the following terms have the following meanings:

(a)    "**Common Stock**" shall mean any common stock issued by Kabbage, Inc. d/b/a KServicing. For the avoidance of doubt, by operation of the definition of Beneficial Ownership,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Final Order.

an owner of an Option to acquire Common Stock may be treated as the owner of such Common Stock.

(b)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(c)    "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**"), rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(d)    "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(e)    "**Substantial Stockholder**" shall mean any Entity or person that beneficially owns at least 1,848,370[3] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).

(2)    Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve via first class mail and email or fax (if applicable) upon (i) the Debtors, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309 (Attn: David Walker (dwalker@kservicecorp.com) and Holly Loiseau (hloiseau@kservicecorp.com)); (ii) proposed attorneys for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Natasha S. Hwangpo (natasha.hwangpo@weil.com) and Chase A. Bentley (chase.bentley@weil.com)); and (y) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Amanda R. Steele (steele@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com)); and (iii) attorneys for any statutory committee of unsecured creditors appointed in this case (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or

---

[3] As of the Petition Date, there were 38,913,048 shares of common stock outstanding.

2

(y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Substantial Stockholder's taxpayer identification number and any person or Entity (other than the Debtors) required to file a Substantial Stock Ownership Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Substantial Stockholder beneficially owns.

(3)     <u>Acquisition of Common Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly or indirectly, and including the grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such acquiring or increasing person or Entity or Substantial Stockholder (a "**Proposed Transferee**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Proposed Transferee's taxpayer identification number and any person or Entity (other than the Debtors) required to file an Acquisition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferee beneficially owns or that such person or Entity plans to acquire or purchase.

(4)     <u>Disposition of Common Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person or Entity or Substantial Stockholder (a "**Proposed Transferor**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer its beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction. At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Proposed Transferor's taxpayer identification number and any person or Entity (other than the Debtors) required to file a

Disposition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferor beneficially owns or that such person or Entity plans to dispose of or transfer.

(5)   Certain Pre-Approval Exceptions.   For the avoidance of doubt, a pre-transfer Trading Notice is not required to be filed in connection with a transfer of beneficial ownership of Common Stock (i) from a person to an entity that is disregarded for U.S. federal income tax purposes as being separate from the person (a "**Disregarded Entity**"), or from such Disregarded Entity to such person; (ii) from a person to a trust whose assets are treated as being solely owned by such person for U.S. federal income tax purposes (a "**Grantor Trust**"), or from such Grantor Trust to such person; (iii) from a Disregarded Entity to any one or more other Disregarded Entities or Grantor Trusts if the same person is treated as the owner or taxpayer with respect to all of the assets of such Disregarded Entities or Grantor Trusts for U.S. federal income tax purposes; and (iv) from a Grantor Trust to any one or more other Grantor Trusts or Disregarded Entities if the same person is treated as the owner or taxpayer with respect to all of the assets of such Grantor Trusts and Disregarded Entities for U.S. federal income tax purposes.   However, in the event of any such transfer for which a Trading Notice would otherwise have been required if the Disregarded Entities or Grantor Trusts involved had not been so disregarded for U.S. federal income tax purposes, that transferor or transferee shall no more than twenty (20) business days after the date of transfer serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice substantially similar to the equivalent Trading Notice (a "**Disregarded Transfer Notice**"); however, absent gross negligence or reckless or intentional disregard, the failure to timely file such notice shall not be subject to sanctions.

(6)   Objection Procedures.   The Debtors shall have ten (10) business days after the filing of a Trading Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice.   If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction shall not be effective unless approved by a final and nonappealable order of this Court.   If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, approving the Proposed Transaction prior to the Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the applicable Trading Notice.   Any further Proposed Transaction must be the subject of an additional Trading Notice and Objection Period.

## B.   **Noncompliance with the Procedures.**

Any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of these Procedures shall be null and void *ab initio* pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.   Furthermore, any person or Entity that acquires,

4

disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of these Procedures shall be subject to sanctions as provided by law.

