## EXHIBIT B

**Interim Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re                        :        **Chapter 11**

:

**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,  :        **Case No. 22-10951 (CTG)**

:

:

Debtors.[1]         :        **(Jointly Administered)**

:

:        **Ref. Docket No. 6**

---------------------------------------------------------- x

## INTERIM ORDER ESTABLISHING
## NOTIFICATION PROCEDURES AND APPROVING
## RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS

Upon the motion, dated October 3, 2022 (the "**Motion**")[2] of Kabbage, Inc. d/b/a

KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned

Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a)

and 362 of the Bankruptcy Code authorizing the Debtors to establish procedures to protect the Tax

Attributes, all as more fully set forth in the Motion; and this Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).   Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the interim relief requested in the Motion (the "**Hearing**"); and upon the Motion, the First Day Declaration, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The provisions of this Interim Order shall be effective as of the Petition Date.

3. The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

4. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply on or after the Petition Date to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), as provided therein; *provided*, *that*, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

5. Until further order of this Court to the contrary, any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and

including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date in violation of the Stock Procedures shall be null and void *ab initio* pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code (other than, for the avoidance of doubt, the Disregarded Transfer Notice).

6.      Any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) on or after the Petition Date in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

7.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** are hereby approved.

8.      Within five (5) business days of the entry of this Interim Order (or as soon as practicable thereafter), the Debtors shall serve the notice of this Interim Order (the "**Notice of Interim Order**") substantially in the form annexed hereto as **Exhibit 5**, via first class mail and email or fax (of applicable), to (i) all parties that were served with notice of the Motion; and (ii) all registered holders of the Debtors' debt and/or equity securities.  In addition, as soon as practicable after the entry of the Interim Order, the Debtors will publish the Notice of Interim Order once in the national edition of *The New York Times*.  In addition, the Debtors will post the Procedures to the website established by Omni Agent Solutions, Inc. for these Chapter 11 Cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures,

RLF1 28023190v.1

whether known or unknown, and no further notice of the Procedures shall be necessary.

9.       Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership in Common Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Common Stock) from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

10.      The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in the beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock), nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

11.      Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.      The requirements set forth in this Interim Order are in addition to the requirements of applicable securities, corporate and other laws and do not excuse noncompliance therewith.

13.      Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14.      The final hearing to consider the relief requested in the Motion shall be held on November 7, 2022 at 1:00 p.m. (Prevailing Eastern Time), and any objections or responses to the Motion shall be in writing, filed with the Court, and served on or prior to October 31, 2022 at

4:00 p.m. (Prevailing Eastern Time).

15.　　The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted in this Interim Order.

16.　　The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

**Dated: October 6th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

5

# Exhibit 1

## Procedures

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re                                                    :    **Chapter 11**
                                                         :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,            :    **Case No. 22-10951 (CTG)**
                                                         :
                                                         :
          **Debtors.**[1]                                :    **(Jointly Administered)**
---------------------------------------------------------- x

## NOTICES, RESTRICTIONS, AND OTHER PROCEDURES
## REGARDING OWNERSHIP AND TRANSFERS OF INTERESTS IN THE DEBTORS

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* (the "**Interim Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 2022, Docket No. ____, the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock).[2]

### A.    **Common Stock Restrictions**

(1)    Definitions. For purposes of these Procedures, the following terms have the following meanings:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Interim Order.

(a)        "**Common Stock**" shall mean any common stock issued by Kabbage, Inc. d/b/a KServicing.  For the avoidance of doubt, by operation of the definition of Beneficial Ownership, an owner of an Option to acquire Common Stock may be treated as the owner of such Common Stock.

(b)        "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(c)        "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**"), rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(d)        "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(e)        "**Substantial Stockholder**" shall mean any Entity or person that beneficially owns at least 1,848,370[3] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).

