**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re                                       :     **Chapter 11**
                                            :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*, :  **Case No. 22-10951 (CTG)**
                                            :
                                            :  **(Jointly Administered)**
                                            :
Debtors.[1]                                 :  Objection Deadline: October 19, 2022 at 4:00 p.m. (ET)
                                            :  Hearing Date: October 26, 2022 at 10:30 a.m. (ET)
------------------------------------------------------------ x

**MOTION OF DEBTORS FOR**
**ENTRY OF ORDER ESTABLISHING PROCEDURES FOR INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully move and represent as follows in support of this motion (this "**Motion**"):

**Relief Requested**

1. By this Motion, pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors request authority to establish procedures for interim compensation and reimbursement of expenses incurred by attorneys and other professionals that will be retained pursuant to sections 327 or 1103 of the Bankruptcy Code and are required to file fee applications

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

RLF1 28074542v.1

pursuant to sections 328, 330, and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2. Specifically, the Debtors request that the payment of fees and reimbursement of expenses of Retained Professionals (as defined below) be structured in accordance with the Interim Compensation Procedures (as defined below).

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis In Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**") [Docket No. 13].[2]

## Retention of Professionals

7. Given the size and complex nature of these Chapter 11 Cases, the Debtors require the assistance of various professionals to efficiently manage these proceedings to successfully and timely emerge from chapter 11. Accordingly, the Debtors have filed, or intend to file, separate applications with the Court to employ and retain a number of professionals, including, without limitation: (i) Weil, Gotshal & Manges LLP ("**Weil**"), as general restructuring counsel, (ii) Richards, Layton & Finger, P.A. ("**RLF**"), as co-counsel, (iii) AlixPartners, LLP, as financial advisor, (iv) Omni Agent Solutions, Inc. ("**Omni**"), as claims and noticing agent and administrative agent, (v) Greenberg Traurig, LLP ("**Greenberg Traurig**"), as counsel to the board of directors of Kabbage, Inc. d/b/a KServicing, and (vi) Jones Day, as governmental investigations counsel (collectively, the "**Debtors' Professionals**"). The Debtors may also retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of these Chapter 11 Cases as the need arises. In addition, a statutory creditors' committee, if appointed, will likely retain professionals (collectively, with the Debtors' Professionals, the "**Retained Professionals**").[3]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[3] In addition, the Debtors have filed, or will soon file, a motion pursuant to sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"). Pursuant to the relief requested in such motion, Ordinary Course Professionals will not need to file individual retention applications and will be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses. Any Ordinary Course Professional

**Proposed Compensation and Reimbursement Procedures**

8.     The Debtors believe that establishing orderly procedures to pay the Retained Professionals will streamline the administration of these Chapter 11 Cases and otherwise promote efficiency for the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and all other parties in interest. Specifically, a streamlined process for serving interim fee applications and notices thereof is in the best interest of the Debtors because it will facilitate efficient review of the Retained Professionals' fees and expenses and will save the Debtors from incurring unnecessary expenses.

9.     Accordingly, the Debtors request that the Court authorize and establish procedures for the interim compensation and reimbursement of Retained Professionals on terms comparable to procedures approved in other large chapter 11 cases in this District, and in accordance with the following procedures (the "**Interim Compensation Procedures**"):

A. **Monthly Fee Application**

(i)   On or after the twentieth (20th) day of each calendar month, following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Retained Professional seeking interim allowance of its fees and expenses shall file with the Court an application, which will include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"). Retained Professionals may submit the first Monthly Fee Application, covering the period from the Petition Date through October 31, 2022, on or after November 20, 2022.

(ii)  Each Retained Professional that files a Monthly Fee Application will serve a copy of such Monthly Fee Application on the following parties by email (collectively, the "**Fee Notice Parties**"):

---

seeking payment of fees exceeding the monthly cap may be required to file a fee application pursuant to the procedures set forth in the Ordinary Course Professionals Proposed Order.

4

    (a) the Debtors, c/o Kabbage, Inc. d/b/a KServicing, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309 (Attn: Holly Loiseau, General Counsel);

    (b) proposed counsel for the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Candace M. Arthur (candace.arthur@weil.com), Natasha S. Hwangpo (natasha.hwangpo@weil.com), and Chase A. Bentley (chase.bentley@weil.com)) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Daniel J. DeFranceschi (defranceschi@rlf.com), Amanda R. Steele (steele@rlf.com), and Zachary I. Shapiro (shapiro@rlf.com));

    (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov) and Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)); and

    (d) counsel for any statutory committees appointed in these Chapter 11 Cases.

(iii) Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months.  All Monthly Fee Applications will comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

(iv) The deadline to object to any Monthly Fee Application is **4:00 p.m. (Eastern Prevailing Time)** on the **20th day** (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served (the "**Objection Deadline**").

(v) To object to a Retained Professional's Monthly Fee Application, the objecting party must (i) file with the Court a written objection (an "**Objection**") on or before the Objection Deadline and (ii) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties.

(vi) Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to an Objection.  After a Retained Professional files a CNO, the Debtors will promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

5

(vii) If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved Objections.

