UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------- x
                     :
In re                   :       **Chapter 11**
                     :
**KABBAGE, INC. d/b/a KSERVICING, *et al.*,**   :       **Case No. 22-10951 (CTG)**
                     :
          **Debtors.**[1]        :       **(Jointly Administered)**
                     :
                     :       **Obj. Deadline: October 19, 2022 at 4:00 p.m. (ET)**
                     :       **Hearing Date: October 26, 2022 at 10:30 a.m. (ET)**
---------------------------------------------------------- x

## MOTION OF DEBTORS FOR ENTRY OF ORDER (I) ESTABLISHING A GENERAL BAR DATE TO FILE PROOFS OF CLAIM, (II) ESTABLISHING A BAR DATE TO FILE PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING AN AMENDED SCHEDULES BAR DATE, (IV) ESTABLISHING A REJECTION DAMAGES BAR DATE, (V) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, (VI) APPROVING THE PROPOSED NOTICE OF BAR DATES, (VII) APPROVING PROCEDURES WITH RESPECT TO SERVICE OF THE PROPOSED NOTICE OF BAR DATES, AND (VIII) GRANTING RELATED RELIEF

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully move and represent as follows in support of this motion (this "**Motion**"):

### Relief Requested

1.      By this Motion, the Debtors request, pursuant to sections 105(a), 502(b)(9), and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "**Local Rules**"), that the Court:

a. establish **November 28, 2022** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but <u>not</u> including any governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, and unsecured non-priority claims (the "**General Bar Date**"), unless otherwise provided herein;

b. establish **April 3, 2023** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**");

c. establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of a previously unscheduled claim, an amendment to the Schedules (which, for the avoidance of doubt, shall include a change to whether a claim is listed on the Schedules as "contingent," "unliquidated," or "disputed,") or a supplement to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**");

d. establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[2] (the "**Rejection Damages Bar Date**," and, collectively with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**");

e. approve the Debtors' proposed procedures for filing Proofs of Claim;

f. approve the Debtors' proposed form of Proof of Claim attached as **<u>Exhibit 1</u>** to the Proposed Order (as defined below) (the "**Proof of Claim Form**");

---

[2] Provided that notwithstanding the foregoing, a party to an executory contract or unexpired lease that has not been rejected by the Debtors by the date of entry of the Bar Date Order who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in this Motion or the Proposed Order applies.

g.      approve the Debtors' proposed procedures for providing notice of the Bar Dates, including (i) the form of notice, substantially in the form annexed as **Exhibit 2** to the Proposed Order (as defined below) (the "**Bar Date Notice**"), (ii) the proposed notice procedures with respect to providing notice of the Bar Dates to Borrowers (as defined below), and (iii) the form of publication notice of the Bar Dates (the "**Publication Notice**"); and

h.      grant related relief.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**" or "**Bar Date Order**").

## Jurisdiction and Venue

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On October 3, 2022 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

4.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Local

RLF1 28074910v.1

Rules.  Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

5.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis In Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13] (the "**First Day Declaration**").[3]

### The Proposed Bar Dates

**A.     Summary**

6.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed.  Further, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the Debtors' schedules of assets and liabilities (the "**Schedules**")[4] or (b) is scheduled as disputed, contingent, or unliquidated must file a Proof of Claim by a bar date fixed by the Court.  Bankruptcy Rule 3003(c)(2) also provides that "any creditor who fails to [file a Proof of Claim by the bar date fixed by the court] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).  Section 502(b)(9) of the Bankruptcy Code provides that Governmental Units shall have a minimum of 180 days after the date on which a case is commenced to file proofs of claim. *See* 11 U.S.C. § 502(b)(9).  Additionally, Local Rule 2002-1(e) provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interest." Bankr. D. Del. L.R. 2002-1(e).

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[4] The Debtors intend to file their Schedules on or about October 24, 2022.

4

7.     Here, the Debtors propose to allow at least thirty (30) days' notice of each of the General Bar Date, the Amended Schedules Bar, and the Rejection Damages Bar Date. Additionally, the Debtors propose to provide Governmental Units with 180 days from the Petition Date to file a Proof of Claim in accordance with section 502(b)(9) of the Bankruptcy Code.  The Debtors respectfully submit that the proposed Bar Dates and the procedures set forth below (the "**Procedures**") will give the Debtors' creditors adequate notice and ample opportunity to prepare and file Proofs of Claim.

