**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **KABBAGE, INC. d/b/a KSERVICING, *et al.*,** | **Case No. 22-10951 (CTG)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | **Obj. Deadline: October 31, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: November 7, 2022 at 1:00 p.m. (ET)** |

**APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN GREENBERG TRAURIG, LLP AS SPECIAL COUNSEL TO THE BOARD OF DIRECTORS OF KABBAGE, INC. D/B/A KSERVICING EFFECTIVE AS OF THE PETITION DATE**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):[2]

## Relief Requested

1. By this Application, pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined herein). Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

of Delaware (the "**Local Rules**"), the Debtors request entry of an order (i) authorizing the Debtors to employ and retain Greenberg Traurig, LLP ("**Greenberg Traurig**" or the "**Firm**") as special counsel to the Board of Directors of Kabbage, Inc. d/b/a KServicing (the "**Board**") in the above-captioned chapter 11 cases, effective as of the Petition Date, to advise the Board on the exercise of its duties and responsibilities and to perform such other services as the Board may require; (ii) directing that copies of all notices, pleadings, and other documents filed in these cases and any and all related adversary proceedings be served upon Greenberg Traurig, as special counsel to the Board; and (iii) granting related relief.

2. In support of this Application, the Debtors submit (i) the declaration of David B. Kurzweil, a shareholder of Greenberg Traurig, annexed hereto as **Exhibit A** and incorporated herein by reference (the "**Kurzweil Declaration**"), and (ii) the declaration of Holly Loiseau, the General Counsel and Secretary for the Debtors, annexed hereto as **Exhibit B** and incorporated herein by reference.

3. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

**Jurisdiction**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

6. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above-captioned case.

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of the Chapter 11 Petitions and First-Day Relief* (the "**First Day Declaration**") [Docket No. 13], filed on the Petition Date in these Chapter 11 Cases.

8. The Debtors' Board is comprised of four directors: Robin Gregg, Eric Hartz, Laquisha Milner, and Lawrence X. Taylor (collectively, the "**Directors**"). Ms. Gregg and Mr. Hartz have served on the Board since October 2020, immediately following the sale of most of the Debtors' assets to affiliates of American Express (the "**AmEx Transaction**"). Ms. Milner was elected to the Board on March 19, 2021. The Board subsequently determined that it would be in the best interests of the Debtors to expand the Board to four directors, and on August 31, 2022, the Board elected Mr. Taylor as a director.

9. The Board engaged Greenberg Traurig on August 13, 2022, to advise the Board with respect to corporate governance matters and the exercise of the Directors' duties with respect to matters arising in and related to these Chapter 11 Cases.

**Greenberg Traurig's Qualifications**

10. The Debtors seek to retain Greenberg Traurig as special counsel to the Board given the Firm's extensive knowledge, expertise, and experience in the field of restructuring and corporate governance. The Board requires separate counsel to assist in the exercise of its fiduciary duties during these Chapter 11 Cases due to the complexities of the cases and the unique issues presented. The Debtors believe that retaining knowledgeable and experienced independent counsel to advise the Board is appropriate and necessary to maximize the value of the Debtors' estates and allow the Board to diligently perform its duties.

11. The Debtors believe that Greenberg Traurig is uniquely well qualified to advise the Board in connection with the performance of the Board's fiduciary duties during these Chapter 11 Cases. Greenberg Traurig is an international law firm with approximately 2,500 attorneys in 43 offices. The members of the Firm practice in almost every practice area, including corporate governance, bankruptcy, workouts, finance, litigation, business, tax, labor, corporate, employment, securities, and commercial law. In addition, Greenberg Traurig has advised numerous boards of directors, debtors, creditors, and other interested parties, in large and complex chapter 11 cases throughout the United States. As set forth in the Kurzweil Declaration, Greenberg Traurig's knowledge, expertise, and experience will enable the Firm to perform its services to the Board in an efficient and cost-effective manner. Accordingly, the Debtors submit that Greenberg Traurig should be retained as special counsel to the Board in these Chapter 11 Cases effective as of the Petition Date.

