IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (CTG)
:
Debtors.[1] : (Jointly Administered)
:
: Obj. Deadline: October 31, 2022 at 4:00 p.m. (ET)
: Hearing Date: November 7, 2022 at 1:00 p.m. (ET)
------------------------------------------------------------ x

## APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):[2]

### Relief Requested

1. By this Application, pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and consistent with the *Guidelines for Reviewing Applications for*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined herein). Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

*Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"), the Debtors request entry of an order (i) authorizing the Debtors to employ and retain Jones Day as special counsel to the Debtors effective as of the Petition Date (as defined below) and (ii) granting certain related relief.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

3. In support of this Application, the Debtors submit (a) the Declaration of Holly Loiseau, the Debtors' General Counsel and Secretary, annexed hereto as **Exhibit B** (the "**Debtors' Declaration**"), (b) the Declaration of Andrew E. Lelling, a partner at Jones Day, annexed hereto as **Exhibit C** (the "**Lelling Declaration**"), and (c) Jones Day's Disclosure of Compensation (the "**Disclosure of Compensation**"), a copy of which is annexed hereto as **Exhibit D**.

**Jurisdiction**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

6. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above-captioned case.

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First-Day Relief* (the "**First Day Declaration**") [Docket No. 13], filed on the Petition Date in these Chapter 11 Cases.

**Jones Day's Qualifications**

8. Jones Day was engaged by the Debtors in the spring of 2022 to represent them in connection with certain federal investigations (collectively, the "**Federal Investigations**") regarding the Debtors' paycheck protection program loan practices and related matters. The Federal Investigations include: (a) investigations by the Civil Division of the Department of Justice in the District of Massachusetts and Eastern District of Texas; (b) an investigation by the Federal Trade Commission; and (c) an investigation by the United States House of Representatives Select Subcommittee on the Coronavirus Crisis. Over the course of the engagement, Jones Day attorneys have worked closely with the Debtors' management and, as a result, have acquired extensive knowledge of the Debtors' history, investigation needs, and related matters.

9. Jones Day is one of the largest law firms in the world, with a national and international practice, and has substantial experience serving as defense and investigative counsel. Its investigations-and-white-collar-defense practice group consists of more than 160 attorneys who handle complex, high-stakes, large-scale, and multi-jurisdictional investigation matters for clients in various industries. Many of these lawyers have previously served in senior legal and enforcement government positions, leading prosecution teams investigating an array of allegations, and thus regularly play a leading role in significant investigations. Accordingly, Jones Day is well qualified to serve as the Debtors' special counsel in connection with the Federal Investigations.

## Services to be Provided by Jones Day

10. The Debtors propose to retain Jones Day as special counsel to continue representing them with respect to the Federal Investigations and to provide related services on the terms set forth in this Application and the engagement letter, dated March 10, 2022, between the Debtors and Jones Day (as supplemented, the "**Engagement Letter**"), a copy of which is annexed hereto as **Exhibit E**.[3] The Debtors anticipate that Jones Day's services in these Chapter 11 Cases will include:

(a) representing the Debtors in connection with the Federal Investigations and providing advice to the Debtors related thereto;

(b) assisting the Debtors with responding to any information requests and related matters in connection with the Federal Investigations; and

---

[3] The terms of the original Engagement Letter were supplemented by an email dated June 6, 2022 (the "**June 22 Email**"), pursuant to which the Debtors' General Counsel and Secretary confirmed that the terms of the Engagement Letter would apply to each of the Federal Investigations, and not merely the Federal Investigation being conducted by the Civil Division of the Department of Justice in the District of Massachusetts and Eastern District of Texas. Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter. The Engagement Letter shall govern in the event of any conflict between its terms and the descriptions provided herein.

4

(c) providing such other specific services as may be requested by the Debtors from time to time relating to the Federal Investigations.

**No Duplication of Services**

11. Jones Day will provide the services described above as special counsel to the Debtors and will not serve as general bankruptcy and reorganization counsel to the Debtors. The Debtors believe that the services Jones Day will provide will be complementary and not duplicative of the services to be performed by Weil, Gotshal & Manges LLP, as general bankruptcy and reorganization counsel, or the other firms retained by the Debtors in these Chapter 11 Cases.

12. The Debtors propose that, subject to the Court's approval, Jones Day will continue to provide legal services to the Debtors with respect to the matters described above and in the Engagement Letter. Should the scope of Jones Day's services expand beyond the scope discussed herein and in the Engagement Letter, Jones Day will file a supplemental retention application with the Court.

13. Due to Jones Day's experience and knowledge in the areas for which legal services will be provided, as well as the firm's relationship with the Debtors in connection therewith, the Debtors respectfully submit that Jones Day is uniquely qualified to represent the Debtors in connection with the Federal Investigations during the course of these Chapter 11 Cases.

