**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, et al.,                      :    Case No. 22-10951 (CTG)
                                                             :
                                                             :
                    Debtors.¹                                :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x
```

**ORDER AUTHORIZING DEBTORS**
**TO EMPLOY AND RETAIN JONES DAY AS**
**<u>SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE</u>**

Upon the application (the "**Application**")² of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order (i) authorizing the Debtors to employ and retain Jones Day as special counsel to the Debtors effective as of the Petition Date, and (ii) granting certain related relief, all as more fully set forth in the Application; and upon consideration of the Debtors' Declaration, the Lelling Declaration, and the Disclosure of Compensation; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided; and such notice having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and this Court having held a hearing on the Application (the "**Hearing**"); and this Court being satisfied based on the representations made in the Application and in the Debtors' Declaration, the Lelling Declaration, and the Disclosure of Compensation that Jones Day does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which Jones Day is to be retained as required by section 327(e) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth herein.

2. The Debtors are authorized to employ and retain Jones Day as their special counsel in these Chapter 11 Cases, in accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 on the terms and conditions set forth in the Application and the Engagement Letter, effective as of the Petition Date.

3. Jones Day is authorized to render the professional services set forth in the Application, the Lelling Declaration, and the Engagement Letter, as of the Petition Date.

4. Jones Day shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders or procedures of the Court.

5. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Jones Day, Jones Day shall not seek reimbursement of expenses for office supplies.

6. Jones Day shall: (a) complete its reconciliation of prepetition fees and expenses actually incurred on behalf of the Debtors for the period prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Cases; (b) make a corresponding adjustment to the amount of the Fee Advance on or about that date, as described in the Application and the exhibits thereto; and (c) disclose such adjustment in its first interim fee application. Subject to the foregoing adjustment, Jones Day is authorized to hold any remaining amount of the Fee Advance following such reconciliation throughout these Chapter 11 Cases and such amount shall be applied to Jones Day's fees and expenses as may be awarded by final order of this Court and payable to Jones Day on a final basis.

7. Jones Day shall provide reasonable notice to the Debtors, the Court, the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases of any annual increases in the rates set forth in the Application.

8. Jones Day shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10. This Order shall be immediately effective and enforceable upon its entry.

11. To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.