**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                          :
In re                                     :   Chapter 11
                                          :
KABBAGE, INC. d/b/a KSERVICING, et al.,   :   Case No. 22-10951 (CTG)
                                          :
        Debtors.¹                         :   (Jointly Administered)
                                          :
                                          :   Obj. Deadline: October 31, 2022 at 4:00 p.m. (ET)
                                          :   Hearing Date: November 7, 2022 at 1:00 p.m. (ET)
                                          :
------------------------------------------------------- x
```

## MOTION OF DEBTORS FOR AUTHORITY TO EMPLOY
## PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully move and represent as follows in support of this motion (the "**Motion**"):

### Relief Requested

1.      By this Motion, the Debtors request authority, but not direction, pursuant to sections 105(a), 327, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), to employ professionals retained in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of October 3, 2022 (the "**Petition Date**"), without the submission of separate employment applications or the issuance of separate retention orders for each professional.

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction and Venue

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.      On the Petition Date, the Debtors commenced with the Court voluntary cases under the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

5.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1.

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the

RLF1 28111662v.1

*Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13].

### **Proposed Procedures for Employment of Ordinary Course Professionals**

7.      The Debtors seek authority to continue employing Ordinary Course Professionals to provide a variety of professional services to the Debtors' estates in the same manner and for the same or similar purposes as the Ordinary Course Professionals were retained prior to the Petition Date.  These Ordinary Course Professionals provide the Debtors with a range of services relating to litigation, regulatory, government investigations, and tax and accounting issues and matters, as well as other issues and matters that have a direct and significant impact on the Debtors' day-to-day operations.  Continued employment of these Ordinary Course Professionals is essential to avoid disruption to the Debtors' normal business operations and the cost, expense, and delay of securing replacement professionals.

8.      The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**OCP Procedures**") are in the best interests of the Debtors' estates and creditors.  The relief requested will save the Debtors the expense and time associated with applying separately to retain each Ordinary Course Professional and will avoid the incurrence of additional fees for the preparation and prosecution of interim and final applications during these Chapter 11 Cases.

9.      Accordingly, the Debtors request that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and implement the following OCP Procedures:

a.      Pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, the Debtors will be authorized to employ the Ordinary Course Professionals listed on **Exhibit 1** annexed to the Proposed Order in accordance with the OCP Procedures, effective as of the Petition Date.

3

b.    Each Ordinary Course Professional shall provide the Debtors' attorneys within 30 days after the later of (i) the date of entry of the Proposed Order or (ii) the date on which the Ordinary Course Professional commences rendering services for the Debtors, with a declaration, substantially in the form annexed as **Exhibit 2** to the Proposed Order (the "**OCP Declaration**").

c.    The Debtors' attorneys shall file the OCP Declaration with the Court and serve a copy upon (i) Richard L. Schepacarter, Office of the United States Trustee (Richard.Schepacarter@usdoj.gov), (ii) Rosa Sierra-Fox, Office of the United States Trustee (Rosa.Sierra-Fox@usdoj.gov), and (iii) counsel for the Creditors' Committee, if any (collectively, the "**Reviewing Parties**").

d.    The Reviewing Parties shall have 14 days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration (an "**Objection**").

e.    If no Objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing and without further Order of the Court; *provided*, *however*, that if an Objection is served by the Objection Deadline and such Objection cannot be resolved within 20 calendar days, the Debtors shall schedule the matter for a hearing before the Court on the next regularly-scheduled hearing date or such other date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.

f.    The Debtors may seek to retain additional Ordinary Course Professionals throughout these cases by (i) including each additional Ordinary Course Professional on a supplement to the Proposed Order **Exhibit 1** that is filed with the Court and served on the Reviewing Parties and (ii) having such additional Ordinary Course Professional comply with the OCP Procedures.  The approved retention of the additional Ordinary Course Professional(s) will be effective as of the expiration of the Objection Deadline or, if a timely Objection is filed, upon resolution of such objection.

g.    Once an Ordinary Course Professional is retained in accordance with these OCP Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and the expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that the Ordinary Course Professional's total

4

compensation and reimbursement will not exceed $50,000 per month on average over any three-month period on a rolling basis (the "**Monthly Fee Cap**").

