# Exhibit 1

## Revised Order

RLF1 28104492v.2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **KABBAGE, INC. d/b/a KSERVICING,** *et al.*, | : | Case No. 22-10951 (CTG) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |
| | : | Re: Docket No. 16 |

## ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN ALIXPARTNERS, LLP AS FINANCIAL ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order (i) authorizing the employment and retention of AlixPartners as financial advisor to the Debtors, in accordance with the terms and conditions set forth in the Engagement Letter effective as of the Petition Date, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, all as more fully set forth in the Application; and upon consideration of the Rieger-Paganis Declaration; and the Court having found that AlixPartners is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, as supplemented by section 1107(b) of the Bankruptcy Code; and this court having found the terms and conditions of AlixPartners' employment, including but not limited to the Fee and Expense Structure set forth in the Engagement Letter and Application, are

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

1

reasonable under section 330 of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and this Court having held a hearing on the Application (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth in this Order.

2. Pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain AlixPartners as their financial advisor in these Chapter 11 Cases, effective as of the Petition Date, and in accordance with the terms and conditions set forth in the Engagement Letter annexed to the Application as **Exhibit B**.

3. The terms of the Engagement Letter submitted with this Application are approved in all respects, as modified by this Order.

4. AlixPartners is authorized to apply the Retainer and advanced payments to unpaid amounts to satisfy any unbilled or other remaining prepetition fees and expenses that AlixPartners becomes aware of during its ordinary course billing review and reconciliation. The

balance of the Retainer shall be held by AlixPartners throughout the Chapter 11 Cases and applied to the final fees and expenses of AlixPartners as may be awarded by this Court.

5. AlixPartners shall file monthly, interim, and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines and any other such procedures as may be fixed by order of this Court. For billing purposes, AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

6. All of AlixPartners' compensation set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 327 of the Bankruptcy Code and AlixPartners shall be compensated and reimbursed pursuant to section 327 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

7. The Fee and Expense Structure is approved, and the Debtors will reimburse AlixPartners for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter including, without limitation, fees, disbursements and other charges by AlixPartners' counsel to the extent provided for in the Engagement Letter as modified by this order (including, without limitation, pursuant to the Indemnification Provisions as modified by this Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; *provided*, *further*, that in the event that AlixPartners seeks reimbursement from the Debtors for attorneys' fees and expenses consistent with the terms of this Order, the invoices and supporting time records from such attorneys shall be included in

AlixPartners' own applications, both interim and final, and they shall be subject to the U.S. Trustee Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code.

        8.        The indemnification provisions included in the Engagement Letter are approved, subject to the following:

    a) No Indemnified Agent (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

    b) The Debtors shall have no obligation to indemnify any Indemnified Agent, or provide contribution or reimbursement to any Indemnified Agent, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Agent's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of an Indemnified Agent's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Agent should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order.

    c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, an Indemnified Agent believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Agent must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Agent before the entry of an order by this Court approving the payment. This subparagraph (c) is

        intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Agent for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Agents. All parties in interest shall retain the right to object to any demand by any Indemnified Agent for indemnification, contribution and/or reimbursement.

10. Any limitation of liability pursuant to the terms and conditions set forth in the Engagement Letter, or otherwise, are hereby eliminated for the duration of these Chapter 11 Cases.

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

12. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

13. AlixPartners shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

14. Under the circumstances of these Chapter 11 Cases, notice of the Application is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.