# Exhibit 2

**Redline**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                    :   Case No. 22-10951 (CTG)
                                                             :
                                                             :
Debtors.[1]                                                  :   (Jointly Administered)
                                                             :
                                                             :   Ref. Docket No. —95
------------------------------------------------------------ x

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion, dated October 11, 2022 (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2 establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals that will be retained pursuant to sections 327 or 1103 of the Bankruptcy Code and are required to file applications pursuant to sections 328, 330, and 331 of the Bankruptcy Code, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and ~~it appearing that the relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and~~ upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted as set forth herein.

2. Except as otherwise provided in an order of this Court authorizing the retention of a Retained Professional, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following compensation procedures (the "**Interim Compensation Procedures**"):

    A. **Monthly Fee Application**

    (i) On or after the twentieth (20th) day of each calendar month, following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Retained Professional seeking <u>monthly,</u> interim allowance of its fees and expenses shall file with the Court an application <u>in compliance with Local Rule 2016-2 and section 331 of the Bankruptcy Code</u>, which shall include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"). Retained Professionals may

       submit the first Monthly Fee Application, covering the period from the Petition Date through October 31, 2022, on or after November 20, 2022.

(ii)   Each Retained Professional that files a Monthly Fee Application shall serve a copy of such Monthly Fee Application on the following parties by email (collectively, the "**Fee Notice Parties**"):

    (a) the Debtors, c/o Kabbage, Inc. d/b/a KServicing, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309 (Attn: Holly Loiseau, General Counsel (hloiseau@kservicecorp.com));

    (b) proposed counsel for the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Candace M. Arthur (candace.arthur@weil.com), Natasha S. Hwangpo (natasha.hwangpo@weil.com), and Chase A. Bentley (chase.bentley@weil.com)) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Daniel J. DeFranceschi (defranceschi@rlf.com), Amanda R. Steele (steele@rlf.com), and Zachary I. Shapiro (shapiro@rlf.com));

    (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov) and Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov)); and

    (d) counsel for any statutory committees appointed in these Chapter 11 Cases.

(iii)   Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

(iv)   The deadline to object to any Monthly Fee Application is **4:00 p.m. (Eastern Prevailing Time)** on the **20th day** (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served on the Fee Notice Parties (the "**Objection Deadline**"). The Objection Deadline shall be conspicuously noted on the applicable Monthly Fee Application.

(v)   To object to a Retained Professional's Monthly Fee Application, the objecting party must (i) file with the Court a written objection (an "**Objection**") on or before the Objection Deadline and (ii) serve by

3

<ul>
<li>electronic mail the Objection upon the affected Retained Professional and each of the Fee Notice Parties.</li>
</ul>

(vi) Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO, the Debtors ~~shall promptly~~are authorized to pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

(vii) If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court shall adjudicate any unresolved Objections.

**B. Interim Fee Applications**

(i) ~~Unless a chapter 11 plan has become effective, c~~Commencing with the period ending December 31, 2022, and at three-month intervals thereafter, Retained Professionals ~~will~~shall file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through December 31, 2022. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases, confirmed, and made effective.

(i) Retained Professionals shall file their applicable Interim Fee Applications on or before the **45th day**, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(ii) The Interim Fee Application shall include a brief description identifying the following:

(a) the Monthly Fee Applications that are the subject of the request;

(b) the amount of fees and expenses requested;

(c) the amount of fees and expenses paid to date or subject to an Objection and the Monthly Fee Application to which such fees apply;

(d) the deadline for parties to file objections to the Interim Fee Application (such objections, the "**Additional Objections**"); and

(e) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules (including Local Rule 2016-2).

(iii) Additional Objections to any Interim Fee Application shall be filed with the Court and served upon the affected Retained Professional and each of the Fee Notice Parties on or before **4:00 p.m.** (**Eastern Prevailing Time**) on the **20th day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

(iv) The Debtors may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing in the Court's discretion.

(v) Each Retained Professional shall serve its Interim Fee Application and final fee application upon the Fee Notice Parties. Each Retained Professional shall serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. No further notice is necessary.

(vi) Each Retained Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application and/or final fee application. and likewise provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Fee Application or Final Fee Application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor appointed in these chapter 11 cases, and upon request, to the Court.

(vii) A pending Objection to compensation or reimbursement of a Retained Professional does not disqualify the Retained Professional from future compensation or reimbursement.

    (viii)    Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection shall bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

    (ix)    No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

3.    Any member of a statutorily-appointed committee in the Chapter 11 Cases may submit statements of expenses (excluding the fees and expenses of an individual committee member's third-party counsel) and supporting vouchers to the applicable committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Interim Compensation Procedures; *provided that*, payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

4.    In each Interim Fee Application and the Final Fee Application, all professionals who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such professional is retained by the Debtors pursuant to any interim or final order entered in relation to the *Motion of Debtors for Authority to Employ Professionals Used in the Ordinary Course of Business* [Docket No. 110], shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and

applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

5. In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code shall (i) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court and (ii) make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013, and likewise provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Fee Application or Final Fee Application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor appointed in these chapter 11 cases, and upon request, to the Court.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors shall serve a copy of this Order on each of the Retained Professionals.

8. The Debtors are authorized to take all action necessary or appropriate to effectuate the relief granted in this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

7

RLF1 28111392v.1