## Exhibit 1

**Revised Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re                                                        :    Chapter 11
                                                             :
**KABBAGE, INC. d/b/a KSERVICING *et al.*,**                 :    Case No. 22-10951 (CTG)
                                                             :
                                                             :    (Jointly Administered)
**Debtors.**[1]                                              :
------------------------------------------------------------ x    Re: Docket No. 15

**ORDER AUTHORIZING RETENTION AND**
**EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS**
**ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE**

Upon the application, dated October 3, 2022 (the "**Application**"),[2] of Kabbage, Inc. d/b/a KServicing *et. al*. and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 authorizing the Debtors to retain and employ Weil, Gotshal & Manges LLP ("**Weil**") as attorneys for the Debtors, effective as of the Petition Date, all as more fully set forth in the Application; and upon the consideration of the Schrock Declaration and the Loiseau Declaration; and the Court being satisfied, based on the representations made in the Application and the Schrock Declaration, that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

under section 327(a) of the Bankruptcy Code, and that Weil represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Application is granted as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Weil as their attorneys on the terms and conditions set forth in the Application and the Schrock Declaration, effective as of the Petition Date.

3. Weil is authorized to render the following professional services:

    a    take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalves, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

    b    prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

    c    take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

    d    take all necessary actions to protect and preserve the value of the Debtors' estates and all related matters; and

    e    perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases; *provided*, *however*, that, to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead Debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

4.    Weil shall be compensated in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to, sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Weil shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the Fee Guidelines.

5.    Weil shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

6.    Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

7.    Weil shall first apply the Fee Advance in satisfaction of its prepetition invoice, and any balance of the Fee Advance shall be held by Weil throughout the Debtors' Chapter

11 Cases and shall be applied to Weil's fees and expenses as may be awarded and payable to Weil on a final basis.

8. Weil shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these Chapter 11 Cases in connection with any increase of the hourly rates listed in the Schrock Declaration.

9. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Weil, Weil shall not seek reimbursement of expenses for office supplies.

10. Notwithstanding anything in the Application to the contrary, Weil shall (i) to the extent that Weil uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these cases, pass through the cost of such Contractors at the same rate that Weil pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Weil; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

11. Notwithstanding the applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. To the extent there is any inconsistency between this Order and the Application, the provisions of this Order shall govern.

13. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.