UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                         :   Chapter 11
                                                              :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                     :   Case No. 22-10951 (CTG)
                                                              :
                                                              :   (Jointly Administered)
Debtors.[1]                                                   :
------------------------------------------------------------ x   Re: Docket Nos. 9 & 70

### FINAL ORDER (I) AUTHORIZING DEBTORS (A) TO PAY CERTAIN PREPETITION TAXES AND ASSESSMENTS AND (B) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**"),[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order (i) authorizing the Debtors to (a) pay certain prepetition Taxes and Assessments and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Court having held hearings to consider the relief requested in the Motion on an interim and, if necessary, final basis (the "**Hearings**"); and upon the First Day Declaration and the record of the Hearings, and all of the proceedings had before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized, but not directed pursuant to sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code, to satisfy all Taxes and Assessments due and owing, in the ordinary course of business as such obligations become due, to the Taxing Authorities that arose prior to the Petition Date, including all Taxes and Assessments subsequently determined by audit or otherwise to be owed for periods prior to the Petition Date, in the aggregate amount not to exceed $321,500, absent further order of this Court. Such Taxes and Assessments are summarized in further detail in the chart below.

| Category | Final |
|---|---|
| Franchise Taxes | $93,500 |
| Personal Property Taxes | $38,500 |
| Income Taxes | $184,000 |
| Other Fees | $5,500 |
| **TOTAL** | $321,500 |

3. Each of the Banks at which the Debtors maintain their accounts relating to the payment of the prepetition Taxes and Assessments are authorized to (a) receive, process, honor,

and pay all checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts, and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

4. The Debtors are authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, on account of payment of the prepetition Taxes and Assessments as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost, dishonored, or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

5. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

6. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

7. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: October 21st, 2022  
Wilmington, Delaware

**CRAIG T. GOLDBLATT**  
**UNITED STATES BANKRUPTCY JUDGE**