**Exhibit 1**

**Revised Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
KABBAGE, INC. D/B/A KSERVICING, et al.,                      :   Case No. 22-10951 (CTG)
                                                             :
                                                             :   (Jointly Administered)
                                                             :
                                       Debtors.¹             :   Re: Docket No. 11
------------------------------------------------------------ X
```

**FINAL ORDER AUTHORIZING DEBTORS TO (I) CONTINUE SERVICING AND SUBSERVICING ACTIVITIES AND (II) PERFORM RELATED OBLIGATIONS**

Upon the motion (the "**Motion**")² of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of orders authorizing the Debtors to continue in the ordinary course of business (a) servicing and subservicing PPP Loans; (b) servicing and subservicing Legacy Loans; (c) engaging in activities related to the Overpayment Procedures; (d) paying and honoring prepetition obligations to Critical Vendors; and (e) fulfilling compliance and regulatory obligations, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held hearing to consider the relief requested in the Motion on an interim basis, and, if necessary, a final basis (the "**Hearings**"); and upon the Rieger-Paganis Declaration and the record of the Hearings; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

       **IT IS HEREBY ORDERED THAT**

1.     The Motion is granted on a final basis to the extent set forth herein.

### PPPLF Portfolio

2.     The Debtors are authorized, but not directed, to continue in the ordinary course of business, servicing and subservicing their loan portfolio.

3.     With regards to the PPPLF Portfolio, the Debtors are authorized, but not directed, to continue in the ordinary course of business:

    (a)     collecting and accounting for Pledged PPPLF Loan payments received from borrowers, including payments of principal and interest;

    (b)     maintaining a software platform for borrowers;

    (c)     assisting borrowers in the completion of their Loan Forgiveness applications;

    (d)     submitting Guaranty Purchase applications to the SBA;

    (e)     subject to the completion of SBA Direct Payment Processing, depositing Loan Forgiveness and Guaranty Purchase amounts received from the SBA and Pledged PPPLF Loan payments received from borrowers into the

(e)     correspondent bank account, or in the Synovus Servicing Account to the extent another correspondent bank account is not maintained at any time;[3]

(f)     to the extent another correspondent bank account is not maintained at any time, sending Loan Forgiveness and Guaranty Purchase amounts received from the SBA and Pledged PPPLF Loan payments received from borrowers to the Reserve Bank by wire transfer (to such account as the Reserve Bank (or its designee) shall specify) or in such other manner as the Reserve Bank (or its designee) shall direct; and

(g)     conducting loan reviews, reconciling collections and remittances, responding to inquiries, and engaging in other activities in connection with the foregoing.

### Partner Bank Portfolio

4.     With regards to the Partner Bank Portfolio, the Debtors are authorized, but not directed, to continue in the ordinary course of business:

(a)     collecting and accounting for Partner Bank Loan payments received from borrowers, including payments of principal and interest;

(b)     maintaining a software platform for borrowers;

(c)     assisting borrowers in the completion of their Loan Forgiveness applications;

(d)     assisting the Partner Banks in their submissions for Guaranty Purchase; and

(e)     conducting loan reviews, reconciling collections and remittances, responding to inquiries, and engaging in other activities in connection with the foregoing.

### KS PPP Portfolio

5.     With regards to the KS PPP Portfolio, the Debtors are authorized, but not directed, to continue in the ordinary course of business:

---

[3] For the avoidance of doubt, once SBA Direct Payment Processing is established, the Company will only deposit borrower principal and interest payments into the correspondent bank account (or the Synovus Servicing Account to the extent a correspondent account is not maintained at any time), and all SBA payments will be remitted directly to the Federal Reserve by the SBA.

3

(a) collecting and accounting for KS PPP Loan payments received from borrowers, including payments of principal and interest;

(b) maintaining a software platform for borrowers;

(c) assisting borrowers in the completion of their Loan Forgiveness applications;

(d) submitting Guaranty Purchase applications to the SBA; and

(e) conducting loan reviews, reconciling collections and remittances, responding to inquiries, and engaging in other activities in connection with the foregoing.

### Legacy Portfolio

6. With regards to the Legacy Portfolio, the Debtors are authorized, but not directed, to continue in the ordinary course of business:

(a) collecting and accounting for Legacy Loan payments received from borrowers, including payments of principal and interest;

(b) maintaining a software platform for borrowers; and

(c) conducting loan reviews, reconciling collections and remittances, responding to inquiries, and engaging in other activities in connection with the foregoing.

### Borrower Overpayments

7. The Debtors are authorized, but not directed, to continue in the ordinary course of business:

(a) remitting Regular Overpayments to borrowers;

(b) remitting Forgiveness Overpayments to borrowers;

(c) adjusting remittances to the Federal Reserve and Partner Banks pursuant to Overpayment Reconciliation; and

(d) remitting Guaranty Overpayments to the SBA.

**Critical Vendors**

8. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay some or all of the prepetition claims of the Critical Vendors, upon such terms and in the manner provided in this Final Order and the Motion; *provided*, that payments to Critical Vendors on account of prepetition claims shall not exceed $75,000 in the aggregate, during these Chapter 11 Cases absent further order of the Court.

9. If a Critical Vendor refuses to supply services to the Debtors on Customary Trade Terms (or such other terms as are agreed by the parties) following receipt of payment on its prepetition claim, the Debtors' rights to treat any payment made pursuant to the relief granted in the Interim Order or this Final Order as an unauthorized postpetition transfer and to exercise any and all appropriate remedies are expressly reserved.

10. Notwithstanding entry of this Final Order, the Debtors' rights to enforce the automatic stay provision of section 362 of the Bankruptcy Code with respect to any creditor who demands payments of its prepetition claims as a condition to doing business with the Debtors postpetition are preserved.

**Compliance and Regulatory Obligations**

11. The Debtors are authorized, but not directed, to continue in the ordinary course of business:

    (a)    fulfilling state licensing requirements and to pay related obligations;

    (b)    submitting to, and complying with, state regulatory exams and audits and to pay related obligations, costs, and expenses; and

    (c)    remediating errors and/or lack of compliance with laws or regulations.

**Other Relief**

12. Each of the Banks at which the Debtors maintain their accounts relating to payments on account of obligations related to servicing and subservicing PPP Loans and Legacy Loans and the Related Obligations are authorized to (a) receive, process, honor, and pay all checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts, and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

13. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of obligations related to servicing and subservicing PPP Loans and Legacy Loans and the Related Obligations as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases.

14. The relief granted herein is without prejudice to SBA's authority and rights, and responsibilities to third parties, under the Small Business Act, including 15 U.S.C. §§ 636(a)(36), 636(a)(37) and 636m, and the regulations, FAQs, notices, forms, and other guidance promulgated by SBA for the Paycheck Protection Program, including the SBA Form 3507 executed by the Debtors; and other applicable SBA Loan Program Requirements (as defined in 13 C.F.R. § 120.10); and other applicable federal law, including without limitation, the right of setoff, if any.

15. For the avoidance of doubt, nothing contained in this Order shall reduce, limit, or release the Debtors' statutory, regulatory, and/or contractual obligations to honor timely and in full their payment obligations to SBA, if any.

16. Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by the Interim Order or this Final Order, is intended to be or shall be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

17. Nothing contained in the Motion or this Final Order relieves the Debtors from any federal, state, or local regulatory requirements, including, but not limited to, any requirements to report or disclose information.

18. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

19. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

20. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

22. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.