IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, | : | Case No. 22-10951 (CTG) |
| Debtors.[1] | : | (Jointly Administered) |
| | : | Re: Docket Nos. 10, 75 |
| | : | Hearing Date and Time: November 7, 2022 at 1:00 p.m. (ET)<br>Objection Deadline: October 31, 2022 at 4:00 p.m. (ET) |

**SUPPLEMENT TO THE MOTION OF DEBTORS FOR ENTRY OF
INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO (A) PAY
PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER
COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS AND
PAY RELATED OBLIGATIONS AND (II) GRANTING RELATED RELIEF**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully represent as follows in support of this supplement (the "**Supplement**") to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Compensation and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

*(B) Maintain Employee Benefit Programs and Pay Related Obligations and (II) Granting Related Relief* [Docket No. 10] (the "**Motion**"):[2]

## Background

1. On the Petition Date, the Debtors filed the Motion, which sought authority but not direction to (a) pay Employee Compensation Obligations and Employee Benefit Obligations and related expenses, fees and costs incident to the foregoing, and (b) maintain, continue to honor, and pay amounts with respect to the Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Date, as may be modified or supplemented from time to time in the ordinary course of business in an amount not to exceed $1,050,800 on an interim basis and $1,070,800 on a final basis (inclusive of the interim amount) (the "**Employee Obligations Cap**").

2. On October 6, 2022, the Court entered an order approving the Motion on an interim basis [Docket No. 75] (the "**Interim Order**"), which, among other things, (i) authorized the Debtors to pay an amount not to exceed $1,050,800 on account of Employee Obligations owed for periods prior to the Petition Date and (ii) scheduled a final hearing on the relief requested in the Motion for October 26, 2022 at 10:30 a.m. and set the deadline to object to such relief as October 19, 2022 at 4:00 p.m.

3. Following the Court's entry of the Interim Order, the Debtors, with the assistance of their financial advisors, determined that the Debtors underestimated the amount owed on account of prepetition unpaid Employee Compensation Obligations by approximately $65,000. This shortfall is attributable to prepetition compensation obligations due to Moore Colson—one

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

of the Debtors' Employment Vendors.  Moore Colson's August 2022 amounts were inadvertently unpaid by the Debtors.

4. As a result, the Debtors seek authority to pay approximately $65,000 to Moore Colson on account of unpaid prepetition obligations.  Importantly, the amounts paid to the Moore Colson will go to compensate two important members of the Debtors' Contractor Workforce.  While this amount will exceed the $15,150 cap statutory imposed by section 507(a)(4) of the Bankruptcy Code for one member of the Contractor Workforce, the Debtors note that these amounts would have and should have been paid in the ordinary course and non-payment was an inadvertent error.  Paying this prepetition amount to Moore Colson will not exceed the total Employee Obligations Cap in the Proposed Final Order ($1,070,800) nor will it exceed the line item on account of the Contractor Workforce Compensation ($400,000).  Therefore, the Debtors are not seeking any additional monetary relief pursuant to the Proposed Revised Final Order (as defined below).

5. Payment of the Employee Obligations is essential to the Debtors' operations and to prevent any disruption to the Debtors' services that would adversely impact their ability to sustain business operations.  The Debtors' ability to pay their prepetition Employee Obligations—specifically on account of two members of the Contractor Workforce—is necessary to maintain morale and reassure employees and the Contractor Workforce that the Debtors intend to honor their obligations.  As stated in the Motion, failure to timely pay the Contractor Workforce would cause widespread negative effects throughout the Debtors' business.

6. A proposed form of order granting final relief under the Motion as modified by this Supplement is annexed hereto as **Exhibit 1** (the "**Proposed Revised Final Order**").  A

redline of the Proposed Revised Final Order against the Proposed Final Order (filed as <u>Exhibit B</u> to the Motion) is annexed hereto as **Exhibit 2**.

7. The hearing on the final relief requested in the Motion, as modified by this Supplement, is scheduled for November 7, 2022 at 1:00 p.m. (ET) and the deadline to object to such relief is October 31, 2022 at 4:00 p.m. (ET).

### Notice

8. Notice of this Supplement will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) the Banks; (m) any party that is entitled to notice pursuant to Local Rule 9013-1(m); (n) the Employment Vendors; (o) Insperity, (p) NY Life, (q) United, (r) Kaiser, (s) VSP, (t) Massachusetts Mutual Life Insurance Company, and (u) any party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required.

Dated: October 21, 2022
       Wilmington, Delaware

                                        */s/ Amanda R. Steele*
                                        RICHARDS, LAYTON & FINGER, P.A.
                                        Daniel J. DeFranceschi (No. 2732)
                                        Amanda R. Steele (No. 5530)
                                        Zachary I. Shapiro, Esq. (No. 5103)
                                        Matthew P. Milana (No. 6681)
                                        One Rodney Square
                                        920 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 651-7700
                                        E-mail: defranceschi@rlf.com
                                                       steele@rlf.com
                                                       shapiro@rlf.com
                                                       milana@rlf.com

                                        -and-

                                        WEIL, GOTSHAL & MANGES LLP
                                        Ray C. Schrock, P.C. (admitted *pro hac vice*)
                                        Candace M. Arthur (admitted *pro hac vice*)
                                        Natasha S. Hwangpo (admitted *pro hac vice*)
                                        Chase A. Bentley (admitted *pro hac vice*)
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone:   (212) 310-8000
                                        E-mail:       ray.schrock@weil.com
                                                                candace.arthur@weil.com
                                                                 natasha.hwangpo@weil.com
                                                                 chase.bentley@weil.com

                                        *Proposed Attorneys for Debtors*
                                        *and Debtors in Possession*