## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| __In re__ | ) | **Chapter 11** |
| | ) | |
| **KABBAGE, INC. d/b/a KSERVICING, et al.,** | ) | **Case No 22-10951** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

**Kabbage, Inc.**

**Case No: 22-10951**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------
                   )

In re                      )           **Chapter 11**
                   )

**KABBAGE, INC. d/b/a KSERVICING,** *et al.,*  )         **Case No. 22-10951**
                   )

      **Debtors.**             )        **(Jointly Administered)**
                   )
-------------------------------------------------------------

### GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Kabbage, Inc. d/b/a/ KServicing ("**KServicing**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" or "**SOFA**" and, collectively, the "**Statements**" or "**SOFAs**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "**Specific Notes**," and, together with the Global Notes, the "**Notes**"). These Global Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals and have necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals.

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or

discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Particularly certain of the information relevant for the Schedules and Statements may not currently be in the Debtors' possession, custody or control despite on-going good faith efforts to obtain it. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update, modify, revise, or re-categorize the Schedules and Statements, except as required under the Bankruptcy Code. The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury, whether foreseeable or not, arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

1. **Reservation of Rights.** The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including (a) with respect to the description or designation of any "**Claim**" of the Debtor(s) against which the Claim is asserted, (b) the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of debtor, (c) to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated" or (d) object to the extent, validity, enforceability, priority or avoidability of any Claim. Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

2. **Description of the Cases.** On October 3, 2022 (the "**Commencement Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 4, 2022, the Bankruptcy Court entered an order authorizing the joint administration of these cases pursuant to Bankruptcy Rule 1015(b). As of the date hereof, no trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

3. **Basis of Presentation.** For financial reporting purposes, the Debtors historically prepare consolidated financial statements, which include information for Kabbage, Inc and its affiliates. The Schedules and Statements are unaudited and reflect the Debtors'

reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

To the extent applicable, the Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by legal entity, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the valuation of certain assets and liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Commencement Date or at any time before or after the Commencement Date. Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent at the Commencement Date or any time before or after the Commencement Date.

4.  **Reporting Date.** The Debtors completed a normal fiscal close for the period ending September 30, 2022 (the "**Reporting Date**"). Consequently, to simplify the reporting, the reported asset values in Schedules A and B, with the exception of estimated cash balances, align with the asset values as of the Reporting Date, and the liability values in Schedules D, E, and F are as of the Commencement Date, adjusted for authorized payments under the First Day Orders (as defined below). Estimated cash balances presented in Schedule A reflect bank balances as of the Commencement Date.

5.  **Current Values.** Other than estimated bank cash balances, the assets and liabilities of each Debtor are listed as the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the value ascribed in the Debtor's books is reflected in the Schedules and Statements.

6.  **Confidentiality**. In line with the relief granted in the *Order (I) Authorizing the Debtors to (A) File and Maintain Consolidated Creditor lists, and (B) Redact Certain Personal Identification Information for Individuals, (II) Approving Special Electronic Noticing Procedures, and (III) Granting Related Relief* [Docket No. 77] (the "**Creditor Matrix Order**") and to protect the privacy of certain parties, including, among others, the Debtors' borrowers and/or employees, certain identifying information, such as mailing addresses of individuals, was redacted from the Schedules and SOFAs.

7.  **Consolidated Entity Accounts Payable and Disbursement Systems.**  As described in the Cash Management Motion,[1] the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations (the "**Cash Management System**").

8.  **Accuracy.**  Although the Debtors have made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate.  The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.  The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

9.  **Net Book Value of Assets.**  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, wherever possible, unless otherwise indicated, net book values as of the Reporting Date are presented.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.  As applicable, office furniture and computer equipment assets that fully have been depreciated or amortized, or were expensed, have no net book value, and, therefore, are not included in the Schedules and Statements.

10.  **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

11.  **Payment of Prepetition Claims Pursuant to First Day Orders.**  Shortly after the Commencement Date, the Bankruptcy Court entered orders (the "**First Day Orders**") authorizing, but not directing, the Debtors to, among other things, pay  prepetition (a) amounts owed to certain vendors necessary to continue servicing and subservicing PPP Loans and Legacy Loans in the ordinary course; (b) insurance obligations; (c) employee wages, salaries, and related items, including employee benefit programs and contractor workforce obligations; and (d) taxes and assessments.  Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Commencement

---

[1]  *Motion of Debtors For Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (B) Implement changes to Cash Management in the Ordinary Course of Business; and (II) Granting Related Relief* [Docket No. 12] (the "**Cash Management Motion**").

Date.  To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court under the First Day Orders, such adjustments have been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement. The Debtors reserve the right to amend the Schedules and Statements to reflect payments made pursuant to the First Day Orders that may not be represented in the attached Schedules and Statements.

12. **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with any party in interest, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, including but not limited to filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

13. **Setoffs.**  Given the nature of the Debtors business, they do not routinely incur setoffs from suppliers and/or other third parties. Therefore, setoffs and other similar rights may have not been accounted for when scheduling certain amounts. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with the Bankruptcy Code.

14. **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals and liabilities recognized in accordance with GAAP and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported.  Therefore, they do not represent specific claims as of the Commencement Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts or reserves recorded for GAAP reporting purposes only and certain assets with a net book value of zero are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to, charged off loans, deferred revenue, and certain reserves.  Other immaterial assets and liabilities may have been excluded.

15. **Insiders**.  Persons listed as "insiders" have been included for informational purposes only and the inclusion of them in the Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (a) an insider's influence over the control of the Debtors; (b) the management responsibilities or functions or any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories or liability or for any other purpose.

16. **Intellectual Property Rights.**  Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned,

5

terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

17. **Debtors' Reservation of Rights.**  Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

   a. The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently amend the Schedules to designate any claim as "disputed," "contingent," or "unliquidated."

   b. The listing of a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," or (c) on Schedule F as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken.  Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

   c. In the ordinary course of their businesses, the Debtors may lease computer equipment from certain third-party lessors for use in the daily operation of their business.  Any such leases are set forth on Schedule G and any current amount due under such leases that were outstanding as of the Commencement Date is listed on Schedule F. The property subject to any of such leases is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtor nor is such property reflected in the Debtor's Statement as property or assets of third parties within the control of the Debtor.  Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including the recharacterization thereof.

   d. The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

   e. The Debtors' businesses are part of a single enterprise.  Although the Debtors

6

have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

f.  The Debtors further reserve all rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

g.  Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

h.  To timely close the books and records of the Debtors as of September 30, 2022 or the Commencement Date, as applicable, and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors reserve all rights to amend the reported amounts of assets, liabilities, reported revenue and expenses to reflect changes in those estimates and assumptions.

18. **Addresses of Employees.** The Debtors have redacted the addresses of the Debtors' current and former employees in accordance with the Creditor Matrix Order. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees in accordance with the Creditor Matrix Order.

**Specific Notes with Respect to the Debtors' Schedules of Assets and Liabilities**

1. **Schedules A/B**

   **Part 1.** As set forth more fully in the Cash Management Motion, the Debtors fund their operations as of the Commencement Date through 15 bank accounts maintained by KServicing. The bank balances listed in the Cash Management Motion are as of the close of business on September 30, 2022; however, some of the funds included in these balances are owed to other parties and therefore the Debtors' unencumbered cash balance is less than the total bank balances. Bank balances listed on Schedule AB Part 1-3 are as of the Commencement Date. As of the Commencement Date, the Debtors had approximately $11 million of unencumbered cash.

   **Part 2.** Certain prepaid or amortized assets are listed in Part 2 in accordance with the Debtors' books and records. The amounts listed in Part 2 do not necessarily reflect assets the Debtors will be able to collect or realize. The amounts listed in Part 2 include, among other things, prepaid insurance, taxes, software licenses, and other vendors related to loan servicing operations.

   The Debtors also maintain a security deposit in connection with the Debtors' non-residential real property lease. This deposit is included in the Schedules for the appropriate legal entity.

   **Part 3.** The Debtors' accounts receivable information includes receivables from the Debtors' unpledged loan portfolios, including receivables from KServicing owned Paycheck Protection Program loans (the "**KS PPP Loans**") and Legacy Loans, customers, vendors, or other outside parties. The Debtors do not indicate the age of accounts receivables in these Schedules and Statements. The accounts receivable balances in this section exclude (a) certain intercompany related receivables that the Debtors are not able to collect on, (b) the receivable from Customer Bank and (c) Paycheck Protection Program Liquidity Facility (the "**PPPLF**") loans pledged to the Federal Reserve Bank of San Francisco (the "**Reserve Bank**""), which are reported under other Notes receivable, Part 11-71.

   **Part 4.** Any of the Debtors' ownership interests in subsidiaries are listed in Schedule A/B, Part 4 as zero, because each of the subsidiary entities are dormant, and no recovery is contemplated.

   **Part 7.** The Debtors have office furniture and computer equipment assets that have been expensed, have no net book value, and, therefore, are not included in the Schedules and Statements.

**Part 9.**  Property leased by the Debtors is listed in Schedule G and is not listed in Part 9 of Schedule A/B.

**Part 10.**  Part 10 identifies the various trademarks and licenses owned and maintained by the Debtors. Part 10 also includes a best effort listing of the Debtors' registered internet domains and websites.  Any assets identified in Part 10 were excluded assets in the sale of the Debtors' assets to affiliates of American Express or licensed back to the Debtors by affiliates of American Express.   The act of not listing any specific domain or website is not a relinquishing of ownership.

**Part 11.**

i.  ***Notes Receivable***.  The Notes Receivables reflected in the Schedules and Statements are comprised of certain receivables the Debtors assert exist against or from (a) Biz2Credit for referral fees, (b) Customer Bank for uncollected referral and related service fees, (c) excess amounts lent to certain PPP borrowers due to difficulties in accounting for federal, state, and local taxes when calculating a borrower's overall payroll costs ("**Excess Salt Recoupment**"), (d) PPP loan maturity amounts that were advanced to the Reserve Bank for the respective loan maturity dates for certain loans for which the Debtors had not yet received full forgiveness payment, guaranty purchase payment, or full borrower repayment ("**Out-of-Pocket 24 Month Maturities Recoupment**") and (e) the PPPLF loans pledged as collateral for the Reserve Bank. Any alleged claims related to Notes Receivables are included on Schedule E/F.

ii.  ***Unused net operating losses (NOLs).***  The Debtors have net operating losses however the timing and the use of such credits cannot be determined at this time.  As a result, the current value is listed as "undetermined." The use of the word "undetermined" does not reflect the potential materiality of deferred value.

iii.  ***Other contingent and unliquidated claims or causes of action of every nature***. In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, setoffs, and refunds with suppliers, among other claims. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as plaintiffs, or counter-claims and/or cross-claims as defendants.

Despite exercising their reasonable efforts to identify all known assets, the Debtors may not have listed all their causes of action or potential causes of action against third parties as assets in their Schedules, including, but not

limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any claims and causes of action they may have. Neither these Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way.

2. **Schedule D.** The claims listed on Schedule D arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred before the Commencement Date. Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or other order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (a) although the Debtors may have scheduled claims of various creditors as secured claims, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken; (b) the Debtors reserve all rights to dispute and challenge the secured nature of any creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim; (c) the descriptions provided on Schedule D are intended to be a summary; and (d) claim amounts do not account for interest, if any. Reference to the applicable agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Except as specifically stated herein, real property lessors and other parties which may hold security deposits or other security interests have not been listed on Schedule D. The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.

3. **Schedules E/F**

    a. **Part 1.** The claims listed on Part 1 arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Part1. To the best of the Debtors' knowledge, all claims listed on Part 1arose or were incurred before the Commencement Date. The Debtors have not listed any tax, wage, or wage-related obligations that the Debtors have paid pursuant to First Day Orders on Part 1. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

    Claims owing to various taxing authorities to which the Debtors potentially may be

liable are included on Part 1. Certain of such claims, however, may be subject to reconciliation and/or the Debtors may otherwise be unable to determine with certainty the amount of the remaining claims listed on Part 1. Therefore, the Debtors have listed all such claims as contingent and unliquidated, pending final resolution of ongoing audits or other outstanding issues.

b. **Part 2.** The Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable Debtor. As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert liens against the Debtors for amounts listed on Part 2. The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor. In addition, certain parties may assert that claims listed on Part 2 are entitled to priority under 11 U.S.C. § 503(b)(9).

The Debtors have made reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, trade creditors, landlords, utility companies, consultants, and other service providers. The Debtors, however, believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Part 2 also contains information regarding pending litigation involving the Debtors. In certain instances, the relevant Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is included on that Debtor's Schedule E/F. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated, and disputed in the Schedules. See Specific Note, SOFA 7 for a description of the litigation listed in Part 2.

Part 2 does not include certain balances including deferred revenue, accruals and/or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Commencement Date.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims, pursuant to the First Day Orders. To the extent

practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Commencement Date, adjusted for postpetition payments under some or all of the First Day Orders. Each Debtor's Schedule E/F will reflect some of the Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to amend Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

4. **Schedule G.** Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**"), the Debtors' review process of the Agreements is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, non-compete agreements, and confidentiality agreements which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Commencement Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

To the extent short-term service orders that are oral in nature, such orders have not been included in Schedule G.

Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (a) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (b) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (c) amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement.

5.  **Schedule H.**  In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.  Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Subject to these Global and Specific Notes, any known litigation and/or claims have been listed on Kabbage, Inc's Schedule F and SOFA Part 3. Such litigation may be inclusive of other Debtor affiliates and as such, they have not been set forth individually on Schedule H.  Furthermore, the Debtors may not have identified on Schedule H certain guarantees that are embedded in the Debtors' contracts, leases, secured financings, debt instruments, and other such agreements.  No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedule E/F or Schedule G for the respective Debtors subject to such debt.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or be unenforceable.

## <u>Specific Notes With Respect to the Debtors' Statements of Financial Affairs</u>

1.    **SOFA 1.**  The income stated in the Debtors' response to SOFA 1 represents gross revenue.  The Debtors' fiscal year ends on the last day of each calendar year:

- **FY 2020**:  Comprised of consolidated revenues for fiscal year ended December 31, 2020.

- **FY 2021**:  Comprised of consolidated revenues for fiscal year ended December 31, 2021.

- **FY 2022**:  Comprised of 9 months ending September 30, 2022.

2.    **SOFA 3**.

As described in the Cash Management Motion, the Debtors utilize their integrated, centralized Cash Management System to collect, concentrate, and disburse funds generated by their operations. The obligations of the Debtors are paid by and through KServicing.

The Debtors routinely remit payments in the ordinary course of business to borrowers or the Small Business Administration for overpayments made by borrowers on loans that have already been forgiven or guaranty purchased by the SBA, as applicable. These Schedules and Statements do not list such payments made in the ordinary course of business as described in the *Motion of Debtors for Interim and Final Orders Authorizing Debtors to (I) Continue Servicing and Subservicing Activities and (II) Perform Related Obligations* [Docket No. 11].

The payments disclosed in SOFA 3 are based on payments made by the Debtors with payment dates from July 6, 2022 to October 3, 2022.  The actual dates that cash cleared the Debtors' bank accounts were not considered.  Most payments are made either by wire or ACH and the actual dates that cash cleared the Debtors' bank accounts may vary depending on whether payment was made via wire versus ACH.

The response to SOFA 3 excludes disbursements or transfers listed on SOFA 4.

All payments listed on SOFA 11 are not also listed on SOFA 3.

3.    **SOFA 4.**  The payroll-related amounts shown in response to SOFA 4 are gross amounts that do not include reductions for amounts including employee taxes or benefit withholdings.  To the extent that insiders receive benefits, such as work-related allowances, those payments have been included as expense reimbursements to the extent paid directly to the employee.  The Debtors also provide corporate-paid credit cards and reimburse direct business expenses incurred by insiders.  Such business expenses have not been included in SOFA 4.  As authorized by Creditor Matrix Order, home addresses for individuals identified as insiders have been redacted.

