## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** ) | **Chapter 11** |
| ) | |
| **KABBAGE, INC. d/b/a KSERVICING, et al.,** ) | **Case No 22-10951** |
| ) | |
| **Debtors.** ) | **(Jointly Administered)** |
| ) | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

### Kabbage Asset Funding 2017-A LLC

### Case No: 22-10954

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re | ) | **Chapter 11** |
|  | ) |  |
| **KABBAGE, INC. d/b/a KSERVICING, *et al.,*** | ) | **Case No. 22-10951** |
|  | ) |  |
| **Debtors.** | ) | **(Jointly Administered)** |
|  | ) |  |

---------------------------------------------------------------

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Kabbage, Inc. d/b/a/ KServicing ("**KServicing**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" or "**SOFA**" and, collectively, the "**Statements**" or "**SOFAs**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "**Specific Notes**," and, together with the Global Notes, the "**Notes**"). These Global Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals and have necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals.

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or

1

discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Particularly certain of the information relevant for the Schedules and Statements may not currently be in the Debtors' possession, custody or control despite on-going good faith efforts to obtain it. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update, modify, revise, or re-categorize the Schedules and Statements, except as required under the Bankruptcy Code. The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury, whether foreseeable or not, arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

1. **Reservation of Rights.** The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including (a) with respect to the description or designation of any "**Claim**" of the Debtor(s) against which the Claim is asserted, (b) the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of debtor, (c) to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated" or (d) object to the extent, validity, enforceability, priority or avoidability of any Claim. Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

2. **Description of the Cases.** On October 3, 2022 (the "**Commencement Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 4, 2022, the Bankruptcy Court entered an order authorizing the joint administration of these cases pursuant to Bankruptcy Rule 1015(b). As of the date hereof, no trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

3. **Basis of Presentation.** For financial reporting purposes, the Debtors historically prepare consolidated financial statements, which include information for Kabbage, Inc and its affiliates. The Schedules and Statements are unaudited and reflect the Debtors'

reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

To the extent applicable, the Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by legal entity, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the valuation of certain assets and liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Commencement Date or at any time before or after the Commencement Date. Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent at the Commencement Date or any time before or after the Commencement Date.

4.    **Reporting Date.** The Debtors completed a normal fiscal close for the period ending September 30, 2022 (the "**Reporting Date**"). Consequently, to simplify the reporting, the reported asset values in Schedules A and B, with the exception of estimated cash balances, align with the asset values as of the Reporting Date, and the liability values in Schedules D, E, and F are as of the Commencement Date, adjusted for authorized payments under the First Day Orders (as defined below). Estimated cash balances presented in Schedule A reflect bank balances as of the Commencement Date.

5.    **Current Values.** Other than estimated bank cash balances, the assets and liabilities of each Debtor are listed as the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the value ascribed in the Debtor's books is reflected in the Schedules and Statements.

6.    **Confidentiality**. In line with the relief granted in the *Order (I) Authorizing the Debtors to (A) File and Maintain Consolidated Creditor lists, and (B) Redact Certain Personal Identification Information for Individuals, (II) Approving Special Electronic Noticing Procedures, and (III) Granting Related Relief* [Docket No. 77] (the "**Creditor Matrix Order**") and to protect the privacy of certain parties, including, among others, the Debtors' borrowers and/or employees, certain identifying information, such as mailing addresses of individuals, was redacted from the Schedules and SOFAs.

7.  **Consolidated Entity Accounts Payable and Disbursement Systems.**  As described in the Cash Management Motion,[1] the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations (the "**Cash Management System**").

8.  **Accuracy.**  Although the Debtors have made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate.  The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.  The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

9.  **Net Book Value of Assets.**  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, wherever possible, unless otherwise indicated, net book values as of the Reporting Date are presented.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.  As applicable, office furniture and computer equipment assets that fully have been depreciated or amortized, or were expensed, have no net book value, and, therefore, are not included in the Schedules and Statements.

