## Exhibit 1

**Revised Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re                                              :          **Chapter 11**
                                                   :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,      :          **Case No. 22-10951 (CTG)**
                                                   :
                                                   :
Debtors.[1]                                        :          **(Jointly Administered)**
                                                   :
                                                   :          Ref. Docket No. 96

------------------------------------------------------------ x

### ORDER (I) ESTABLISHING A GENERAL BAR DATE TO FILE PROOFS OF CLAIM, (II) ESTABLISHING A BAR DATE TO FILE PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING AN AMENDED SCHEDULES BAR DATE, (IV) ESTABLISHING A REJECTION DAMAGES BAR DATE, (V) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, (VI) APPROVING THE PROPOSED NOTICE OF BAR DATES, (VII) APPROVING PROCEDURES WITH RESPECT TO SERVICE OF THE PROPOSED NOTICE OF BAR DATES, AND (VIII) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor

affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively,

the "**Debtors**"), for entry of an order (i) establishing a bar date for the filing of proofs of claim

(each, a "**Proof of Claim**") in respect of prepetition claims, including secured claims, unsecured

priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of title

11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing a bar date for the filing

of Proofs of Claim by governmental units in respect of prepetition claims against any of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Debtors; (iii) establishing a bar date for filing of Proofs of Claim following the amendment or supplement of the Debtors' schedules of assets and liabilities (collectively, the "**Schedules**"); (iv) establishing a bar date for filing of Proofs of Claim for damages arising from the Debtors' rejection of executory contracts or unexpired leases; (v) approving the form and manner of filing Proofs of Claim; (vi) approving the notice of the Bar Dates; (vii) approving the procedures with respect to service of the proposed notice of the Bar Dates; and (viii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"), if necessary; and upon the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Motion is granted to the extent set forth herein.

2.      Unless otherwise provided herein, the following Bar Dates are hereby approved and established in these Chapter 11 Cases:

    a.      **November 29, 2022** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but <u>not</u> including any governmental

units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, and unsecured non-priority claims (the "**General Bar Date**"), unless otherwise provided herein;

b.    **April 3, 2023** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**");

c.    **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors serve an applicable claimant with notice of a previously unscheduled claim, an amendment to the Schedules (which, for the avoidance of doubt, shall include a change to whether a claim is listed on the Schedules as "contingent," "unliquidated," or "disputed,") or a supplement to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**"); and

d.    **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following the date an applicable claimant is served of an order approving rejection of any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[3] (the "**Rejection Damages Bar Date**," and, collectively with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

3.    The proposed form of Proof of Claim (the "**Proof of Claim Form**"), substantially in the form annexed hereto as **Exhibit 1**, is approved.

4.    The proposed notice of the Bar Date, substantially in the form annexed hereto as **Exhibit 2** (the "**Bar Date Notice**"), is approved.

5.    The following Procedures for filing Proofs of Claim are hereby approved:

---

[3] Provided that notwithstanding the foregoing, a party to an executory contract or unexpired lease that has not been rejected by the Debtors by the date of entry of the Bar Date Order who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in this Motion or the Proposed Order applies.

a.  Proofs of Claim must conform substantially to either (i) the Proof of Claim Form or (ii) Official Form 410;[4]

b.  Proofs of Claim must be either (i) filed electronically through the Omni's Proof of Claim website for these cases at https://cases.omniagentsolutions.com/claim?clientid=3641 by following instructions for filing proofs of claim electronically; or (ii) transmitted with the original proof of claim by hand delivery, U.S. Postal Service mail, or overnight delivery to Omni's Claims Processing Center for the Debtors at Kabbage, Inc. d/b/a KServicing, et al. Claims Processing c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.

c.  Proofs of Claim will be deemed filed only when <u>received</u> by Omni on or before the applicable Bar Date;

d.  Proofs of Claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language and (iv) be denominated in United States currency;

e.  Proofs of Claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor. If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Kabbage, Inc. d/b/a KServicing;

f.  Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **<u>will not</u>** be accepted.

