UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                   :     **Chapter 11**
                                                        :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,           :     **Case No. 22-10951 (CTG)**
                                                        :
                                                        :
**Debtors.**[1]                                         :     **(Jointly Administered)**
                                                        :
                                                        :     **Ref. Docket No. 96**
------------------------------------------------------------ x

**ORDER (I) ESTABLISHING A GENERAL BAR DATE TO FILE
PROOFS OF CLAIM, (II) ESTABLISHING A BAR DATE TO FILE
PROOFS OF CLAIM BY GOVERNMENTAL UNITS,  (III) ESTABLISHING
AN AMENDED SCHEDULES BAR DATE, (IV) ESTABLISHING A REJECTION
DAMAGES BAR DATE, (V) APPROVING THE FORM AND MANNER FOR FILING
PROOFS OF CLAIM, (VI) APPROVING THE PROPOSED NOTICE OF BAR
DATES, (VII) APPROVING PROCEDURES WITH RESPECT TO SERVICE OF THE
PROPOSED NOTICE OF BAR DATES, AND (VIII) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor

affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively,

the "**Debtors**"), for entry of an order (i) establishing a bar date for the filing of proofs of claim

(each, a "**Proof of Claim**") in respect of prepetition claims, including secured claims, unsecured

priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of title

11 of the United States Code (the "**Bankruptcy Code**"); (ii) establishing a bar date for the filing

of Proofs of Claim by governmental units in respect of prepetition claims against any of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Debtors; (iii) establishing a bar date for filing of Proofs of Claim following the amendment or

supplement of the Debtors' schedules of assets and liabilities (collectively, the "**Schedules**");

(iv) establishing a bar date for filing of Proofs of Claim for damages arising from the Debtors'

rejection of executory contracts or unexpired leases; (v) approving the form and manner of filing

Proofs of Claim; (vi) approving the notice of the Bar Dates; (vii) approving the procedures with

respect to service of the proposed notice of the Bar Dates; and (viii) granting related relief, all as

more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and

such notice having been adequate and appropriate under the circumstances; and it appearing that

no other or further notice need be provided; and this Court having held a hearing, if necessary, to

consider the relief requested in the Motion (the "**Hearing**"), if necessary; and upon the record of

the Hearing; and this Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.      The Motion is granted to the extent set forth herein.

2.      Unless otherwise provided herein, the following Bar Dates are hereby

approved and established in these Chapter 11 Cases:

      a.      **November 30, 2022** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but <u>not</u> including any governmental

2

units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, and unsecured non-priority claims (the "**General Bar Date**"), unless otherwise provided herein;

b.     **April 3, 2023** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**");

c.     **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors serve an applicable claimant with notice of a previously unscheduled claim, an amendment to the Schedules (which, for the avoidance of doubt, shall include a change to whether a claim is listed on the Schedules as "contingent," "unliquidated," or "disputed,") or a supplement to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**"); and

d.     **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following the date an applicable claimant is served of an order approving rejection of any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[3] (the "**Rejection Damages Bar Date**," and, collectively with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

3.     The proposed form of Proof of Claim (the "**Proof of Claim Form**"),

substantially in the form annexed hereto as **Exhibit 1,** is approved.

4.     The proposed notice of the Bar Date, substantially in the form annexed

hereto as **Exhibit 2** (the "**Bar Date Notice**"), is approved.

5.     The following Procedures for filing Proofs of Claim are hereby approved:

---

[3] Provided that notwithstanding the foregoing, a party to an executory contract or unexpired lease that has not been rejected by the Debtors by the date of entry of the Bar Date Order who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in this Motion or the Proposed Order applies.

3

a.    Proofs of Claim must conform substantially to either (i) the Proof of Claim Form or (ii) Official Form 410;[4]

b.    Proofs of Claim must be either (i) filed electronically through the Omni's Proof of Claim website for these cases at https://cases.omniagentsolutions.com/claim?clientid=3641 by following instructions for filing proofs of claim electronically; or (ii) transmitted with the original proof of claim by hand delivery, U.S. Postal Service mail, or overnight delivery to Omni's Claims Processing Center for the Debtors at Kabbage, Inc. d/b/a KServicing, et al. Claims Processing c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.

c.    Proofs of Claim will be deemed filed only when <u>received</u> by Omni on or before the applicable Bar Date;

d.    Proofs of Claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language and (iv) be denominated in United States currency;

e.    Proofs of Claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor. If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Kabbage, Inc. d/b/a KServicing;

f.    Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

6.    Except as otherwise set forth herein, the following persons or entities holding claims against the Debtors arising prior to the Petition Date are required to file Proofs of Claim on or before the applicable Bar Date:

a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated,"

---

[4] The Official Form 410 can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.    The Proof of Claim Form can be found at https://omniagentsolutions.com/kservicing, the website established by Omni for the Debtors' Chapter 11 Cases.

