| UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE ||
|---|---|
| In re<br><br>KABBAGE, INC. D/B/A KSERVICING, *et al.*,<br><br>Debtors. | Chapter 11 Case Nos.: 22-10951 (CTG)<br>Through 22-10956<br>(Jointly Administered) |

## NOTICE OF DEADLINES TO FILE PROOFS OF CLAIM

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| **Name of Debtor** | **Case Number** | **Tax Identification Number** |
|---|---|---|
| Kabbage, Inc. | 22-10951 | 36-4973937 |
| Kabbage Canada Holdings, LLC | 22-10952 | N/A |
| Kabbage Asset Securitization, LLC | 22-10953 | N/A |
| Kabbage Asset Funding 2017-A LLC | 22-10954 | 61-1854803 |
| Kabbage Asset Funding 2019-A LLC | 22-10955 | 83-4698973 |
| Kabbage Asset Diameter, LLC | 22-10956 | N/A |

**OTHER NAMES USED BY THE DEBTORS IN THE PAST 8 YEARS**:

| Kabbage, Inc. | d/b/a KServicing, Inc., KService Corp., KServicing, and Kabbage Platform (Kabbage Platform used solely in the state of New York) |
|---|---|
| **Attorneys for Debtors**<br>Daniel J. DeFranceschi (No. 2732)<br>Zachary I. Shapiro (No. 5103)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701 | **Attorneys for Debtors**<br>Ray C. Schrock, P.C.<br>Natasha S. Hwangpo, Esq.<br>Chase A. Bentley, Esq.<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

<u>Address of the Clerk of the Bankruptcy Court</u>
Clerk of the United States Bankruptcy Court,
824 North Market Street, 3rd Floor, Wilmington, DE 19801
Telephone: 302-252-2900
Hours Open: 8:00 a.m.–4:00 p.m. Monday–Friday

### PLEASE TAKE NOTICE THAT:

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

On October 3, 2022 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue operating their business and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases.

On October 26, 2022, the Bankruptcy Court, having jurisdiction over the Chapter 11 Cases of the Debtors, entered an order (the "**Bar Date Order**") establishing the following Bar Dates:

i. **November 30, 2022** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but <u>not</u> including any governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**")), to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, unsecured priority claims, and unsecured non-priority claims (the "**General Bar Date**"), unless otherwise provided herein;

ii. **April 3, 2023** at **5:00 p.m. (Prevailing Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**");

iii. **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors serve an applicable claimant with notice of a previously unscheduled claim, an amendment to the Schedules (which, for avoidance of doubt, shall include a change to whether a claim is listed on the Schedules as "contingent," "unliquidated," or disputed,") or a supplement to the Schedules (as defined herein)** as the deadline by which claimants holding claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**"); and

iv. **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following the date an applicable claimant is served of an order approving rejection of any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection[1] (the "**Rejection Damages Bar Date**," and, collectively with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").

You may be a creditor of one or more of the debtors.

**If you have any questions relating to this Notice, please feel free to contact Omni Agent Solutions ("Omni") at (866) 956-2138 (toll free) or (747) 226-5953 (international) or by e-mail at KServicingInquiries@OmniAgnt.com.**

NOTE: The staff of the Bankruptcy Clerk's Office, the Office of the United States Trustee, and the Debtors' Claims and Noticing Agent cannot give legal advice.

## INSTRUCTIONS:

**1.    WHO MUST FILE A PROOF OF CLAIM**

Except as otherwise set forth herein, the following entities holding claims against the Debtors arising prior to the Petition Date are required to file Proofs of Claim on or before the applicable Bar Date:

a. any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

---

[1] Provided that notwithstanding the foregoing, a party to an executory contract or unexpired lease that has not been rejected by the Debtors by the date of entry of the Bar Date Order who asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in this Motion or the Proposed Order applies.

b.  any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.  any person or entity that believes that any prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than the Debtor identified in the Schedules.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "**claim**" means (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. Further, claims include unsecured claims, secured claims, and priority claims.

Pursuant to section 101(15) of the Bankruptcy Code and as used in this Notice, the term "**entity**" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, and governmental units. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

## 2. WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM

The persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) who hold the following claims are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

a.  any claim listed on the Schedules filed by the Debtors, and (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity agrees that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

b.  any claim as to which the holder already has filed a signed Proof of Claim with Omni against the respective Debtor(s) with respect to the claim being asserted, utilizing the Proof of Claim Form or the Official Bankruptcy Form No. 410 (the "**Official Form 410**"), and has otherwise complied with the Procedures;

c.  an administrative expense allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (but not, for the avoidance of doubt, claims asserting priority pursuant to section 503(b)(9)[2] of the Bankruptcy Code);

d.  any claim that has been allowed by order of this Court entered on or before the applicable Bar Date;

e.  any claim that has been paid in full or will be paid in full in accordance with the Bankruptcy Code or an order of this Court;

f.  any claim for which a separate deadline has been fixed by an order of this Court entered on or before the applicable Bar Date;

g.  any equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u>, <u>that</u> if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity

---

[2] A claim arising under Bankruptcy Code section 503(b)(9) is a claim arising from the value of any goods received by the Debtors within twenty (20) days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

      interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures set forth herein;

    h.    a claim held by a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, that a current employee must submit a Proof of Claim by the applicable Bar Date for all other claims arising before the Petition Date, including, but not limited to, claims with respect to the Debtors' non-qualified deferred compensation plan or for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

    i.    any claim based on indemnification, contribution, or reimbursement of a current officer, director, or employee of any of the Debtors; and

    j.    any claim held by a Debtor or non-Debtor subsidiary or affiliate against another Debtor.

