## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                          :

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **KABBAGE, INC. d/b/a KSERVICING** *et al.*, | : | **Case No. 22-19051 (CTG)** |
| | : | |
| | : | **(Jointly Administered)** |
| **Debtors.**[1] | : | |
| | : | **Re: Docket No. 172** |

---------------------------------------------------------- x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS FOR DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE SETTLEMENT AGREEMENT BETWEEN KSERVICING AND CUSTOMERS BANK

        Kabbage, Inc. d/b/a KServicing (the "**Company**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):[2]

### Relief Requested

        1.      By this Motion, the Debtors seek entry of an order pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related Relief* filed contemporaneously herewith (the "**Settlement Motion**").

District of Delaware (the "**Local Rules**") shortening the notice and objection periods for the Settlement Motion so that such motion may be heard on **November 7, 2022 at 1:00 p.m. (Eastern Time)** (the "**Hearing**"), with responses, if any, to be filed on or before **November 4, 2022 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

2.      A proposed form of order granting the relief requested herein is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Order**").

**<u>Jurisdiction</u>**

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002(a) and 9006, and Local Rule 9006-1.

**<u>Background</u>**

**A.  General Background**

4.      On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession

2

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

5.      The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.      On the Petition Date, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 14] (the "**Plan**").

7.      On October 5, 2022, the Debtors filed the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 63] (the "**Disclosure Statement**") in connection with the Plan.  The hearing on the adequacy of the Disclosure Statement is scheduled for November 21, 2022.

8.      On October 24, 2022, the Debtors filed a motion [Docket No. 143] (the "**Cash Collateral Motion**") seeking the consensual use of cash collateral (the "**Cash Collateral**") in which the Federal Reserve Bank of California (the "**Federal Reserve Bank**") holds an interest. The Cash Collateral Motion is scheduled to be heard at the Hearing.  The Cash Collateral Budget (as defined in the Cash Collateral Motion) is premised on approval of the Settlement Motion and receipt of the Settlement Payment (as defined below).

9.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13] (the "**First Day Declaration**").

3

**B. The Settlement Agreement and Settlement Motion**

10.    On October 27, 2022, the Company and Customers Bank ("**CB**" and, together with the Debtors, the "**Parties**") entered into the Settlement Agreement.

11.    On October 27, 2022, the Debtors filed the Settlement Motion seeking entry of an order approving the Settlement Agreement.

12.    As set forth more fully in the Settlement Motion, the Company and CB are parties to the CB Agreements[3], pursuant to which the Company processed loan applications, originated PPP Loans, and now services those PPP Loans, on behalf of, and in partnership with, CB.

13.    Pursuant to the CB Agreements, the Company earned certain loan referral and servicing fees, approximately $65 million of which remain unpaid and outstanding by CB (collectively, the "**CB Receivable**").

14.    For more than 20 months, the Company has attempted to recover the CB Receivable and, in response, CB has alleged a number of claims against the Company in connection with the Company's performance of servicing obligations under the CB Agreements (collectively, the "**Disputes**").  The Settlement Agreement reflects a comprehensive resolution of the various Disputes between the Parties and will result in (i) the Company recovering $58 million in outstanding fees, with an approximately $23 million cash infusion to the Debtors (the "**Settlement Payment**") shortly upon approval of the Settlement Motion by the Court, (ii) the Debtors receiving a release of potentially significant contingent and unliquidated claims against

---

[3] **CB Agreements**" means, collectively, (i) the CB Processing and Servicing Agreement, dated April 27, 2020, as amended; (ii) the CB Sale and Servicing Agreement, dated February 2, 2021, as amended; and (iii) the CB SaaS Services Agreement, dated April 24, 2020, as amended.

4

the Debtors and their estates, (iii) the Company reaching an agreement with CB with respect to servicing obligations under applicable contracts, and (iv) the Debtors ending the costs and expended resources attendant in protracted negotiations and litigation.[4]

### Relief Requested Should Be Granted

15.     The Court may grant the relief requested herein pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(c).

16.     Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, ". . . all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."   Bankruptcy Rule 2002(a)(3) requires twenty-one (21) days' notice be provided for "the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d) . . . ."  Fed. R. Bankr. P. 2002(a)(3).  Local Rule 9006-1(e) further provides in relevant part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e); *see also* Fed. R. Bankr. P. 9006(c)(1) ("[T]he court for cause shown may in its discretion with or without motion or notice order the period reduced.").  Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).

17.     The Debtors submit that good cause exists to expedite consideration of the Settlement Motion.  As set forth in the Settlement Motion, the Settlement Agreement resolves

---

[4] The summary of the Settlement Agreement herein is qualified in its entirety by the actual terms and provisions thereof, which, for the avoidance of doubt, shall control in the event of any inconsistency between this summary and the Settlement Agreement.

highly contested disputes with one of the Debtors' most significant stakeholders—disputes that have been actively negotiated for nearly two years.  Critically, the Settlement Agreement helps pave the way to a consensual resolution of these Chapter 11 Cases by providing the Debtors with sufficient liquidity to continue winding down their business.  The Settlement Payment will help to ensure that the Debtors avoid an "unfunded transaction" under the Plan, whereby on account of insufficient resources, the Debtors must pursue an expedited chapter 11 timeline, reject their servicing contracts, and move to transfer servicing obligations as soon as possible.  Although the Debtors believe the expedited timeline is a reasonable path forward, the Debtors also acknowledge that a "funded transaction" under the Plan where each of the Debtors' key stakeholders have additional servicing time (throughout the duration of the Chapter 11 Cases) and sufficient wherewithal to prepare for the orderly transfer of their loan portfolios, is beneficial to all, including most importantly the borrowers.  Prompt approval of the Settlement Agreement is necessary to facilitate the Debtors' ability to successfully administer these Chapter 11 Cases on a consensual basis, and to allow the Debtors to service the balance of their loan portfolio through the duration of these Chapter 11 Cases, and resolve potentially sizeable claims alleged by CB.

18.    In addition, as noted above, the Cash Collateral Motion is scheduled to be heard at the Hearing.  Pursuant to the Cash Collateral Motion, the Debtors are seeking to use Cash Collateral to fund the Chapter 11 Cases.  The Debtors believe that the Cash Collateral, together with the Settlement Payment, provide the Debtors with sufficient funding to complete their wind down efforts and administer their assets.  However, the Debtors need *both* the Cash Collateral and the Settlement Payment or they may be forced to pursue the "unfunded transaction."  Accordingly, it is critical that the Motion is granted so that both the Cash Collateral Motion and the Settlement Motion may be heard together at the Hearing.

19.      Finally, an expedited hearing and approval of the Settlement Agreement is mutually beneficial to the Parties, is in the best interests of the Debtors and their stakeholders, and serves to maximize the value of the Debtors' estates.   As noted in the Settlement Motion, the Settlement Agreement is the result of extensive good-faith, arm's-length negotiations between sophisticated parties, each advised by competent and experienced counsel and other professionals, and resolves the Disputes, which have been a source of contention between the Parties for nearly two years.   Resolution will allow the Debtors to avoid litigation of the Disputes, which would undoubtedly prove costly, time-consuming, and distract the Debtors from pursuing a consensual chapter 11 plan.   Avoidance of protracted litigation of the Disputes will provide certainty to the Debtors, and to all of their stakeholders, that the Debtors will no longer be required to use estate resources attempting to recover the CB Receivable or defend against the Disputes.

20.      Importantly, the shortened notice period requested does not prejudice parties in interest.   While the issues underlying the Disputes are certainly complex, the actions to be taken by the Debtors and CB are rather straightforward—in exchange for granting mutual releases of claims arising prior to the Effective Date, the Company agrees to service the CB PPP Loans through March 31, 2022, at the latest, according to an agreed upon servicing plan, and the Debtors will receive a much-needed cash payment of approximately $23 million.   Accordingly, parties in interest will quickly be able to understand the Settlement Motion and the relief sought therein.   In addition, as set forth more fully in the Settlement Motion, the Settlement Agreement clearly meets the standard for approval under Bankruptcy Rule 9019.

21.      For the foregoing reasons, the Debtors respectfully submit that allowing the Settlement Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

## Compliance with Local Rule 9006-1(e)

22.     Prior to filing this Motion, and pursuant to Local Rule 9006-1(e), counsel to the Debtors notified the U.S. Trustee of the relief requested in this Motion.  The U.S. Trustee takes no position with respect to the relief requested in the Motion.  Counsel to the Debtors has also notified counsel to the Federal Reserve Bank and counsel to CB of the relief sought herein, and the foregoing parties do not object to the Court granting such relief.

## Notice

23.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) CB; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors believe that no further notice is required.

## No Prior Request

24.     No previous request for relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 27, 2022
Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
         steele@rlf.com
         shapiro@rlf.com
         milana@rlf.com

*Proposed Attorneys for the Debtors
and Debtors in Possession*

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
E-mail:       ray.schrock@weil.com
              candace.arthur@weil.com
              natasha.hwangpo@weil.com
              chase.bentley@weil.com

*Attorneys for Debtors
and Debtors in Possession*

9