**Exhibit 2**

**Redline**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------- x
:
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (CTG)
:
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------- x Re: Docket Nos. 108 & 162

### ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order (i) authorizing the Debtors to employ and retain Jones Day as special counsel to the Debtors effective as of the Petition Date, and (ii) granting certain related relief, all as more fully set forth in the Application; and upon consideration of the Debtors' Declaration, the Lelling Declaration, the *Supplemental Declaration of Andrew E. Lelling in Support of Debtors' Application to Employ and Retain Jones Day as Special Counsel to the Debtors Effective as of the Petition Date* [Docket No. 162] (the "**Supplemental Declaration**"), and the Disclosure of Compensation; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

States District Court for the District of Delaware, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and this Court having held a hearing ~~,~~ , if necessary, on the Application ~~(the "**Hearing**")~~; and this Court being satisfied based on the representations made in the Application and in the Debtors' Declaration, the Lelling Declaration, the Supplemental Declaration, and the Disclosure of Compensation that Jones Day does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which Jones Day is to be retained as required by section 327(e) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth herein.

2. The Debtors are authorized to employ and retain Jones Day as their special counsel in these Chapter 11 Cases, in accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 on the terms and conditions set forth in the Application and the Engagement Letter, effective as of the Petition Date.

3. Jones Day is authorized to render the professional services set forth in the Application, the Lelling Declaration, and the Engagement Letter, as of the Petition Date.

~~4.   Jones Day shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders or procedures of the Court.~~

4. Jones Day shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 95], and any other applicable procedures and orders of the Court.  Jones Day also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, both in connection with the Application and the interim and final fee applications to be filed by Jones Day in these Chapter 11 Cases.

5. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Jones Day, Jones Day shall not seek reimbursement of expenses for office supplies.

6. Jones Day shall: (a) complete its reconciliation of prepetition fees and expenses actually incurred on behalf of the Debtors for the period prior to the Petition Date no later than the filing of its first interim fee application in the Chapter 11 Cases; (b) make a corresponding adjustment to the amount of the Fee Advance on or about that date, as described in the Application and the exhibits thereto; and (c) disclose such adjustment in its first interim fee application.  Subject to the foregoing adjustment, Jones Day is authorized to hold any remaining amount of the Fee Advance following such reconciliation throughout these Chapter 11 Cases and such amount shall be applied to Jones Day's fees and expenses as may be awarded by final order of this Court and payable to Jones Day on a final basis.

3

7. Jones Day shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are employed by outside agencies that contract with Jones Day to provide services to Jones Day on behalf of the Debtors without prior agreement of the U.S. Trustee or further order of this Court.  Jones Day shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.  For the avoidance of doubt, Jones Day shall not share fees with existing or future contract attorneys who are employed by outside agencies that contract with Jones Day and that advise on the Debtors' Chapter 11 Cases or enter into fee sharing arrangements with such contract attorneys without prior agreement of the U.S. Trustee or further order of this Court.

~~7.~~8. Jones Day shall provide reasonable notice to the Debtors, the Court, the U.S. Trustee and any statutory committee appointed in the**se** Chapter 11 Cases of any annual increases in the rates set forth in the Application.

~~8.~~9. Jones Day shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

~~9.~~10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

~~10.~~11. This Order shall be immediately effective and enforceable upon its entry.

~~11.~~12. To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

~~12.~~13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.