**Exhibit 1**

**Further Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                    :   Case No. 22-10951 (CTG)
                                                             :
                                                             :
            Debtors.[1]                                      :   (Jointly Administered)
                                                             :
                                                             :   Re: Docket Nos. 10, 75
------------------------------------------------------------ x

### FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS AND PAY RELATED OBLIGATIONS AND (II) GRANTING RELATED RELIEF

Upon the motion, dated October 3, 2022 (the "**Original Motion**") of Kabbage, Inc. d/b/a/ KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), and the supplement thereto, dated October 21, 2022 (the "**Supplement**" and collectively with the Original Motion, the "**Motion**")[2] for entry of an order pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) pay the Employee Obligations and (b) maintain, continue to honor, and pay amounts with respect to the Debtors' business practices, programs, and policies for their employees as such were in effect as of the commencement of these Chapter 11 Cases and as such may be modified during the pendency of these Chapter 11 Cases and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Rieger-Paganis Declaration; and this Court having jurisdiction to consider the Motion, and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having entered an order granting the relief requested in the Motion on an interim basis; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code, to (i) pay the prepetition Employee Obligations in an aggregate amount not to exceed, absent further order of this Court, $1,070,800 and any related expenses, fees and costs incident to the foregoing, and (ii) maintain, honor, and continue the Employee Benefit Programs in the ordinary course of business, as summarized in further detail in the chart below:

RLF1 28186866v.1

| Employee Obligations | Final Amount |
|---|---|
| Administration Fees | $1,000 |
| Compensation | $35,000 |
| Employee Bonus Program | $0 |
| Employee Benefit Programs | $22,000 |
| Employer Taxes | $3,000 |
| Deferred 2020 Payroll Tax | $600,000 |
| Reimbursement Programs | $5,000 |
| Contractor Workforce Compensation | $400,000 |
| Employee Leave Benefits | $0 |
| Health and Welfare Benefits | $2,800 |
| Retirement Benefits | $2,000 |
| ***Total*** | **$1,070,800** |

3. Notwithstanding any other provision of this Final Order nothing in this Final Order shall authorize the Debtors to make any payment to, or on behalf of, any Employee or Contractor on account of prepetition wages and other compensation obligations or other prepetition obligations in excess of the statutory caps set forth in sections 507(a)(4) and (5) of the Bankruptcy Code (the "**Statutory Caps**"); *provided*, however that the Debtors are authorized but not directed to pay prepetition obligations on account of one member of the Contractor Workforce in excess of the Statutory Caps (as applicable) as and to the extent set forth in the Supplement.

4. Except as set forth in paragraph 7 of this Final Order, nothing in the Motion or this Final Order shall be deemed to (i) authorize the payment of any amounts in satisfaction of bonus or severance obligations, including but not limited to the KERP program or the Employee

3

Bonus Program, or which are subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any obligations to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code) of the Debtors or any non-Debtor affiliates or violate or permit a violation of section 503(c) of the Bankruptcy Code; or (ii) authorize the Debtors to cash out unpaid vacation or leave time except upon termination of an employee, if applicable state law requires such payment.

5. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

6. The Debtors are authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

7. The Debtors are authorized, but not directed, to honor bonuses to one (1) eligible Employee pursuant to the Employee Bonus Program, in an amount not to exceed $20,000.

8. The Debtors are authorized, but not directed, to continue to retain and pay the Contractor Workforce through the Employment Vendors in the ordinary course of business as provided for in the Motion. For the avoidance of doubt, nothing in this Final Order authorizes the Debtors to retain and pay any professional, executive officer or director in violation of sections 327, 328 or 363 of the Bankruptcy Code.

9. Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

10. Nothing in this Final Order shall implicitly or expressly approve or sanction any current or prospective incentive bonus, key employee incentive or retention program, or any payment having been made in relation to or pursuant thereto.

11. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

12. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Final Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.