**Exhibit 2**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **KABBAGE INC. d/b/a KSERVICING, *et al.*,** | : | Case No. 22-10951 (CTG) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | : | Ref. Docket No. 12 **& 78** |
------------------------------------------------------------ x

**<u>SECOND</u> INTERIM ORDER (I) AUTHORIZING (A) DEBTORS TO CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS, (B) IMPLEMENT CHANGES TO CASH MANAGEMENT IN THE ORDINARY COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated October 3, 2022 (the "**Motion**"),[2] of Kabbage, Inc. d/b/a/ KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105, 345, and 363 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2 (a) authorizing the Debtors to (i) continue using their existing Cash Management System and business forms and (ii) honor certain obligations related to the Cash Management System, (b) extending the time to comply with certain requirements of section 345(b) of the Bankruptcy Code, and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Rieger-Paganis Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a/ KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

*Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and having entered an initial interim order approving the Motion on October 6, 2022 [Docket No. 78] (the "**Initial Interim Order**"); and this Court having held a hearing to consider the interim relief requested in the Motion~~; and all objections~~ on October 6, ~~if any, to the Motion having been withdrawn, resolved, or overruled~~2022 (the "**Interim Hearing**"); and upon the record of the ~~hearing~~Interim Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and ~~it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and~~ upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted on ~~an~~ a further interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363 of the Bankruptcy Code to continue to manage their cash pursuant to the Cash Management System maintained prior to the Petition Date, to collect, concentrate, and disburse cash in accordance with the Cash Management System and to make ordinary course changes to their Cash Management System, absent further order of this Court, as consistent with this Order

(this "**Second** Interim Order").[3]

3.  The Debtors are ~~further~~ authorized, but not directed, to (i) designate, maintain, and continue to use their existing Bank Accounts, in the names and with the account numbers existing immediately before the Petition Date, (ii) deposit funds in, and withdraw funds from, such Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, and other debits; except to the extent the Reserve Bank directs the Debtors to segregate proceeds of the PPPLF Collateral into a custodial account, (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, (iv) otherwise perform their obligations under the documents governing the Bank Accounts, and (v) treat their prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

4.  The Debtors are authorized to pay all service charges for the maintenance of the Cash Management System owed to any Bank, including any Bank Fees incurred in the ordinary course of business, whether arising before or after the Petition Date.

5.  Notwithstanding any other provision in this Second Interim Order, should a Bank honor a prepetition check or other item drawn on any account that is the subject of this Second Interim Order (i) at the direction of the Debtors to honor such prepetition check or item or (ii) in good faith belief that this Court has authorized such prepetition check or item to be honored, the Bank shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise be in violation of this Second Interim Order.  Without limiting the foregoing, the Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by a Debtor prior to the Petition Date should be honored pursuant to this or any

---

[3] Notwithstanding the foregoing, no change shall be made to the management of the PPPLF Loans payments and account without prior written consent by the Reserve Bank, absent entry of an order of the Court after notice and an opportunity to be heard.

other order of this Court, and shall not have any liability to any party for relying on such representations by a Debtor as provided for herein.

6. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to payment of the obligations described in the Motion, to the extent that sufficient funds are on deposit and standing in the Debtors' credit in the applicable Bank Account to cover such payments.

7. Nothing contained herein shall prevent the Debtors from closing any of their Bank Account(s) in the ordinary course of business and in accordance with prepetition practices as they may deem necessary and appropriate. The Banks are authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall give notice of the closure of any such Bank Account to the U.S. Trustee and any statutory committee within 15 days of such closure.

8. The Debtors are authorized to open any new Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided*, *however*, that the Debtors give notice within 15 days of opening such new account to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases; *provided*, *further*, that the Debtors shall open any new Bank Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee or at a bank that is willing to immediately execute such an agreement except to the extent that such new Bank Account must be opened at a correspondent bank in order to continue to maintain a correspondent bank account as required by the Reserve Bank.

9. ~~For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within 15 days of the date of entry of this Interim Order the Debtors shall (i) contact each Bank, (ii) provide the Bank with each of the~~

4

~~Debtors' employer identification numbers, and (iii) identify each of their Bank Accounts held at such Bank as being held by a debtor in possession.~~

9. ~~10.~~ The Debtors are authorized to continue the Corporate Credit Card Program in the ordinary course, to perform their obligations under the Corporate Credit Card Program, and to pay outstanding prepetition expenses arising thereunder.

10. ~~11.~~ The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records.

11. ~~12.~~ The Debtors are authorized to use their business forms, including checks, without alteration and without the designation "debtor in possession" imprinted upon them; *provided, that,* once the Debtors' existing check stock has been used, the Debtors shall use reasonable efforts, when reordering checks, to include the designation "Debtor in Possession" and the jointly administered bankruptcy case number on such checks~~; *provided, further,* that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall, when printing checks, include the "Debtor in Possession" legend and the jointly administered bankruptcy case number on such checks within 10 business days of the date of entry of this Interim Order~~.

12. ~~13.~~ The Debtors are authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this <u>Second</u> Interim Order or any other order of this Court.

13. ~~14.~~ For Banks at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith

5

efforts to cause the Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within 30 days of entry of ~~this~~ the Initial Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

14. ~~15.~~The requirements provided in section 345(b) of the Bankruptcy Code are hereby suspended as to the Bank Accounts ~~for an interim period of 45 days, without prejudice to the Debtors' rights to seek a further suspension~~through and including December 1, 2022 (the "**Section 345 Deadline**"). The Section 345 Deadline may be further extended by agreement of the U.S. Trustee and the Debtors without further order of the Court or, in the absence of such agreement, entry of an order further extending such deadline.

15. ~~16.~~The Debtors are authorized to continue all efforts related to replacement of the Primis Account in the ordinary course as they had commenced prior to the Petition Date without need for any further order or authority from this Court.

16. ~~17.~~The Debtors are authorized to continue all efforts related to processing of the SBA Direct-Reserve Payments in the ordinary course as they had done prior to the Petition Date without need for any further order or authority from this Court.

17. ~~18.~~Notwithstanding the historical nature of the remittance of proceeds by the Debtors, nothing herein shall limit the Debtors' duty to remit the full amount of proceeds of the PPPLF Loans constituting PPPLF Collateral to the Reserve Bank, which is governed by the PPPLF Program Agreements; provided, that the Debtors reserve their rights with respect to whether certain proceeds constitute PPPLF Collateral and all rights and defenses thereto are preserved, solely to the extent provided in any order approving the *Motion of Debtors for Entry of*

*Order (I) Authorizing Debtors' Limited Use of Cash Collateral, (II) Granting Adequate Protection to Secured Lender, (III) Modifying Automatic Stay, and (IV) Granting Related Relief* [Docket No. 143].

18.    ~~19.~~Notwithstanding historical practices, the Debtors will segregate all proceeds of the PPPLF Loans that constitute PPPLF Collateral that the Debtors receive in the Synovus Servicing Account for the sole benefit of the Reserve Bank; *provided*, that to extent that the Company receives any borrower collections on account of KS PPP Loans through the Synovus Servicing Account such funds shall be promptly segregated from any proceeds of the PPPLF Collateral.

19.    ~~20.~~Despite the use of a consolidated cash management system, the Debtors shall calculate quarterly fees under section 28 U.S.C. section 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

~~21.    The requirements of Bankruptcy Rule 6003(b) have been satisfied.~~

20.    ~~22.~~Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

21.    ~~23.~~Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Second Interim Order shall be immediately effective and enforceable upon its entry.

22.    ~~24.~~The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Second Interim Order.

23.    ~~25.~~This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Further Interim Order.

24.    ~~26.~~The Final Hearing to consider the relief requested in the Motion shall be held on **November ~~7~~21, 2022, at 1:00 p.m. (Prevailing Eastern Time)**, and any objections or

8

responses to the Motion shall be in writing, filed with the Court, and served on or prior to **October 31, 2022 at 4:00 p.m. (Prevailing Eastern Time)** ~~.~~ (as such deadline may be extended by the Debtors).