# Exhibit 1

## Procedures

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, | : | Case No. 22-10951 (CTG) |
| | : | |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES REGARDING
OWNERSHIP AND TRANSFERS OF INTERESTS IN THE DEBTORS**

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors* (the "**Final Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 2022, Docket No. No. [\_\_\_\_], the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock).[2]

**A.     Common Stock Restrictions**

(1)     <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

(a)     "**Common Stock**" shall mean any common stock issued by Kabbage, Inc. d/b/a KServicing. For the avoidance of doubt, by operation of the definition of Beneficial Ownership,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Final Order.

an owner of an Option to acquire Common Stock may be treated as the owner of such Common Stock.

(b) "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(c) "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**"), rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(d) "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(e) "**Substantial Stockholder**" shall mean any Entity or person that beneficially owns at least 1,848,370[3] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).

(2) Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with this Court and serve via first class mail and email or fax (if applicable) upon (i) the Debtors, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309 (Attn: David Walker (dwalker@kservicecorp.com) and Holly Loiseau (hloiseau@kservicecorp.com)); (ii) proposed attorneys for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Natasha S. Hwangpo (natasha.hwangpo@weil.com) and Chase A. Bentley (chase.bentley@weil.com)); and (y) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Amanda R. Steele (steele@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com)); and (iii) attorneys for any statutory committee of unsecured creditors appointed in this case (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or

---

[3] As of the Petition Date, there were 38,913,048 shares of common stock outstanding.

2

(y) ten (10) business days after such person or Entity qualifies as a Substantial Stockholder. At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Substantial Stockholder's taxpayer identification number and any person or Entity (other than the Debtors) required to file a Substantial Stock Ownership Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Substantial Stockholder beneficially owns.

(3) Acquisition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly or indirectly, and including the grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such acquiring or increasing person or Entity or Substantial Stockholder (a "**Proposed Transferee**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Proposed Transferee's taxpayer identification number and any person or Entity (other than the Debtors) required to file an Acquisition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferee beneficially owns or that such person or Entity plans to acquire or purchase.

(4) Disposition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person or Entity or Substantial Stockholder (a "**Proposed Transferor**") shall file with this Court and serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer its beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude all but the last four (4) digits of the Proposed Transferor's taxpayer identification number and any person or Entity (other than the Debtors) required to file a

Disposition Notice(s), pursuant to these Procedures, may, but is not required to, exclude the amount of Common Stock that the Proposed Transferor beneficially owns or that such person or Entity plans to dispose of or transfer.

(5) <u>Certain Pre-Approval Exceptions</u>.  For the avoidance of doubt, a pre-transfer Trading Notice is not required to be filed in connection with a transfer of beneficial ownership of Common Stock (i) from a person to an entity that is disregarded for U.S. federal income tax purposes as being separate from the person (a "**Disregarded Entity**"), or from such Disregarded Entity to such person; (ii) from a person to a trust whose assets are treated as being solely owned by such person for U.S. federal income tax purposes (a "**Grantor Trust**"), or from such Grantor Trust to such person; (iii) from a Disregarded Entity to any one or more other Disregarded Entities or Grantor Trusts if the same person is treated as the owner or taxpayer with respect to all of the assets of such Disregarded Entities or Grantor Trusts for U.S. federal income tax purposes; and (iv) from a Grantor Trust to any one or more other Grantor Trusts or Disregarded Entities if the same person is treated as the owner or taxpayer with respect to all of the assets of such Grantor Trusts and Disregarded Entities for U.S. federal income tax purposes.  However, in the event of any such transfer for which a Trading Notice would otherwise have been required if the Disregarded Entities or Grantor Trusts involved had not been so disregarded for U.S. federal income tax purposes, that transferor or transferee shall no more than twenty (20) business days after the date of transfer serve via first class mail and email or fax (if applicable) upon the Disclosure Parties a notice substantially similar to the equivalent Trading Notice (a "**Disregarded Transfer Notice**"); however, absent gross negligence or reckless or intentional disregard, the failure to timely file such notice shall not be subject to sanctions.

(6) <u>Objection Procedures</u>.  The Debtors shall have ten (10) business days after the filing of a Trading Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, approving the Proposed Transaction prior to the Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the applicable Trading Notice.  Any further Proposed Transaction must be the subject of an additional Trading Notice and Objection Period.

B.  **<u>Noncompliance with the Procedures.</u>**

Any acquisition, disposition, or trading in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of these Procedures shall be null and void *ab initio* pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.  Furthermore, any person or Entity that acquires,

disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of these Procedures shall be subject to sanctions as provided by law.

C.    **Debtors' Right to Waive.**

**The Debtors may, in their sole discretion, waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated:   Wilmington, Delaware                    **BY ORDER OF THE COURT**
         _____, 2022