UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re | Chapter 11 |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, | Case No. 22-10951 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket Nos. 107 & 177 |

**ORDER AUTHORIZING DEBTORS TO
EMPLOY AND RETAIN GREENBERG TRAURIG, LLP
AS SPECIAL COUNSEL TO THE BOARD OF DIRECTORS OF
KABBAGE, INC. D/B/A KSERVICING EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order (i) authorizing the Debtors to employ and retain Greenberg Traurig as special counsel to the Board, effective as of the Petition Date, to advise the Board on the exercise of its duties and responsibilities and to perform such other services as the Board may require; (ii) directing that copies of all notices, pleadings, and other documents filed in these Chapter 11 Cases and any and all related adversary proceedings be served upon Greenberg Traurig, as special counsel to the Board; and (iii) granting related relief, all as more fully set forth in the Application; and upon consideration of the Kurzweil Declaration and the *Supplemental Declaration of David B. Kurzweil of Greenberg Traurig, LLP* [Docket No. 177] (the "**Supplemental Declaration**"); and the Court having jurisdiction over this matter pursuant to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

RLF1 28187118v.1

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and this Court being satisfied based on the representations made in the Application, the Kurzweil Declaration, and the Supplemental Declaration that Greenberg Traurig does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which Greenberg Traurig is to be retained as required by section 327(e) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth herein.

2. The Debtors are authorized pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rule 2014-1 and 2016-1, to retain and employ Greenberg Traurig as special counsel to the Board of Directors of Kabbage, Inc. d/b/a KServicing (the "**Board**") in the above-captioned Chapter 11 Cases upon the terms and conditions as set forth in the Application effective as of the Petition Date.

3. Greenberg Traurig shall be compensated in accordance with the procedures set forth in the Application, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further Orders of this Court.

4. Greenberg Traurig shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5. Greenberg Traurig shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are employed by outside agencies that contract with Greenberg Traurig to provide services to Greenberg Traurig on behalf of the Debtors without prior agreement of the U.S. Trustee or further order of this Court. Greenberg Traurig shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules. For the avoidance of doubt, Greenberg Traurig shall not share fees with existing or future contract attorneys who are employed by outside agencies that contract with Greenberg Traurig and that advise on the Debtors' Chapter 11 Cases or enter into fee sharing arrangements with such contract attorneys without prior agreement of the U.S. Trustee or further order of this Court.

6. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Board's retention of Greenberg Traurig, Greenberg Traurig shall not seek reimbursement of expenses for office supplies.

7. Greenberg Traurig will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines in connection with this Application and any interim and final fee applications to be filed by Greenberg Traurig in these Chapter 11 Cases.

8. Any Retainer Balance shall be held by Greenberg Traurig throughout these Chapter 11 Cases and shall be applied to Greenberg Traurig's fees and expenses as may be awarded by final order of this Court and payable to Greenberg Traurig.

9. Greenberg Traurig shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee of unsecured creditors appointed in these Chapter 11 Cases before any increases to the rates set forth in the Application are implemented and shall file such notice on the docket of the Chapter 11 Cases. The Court retains the right to review any rate increase by Greenberg Traurig under section 330 of the Bankruptcy Code.

10. Greenberg Traurig shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12. In the event of any inconsistency between the Application, the Kurzweil Declaration, the Supplemental Declaration, and this Order, this Order shall govern.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: November 2nd, 2022
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

RLF1 28187118v.1