IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
                                                                      :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, | : | Case No. 22–10951 (CTG) |
| Debtors.[1] | : | (Jointly Administered) |
| | : | Re: Docket Nos. 172, 206 & 213 |

------------------------------------------------------------- x

**DEBTORS' MOTION FOR LEAVE TO FILE DEBTORS' REPLY IN SUPPORT
OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
AND APPROVING THE SETTLEMENT AGREEMENT BETWEEN
KSERVICING AND CUSTOMERS BANK AND (II) GRANTING RELATED RELIEF**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully move and represent as follows in support of this motion for leave (the "**Motion for Leave**"):

**Relief Requested**

1. By this Motion for Leave, the Debtors seek entry of an order, pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to file their reply [Docket No. 213] (the "**Reply**"), filed contemporaneously herewith, in support of the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related Relief* [Docket No. 172] (the "**9019 Motion**") and to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

RLF1 28196619V.4

address issues raised by Cross River Bank ("**CRB**") in its objection to the 9019 Motion [Docket No. 206] (the "**Objection**").

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction and Venue

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion for Leave to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

A. General Background

4. On October 3, 2022, the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**" and such cases commenced thereunder, the "**Chapter 11 Cases**"). The Debtors are authorized to continue operating their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

5. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Robert Richard in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13].

B. **Specific Background**

7. On October 27, 2022, the Debtors filed the 9019 Motion seeking approval of, among other things, a settlement between the Debtors and Customers Bank. On October 28, 2022, the Debtors filed a related motion to shorten the notice and objection periods for the 9019 Motion [Docket No. 173] (the "**Motion to Shorten**"), and the Court entered an order granting the Motion to Shorten [Docket No. 174] (the "**Order Shortening Notice**"). The Order Shortening Notice set the deadline for parties to file responses or objections to the relief requested in the 9019 Motion, if any, for November 4, 2022 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"), and a hearing date on the 9019 Motion for November 7, 2022 at 1:00 p.m. (prevailing Eastern Time) (the "**Hearing**").

8. Prior to the Objection Deadline, CRB filed the Objection.

9. On November 4, 2022, the Debtors filed an amended agenda, which provided that "The Debtors intend to file a declaration in support of the [M]otion and a reply to the [O]bjection of CRB in advance of the [H]earing."

## Relief Requested Should Be Granted

10. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). The agenda for the Hearing was due by 12:00 p.m. (prevailing Eastern Time) on November 3, 2022. Accordingly, pursuant to Local Rule 9006-1(d), the deadline to file the Reply was 4:00 p.m. (prevailing Eastern Time) on November 2, 2022 (the "**Reply Deadline**"). As a

3

result, absent leave of the Court, the Debtors would be unable to file the Reply and the Court would be denied the opportunity to review the Reply to the Objection in advance of the Hearing.

11. The Debtors submit that cause exists to grant the relief requested by the Motion for Leave and approve an extension of the time by which to file the Reply under Local Rule 9006-1(d). As described above, the Order Shortening Notice set the Objection Deadline for November 4, 2022 at 4:00 p.m. (prevailing Eastern Time), which was two days after the Reply Deadline, in an effort to provide parties in interest with as much time as possible to review and respond to the 9019 Motion. As a result, it was simply not possible to file any reply to the Objection by the Reply Deadline.

12. The Debtors' opportunity to file the Reply should not be foreclosed as a result of the Debtors' willingness to set the Objection Deadline for all parties in interest at a date and time beyond which the Debtors were required to file a reply. The sole Objection raises legal and factual issues, and the Reply will provide the Court and all parties in interest with critical information and arguments relevant to the relief requested by the 9019 Motion. The Court's consideration of the Reply will help streamline argument at the Hearing and otherwise assist the Court in deciding the merits of the 9019 Motion and the Objection. Further, permitting the Debtors to file their Reply after the Reply Deadline will not prejudice any parties in interest, as parties will now have an opportunity to review the Reply in advance of the Hearing rather than hearing the arguments therein for the first time.

## Notice

13. Notice of this Motion for Leave will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade

Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors believe that no further notice is required.

## No Prior Request

14. No prior request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of this page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 6, 2022
      Wilmington, Delaware

*/s/ Matthew P. Milana*
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
        steele@rlf.com
        shapiro@rlf.com
        milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
E-mail:   ray.schrock@weil.com
        candace.arthur@weil.com
        natasha.hwangpo@weil.com
        chase.bentley@weil.com

*Attorneys for Debtors and Debtors in Possession*