UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------- x
: 
In re : Chapter 11
: 
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22–10951 (CTG)
: 
: 
Debtors.[1] : **(Jointly Administered)**
: Re: Docket Nos. 172, 206, 211 & 213
---------------------------------------------------------- x

### ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT AGREEMENT BETWEEN KSERVICING AND CUSTOMERS BANK AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**"),[2] of Kabbage, Inc. d/b/a KServicing (the "**Company**") and its debtor affiliates, as debtors and debtors in possession in the chapter 11 cases (collectively, the "**Debtors**"), requesting entry of an order (i) authorizing entry into and approval of the Settlement Agreement, between the Company and CB (together, the "**Parties**"), substantially in the form attached hereto as **Exhibit 1**, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. 157(a)–(b) and 1334(b); and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing on November 7, 2022 (the "**Hearing**") where it considered the relief requested in the Motion and *Cross River Bank's Objection to Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related Relief* [Docket No. 206] (the "**Objection**"), the *Debtors' Reply in Support of Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related Relief* [Docket No. 213], the First Day Declaration, the *Declaration of Laquisha Milner in Support of Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related Relief* [Docket No. 211] and the statements of counsel and the evidence adduced with respect to the Motion at the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED and the Objection is OVERRULED for the reasons set forth on the record at the Hearing.

    2.    The Company is hereby authorized to enter into the Settlement Agreement.

    3.    The Company is hereby authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement

3

the Settlement Agreement in accordance with the terms, conditions, and agreements set forth in the Settlement Agreement, including entry into the Settlement Agreement, all of which are hereby approved.

4. The requirements of Bankruptcy Rule 6004(a) are waived.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtors and CB are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: November 9th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**