# Exhibit 1

## Revised Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11
                                                              :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                     :    Case No. 22-10951 (CTG)
                                                              :
Debtors.[1]                                                   :    (Jointly Administered)
                                                              :
                                                              :    Re: Docket No. 258
------------------------------------------------------------- x

### ORDER (I) AUTHORIZING DEBTORS TO EMPLOY AND RETAIN PHOENIX EXECUTIVE SERVICES, LLC TO PROVIDE A CHIEF FINANCIAL OFFICER AND (II) DESIGNATING MARC SULLIVAN AS DEBTORS' CHIEF FINANCIAL OFFICER, EFFECTIVE AS OF OCTOBER 24, 2022

Upon the motion (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, for entry of an order (i) authorizing the Debtors to employ and retain Phoenix to provide the Debtors with a CFO and (ii) designating Marc Sullivan as CFO to the Debtors, in each case, effective as of October 24, 2022, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A).  Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held to consider the relief requested in the Motion; and upon consideration of the Sullivan Declaration, annexed to the Motion as Exhibit C; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Phoenix to provide the Debtors with Marc Sullivan as CFO, effective as of October 24, 2022, on the terms set forth in the Motion and the Engagement Letter, except as those terms are modified herein. The terms below apply notwithstanding anything to the contrary in the Motion, the Sullivan Declaration, or the Engagement Letter:

   a. Phoenix and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these Chapter 11 Cases;

   b. Phoenix shall file with the Court, and provide copies to the U.S. Trustee and any official committee(s) appointed in these Chapter 11 Cases, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall be filed on or after the 24th day of each month and contain summary charts, which describe the services provided, identify the compensation earned by Mr. Sullivan and other personnel (if any) for services provided, and itemize the expenses incurred. The reports shall also include staffing on the Engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned (if any). Time records shall (i) be appended to the reports, (ii) contain a breakdown of hours worked and rates charged according to defined project categories, and (iii) be organized by project category. Mr. Sullivan will be

       compensated by the fixed Monthly Fee, however, the time entries shall identify the time spent on each project category in half (0.5) hour increments and the corresponding charge (time multiplied by hourly rate) for each task as if Mr. Sullivan's hourly rate were to be applied. Parties in interest shall have fourteen (14) days after the date each report is served to object to such report. In the event an objection is raised and not consensually resolved, the portion of the report to which an objection is raised shall be subject to review by the Court. Upon receipt of any objection, the Debtors shall deduct an amount equal to the objected to amount from the next payment(s) to Phoenix until such objection is resolved, either consensually or by Court order;

c. In the event the Debtors seek to have Phoenix personnel, including Mr. Sullivan, assume executive officer positions that are different than the position disclosed in the Motion, or to materially change the terms of the Engagement by (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the Engagement, a motion to modify the retention shall be filed;

d. No principal, employees, or independent contractor of Phoenix and its affiliates shall serve as a director of any of the Debtors during the pendency of these Chapter 11 Cases;

e. The Debtors are permitted to indemnify Mr. Sullivan on the best available terms provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, in addition to insurance coverage under the Debtors' director and officer insurance policies, to the extent applicable;

f. There shall be no indemnification of Phoenix or its affiliates;

g. For the avoidance of doubt, Phoenix does not seek payment of a success fee, transaction fee, or other back-end fee for services in these Chapter 11 Cases; however, any such success fees, transaction fees, or other back-end fees agreed to by Phoenix and the Debtors shall be approved by the Court at the conclusion of these Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee, or back-end fee shall be sought upon conversion of these Chapter 11 Cases, dismissal of these Chapter 11 Cases for cause, or appointment of a trustee;

h. For a period of three years after the conclusion of the Engagement, neither Phoenix nor any of its affiliates shall make any investments in the Debtors or Reorganized Debtors (if applicable);

i. Phoenix shall disclose any and all facts that may have a bearing on whether Phoenix, its affiliates, and/or Mr. Sullivan or any other individuals (if any)

    working on the Engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. If any new parties are provided to Phoenix in connection therewith or Phoenix discovers new material relevant facts or relationships, Phoenix will promptly file a supplemental declaration. The obligation in this subparagraph is a continuing obligation;

 j. During the course of these Chapter 11 Cases, Phoenix and Mr. Sullivan shall have whatever fiduciary duty is imposed upon them by applicable law;

 k. To the extent that any services are to be performed by any affiliate of Phoenix, that affiliate shall promptly file appropriate disclosures regarding any connections they may have with parties in interest in these Chapter 11 Cases, as well as disclosures regarding their disinterestedness. To the extent that Phoenix uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these Chapter 11 Cases, Phoenix shall (i) pass through the cost of such Contractors to the Debtors at the same rate that Phoenix pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Phoenix; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractors; and

 l. The limitation of liability and contribution provision of the Engagement Letter are of no force and effect during the pendency of these Chapter 11 Cases.

3. The Debtors are authorized to pay Phoenix in such amounts and at such times as is provided in the Engagement Letter subject paragraph 2(b) above.

4. Phoenix is entitled to reimbursement of actual and necessary expenses pursuant to the terms of the Engagement Letter and this Order; *provided, however*, that Phoenix shall not seek reimbursement of any fees incurred defending any of Phoenix's fee applications or compensation reports in these Chapter 11 Cases.

5. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

6. This Order shall be immediately effective and enforceable upon its entry.

4

7. To the extent there is inconsistency between the terms of the Engagement Letter, the Motion, the Sullivan Declaration, and this Order, the terms of this Order shall govern.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.