## UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF DELAWARE

--------------------------------------------------------- x
In re                                    :   **Chapter 11**

**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,    :   **Case No. 22-10951 (CTG)**

                                           :   **(Jointly Administered)**

                                     :   Hearing Date: January 6, 2023 at 10:00 a.m. (ET)

                    Debtors.[1]          :   Obj. Deadline: December 23, 2022 at 4:00 p.m. (ET)

--------------------------------------------------------- x   Re: Docket Nos. 340, 341, 342, 343 & 344

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN
## <u>EXHIBITS TO THE DECLARATIONS IN SUPPORT OF MOTION TO ENFORCE</u>

        Kabbage, Inc. d/b/a KServicing (the "**Company**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### <u>Relief Requested</u>

        1.        By this Motion, the Debtors request, pursuant to sections 105 and 107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), entry of an order authorizing the Debtors to file under seal the Confidential Information (as defined below) contained in certain of the exhibits (the "**Exhibits**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

attached to (i) the *Declaration of Tamica M. Williams in Support of Motion of Debtors for Entry of an Order Enforcing the Settlement Order and the Settlement Agreement Between KServicing and Customers Bank* [Docket No. 341] (the "**Williams Declaration**") and (ii) the *Declaration of Donna R. Evans in Support of Motion of Debtors for Entry of an Order Enforcing the Settlement Order and the Settlement Agreement Between KServicing and Customers Bank* [Docket No. 342] (the "**Evans Declaration**" and together with the Williams Declaration, the "**Declarations**"), which were filed under seal.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Jurisdiction**

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

A.      **General Background**

4.      On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Debtors are authorized to continue to operate their business as debtors

- 2 -

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5.      Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

6.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13].

**B.      Specific Background**

7.      On October 27, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related Relief* [Docket No. 172] (the "**9019 Motion**"), seeking approval of a settlement agreement (the "**Settlement Agreement**") between the Company and Customers Bank ("**CB**").

8.      On November 9, 2022, the Court entered an order approving the relief requested in the 9019 Motion [Docket No. 232] (the "**Settlement Order**").

9.      On December 7, 2022, the Debtors filed the *Motion of Debtors for Entry of an Order Enforcing the Settlement Order and the Settlement Agreement Between KServicing and Customers Bank* [Docket No. 340] (the "**Motion to Enforce**"), seeking to, among other things, enforce the Settlement Order and the Settlement Agreement.  In addition, the Debtors filed the Declarations in support of the Motion to Enforce.

10.     Exhibits 2, 3, and 4 to the Williams Declaration and Exhibit 7 to the Evans Declaration contain commercial information, including the Company's and CB's bank account

- 3 -

information, and personally identifiable information related to certain of the Debtors' borrowers (the "**Borrowers**," and the sensitive information discussed in this paragraph, the "**Confidential Information**"). As a result, the Debtors have filed this Motion seeking authority to (i) file the Confidential Information under seal and (ii) file versions of the Declarations redacting the Confidential Information contained in the Exhibits.

## Basis for Relief

11.    Sections 105(a) and 107 of the Bankruptcy Code allow the Court to authorize parties to file confidential information under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12.    Section 107(b)(1) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

13.    In addition, section 107(c)(1)(A) provides bankruptcy courts with the power to protect individuals from potentially harmful disclosures:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this

title.

11 U.S.C. § 107(c)(1)(A).

14.     Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

15.     Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.,* 21 F.3d at 28. Nor does such require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

16.     Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once established that

- 5 -

the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure.  *See Global Crossing Ltd.*, 295 B.R. at 725.

17.     The Debtors submit that sufficient cause exists for the Court to grant the relief requested herein.  As set forth above, certain of the Exhibits contain the bank account information of both the Company and CB and the disclosure of such account information may adversely affect the Debtors and/or CB.  Accordingly, the Debtors submit such Confidential Information falls within the scope of "confidential information" that must be protected pursuant to section 107(b)(1).

18.     In addition, certain Exhibits contain personal information related to PPP loans serviced by the Debtors, including the names of Borrowers and the status of the Borrowers' loans.  The Debtors believe that disclosure of such information could cause unnecessary harm to the individual Borrowers.

19.     In light of the foregoing, the Debtors submit that the Confidential Information falls within the scope of "confidential", "commercial" and "personal" information that must be protected pursuant to section 107 of the Bankruptcy Code.  Accordingly, the Debtors respectfully request that the Court authorize the Debtors to (i) file the Confidential Information under seal and (ii) file versions of the Declarations redacting the Confidential Information contained in the Exhibits.

## Compliance with Local Rule 9018-1(d)

20.     To the best of the knowledge, information, and belief of the undersigned counsel to the Debtors, the Confidential Information that the Debtors are requesting to seal pursuant to the relief requested in this Motion (other than the Debtors' bank account information)

- 6 -

contains information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).  Prior to filing this Motion, counsel to the Debtors contacted counsel to CB regarding the relief requested herein and understands that CB does not oppose the requested relief.

21.    Due to the large number of Borrowers whose Confidential Information may be included in the Exhibits, the Debtors believe it is futile and/or impractical for them to confer with such Borrowers regarding the relief requested herein prior to the filing of this Motion.

### Notice

22.    Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) CB; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors believe that no further notice is required.

*[Remainder of page intentionally left blank]*

- 7 -

WHEREFORE, the Debtors request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.


Dated:  December 9, 2022
        Wilmington, Delaware

/s/ Matthew P. Milana
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
          steele@rlf.com
          shapiro@rlf.com
          milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
E-mail:      ray.schrock@weil.com
             candace.arthur@weil.com
             natasha.hwangpo@weil.com
             chase.bentley@weil.com

*Attorneys for Debtors and Debtors in Possession*

RLF1 28328895v.1