**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                                           :
In re                                                      :    Chapter 11
                                                           :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                  :    Case No. 22-10951 (CTG)
                                                           :
                                                           :
            Debtors.[1]                                    :    (Jointly Administered)
                                                           :
---------------------------------------------------------- x    Obj. Deadline: January 19, 2023 at 4:00 p.m. (ET)

**SUMMARY OF SECOND MONTHLY FEE STATEMENT OF WEIL, GOTSHAL & MANGES LLP FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD NOVEMBER 1, 2022 THROUGH NOVEMBER 30, 2022**

| | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 21, 2022 effective as of October 3, 2022 |
| Period for which compensation and reimbursement are sought: | November 1, 2022 through November 30, 2022 |
| Amount of compensation sought as actual, reasonable, and necessary: | $1,215,737.80 (80% of $1,519,672.25) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $11,087.84 |

This is a(n):  X  monthly ___ interim ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

WEIL 98952367V.8

## COMPENSATION BY PROFESSIONAL
## NOVEMBER 1, 2022 THROUGH NOVEMBER 30, 2022

The attorneys who rendered professional services in these chapter 11 cases from November 1, 2022 through November 30, 2022 (the "**Fee Period**") are:

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | YEAR ADMITTED[1] | HOURLY BILLING RATE[2] | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Slack, Richard W. | Partner | Litigation | 1987 | $1,495.00 | 78.40 | $117,208.00 |
| Slack, Richard W. | Partner | Litigation | 1987 | $747.50† | 2.70 | $2,018.25 |
| Tsekerides, Theodore E. | Partner | Litigation | 1994 | $1,395.00 | 44.90 | $62,635.50 |
| Schrock, Ray C. | Partner | Restructuring | 1998 | $1,950.00 | 5.00 | $9,750.00 |
| Arthur, Candace | Partner | Restructuring | 2010 | $1,495.00 | 105.80 | $158,171.00 |
| Hwangpo, Natasha | Partner | Restructuring | 2014 | $1,395.00 | 165.10 | $230,314.50 |
| Hwangpo, Natasha | Partner | Restructuring | 2014 | $697.50† | 3.00 | 2,092.50 |
| Margolis, Steven M. | Counsel | Tax | 1990 | $1,300.00 | 5.20 | $6,760.00 |
| Bonk, Cameron Mae | Counsel | Litigation | 2016 | $1,250.00 | 86.00 | $107,500.00 |
| Friedman, Julie T. | Associate | Restructuring | 2003 | $695.00 | 13.40 | $9,313.00 |
| Ruocco, Elizabeth A. | Associate | Restructuring | 2017 | $1,165.00 | 111.90 | $130,363.50 |
| Bentley, Chase A. | Associate | Restructuring | 2018 | $1,200.00 | 178.80 | $214,560.00 |
| Labate, Angelo G. | Associate | Litigation | 2019 | $1,130.00 | 6.20 | $7,006.00 |
| Ritholtz, Benjamin | Associate | Litigation | 2019 | $1,130.00 | 10.20 | $11,526.00 |
| Parker-Thompson, Destiney | Associate | Restructuring | 2020 | $840.00 | 59.00 | $49,560.00 |
| McMillan, Jillian A. | Associate | Restructuring | 2021 | $1,075.00 | 113.50 | $122,012.50 |
| Ham, Hyunjae | Associate | Restructuring | 2021 | $980.00 | 32.90 | $32,242.00 |
| Ollestad, Jordan Alexandra | Associate | Litigation | 2022 | $980.00 | 91.10 | $89,278.00 |
| Blankman, Alexandra | Associate | Litigation | 2022 | $840.00 | 6.50 | $5,460.00 |
| Cazes, Catherine | Associate | Litigation | 2022 | $840.00 | 33.10 | $27,804.00 |
| Suarez, Ashley | Associate | Restructuring | 2022 | $840.00 | 57.40 | $48,216.00 |
| Castillo, Lauren | Associate | Restructuring | * | $690.00 | 108.10 | $74,589.00 |
| **Total for Attorneys** | | | | | 1,318.20 | **$1,518,379.75** |

---

[1] * – Not Yet Admitted to Practice

[2] † - Non-working travel is billed at 50% of regular hourly rates.

The paraprofessionals who rendered professional services during the Fee Period are:

| NAME OF PARAPROFESSIONAL | POSITION | DEPARTMENT | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Mason, Kyle | Paralegal | Restructuring | $275.00 | 4.70 | $1,292.50 |
| **Total:** | | | | **4.70** | **$1,292.50** |

The total fees for the Fee Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | $1,403.85 | 496.10 | $696,449.75 |
| Associates | $999.79 | 822.10 | $821,930.00 |
| Paraprofessionals | $275.00 | 4.70 | $1,292.50 |
| **Blended Attorney Rate** | **$1,151.86** | | |
| **Total:** | | **1,322.90** | **$1,519,672.25** |

## COMPENSATION BY PROJECT CATEGORY
## NOVEMBER 1, 2022 THROUGH NOVEMBER 30, 2022

| TASK CODE | PROJECT CATEGORY | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| 003 | AmEx Transaction Investigation | 112.60 | $131,533.00 |
| 005 | Automatic Stay | 11.60 | $10,404.00 |
| 006 | Bar Date and Claims Matters | 2.10 | $2,512.50 |
| 007 | Borrower Matters | 0.90 | $804.50 |
| 008 | Case Administration (WIP List & Case Calendar) | 7.80 | $7,518.50 |
| 009 | Chapter 11 Plan/Plan Confirmation/Implementation | 41.80 | $49,665.00 |
| 010 | Corporate Governance/Securities | 63.60 | $71,389.50 |
| 011 | Customer (incl. Partner Banks)/Vendor/Supplier Matters | 2.80 | $3,748.00 |
| 012 | Cash Management | 4.50 | $5,633.50 |
| 013 | Disclosure Statement/Solicitation/Voting | 122.20 | $134,582.50 |
| 014 | Employee Matters | 69.90 | $75,150.50 |
| 015 | Exclusivity | 7.90 | $5,409.50 |
| 017 | General Case Strategy (incl Team and Client Calls) | 113.60 | $129,643.00 |
| 018 | Government Investigation Matters (excl. Settlements) | 3.60 | $4,168.00 |
| 019 | Hearings and Court Matters | 71.20 | $88,159.50 |
| 020 | Insurance and Letters of Credit Matters | 0.40 | $466.00 |
| 021 | Non-bankruptcy Litigation (incl. CUBI Dispute) | 264.60 | $322,154.00 |
| 022 | Non-working Travel | 5.70 | $4,110.75 |
| 024 | Regulatory Matters | 4.40 | $6,368.00 |
| 025 | Retention/Billing/Fee Applications: OCP | 5.30 | $5,498.00 |
| 026 | Retention/Fee Applications: Non-Weil Professionals | 66.20 | $67,378.50 |
| 027 | Retention/Fee Applications: Weil | 33.40 | $28,605.00 |
| 028 | Secured Creditors Issues/Meetings/Comms (excl. Settlements) | 24.30 | $31,466.00 |
| 029 | Settlements (including 9019 matters) | 256.60 | $301,571.50 |
| 032 | Unsecured Creditors Issues/Meetings/Comms/UCC (excl. stlmnts) | 15.70 | $19,548.50 |
| 033 | US Trustee/MORs/2015.3 Reports | 10.20 | $12,184.50 |
| **TOTAL** | | **1,322.90** | **$1,519,672.25** |

**EXPENSE SUMMARY**
**NOVEMBER 1, 2022 THROUGH NOVEMBER 30, 2022**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Computerized Research | $5,562.54 |
| Duplicating | $934.50 |
| Meals | $120.00 |
| Transportation | $2,503.38 |
| Travel | $1,967.42 |
| **TOTAL** | **$11,087.84** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------- x
:
**In re**                                            :   **Chapter 11**
:
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,        :   Case No. 22-10951 (CTG)
:
:
Debtors.[1]                                          :   (Jointly Administered)
:
---------------------------------------------------------------- x   Obj. Deadline: January 19, 2023 at 4:00 p.m. (ET)

**SECOND MONTHLY FEE STATEMENT OF
WEIL, GOTSHAL & MANGES LLP FOR PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
<u>PERIOD NOVEMBER 1, 2022 THROUGH NOVEMBER 30, 2022</u>**

Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), attorneys for Kabbage, Inc. d/b/a KServicing. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby files its second monthly fee statement (this "**Fee Statement**") for payment of compensation for professional services rendered to the Debtors and for reimbursement of actual and necessary expenses incurred in connection therewith for the period commencing November 1, 2022 through and including November 30, 2022 (the "**Fee Period**"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

*Expenses of Professionals* [Docket No. 136] (the "**Interim Compensation Order**"). In support of this Fee Statement, Weil respectfully represents as follows:

## Background

1. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

2. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13].[2]

4. This Court authorized Weil's retention as attorneys for the Debtors pursuant to the *Order Authorizing Retention and Employment of Weil, Gotshal & Manges LLP As Attorneys For Debtors Effective as of Petition Date* [Docket No. 137] (the "**Retention Order**"), entered on October 21, 2022.

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the *Joint Chapter 11 Plan of Liquidation* [Docket No. 14] (the "**Plan**").

pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Fee Statement to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Summary of Professional Compensation
and Reimbursement of Expense Requested**

7. By this Fee Statement, Weil requests allowance and payment of $1,215,737.80 (80% of $1,519,672.25) as compensation for professional services rendered to the Debtors during the Fee Period and allowance and payment of $11,087.84 as reimbursement for actual and necessary expenses incurred by Weil during the Fee Period. All services for which compensation is requested by Weil were performed for or on behalf of the Debtors.

8. During the Fee Period, Weil received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Fee Statement. There is no agreement or understanding between Weil and any other person, other than members of Weil, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

9. The fees charged by Weil in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period, and in accordance with the Retention Order.

10. Weil maintains computerized records of the time spent by all Weil attorneys, paraprofessionals, and other non-legal staff in connection with the Firm's representation of the Debtors. Annexed hereto as **Exhibit A** are copies of Weil's itemized time records for

professionals, paraprofessionals, and other non-legal staff performing services for the Debtors during the Fee Period. Weil's time records comply with the requirements set forth in Local Rule 2016-2 and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**Guidelines**"), including the use of itemized time entries and separate matter numbers for different project types, as hereinafter described in greater detail.

## Summary of Services

11.  The following is a summary of the significant professional services rendered by Weil during the Fee Period. This summary is organized in accordance with the internal system of task codes set up by Weil at the outset of these Chapter 11 Cases.[3] If a task code does not appear below, then Weil did not bill significant time for that task code during the Fee Period, but may bill time for that task code in the future. Certain services performed may overlap between, or appropriately be allocated to, more than one task code.

    a.    AmEx Transaction Investigation (Task Code 003)
              Fees: $131,533.00; Total Hours: 112.60

- Reviewed and analyzed documents and correspondence related to the sale of substantially all of the Debtors' assets to American Express ("**AmEx**") in October 2020 (the "**AmEx Transaction**");

- Analyzed potential claims and causes of action against certain parties to the AmEx Transaction;

- Drafted and reviewed AmEx Transaction investigation initial report;

- Researched legal issues in connection with the AmEx Transaction investigation initial report;

---

[3] **Exhibit A** annexed hereto provides a more detailed description of the services provided during the Fee Period, and reference should be made thereto for a complete recitation of such services.

- Drafted, reviewed, and revised draft protective order for purposes of informal discovery; and

- Conferred with Weil team, various counsel, and client regarding the investigation.

b. Chapter 11 Plan/Plan Confirmation/Implementation (Task Code 009)
Fees: $49,665.00; Total Hours: 41.80

- Responded to Plan-related questions and comments from the client, the Debtors' advisors, the U.S. Trustee, the Reserve Bank, and other stakeholders;

- Participated on calls with the U.S. Trustee and counsel to various creditors regarding the Plan; and

- Drafted, revised, and reviewed amended Plan and Plan-related documents.

c. Corporate Governance / Securities (Task Code 010)
Fees: $71,389.50; Total Hours: 63.60

- Prepared board materials and presentations for Board meetings regarding the chapter 11 cases;

- Researched issues related to dissolution of certain entities;

- Attended the Debtors' Board meetings regarding the chapter 11 cases and prepared minutes thereof; and

- Coordinated with Board counsel to among other things, to avoid duplication of services.

d. Disclosure Statement / Solicitation / Voting (Task Code 013)
Fees: $134,582.50; Total Hours: 122.20

- Reviewed liquidation analysis and discussed with Debtors' advisors;

- Reviewed and responded to the client, the Debtors' advisors, the U.S. Trustee, the Reserve Bank, the Department of Justice, and other stakeholders' comments to amended Disclosure Statement;

- Drafted, revised, and reviewed Disclosure Statement-related documents;

5

- Reviewed and revised draft motion to approve Plan solicitation, voting, and related procedures in accordance with the U.S. Trustee's comments; and

- Drafted, revised, and reviewed balloting and solicitation procedures and discussed with claims agent.

e. Employee Matters (Task Code 014)
Fees: $75,150.50; Total Hours: 69.90

- Drafted, revised, and finalized *Motion of Debtors For Entry of Order (I) Approving Debtors' Retention Program For Certain Non-Executive Employees and (II) Granting Related Relief* [Docket No. 253] (the "**KERP Motion**");

- Discussed KERP Motion with client and U.S. Trustee;

- Conferred with the Debtors and the Debtors' advisors regarding various employee matters, including wages, benefits, severance and retention matters, and advised the Debtors in connection therewith;

- Drafted and revised employment agreements, resignation letters, and termination notices; and

- Researched various legal issues related to payments to certain company key employees.

f. General Case Strategy (incl. Team and Client Calls) (Task Code 017)
Fees: $129,643.00; Total Hours: 113.60

- Communicated with the Debtors, members of the various Weil teams, and other advisors regarding case strategy, pending and upcoming matters, filings, key dates, and deadlines; and

- Participated on regular update calls with the Debtors and their other advisors regarding chapter 11 cases process, strategy, priority workstreams, and timeline.

g. Hearings and Court Matters (Task Code 019)
Fees: $88,159.50; Total Hours: 71.20

- Participated on calls with Debtors' advisors regarding upcoming hearing and court matters;

- Communicated with the Debtors and Debtors' advisors regarding certificates of counsel and omnibus orders;

- Prepared for and participated in contested hearing on the *Debtors' Motion For Entry of an Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related Relief* [Docket No. 172] (the "**CUBI 9019 Motion**"), including drafting the agenda and preparation of witnesses for cross-examination and testimony; and

- Prepared for and attended CUBI Dispute status conference.

h. Non-Bankruptcy Litigation (incl. CUBI Dispute) (Task Code 021)
    Fees: $322,154.00; Total Hours: 264.60

- Corresponded with CUBI regarding the CUBI Dispute;

- Corresponded with Debtors' advisors and participated in Weil internal meetings regarding the CUBI Dispute;

- Prepared, researched, and reviewed materials for the CUBI Dispute;

- Drafted and revised a complaint and related pleadings and letters to the Court regarding the CUBI Dispute;

- Drafted, revised, and finalized *Debtors' Motion for an Order (I) Extending the Deadline by Which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* [Docket No. 284];

- Reviewed class action complaint and letter from class action claimants, and corresponded with opposing counsel; and

- Corresponded with Debtors' advisors regarding various pending litigations.

i. Retention / Fee Applications: Non-Weil Professionals (Task Code 026)
    Fees: $67,378.50; Total Hours: 66.20

- Reviewed and revised executive engagement letters and corresponded with Debtors' advisors regarding the same;

- Drafted and revised retention motion for Marc Sullivan pursuant to section 363 of the Bankruptcy Code and researched related legal issues;

- Drafted, revised, and finalized form monthly and interim fee applications for Debtors' professionals; and

- Reviewed and provided comments to retained professionals' monthly fee applications.

j.  Retention / Fee Applications:  Weil (Task Code 027)
    Fees: $28,605.00; Total Hours: 33.40

- Drafted, reviewed, and finalized budget and staffing plan;

- Reviewed monthly invoices for compliance with U.S. Trustee guidelines; and

- Drafted, reviewed, and finalized *First Monthly Fee Statement of Weil, Gotshal & Manges LLP for Payment of Compensation and Reimbursement of Expenses for Period October 3, 2022 Through October 31, 2022* [Docket No. 321].

k.  Settlements (incl. 9019 Matters) (Task Code 029)
    Fees: $301,571.50; Total Hours: 256.60

- Drafted, revised, and finalized CUBI 9019 Motion and related declarations thereto and researched issues related thereto;

- Drafted, revised, and finalized *Debtors' Reply in Support of Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related Relief* [Docket No. 213];

- Drafted, revised, and finalized proposed order related thereto; and

- Corresponded with Debtors and Debtors' advisors and participated in meetings regarding the above.

12. The foregoing professional services performed by Weil were necessary and appropriate to the administration of these Chapter 11 Cases and were in the best interests of the Debtors' estates and their stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  The professional services were performed skillfully and efficiently.

**Actual and Necessary Disbursements**

13.  Weil requests allowance of actual and necessary expenses incurred during the Fee Period in the aggregate amount of $11,087.84. Annexed hereto as **Exhibit B** is a list of Weil's itemized actual and necessary expenses. Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Weil charges $0.10 per black and white page and $0.50 per color page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include, but are not limited to, overtime meals, deliveries, travel, and local transportation.

**Reservation of Rights**

14.  To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Fee Period but were not processed prior to the preparation of this Fee Statement, or Weil has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fee Period, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee statement.

**Notice**

15.  Notice of this Fee Statement will be provided in accordance with the Interim Compensation Order on the Fee Notice Parties (as defined in the Interim Compensation Order). No further notice is required.

WHEREFORE Weil respectfully requests (a) interim allowance of compensation for professional services rendered to the Debtors during the Fee Period in the amount of $1,519,672.25 for actual and necessary costs, and for expenses incurred by Weil during the Fee Period in the amount of $11,087.84; (b) that, in accordance with the Interim Compensation Order, the Debtors pay Weil a total of $1,226,825.64 consisting of $1,215,737.80 (representing 80% of the total amount of fees allowed) and $11,087.84 (representing 100% of the expenses allowed), if no objections are timely filed and Weil files a certificate of no objection with the Court in accordance with the Interim Compensation Order; (c) that the interim allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Weil's right to seek such further compensation for the full value of services performed and expenses incurred; and (d) that the Court grant Weil such other and further relief as is just.

Dated: December 29, 2022
      New York, New York

/s/ *Candace M. Arthur*
WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
E-mail:   ray.schrock@weil.com
              candace.arthur@weil.com
              natasha.hwangpo@weil.com
              chase.bentley@weil.com

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                                           :
In re                                                      :    Chapter 11
                                                           :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,              :    Case No. 22-10951 (CTG)
                                                           :
                                                           :
          Debtors.[1]                                      :    (Jointly Administered)
                                                           :
---------------------------------------------------------- x

## DECLARATION OF CANDACE M. ARTHUR

I, Candace M. Arthur, hereby declare the following under penalty of perjury:

1. I am a member with the applicant firm, Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), and have been admitted to appear before this Court, by order dated October 4, 2022 [Docket No. 29].

2. I have personally performed many of the legal services rendered by Weil as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers, paraprofessionals, and other non-legal staff in the Firm.

3. I have reviewed the foregoing Fee Statement, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2 and submit that the Fee Statement complies with such rule.

Dated:   December 29, 2022
         New York, New York              /s/ *Candace M. Arthur*
                                         Candace M. Arthur

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.