**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KABBAGE, INC., d/b/a KSERVICING, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10951 (CTG)<br>(Jointly Administered)<br><br>Re: Docket No. 408 |

**DECLARATION OF ALYSSA WHITE IN SUPPORT OF REPLY OF CUSTOMERS BANK TO DEBTORS' OBJECTION TO MOTION OF CUSTOMERS BANK FOR ENTRY OF AN ORDER (I) COMPELLING COMPLIANCE WITH COURT APPROVED SETTLEMENT AGREEMENT AND ORDER; (II) REQUIRING ADDITIONAL ADEQUATE PROTECTION IN FAVOR OF CUSTOMERS BANK; AND (III) GRANTING RELATED RELIEF**

I, Alyssa White, hereby declare pursuant to 28 U.S.C. §1746, under penalty of perjury to the best of my knowledge and belief, that:

1. I am Senior Vice President, Director of Digital 7A Operations for Customers Bank.

2. I submit this Declaration in support of the contemporaneously filed *Reply of Customers Bank to Debtors' Objection to Motion of Customers Bank for Entry of an Order (I) Compelling Compliance with Court Approved Settlement Agreement and Order; (II) Requiring Additional Adequate Protection in Favor of Customers Bank; and (III) Granting Related Relief* (the "Reply").[2]

3. I have personal knowledge of the terms of the Settlement Agreement entered into between Customers Bank and the Debtor, Kabbage, Inc. d/b/a KServicing ("KServicing"), and the interactions between the parties relating to the Settlement Agreement thereafter, as well as the assertions in the Motion and the Objection. In addition, I have personal knowledge of Customers Bank's business relationship with KServicing and the records maintained by KServicing on Customers Bank's behalf in the ordinary course of its business as loan servicer for the Customers Bank PPP Loans.

4. The Settlement Agreement provides at paragraph 3(A) that after execution of the Agreement "through the Effective Date, the Parties shall work together in good faith to promptly reconcile the amounts of the Disputed KServicing Fee Holdback and the Disputed KServicing Fee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms not defined herein shall have the meanings ascribed in the Reply.

Remittance Holdback as of the Petition Date to determine the appropriate amount of the Settlement Payment." The "Effective Date" is defined in the Agreement as the date on which this Court approved the Agreement. After the Settlement Agreement was approved by the Court, I understand that the Effective Date became set as November 9, 2022.

5. Following the execution of the Settlement Agreement on October 27 2022, representatives of Customers Bank were in frequent communication with employees of KServicing in an effort to work together in good-faith to promptly reconcile the amounts of the Disputed KServicing Fee Holdback and the Disputed KServicing Remittance Holdback as of the Petition Date to determine the appropriate amount of the Settlement Payment. I was personally involved in this reconciliation, on a daily basis, and frequently communicated with Donna Evans and Tamica Williams of KServicing, among others.

6. The Settlement Agreement also provides in Paragraph 4(E) as follows:

For the avoidance of doubt, pursuant to the Servicing Plan, beginning as of the Petition Date, KServicing has and shall continue to deposit any and all borrower collections received on or after the Petition Date into a segregated account in the name of and for the benefit of [Customers Bank] (separate and apart from any other funds or assets) and shall provide [Customers Bank] with the account information regarding the segregated account, shall hold such funds in trust for the benefit of [Customers Bank], and shall promptly, but in any event within ten (10) Business Days of the end of each month, or such other timing as mutually agreed upon in writing by the Parties, transfer all such funds to [Customers Bank].

7. As detailed in the Reply and in prior filings with this Court, on November 17, 2022, KServicing initially remitted only a partial payment for the month of October in the amount of $376,326.59. *See Letter to the Honorable Craig T. Goldblatt in Response to Docket No. 287* [Dkt. No. 289-1], at p. 5 (noting the shortfall in the October payment). KServicing only corrected the partial payment for October on December 14, 2022 (a week after Customers Bank filed a Motion on the topic).

8. The October short payment appears to be part of a pattern, as it now appears that KServicing again made only a partial payment to Customers Bank for November. For November, KServicing made a payment of $1,026,516.58, of which $925,242.87 was to correct October's short payment and $101,273.71 for borrower remittances collected in November. Attached hereto as **Exhibit A** is a true and accurate copy of a Remittance Wire Summary that KServicing provided in connection with the November payment (made on December 14, 2022). While the Remittance Wire Summary provided by KServicing provides incomplete and confusing information, the November Synovus bank statement makes clear that the payment was over $400,000 too low because that bank statement shows $543,313.43 in deposits into the account in the month of November. That bank statement is attached hereto as **Exhibit B**. That same bank statement makes clear that KServicing paid out monies to third parties in November from this account that were not authorized by Customers Bank and should not have been withheld from Customers Bank. Based on my review of the November bank statement, KServicing has made transfers from the segregated account to the SBA for obligations that pre-date October 3, 2022. Those payment obligations were

resolved as part of the Settlement Agreement's reconciliation process and should not have been paid with borrower remittances received into the segregated account after October 3, 2022.

Dated:  January 5, 2023

/s/ *Alyssa White*
Alyssa White