**C.**     **Debtors' Right to Waive.**

**The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated:     Wilmington, Delaware                    **BY ORDER OF THE COURT**
                   _____, 2022

5

**<u>Exhibit 2</u>**

**Notice of Substantial Stock Ownership**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                              :    **Chapter 11**
                                                   :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,    :    **Case No. 22-10951 (      )**
                                                   :
                                                   :
               **Debtors.**[1]                     :    **(Joint Administration Requested)**
------------------------------------------------------------ x

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

   **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2022, Docket No. No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns (including directly and indirectly):

  (i) _____ shares of Common Stock,[2] and/or

  (ii) Options to acquire (directly or indirectly) _____ shares of Common Stock.

   **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

   **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

   For Common Stock and/or Options to acquire beneficial ownership of Common Stock that are owned directly by the Filer, the table sets forth (a) the number of shares of Common Stock and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

In the case of Common Stock and/or Options to acquire beneficial ownership of Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Beneficially Owned | Shares Underlying Options Beneficially Owned | Date(s) Acquired |
|-------|---------------|---------------------------|----------------------------------------------|------------------|
| Common Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**Exhibit 3**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

---------------------------------------------------------- x

In re                                              :      **Chapter 11**

                                                   :

**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,      :      **Case No. 22-10951 (      )**

                                                   :

                                                   :

        **Debtors.**[1]                            :      **(Joint Administration Requested)**

---------------------------------------------------------- x

**NOTICE OF INTENT TO PURCHASE,
ACQUIRE, OR OTHERWISE ACCUMULATE COMMON STOCK**

        **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in an increase in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

        **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

        1.    If the Proposed Transfer involves the purchase or acquisition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

        2.    If the Proposed Transfer involves the purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired (directly or indirectly), and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired (Directly or Indirectly) | Shares Underlying Options to be Purchased or Acquired (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

2

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

**<u>Exhibit 4</u>**

**Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

--------------------------------------------------------- x
In re                                                    :    **Chapter 11**
                                                         :
**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,            :    **Case No. 22-10951 (     )**
                                                         :
                                                         :
            **Debtors.**[1]                              :    **(Joint Administration Requested)**
--------------------------------------------------------- x

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER COMMON STOCK**

          **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors*, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed sale, transfer, or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in a decrease in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

          **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

          1.    If the Proposed Transfer involves the sale, transfer, or disposition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

          2.    If the Proposed Transfer involves the sale, transfer or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

would decrease the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock and/or Options; (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of (directly or indirectly); and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Shares Underlying Options to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer, or disposition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

2

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

3

**<u>Exhibit 5</u>**

**Notice of Final Order**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF STOCK ISSUED BY KABBAGE, INC. D/B/A KSERVICING:**

Upon the motion (the "**Motion**") of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), on _____, 2022, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Kabbage, Inc. d/b/a KServicing, et al.*, No. _____ (__) (the "**Chapter 11 Cases**"), entered a final order establishing procedures (the "**Procedures**") with respect to transfers in the beneficial ownership (including directly and indirectly) of common stock of the Debtors ("**Common Stock**") and options to acquire beneficial ownership of Common Stock.

In certain circumstances, the procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (i) is a Substantial Stockholder of the Common Stock or (ii) as a result of such a transaction, would become a Substantial Stockholder of the Common Stock.  For purposes of the procedures, a "**Substantial Stockholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns (including options to acquire and direct or indirect ownership) at least 1,848,370[1] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).  *Any prohibited acquisition or other transfer of Common Stock (including options to acquire beneficial ownership of Common Stock) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The Procedures are available on the website of Omni Agent Solutions, Inc., the Debtors' Court-approved claims agent, located at https://omniagentsolutions.com/kservicing, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.*

The requirements set forth in the Procedures are in addition to the requirements of applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, Common Stock that may be or become a Substantial Stockholder should consult the Procedures.**

Dated:      Wilmington, Delaware                          **BY ORDER OF THE COURT**
                  _____, 2022

---

[1] As of the Petition Date, there were 38,913,048 shares of common stock outstanding.