(2)    Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve via first class mail and email or fax (if applicable) upon (i) the Debtors, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309 (Attn: David Walker (dwalker@kservicecorp.com) and Holly Loiseau (hloiseau@kservicecorp.com)); (ii) proposed attorneys for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn:  Natasha S. Hwangpo (natasha.hwangpo@weil.com) and Chase A. Bentley (chase.bentley@weil.com)); and (y) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Amanda R. Steele (steele@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com)); and (iii) attorneys for any statutory committee of unsecured creditors appointed in this case (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or

---

[3] As of the Petition Date, there were 38,913,048 shares of common stock outstanding.

Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Substantial Stockholder's taxpayer identification number and any person or Entity (other than the Debtors) required to file a Substantial Stock Ownership Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Substantial Stockholder beneficially owns.

(3)     Acquisition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly or indirectly, and including the grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such acquiring or increasing person or Entity or Substantial Stockholder (a "**Proposed Transferee**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Proposed Transferee's taxpayer identification number and any person or Entity (other than the Debtors) required to file an Acquisition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferee beneficially owns or that such person or Entity plans to acquire or purchase.

(4)     Disposition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person or Entity or Substantial Stockholder (a "**Proposed Transferor**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer its beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction. At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be

redacted to exclude all but the last four (4) digits of the Proposed Transferor's taxpayer identification number and any person or Entity (other than the Debtors) required to file a Disposition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferor beneficially owns or that such person or Entity plans to dispose of or transfer.

(5)     Certain Pre-Approval Exceptions.  For the avoidance of doubt, a pre-transfer Trading Notice is not required to be filed in connection with a transfer of beneficial ownership of Common Stock (i) from a person to an entity that is disregarded for U.S. federal income tax purposes as being separate from the person (a "**Disregarded Entity**"), or from such Disregarded Entity to such person; (ii) from a person to a trust whose assets are treated as being solely owned by such person for U.S. federal income tax purposes (a "**Grantor Trust**"), or from such Grantor Trust to such person; (iii) from a Disregarded Entity to any one or more other Disregarded Entities or Grantor Trusts if the same person is treated as the owner or taxpayer with respect to all of the assets of such Disregarded Entities or Grantor Trusts for U.S. federal income tax purposes; and (iv) from a Grantor Trust to any one or more other Grantor Trusts or Disregarded Entities if the same person is treated as the owner or taxpayer with respect to all of the assets of such Grantor Trusts and Disregarded Entities for U.S. federal income tax purposes.  However, in the event of any such transfer for which a Trading Notice would otherwise have been required if the Disregarded Entities or Grantor Trusts involved had not been so disregarded for U.S. federal income tax purposes, that transferor or transferee shall no more than twenty (20) business days after the date of transfer serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice substantially similar to the equivalent Trading Notice (a "**Disregarded Transfer Notice**"); however, absent gross negligence or reckless or intentional disregard, the failure to timely file such notice shall not be subject to sanctions.

(6)     Objection Procedures.  The Debtors shall have ten (10) business days after the filing of a Trading Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, approving the Proposed Transaction prior to the Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the applicable Trading Notice.  Any further Proposed Transaction must be the subject of an additional Trading Notice and Objection Period.

## B.     **Noncompliance with the Procedures**

Any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of these Procedures (other than, for the avoidance of doubt, the Disregarded Transfer Notice) shall

4

be null and void *ab initio* pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.  Furthermore, any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of the Stock Procedures shall be subject to sanctions as provided by law.

## C.      Debtors' Right to Waive

**The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated:       Wilmington, Delaware                    **BY ORDER OF THE COURT**
                  _____, 2022

RLF1 28023190v.1

**<u>Exhibit 2</u>**

**Notice of Substantial Stock Ownership**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re                         :      **Chapter 11**

                              :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,   :      **Case No. 22-10951 (CTG)**

                              :

                              :

         **Debtors.**[1]           :      **(Jointly Administered)**

------------------------------------------------------------ x

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

         **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns (including directly and indirectly):

         (i)     _____ shares of Common Stock,[2] and/or

         (ii)    Options to acquire (directly or indirectly) _____ shares of Common Stock.

         **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

         **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

         For Common Stock and/or Options to acquire beneficial ownership of Common Stock that are owned directly by the Filer, the table sets forth (a) the number of shares of Common Stock and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

   In the case of Common Stock and/or Options to acquire beneficial ownership of Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Beneficially Owned | Shares Underlying Options Beneficially Owned | Date(s) Acquired |
|-------|---------------|---------------------------|----------------------------------------------|------------------|
| Common Stock | | | | |

(Attach additional pages if necessary.)

   [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

         Respectfully submitted,

         _____

         [Name of Filer]

         By: _____
         Name: _____

         Address: _____
         _____
         _____
         Telephone: _____
         Facsimile: _____
         Date: _____

2

## Exhibit 3

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re                           :      **Chapter 11**

                                   :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,  :      **Case No. 22-10951 (CTG)**

                                   :

                                   :

            **Debtors.**[1]           :      **(Jointly Administered)**

------------------------------------------------------------ x

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE COMMON STOCK

            **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in an increase in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

            **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

            1.    If the Proposed Transfer involves the purchase or acquisition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

            2.    If the Proposed Transfer involves the purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired (directly or indirectly), and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired (Directly or Indirectly) | Shares Underlying Options to be Purchased or Acquired (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly)) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

**Exhibit 4**

**Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                          :    **Chapter 11**
                                               :
**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,  :    **Case No. 22-10951 (CTG)**
                                               :
                                               :
      **Debtors.**[1]                          :    **(Jointly Administered)**
------------------------------------------------------------ x

**NOTICE OF INTENT TO SELL, TRADE,
OR OTHERWISE TRANSFER COMMON STOCK**

          **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed sale, transfer, or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in a decrease in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

          **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

          1.    If the Proposed Transfer involves the sale, transfer, or disposition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

          2.    If the Proposed Transfer involves the sale, transfer or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock and/or Options; (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of (directly or indirectly); and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Shares Underlying Options to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer, or disposition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (b) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of

2

Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____

Telephone: _____
Facsimile: _____

Date: _____

RLF1 28023190v.1

**Exhibit 5**

**Notice of Interim Order**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF STOCK ISSUED BY KABBAGE, INC. D/B/A KSERVICING:**

Upon the motion (the "**Motion**") of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), on October 3, 2022, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Kabbage, Inc. d/b/a KServicing, et al.*, No. 22-10951 (CTG) (the "**Chapter 11 Cases**"), entered an interim order establishing procedures with respect to transfers in the beneficial ownership (including directly or indirectly) of common stock of the Debtors ("**Common Stock**") and options to acquire beneficial ownership of Common Stock, and scheduling a hearing on a final order with respect to such procedures.

In certain circumstances, the procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (i) is a Substantial Stockholder of the Common Stock or (ii) as a result of such a transaction, would become a Substantial Stockholder of the Common Stock.  For purposes of the procedures, a "**Substantial Stockholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns (including options to acquire and direct or indirect ownership) at least 1,848,370[1] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).  *Any prohibited acquisition or other transfer of Common Stock (including options to acquire beneficial ownership of Common Stock) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The procedures, as approved on an interim basis and as requested on a final basis, are available on the website of Omni Agent Solutions, Inc., the Debtors' Court-approved claims agent, located at https://omniagentsolutions.com/kservicing, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://pacer.gov.*

**A direct or indirect holder of, or prospective holder of, Common Stock that may be or become a Substantial Stockholder should consult the procedures.**

　　　**PLEASE TAKE NOTICE** that the final hearing on the Motion shall be held on **November 7, 2022,** at **1:00 p.m. (Prevailing Eastern Time),** and any objections or responses to the Motion shall be in writing, filed with the Court (with a copy delivered to Chambers), and served upon (i) (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Natasha S. Hwangpo and Chase A. Bentley); and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Amanda R. Steele and Zachary I. Shapiro); (b) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter and Rosa Sierra-Fox); in each case so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on October 31, 2022.**

---

[1] As of the Petition Date, there were 38,913,048 shares of common stock outstanding.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the procedures are in addition to the requirements of and applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

Dated:      Wilmington, Delaware                    **BY ORDER OF THE COURT**
            _____, 2022

2