**B. Interim Fee Applications**

(i) Unless a chapter 11 plan has become effective, commencing with the period ending December 31, 2022, and at three-month intervals thereafter, Retained Professionals will file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through December 31, 2022.

(ii) Retained Professionals will file their applicable Interim Fee Applications on or before the **45th day**, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(iii) The Interim Fee Application will include a brief description identifying the following:

(a) the Monthly Fee Applications that are the subject of the request;

(b) the amount of fees and expenses requested;

(c) the amount of fees and expenses paid to date or subject to an Objection;

(d) the deadline for parties to file objections to the Interim Fee Application (such objections, the "**Additional Objections**"); and

(e) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

(iv) Additional Objections to any Interim Fee Application must be filed with the Court and served upon the affected Retained Professional and each of the Fee Notice Parties on or before **4:00 p.m. (Eastern Prevailing Time)** on the **20th day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

    (v)    The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

    (vi)    Each Retained Professional will serve its Interim Fee Application and final fee application upon the Fee Notice Parties. Each Retained Professional will serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice is necessary.

    (vii)    Each Retained Professional that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application and/or final fee application.

    (viii)    A pending Objection to compensation or reimbursement of a Retained Professional does not disqualify the Retained Professional from future compensation or reimbursement.

    (ix)    Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

    (x)    No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

10. In addition, as part of the Interim Compensation Procedures, any member of a statutorily-appointed committee in the Chapter 11 Cases may submit statements of expenses (excluding the fees and expenses of an individual committee member's third-party counsel) and supporting vouchers to the applicable committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Interim Compensation

Procedures; *provided that*, payment of such expenses may not be authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

## Relief Requested Should Be Granted

11.    The Bankruptcy Code authorizes compensating the Retained Professionals and establishing the Interim Compensation Procedures. Section 330(a)(1) of the Bankruptcy Code provides that "the court may award . . . a professional person employed under section 327 or 1103—(A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Bankruptcy Rule 2016(a) provides that any application seeking such compensation or reimbursement shall set forth a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

12.    With respect to the Court's review of any such application, section 330(a)(3) of the Bankruptcy Code provides as follows:

> [T]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

8

>   (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3).

13. In addition, the Bankruptcy Code provides for allowance and disbursement of professional compensation on an interim basis. Under section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days or more often if the Court permits. Specifically, section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of the Court, section 331 of the Bankruptcy Code limits payment of fees and expenses to Retained Professionals rendering services in these Chapter 11 Cases to three times per year.

14. Additionally, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts may use their discretionary authority under section 105(a) of the Bankruptcy Code because, while section 331 of the Bankruptcy Code "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

Accordingly, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *Id*. (citations omitted).

15. The complexity of these Chapter 11 Cases and the amount of time and effort that will be required of the Retained Professionals to successfully execute the Debtors' chapter 11 strategy justifies the approval of the Interim Compensation Procedures. The Interim Compensation Procedures are necessary to ensure that Retained Professionals are fairly and timely compensated for their services in these cases and are not forced to bear undue financial burden or risk caused by delays in payment. Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally burdensome on the Debtors, the Retained Professionals, the Court, and other parties.

16. Further, in contrast to the four-month default period under section 331 of the Bankruptcy Code, the proposed Interim Compensation Procedures provide for monthly review, enabling the Debtors to closely monitor the costs of administering these Chapter 11 Cases, maintain appropriate cash flows, and implement efficient cash management procedures. Moreover, the Interim Compensation Procedures will allow the Court and key parties in interest to monitor the reasonableness and necessity of the compensation and reimbursement sought by the Retained Professionals. Based upon the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors' estates, creditors, and all parties in interest, and therefore should be approved.

## Notice

17. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade

Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) the Banks; (m) all Retained Professionals; and (n) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors believe that no further notice is required.

## No Prior Request

18.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 11, 2022
       Wilmington, Delaware

                                                  */s/ Matthew P. Milana*
                                                  RICHARDS, LAYTON & FINGER, P.A.
                                                  Daniel J. DeFranceschi (No. 2732)
                                                  Amanda R. Steele (No. 5530)
                                                  Zachary I. Shapiro (No. 5103)
                                                  Matthew P. Milana (No. 6681)
                                                  One Rodney Square
                                                  920 North King Street
                                                  Wilmington, Delaware 19801
                                                  Telephone: (302) 651-7700
                                                  E-mail: defranceschi@rlf.com
                                                               steele@rlf.com
                                                               shapiro@rlf.com
                                                               milana@rlf.com

                                                  -and-

                                                  WEIL, GOTSHAL & MANGES LLP
                                                  Ray C. Schrock, P.C. (admitted *pro hac vice*)
                                                  Candace M. Arthur (admitted *pro hac vice*)
                                                  Natasha S. Hwangpo (admitted *pro hac vice*)
                                                  Chase A. Bentley (admitted *pro hac vice*)
                                                  767 Fifth Avenue
                                                  New York, New York 10153
                                                  Telephone:   (212) 310-8000
                                                  E-mail:       ray.schrock@weil.com
                                                                candace.arthur@weil.com
                                                                natasha.hwangpo@weil.com
                                                                chase.bentley@weil.com

                                                *Proposed Attorneys for Debtors*
                                                *and Debtors in Possession*