**B.     The General Bar Date**

8.     The Debtors request that the Court establish **November 12, 2022** at **5:00 p.m. (Prevailing Eastern Time)** as the General Bar Date.  The General Bar Date would be the date by which any person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but <u>not</u> including Governmental Units) must file a Proof of Claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including secured claims, unsecured priority claims, and unsecured non-priority claims, so that such Proofs of Claim are actually received by Omni Agent Solutions, the Debtors' claims and noticing agent ("**Omni**"), on or before the General Bar Date, unless such person's or entity's claim falls within one of the exceptions set forth in this Motion.

**C.     The Governmental Bar Date**

9.     Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."  11 U.S.C. § 502(b)(9).

10.     The Debtors request that the Court establish **March 31, 2023, 2022** at **5:00 p.m. (Prevailing Eastern Time)** as the Governmental Bar Date in these Chapter 11 Cases.  The

5

Governmental Bar Date would apply to all Governmental Units holding claims against the Debtors (without limitation, whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including Governmental Units with claims against the Debtors for unpaid taxes, whether such claims arose from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.  All Governmental Units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by Omni on or before the Governmental Bar Date.

**D.    The Amended Schedules Bar Date**

11.    In the event the Debtors amend or supplement their Schedules, the Debtors request that the Court establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of the previously unscheduled claim, an amendment to the Schedules (which, for the avoidance of doubt, shall include a change to whether a claim is listed on the Schedules as "contingent," "unliquidated," or "disputed,") or a supplement to the Schedules** as the deadline on or before which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim, so that such Proofs of Claim are actually received by Omni on or before the Amended Schedules Bar Date.

**E.    The Rejection Damages Bar Date**

12.    The Debtors request that the Court establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtors** as the deadline on or before which claimants holding claims for damages arising from such rejection must file Proofs of Claim with

6

respect to such rejection, so that such Proofs of Claim are actually received by Omni on or before the Rejection Damages Bar Date.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that has not been rejected by the Debtors by the date of entry of the Bar Date Order that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date.

### The Proposed Procedures for Filing Proofs of Claim

#### A.    Parties Required to File Proofs of Claim

13.    Except as otherwise set forth herein, the Debtors propose that the following persons or entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim on or before the applicable Bar Date:

    a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

    b.    any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

    c.    any person or entity that believes that any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules.

#### B.    Parties Not Required to File Proofs of Claim

14.    The persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) who hold the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

7

a.      any claim listed on the Schedules filed by the Debtors; <u>provided</u>, <u>that</u> (i) the claim is <u>not</u> listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, <u>and</u> (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b.      any claim as to which the holder already has filed a signed Proof of Claim with Omni against the respective Debtor(s) with respect to the claim being asserted, utilizing the Proof of Claim Form or the Official Bankruptcy Form No. 410 (the "**Official Form 410**"), and has otherwise complied with the Procedures;

c.      an administrative expense allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code);

d.      any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

e.      any claim that has been paid in full or will be paid in full in accordance with the Bankruptcy Code or an order of this Court;

f.      any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

g.      any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u>, <u>that</u> if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures set forth herein;

h.      a claim held by a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; <u>provided</u>, <u>that</u> a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date, including, but not limited to, claims with respect to wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors; and

j.      any claim held by a Debtor or non-Debtor subsidiary or affiliate against another Debtor.

C.      **Requirements for Preparing and Filing Proofs of Claim**

**The Proposed Procedures for Filing Proofs of Claim**

15.      The Debtors propose the following Procedures for filing Proofs of Claim:

a.      Proofs of Claim must conform substantially to either (i) the Proof of Claim Form or (ii) Official Form 410;[5]

b.      Proofs of Claim must be (i) filed electronically through the Omni's Proof of Claim website for these cases at https://omniagentsolutions.com/kservicing by following instructions for filing proofs of claim electronically; (ii) by transmitting the original proof of claim by hand delivery, U.S. Postal Service mail, or overnight delivery to Omni's Claims Processing Center for the Debtors at Kabbage, Inc. d/b/a KServicing, et al. Claims Processing c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.

c.      Proofs of Claim will be deemed filed only when <u>received</u> by Omni on or before the applicable Bar Date;

d.      Proofs of Claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language and (iv) be denominated in United States currency;

e.      Proofs of Claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor. If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Kabbage, Inc. d/b/a KServicing;

f.      Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **<u>will not</u>** be accepted.

---

[5] The Official Form 410 can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.  The Proof of Claim Form can be found at https://omniagentsolutions.com/kservicing, the website established by Omni for the Debtors' Chapter 11 Cases.

## Consequences of Failure to File a Proof of Claim

16.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that any holder of a claim against any of the Debtors that is required to file a Proof of Claim on account of a prepetition claim in accordance with the Proposed Order but fails to do so on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting on a chapter 11 plan and distribution in these Chapter 11 Cases on account of such claim.

## Notice of the Bar Dates

### A.    Bar Date Notice

17.    Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (*l*), the Debtors propose to provide notice of the Bar Dates to all parties in interest, other than Borrowers, in accordance with the following Procedures:

a.    Within five (5) business days of entry of an order granting the relief requested herein (the "**Bar Date Order**") or within five (5) business days after the Debtors file their Schedules, whichever is later, the Debtors propose to cause to be mailed (i) a copy of the Proof of Claim Form and (ii) the Bar Date Notice, substantially in the form annexed as **Exhibit 2** to the Proposed Order to the following parties:

   i.    the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**");

   ii.    counsel to any statutorily appointed committee in these Chapter 11 Cases;

   iii.    all known creditors and other known holders of potential claims against any of the Debtors' estates;

   iv.    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

   v.    all parties to pending litigation against the Debtors (as of the date of entry of the Bar Date Order);

   vi.    all persons or entities who have filed claims (as of the date of entry of the Bar Date Order);

vii.     all parties who have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of the Bar Date Order);

viii.     all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order);

ix.     all current and former employees of the Debtors (to the extent that contact information for former employees is available in the Debtors' records;

x.     all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

xi.     the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units;

xii.     all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

xiii.     all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities;

xiv.     such additional persons and entities deemed appropriate by the Debtors; and

xv.     to the extent not already included above, all parties (other than Borrowers) listed on the Debtors' consolidated creditor matrix [Docket No. 20] and any amendments or supplements thereto.

b.     The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Omni for the Debtors' cases: https://omniagentsolutions.com/kservicing.

18.     The proposed Bar Date Notice notifies parties of (i) the Bar Dates; (ii) who must file a Proof of Claim on account of a prepetition claim; (iii) the Procedures for filing a Proof of Claim on account of a prepetition claim; (iv) the consequences of failing to timely file a Proof of Claim on account of a prepetition claim; and (v) where parties can find further information with respect to the Debtors' Chapter 11 Cases.  The Debtors request that service of the Bar Date Notice be deemed to constitute good and sufficient notice of the Bar Dates in accordance with Bankruptcy Rule 2002(a)(7).

11

B.    **The Borrower Notice**

19.    The Debtors service over 48,000 loans, with approximately 456,000 current and former borrowers (the "**Borrowers**").  Given the volume of Borrowers, serving the six-page Bar Date Notice on each Borrower at over 456,000 individual addresses would be burdensome and time-consuming and would result in a significant waste of estate resources with no clear benefit to Borrowers that could not be achieved through other means, including those described herein. Omni estimates that the cost of postage alone to mail the Bar Date Notice to a total of approximately 456,000 Borrowers would exceed $684,000.00.  In addition to postage, however, the Debtors would be required to pay for copying charges, printing charges, overhead costs, and hourly fees for professionals.

20.    Therefore, to ensure that the Debtors provide sufficient notice of the Bar Dates to their Borrowers while preserving valuable estate resources, the Debtors are seeking to serve Borrowers with the Bar Date Notice by email, in accordance with the procedures approved in the *Order (I) Authorizing the Debtors to (A) File and Maintain Consolidated Creditor Lists, and (B) Redact Certain Personal Identification Information for Individuals, (II) Approving Special Electronic Noticing Procedures, and (III) Granting Related Relief* [Docket No. 77] (the "**Creditor Matrix Order**"), provided however, that in the event the Debtors do not have a valid email address for a Borrower, the Debtors receive a "bounce back" notice, or the Borrower opts out of email noticing (each, a "**Mail Notice Borrower**"), the Debtors will serve such Borrowers by mail, if the mailing address is available, also in accordance with the procedures approved in the Creditor Matrix Order, with a specific, tailored notice of the Bar Dates (the "**Borrower Notice**") on a 4¼" x 6" postcard, substantially in the form annexed to the Proposed Order as **Exhibit 3**, via first-class presort postage or the most cost-effective method available within five (5) business days of the entry of the Bar Date Order.

12

21.     In addition, as described below, the Debtors propose publication of the Publication Notice in two national publications.  The Debtors will also publish the Bar Date Notice on the website established by Omni (https://omniagentsolutions.com/kservicing)[6] and on the Debtors' website (https://omniagentsolutions.com/kservicing).  This will ensure sufficient notice to all Borrowers as a supplement to the notice procedures described directly above.

22.     The Debtors submit that the Bar Date Notice, the Borrower Notice and the Publication Notice provide Borrowers with sufficient notice of the Bar Dates.

**C.     Publication Notice**

23.     In addition to the foregoing, the Debtors intend to supplement notice of the Bar Dates by providing notice by publication consistent with Bankruptcy Rule 2002(*l*).  *See* Fed. R. Bankr. P. 2002(*l*) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice.").  The Publication Notice will be substantially similar to the Bar Date Notice and will only omit provisions that are not applicable or not absolutely necessary, for cost savings purposes only.  The Debtors propose to publish the Publication Notice, with any necessary modifications for ease of publication, once in each of the national editions of *The New York Times* and *USA Today*, subject to applicable publication deadlines, at least twenty-one (21) days prior to the General Bar Date, or as soon as practicable thereafter.  Additionally, the Debtors also request authority, in their sole discretion, to publish the Publication Notice in additional national and/or local newspapers, trade journals, or similar publications.

---

[6] Omni's website also already includes or will include information that (i) advises Borrowers under what circumstances they must file a Proof of Claim; (ii) alerts Borrowers to the consequences of failing to file a timely Proof of Claim; (iii) sets forth the address to which Proofs of Claim must be sent for filing; and (iv) notifies Borrowers that (a) Proofs of Claim must be filed with original signatures and (b) facsimile or email filings of Proofs of Claim are not acceptable and are not valid for any purpose.

## Relief Requested Should be Granted

**A.      Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases**

24.      Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than with respect to the provisions of section 502(b)(9) of the Bankruptcy Code relating to Governmental Units).

25.      Establishing a bar date allows a debtor to expeditiously determine and evaluate the liabilities of the estates.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the debtor in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

26.      The Procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and thus are designed to achieve administrative and judicial efficiency.   Indeed, the proposed Procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these Chapter

14

11 Cases to move forward quickly with minimal administrative expense and delay, on the other hand.

27.     The Debtors' proposed Procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary, protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties.  The proposed Procedures comply with the Bankruptcy Code and provide the Debtors with flexibility in case the need arises for supplemental bar dates or situations in which a creditor's claim status may change during these Chapter 11 Cases (such as in the event of rejections of executory contracts or unexpired lease).

### B.     The Proposed Procedures Are Reasonably Calculated to Provide Due and Proper Notice

28.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address.  Additionally, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

29.     The Debtors propose to mail or e-mail, as applicable, the Bar Date Notice to their known creditors and the Borrowers (other than Mail Notice Borrowers), mail the Borrower Notice on the Mail Notice Borrowers, if addresses are available, and to rely on the Publication Notice to give notice to any unknown creditors.  This Court and other courts have exercised their discretion in approving similar noticing procedures in comparable circumstances. *See In re Renovate America, Inc.*, Case No. 20-13172-LSS (Bankr. D. Del. Mar. 17, 2021) [D.I. 333] (order

establishing bar date to file proofs of claim and permitting notice to borrowers utilizing the debtors' financing products via (i) electronic mail to any valid e-mail address on file with the debtors and (ii) first-class mail to the last known physical address, if any, on file with the debtors); *In re 24 Hour Fitness Worldwide, Inc.,* Case No. 20-11558-KBO (Bankr. D. Del. Aug. 24, 2020) [D.I. 785] (order establishing bar date to file proofs of claims and permitting email notice to former guests and members of facilities managed by debtors); *see also In re Ditech Holding Corp.,* Case No. 19-10412-(JLG) (Bankr. S.D.N.Y. Mar. 19, 2019) [D.I. 211] (case management order approving email service of documents to parties required to receive bankruptcy notice pursuant to Bankruptcy Rule 2002).

30.     The Proposed Order provides that the Debtors will provide at least thirty (30) days' notice to all known creditors.  Specifically, Omni will have five (5) business days from the date of entry of the Proposed Order or five (5) business days following the filing of the Debtors' Schedules, whichever is later, to complete service of the Bar Date Notice and Borrower Notice.  Omni has advised the Debtors that it expects to complete the service within that timeframe. Omni also will post the Proof of Claim Form, along with instructions for filing Proofs of Claim, on the website established in these Chapter 11 Cases: https://omniagentsolutions.com/kservicing. The Bar Date Notice also will provide that the Debtors' Schedules may be accessed through the same website or by contacting Omni at (866) 956-2138 (toll free) or (747) 226-5953 (international) or by e-mail at KServicingInquiries@OmniAgnt.com.

31.     Further, because the proposed Procedures will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the proposed Procedures are reasonably calculated to provide due and proper notice to all parties that

16

may wish to assert a claim in these Chapter 11 Cases and provide sufficient time for all parties in interest, including foreign creditors, to assert their claims against the Debtors.

32.     The relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.  Specifically, the Debtors propose to (i) cause the Bar Date Notice and Borrower Notice to be served within five (5) business days after the entry of the Bar Date Order or the filing of the Debtors' Schedules, and (ii) cause the Publication Notice to be published at least twenty-one (21) days prior to the General Bar Date.

33.     In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors propose to give notice of any such filing, amendment, or supplement to the holders of affected claims, whereby such holders will have no less than thirty (30) days from the notice date to file Proofs of Claim with respect to their claims.  Similarly, in the event the Debtors reject an executory contract or unexpired lease, the Debtors propose that holders of claims arising from such rejection, if any, shall be required to file claims on account of such rejection by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following service of an order approving such rejection.

34.     In sum, the relief requested in this Motion provides for clear, due, and proper notice of the Bar Dates under the circumstances, satisfies the requirements of the Bankruptcy Rules, and is consistent with the underlying policies of the Bankruptcy Code. Accordingly, no further or other notice of the Bar Dates is necessary.

**<u>Objections to Claims and Reservation of Rights</u>**

35.     The Debtors reserve all rights and defenses with respect to any Proof of Claim, including the right to object to any claim on any grounds.  The Debtors also reserve all

rights and defenses to any claim listed on the Schedules, including the right to dispute any such claim and assert any offsets or defenses thereto. To the extent the Debtors dispute any claim listed on the Schedules and such claim is not already listed as "disputed," "contingent," or "unliquidated," the Debtors reserve their rights to amend and supplement their Schedules as appropriate.

36.     Further, the Debtors reserve the right to seek further order(s) of the Court to fix a deadline by which holders of claims not subject to the Bar Dates must file Proofs of Claim against the Debtors.

37.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## **Notice**

38.     Notice of this Motion will be provided to (a) the office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors believe that no further notice is required.

### **No Prior Request**

39.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 11, 2022
       Wilmington, Delaware

*/s/ Matthew P. Milana*
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele, Esq. (No. 5530)
Zachary I. Shapiro, Esq. (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
E-mail:       defranceschi@rlf.com
                steele@rlf.com
                shapiro@rlf.com
                milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
E-mail:       ray.schrock@weil.com
                candace.arthur@weil.com
                natasha.hwangpo@weil.com
                chase.bentley@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

20