**Professional Compensation and Expense Reimbursement**

12. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). Greenberg Traurig intends to apply for compensation for

professional services rendered in connection with these Chapter 11 Cases, subject to the approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg Traurig. A statement pursuant to Bankruptcy Rule 2016 and section 329 of the Bankruptcy Code is incorporated herein by reference.

13. Greenberg Traurig has advised the Debtors and the Board that the current hourly rates applicable to the principal attorneys proposed to advise the Board are:

| Professional | Hourly Rate |
|---|---|
| Anthony W. Clark | $1,565 |
| David B. Kurzweil | $1,540 |
| Brian Greer | $1,125 |
| Dennis A. Meloro | $1,255 |
| Matthew A. Petrie | $870 |

14. Other attorneys and paralegals will render services to and advise the Board, as needed. Generally, Greenberg Traurig's hourly rates are in the following ranges:

| Professional | Hourly Rate |
|---|---|
| Shareholders | $600 - $1,700 |
| Of Counsel | $825 - $1,685 |
| Associates | $550 - $870 |
| Legal Assistants/Paralegals | $340 - $475 |

15. Greenberg Traurig has explained to the Debtors and the Board that the hourly rates set forth above (a) are set at a level designed to fairly compensate Greenberg Traurig

for its work and to cover fixed and routine overhead expenses, (b) are standard for services of this nature inside or outside bankruptcy, and (c) remain subject to periodic, Firm-wide adjustments in the ordinary course of Greenberg Traurig's business.

16. It is Greenberg Traurig's policy to charge its clients in all areas of practice and for all other expenses incurred in connection with the client's matters. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Greenberg Traurig will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to Greenberg Traurig's clients outside of bankruptcy. Greenberg Traurig believes that these expenses should be fairly charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

17. In addition, Greenberg Traurig intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Kurzweil Declaration, and related documents, as well as any monthly fee statements or interim or final fee applications and related issues. Greenberg Traurig also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases*, effective as of

November 1, 2013 (the "**Fee Guidelines**"), both in connection with this Application and any interim and final fee applications to be filed by Greenberg Traurig in these Chapter 11 Cases.[3]

18. Other than as set forth herein, there is no proposed arrangement to compensate Greenberg Traurig. Greenberg Traurig has not shared, nor agreed to share, (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel, associates, and employees of Greenberg Traurig, or (b) any compensation another person or party has received or may receive.

19. During the 90-day period prior to the Petition Date, Greenberg Traurig received payments and advances in the aggregate amount of $512,388.50, including an evergreen retainer of $250,000 (the "**Retainer**"). A summary of the payments invoiced and received by Greenberg Traurig in the 90 days prior to the Petition Date is set forth in **Attachment 3** to the Kurzweil Declaration. After reconciliation and application of the Retainer to amounts incurred prior to the Petition Date for approved invoices, Greenberg Traurig holds the balance of the Retainer in the amount of $202,706.50 (the "**Retainer Balance**") as security during these Chapter 11 Cases until Greenberg Traurig's fees and expenses are awarded by final order of this Court and payable to Greenberg Traurig.

20. In this district, evergreen retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's."). Greenberg Traurig believes that its request for approval of an evergreen retainer in these Chapter 11 Cases satisfies the five-part test articulated by Judge Carey in *Insilco*. First,

[3] Further information regarding Greenberg Traurig's compliance with the Fee Guidelines is set forth in the Kurzweil Declaration.

Greenberg Traurig submits that the proposed terms of its engagement reflect normal business terms in the marketplace. Second, Greenberg Traurig submits that it and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length and in good faith. Third, Greenberg Traurig believes that approval of the Retainer Balance as an evergreen retainer is in the best interests of the Debtors' estates. Fourth, Greenberg Traurig is currently unaware of any creditor opposition to the approval of the Retainer Balance as an evergreen retainer. Fifth, given the size, circumstances, and posture of the Debtors' Chapter 11 Cases, Greenberg Traurig believes that approval of the Retainer Balance as an evergreen retainer (particularly in light of the modest size of the Retainer Balance as compared to the size of these Chapter 11 Cases) provides it with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs incurred for services performed in these Chapter 11 Cases.

**No Duplication of Services**

21. By separate application, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP ("**Weil**") as the Debtors' general bankruptcy counsel. By contrast, Greenberg Traurig's postpetition work is comprised of its representation of the Board with respect to corporate governance and the exercise of the Directors' fiduciary duties. These matters do not involve the conduct of the Chapter 11 Cases themselves. Accordingly, the services rendered and functions to be performed by Greenberg Traurig will not be duplicative of any bankruptcy-related work performed by Weil on behalf of the Debtors. Furthermore, Greenberg Traurig will coordinate with the Debtors' other professionals (individually, (i) Weil, Gotshal & Manges LLP ("**Weil**"), general restructuring counsel, (ii) Richards, Layton & Finger, P.A. ("**RLF**"), co-counsel, (iii) AlixPartners, LLP, financial advisor, (iv) Omni Agent Solutions, Inc. ("**Omni**"), claims and noticing agent and administrative agent, and (v) Jones Day,

governmental investigations counsel, and collectively, the "**Retained Professionals**") to ensure that its services are, to the maximum extent possible, complementary to and not duplicative of the Retained Professionals' services.

**No Adverse Interest**

22. To the best of the Debtors' knowledge, and except as otherwise disclosed herein and in the Kurzweil Declaration, Greenberg Traurig (i) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware; and (ii) does not hold any interest adverse to the Debtors' estates with respect to the matters for which Greenberg Traurig is to be employed, as required by section 327(e) of the Bankruptcy Code.

23. As disclosed in the Kurzweil Declaration, the Firm currently represents certain of the Debtors' creditors, equity holders, and other parties in interest in matters wholly unrelated to these Chapter 11 Cases. Greenberg Traurig has fully informed the Debtors and the Board of its ongoing representation of such entities, and the Debtors and the Board have consented to the Firm's continued representation of these entities in matters unrelated to these proceedings.

24. Greenberg Traurig will periodically review its files during these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new, relevant facts or relationships are discovered or arise during these Chapter 11 Cases, Greenberg Traurig will use reasonable efforts to identify such further developments and will file a supplemental declaration in conformity with Bankruptcy Rule 2014(a).

**Basis for Relief**

25. The Debtors seek to retain Greenberg Traurig under section 327(e) of the Bankruptcy Code as special counsel for the Board to perform necessary legal services during the

Chapter 11 Cases and to carry out the Board's duties and responsibilities. Section 327(e) provides that a debtor, subject to court approval:

> may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

26. Accordingly, retention of general, non-bankruptcy counsel is permissible so long as: (i) the appointment is in the best interest of the debtor's estate; (ii) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention; and (iii) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *In re Carla Leather, Inc.*, 44 B.R. 457, 474 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985) ("[Section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement.").

27. Additionally, pursuant to section 328(a) of the Bankruptcy Code, the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions. *See In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) [Docket No. 294] (Bankr. D. Del. Nov. 20, 2012) (authorizing the retention and employment of lead counsel to the debtors under sections 327 and 328(a) of the Bankruptcy Code).

28. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

29. The Debtors submit that for all the reasons stated herein and in the Kurzweil Declaration, the employment and retention of Greenberg Traurig as special counsel to the Board is warranted. Furthermore, as demonstrated by the Kurzweil Declaration, Greenberg Traurig does not hold any interest adverse to the Debtors' estate with respect to the matters for which Greenberg Traurig is to be retained, as required by section 327(e) of the Bankruptcy Code.

**Notice**

30. Notice of this Application will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) the Banks; (m) all Retained Professionals; and (n) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required.

**No Prior Request**

31. No prior application for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 14, 2022
Atlanta, Georgia

**KABBAGE, INC. d/b/a KSERVICING, *et al.***
(on behalf of itself and each of its affiliated Debtors)

*/s/ Holly Loiseau*

Name: Holly Loiseau
Title: General Counsel and Secretary