**Professional Compensation and Expense Reimbursement**

14. Pursuant to the terms of the Engagement Letter, and subject to the Court's approval of this Application, Jones Day intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date services are rendered, and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

15. Jones Day will be compensated at its hourly rates, which are based on the professionals' level of experience. Jones Day's current hourly rates in connection with its

representation of the Debtors are $1,075.00 to $1,300.00 for partners, $475.00 to $950.00 for associates, and $350.00 to $600.00 for paraprofessionals.  Jones Day's hourly billing rates are subject to periodic review and adjustment in accordance with the terms of the Engagement Letter and Jones Day's established billing practices and procedures.  Jones Day's practice of periodically adjusting its billing rates was disclosed to the Debtors in the Engagement Letter, and the Debtors have agreed to these periodic adjustments pursuant to the Engagement Letter.

16. Jones Day's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of the scope and complexity similar to the investigation matters to be handled by Jones Day.  Further, these Jones Day professionals are subject to the same client-driven market forces, scrutiny, and accountability as its professionals in non-bankruptcy engagements.  For all of these reasons, Jones Day's rates are reasonable.

17. Jones Day will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any additional procedures that may be established by the Court in these Chapter 11 Cases.

18. Furthermore, Jones Day contemplates billing for its incurred expenses in the following expense categories: (a) copies; (b) outside printing; (c) telephone; (d) facsimile; (e) delivery services/couriers; (f) postage; (g) local travel; (h) out-of-town travel (including subcategories for transportation, hotel, meals, ground transportation, other); (i) meals (local); (j) court fees; (k) subpoena fees; (l) witness fees; (m) deposition transcripts; (n) trial transcripts; (o) trial exhibits; (p) litigation support vendors; (q) experts; (r) investigators; (s) arbitrators/mediators; and (t) other.  Jones Day will consult with the Office of the United States

Trustee for the District of Delaware (the "**U.S. Trustee**") regarding any suggested alterations to these fee and expense categories.

19. Prior to the Petition Date, the Debtors provided Jones Day with the following advance payments for professional services and expenses to be provided to the Debtors (together, the "**Fee Advance**"): (a) a payment of $100,000 on September 29, 2022; and (b) a payment of $75,000 on October 3, 2022. Subsequent thereto, Jones Day applied the Fee Advance to outstanding estimated fees and expenses for the period through the Petition Date (the "**Estimated Amount**"). After application of the Estimated Amount, the Fee Advance balance was $108,907.06.[4] Jones Day requests that it be permitted to hold any amounts comprising the Fee Advance (following the reconciliation described herein and in the Disclosure of Compensation) as an evergreen retainer to be held by Jones Day as security throughout the Debtors' Chapter 11 Cases until Jones Day's fees and expenses are awarded and payable to Jones Day on a final basis.

**No Adverse Interest**

20. The Lelling Declaration, incorporated herein by reference, discloses Jones Day's connections to the Debtors and parties in interest in these Chapter 11 Cases. Upon Jones Day's reasonable inquiry, and except as set forth herein, the Debtors believe that Jones Day does not: (a) hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which Jones Day is to be employed, as required by section 327(e) of the Bankruptcy

---

[4] Jones Day expects to: (a) complete its reconciliation of prepetition fees and expenses actually incurred for the period prior to the Petition Date no later than the filing of its first interim fee application in these Chapter 11 Cases; (b) make a corresponding adjustment to the amount of the Fee Advance on or about that date; and (c) disclose such adjustment in its first interim fee application. If Jones Day's unbilled actual fees and expenses for the period prior to the Petition Date are less than the Estimated Amount, the balance will be added to the Fee Advance. Jones Day will not apply any portion of the Fee Advance to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court.

Code, and Jones Day will not represent any interest adverse to the Debtors in these Chapter 11 Cases; or (b) have any connection with the Debtors, any creditors or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees.

## Basis For Relief

21. Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to retain:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Clarifying the statute, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

22. Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention; and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497, 502-05 (N.D. Ill. 1994); *In re Carla Leather, Inc.*, 44 B.R. 457, 474 (Bankr. S.D.N.Y. 1984) ("[Section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement."), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985). The Debtors' retention of Jones Day as special counsel falls within the scope of section 327(e) of the Bankruptcy Code.

23. Further, as required by Bankruptcy Rule 2014(a),[5] the facts set forth above in this Application and the information in the exhibits attached hereto set forth: (a) the specific facts showing the necessity for Jones Day's continued employment; (b) the reasons for the Debtors' selection of Jones Day as their special counsel in connection with these Chapter 11 Cases; (c) the professional services proposed to be provided by Jones Day; (d) the arrangement between the Debtors and Jones Day with respect to Jones Day's compensation, including information on retainers and hourly fees and the reasonableness thereof; and (e) to the best of the Debtors' knowledge, the extent of Jones Day's connections, if any, to certain parties in interest in these matters. Jones Day's retention by the Debtors, therefore, should be approved.

## Notice

24. Notice of this Application will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) the Banks; (m) all Retained Professionals; and (n) any party that is entitled to notice

---

[5] Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Bankruptcy Rule 2014(a).

pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required.

## **No Prior Request**

25. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 14, 2022
      Atlanta, Georgia

**KABBAGE, INC. d/b/a KSERVICING,** *et al.*
(on behalf of itself and each of its affiliated Debtors)

*/s/ Holly Loiseau*
Name: Holly Loiseau
Title: General Counsel and Secretary