h.    Notwithstanding the foregoing, the Debtors believe that it may be appropriate in certain instances to allow a monthly cap in excess of the Monthly Fee Cap for any Ordinary Course Professional that may exceed such cap amount but that should not otherwise be required to follow the payment procedure applicable to the formally retained professionals. If the Debtors are able to obtain the agreement of the Reviewing Parties to a higher cap for any Ordinary Course Professional, the agreement would be evidenced by the filing of a notice of increased Monthly Fee Cap (the "**Cap Increase Notice**"), and the increased Monthly Fee Cap will be deemed approved upon the filing of such Cap Increase Notice, without further action by the Court. Absent such an agreement of the Reviewing Parties, if the Monthly Fee Cap is exceeded, such Ordinary Course Professional must file a fee application (a "**Fee Application**") and apply for allowance of the full amount of its compensation and reimbursement for the applicable time period in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and, subject to the OCP Procedures, any other procedures and orders of the Court. The U.S. Trustee reserves the right to request that any Ordinary Course Professional that is regularly exceeding the Monthly Fee Cap be the subject of a retention application pursuant to section 327 of the Bankruptcy Code. Any such Ordinary Course Professional that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (effective as of November 1, 2013) in connection with such Fee Application and/or retention application.

i.    Each Fee Application will be served upon the Reviewing Parties. The Reviewing Parties will then have 15 days to object to the Fee Application. If, after 15 days, no Objection is filed, the fees and expenses requested in the Fee Application will be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and expenses without the need for further action from such Ordinary Course Professional.

j.    At three-month intervals during the pendency of these Chapter 11 Cases (each, a "**Quarter**"), beginning with the Quarter ending December 31, 2022, the Debtors will file with the Court and serve on the Reviewing Parties, no later than 30 days after the last day of such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional, (ii) the amounts invoiced and paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional

during the reported Quarter broken down by month, (iii) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date, and (iv) a general description of the services rendered by that Ordinary Course Professional.

## **Relief Requested Should Be Granted**

10.    A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds that are property of the estate.   As explained below, however, the Bankruptcy Code does not prohibit a debtor from retaining or compensating professionals in the ordinary course of business when such professionals are not representing or assisting the debtor in carrying out its duties under the Bankruptcy Code. *See* 11 U.S.C. § 327.   To provide the Court and parties in interest an opportunity to object, and to provide assurance to the Ordinary Course Professionals of the Debtors' authority to compensate them for postpetition work, however, the Debtors seek approval of the Procedures set forth herein.

11.    Section 327(a) of the Bankruptcy Code requires a debtor to obtain court approval to retain and employ a "professional" to assist the debtor in the conduct of its chapter 11 case.  *See* 11 U.S.C. § 327(a).  According to the case law in this District, the following factors are used to determine whether an entity is a "professional" within the meaning of section 327(a):

a.     whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;

b.     whether the entity is involved in negotiating the terms of a plan of reorganization;

c.     whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.     whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

e.     the extent of the entity's involvement in the administration of the estate; and

f.      whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

12.     Section 327(e) of the Bankruptcy Code further provides that "with the court's approval" a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*See, e.g., In re Am. Tissue, Inc.*, 331 B.R. 169, 173 (Bankr. D. Del. 2005); *In re First Merchants Acceptance Corp.*, 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of the administration of the debtor's estate."). These factors must be considered in the totality of the circumstances; no factor alone is dispositive. *See In re First Merchants*, 1997 WL 873551, at *3.

13.     Further, Section 330 of the Bankruptcy Code authorizes the Court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330.  The Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing.  11 U.S.C. § 105(a).

14.     Considering all of these factors, the Debtors believe that the Ordinary Course Professionals are not "professionals" whose retention must be approved by the Court, within the meaning of section 327(a) of the Bankruptcy Code.  In particular, the Ordinary Course Professionals will not be involved in the administration of the Debtors' estates, but instead will provide services in connection with the Debtors' ongoing business operations that are ordinarily

provided by non-bankruptcy professionals.  Out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any controversy as to the Debtors' employment and payment of the Ordinary Course Professionals during the pendency of these Chapter 11 Cases. The Debtors will seek specific authority from the Court under section 327 of the Bankruptcy Code to retain any professionals involved in the conduct of these Chapter 11 Cases.  Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other orders of the Court.

15.    Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest that is materially adverse to any Debtor, its creditors, or other parties in interest with respect to the matters for which such Ordinary Course Professional is to be employed that would preclude such professional from continuing to represent the Debtors.  Further, section 328(c) excludes attorneys retained pursuant to section 327(e) from the requirement that such professional be a "disinterested" person.  *See* 11 U.S.C. § 328(c).  *See, e.g., In re Congoleum Corp.*, 426 F.3d 675, 683 (3d Cir. 2005) (noting that "the requirement of disinterestedness of section 327(a) was not pertinent" because "the standards set in section 327(e) of the Bankruptcy Code, rather than those in section 327(a), applied"); *In re Argus Group 1700, Inc.*, 199 B.R. 525, 529 (Bankr. E.D. Pa. 1996) (distinguishing the disinterestedness requirement in subsection 327(a) from the adverse interest requirement of subsection 327(e)); *In re Neuman*, 138 B.R. 683, 686 (S.D.N.Y. 1992)  (stating that "Congress intended, and courts have allowed, considerable latitude in assessing conflict-of-interest qualifications for § 327(e) purposes"); *In re Licking River Mining, LLC*, 562 B.R. 351, 355 (Bankr. E.D. Ky. 2016) ("Employment under section 327(e) eliminates the disinterestedness

requirement."); *In re Polaroid Corp.*, 424 B.R. 446, 453 (Bankr. D. Minn. 2010) (holding that section 327(e) only disqualifies counsel when they have conflicts related to the matter on which the attorney is to be employed); *In re J.S. II, LLC*, 371 B.R. 311, 317 (Bankr. N.D. Ill. 2007) (stating that the "conflict of interest standard in section 327(e) is more relaxed than the standard embodied in section 327(a)"); *In re EBW Laser, Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005) (holding that counsel was not disqualified under section 327(e) because it held a prepetition claim); *In re Albert*, 206 B.R. 636, 644 (Bankr. D. Mass. 1997) (distinguishing the disinterestedness requirement in subsection 327(a) from the adverse interest requirement of subsections 327(c) and (e)).  Accordingly, the Court may authorize the retention of the Ordinary Course Professionals.

16.    In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest.  *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (citations omitted); *see also Zazzali v. 1031 Exchange Group LLC (In re DBSI, Inc.)*, 467 B.R. 309, 316-17 (Bankr. D. Del. 2012) ("A paramount duty of a trustee or debtor in possession in a bankruptcy case is to act on behalf of the bankruptcy estate, that is, for the benefit of the creditors."); *Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("[U]pon

filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

17.     The Debtors and their estates will be well served by the continued retention of the Ordinary Course Professionals because of their prior relationships with the Debtors and their knowledge of facts relevant to the services they are providing, as well as a deep understanding of the Debtors' operations.  Moreover, in light of the significant costs associated with the preparation of separate employment applications for professionals who will receive relatively modest fees compared to the Debtors' professionals that are being retained pursuant to sections 327(a) and 327(e) of the Bankruptcy Code, it would be impractical and inefficient for the Debtors and their counsel to prepare and submit individual retention applications and proposed retention orders for each Ordinary Course Professional.  The delay attendant to such a process would also be potentially disruptive to the professional services that are required for the day-to-day operation of the Debtors' businesses.

18.     For the foregoing reasons, the relief requested is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases. Accordingly, the Court should authorize the Debtors to employ the Ordinary Course Professionals in accordance with the OCP Procedures.

## **Reservation of Rights**

19.     Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claim or cause of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of

10

the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## Notice

20.  Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required.

## No Prior Request

21.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 17, 2022
   Wilmington, Delaware

       */s/ Matthew P. Milana*
       RICHARDS, LAYTON & FINGER, P.A.
       Daniel J. DeFranceschi (No. 2732)
       Amanda R. Steele (No. 5530)
       Zachary I. Shapiro (No. 5103)
       Matthew P. Milana (No. 6681)
       One Rodney Square
       920 North King Street
       Wilmington, Delaware 19801
       Telephone: (302) 651-7700
       E-mail: defranceschi@rlf.com
          steele@rlf.com
          shapiro@rlf.com
          milana@rlf.com

       -and-

       WEIL, GOTSHAL & MANGES LLP
       Ray C. Schrock, P.C. (admitted *pro hac vice*)
       Candace M. Arthur (admitted *pro hac vice*)
       Natasha S. Hwangpo (admitted *pro hac vice*)
       Chase A. Bentley (admitted *pro hac vice*)
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       E-mail:  ray.schrock@weil.com
          candace.arthur@weil.com
          natasha.hwangpo@weil.com
          chase.bentley@weil.com

       *Proposed Attorneys for Debtors*
       *and Debtors in Possession*