4.      **SOFA 7.**  The Debtors were engaged in the business of servicing PPP loans following the enactment of the CARES Act.    While the Debtors remained diligent in understanding and implementing updated guidance and serviced the PPP loans in a complaint manner, their servicing efforts were the subject of heightened scrutiny, and they were subsequently implicated in various investigations, disputes, and administrative proceedings.  Information provided in response to SOFA 7 includes those investigations, disputes, and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. In addition, at any time, the Debtors may be subject to numerous third party subpoenas, which are not listed in the response to SOFA 7.  While the Debtors believe they were diligent in their efforts in completing SOFA 7, it is possible that certain matters that may be responsive to this question may have been inadvertently excluded in the Debtors' response to SOFA 7. The Debtors reserve all of their rights to amend or supplement their response to SOFA 7.

Further, the Debtors reserve all of their rights and defenses with respect to any and all matters listed in SOFA 7.  The listing of any such matters shall not constitute an admission by the Debtors of any liabilities or that the actions, matters or other proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such matters, actions or other proceedings.

5.      **SOFA 11.**    All payments for services of any persons or entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Commencement Date are listed on that Debtor's response to SOFA 11.  Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

6.      **SOFA 13.**  As reflected on SOFA 13, on or around October 15, 2020, the Debtors sold substantially all of their assets to affiliates of American Express in exchange for approximately $750,000,000 (the "**Purchase Price**").  The substantial majority of the Purchase Price was paid to shareholders of the Debtors and the balance of the Purchase Price was used to, among other things, pay transaction costs, employee obligations and the Debtors' go-forward working capital obligations.

7.      **SOFA 14.**    The corporate headquarters was transferred to affiliates of American Express in connection with sale of Debtors' assets in October 2020. During the COVID-19 pandemic the offices remained primarily unused as a safety measure.  On March 1, 2022, upon entering into a new non-residential lease, the Debtors began utilizing their current office space.

8.      **SOFA 16.**  In the ordinary course of business in connection with their origination and

servicing businesses, the Debtors collect certain personally identifiable information ("**PII**"), including but not limited to, their borrowers' names, business names, personal and business addresses, date of birth, email, social security numbers or EIN, bank accounts and phone numbers.  A list of categories of collected PII is included in the response to SOFA 16.  The Debtors maintain a privacy policy regarding the use of PII.

9.    **SOFA 25.**  The Debtors used their reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were an owner, partner, member or otherwise a person in control within the six years immediately preceding the Commencement Date.  The nature for operations for some of the businesses is unknown to current management.

10.    **SOFA 26.**  The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients include, among others, regulatory agencies, financial institutions, investment banks, debtholders and their legal and financial advisors.  Financial statements have also been provided to other parties as requested, subject to customary non-disclosure requirements where applicable.

11.    **SOFA 30.**  Any and all known payments, distributions or withdrawals to insiders of the Debtors in the year before the Commencement Date have been listed in response to SOFA 4.

**Kabbage, Inc.**                                                                      **Case Number:**         **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---------|---------------------------|

1.  **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| General description | Type of account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---------------------|--------------------------------|-------------------------------------------|-----------------------------------|
| **2.  Cash on hand** | | | |
| 2.1 | | | |
| **3.  Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1   SYNOVUS BANK | COLLECTION ACCOUNT | 5276 | $3,060,465 |
| 3.2   PRIMIS BANK | CORRESPONDENT BANK | 8279 | $12,427,329 |
| 3.3   SYNOVUS BANK | COLLECTION ACCOUNT | 5219 | $0 |
| 3.4   SYNOVUS BANK | COLLECTION ACCOUNT | 5227 | $0 |
| 3.5   SYNOVUS BANK | COLLECTION ACCOUNT | 5235 | $0 |
| 3.6   SYNOVUS BANK | COLLECTION ACCOUNT | 5243 | $1,610,067 |
| 3.7   SYNOVUS BANK | COLLECTION ACCOUNT | 5268 | $4,150,146 |
| 3.8   SYNOVUS BANK | OPERATING ACCOUNT | 5201 | $13,969,587 |
| 3.9   SYNOVUS BANK | COLLECTION ACCOUNT | 5458 | $311,431 |
| 3.10  SYNOVUS BANK | DISBURSEMENT ACCT | 5946 | $153,476 |
| 3.11  SYNOVUS BANK | DISBURSEMENT ACCT | 5953 | $135,414 |
| 3.12  SYNOVUS BANK | ESCROW ACCOUNT | 5441 | $0 |
| 3.13  SYNOVUS BANK | KABBAGE BRIDGE FUNDIN | 5987 | $0 |
| 3.14  SYNOVUS BANK | COLLECTION ACCOUNT | 5250 | $1,639,371 |
| **4.  Other cash equivalents (Identify all)** | | | |
| 4.1   CELTIC BANK ESCROW ACCOUNT | | | $2,088,364 |

5.  **Total of Part 1.**                                                                    $39,545,650

Add lines 2 through 4. Copy the total to line 80.

**Kabbage, Inc.**                                          **Case Number:**        **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6.   **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---------------------|-----------------------------------|

7.   **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 | 730 MIDTOWN SPV, LLC - OFFICE LEASE SECURITY DEPOSIT | $15,834 |

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | BLACKLINE SYSTEMS, INC. - PREPAID LICENSE | $24,797 |
| 8.2 | CAC SPECIALTY - PREPAID D&O & EXCESS POLICIES | $670,833 |
| 8.3 | DELAWARE FRANCHISE TAX - PREPAID Q4 2022 FRANCHISE TAX | $40,600 |
| 8.4 | DOCUSIGN INC. - PREPAID LICENSE | $17,375 |
| 8.5 | INSPIRE - PREPAID LICENSE | $26,667 |
| 8.6 | MARSH USA INC - PREPAID EXCESS D&O | $17,777 |
| 8.7 | MARSH USA INC. - PREPAID CYBER COVERAGE | $6,158 |
| 8.8 | MARSH USA INC. - PREPAID D&O AND BPL COVERAGE | $68,904 |
| 8.9 | MARSH USA INC. - PREPAID UMBRELLA, GENERAL LIABILITY, AUTO LIABILITY AND PROPERTY INSURANCE | $4,116 |
| 8.10 | RELIAQUEST HOLDINGS, LLC.- PREPAID LICENSE | $53,667 |
| 8.11 | SAGE INTACCT, INC. - PREPAID LICENSE | $14,943 |
| 8.12 | SALESFORCE.COM - PREPAID LICENSE | $46,989 |
| 8.13 | TRUSTARC INC - PREPAID LEGAL COMPLIANCE | $15,750 |

9.   **Total of Part 2**                                                        **$1,024,410**

Add lines 7 through 8. Copy the total to line 81.

**Kabbage, Inc.**                                                    **Case Number:**        **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

  ☐ No. Go to Part 4.

  ☑ Yes. Fill in the information below.

| General description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|
| 11.  Accounts receivable | | | |
| 11a. 90 days old or less: | $19,145,622 - | $2,583,504 = | $16,562,118 |
| 11b. Over 90 days old: | $0 - | $0 = | $0 |
| 11c. All accounts receivable: | - | = | |

12. **Total of Part 3**                                                                          $16,562,118

  Current value on lines 11a + 11b = line 12. Copy the total to line 82.

Kabbage, Inc.                                                          Case Number:          22-10951

## Schedule A/B: Assets — Real and Personal Property

| Part 4: | Investments |

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| General description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
   Name of fund or stock:

| 14.1 | NONE | NONE | $0 |
|---|---|---|---|

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
   Name of entity:

| 15.1 | KABBAGE ASSET FUNDING 2017-A LLC (OWNERSHIP: 100.0%) | NONE | $0 |
|---|---|---|---|
| 15.2 | KABBAGE ASSET FUNDING 2019-A LLC (OWNERSHIP: 100.0%) | NONE | $0 |
| 15.3 | KABBAGE ASSET SECURITIZATION LLC (OWNERSHIP: 100.0%) | NONE | $0 |
| 15.4 | KABBAGE CANADA HOLDINGS, LLC (OWNERSHIP: 100.0%) | NONE | $0 |
| 15.5 | KABBAGE DIAMETER, LLC (OWNERSHIP: 100.0%) | NONE | $0 |
| 15.6 | KABBAGE FINANCIAL SERVICES LIMITED (OWNERSHIP: 100.0%) | NONE | $0 |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
   Describe:

| 16.1 | NONE | NONE | $0 |
|---|---|---|---|

17. **Total of Part 4**
   Add lines 14 through 16. Copy the total to line 83.

|  | $0 |
|---|---|

**Kabbage, Inc.**                                                    **Case Number:**        **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets - detail |
|---|---|

18.   **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19.   **Raw materials**

19.1 _____    _____    _____    _____    _____

20.   **Work in progress**

20.1 _____    _____    _____    _____    _____

21.   **Finished goods, including goods held for resale**

21.1 _____    _____    _____    _____    _____

22.   **Other Inventory or supplies**

22.1 _____    _____    _____    _____    _____

23.   **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

_____

24.   **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25.   **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.   Book Value _____    Valuation method _____    Current value _____

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Kabbage, Inc.**                                                    **Case Number:**      **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) - detail |
|---|---|

27.  **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28.  **Crops—either planted or harvested**

28.1 _____     _____     _____     _____

29.  **Farm animals**

Examples: Livestock, poultry, farm-raised fish

29.1 _____     _____     _____     _____

30.  **Farm machinery and equipment**

(Other than titled motor vehicles)

30.1 _____     _____     _____     _____

31.  **Farm and fishing supplies, chemicals, and feed**

31.1 _____     _____     _____     _____

32.  **Other farming and fishing-related property not already listed in Part 6**

32.1 _____     _____     _____     _____

33.  **Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

34.  **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.     Book Value _____     Valuation method _____     Current value _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Kabbage, Inc.**                                                                      **Case Number:**        **22-10951**

## Schedule A/B: Assets — Real and Personal Property

**Part 7:**      Office furniture, fixtures, and equipment; and collectibles - detail

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | | | |
| 39.1    NONE | | | $0 |
| 40.  **Office fixtures** | | | |
| 40.1    NONE | | | $0 |
| 41.  **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1    INTERNALLY DEVELOPED SOFTWARE | $2,266 | | $2,266 |
| 42.  **Collectibles** | | | |
| 42.1    NONE | | | $0 |

43.  **Total of Part 7**                                                                           **$2,266**

Add lines 39 through 42. Copy the total to line 86.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Kabbage, Inc.**                                                      **Case Number:**          **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---------|-------------------------------------|

46.   **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|-----------------------------------------|-------------------------------------|

47.   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1 _____    _____    _____    _____

48.   **Watercraft, trailers, motors, and related accessories**
      Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1 _____    _____    _____    _____

49.   **Aircraft and accessories**

49.1 _____    _____    _____    _____

50.   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____    _____    _____    _____

51.   **Total of Part 8**

Add lines 47 through 50. Copy the total to line 87.

52.   **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53.   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Kabbage, Inc.**                                                    **Case Number:**            **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 9: | Real property - detail |
|---|---|

54.  **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

55.1 _____  _____  _____  _____  _____

56.  **Total of Part 9**

Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Kabbage, Inc. | Case Number: | 22-10951 |

## Schedule A/B: Assets — Real and Personal Property

**Part 10:**   Intangibles and intellectual property - detail

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1   O (DESIGN) - 86294422 | | | Undetermined |
| 60.2   ORCHA RD (DESIGN) - 86294436 | | | Undetermined |
| 60.3   ORCHARD (STANDARD CHARACTER MARK) - 86867495 | | | Undetermined |
| **61. Internet domain names and websites** | | | |
| 61.1   DOLRS.ORG | | | Undetermined |
| 61.2   KSERVICING.COM | | | Undetermined |
| 61.3   ORCHARDELECTRONICMARKETS.COM | | | Undetermined |
| 61.4   ORCHARDEM.COM | | | Undetermined |
| 61.5   ORCHARD-EM.COM | | | Undetermined |
| 61.6   ORCHARDINDEXES.COM | | | Undetermined |
| 61.7   ORCHARDINDICES.COM | | | Undetermined |
| 61.8   ORCHARD-MARKETPLACE.COM | | | Undetermined |
| 61.9   ORCHARD-MARKETS.COM | | | Undetermined |
| 61.10  ORCHARDPLATFORM.BLOG | | | Undetermined |
| 61.11  ORCHARD-PLATFORM.COM | | | Undetermined |
| 61.12  ORCHARDPLATFORM.MARKET | | | Undetermined |
| 61.13  ORCHARDPLATFORMMARKETS.COM | | | Undetermined |
| 61.14  ORCHARDX.COM | | | Undetermined |
| 61.15  WWW.ORCHARD-APP.COM | | | Undetermined |
| 61.16  WWW.ORCHARDPLATFORM.COM | | | Undetermined |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1   AUTHORIZTION BY UNITED STATES SMALL BUSINESS ADMINISTRATION ("SBA") AND THE DEPARTMENT OF TREASURY FOR LENDER TO MAKE PAYCHECK PROTECTION PROGRAM SBA-GUARANTEED FINANCING | | | Undetermined |
| 62.2   COMMON DATA LICENSE FROM ALPHA KABBAGE | | | Undetermined |
| 62.3   INTELLECTUAL PROPERTY LICENSE FROM ALPHA KABBAGE | | | Undetermined |

Kabbage, Inc.                                                    Case Number:        22-10951

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|----------|-----------------------------------------------|

| | | |
|---|---|---|
| 62.4 | LEGACYCO PLATFORM LICENSE FROM ALPHA KABBAGE | Undetermined |
| 62.5 | LICENSE TO CONTINUE USE OF CORPORATE NAME "KABBAGE, INC." FROM ALPHA KABBAGE (UNTIL WIND-DOWN IS COMPLETE) | Undetermined |
| 62.6 | NEW LEGACYCO DATA ASSIGNMENT FROM ALPHA KABBAGE | Undetermined |
| 62.7 | OPEN SOURCE SOFTWARE LICENSES | Undetermined |

63.  **Customer lists, mailing lists, or other compilations**

| | | |
|---|---|---|
| 63.1 | AIRBNB HOST MERCHANT LIST | Undetermined |
| 63.2 | LEGACY BORROWER LISTS | Undetermined |
| 63.3 | PPP BORROWER LISTS | Undetermined |

64.  **Other intangibles, or intellectual property**

64.1

65.  **Goodwill**

65.1

66.  **Total of Part 10**                                                            **Undetermined**

Add lines 60 through 65. Copy the total to line 89.

67.  **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No
☑ Yes

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

**Kabbage, Inc.**                                                    **Case Number:**          **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
| --- | --- |

71. **Notes receivable**
    Description (include name of obligor)

| | | |
| --- | --- | --- |
| 71.1 | Biz2Credit Receivable for Referrals | $1,031,000 |
| 71.2 | CUBI Uncollected Servicing fees | $65,496,636 |
| 71.3 | Excess SALT Recoupment | $6,653,313 |
| 71.4 | Out-of-Pocket Pre-Paid 24 Month Maturities Recoupment | $7,725,403 |
| 71.5 | PPP Loans Pledged to the PPPLF | $548,165,657 |

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

| | | |
| --- | --- | --- |
| 72.1 | California State Net Operating Loss ($11,440,688) (Tax year: 2021) | Undetermined |
| 72.2 | Federal Net Operating Loss ($52,421,100) (Tax year: 2021) | Undetermined |
| 72.3 | Georgia State Net Operating Loss ($1,543,772) (Tax year: 2021) | Undetermined |
| 72.4 | New York State Net Operating Loss ($4,895,935) (Tax year: 2021) | Undetermined |

Kabbage, Inc.                                                    Case Number:        22-10951

## Schedule A/B: Assets — Real and Personal Property

**Part 11:**    **All other assets**

| General description | Current value of debtor's interest |
|---|---|

72.  **Tax refunds and unused net operating losses (NOLs)**
        Description (for example, federal, state, local)

    72.5   North Carolina State Net Operating Loss ($1,670,382)        Undetermined
            (Tax year: 2021)


    72.6   Pennsylvania State Net Operating Loss ($1,950,081)          Undetermined
            (Tax year: 2021)


73.  **Interests in insurance policies or annuities**

    73.1


74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

    74.1


75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    75.1


76.  **Trusts, equitable or future interests in property**

    76.1


77.  **Other property of any kind not already listed Examples: Season tickets, country club membership**
        Examples: Season tickets, country club membership

    77.1

**Kabbage, Inc.**                                                    **Case Number:**        **22-10951**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

78. **Total of Part 11**
    Add lines 71 through 77. Copy the total to line
    90.

$629,072,009

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

Kabbage, Inc.                                                                                    Case Number:        22-10951

## Schedule A/B: Assets — Real and Personal Property

**Part 12:**     **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|---|
| 80. | Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $39,545,650 | | |
| 81. | Deposits and prepayments. Copy line 9, Part 2. | $1,024,410 | | |
| 82. | Accounts receivable. Copy line 12, Part 3. | $16,562,118 | | |
| 83. | Investments. Copy line 17, Part 4. | $0 | | |
| 84. | Inventory. Copy line 23, Part 5. | $0 | | |
| 85. | Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86. | Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $2,266 | | |
| 87. | Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0 | | |
| 88. | Real property. Copy line 56, Part 9. | | $0 | |
| 89. | Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90. | All other assets. Copy line 78, Part 11. | $629,072,009 | | |
| 91. | Total. Add lines 80 through 90 for each column. | a. $686,206,453 | b. $0 | |

92.  **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**                                      $686,206,453

**Kabbage, Inc.**  **Case Number:**  **22-10951**

## Schedule D: Creditors Who Have Claims Secured by Property

1.  **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

2.  **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| **2.1** CHTD COMPANY<br>P.O. BOX 2576<br>SPRINGFIELD, IL 62708 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 20196557131 | ☑ | ☑ | ☐ | | |
| **2.2** CROSS RIVER BANK<br>400 KELBY ST<br>FT. LEE, NJ 7024 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 20203239144 | ☑ | ☑ | ☐ | | |
| **2.4** FEDERAL RESERVE BANK OF SAN FRANCISCO<br>101 MARKET ST<br>SAN FRANCISCO, CA 94105 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 20203355056 | ☑ | ☑ | ☐ | | |
| **2.3** FEDERAL RESERVE BANK<br>1 LIBERTY PLZ<br>NEW YORK, NY 10006 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: PAYCHECK PROTECTION PROGRAM LIQUIDITY FACILITY LETTER OF AGREEMENT AND FEDERAL RESERVE'S OPERATING CIRCULAR NO. 10 | ☐ | ☐ | ☐ | $536,450,941 | UNDETERMINED |

Kabbage, Inc.                                                                                     **Case Number:**    **22-10951**

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| 2.5 FINANCIAL AGENT SERVICES<br>P.O. BOX 2576<br>SPRINGFIELD, IL 62708 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 20203003284 | ☑ | ☑ | ☐ | | |
| 2.6 FINANCIAL AGENT SERVICES<br>P.O. BOX 2576<br>SPRINGFIELD, IL 62708 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 20196523711 | ☑ | ☑ | ☐ | | |
| 2.7 FINANCIAL AGENT SERVICES<br>P.O. BOX 2576<br>SPRINGFIELD, IL 62708 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 038-2019-021042 | ☑ | ☑ | ☐ | | |
| 2.8 FULTON COUNTY, GEORGIA<br>P.O. BOX 105052<br>ATLANTA, GA | ☐ | ☐ | ☐ | LIEN DESCRIPTION: TAX LIEN | ☑ | ☑ | ☑ | | |
| 2.9 SECURED LENDER SOLUTIONS, LLC<br>P.O. BOX 2576<br>SPRINGFIELD, IL 62708 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 20195307017 | ☑ | ☑ | ☐ | | |

**Kabbage, Inc.**

**Case Number:** **22-10951**

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| **2.10** THE CITY OF ATLANTA, GEORGIA<br>P.O. BOX 105052<br>ATLANTA, GA | ☐ | ☐ | ☐ | LIEN DESCRIPTION: TAX LIEN | ☑ | ☑ | ☑ | | |
| **2.11** U.S. BANK NATIONAL ASSOCIATION<br>P.O. BOX 70870<br>CM-9690<br>ST. PAUL, MN 55170 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 20177849526 | ☑ | ☑ | ☐ | | |
| **2.12** WILMINGTON SAVINGS FUND SOCIETY, FSB<br>500 DELAWARE AVE<br>11TH FL<br>WILMINGTON, DE 19801 | ☐ | ☐ | ☐ | LIEN DESCRIPTION: UCC FILE NO. 20202903799 | ☑ | ☑ | ☐ | | |

**Total:** $536,450,941

| Kabbage, Inc. | Case Number: | 22-10951 |
|---|---|---|

## Schedule D: Creditors Who Have Claims Secured by Property

**Amount of Claim**

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   **$536,450,941**

**Kabbage, Inc.**                                                                   **Case Number:**          **22-10951**

## Schedule D: Creditors Who Have Claims Secured by Property

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|----------------------------------------------------------------|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|--------------------------|------------------------------------------------------|-------------------------------------------------|
| NONE | | |

**Kabbage, Inc.**                                                      **Case Number:**        **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor
   has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **2.1** ALABAMA DEPARTMENT OF REVENUE<br>50 N RIPLEY ST<br>STE 4112<br>MONTGOMERY, AL 36130 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.2** CALIFORNIA FRANCHISE TAX BOARD<br>P.O. BOX 2952<br>SACRAMENTO, CA 95812-2952 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.3** DELAWARE DIVISION OF REVENUE<br>P.O. BOX 2044<br>WILMINGTON, DE 19899-2044 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.4** FEDERAL RESERVE DEFICIENCY CLAIM<br>1 LIBERTY PLZ<br>NEW YORK, NY 10006 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.5** GEORGIA DEPARTMENT OF REVENUE<br>1800 CENTURY BLVD NE<br>STE 12000<br>ATLANTA, GA 30345 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.6** INTERNAL REVENUE SERVICE<br>2970 MARKET ST<br>MAIL STOP 5-Q30133<br>PHILADELPHIA, OA 19104-5016 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.7** NEW YORK CITY DEPARTMENT OF FINANCE<br>1 CENTRE ST<br>22ND FL<br>NEW YORK, NY 10007 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.8** NEW YORK STATE DEPARTMENT OF FINANCE<br>P.O. BOX 5300<br>ALBANY, NY 12205-0300 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.9** NORTH CAROLINA DEPARTMENT OF REVENUE<br>501 N WILMINGTON ST<br>RALEIGH, NC 27604 | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Kabbage, Inc.**                                                    **Case Number:**          **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **2.10** PENNSYLVANIA DEPARTMENT OF REVENUE<br>P.O. BOX 280501<br>HARRISBURG, PA 17128-0501 | UNKNOWN | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| | | | | | Total: | **UNDETERMINED** | **UNDETERMINED** |

**Kabbage, Inc.**                                                              **Case Number:**        **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

**Total: All Creditors with PRIORITY Unsecured Claims**                  UNDETERMINED   UNDETERMINED

**Kabbage, Inc.**                                                    **Case Number:**      **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

3.   List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with
     nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 3.1 | 365 SUN, LLC<br>C/O THE FINLEY FIRM, PC<br>ATTN: MARYBETH V GIBSON<br>3535 PIEDMONT RD, BLDG 14, STE 230<br>ATLANTA, GA 30305 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.2 | ALLEGIS GROUP HOLDINGS INC<br>7301 PKWY DR<br>HANOVER, MD 21076 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $1,600 |
| 3.3 | AMERICAN EXPRESS KABBAGE INC.<br>730 PEACHTREE ST NE #1100<br>ATLANTA, GA 30308 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☐ | ☐ | | ☐ | UNDETERMINED |
| 3.4 | BIZ2X LLC<br>1 PENN PLZ<br>STE 4530<br>NEW YORK, NY 10119 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $100,545 |
| 3.5 | BOSCO SEUNGCHUL BAEK<br>C/O THE CARDOZA LAW CORP<br>ATTN: LAUREN B VEGGIAN<br>4455 E CAMELBACK RD, STE C250<br>PHOENIX, AZ 85018 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.6 | CALVIN L ERBY, II<br>C/O SMOOTH & EZ MERCHANT FUNDING<br>ATTN: CALVIN L ERBY, II<br>2860 CREEKWOOD LN<br>LAWRENCEVILLE, GA 30044 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.7 | CANDICE WORTHY<br>C/O THE FINLEY FIRM, PC<br>ATTN: MARYBETH V GIBSON<br>3535 PIEDMONT RD, BLDG 14, STE 230<br>ATLANTA, GA 30305 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.8 | CARLTON MORGAN<br>C/O THE FINLEY FIRM, PC<br>ATTN: MARYBETH V GIBSON<br>3535 PIEDMONT RD, BLDG 14, STE 230<br>ATLANTA, GA 30305 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |

**Kabbage, Inc.**                                                                                    **Case Number:**          **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 3.9  CELTIC BANK CORP<br>DBA CELTIC BANK<br>C/O LESLIE K RINALDI, GENERAL COUNSEL<br>268 S STATE ST, STE 300<br>SALT LAKE CITY, UT 84111 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.10  CIT BANK NA<br>155 COMMERCE WAY<br>PORTSMOUTH, NH 03801 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $6,348 |
| 3.11  CORPORATION SERVICE COMPANY<br>251 LITTLE FALLS DR<br>WILMINGTON, DE 19808 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $2,668 |
| 3.12  CROSS RIVER BANK<br>400 KELBY ST<br>FORT LEE, NJ 07024 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.13  CUSTOMERS BANK<br>1015 PENN AVE<br>STE 203<br>WYOMISSING, PA 19610 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☑ | UNDETERMINED |
| 3.14  DEBT SETTLEMENT INFO BANK<br>11152 WESTHEIMER RD<br>STE 933<br>HOUSTON, TX 77042 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $503 |
| 3.15  DENTONS US LLP<br>233 S WACKER DR<br>STE 5900<br>CHICAGO, IL 60606 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $715 |
| 3.16  DRIVE CHANGE, INC.<br>C/O JONAS ROBINSON ESQ.,<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 WEST 52ND STREET<br>NEW YORK, NY | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.17  EDWARD FORD SERVICES, LLC<br>C/O THE FINLEY FIRM, PC<br>ATTN: MARYBETH V GIBSON<br>3535 PIEDMONT RD, BLDG 14, STE 230<br>ATLANTA, GA 30305 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |

**Kabbage, Inc.**                                                                 **Case Number:**        **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **3.18** FEDERAL TRADE COMMISSION ATTN: MARGUERITE MOELLER 600 PENNSYLVANIA AVE NW WASHINGTON, DC 20580 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.19** FIVE9 INC. 4000 EXECUTIVE PKWY STE 400 SAN RAMON, CA 94583 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $1,011 |
| **3.20** GEXCON US, INC. C/O MICHAEL T. STEWART, ESQ., PERI & STEWART. LLC 271 ROUTE 46 WEST SUITE C201 FAIRFIELD, NJ | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.21** HENRY ANESTHESIA ASSOCIATES, LLC 156 SISSON AVE NE ATLANTA, GA 30317 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.22** HENRY ANESTHESIA ASSOCIATES, LLC C/O OGIER, ROTHSCHILD & ROSENFELD PC ATTN: TAMARA MILES OGIER CHAPTER 11 SUBCHAPTER V TRUSTEE P.O. BOX 1547 DECATUR, GA 30031 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.23** HENRY ANESTHESIA ASSOCIATES, LLC 1740 HUDSON BRIDGE RD, STE 1218 STOCKBRIDGE, GA 30281 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.24** JASON CARR, ET AL C/O WHITE & WILLIAMS, LLP ATTN: JUSTIN E PROPER 1650 MARKET ST, STE 1800 PHILADELPHIA, PA 19103 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.25** JASON RUSSELL CARR C/O THE FINLEY FIRM, PC ATTN: MARYBETH V GIBSON 3535 PIEDMONT RD, BLDG 14, STE 230 ATLANTA, GA 30305 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |

**Kabbage, Inc.**                                                              **Case Number:**          **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 3.26 KEITH W BERGLUND<br>C/O THE BERGLUND GROUP<br>ATTN: CHRISTINA R KING<br>149 S BARRINGTON AVE, STE 181<br>LOS ANGELES, CA 90049 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.27 LADONNA WIGGINS<br>DBA WIGGINS & GRAHAM<br>ENTERPRISE<br>17918 BANDERA RIDGE LN<br>CYPRESS, TX 77433 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.28 LATOYA CLARK<br>3901 S OCEAN DR, APT 8Q<br>HOLLYWOOD, FL 33019 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.29 LOVE WATCH HILL & SAILORS<br>HAVEN, INC<br>ATTN: DOUGLAS BIVIANO<br>1125 PEQUASH AVE<br>CUTCHOGUE, NY 11935 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.30 LUXX LASHES BY LAY, LLC<br>ATTN: LATOYA CLARK<br>2020 NE 163RD ST, STE 106<br>NORTH MIAMI BEACH, FL 33162 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.31 MOORE COLSON<br>600 GALLERIA PKWY SE<br>STE 600<br>ATLANTA, GA 30339 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $60,375 |
| 3.32 MYSUPERFOODS CO. LLC<br>C/O STEVEN MITNICK, ESQ. SM<br>LAW, PC<br>PO BOX 530<br>OLDWICK, NJ | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.33 PIA HOYT LAW FIRM<br>ATTN: JOHN P MERTENS<br>136 E SOUTH TEMPLE, 19TH FL<br>SALT LAKE CITY, UT 84111 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| 3.34 POWER BAIL BONDS<br>LEXINGTON NATIONAL<br>INSURANCE CORPORATION C/O<br>SHULMAN BASTIAN FRIEDMAN &<br>BUI LLP<br>ATTN: MELISSA DAVIS LOWE<br>100 SPECTRUM CENTER DR, STE 6003<br>IRVINE, CA 92618 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |

**Kabbage, Inc.**                                                                    **Case Number:**        **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**       **List All Creditors with NONPRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **3.35** SALESFORCE.COM<br>415 MISSION ST<br>3RD FL<br>SAN FRANCISCO, CA 94105 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $13,535 |
| **3.36** SM NOVELTIES<br>C/O LAW OFFICE OF JAMES A FLANAGAN, SPECIAL COUNSEL FOR PLAINTIFF ATTN: RICHARD A MARSHACK, CH 7 TRUSTEE<br>400 OCEANGATE STE 800<br>LONG BEACH, CA 90802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.37** SMALL BUSINESS ADMINISTRATION<br>ATTN: SUSAN STREICH<br>409 3RD STREET SW<br>SUITE 7211<br>WASHINGTON, DC 20416 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.38** SQUEEZE-IT CORP<br>ATTN: LATOYA CLARK<br>3610 YACHT CLUB DR, STE 213<br>AVENTURA, FL 33180 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.39** STERICYCLE INC DBA SHREDIT<br>2355 WAUKEGAN RD<br>BANNOCKBURN, IL 60015 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $255 |
| **3.40** STRATEGIC ELEMENTS, LLC<br>C/O WANDRO & ASSOCIATES, PC<br>ATTN: ALISON F KANNE<br>2501 GRAND AVE, STE B<br>DES MOINES, IA 50312 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.41** TASTETUNUP, LLC<br>ATTN: LATOYA CLARK<br>1621 AVE M, APT A<br>FT PIERCE, FL 34950 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |
| **3.42** TRANSUNION RISK AND ALTERNATIVE DATA SOLUTIONS<br>4530 CONFERENCE WAY S<br>BOCA RATON, FL 33431 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☐ | ☐ | ☐ | | ☐ | $39,530 |
| **3.43** US DEPARTMENT OF JUSTICE<br>ATTN: SARAH LOUCKS, ESQ.<br>175 N STREET NE<br>ROOM 10.1806<br>WASHINGTON, DC 20002 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |

**Kabbage, Inc.**                                                      **Case Number:**        **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**      List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **3.44** VICKI LEMASTER<br>C/O THE FINLEY FIRM, PC<br>ATTN: MARYBETH V GIBSON<br>3535 PIEDMONT RD, BLDG 14, STE 230<br>ATLANTA, GA 30305 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☑ | | ☐ | UNDETERMINED |

|  | | | | | | **Total:** | **$227,083** |

**Kabbage, Inc.**                                                    **Case Number:**     **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

| | |
| --- | --- |
| Total: All Creditors with NONPRIORITY Unsecured Claims | $227,083 |

**Kabbage, Inc.**                                                                          **Case Number:**        **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**      List Others to Be Notified About Unsecured Claims

4.    List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed
      are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

**4.1**    NONE

**Kabbage, Inc.**                                              **Case Number:**        **22-10951**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**   Total Amounts of the Priority and Nonpriority Unsecured Claims

5.     Add the amounts of priority and nonpriority unsecured claims.

<u>Total of claim amounts</u>

5a.   **Total claims from Part 1**              5a.                                  $0

5b.   **Total claims from Part 2**              5b.   **+**                    $227,083

5c.   **Total of Parts 1 and 2**               5c.                            $227,083
      Lines 5a + 5b = 5c.

**Kabbage, Inc.**                                                                                        **Case Number:**          **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.  **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 1 KARROT SUSPENSION AGREEMENT | | | ☐ | | NOT AVAILABLE |
| 2. 2 LEASE AGREEMENT DATED MARCH 1, 2022 FOR ATLANTA OFFICE | 8/31/2023 | | ☐ | 730 MIDTOWN SVP, LLC | ATTN: JOHN A COURY 1001 WOODWARD AVE, STE 500 DETROIT, MI 48226 |
| 2. 3 REFERRAL PROGRAM AGREEMENT APRIL 9, 2020 | | | ☐ | ABEL COMMERCIAL FUNDING | 11140 ROCKVILLE PIKE SUITE 400 ROCKVILLE, MD 20582 |
| 2. 4 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | A-FRAME CAPITAL, LLC D/B/A DEALSTRUCK | NOT AVAILABLE |
| 2. 5 CYBER LIABILITY POLICY 01-772-15-46 | | | ☐ | AIG SPECIALTY INSURANCE COMPANY | 1271 AVE OF THE AMERICAS FLOOR 37 NEW YORK, NY 10020-1304 |
| 2. 6 PROGRAM AGREEMENT DATED SEPTEMBER 26, 2017, ALL SUBSIDIARY ADDENDUMS TO THE PROGRAM AGREEMENT, AND ALL AMENDMENTS TO THE PROGRAM AGREEMENT | | | ☐ | AIRBNB PAYMENTS UK LTD. | CUSTOMER SERVICE ATTN: HOST CAPITAL ADVANCE AGREEMENT 925B PEACHTREE STREET NE, SUITE 1688, ATLANTA, GA 30309 |

**Kabbage, Inc.**                                                                                       **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 7 PROGRAM AGREEMENT DATED SEPTEMBER 26, 2017, ALL SUBSIDIARY ADDENDUMS TO THE PROGRAM AGREEMENT, AND ALL AMENDMENTS TO THE PROGRAM AGREEMENT | | | ☐ | AIRBNB PAYMENTS, INC. | CUSTOMER SERVICE ATTN: HOST CAPITAL ADVANCE AGREEMENT 925B PEACHTREE STREET NE, SUITE 1688, ATLANTA, GA 30309 |
| 2. 8 TRANSITION SERVICES AGREEMENT BY AND BETWEEN ALPHA KABBAGE, INC. AND KABBAGE, INC. AND ALL AMENDMENTS, ADDENDUMS AND CHANGE ORDERS THERETO | | | ☐ | AMERICAN EXPRESS KABBAGE INC, F/K/A ALPHA KABBAGE, INC. | AMERICAN EXPRESS TRAVEL RELATED SERVICES LEGACY COMPANY, INC. 200 VESEY STREET NEW YORK, NY 10285 |
| 2. 9 TRANSITION SERVICES AGREEMENT BY AND BETWEEN ALPHA KABBAGE, INC. AND KABBAGE, INC. AND ALL AMENDMENTS, ADDENDUMS AND CHANGE ORDERS THERETO | | | ☐ | AMERICAN EXPRESS KABBAGE INC, F/K/A ALPHA KABBAGE, INC. | SULLIVAN & CROMWELL LLP 125 BROAD STREET NEW YORK, NY 10004 |
| 2. 10 MSA | | | ☐ | APISERO INC | 1351 N ALMA SCHOOL RD, STE 150 CHANDLER, AZ 85224 |
| 2. 11 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | APPLEPIE CAPITAL, INC. | NOT AVAILABLE |
| 2. 12 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 2, 2020, BY AND BETWEEN  APRIO, LLP AND KABBAGE, INC. | | | ☐ | APRIO, LLP | 5 CONCOURSE PKWY, UNIT 1000 ATLANTA, GA 30328 |
| 2. 13 PROPOSALS  DATED JANUARY 29, 2018 AND MARCH 30, 2019 AND ANY AMENDMENT AND TOGETHER WITH ANY RENEWALS THERETO | | | ☐ | ARMANINO, LLP | 12657 ALCOSTA BLVD #500 SAN RAMON, CA 94583 |

**Kabbage, Inc.**

**Case Number:**   **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 14   LIABILITY AND PROPERTY INSURANCE POLICY 712-00-86-50-0009 | | | ☐ | ATLANTIC SPECIALITY INSURANCE COMPANY | 605 HIGHWAY 169 NORTH SUITE 800 PLYMOUTH, MN 55441 |
| 2. 15   CLOUD AUTOMATION AGREEMENT ORDER FORM Q-154064-1 AND Q-154065-1 | | | ☐ | AUTOMATION ANYWHERE | ATTN: GENERAL COUNSEL 633 RIVER OAKS PKWY SAN JOSE, CA 95134 |
| 2. 16   CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | AVANT II, LLC | NOT AVAILABLE |
| 2. 17   ORIGINATOR SERVICES AGREEMENT, DATED APRIL 20, 2015, BY AND BETWEEN AVANT II, LLC AND ORCHARDELECTRONIC MARKETS, LLC AND ASSIGNED TO KABBAGE, INC. PURSUANT TO CONTRACT ASSIGNMENT AGREEMENT DATED MAY 7, 2018 | | | ☐ | AVANT II, LLC | NOT AVAILABLE |
| 2. 18   REFERRAL PROGRAM AGREEMENT APRIL 4, 2020 | | | ☐ | AXIO BUSINESS, INC. | 201 MISSION STREET 25TH FLOOR SAN FRANCISCO, CA 94105 |
| 2. 19   PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 2, 2020, BY AND BETWEEN BECOME TECHNOLOGICAL SOLUTIONS, INC. AND KABBAGE, INC. | | | ☐ | BECOME TECHNOLOGICAL SOLUTIONS, INC. | 400 CONCAR DR SAN MATEO, CA 94402 |
| 2. 20   FIRST SIDE A DIC D/O LIABILITY POLICY 47-EPF-323700-01 | | | ☐ | BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY | 500 NORTHPARK TOWN CENTER 1100 ABERNATHY ROAD, N.E. SUITE 1200 ATLANTA, GA 30328 |

**Kabbage, Inc.**

**Case Number:** **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 21 | REFERRAL PROGRAM AGREEMENT APRIL 7, 2020 | | | ☐ | BETTER IMPRESSION LTD. | 108 IBN GVIROL TEL AVIV, ISREAL 6406429 |
| 2. 22 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED JUNE 5, 2020, BY AND BETWEEN BETTERFIN, INC. AND KABBAGE, INC. | | | ☐ | BETTERFIN, INC. | 40 BUSHWICK AVE BROOKLYN, NY 11211 |
| 2. 23 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 2, 2020, BY AND BETWEEN BIG THINK CAPITAL AND KABBAGE, INC. | | | ☐ | BIG THINK CAPITAL | 225 BROADHOLLOW RD MELVILLE, NY 11747 |
| 2. 24 | REFERRAL MARKETING AGREEMENT DATED JANUARY 18, 2021 | | | ☐ | BIZ2CREDIT INC | 1 PENN PLZ, STE 4530 NEW YORK, NY 10119 |
| 2. 25 | SOFTWARE LICENSING AGREEMENT DATED APRIL 28, 2021 AND ANY AMENDMENTS THERETO | | | ☐ | BIZ2CREDIT INC | 1 PENN PLZ, STE 4530 NEW YORK, NY 10119 |
| 2. 26 | MASTER SUBSCRIPTION AGREEMENT AND ORDER DATED MARCH 31, 2017 AND ANY ADDITIONAL ORDERS THEREAFTER | | | ☐ | BLACKLINE SYSTEMS, INC | 21300 VICTORY BLVD, 12TH FL WOODLAND HILLS, CA 91367 |
| 2. 27 | CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | BOND STREET SERVICING, LLC | NOT AVAILABLE |
| 2. 28 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 10, 2020, BY AND BETWEEN BOOKSY AND KABBAGE, INC. | | | ☐ | BOOKSY | NOT AVAILABLE |

**Kabbage, Inc.**                                                                                        **Case Number:**     **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 29 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | BSD CAPITAL, LLC D/B/A LENDISTRY | NOT AVAILABLE |
| 2. 30 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | CAN CAPITAL, INC. | NOT AVAILABLE |
| 2. 31 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT NO. 32082, DATED APRIL 24, 2020, BY AND BETWEEN CAPITAL ONE SERVICES, LLC AND KABBAGE, INC. | | | ☐ | CAPITAL ONE SERVICES, LLC | ATTN: THIRD PARTY MANAGER/CPO 15000 CAPITAL ONE DR RICHMOND, VA 23238 |
| 2. 32 AGREEMENT TO PROVIDE ADMINISTRATOR AGENT SERVICES, DATED MARCH 15, 2019, BY AND BETWEEN CBIZ MHM, LLC, KABBAGE INC. AND KABBAGE ASSET SECURITIZATION LLC | | | ☑ | CBIZ MHM, LLC | ATTN: M. MICHAEL AQUINO 401 PLYMOUTH RD, STE 200 PLYMOUTH MEETING, PA 19462 |
| 2. 33 AGREEMENT TO PROVIDE VERIFICATION SERVICES, DATED JUNE 18, 2019, BY AND BETWEEN CBIZ MHM, LLC, KABBAGE INC. AND KABBAGE ASSET FUNDING 2019-A LLC, AS AMENDED BY THAT CERTAIN AMENDMENT NO.1 DATED JUNE 2, 2020 | | | ☑ | CBIZ MHM, LLC | ATTN: M. MICHAEL AQUINO 401 PLYMOUTH RD, STE 200 PLYMOUTH MEETING, PA 19462 |
| 2. 34 FIRST AMENDED PROGRAM MANAGEMENT AGREEMENT JUNE 30, 2015 AND SECOND AMENDED PROGRAM MANAGEMENT AGREEMENT DATED AUGUST 31, 2017 | | | ☐ | CELTIC BANK CORP | ATTN: REESE HOWELL JR 268 S STATE ST, STE 300 SALT LAKE CITY, UT 84111 |

Kabbage, Inc.                                                                                    **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 35 CONSUMER LOAN MANAGEMENT AGREEMENT DATED SEPTEMBER 19, 2014 AND AMENDMENTS OR ADDENDUMS THEREUNDER, INCLUDING, BUT NOT LIMITED TO THE AGREEMENT TO TERMINATE CONSUMER LOAN PROGRAM MANAGEMENT AGREEMENT AND AGREEMENT TO SUSPEND CONSUMER LOAN PROGRAM MANAGEME | | | ☐ | CELTIC BANK CORPORATION | 268 S STATE ST, STE 300 SALT LAKE CITY, UT 84111 |
| 2. 36 PAYCHECK PROTECTION PROGRAM LIQUIDITY FACILITY LETTER OF AGREEMENT (NON-DEPOSITORY INSTITUTIONS) DATED MAY 12, 2020 | | | ☐ | CENTER STATE BANK, N.A. | C/O COHNE KINGHORN ATTN: AO HEADMAN, JR 111 E BROADWAY, 11TH FL SALT LAKE CITY, UT 84111 |
| 2. 37 PROGRAM MANAGEMENT AGREEMENT | | | ☐ | CENTERSTATE BANK, N.A. | C/O COHNE KINGHORN ATTN: AO HEADMAN, JR 111 E BROADWAY, 11TH FL SALT LAKE CITY, UT 84111 |
| 2. 38 TREASURY MANAGEMENT AGREEMENT DATED MAY 13, 2020 AND ANY AMENDMENTS OR ADDENDUMS THEREAFTER | | | ☐ | CENTERSTATE BANK, N.A. | 1101 FIRST STREET SOUTH WINTER HAVEN, FL 33880 |
| 2. 39 REFERRAL PROGRAM AGREEMENT MAY 4, 2020 | | | ☐ | CENTSAI | 27 EAST 28TH STREET NEW YORK, NY 10015 |
| 2. 40 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | CHANNEL PARTNERS CAPITAL, LLC | NOT AVAILABLE |
| 2. 41 CONTRACT 097-0100907-000 LEASED APPLE EQUIPMENT | | | ☐ | CIT BANK | 155 COMMERCE WAY PORTSMOUTH, NH 03801 |

**Kabbage, Inc.**                                                                    **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 42 CONTRACT 097-0100907-001 LEASED APPLE EQUIPMENT | | | ☐ | CIT BANK | 155 COMMERCE WAY PORTSMOUTH, NH 03801 |
| 2. 43 CONTRACT 097-0100907-002 LEASED APPLE EQUIPMENT | | | ☐ | CIT BANK | 155 COMMERCE WAY PORTSMOUTH, NH 03801 |
| 2. 44 CONTRACT 097-0100907-003 LEASED APPLE EQUIPMENT | | | ☐ | CIT BANK | 155 COMMERCE WAY PORTSMOUTH, NH 03801 |
| 2. 45 CONTRACT 097-0111908-000 LEASED APPLE EQUIPMENT | | | ☐ | CIT BANK | 155 COMMERCE WAY PORTSMOUTH, NH 03801 |
| 2. 46 MLA ML0123456 FOR LEASED APPLE EQUIPMENT | | | ☐ | CIT BANK | 155 COMMERCE WAY PORTSMOUTH, NH 03801 |
| 2. 47 LETTER OF AGREEMENT | | | ☐ | COBBS ALLEN CAPITAL, LLC | DBA CAC SPECIALTY ATTN: GRANTLAND RICE, IV 115 OFFICE PARK DR, STE 200 BIRMINGHAM, AL 35223 |
| 2. 48 EXCESS  SIDE A - D/O POLICY AS5EX00271-221 | | | ☐ | COBBS ALLEN CAPITAL, LLC (PRODUCER) | 250 FILLMORE STREET DENVER, CO 80206 |
| 2. 49 MASTER SERVICES AGREEMENT, DATED MARCH 15, 2019, BY AND BETWEEN CONTRACT CALLERS, INC. AND KABBAGE, INC. | | | ☐ | CONTRACT CALLERS, INC. | ATTN: GREG FERRALL 501 GREENE ST, FL 3, STE 302 AUGUSTA, GA 30901 |
| 2. 50 MASTER SERVICES AGREEMENT, DATED MAY 28, 2020, BY AND BETWEEN CONTRACT CALLERS, INC. AND KABBAGE, INC. | | | ☐ | CONTRACT CALLERS, INC. | ATTN: GENERAL COUNSEL/CEO 501 GREENE ST, FL 3, STE 302 AUGUSTA, GA 30901 |
| 2. 51 MASTER LOOP PROCESSING AGREEMENT DATED FEBRUARY 6, 2020 AND ANY AMENDMENTS OR ADDENDUMS THERETO | | | ☐ | CORECARD SOFTWARE, INC | 1 MECA WAY NORCROSS, GA 30093 |

**Kabbage, Inc.**                                                                 **Case Number:**          **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 52 PROFESSIONAL SERVICES AGREEMENT CT 101111 EXTENDING LOAN MATURITY WITH NEW PAYMENT SCHEDULE SEPTEMBER 16, 2022 AND ANY CURRENT AGREEMENT ASSOCIATED WITH THIS OR ANY EXISTING PSA | | | ☐ | CORECARD SOFTWARE, INC | 1 MECA WAY NORCROSS, GA 30093 |
| 2. 53 SERVICE AGREEMENT | | | ☐ | CORPORATION SERVICE CO | ATTN: INDEPENDENT DIRECTOR SERVICES 251 LITTLE FALLS DR WILMINGTON, DE 19808 |
| 2. 54 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | CREDIBILITY CAPITAL INC. | NOT AVAILABLE |
| 2. 55 ORIGINATOR MASTER SERVICES AGREEMENT, DATED AUGUST 11, 2015, BY AND BETWEEN CREDIBILITYCAPITAL INC. AND ORCHARD ELECTRONIC MARKETS, LLC AND ASSIGNED TO KABBAGE, INC. PURSUANT TO CONTRACT ASSIGNMENT AGREEMENT DATED MAY 7, 2018 | | | ☐ | CREDIBILITY CAPITAL INC. | NOT AVAILABLE |
| 2. 56 MASTER SERVICES AGREEMENT, DATED JANUARY 16, 2018, BY AND BETWEEN CREDIT CONTROL, LLC AND KABBAGE, INC. | | | ☐ | CREDIT CONTROL, LLC | ATTN: RICHARD SAFFER, CEO 5757 PHANTOM DR, STE 330 ST. LOUIS, MO 63042 |
| 2. 57 PPP REFERRAL AGREEMENT DATED APRIL 2, 2020 AND ANY AMENDMENTS THERETO | | | ☐ | CRESTMONT CAPITAL LLC | 400 SPECTRUM CENTER DR, STE 330 IRVINE, CA 92618 |

**Kabbage, Inc.**

**Case Number:** **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 58 | LOAN PROGRAM AGREEMENT DATED APRIL 14, 2020 AND ANY AMENDMENTS LETTER AGREEMENTS THERETO | | | ☐ | CROSS RIVER BANK | ATTN: GILLES GLADE, ARLEN GELBARD 400 KELBY ST FT LEE, NJ 07024 |
| 2. 59 | LOAN SALE AGREEMENT DATED APRIL 13, 2020 AND ANY AMENDMENTS THERETO | | | ☐ | CROSS RIVER BANK | ATTN: GILLES GLADE, ARLEN GELBARD 400 KELBY ST FT LEE, NJ 07024 |
| 2. 60 | SALE AND SERVICING AGREEMENT DATED MAY 6, 2020 AND ANY AMENDMENTS THERETO | | | ☐ | CROSS RIVER BANK | ATTN: GILLES GLADE, ARLEN GELBARD 400 KELBY ST FT LEE, NJ 07024 |
| 2. 61 | SALE AND SERVICING AGREEMENT, DATED MAY 6, 2020, BY AND BETWEEN CROSS RIVER BANK AND KABBAGE, INC., TOGETHER WITH AMENDMENT NO. 1, DATED MAY 13, 2020 | | | ☐ | CROSS RIVER BANK | NOT AVAILABLE |
| 2. 62 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 9, 2020, BY AND BETWEEN CULLUM FINANCIAL LLC DBA WALLOOT AND KABBAGE, INC. | | | ☐ | CULLUM FINANCIAL LLC DBA WALLOOT | 5142 W SWEET IRON PASS PHOENIX, AZ 85083 |
| 2. 63 | PROCESSING AND SERVICING AGREEMENT PURSUANT TO DIVISION A, TITLE I OF THE CARES ACT DATED APRIL 27, 2020 AND ANY AMENDMENTS OR ADDENDUMS THERETO | | | ☐ | CUSTOMERS BANK | ATTN: SAM SIDHU 701 READING AVE WEST READING, PA 19611 |
| 2. 64 | SAAS SERVICES AGREEMENT DATED APRIL 24, 2020 AND ANY AMENDMENTS OR ADDENDUMS THERETO | | | ☐ | CUSTOMERS BANK | ATTN: SAM SIDHU 1015 PENN AVE, STE 103 WYOMISSING, PA 19610 |

**Kabbage, Inc.**
          **Case Number:**    **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 65   SALE AND SERVICING AGREEMENT DATED FEBRUARY 2, 2021 AND ANY AMENDMENTS OR ADDENDUMS THERETO | | | ☐ | CUSTOMERS BANK | ATTN: JENNIFER PETSU, THIRD PARTY RISK MANAGEMENT 1015 PENN AVE, STE 203 WYOMISSING, PA 19610 |
| 2. 66   PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 21, 2020, BY AND BETWEEN  DAVID STEIN ESQ. DBA LAW OFFICE OF DAVID STEIN DBA DAVID STEIN LAW GROUP AND  KABBAGE, INC. | | | ☐ | DAVID STEIN ESQ. DBA LAW OFFICE OF DAVID STEIN DBA DAVID STEIN LAW GROUP | 531 EDWARD AVE WOODMERE, NY 11598 |
| 2. 67   PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 7, 2020, BY AND BETWEEN  DAYSMART AND KABBAGE, INC. | | | ☐ | DAYSMART AND KABBAGE, INC. | ANN ARBOR, MI |
| 2. 68   CARES ACT SECTION 1102 LENDER AGREEMENT – NON-BANK AND NON-INSURED DEPOSITORY  INSTITUTION LENDERS, EXECUTED BY KABBAGE, INC. ON APRIL 9, 2020 AND ANY AMENDMENTS THERETO | | | ☐ | DEPARTMENT OF TREASURY | NOT AVAILABLE |
| 2. 69   MASTER SERVICES AGREEMENT, DATED JANUARY12, 2015, BY AND BETWEEN LOAN DEPOT.COM, LLC ANDORCHARD ELECTRONIC MARKETS, LLC AND ASSIGNED TO KABBAGE, INC. PURSUANT TO CONTRACT ASSIGNMENT AGREEMENT DATED MAY 7, 2018 | | | ☐ | DEPOT.COM, LLC | NOT AVAILABLE |
| 2. 70   ORDER FORM Q-00736572 EFFECTIVE FEBRUARY 2, 2022 | | | ☐ | DOCUSIGN, INC | 221 MAIN ST, STE 1550 SAN FRANCISCO, CA 94105 |

Kabbage, Inc.                                                                    **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 71 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED JUNE 15, 2020, BY AND BETWEEN DORADO REAL ESTATE INC. DBA HOST FINANCIAL AND KABBAGE, INC. | | | ☐ | DORADO REAL ESTATE INC. DBA HOST FINANCIAL | 815 E ST, # 122466 SAN DIEGO, CA 92112 |
| 2. 72 | MASTER SERVICES AGREEMENT DATED FEBRUARY 18,2020 AND ANY AMENDMENTS OR ADDENDUMS THERETO | | | ☐ | DYNAMIC RECOVERY SOLUTIONS, LLC | ATTN: GENERAL COUNSEL 135 INTERSTATE BLVD, STE 6 GREENVILLE, SC 29615 |
| 2. 73 | EXCESS CYBER LIABILITY POLICY PVX30004806801 | | | ☐ | ENDURANCE AMERICAN INSURANCE COMPANY | C/O SOMPO PRO 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 |
| 2. 74 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 6, 2020, BY AND BETWEEN EVANGELICAL CHRISTIAN CREDIT UNION (ECCU) AND KABBAGE, INC. | | | ☐ | EVANGELICAL CHRISTIAN CREDIT UNION (ECCU) | 955 W IMPERIAL HWY, STE 100 BREA, CA 92822 |
| 2. 75 | EXCESS SIDE A - D/O POLICY AS5EX00271-221 | | | ☐ | EVEREST INSURANCE | 100 EVEREST WAY WARREN, NJ 07059 |
| 2. 76 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 9, 2020, BY AND BETWEEN FARM CREDIT EAST, ACA AND KABBAGE, INC. | | | ☐ | FARM CREDIT EAST, ACA | ENFIELD,, CT |
| 2. 77 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 9, 2020, BY AND BETWEEN FARM CREDIT WEST, ACA AND KABBAGE, INC. | | | ☐ | FARM CREDIT WEST, ACA | ROCKLIN, CA |

**Kabbage, Inc.**                                                                 **Case Number:**     **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 78 | AUTHORIZING RESOLUTION CERTIFICATION, DATED AS OF MAY 12, 2020, ON BEHALF OF THE BOARD OF DIRECTORS OF THE LEGACY COMPANY | | | ☐ | FEDERAL RESERVE BANK OF SAN FRANCISCO | FEDERAL RESERVE BANK OF SAN FRANCISCO CREDIT RISK MANAGEMENT 101 MARKET STREET, MS 830 SAN FRANCISCO,, CA 94105 |
| 2. 79 | PAYCHECK PROTECTION PROGRAM LIQUIDITY FACILITY LETTER OF AGREEMENT (NON-DEPOSITORY INSTITUTIONS) DATED MAY 12, 2020 | | | ☐ | FEDERAL RESERVE BANK OF SAN FRANCISCO | FEDERAL RESERVE BANK OF SAN FRANCISCO CREDIT RISK MANAGEMENT 101 MARKET STREET, MS 830 SAN FRANCISCO,, CA 94105 |
| 2. 80 | PPPLF CERTIFICATION, DATED AS OF MAY 12, 2020, ON BEHALF OF THE LEGACY COMPANY TO THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM | | | ☐ | FEDERAL RESERVE BANK OF SAN FRANCISCO | FEDERAL RESERVE BANK OF SAN FRANCISCO CREDIT RISK MANAGEMENT 101 MARKET STREET, MS 830 SAN FRANCISCO,, CA 94105 |
| 2. 81 | EQUIPMENT LEASES | | | ☐ | FINANCIAL AGENT SERVICES | P.O. BOX 2576 SPRINGFIELD, IL 62708 |
| 2. 82 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 6, 2020, BY AND BETWEEN FINDER.COM LLC AND KABBAGE, INC. | | | ☐ | FINDER.COM LLC | 32 E 31ST ST, FL 4 NEW YORK, NY 10016 |
| 2. 83 | BACKUP SERVICING AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG KABBAGE, INC., FIRST ASSOCIATES LOAN SERVICING, LLC (NOW KNOWN AS VERVENT), FIRST ASSOCIATES LOAN SERVICING, LLC, ON BEHALF OF ITS SERIES, THE STONE RIDGE ALTERNATIVE LENDING RISK PREMIUM | | | ☐ | FIRST ASSOCIATES LOAN SERVICING, LLC | ATTN: LARRY CHIAVARO 15373 INNOVATION DR SAN DIEGO, CA 92128 |
| 2. 84 | REFERRAL PROGRAM AGREEMENT | | | ☐ | FIRST FLORIDA CREDIT UNION | P.O. BOX 43310 JACKSONVILLE, FL 32203-3310 |

**Kabbage, Inc.**                                                                                          **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 85 REFERRAL PROGRAM AGREEMENT TERMINATED APRIL 20, 2021 | | | ☐ | FIRST FLORIDA CREDIT UNION | 500 W 1ST ST JACKSONVILLE, FL 32202 |
| 2. 86 MASTER SERVICES AGREEMENT EFFECTIVE DECEMBER 4, 2020 AND ANY AMENDMENT, ADDENDUMS OR SERVICE ORDERS THERETO | | | ☐ | FIVE9 INC | 4000 EXECUTIVE PKWY, STE 400 SAN RAMON, CA 94583 |
| 2. 87 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 3, 2020, BY AND BETWEEN FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC AND KABBAGE, INC. | | | ☐ | FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC | 3280 PEACHTREE RD NE, STE 2400 ATLANTA, GA 30305 |
| 2. 88 SERVICES AGREEMENT FOR FORENSIC ACCOUNTING EFFECTIVE MARCH 14, 2022 | | | ☐ | FORENSIC RISK ALLIANCE INC | 2550 M ST NW WASHINGTON, DC 20037 |
| 2. 89 JOINT DEFENSE AGREEMENT DATED APRIL 28, 2021 | | | ☐ | FORTIS ADVISORS | ATTN: COURTNEY NOTHAUS 12526 HIGH BLUFF DR, STE 280 SAN DIEGO, CA 92130 |
| 2. 90 REFERRAL PROGRAM AGREEMENT DATED JUNE 18, 2019 AND EXPIRED ON JUNE 17, 2021 | | | ☐ | GODADDY.COM, LLC | 14455 N HAYDEN RD SCOTTSDALE, AZ 85260 |
| 2. 91 JOINT DEFENSE AGREEMENT DATED APRIL 28, 2021 | | | ☐ | GOODWIN PROCTER LLP | ATTN: KIMBERLY LARIE, NATHAN HAGLER, ADAM SLUSKY 100 NORTHERN AVE BOSTON, MA 02210 |
| 2. 92 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED JUNE 22, 2020, BY AND BETWEEN GRIDWISE, INC. AND KABBAGE, INC. | | | ☐ | GRIDWISE, INC. | 2545 RAILROAD ST, STE 100 PITTSBURGH, PA 15222 |

**Kabbage, Inc.**  **Case Number:**  **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 93 PLACEMENT SERVICE AND/OR STAFF AUGMENTATION SERVICES AND/OR CONSULTING SERVICING AGREEMENT EFFECTIVE AS OF 29TH OCTOBER2021 | | | ☐ | GUIDELINE GROUP, INC. | 232 MADISON AVENUE SUITE 700 NEW YORK, NY 10016 |
| 2. 94 BACKUP SERVICING AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG FIRST ASSOCIATE LOAN SERVICING LLC, KABBAGE, INC., HCG BUSINESS CREDIT III TRUST, HCG DIGITAL FINANCE TRUST, AND HCG FINANCE DAC TRUST | | | ☐ | HCG BUSINESS CREDIT III TRUST | 133 FAYATTEVILLE ST STE 300 RALEIGH, NC 27601 |
| 2. 95 BILL OF SALE AND ASSIGNMENT, DATED DECEMBER 4, 2018, BY AND AMONG KABBAGE, INC., AND  HCG BUSINESS CREDIT III TRUST | | | ☐ | HCG BUSINESS CREDIT III TRUST | 133 FAYATTEVILLE ST STE 300 RALEIGH, NC 27601 |
| 2. 96 PARTICIPATION INTEREST SALE AGREEMENT, DATED DECEMBER 4, 2018, BY AND BETWEEN HCG BUSINESS CREDIT III TRUST, AND KABBAGE, INC. | | | ☐ | HCG BUSINESS CREDIT III TRUST | 133 FAYATTEVILLE ST STE 300 RALEIGH, NC 27601 |
| 2. 97 BACKUP SERVICING AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG FIRST ASSOCIATE LOAN SERVICING LLC, KABBAGE, INC., HCG BUSINESS CREDIT III TRUST, HCG DIGITAL FINANCE TRUST, AND HCG FINANCE DAC TRUST | | | ☐ | HCG DIGITAL FINANCE TRUST | NOT AVAILABLE |
| 2. 98 BACKUP SERVICING AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG FIRST ASSOCIATE LOAN SERVICING LLC, KABBAGE, INC., HCG BUSINESS CREDIT III TRUST, HCG DIGITAL FINANCE TRUST, AND HCG FINANCE DAC TRUST | | | ☐ | HCG FINANCE DAC TRUST | NOT AVAILABLE |

**Kabbage, Inc.**  **Case Number:**  **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 99 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 6, 2020, BY AND BETWEEN  HI TECH CAPITAL AND KABBAGE, INC. | | | ☐ | HI TECH CAPITAL | 46 ROBERTSVILLE RD MARLBORO, NJ 07746 |
| 2. 100 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED MAY 7, 2020, BY AND BETWEEN HIGH FIVE CAPITAL AND KABBAGE, INC. | | | ☐ | HIGH FIVE CAPITAL | 3800 A BRIDGEPORT WAY, UNIT 497 UNIVERSITY PLACE, WA 98466 |
| 2. 101 | PPP REFERRAL AGREEMENT APRIL 1, 2020 AND AMENDED ON JUNE 10, 2020 | | | ☐ | INNOVATIE FUNDING SOLUTIONS, INC. | 133 VIA PALACI PALM BEACH GARDENS, FL 33418 |
| 2. 102 | SAAS SERVICES AGREEMENT EFFECTIVE NOVEMBER 5, 2021 | | | ☐ | INSCRIBEAI, INC | 500 2ND ST, 0TH FL SAN FRANCISCO, CA 94107 |
| 2. 103 | SERVICE AGREEMENT DATED OCTOBER 19, 2020 | | | ☐ | INTERIM LEGAL TALENT, A DIVISION OF MLA – SOLUTIONS PRACTICE GROUP, LLC | 7317 PARKWAY DR HANOVER, MD 21076 |
| 2. 104 | CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | IOU CENTRAL, INC. | NOT AVAILABLE |
| 2. 105 | SALE AND CONTRIBUTION AGREEMENT, DATED AS OF JUNE 18, 2019, BETWEEN KABBAGE, INC. AND KABBAGE ASSET FUNDING 2019-A LLC | | | ☐ | KABBAGE ASSET FUNDING 2019-A LLC | ATTN: GENERAL COUNSEL 730 PEACHTREE ST, STE 1100 ATLANTA, GA 30308 |
| 2. 106 | AMENDED AND RESTATED RECEIVABLES PURCHASE AGREEMENT, DATED MARCH 15, 2019, BY AND  BETWEEN KABBAGE, INC. AND KABBAGE ASSET SECURITIZATION LLC | | | ☐ | KABBAGE ASSET SECURITIZATION LLC | ATTN: GENERAL COUNSEL 730 PEACHTREE ST, STE 1100 ATLANTA, GA 30308 |

**Kabbage, Inc.**                                                                                              **Case Number:**     **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 107 | STATEMENT OF WORK 7506706 DATED MARCH 30, 2021 | | | ☐ | KLDISCOVERY ONTRACK, LLC D/B/A KLDISCOVERY | 8201 GREENSBORO DR, STE 300 MCLEAN, VA 22102 |
| 2. 108 | STATEMENT OF WORK 7506707 DATED MARCH 30, 2021 | | | ☐ | KLDISCOVERY ONTRACK, LLC D/B/A KLDISCOVERY | 8201 GREENSBORO DR, STE 300 MCLEAN, VA 22102 |
| 2. 109 | WORK ORDER SO# 7529582 DATED APRIL 20, 2022 | | | ☐ | KLDISCOVERY ONTRACK, LLC D/B/A KLDISCOVERY | 8201 GREENSBORO DR, STE 300 MCLEAN, VA 22102 |
| 2. 110 | CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | LENDINGPOINT LLC | NOT AVAILABLE |
| 2. 111 | CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | LENDINGUSA, LLC | NOT AVAILABLE |
| 2. 112 | PPP REFERRAL AGREEMENT APRIL 3, 2020 | | | ☐ | LENDIO, INC. | 4100 CHAPEL RIDGE ROAD SUITE 500 LEHI, UT 84043 |
| 2. 113 | CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | LENDMART | NOT AVAILABLE |
| 2. 114 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 10, 2020, BY AND BETWEEN LEVEL UP FUNDING LLC AND KABBAGE, INC. | | | ☐ | LEVEL UP FUNDING LLC | NOT AVAILABLE |

**Kabbage, Inc.**                                                                                       **Case Number:**         **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 115 STEP AGREEMENT DATED OCTOBER 16, 2020 | | | ☐ | LEXISNEXIS RISK SOLUTIONS FL INC | 1000 ALDERMAN DR ALPHARETTA, GA 30005 |
| 2. 116 STATEMENT OF WORK DATED JULY 6, 2021 | | | ☐ | LEXOLUTION, LLC | 75 BROAD ST, STE 610 NEW YORK, NY 10004 |
| 2. 117 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | LIBERTY LENDING LLC | NOT AVAILABLE |
| 2. 118 PPP REFERRAL AGREEMENT APRIL 13, 2020 | | | ☐ | LIG INTERNATIONAL LLC | 2801 FLORIDA AVE. SUITE 12 MIAMI, FL 33133 |
| 2. 119 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 13, 2020, BY AND BETWEEN  LIG INTERNATIONAL LLC [BISCAYNE] AND KABBAGE, INC. | | | ☐ | LIG INTERNATIONAL LLC [BISCAYNE] | 2801 FLORIDA AVE, STE 12 MIAMI, FL 33133 |
| 2. 120 MASTER SERVICES AGREEMENT EFFECTIVE JUNE 19, 2019 | | | ☐ | LINCOLN & MORGAN, LLC | ATTN: GENERAL COUNSEL, CEO 600 W BROADWAY, STE 700 SAN DIEGO, CA 92101 |
| 2. 121 MASTER SERVICES AGREEMENT, DATED JUNE 19, 2019, BY AND BETWEEN LINCOLN AND MORGAN, LLC AND KABBAGE, INC. | | | ☐ | LINCOLN AND MORGAN, LLC | ATTN: GENERAL COUNSEL/CEO 600 W BROADWAY, STE 700 SAN DIEGO, CA 92101 |
| 2. 122 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | LOANDEPOT.COM, LLC | NOT AVAILABLE |

**Kabbage, Inc.**　　　　　　　　　　　　　　　　　　　　　　**Case Number:**　　**22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 123 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 2020, BY AND BETWEEN  CSF CAPITAL LLC DBA MAG MILE CAPITAL AND KABBAGE, INC. | | | ☐ | MAG MILE CAPITAL | 1141 W RANDOLPH ST CHICAGO, IL 60607 CHICAGO, IL 60607 |
| 2. 124 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | MARLETTE FUNDING, LLC | NOT AVAILABLE |
| 2. 125 MASTER SERVICES AGREEMENT, DATED JUNE 14, 2014, BY AND BETWEEN MARLETTE FUNDING, LLC ANDORCHARD ELECTRONIC MARKETS, LLC AND ASSIGNED TO KABBAGE, INC. PURSUANT TO CONTRACT ASSIGNMENT AGREEMENT DATED MAY 7, 2018 | | | ☐ | MARLETTE FUNDING, LLC | NOT AVAILABLE |
| 2. 126 MASTER SERVICES AGREEMENT, DATED AS OF MARCH 18, 2020, BY AND BETWEEN  MARQETA, INC. AND KABBAGE, INC. (AS AMENDED). | | | ☐ | MARQETA, INC. | GIZELLE BARANY, GENERAL COUNSEL 6201-B DOYLE STREET EMERYVILLE, CA 94608 |
| 2. 127 MASTER SERVICES AGREEMENT, DATED AS OF MARCH 18, 2020, BY AND BETWEEN  MARQETA, INC. AND KABBAGE, INC. (AS AMENDED). | | | ☐ | MARQETA, INC. | OMRI DAHAN, CHIEF REVENUE OFFICER 6201-B DOYLE STREET EMERYVILLE, CA 94608 |
| 2. 128 MASTER SERVICES AGREEMENT, DATED AS OF MARCH 20, 2015, BY AND BETWEEN  MARQETA, INC. AND KABBAGE, INC., AS AMENDED BY THE PROGRAM ADDENDUM  (KABBAGE) DATED AS OF OCTOBER 6, 2015, AS AMENDED BY AMENDMENT NO. 1 TO MASTER SERVICES AGREEMENT DATED AS OF OCTO | | | ☐ | MARQETA, INC. | GIZELLE BARANY, GENERAL COUNSEL 6201-B DOYLE STREET EMERYVILLE, CA 94608 |

**Kabbage, Inc.**                                                                                         **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 129 MASTER SERVICES AGREEMENT, DATED AS OF MARCH 20, 2015, BY AND BETWEEN MARQETA, INC. AND KABBAGE, INC., AS AMENDED BY THE PROGRAM ADDENDUM (KABBAGE) DATED AS OF OCTOBER 6, 2015, AS AMENDED BY AMENDMENT NO. 1 TO MASTER SERVICES AGREEMENT DATED AS OF OCTO | | | ☐ | MARQETA, INC. | OMRI DAHAN, CHIEF REVENUE OFFICER 6201-B DOYLE STREET EMERYVILLE, CA 94608 |
| 2. 130 ATTORNEY LIABILITY POLICY 02-778-00-04 | | | ☐ | MARSH USA INC. (PRODUCER) | 3560 LENOX ROAD SUITE 2400 ATLANTA, GA 30326 |
| 2. 131 CYBER LIABILITY POLICY 01-772-15-46 | | | ☐ | MARSH USA INC. (PRODUCER) | 3560 LENOX ROAD SUITE 2400 ATLANTA, GA 30326 |
| 2. 132 D/O 2ND LAYER POLICY 02-778-00-05 | | | ☐ | MARSH USA INC. (PRODUCER) | 3560 LENOX ROAD SUITE 2400 ATLANTA, GA 30326 |
| 2. 133 EXCESS CYBER LIABILITY POLICY PVX30004806801 | | | ☐ | MARSH USA INC. (PRODUCER) | 1166 AVENUE OF THE AMERICAS NEW YORK, NY 10036-2708 |
| 2. 134 LIABILITY AND PROPERTY INSURANCE POLICY 712-00-86-50-0009 | | | ☐ | MARSH USA INC. (PRODUCER) | 1166 AVENUE OF THE AMERICAS NEW YORK, NY 10036-2708 |
| 2. 135 BUSINESS INDICES DATA EVALUATION AND PROTOTYPING AGREEMENT, DATED AS OF JUNE 24, 2013, BY AND BETWEEN MASTERCARD INTERNATIONAL INCORPORATED AND KABBAGE, INC. | | | ☐ | MASTERCARD INTERNATIONAL INCORPORATED | 2000 PURCHASE STREET PURCHASE, NY 10577 |
| 2. 136 DATA EVALUATION AGREEMENT, DATED AS OF NOVEMBER 15, 2017, BY AND BETWEEN AND MASTERCARD INTERNATIONAL INCORPORATED KABBAGE, INC. (AS AMENDED); | | | ☐ | MASTERCARD INTERNATIONAL INCORPORATED | 2000 PURCHASE STREET PURCHASE, NY 10577 |

Kabbage, Inc.                                                                                    **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 137 LETTER AGREEMENT REGARDING MASTERCARD/KABBAGE PARTNER REFERRAL PROGRAM SIGN OCTOBER 20, 2014 | | | ☐ | MASTERCARD INTERNATIONAL INCORPORATED | 2000 PURCHASE STREET PURCHASE, NY 10577 |
| 2. 138 LETTER AGREEMENT REGARDING MASTERCARD/KABBAGE PILOT PROGRAM DATED FEBRUARY 16, 2014 | | | ☐ | MASTERCARD INTERNATIONAL INCORPORATED | 2000 PURCHASE STREET PURCHASE, NY 10577 |
| 2. 139 PARTNER REFERRAL PROGRAM LETTER AGREEMENT, DATED AS OF OCTOBER 20, 2014, BY AND BETWEEN MASTERCARD INTERNATIONAL INCORPORATED AND KABBAGE, INC | | | ☐ | MASTERCARD INTERNATIONAL INCORPORATED | 2000 PURCHASE STREET PURCHASE, NY 10577 |
| 2. 140 SMALL BUSINESS CREDIT CO-BRAND AGREEMENT, DATED AS OF FEBRUARY 27, 2020, BY AND BETWEEN KABBAGE, INC. AND MASTERCARD INTERNATIONAL INCORPORATED | | | ☐ | MASTERCARD INTERNATIONAL INCORPORATED | 2000 PURCHASE STREET PURCHASE, NY 10577 |
| 2. 141 SMALL BUSINESS DECISION ENHANCER STATEMENT OF WORK, DATED AS OF DECEMBER 21, 2018, BY AND BETWEEN MASTERCARD SERVICES INTERNATIONAL INCORPORATED AND KABBAGE, INC. (AS AMENDED) | | | ☐ | MASTERCARD INTERNATIONAL INCORPORATED | 2000 PURCHASE STREET PURCHASE, NY 10577 |
| 2. 142 SMALL BUSINESS DECISION ENHANCER, DATED AS OF DECEMBER 21, 2018, BY AND BETWEEN KABBAGE, INC. AND MASTERCARD INTERNATIONAL INCORPORATED, AS AMENDED BY AMENDMENT, DATED AS OF FEBRUARY 26, 2020 | | | ☐ | MASTERCARD INTERNATIONAL INCORPORATED | 2000 PURCHASE STREET PURCHASE, NY 10577 |

Kabbage, Inc.                                                                                       **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 143  CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | MERCHANT CASH AND CAPITAL LLC D/B/A BIZFI | NOT AVAILABLE |
| 2. 144   REFERRAL PROGRAM AGREEMENT APRIL 8, 2020 | | | ☐ | MISSION CAPITAL DBA SBG FUNDING | 135 57TH ST NEW YORK, NY 10022 |
| 2. 145  MASTER SERVICES AGREEMENT DATED OCTOBER 5, 2020 AND ANY WORK ORDER OR AMENDMENTS THERETO | | | ☐ | MORGANFRANKLIN CONSULTING, LLC | 7900 TYSONS ONE PL, STE 300 MCLEAN, VA 22012 |
| 2. 146  PPP REFERRAL AGREEMENTS DATED MARCH 30, 2020 AND JANUARY 8, 2021 | | | ☐ | MOUNTAINSEED REAL ESTATE SERVICES LLC | 2100 POWERS FERRY RD, STE 410 ATLANTA, GA 30339 |
| 2. 147  MASTER SERVICES AGREEMENT DATED APRIL 4, 2019 AND ALL AMENDMENTS THERETO | | | ☐ | NATIONAL CHECK RESOLUTION, INC | ATTN: GENERAL COUNSEL/CEO 2100 RIVERSIDE PKWY, STE B350 LAWRENCEVILLE, GA 30049 |
| 2. 148  ATTORNEY LIABILITY POLICY 02-778-00-04 | | | ☐ | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | 1271 AVE OF THE AMERICAS FLOOR 37 NEW YORK, NY 10020-1304 |
| 2. 149  D/O 2ND LAYER POLICY 02-778-00-05 | | | ☐ | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | 1271 AVE OF THE AMERICAS FLOOR 37 NEW YORK, NY 10020-1304 |
| 2. 150  PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 2, 2020, BY AND BETWEEN  NATURAL INTELLIGENCE LTD. AND KABBAGE, INC. | | | ☐ | NATURAL INTELLIGENCE LTD. | TOHA, TOTSERET HA-ARETS ST 6-8 TEL AVIV-YAFO ICELAND |
| 2. 151  PPP REFERRAL AGREEMENTS DATED APRIL 2, 2020 | | | ☐ | NATURAL INTELLIGENCE LTD. | TOHA, TOTSERET HA-ARETS ST 6-8, TEL AVIV-YAFO, ISRAEL |

**Kabbage, Inc.**

**Case Number:** **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 152 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 4, 2020, BY AND BETWEEN NAV TECHNOLOGIES, INC. AND KABBAGE, INC. | | | ☐ | NAV TECHNOLOGIES, INC. | 13693 S 200 W, STE 200 DRAPER, UT 84062 |
| 2. 153 COLLECTION SERVICES AGREEMENT, DATED AS OF JANUARY 11, 2016, BY AND BETWEEN KABBAGE, INC. AND NCB MANAGEMENT SERVICES, INC. | | | ☐ | NCB MANAGEMENT SERVICES, INC. | ATTN: MARCELO AITA, PRESIDENT/CEO ONE ALLIED DR TREVOSE, PA 19053 |
| 2. 154 REFERRAL PROGRAM AGREEMENT DATED APRIL 13, 2020 | | | ☐ | NEW IMAGITAS, INC. | 1101 RED VENTURES DRIVE FORT MILL, SC 29707 |
| 2. 155 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 9, 2020, BY AND BETWEEN NORTHWEST FARM CREDIT SERVICES, FLCA AND KABBAGE, INC. | | | ☐ | NORTHWEST FARM CREDIT SERVICES, FLCA | SPOKANE, WA |
| 2. 156 ONCOURSE LEARNING SERVICE AGREEMENT DATED DECEMBER 1, 2021 AND ANY AMENDMENTS THERETO | | | ☐ | OCL FINANCIAL SERVICES LLC | 20225 WATER TOWER BLVD, FL 4 BROOKFIELD, WI 53045 |
| 2. 157 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 13, 2020, BY AND BETWEEN OCTOPUSAPPS INC. [JOBBER] AND KABBAGE, INC. | | | ☐ | OCTOPUSAPPS INC. [JOBBER] | NOT AVAILABLE |
| 2. 158 SERVICE AGREEMENT ORDER FORM Q-371017 SIGNED OCTOBER 22, 2020 AND Q-481140 SIGNED OCTOBER 8, 2021 AND ANY AMENDMENTS OR ADDENDUMS THERETO | | | ☐ | OKTA | 100 1ST ST SAN FRANCISCO, CA 94105 |
| 2. 159 CLIENT SERVICE AGREEMENT EFFECTIVE JULY 9, 2021 AND ANY ADDENDUMS, AMENDMENTS, OR RATE LETTERS THERETO | | | ☐ | OPTION 1 PARTNERS LLC | 5815 WINDWARD PKWY, STE 302 ALPHARETTA, GA 30005 |

Kabbage, Inc.                                                                                    **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 160    BILL OF SALE AND ASSIGNMENT AGREEMENT, DATED AS OF MAY 7, 2018, BETWEEN KABBAGE, INC. AND ORCHARD ANALYTICS, LLC | | | ☐ | ORCHARD ANALYTICS, LLC | ATTN: LINDSAY COHEN 386 PARK AVE S, 3RD FL NEW YORK, NY 10016 |
| 2. 161    ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 AND ANY AMENDMENTS THERETO AND ANY AGREEMENTS MADE A PART OF THE AGREEMENT OF AMENDMENTS | | | ☐ | ORCHARD APP, INC | ATTN: LINDSAY COHEN 386 PARK AVE S, FL 3 NEW YORK, NY 10016 |
| 2. 162    ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 AND ANY AMENDMENTS THERETO AND ANY AGREEMENTS MADE A PART OF THE AGREEMENT OF AMENDMENTS | | | ☐ | ORCHARD APP, INC | C/O GOODWIN PROCTER LLP ATTN: JEFF KLEIN 620 EIGHTH AVE NEW YORK, NY 10018 |
| 2. 163    JOINDER AGREEMENT, DATED AS OF MAY 7, 2018, BETWEEN ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | ORCHARD APP, INC | ATTN: LINDSAY COHEN 386 PARK AVE S, 3RD FL NEW YORK, NY 10016 |
| 2. 164    BILL OF SALE AND ASSIGNMENT AGREEMENT, DATED AS OF MAY 7, 2018, BETWEEN KABBAGE, INC. AND ORCHARD APP, INC. | | | ☐ | ORCHARD APP, INC. | ATTN: LINDSAY COHEN 386 PARK AVE S, 3RD FL NEW YORK, NY 10016 |
| 2. 165    REFERRAL AGREEMENT EFFECTIVE APRIL 20, 2020 | | | ☐ | OTO ANALYTICS, INC. | 548 MARKET ST., #73871 SAN FRANSISCO, CA 94104 |
| 2. 166    REFERRAL PROGRAM AGREEMENT DATED APRIL 13TH, 2020 | | | ☐ | OTO ANALYTICS, INC. | 548 MARKET ST., #73871 SAN FRANSISCO, CA 94104 |
| 2. 167    PPP REFERRAL AGREEMENT APRIL 6, 2020 | | | ☐ | P.A.B CONSULTING LLC DBA US BUSINESS FINDING | 1 MACARTHUR PLACE #350 SANTA ANA, CA 92707 |

**Kabbage, Inc.**                                                                       **Case Number:**       **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 168 MASTER SERVICES AGREEMENT DATED APRIL 9, 2020 AND ANY STATEMENTS OF WORK, AND LETTER OF TERMINATION DATED AUGUST 24, 2020 | | | ☐ | PHARMACENTRA LLC | 105 INDUSTRIAL DR AMERICUS, GA 31719 |
| 2. 169 MASTER SERVICES AGREEMENT, DATED APRIL 9, 2020, BY AND BETWEEN PHARMACENTRA LLC,  AND KABBAGE, INC. | | | ☐ | PHARMACENTRA LLC, | 105 INDUSTRIAL DR AMERICUS, GA 31719 |
| 2. 170 EXCESS SIDE A-D/O POLICY 130003257 | | | ☐ | QBE INSURANCE CORPORATION | ATTN: UNDERWRITING 55 WATER STREET NEW YORK, NY 10041 |
| 2. 171 PPP REFERRAL AGREEMENT  APRIL 20, 2022 | | | ☐ | QUICK FUNDING SOLUTIONS LLC | 695 CROSS STREET LAKEWOOD, NJ 8701 |
| 2. 172 NON-COMPETITION AND NON-SOLICITATION AGREEMENT, DATED AS OF AUGUST 31, 2019,  BY AND BETWEEN KABBAGE, INC. AND RADIUS INTELLIGENCE, INC. | | | ☐ | RADIUS INTELLIGENCE, INC. | 353 SACRAMENTO ST, STE 200 SAN FRANCISCO, CA 94111 |
| 2. 173 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | RAPID FINANCIAL | NOT AVAILABLE |
| 2. 174 ORIGINATOR MASTER SERVICES AGREEMENT, DATED NOVEMBER 25, 2015, BY AND BETWEEN RAPIDFINANCIAL SERVICES, LLC AND ORCHARD ELECTRONIC MARKETS, LLC AND ASSIGNED TO KABBAGE, INC. PURSUANT TO CONTRACT ASSIGNMENT AGREEMENT DATED MAY 7, 2018 | | | ☐ | RAPID FINANCIAL SERVICES, LLC | NOT AVAILABLE |

**Kabbage, Inc.**                                                                        **Case Number:**      **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 175 | PPP REFERRAL AGREEMENT APRIL 10, 2020 | | | ☐ | REDWOOD GROWTH CAPITAL, LLC | 500 7TH AVENUE 8TH FLOOR NEW YORK, NY 10016 |
| 2. 176 | ORDER #: Q-01509 EFFECTIVE FEBRUARY 1, 2022 | | | ☐ | RELIAQUEST, LLC | ATTN: GREG FARRELL, MARK ROSENBERG 777 S HARBOR ISLAND BLVD TAMPA, FL 33602 |
| 2. 177 | CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | RETAIL CAPITAL LLC D/B/A CREDIBLY | NOT AVAILABLE |
| 2. 178 | MASTER SERVICES AGREEMENT, DATED JANUARY 22, 2016, BY AND BETWEEN RETAIL CAPITAL LLC DBACREDIBLY AND ORCHARD ELECTRONIC MARKETS, LLC AND ASSIGNED TO KABBAGE, INC. PURSUANT TO CONTRACT ASSIGNMENT AGREEMENT DATED MAY 7, 2018 | | | ☐ | RETAIL CAPITAL LLC DBA CREDIBLY | NOT AVAILABLE |
| 2. 179 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 14, 2020, BY AND BETWEEN REWARDS NETWORK ESTABLISHMENT SERVICES INC. AND KABBAGE, INC. | | | ☐ | REWARDS NETWORK ESTABLISHMENT SERVICES INC. | 2 N RIVERSIDE PL, STE 200 CHICAGO, IL 60606 |
| 2. 180 | AGREEMENT DATED SEPTEMBER 17, 2014 AND ASSIGNED BY AMERICAN EXPRESS KABBAGE INC. TO KABBAGE, INC. AND ALL AMENDMENTS, ADDENDUMS, WORK ORDERS, STATEMENTS OF WORK | | | ☐ | SAGE INTACCT, INC. F/K/A INTACCT CORPORATION | 300 PARK AVENUE, SUITE 1400 SAN JOSE, CA 95110 |

Kabbage, Inc.

**Case Number:** **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 181  SERVICE AGREEMENT | | | ☐ | SALESFORCE | 1 MARKET ST<br>SAN FRANCISCO, CA 94105 |
| 2. 182  MASTER SUBSCRIPTION AGREEMENT DATED JUNE 6, 2020 AND ALL AMENDMENTS, ADDENDUMS, AND ORDER FORMS | | | ☐ | SALESFORCE.COM, INC | SALESFORCE TOWER<br>415 MISSION ST, 3RD FL<br>SAN FRANCISCO, CA 94105 |
| 2. 183  EQUIPMENT LEASES | | | ☐ | SECURED LENDER SOLUTIONS, LLC | P.O. BOX 2576<br>SPRINGFIELD, IL 62708 |
| 2. 184  PPP SBA FORM 3507 APPLICATION DATED APRIL 9, 2020 AND PAYCHECK PROTECTION PROGRAM, NOTICE OF FORM 3507 FROM SBA TO KABBAGE | | | ☐ | SMALL BUSINESS ADMINISTRATION | 409 3RD ST SW<br>STE 7211<br>WASHINGTON, DC 20416 |
| 2. 185  REFERRAL PROGRAM AGREEMENT DATED APRIL 10, 2020 AND TERMINATED EFFECTIVE MAY 15, 2021 | | | ☐ | SOUTH STATE BANK | FKA CENTERSTATE BANK, NA<br>1101 1ST ST S<br>WINTER HAVEN, FL 33880 |
| 2. 186  STANDARD AGREEMENT EFFECTIVE MAY 9, 2022 | | | ☐ | STERICYCLE INC | 2355 WAUKEGAN RD<br>BANNOCKBURN, IL 60015 |
| 2. 187  PARTICIPATION INTEREST SALE AGREEMENT, DATED AS OF DECEMBER 4, 2019, BY AND AMONG WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS THE TRUSTEE OF ALTERNATIVE LENDING HOLDINGS TRUST II, AS PURCHASER, AND STONE RIDGE  ALT | | | ☐ | STONE RIDGE ALTERNATIVE LENDING RISK PREMIUM FUND US HOLDINGS I LLC, | C/O STONE RIDGE ASSET MANAGEMENT LLC<br>ATTN: OPERATIONS, 510 MADISON AVE, 21ST FL<br>NEW YORK, NY 10022 |

**Kabbage, Inc.**                                                                       **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 188 | BILL OF SALE AND ASSIGNMENT, DATED DECEMBER 4, 2018, BY AND AMONG KABBAGE, INC., WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS THE TRUSTEE OF ALTERNATIVE LENDING HOLDINGS TRUST, AND STONE RIDG | | | ☐ | STONE RIDGE TRUST V | C/O STONE RIDGE ASSET MANAGEMENT LLC ATTN: OPERATIONS 510 MADISON AVE, 21ST FL NEW YORK , NY 10022 |
| 2. 189 | PARTICIPATION INTEREST SALE AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG PARTICIPATION INTEREST SALE AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOL | | | ☐ | STONE RIDGE TRUST V | C/O STONE RIDGE ASSET MANAGEMENT LLC ATTN: OPERATIONS 510 MADISON AVE, 21ST FL NEW YORK , NY 10022 |
| 2. 190 | SIDE LETTER BETWEEN STONE RIDGE TRUST V, ON BEHALF OF ITS SERIES, THE STONE RIDGE ALTERNATIVE LENDING RISK PREMIUM FUND, C/O STONE RIDGE ASSET MANAGEMENT LLC AND KABBAGE, INC. DATED DECEMBER 4, 2018 | | | ☐ | STONE RIDGE TRUST V | C/O STONE RIDGE ASSET MANAGEMENT LLC ATTN: OPERATIONS 510 MADISON AVE, 21ST FL NEW YORK , NY 10022 |
| 2. 191 | PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 3, 2020, BY AND BETWEEN STRATEGIC CAPITAL AND KABBAGE, INC. | | | ☐ | STRATEGIC CAPITAL | 10551 BARKLEY, STE 403 OVERLAND PARK, KS 66212 |
| 2. 192 | CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | STRATEGIC FINANCIAL SOLUTIONS LLC (PEERFORM) | NOT AVAILABLE |

**Kabbage, Inc.**                                                               **Case Number:**    **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 193 CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | SWIFT FINANCIAL CORPORATION | NOT AVAILABLE |
| 2. 194 MASTER SERVICES AGREEMENT, DATED NOVEMBER 24, 2015, BY AND BETWEEN SWIFT FINANCIALCORPORATION AND ORCHARD ELECTRONIC MARKETS, LLC AND ASSIGNED TO KABBAGE, INC. PURSUANT TO CONTRACT ASSIGNMENT AGREEMENT DATED MAY 7, 2018 | | | ☐ | SWIFT FINANCIAL CORPORATION | NOT AVAILABLE |
| 2. 195 TABLEAU ORDER NUMBER: 5428986 SIGNED FEBRUARY 28, 2022 | | | ☐ | TABLEAU SOFTWARE, LLC | 1621 N 34TH ST. SEATTLE, WA 98103 |
| 2. 196 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 2, 2020, BY AND BETWEEN THE ENDURANCE INTERNATIONAL GROUP, INC. AND KABBAGE, INC. | | | ☐ | THE ENDURANCE INTERNATIONAL GROUP, INC | 10 CORPORATE DR BURLINGTON, MA 01803 |
| 2. 197 PPP REFERRAL AGREEMENT APRIL 3, 2020 | | | ☐ | THE ENDURANCE INTERNATIONAL GROUP, INC. | 10 CORPORATE DRIVE BURLINGTON, MA 1803 |
| 2. 198 PPP REFERRAL AGREEMENT APRIL 13, 2020 | | | ☐ | THE NATIONAL DIRECTORY OF REGISTERED TAX RETURN PREPARERS & PROFESSIONALS LTD (PTIN.ORG) PTIN | 2001 FROVE STREET WANTAGH, NY 11793 |
| 2. 199 REFERRAL PROGRAM AGREEMENT DATED APRIL 2, 2020 | | | ☐ | THE PROVIDENCE BANK | 5 MARKET ST AMESBURY, MA 01913 |

**Kabbage, Inc.**                                                                                   **Case Number:**      **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 200   PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED MAY 7, 2020, BY AND BETWEEN THECUT, INC. AND KABBAGE, INC. | | | ☐ | THECUT, INC. | NOT AVAILABLE |
| 2. 201   PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 6, 2020, BY AND BETWEEN TRAFFICPOINT LTD AND KABBAGE, INC. | | | ☐ | TRAFFICPOINT LTD | 94 YIGAL ALON ST TEL AVIV 6789139 ICELAND |
| 2. 202   SUBSCRIBER AGREEMENT SIGNED OCTOBER 21, 2014 AND ANY AMENDMENTS, ADDENDUMS, OR SUPPLEMENTS THERETO | | | ☐ | TRANSUNION RISK & ALTERNATIVE DATA SOLUTIONS, INC | P.O. BOX 209047 DALLAS, TX 75320-9047 |
| 2. 203   AGENCY SERVICES AGREEMENT CONTRACT DATE APRIL 14, 2021 | | | ☐ | TREVELINO/KELLER & GROOVY STUDIOS | 981 JOSEPH E LOWERY BLVD, STE 100 ATLANTA, GA 30318 |
| 2. 204   CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | TRITON MANAGEMENT GROUP | NOT AVAILABLE |
| 2. 205   QUOTE AND ORDER QUOTE NUMBER QTE00057011 CONTRACT START DATE MARCH 23, 2022 | | | ☐ | TRUSTARC USA | ATTN: ANDY NGUYEN 2121 N CALIFORNIA BLVD, STE 290 WALNUT CREEK, CA 94569 |
| 2. 206   PPP REFERRAL AGREEMENT APRIL 3, 2020 | | | ☐ | UNITED CAPITAL SOURCE INC. | 111 GREAT NECK RS, STE 416 GREAT NECK, NY 11021 |
| 2. 207   PPP REFERRAL AGREEMENT APRIL 2, 2020 | | | ☐ | UNITED RESOURCES ENTERPRISE CORP D/B/A BRICKELL CAPITAL FINANCE | 175 SW 7TH STREET SUITE 1900 MIAMI, FL 33130 |

**Kabbage, Inc.**                                                               **Case Number:**    **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 208 | CARES ACT SECTION 1102 LENDER AGREEMENT – NON-BANK AND NON-INSURED DEPOSITORY  INSTITUTION LENDERS, EXECUTED BY KABBAGE, INC. ON APRIL 9, 2020 AND ANY AMENDMENTS THERETO | | | ☐ | UNITED STATES SMALL BUSINESS ADMINISTRATION | NOT AVAILABLE |
| 2. 209 | CARES ACT SECTION 1102 LENDER AGREEMENT – NON-BANK AND NON-INSURED DEPOSITORY INSTITUTION LENDERS SIGNED 4/9/2020 AND ANY AMENDMENTS OR ADDENDUMS THERETO | | | ☐ | UNITED STATES SMALL BUSINESS ADMINISTRATION | NOT AVAILABLE |
| 2. 210 | CUSTOMER CONTRACT ACQUIRED BY AND THROUGH THE ASSET PURCHASE AGREEMENT DATED AS OF APRIL 20, 2018 (THE "AGREEMENT") BY AND AMONG ORCHARD APP, INC. AND KABBAGE, INC. | | | ☐ | UPLIFT, INC. | NOT AVAILABLE |
| 2. 211 | REFERRAL PROGRAM AGREEMENT 4.10.2020 | | | ☐ | UPWISE CAPITAL, LLC | 405 E 54TH STREET 4J NEW YORK, NY 11561 |
| 2. 212 | DATA PROCESSING ADDENDUM EFFECTIVE JANUARY 28, 2020 AND ALL STATEMENTS OF WORK UNDER THIS AGREEMENT | | | ☐ | URS TECHNOLOGIES SOLUTIONS LLC | ATTN: KAUSTAV CHATTERJEE, MUKESH CHAMEDIA 1100 GREEN ST, STE 203 ISELIN, NJ 08830 |
| 2. 213 | MASTER SERVICE AGREEMENT DATED SEPTEMBER 28, 2017 AND ANY AMENDMENTS THERETO AND ALL STATEMENTS OF WORK UNDER THIS AGREEMENT | | | ☐ | URS TECHNOLOGIES SOLUTIONS LLC | ATTN: KAUSTAV CHATTERJEE, MUKESH CHAMEDIA 1100 GREEN ST, STE 203 ISELIN, NJ 08830 |
| 2. 214 | CLIENT SERVICES AGREEMENT EFFECTIVE OCTOBER 15, 2020 AND ANY ADDENDUMS OR AMENDMENTS THERETO | | #102001 | ☐ | VACO LLC | 5501 VIRGINIA WAY, STE 120 BRENTWOOD, TN 37027 |

**Kabbage, Inc.**                                                                            **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 215 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 9, 2020, BY AND BETWEEN  VBJ CONSULTING LLC DBA YARROW FINANCIAL AND KABBAGE, INC. | | | ☐ | VBJ CONSULTING LLC DBA YARROW FINANCIAL | 5100 TOWN CENTER CIR, STE 301 BOCA RATON, FL 33446 |
| 2. 216 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 18, 2020, BY AND BETWEEN  VEEM INC. AND KABBAGE, INC. | | | ☐ | VEEM INC. | 50 OSGOOD PL, STE 200 SAN FRANCISCO, CA 94133 |
| 2. 217 FORECLOSURE SALE AGREEMENT, DATED AS OF AUGUST 31, 2019, BY AND AMONG  VENTURE LENDING & LEASING VII, INC., VENTURE LENDING & LEASING VIII, INC.,  KABBAGE DIAMETER, LLC AND KABBAGE, INC.; | | | ☑ | VENTURE LENDING & LEASING VII, INC | ATTN: CHIEF FINANCIAL OFFICER 104 LA MESA DR, STE 102 PORTOLA VALLEY, CA 94028 |
| 2. 218 JOINDER AGREEMENT, DATED AS OF AUGUST 31, 2019, EXECUTED BY VENTURE LENDING  & LEASING VII, INC. AND ACKNOWLEDGED AND AGREED BY KABBAGE, INC. | | | ☐ | VENTURE LENDING & LEASING VII, INC | ATTN: CHIEF FINANCIAL OFFICER 104 LA MESA DR, STE 102 PORTOLA VALLEY, CA 94028 |
| 2. 219 PATENT TRANSFER AGREEMENT, DATED AS OF AUGUST 31, 2019, BY AND AMONG VENTURE  LENDING & LEASING VII, INC., VENTURE LENDING & LEASING VIII, INC. AND KABBAGE DIAMETER, LLC | | | ☐ | VENTURE LENDING & LEASING VII, INC | ATTN: CHIEF FINANCIAL OFFICER 104 LA MESA DR, STE 102 PORTOLA VALLEY, CA 94028 |
| 2. 220 STOCK ACQUISITION AGREEMENT, DATED AS OF AUGUST 31, 2019, BY AND AMONG  VENTURE LENDING & LEASING VII, INC., VENTURE LENDING & LEASING VIII, INC. AND  KABBAGE, INC. | | | ☐ | VENTURE LENDING & LEASING VII, INC | ATTN: CHIEF FINANCIAL OFFICER 104 LA MESA DR, STE 102 PORTOLA VALLEY, CA 94028 |

**Kabbage, Inc.**    **Case Number:**    **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 221  FORECLOSURE SALE AGREEMENT, DATED AS OF AUGUST 31, 2019, BY AND AMONG  VENTURE LENDING & LEASING VII, INC., VENTURE LENDING & LEASING VIII, INC.,  KABBAGE DIAMETER, LLC AND KABBAGE, INC.; | | | ☑ | VENTURE LENDING & LEASING VIII, INC. | ATTN: CHIEF FINANCIAL OFFICER 104 LA MESA DR, STE 102 PORTOLA VALLEY, CA 94028 |
| 2. 222  JOINDER AGREEMENT, DATED AS OF AUGUST 31, 2019, EXECUTED BY VENTURE LENDING  & LEASING VIII, INC. AND ACKNOWLEDGED AND AGREED BY KABBAGE, INC. | | | ☐ | VENTURE LENDING & LEASING VIII, INC. | ATTN: CHIEF FINANCIAL OFFICER 104 LA MESA DR, STE 102 PORTOLA VALLEY, CA 94028 |
| 2. 223  STOCK ACQUISITION AGREEMENT, DATED AS OF AUGUST 31, 2019, BY AND AMONG  VENTURE LENDING & LEASING VII, INC., VENTURE LENDING & LEASING VIII, INC. AND  KABBAGE, INC. | | | ☐ | VENTURE LENDING & LEASING VIII, INC. | ATTN: CHIEF FINANCIAL OFFICER 104 LA MESA DR, STE 102 PORTOLA VALLEY, CA 94028 |
| 2. 224  VISA DIRECT INCENTIVE AGREEMENT, DATED AUGUST 13, 2018, BETWEEN VISA U.S.A.,  INC. AND KABBAGE, INC. | | | ☐ | VISA U.S.A., INC. | 900 METRO CENTER BOULEVARD, FOSTER CITY,, CA 94404 |
| 2. 225  MASTER SERVICES AGREEMENT, DATED AS OF JUNE 4, 2020, BY AND BETWEEN VITAL OUTSOURCING SERVICES, INC. AND KABBAGE, INC. | | | ☐ | VITAL OUTSOURCING SERVICES, INC. | ATTN: ERIC PITTMAN 4775 PEACHTREE INDUSTRIAL BLVD, STE 310 BERKELEY LAKE, GA 30092 |
| 2. 226  MASTER SERVICES AGREEMENT DATED JUNE 4, 2020 AND ANY ADDENDUMS AND STATEMENTS OF WORK | | | ☐ | VITAL OUTSOURCINGSERVICES, INC. | 4775 PEACHTREE INDUSTRIAL BLVD, STE 310 BERKELEY LAKE, GA 30092 |
| 2. 227  SERVICE AGREEMENT | | | ☐ | VITAL SOLUTIONS, INC | C/O BEDARD LAW GROUP , ATTN: JOHN BEDARD 4855 RIVER GREEN PKWY, STE 310 DULUTH, GA 30096 |

**Kabbage, Inc.**                                                                                    **Case Number:**      **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 228 SECURITIES ACCOUNT CONTROL AGREEMENT, DATED JULY 2, 2020, BY AND AMONG KABBAGE, INC., WELLS FARGO SECURITIES, LLC, AND WELLS FARGO BANK. N.A. | | | ☐ | WELLS FARGO BANK. N.A. | ATTN: PAT KEDROWSKI 90 S 7TH ST, 5TH FL, N9305-05F MINNEAPOLIS, MN 55402 |
| 2. 229 SECURITY AGREEMENT: SPECIFIC RIGHTS TO PAYMENT, DATED JULY 2, 2020, BY AND BETWEEN KABBAGE, INC. AND WELLS FARGO BANK. N.A. | | | ☐ | WELLS FARGO BANK. N.A. | ATTN: PAT KEDROWSKI 90 S 7TH ST, 5TH FL, N9305-05F MINNEAPOLIS, MN 55402 |
| 2. 230 SECURITIES ACCOUNT CONTROL AGREEMENT, DATED JULY 2, 2020, BY AND AMONG KABBAGE, INC., WELLS FARGO SECURITIES, LLC, AND WELLS FARGO BANK. N.A. | | | ☐ | WELLS FARGO SECURITIES, LLC | ATTN: PAT KEDROWSKI 90 S 7TH ST, 5TH FL, N9305-05F MINNEAPOLIS, MN 55402 |
| 2. 231 PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 21, 2020, BY AND BETWEEN WETRAVEL, INC. AND KABBAGE, INC. | | | ☐ | WETRAVEL, INC. | 480 2ND ST, STE 201 SAN FRANCISCO, CA 94107 |
| 2. 232 REFERRAL PROGRAM AGREEMENT APRIL 8, 2020 | | | ☐ | WHEATEN FINANCIAL, INC. | 130 MCCORMICK AVE. 130 COSTA MESA, CA 92626 |
| 2. 233 EQUIPMENT LEASES | | | ☐ | WILMINGTON SAVINGS FUND SOCIETY, FSB | AS THE TRUSTEE OF SMALL BUSINESS LOAN ASSET TRUST 500 DELAWARE AVE, 11TH FL WILMINGTON, DE 19801 |
| 2. 234 PARTICIPATION INTEREST SALE AGREEMENT, DATED AS OF DECEMBER 4, 2019, BY AND AMONG WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS THE TRUSTEE OF ALTERNATIVE LENDING HOLDINGS TRUST II, AS PURCHASER, AND STONE RIDGE  ALT | | | ☐ | WILMINGTON SAVINGS FUND SOCIETY, FSB, AS THE  TRUSTEE OF ALTERNATIVE LENDING HOLDINGS TRUST II | NOT AVAILABLE |

**Kabbage, Inc.**                                                                                              **Case Number:**      **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 235 | BACKUP SERVICING AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG KABBAGE, INC., FIRST ASSOCIATES LOAN SERVICING, LLC (NOW KNOWN AS VERVENT), FIRST ASSOCIATES LOAN SERVICING, LLC, ON BEHALF OF ITS SERIES, THE STONE RIDGE ALTERNATIVE LENDING RISK PREMIUM | | | ☐ | WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST | NOT AVAILABLE |
| 2. 236 | BILL OF SALE AND ASSIGNMENT, DATED DECEMBER 4, 2018, BY AND AMONG KABBAGE, INC., WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS THE TRUSTEE OF ALTERNATIVE LENDING HOLDINGS TRUST, AND STONE RIDG | | | ☐ | WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST | NOT AVAILABLE |
| 2. 237 | PARTICIPATION INTEREST SALE AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG PARTICIPATION INTEREST SALE AGREEMENT, DATED DECEMBER 4, 2018, BY AND AMONG WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOL | | | ☐ | WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST | NOT AVAILABLE |
| 2. 238 | STATEMENT OF WORK DATED MARCH 28, 2022, | | | ☐ | XCELLENCE, INC. D/B/AXACT DATA DISCOVERY | DBA XACT DATA DISCOVERY, A CONSILIO CO 5800 FOXRIDGE DR, STE 406 MISSION, KS 66202 |
| 2. 239 | D/O 1ST LAYER POLICY ELU170896-20 | | | ☐ | XL SPECIALITY INSURANCE COMPANY | 100 CONSTITUTION PLAZA, 17TH FLOOR HARTFORD, CT 06101 |

**Kabbage, Inc.**                                                                                    **Case Number:**        **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 240  STATEMENT OF WORK DATED FEBRUARY 24, 2021 AND ALL AMENDMENTS, ADDENDUMS, AND SERVICE ORDERS THEREIN | | | ☐ | ZENDESK | 989 MARKET ST SAN FRANCSCIO, CA 94103 |
| 2. 241  PPP REFERRAL AGREEMENT APRIL 10, 2020 | | | ☐ | ZIP CAPITAL GROUP, LLC | 26 EXECUTIVE PARK SUITE 100 IRVINE, CA 92618 |
| 2. 242  PPP REFERRAL AGREEMENT DATED 04/21/2020 | | | ☐ | ZMC & ASSOCIATES LLC | 2310 PARKLAKE DR STE 130 ATLANTA, GA 30345 |
| 2. 243  PAYCHECK PROTECTION PROGRAM REFERRAL AGREEMENT, DATED APRIL 21, 2020, BY AND BETWEEN  ZMC & ASSOCIATES, LLC AND KABBAGE, INC. | | | ☐ | ZMC & ASSOCIATES, LLC | 2310 PARKLAKE DR, STE 130 ATLANTA, GA 30345 |

**Kabbage, Inc.**

**Case Number:** **22-10951**

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  243**

## Schedule H: Codebtors

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**

   Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2. 1 | | ☐ | ☐ | ☐ |

**Total Number of Co-Debtor / Creditor rows: 0**

Fill in this information to identify the case:

Debtor Name: Kabbage, Inc.

United States Bankruptcy Court for the: District of Delaware

Case Number (if known): 22-10951

☐ Check if this is an amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from Schedule A/B ............................................................ $0

    1b. **Total personal property:**

        Copy line 91A from Schedule A/B ............................................................ $686,206,453

        **+**

    1c. **Total of all property:**

        Copy line 92 from Schedule A/B ............................................................ $686,206,453

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ............................. $536,450,941

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 6a of Schedule E/F ................................................. $0

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F ........................................ $227,083

        **+**

4. **Total liabilities**

    Lines 2 + 3a + 3b ............................................................................................................... $536,678,024

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name: | Kabbage, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case Number (if known): | 22-10951 |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [X] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- [X] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- [X] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- [X] Schedule G:  Executory Contracts and Unexpired Leases (Official Form 206G)
- [X] Schedule H: Codebtors (Official Form (206H)
- [X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- [ ] Amended Schedule _____
- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| **Executed on:** | 10/24/2022 | **Signature:** | /s/ David Walker |
| | | | David Walker, Interim CFO |
| | | | **Name and Title** |