10. **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

11. **Payment of Prepetition Claims Pursuant to First Day Orders.**  Shortly after the Commencement Date, the Bankruptcy Court entered orders (the "**First Day Orders**") authorizing, but not directing, the Debtors to, among other things, pay  prepetition (a) amounts owed to certain vendors necessary to continue servicing and subservicing PPP Loans and Legacy Loans in the ordinary course; (b) insurance obligations; (c) employee wages, salaries, and related items, including employee benefit programs and contractor workforce obligations; and (d) taxes and assessments.  Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Commencement

---

[1]  *Motion of Debtors For Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (B) Implement changes to Cash Management in the Ordinary Course of Business; and (II) Granting Related Relief* [Docket No. 12] (the "**Cash Management Motion**").

Date.  To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court under the First Day Orders, such adjustments have been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement. The Debtors reserve the right to amend the Schedules and Statements to reflect payments made pursuant to the First Day Orders that may not be represented in the attached Schedules and Statements.

12. **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with any party in interest, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, including but not limited to filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

13. **Setoffs.**  Given the nature of the Debtors business, they do not routinely incur setoffs from suppliers and/or other third parties. Therefore, setoffs and other similar rights may have not been accounted for when scheduling certain amounts. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with the Bankruptcy Code.

14. **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals and liabilities recognized in accordance with GAAP and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported.  Therefore, they do not represent specific claims as of the Commencement Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts or reserves recorded for GAAP reporting purposes only and certain assets with a net book value of zero are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to, charged off loans, deferred revenue, and certain reserves. Other immaterial assets and liabilities may have been excluded.

15. **Insiders**.  Persons listed as "insiders" have been included for informational purposes only and the inclusion of them in the Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (a) an insider's influence over the control of the Debtors; (b) the management responsibilities or functions or any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories or liability or for any other purpose.

16. **Intellectual Property Rights.**  Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned,

terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

17. **Debtors' Reservation of Rights.** Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

    a.   The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently amend the Schedules to designate any claim as "disputed," "contingent," or "unliquidated."

    b.   The listing of a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," or (c) on Schedule F as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

    c.   In the ordinary course of their businesses, the Debtors may lease computer equipment from certain third-party lessors for use in the daily operation of their business. Any such leases are set forth on Schedule G and any current amount due under such leases that were outstanding as of the Commencement Date is listed on Schedule F. The property subject to any of such leases is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtor nor is such property reflected in the Debtor's Statement as property or assets of third parties within the control of the Debtor. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including the recharacterization thereof.

    d.   The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

    e.   The Debtors' businesses are part of a single enterprise. Although the Debtors

have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

f.   The Debtors further reserve all rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

g.   Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

h.   To timely close the books and records of the Debtors as of September 30, 2022 or the Commencement Date, as applicable, and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors reserve all rights to amend the reported amounts of assets, liabilities, reported revenue and expenses to reflect changes in those estimates and assumptions.

18.   **Addresses of Employees.** The Debtors have redacted the addresses of the Debtors' current and former employees in accordance with the Creditor Matrix Order. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees in accordance with the Creditor Matrix Order.

**Specific Notes with Respect to the Debtors' Schedules of Assets and Liabilities**

1. **Schedules A/B**

   **Part 1.** As set forth more fully in the Cash Management Motion, the Debtors fund their operations as of the Commencement Date through 15 bank accounts maintained by KServicing. The bank balances listed in the Cash Management Motion are as of the close of business on September 30, 2022; however, some of the funds included in these balances are owed to other parties and therefore the Debtors' unencumbered cash balance is less than the total bank balances. Bank balances listed on Schedule AB Part 1-3 are as of the Commencement Date. As of the Commencement Date, the Debtors had approximately $11 million of unencumbered cash.

   **Part 2.** Certain prepaid or amortized assets are listed in Part 2 in accordance with the Debtors' books and records. The amounts listed in Part 2 do not necessarily reflect assets the Debtors will be able to collect or realize. The amounts listed in Part 2 include, among other things, prepaid insurance, taxes, software licenses, and other vendors related to loan servicing operations.

   The Debtors also maintain a security deposit in connection with the Debtors' non-residential real property lease. This deposit is included in the Schedules for the appropriate legal entity.

   **Part 3.** The Debtors' accounts receivable information includes receivables from the Debtors' unpledged loan portfolios, including receivables from KServicing owned Paycheck Protection Program loans (the "**KS PPP Loans**") and Legacy Loans, customers, vendors, or other outside parties. The Debtors do not indicate the age of accounts receivables in these Schedules and Statements. The accounts receivable balances in this section exclude (a) certain intercompany related receivables that the Debtors are not able to collect on, (b) the receivable from Customer Bank and (c) Paycheck Protection Program Liquidity Facility (the "**PPPLF**") loans pledged to the Federal Reserve Bank of San Francisco (the "**Reserve Bank**""), which are reported under other Notes receivable, Part 11-71.

   **Part 4.** Any of the Debtors' ownership interests in subsidiaries are listed in Schedule A/B, Part 4 as zero, because each of the subsidiary entities are dormant, and no recovery is contemplated.

   **Part 7.** The Debtors have office furniture and computer equipment assets that have been expensed, have no net book value, and, therefore, are not included in the Schedules and Statements.

**Part 9.**  Property leased by the Debtors is listed in Schedule G and is not listed in Part 9 of Schedule A/B.

**Part 10.**  Part 10 identifies the various trademarks and licenses owned and maintained by the Debtors. Part 10 also includes a best effort listing of the Debtors' registered internet domains and websites.  Any assets identified in Part 10 were excluded assets in the sale of the Debtors' assets to affiliates of American Express or licensed back to the Debtors by affiliates of American Express.   The act of not listing any specific domain or website is not a relinquishing of ownership.

**Part 11.**

   i. ***Notes Receivable***.  The Notes Receivables reflected in the Schedules and Statements are comprised of certain receivables the Debtors assert exist against or from (a) Biz2Credit for referral fees, (b) Customer Bank for uncollected referral and related service fees, (c) excess amounts lent to certain PPP borrowers due to difficulties in accounting for federal, state, and local taxes when calculating a borrower's overall payroll costs ("**Excess Salt Recoupment**"), (d) PPP loan maturity amounts that were advanced to the Reserve Bank for the respective loan maturity dates for certain loans for which the Debtors had not yet received full forgiveness payment, guaranty purchase payment, or full borrower repayment ("**Out-of-Pocket 24 Month Maturities Recoupment**") and (e) the PPPLF loans pledged as collateral for the Reserve Bank. Any alleged claims related to Notes Receivables are included on Schedule E/F.

   ii. ***Unused net operating losses (NOLs).***  The Debtors have net operating losses however the timing and the use of such credits cannot be determined at this time.  As a result, the current value is listed as "undetermined." The use of the word "undetermined" does not reflect the potential materiality of deferred value.

   iii. ***Other contingent and unliquidated claims or causes of action of every nature***. In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, setoffs, and refunds with suppliers, among other claims. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as plaintiffs, or counter-claims and/or cross-claims as defendants.

   Despite exercising their reasonable efforts to identify all known assets, the Debtors may not have listed all their causes of action or potential causes of action against third parties as assets in their Schedules, including, but not

limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any claims and causes of action they may have. Neither these Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way.

2. **Schedule D.** The claims listed on Schedule D arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred before the Commencement Date. Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or other order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (a) although the Debtors may have scheduled claims of various creditors as secured claims, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken; (b) the Debtors reserve all rights to dispute and challenge the secured nature of any creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim; (c) the descriptions provided on Schedule D are intended to be a summary; and (d) claim amounts do not account for interest, if any. Reference to the applicable agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Except as specifically stated herein, real property lessors and other parties which may hold security deposits or other security interests have not been listed on Schedule D. The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.

3. **Schedules E/F**

   a. **Part 1.** The claims listed on Part 1 arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Part1. To the best of the Debtors' knowledge, all claims listed on Part 1arose or were incurred before the Commencement Date. The Debtors have not listed any tax, wage, or wage-related obligations that the Debtors have paid pursuant to First Day Orders on Part 1. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

   Claims owing to various taxing authorities to which the Debtors potentially may be

liable are included on Part 1. Certain of such claims, however, may be subject to reconciliation and/or the Debtors may otherwise be unable to determine with certainty the amount of the remaining claims listed on Part 1. Therefore, the Debtors have listed all such claims as contingent and unliquidated, pending final resolution of ongoing audits or other outstanding issues.

b. **Part 2.** The Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable Debtor. As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert liens against the Debtors for amounts listed on Part 2. The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor. In addition, certain parties may assert that claims listed on Part 2 are entitled to priority under 11 U.S.C. § 503(b)(9).

The Debtors have made reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, trade creditors, landlords, utility companies, consultants, and other service providers. The Debtors, however, believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Part 2 also contains information regarding pending litigation involving the Debtors. In certain instances, the relevant Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is included on that Debtor's Schedule E/F. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated, and disputed in the Schedules. See Specific Note, SOFA 7 for a description of the litigation listed in Part 2.

Part 2 does not include certain balances including deferred revenue, accruals and/or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Commencement Date.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims, pursuant to the First Day Orders. To the extent

practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Commencement Date, adjusted for postpetition payments under some or all of the First Day Orders. Each Debtor's Schedule E/F will reflect some of the Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to amend Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

4. **Schedule G.** Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**"), the Debtors' review process of the Agreements is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, non-compete agreements, and confidentiality agreements which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Commencement Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

To the extent short-term service orders that are oral in nature, such orders have not been included in Schedule G.

Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (a) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (b) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (c) amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement.

5. **Schedule H.**  In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.  Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Subject to these Global and Specific Notes, any known litigation and/or claims have been listed on Kabbage, Inc's Schedule F and SOFA Part 3. Such litigation may be inclusive of other Debtor affiliates and as such, they have not been set forth individually on Schedule H.  Furthermore, the Debtors may not have identified on Schedule H certain guarantees that are embedded in the Debtors' contracts, leases, secured financings, debt instruments, and other such agreements.  No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedule E/F or Schedule G for the respective Debtors subject to such debt.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or be unenforceable.

**Specific Notes With Respect to the Debtors' Statements of Financial Affairs**

1.    **SOFA 1.**  The income stated in the Debtors' response to SOFA 1 represents gross revenue.  The Debtors' fiscal year ends on the last day of each calendar year:

  - **FY 2020**:  Comprised of consolidated revenues for fiscal year ended December 31, 2020.

  - **FY 2021**:  Comprised of consolidated revenues for fiscal year ended December 31, 2021.

  - **FY 2022**:  Comprised of 9 months ending September 30, 2022.

2.    **SOFA 3**.

As described in the Cash Management Motion, the Debtors utilize their integrated, centralized Cash Management System to collect, concentrate, and disburse funds generated by their operations. The obligations of the Debtors are paid by and through KServicing.

The Debtors routinely remit payments in the ordinary course of business to borrowers or the Small Business Administration for overpayments made by borrowers on loans that have already been forgiven or guaranty purchased by the SBA, as applicable. These Schedules and Statements do not list such payments made in the ordinary course of business as described in the *Motion of Debtors for Interim and Final Orders Authorizing Debtors to (I) Continue Servicing and Subservicing Activities and (II) Perform Related Obligations* [Docket No. 11].

The payments disclosed in SOFA 3 are based on payments made by the Debtors with payment dates from July 6, 2022 to October 3, 2022.  The actual dates that cash cleared the Debtors' bank accounts were not considered.  Most payments are made either by wire or ACH and the actual dates that cash cleared the Debtors' bank accounts may vary depending on whether payment was made via wire versus ACH.

The response to SOFA 3 excludes disbursements or transfers listed on SOFA 4.

All payments listed on SOFA 11 are not also listed on SOFA 3.

3.    **SOFA 4.**  The payroll-related amounts shown in response to SOFA 4 are gross amounts that do not include reductions for amounts including employee taxes or benefit withholdings.   To the extent that insiders receive benefits, such as work-related allowances, those payments have been included as expense reimbursements to the extent paid directly to the employee.  The Debtors also provide corporate-paid credit cards and reimburse direct business expenses incurred by insiders.  Such business expenses have not been included in SOFA 4.  As authorized by Creditor Matrix Order, home addresses for individuals identified as insiders have been redacted.

14

4.    **SOFA 7.**  The Debtors were engaged in the business of servicing PPP loans following the enactment of the CARES Act.   While the Debtors remained diligent in understanding and implementing updated guidance and serviced the PPP loans in a complaint manner, their servicing efforts were the subject of heightened scrutiny, and they were subsequently implicated in various investigations, disputes, and administrative proceedings.  Information provided in response to SOFA 7 includes those investigations, disputes, and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. In addition, at any time, the Debtors may be subject to numerous third party subpoenas, which are not listed in the response to SOFA 7.  While the Debtors believe they were diligent in their efforts in completing SOFA 7, it is possible that certain matters that may be responsive to this question may have been inadvertently excluded in the Debtors' response to SOFA 7. The Debtors reserve all of their rights to amend or supplement their response to SOFA 7.

Further, the Debtors reserve all of their rights and defenses with respect to any and all matters listed in SOFA 7.  The listing of any such matters shall not constitute an admission by the Debtors of any liabilities or that the actions, matters or other proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such matters, actions or other proceedings.

5.    **SOFA 11.**   All payments for services of any persons or entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Commencement Date are listed on that Debtor's response to SOFA 11.  Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

6.    **SOFA 13.**  As reflected on SOFA 13, on or around October 15, 2020, the Debtors sold substantially all of their assets to affiliates of American Express in exchange for approximately $750,000,000 (the "**Purchase Price**").  The substantial majority of the Purchase Price was paid to shareholders of the Debtors and the balance of the Purchase Price was used to, among other things, pay transaction costs, employee obligations and the Debtors' go-forward working capital obligations.

7.    **SOFA 14.**   The corporate headquarters was transferred to affiliates of American Express in connection with sale of Debtors' assets in October 2020. During the COVID-19 pandemic the offices remained primarily unused as a safety measure.  On March 1, 2022, upon entering into a new non-residential lease, the Debtors began utilizing their current office space.

8.    **SOFA 16.**  In the ordinary course of business in connection with their origination and

servicing businesses, the Debtors collect certain personally identifiable information ("**PII**"), including but not limited to, their borrowers' names, business names, personal and business addresses, date of birth, email, social security numbers or EIN, bank accounts and phone numbers.  A list of categories of collected PII is included in the response to SOFA 16.  The Debtors maintain a privacy policy regarding the use of PII.

9.      **SOFA 25.**  The Debtors used their reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were an owner, partner, member or otherwise a person in control within the six years immediately preceding the Commencement Date.  The nature for operations for some of the businesses is unknown to current management.

10.     **SOFA 26.**  The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients include, among others, regulatory agencies, financial institutions, investment banks, debtholders and their legal and financial advisors.  Financial statements have also been provided to other parties as requested, subject to customary non-disclosure requirements where applicable.

11.     **SOFA 30.**  Any and all known payments, distributions or withdrawals to insiders of the Debtors in the year before the Commencement Date have been listed in response to SOFA 4.

**Kabbage Asset Funding 2017-A LLC**                                    **Case Number:**        **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| General description | Type of account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2. **Cash on hand** | | | |
| 2.1 | | | |
| 3. **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1 | | | |
| 4. **Other cash equivalents (Identify all)** | | | |
| 4.1 | | | |

5. **Total of Part 1.**

   Add lines 2 through 4. Copy the total to line 80.

**Kabbage Asset Funding 2017-A LLC**                                     **Case Number:**        **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

    7.1 _____    _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

    8.1 _____    _____

9.  **Total of Part 2**

    Add lines 7 through 8. Copy the total to line 81.                    _____

**Kabbage Asset Funding 2017-A LLC**                      Case Number:              **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| General description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|

11. Accounts receivable

11a. 90 days old or less: _____ - _____ = _____

11b. Over 90 days old: _____ - _____ = _____

11c. All accounts receivable: _____ - _____ = _____

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Kabbage Asset Funding 2017-A LLC**                    Case Number:        **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| Part 4: | Investments |
|---------|-------------|

13. **Does the debtor own any investments?**

  ☑ No. Go to Part 5.

  ☐ Yes. Fill in the information below.

| General description | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------------------|-------------------------------------|

14. **Mutual funds or publicly traded stocks not included in Part 1**

  Name of fund or stock:

  14.1 _____    _____    _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

  Name of entity:

  15.1 _____    _____    _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

  Describe:

  16.1 _____    _____    _____

17. **Total of Part 4**

  Add lines 14 through 16. Copy the total to line 83.                    _____

**Kabbage Asset Funding 2017-A LLC**                    **Case Number:**        **22-10954**

## Schedule A/B: Assets — Real and Personal Property

**Part 5:**        **Inventory, excluding agriculture assets - detail**

18.  **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19.  **Raw materials**

19.1

20.  **Work in progress**

20.1

21.  **Finished goods, including goods held for resale**

21.1

22.  **Other Inventory or supplies**

22.1

23.  **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.    Book Value _____    Valuation method _____    Current value _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Kabbage Asset Funding 2017-A LLC**                     **Case Number:**         **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) - detail |

27.  **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28.  **Crops—either planted or harvested** | | | |
| 28.1 | | | |
| 29.  **Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | |
| 30.  **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | |
| 31.  **Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | |
| 32.  **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | |

33.  **Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

34.  **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.    Book Value _____    Valuation method _____    Current value _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Kabbage Asset Funding 2017-A LLC**                                      **Case Number:**          **22-10954**

## Schedule A/B: Assets — Real and Personal Property

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles - detail

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39.  **Office furniture**

39.1 _____    _____    _____    _____

40.  **Office fixtures**

40.1 _____    _____    _____    _____

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

41.1 _____    _____    _____    _____

42.  **Collectibles**

42.1 _____    _____    _____    _____

43.  **Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| _____ |
|---|

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Kabbage Asset Funding 2017-A LLC**                                    Case Number:            **22-10954**

## Schedule A/B: Assets — Real and Personal Property

**Part 8:**        **Machinery, equipment, and vehicles**

46.   **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1

48.   **Watercraft, trailers, motors, and related accessories**
       Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1

49.   **Aircraft and accessories**

49.1

50.   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1

51.   **Total of Part 8**

Add lines 47 through 50. Copy the total to line 87.

52.   **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53.   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Kabbage Asset Funding 2017-A LLC**                         **Case Number:**         **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| Part 9: | Real property - detail |
| --- | --- |

54. **Does the debtor own or lease any real property?**

   ☑ No. Go to Part 10.

   ☐ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

   55.1 _____  _____  _____  _____  _____

56. **Total of Part 9**

   Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

   ☐ No

   ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

**Kabbage Asset Funding 2017-A LLC**                              **Case Number:**        **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| **Part 10:** | **Intangibles and intellectual property - detail** |
| --- | --- |

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

60. **Patents, copyrights, trademarks, and trade secrets**

60.1 _____  _____  _____  _____

61. **Internet domain names and websites**

61.1 _____  _____  _____  _____

62. **Licenses, franchises, and royalties**

62.1 _____  _____  _____  _____

63. **Customer lists, mailing lists, or other compilations**

63.1 _____  _____  _____  _____

64. **Other intangibles, or intellectual property**

64.1 _____  _____  _____  _____

65. **Goodwill**

65.1 _____  _____  _____  _____

66. **Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.                                      _____

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Kabbage Asset Funding 2017-A LLC**                    Case Number:        **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
| --- | --- |

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

    ☑ No. Go to Part 12.

    ☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
| --- | --- |

71. **Notes receivable**
    Description (include name of obligor)

    71.1 _____     _____

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

    72.1 _____     _____

73. **Interests in insurance policies or annuities**

    73.1 _____     _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

    74.1 _____     _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    75.1 _____     _____

76. **Trusts, equitable or future interests in property**

    76.1 _____     _____

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**
    Examples: Season tickets, country club membership

    77.1 _____     _____

**Kabbage Asset Funding 2017-A LLC**                                    **Case Number:**        **22-10954**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

78. **Total of Part 11**
    Add lines 71 through 77. Copy the total to line
    90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

**Kabbage Asset Funding 2017-A LLC**                                    Case Number:        **22-10954**

## Schedule A/B: Assets — Real and Personal Property

**Part 12:**        Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80.  Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0 | | |
| 81.  Deposits and prepayments. Copy line 9, Part 2. | $0 | | |
| 82.  Accounts receivable. Copy line 12, Part 3. | $0 | | |
| 83.  Investments. Copy line 17, Part 4. | $0 | | |
| 84.  Inventory. Copy line 23, Part 5. | $0 | | |
| 85.  Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86.  Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0 | | |
| 87.  Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0 | | |
| 88.  Real property. Copy line 56, Part 9. | | $0 | |
| 89.  Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90.  All other assets. Copy line 78, Part 11. | $0 | | |
| 91.  Total. Add lines 80 through 90 for each column. | a. $0 | b. $0 | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**                    $0

**Kabbage Asset Funding 2017-A LLC**

**Case Number:**   **22-10954**

# Schedule D: Creditors Who Have Claims Secured by Property

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---------|----------------------------------------|

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| **2.** | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | $0 | |
| | | | | | | | **Total:** | $0 | |

**Kabbage Asset Funding 2017-A LLC**                                    **Case Number:**        **22-10954**

## Schedule D: Creditors Who Have Claims Secured by Property

**Amount of Claim**

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                                                                                            **$0**

**Kabbage Asset Funding 2017-A LLC**                                    Case Number:          **22-10954**

## Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:**     List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| NONE | | |

**Kabbage Asset Funding 2017-A LLC**                                      **Case Number:**         **22-10954**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

1.  **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **2.**   NONE |  | ☐ | ☐ | ☐ | ☐ |  |  |

                                                                        **Total:**

**Kabbage Asset Funding 2017-A LLC**                                    **Case Number:**          **22-10954**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

Total: All Creditors with PRIORITY Unsecured Claims          _____  _____

**Kabbage Asset Funding 2017-A LLC**                    **Case Number:**        **22-10954**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**       List All Creditors with NONPRIORITY Unsecured Claims

3.   **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **3.**   NONE | | ☐ | ☐ | ☐ | | ☐ | |

Total:

**Kabbage Asset Funding 2017-A LLC**                                    Case Number:        **22-10954**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

**Total: All Creditors with NONPRIORITY Unsecured Claims**

**Kabbage Asset Funding 2017-A LLC**                                    **Case Number:**          **22-10954**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4.   List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

**4.1**   NONE

**Kabbage Asset Funding 2017-A LLC**                                    **Case Number:**          **22-10954**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**     Total Amounts of the Priority and Nonpriority Unsecured Claims

**5.**     **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $0 |
| 5b. | **Total claims from Part 2** | 5b. **+** | $0 |
| 5c. | **Total of Parts 1 and 2** | 5c. | $0 |
|  | Lines 5a + 5b = 5c. | | |

**Kabbage Asset Funding 2017-A LLC**                                                                 **Case Number:**          **22-10954**

## Schedule G: Executory Contracts and Unexpired Leases

1.   **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.   **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 1   WORKFORCE OPTIMIZATION AGREEMENT BY AND BETWEEN INSPERITY PEO SERVICES L.P. AND KABBAGE ASSET FUNDING 2017-A LLC SIGNED NOVEMBER 16, 2020 | | | ☐ | INSPERITY PEO SERVICES L.P. | ATTN: GENERAL COUNSEL 19001 CRESCENT SPRINGS DR KINGWOOD, TX 77339-3802 |

**Kabbage Asset Funding 2017-A LLC**                                                    **Case Number:**        **22-10954**

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  1**

**Kabbage Asset Funding 2017-A LLC**                                    **Case Number:**        **22-10954**

## Schedule H: Codebtors

1.  **Does the debtor have any codebtors?**

    ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☐ Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**

    Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2. 1 | | ☐ | ☐ | ☐ |

**Total Number of Co-Debtor / Creditor rows: 0**

**Fill in this information to identify the case:**

Debtor Name: Kabbage Asset Funding 2017-A LLC

United States Bankruptcy Court for the: District of Delaware

Case Number (if known): 22-10954

☐ Check if this is an amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

---

| Part 1: | Summary of Assets |
|---------|-------------------|

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**

   Copy line 88 from Schedule A/B ................................................................   $0

   1b. **Total personal property:**

   Copy line 91A from Schedule A/B ................................................................   $0

   + _____

   1c. **Total of all property:**

   Copy line 92 from Schedule A/B ................................................................   $0

---

| Part 2: | Summary of Liabilities |
|---------|------------------------|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ..............................   $0

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

   Copy the total claims from Part 1 from line 6a of Schedule E/F ....................................................   $0

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

   Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F ........................................   $0

   + _____

4. **Total liabilities**

   Lines 2 + 3a + 3b ................................................................................................   $0

Fill in this information to identify the case and this filing:

Debtor Name: _____Kabbage Asset Funding 2017-A LLC_____

United States Bankruptcy Court for the: ____District of Delaware_____

Case Number (if known): ____22-10954_____

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

[X]  Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)

[X]  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

[X]  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

[X]  Schedule G:  Executory Contracts and Unexpired Leases (Official Form 206G)

[X]  Schedule H: Codebtors (Official Form (206H)

[X]  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

[ ]  Amended Schedule _____

[ ]  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on** _____10/24/2022_____          **Signature:** __/s/ David Walker_____

                                                   David Walker, Interim CFO
                                                   **Name and Title**