6.  Except as otherwise set forth herein, the following persons or entities

holding claims against the Debtors arising prior to the Petition Date are required to file Proofs of

Claim on or before the applicable Bar Date:

a.  any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated,"

---

[4] The Official Form 410 can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.  The Proof of Claim Form can be found at https://omniagentsolutions.com/kservicing, the website established by Omni for the Debtors' Chapter 11 Cases.

or "disputed," if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b. any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c. any person or entity that believes that any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules.

7.      The persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) who hold the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

a. any claim listed on the Schedules filed by the Debtors, and (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity agrees with  the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity agrees that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b. any claim as to which the holder already has filed a signed Proof of Claim with Omni against the respective Debtor(s) with respect to the claim being asserted, utilizing the Proof of Claim Form or the Official Form 410, and has otherwise complied with the Procedures;

c. an administrative expense allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9)[5] of the Bankruptcy Code);

d. any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

e. any claim that has been paid in full or will be paid in full in accordance with the Bankruptcy Code or an order of this Court;

---

[5] A claim arising under Bankruptcy Code section 503(b)(9) is a claim arising from the value of any goods received by the Debtors within twenty (20) days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

f.      any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

g.      any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures set for the herein;

h.      a claim held by a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date, including, but not limited to, claims with respect to the Debtors' non-qualified deferred compensation plan or for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors; and

j.      any claim held by a Debtor or non-Debtor subsidiary or affiliate against another Debtor.

8.      Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so, unless ordered otherwise by the Court, shall not be treated as a creditor with respect to such claim for the purposes of voting on a chapter 11 plan and distribution in these Chapter 11 Cases on account of such claim.

9.      Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (*l*), the Debtors shall provide notice of the Bar Dates and Proof of Claim, other than with respect to Borrowers[6], in accordance with the following Procedures:

a.      No later than thirty day (30) days before the General Bar Date, the Debtors shall serve by first class U.S. Mail, postage prepaid: (i) a copy of the Proof of Claim Form and (ii) the Bar Date Notice, substantially in the form annexed as **Exhibit 2** to the Proposed Order to the following parties:

---

[6] The term "Borrowers" includes any person or entity whose loan was serviced by the Debtors.

    i.    the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**");

    ii.    counsel to any statutorily appointed committee in these Chapter 11 Cases;

    iii.    all known creditors and other known holders of potential claims against any of the Debtors' estates;

    iv.    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

    v.    all parties to pending litigation against the Debtors (as of the date of entry of the Bar Date Order);

    vi.    all persons or entities who have filed claims (as of the date of entry of the Bar Date Order);

    vii.    all parties who have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of the Bar Date Order);

    viii.    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order);

    ix.    all current and former employees of the Debtors (to the extent that contact information for former employees is available in the Debtors' records;

    x.    all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

    xi.    the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units;

    xii.    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

    xiii.    all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities;

    xiv.    such additional persons and entities deemed appropriate by the Debtors; and

    xv.    to the extent not already included above, all parties (other than Borrowers) listed on the Debtors' consolidated creditor matrix [Docket No. 20] and any amendments or supplements thereto.

b.    The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Omni for the Debtors' cases: https://omniagentsolutions.com/kservicing.

10.    The Debtors shall serve the Bar Date Notice and Proof of Claim Form on the Borrowers by email, in accordance with the procedures approved in the Creditor Matrix Order [Docket No. 77], provided however, that the Debtors shall serve the Mail Notice Borrowers[7] by first class mail, if the mailing address is available, also in accordance with the procedures approved in the Creditor Matrix Order, with the Bar Date Notice and the Proof of Claim Form in accordance with paragraph 9(a).

11.    The Debtors shall publish the form of publication notice of the Bar Dates (the "**Publication Notice**"), at least twenty-one (21) days prior to the General Bar Date, or as soon as practicable thereafter, with any necessary modifications for ease of publication, once in each of the national editions of *The New York Times* and *USA Today*, and in the Debtors' sole discretion, to publish the Publication Notice in additional national and/or local newspapers, trade journals, or similar publications, subject to applicable publication deadlines, which publication is approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Dates and the Procedures for filing Proofs of Claim in these Chapter 11 Cases.

12.    The Debtors and Omni are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

13.    Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors (including for the

---

[7] "**Mail Notice Borrowers**" means Borrowers for which the Debtors do not have a valid email address for such Borrower, the Debtors receive a "bounce back" notice from the Borrower's email address, or such Borrower opts out of email noticing.

avoidance of doubt, Borrowers) of their rights and obligations in connection with claims they may have against the Debtors in these Chapter 11 Cases.

14.     Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

15.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtors.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

RLF1 28146835v.1

## **Exhibit 1**

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

**Fill in the information to identify the case (Select only one Debtor per form):**

- ☐ Kabbage, Inc. d/b/a KServicing (CASE NO. 22-10951)
- ☐ Kabbage Canada Holdings, LLC (CASE NO. 22-10952)
- ☐ Kabbage Asset Securitization, LLC (CASE NO. 22-10953)
- ☐ Kabbage Asset Funding 2017-A, LLC (CASE NO. 22-10954)
- ☐ Kabbage Asset Funding 2019-A, LLC (CASE NO. 22-10955)
- ☐ Kabbage Diameter, LLC (CASE NO. 22-10956)

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions.    The original of this Proof of Claim must be sent to:    **Kabbage, Inc. dba KServicing, et al., c/o Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367 by MON DD, YYYY at X:00 pm prevailing Eastern Time or MON DD, YYYY at X:00 pm prevailing Eastern time for governmental entities.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
- ☐ No
- ☐ Yes    From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Where should payments to the creditor be sent? (if different)

Name

Name

Number    Street

Number    Street

City    State    ZIP Code

City    State    ZIP Code

Contact Phone

Contact Phone

Contact email

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

**4. Does this claim amend one already filed?**
- ☐ No
- ☐ Yes    Claim Number on court claims registry (if known)    Filed On ___
  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
- ☐ No
- ☐ Yes    Who made the earlier filing?

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes     Last 4 digits of the debtor's account or any number you use to identify the debtor: ___

**7. How much is the claim?**     $ ___

**Does this amount include interest or other charges?**

☐ No
☐ Yes     Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

**9. Is all or part of the claim secured?**

☐ No
☐ Yes     The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*

☐ Motor Vehicle

☐ Other   Describe: ___

**Basis for perfection:** ___
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**     $ _____

**Amount of the claim that is secured:**     $ _____

**Amount of the claim that is unsecured:**     $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**     $ ___

**Annual Interest Rate:**   (when case was filed)     ___ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes     **Amount necessary to cure any default as of the date of the petition.**     $ ___

**11. Is this claim subject to a right of setoff?**

☐ No
☐ Yes     Identify the property: _____

**12. Is this claim for the value of goods received by the debtor within 20 days before the commencement date of this case (11 U.S.C. §503(b)(9)).?**

☐ No
☐ Yes     Amount of 503(b)(9) Claim:   $ _____

| Official Form 410 | **Proof of Claim** | **Page 2** |
|---|---|---|

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes    *Check all that apply*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$ _

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies.

$ _

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
| --- | --- |

**The person completing this proof of claim must sign and date it.**

**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. I

☐ am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _

   MM / DD / YYYY

_____
   Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
        First Name          Middle Name          Last Name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number      Street

        _____
        City                    State        ZIP Code

Contact Phone _____    Email _____

---

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If any information reflected on the *Proof of Claim* form is incorrect or if the Proof of Claim form contains information that you do not agree with,** cross out such information and write in what you believe to be the correct information.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

**Exhibit 2**

**Bar Date Notice**

| UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE | |
| --- | --- |
| **In re**<br><br>**KABBAGE, INC. D/B/A KSERVICING,** *et al.***,**<br><br>                    **Debtors.** | **Chapter 11 Case Nos.: 22-10951 (CTG)**<br>**Through 22-10956**<br>**(Jointly Administered)** |

## NOTICE OF DEADLINES TO FILE PROOFS OF CLAIM

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Name of Debtor | Case Number | Tax Identification Number |
| --- | --- | --- |
| Kabbage, Inc. | 22-10951 | 36-4973937 |
| Kabbage Canada Holdings, LLC | 22-10952 | N/A |
| Kabbage Asset Securitization, LLC | 22-10953 | N/A |
| Kabbage Asset Funding 2017-A LLC | 22-10954 | 61-1854803 |
| Kabbage Asset Funding 2019-A LLC | 22-10955 | 83-4698973 |
| Kabbage Asset Diameter, LLC | 22-10956 | N/A |

**OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS**:

| | |
| --- | --- |
| Kabbage, Inc. | d/b/a KServicing, Inc., KService Corp., KServicing, and Kabbage Platform (Kabbage Platform used solely in the state of New York) |

| **Attorneys for Debtors**<br>Daniel J. DeFranceschi (No. 2732)<br>Zachary I. Shapiro (No. 5103)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651-7700<br>Facsimile:  (302) 651-7701 | **Attorneys for Debtors**<br>Ray C. Schrock, P.C.<br>Natasha S. Hwangpo, Esq.<br>Chase A. Bentley, Esq.<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone:  (212) 310-8000<br>Facsimile:  (212) 310-8007 |

| |
| --- |
| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court,<br>824 North Market Street, 3rd Floor, Wilmington, DE 19801<br>Telephone: 302-252-2900<br>Hours Open: 8:00 a.m.–4:00 p.m. Monday–Friday |

## PLEASE TAKE NOTICE THAT:

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

       On October 3, 2022 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

On [●], 2022, the Bankruptcy Court, having jurisdiction over the Chapter 11 Cases of the Debtors, entered an order (the "**Bar Date Order**") establishing the following Bar Dates:

i.   **November 29, 2022** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but <u>not</u> including any governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, and unsecured non-priority claims (the "**General Bar Date**"), unless otherwise provided herein;

ii.  **April 3, 2023** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**");

iii. **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors serve an applicable claimant with notice of a previously unscheduled claim, an amendment to the Schedules (which, for avoidance of doubt, shall include a change to whether a claim is listed on the Schedules as "contingent," "unliquidated," or disputed,") or a supplement to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**"); and

iv.  **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following the date an applicable claimant is served of an order approving rejection of any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[1] (the "**Rejection Damages Bar Date**," and, collectively with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

You may be a creditor of one or more of the debtors.

**If you have any questions relating to this Notice, please feel free to contact Omni Agent Solutions ("Omni") at (866) 956-2138 (toll free) or (747) 226-5953 (international) or by e-mail at KServicingInquiries@OmniAgnt.com.**

NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Claims and Noticing Agent cannot give legal advice.

## INSTRUCTIONS:

1.    **WHO MUST FILE A PROOF OF CLAIM**

Except as otherwise set forth herein, the following entities holding claims against the Debtors arising prior to the Petition Date are required to file Proofs of Claim on or before the applicable Bar Date:

a.   any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

---

[1]  Provided that notwithstanding the foregoing, a party to an executory contract or unexpired lease that has not been rejected by the Debtors by the date of entry of the Bar Date Order who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in this Motion or the Proposed Order applies.

2

b.    any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.    any person or entity that believes that any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "**claim**" means (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. Further, claims include unsecured claims, secured claims, and priority claims.

Pursuant to section 101(15) of the Bankruptcy Code and as used in this Notice, the term "**entity**" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, and governmental units.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

2.    **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

The persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) who hold the following claims are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

a.    any claim listed on the Schedules filed by the Debtors, and (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity agrees with  the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity agrees that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b.    any claim as to which the holder already has filed a signed Proof of Claim with Omni against the respective Debtor(s) with respect to the claim being asserted, utilizing the Proof of Claim Form or the Official Bankruptcy Form No. 410 (the "**Official Form 410**"), and has otherwise complied with the Procedures;

c.    an administrative expense allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9)[2] of the Bankruptcy Code);

d.    any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

e.    any claim that has been paid in full or will be paid in full in accordance with the Bankruptcy Code or an order of this Court;

f.    any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

g.    any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u>, <u>that</u> if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity

---

[2] A claim arising under Bankruptcy Code section 503(b)(9) is a claim arising from the value of any goods received by the Debtors within twenty (20) days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures set forth herein;

h.      a claim held by a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date, including, but not limited to, claims with respect to the Debtors' non-qualified deferred compensation plan or for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors; and

j.      any claim held by a Debtor or non-Debtor subsidiary or affiliate against another Debtor.

        The fact that you have received this notice does not mean that you have claim or that the Debtors or the Court believe that you have a claim against the Debtors.  You should not file a Proof of Claim if you do not have a claim against any of the Debtors.

3.      **INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

        Except as otherwise set forth herein, each entity that asserts a claim against the Debtors that arose before the Petition Date **MUST** file a Proof of Claim.

        **The following procedures with respect to preparing and filing of Proofs of Claim will apply:**

a.      Proofs of Claim must conform substantially to either (i) the Proof of Claim Form or (ii) the Official Form 410;[3]

b.      Proofs of Claim must be filed (i) electronically through the Omni's Proof of Claim website for these cases  at https://cases.omniagentsolutions.com/claim?clientid=3641 by following instructions for filing proofs of claim electronically; or (ii) transmitted with the original proof of claim by hand delivery, U.S. Postal Service mail, or overnight delivery to Omni's Claims Processing Center for the Debtors at Kabbage, Inc. d/b/a KServicing, et al. Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.

c.      Proofs of Claim will be deemed filed only when received by the  Omni on or before the applicable Bar Date;

d.      Proofs of Claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language and (iv) be denominated in United States currency;

e.      Proofs of Claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor. If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Kabbage, Inc. d/b/a KServicing.

f.      Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

---

[3] The Official Form 410 can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.  The Proof of Claim Form can be found at https://omniagentsolutions.com/kservicing, the website established by Omni for the Debtors' chapter 11 cases.

4.      **CONSEQUENCES OF FAILURE TO TIMELY FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Pursuant to the Bar Date Order and Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so, unless ordered otherwise by the Court, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these Chapter 11 Cases on account of such claim.**

5.      **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities (collectively, the "**Schedules**").  To determine if and how you are listed in the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the nature, amount, and status of your claim(s).  If the enclosed Proof of Claim Form is blank, you are not identified in the Schedules as having a claim against the Debtors.  If you believe that any information reflected in the Proof of Claim Form is incorrect or if the Proof of Claim Form includes information that you do not agree with, you may cross out such information and write in what you believe to be the correct information.  If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed Proof of Claim Form will reflect the net amount of your claims.  If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against each Debtor, as listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' Chapter 11 Cases, which is posted (i) on the website established by Omni for the Debtors' cases at https://omniagentsolutions.com/kservicing and (ii) on the Court's website at www.deb.uscourts.gov.  (A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (Prevailing Eastern Time) Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, DE 19801.  Copies of the Debtors' Schedules also may be obtained by written request to the Debtors' claims agent, Omni, at the address and telephone number set forth below:

**Kabbage, Inc. d/b/a KServicing, et al. Claims Processing**

c/o Omni Agent Solutions

5955 De Soto Ave., Suite 100

Woodland Hills, CA 91367

(866) 956-2138 (toll free)

(747) 226-5953 (international)

In the event that the Debtors amend or supplement their Schedules subsequent to date of entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected by such amendment or supplement within fourteen (14) days after filing such amendment or supplement, and such holders must file a Proof of Claim by **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following the date on which the Debtors serve an applicable claimant with notice of a previously unfiled Schedule or an amendment or supplement to the Schedules**, and such deadline shall be contained in any notice of such amendment or supplement of the Schedules provided to the holders of claims affected thereby.

6.    **RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

> **If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Claims and Noticing Agent directly at: Kabbage, Inc. d/b/a KServicing, et al. c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; Telephone: (866) 956-2138 (toll free) or (747) 226-5953 (international); or by e-mail at KServicingInquiries@omniagnt.com.**

> **A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated:        Wilmington, Delaware                          **BY ORDER OF THE COURT**
                   _____, 2022

| | |
|---|---|
| Ray C. Schrock, P.C.<br>Candace M. Arthur<br>Natasha S. Hwangpo<br>Chase A. Bentley<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone:  (212) 310-8000<br>Facsimile:  (212) 310-8007 | Daniel J. DeFranceschi<br>Amanda R. Steele<br>Zachary I. Shapiro<br>Matthew P. Milana<br>RICHARDS, LAYTON & FINGER, PA<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile:  (302) 651-7701 |
| PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION | |

RLF1 28146835v.1