RLF1 28151919v.1

or "disputed," if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b.    any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.    any person or entity that believes that any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules.

7.    The persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) who hold the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

a.    any claim listed on the Schedules filed by the Debtors, and (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity agrees that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b.    any claim as to which the holder already has filed a signed Proof of Claim with Omni against the respective Debtor(s) with respect to the claim being asserted, utilizing the Proof of Claim Form or the Official Form 410, and has otherwise complied with the Procedures;

c.    an administrative expense allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9)[5] of the Bankruptcy Code);

d.    any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

e.    any claim that has been paid in full or will be paid in full in accordance with the Bankruptcy Code or an order of this Court;

---

[5] A claim arising under Bankruptcy Code section 503(b)(9) is a claim arising from the value of any goods received by the Debtors within twenty (20) days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

f.   any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

g.   any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures set for the herein;

h.   a claim held by a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date, including, but not limited to, claims with respect to the Debtors' non-qualified deferred compensation plan or for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.   any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors; and

j.   any claim held by a Debtor or non-Debtor subsidiary or affiliate against another Debtor.

8.   Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so, unless ordered otherwise by the Court, shall not be treated as a creditor with respect to such claim for the purposes of voting on a chapter 11 plan and distribution in these Chapter 11 Cases on account of such claim.

9.   Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtors shall provide notice of the Bar Dates and Proof of Claim, other than with respect to Borrowers[6], in accordance with the following Procedures:

a.   No later than thirty day (30) days before the General Bar Date, the Debtors shall serve by first class U.S. Mail, postage prepaid: (i) a copy of the Proof of Claim Form and (ii) the Bar Date Notice, substantially in the form annexed as **Exhibit 2** to the Proposed Order to the following parties:

---

[6] The term "Borrowers" includes any person or entity whose loan was serviced by the Debtors.

6

i.    the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**");

ii.    counsel to any statutorily appointed committee in these Chapter 11 Cases;

iii.    all known creditors and other known holders of potential claims against any of the Debtors' estates;

iv.    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

v.    all parties to pending litigation against the Debtors (as of the date of entry of the Bar Date Order);

vi.    all persons or entities who have filed claims (as of the date of entry of the Bar Date Order);

vii.    all parties who have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of the Bar Date Order);

viii.    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order);

ix.    all current and former employees of the Debtors (to the extent that contact information for former employees is available in the Debtors' records;

x.    all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

xi.    the Internal Revenue Service, the United States Attorney's Office for the District of Delaware, and all applicable Governmental Units;

xii.    all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

xiii.    all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities;

xiv.    such additional persons and entities deemed appropriate by the Debtors; and

xv.    to the extent not already included above, all parties (other than Borrowers) listed on the Debtors' consolidated creditor matrix [Docket No. 20] and any amendments or supplements thereto.

b.      The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Omni for the Debtors' cases: https://omniagentsolutions.com/kservicing.

10.     The Debtors shall serve the Bar Date Notice and Proof of Claim Form on the Borrowers by email, in accordance with the procedures approved in the Creditor Matrix Order [Docket No. 77], provided however, that the Debtors shall serve the Mail Notice Borrowers[7] by first class mail, if the mailing address is available, also in accordance with the procedures approved in the Creditor Matrix Order, with the Bar Date Notice and the Proof of Claim Form in accordance with paragraph 9(a).

11.     The Debtors shall publish the form of publication notice of the Bar Dates (the "**Publication Notice**"), at least twenty-one (21) days prior to the General Bar Date, or as soon as practicable thereafter, with any necessary modifications for ease of publication, once in each of the national editions of *The New York Times* and *USA Today*, and in the Debtors' sole discretion, to publish the Publication Notice in additional national and/or local newspapers, trade journals, or similar publications, subject to applicable publication deadlines, which publication is approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Dates and the Procedures for filing Proofs of Claim in these Chapter 11 Cases.

12.     The Debtors and Omni are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

13.     Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors (including for the

---

[7] "**Mail Notice Borrowers**" means Borrowers for which the Debtors do not have a valid email address for such Borrower, the Debtors receive a "bounce back" notice from the Borrower's email address, or such Borrower opts out of email noticing.

avoidance of doubt, Borrowers) of their rights and obligations in connection with claims they may have against the Debtors in these Chapter 11 Cases.

14.    Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

15.    Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtors.

16.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Dated: October 26th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

9

RLF1 28151919v.1