**The fact that you have received this notice does not mean that you have claim or that the Debtors or the Court believe that you have a claim against the Debtors. You should not file a Proof of Claim if you do not have a claim against any of the Debtors.**

**3.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

Except as otherwise set forth herein, each entity that asserts a claim against the Debtors that arose before the Petition Date **MUST** file a Proof of Claim.

**The following procedures with respect to preparing and filing of Proofs of Claim will apply:**

    a.    Proofs of Claim must conform substantially to either (i) the Proof of Claim Form or (ii) the Official Form 410;[3]

    b.    Proofs of Claim must be filed (i) electronically through the Omni's Proof of Claim website for these cases at https://omniagentsolutions.com/kservicing-claims by following instructions for filing proofs of claim electronically; or (ii) transmitted with the original proof of claim by hand delivery, U.S. Postal Service mail, or overnight delivery to Omni's Claims Processing Center for the Debtors at Kabbage, Inc. d/b/a KServicing, et al. Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.

    c.    Proofs of Claim will be deemed filed only when received by the Omni on or before the applicable Bar Date;

    d.    Proofs of Claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language and (iv) be denominated in United States currency;

    e.    Proofs of Claim must specify by name and case number the Debtor against which the claim is filed. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor. If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor. If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Kabbage, Inc. d/b/a KServicing;

    f.    Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

---

[3] The Official Form 410 can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts. The Proof of Claim Form can be found at https://omniagentsolutions.com/kservicing, the website established by Omni for the Debtors' chapter 11 cases.

4. **CONSEQUENCES OF FAILURE TO TIMELY FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Pursuant to the Bar Date Order and Bankruptcy Rule 3003(c)(2), any holder of a claim who is required to timely file a Proof of Claim on or before the applicable Bar Date as provided herein, but fails to do so, unless ordered otherwise by the Court, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these Chapter 11 Cases on account of such claim.**

5. **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities (collectively, the "**Schedules**"). To determine if and how you are listed in the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the nature, amount, and status of your claim(s). If the enclosed Proof of Claim Form is blank, you are not identified in the Schedules as having a claim against the Debtors. If you believe that any information reflected in the Proof of Claim Form is incorrect or if the Proof of Claim Form includes information that you do not agree with, you may cross out such information and write in what you believe to be the correct information. If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed Proof of Claim Form will reflect the net amount of your claims. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against each Debtor, as listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' Chapter 11 Cases, which is posted (i) on the website established by Omni for the Debtors' cases at https://omniagentsolutions.com/kservicing and (ii) on the Court's website at www.deb.uscourts.gov. (A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access the information on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (Prevailing Eastern Time) Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, DE 19801. Copies of the Debtors' Schedules also may be obtained by written request to the Debtors' claims agent, Omni, at the address and telephone number set forth below:

**Kabbage, Inc. d/b/a KServicing, et al. Claims Processing**

c/o Omni Agent Solutions

5955 De Soto Ave., Suite 100

Woodland Hills, CA 91367

(866) 956-2138 (toll free)

(747) 226-5953 (international)

In the event that the Debtors amend or supplement their Schedules subsequent to date of entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected by such amendment or supplement within fourteen (14) days after filing such amendment or supplement, and such holders must file a Proof of Claim by **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days following the date on which the Debtors serve an applicable claimant with notice of a previously unfiled Schedule or an amendment or supplement to the Schedules**, and such deadline shall be contained in any notice of such amendment or supplement of the Schedules provided to the holders of claims affected thereby.

**6.    RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

> **If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' Claims and Noticing Agent directly at: Kabbage, Inc. d/b/a KServicing, et al. c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; Telephone: (866) 956-2138 (toll free) or (747) 226-5953 (international); or by e-mail at KServicingInquiries@omniagnt.com.**

> **A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated:    Wilmington, Delaware                **BY ORDER OF THE COURT**
          October 26, 2022

| | |
|---|---|
| Ray C. Schrock, P.C. | Daniel J. DeFranceschi |
| Candace M. Arthur | Amanda R. Steele |
| Natasha S. Hwangpo | Zachary I. Shapiro |
| Chase A. Bentley | Matthew P. Milana |
| WEIL, GOTSHAL & MANGES LLP | RICHARDS, LAYTON & FINGER, PA |
| 767 Fifth Avenue | One Rodney Square |
| New York, New York 10153 | 920 N. King Street |
| Telephone: (212) 310-8000 | Wilmington, Delaware 19801 |
| Facsimile: (212) 310-8007 | Telephone: (302) 651-7700 |
| | Facsimile: (302) 651-7701 |
| ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION ||