**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------- x
                                                              :
In re                                                         : Chapter 11
                                                              :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                     : Case No. 22-10951 (CTG)
                                                              :
Debtors.[1]                                                   : (Jointly Administered)
                                                              :
                                                              : **Objection Deadline: Jan. 12, 2023 at 4:00 p.m. (ET)**
                                                              : **Hearing Date: Jan. 19, 2023 at 10:00 a.m. (ET)**
------------------------------------------------------------- x

**MOTION OF DEBTORS FOR ENTRY OF ORDER
(I) EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):[2]

**Relief Requested**

1. By this Motion, pursuant to section 365(d)(4) of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors request entry of an order (i) granting an extension of the period of time to assume or reject unexpired leases of non-residential real property (the "**Assumption/Rejection Deadline**") for an additional ninety (90) days, up to and including

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Amended Plan (as defined herein).

May 1, 2023,[3] and (ii) granting related relief. Such an extension would be without prejudice to the Debtors' rights to seek further extensions, including on the basis that the initial Assumption/Rejection Deadline is May 1, 2023, and/or with the consent of the affected landlord, as provided by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] Under the Consolidated Appropriations Act of 2021, Pub. L. 116-260 (the "**Act**"), the initial Assumption/Rejection Deadline was extended from 120 days to 210 days; however, the applicable provisions of the Act sunset on December 27, 2022 (the "**Sunset Date**"). It is presently uncertain whether debtors, such as the Debtors, with pending bankruptcy cases prior to the Sunset Date, whose initial Assumption/Rejection Deadline is after the Sunset Date, will benefit from the extension of such deadline in the Act. Here, if the applicable provisions of the Act do not apply to the Debtors, the initial Assumption/Rejection Deadline is January 31, 2023, and if such provisions apply to the Debtors, the initial Assumption/Rejection Deadline is May 1, 2023. Given this uncertainty, the Debtors are filing this Motion out of an abundance of caution without prejudice to the Debtors' rights to seek a further extension of such deadline, including on the basis that, under the Act, the Debtors' initial Assumption/Rejection Deadline is May 1, 2023.

**Background**

4. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Chapter 11 Cases are being jointly administered under the above-captioned case.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First-Day Relief* [Docket No. 13].

**Relief Requested Should Be Granted**

7. Notwithstanding the Act or its potential applicability to the Debtors and these Chapter 11 Cases, section 365(d)(4) of the Bankruptcy Code provides a 120-day period—and a discretionary 90-day extension—for the assumption or rejection of an unexpired nonresidential lease:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential property under which the debtor is the lessee shall be deemed rejected and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming the plan.

>    (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
>    (B)(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

8.      Courts consider the following non-exclusive factors to determine whether "cause" exists for purposes of a 90-day extension under section 365(d)(4)(B):

>    (a)    whether the debtor is paying for the use of the property;
>
>    (b)    whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;
>
>    (c)    whether the lease is the debtor's primary asset;
>
>    (d)    whether the debtor has had sufficient time to formulate a plan of reorganization;
>
>    (e)    the complexity of the case facing the debtor; and
>
>    (f)    the number of leases the debtor must evaluate.

*See South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); *see also In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); *Channel Home Ctrs., Inc. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), cert. denied, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471–72); *In re GST Telecom Inc.*, No. 00-1982-GMS 2001 WL 686971, at *3 (D. Del. June 8, 2001) (holding "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

9.      Application of these factors to the circumstances of these Chapter 11 Cases demonstrates that cause exists to extend the Assumption/Rejection Deadline. <u>First</u>, this is the

Debtors' initial motion requesting an extension of the Assumption/Rejection Deadline, therefore landlord consent is not required.  <u>Second</u>, the Debtors' only lease for unexpired nonresidential real property is for the Debtors' headquarters, located in Atlanta, Georgia (the "**Headquarters Lease**"), which is integral to the Debtors' operations and, thus, an important asset of the Debtors' estates.  As the Debtors' corporate headquarters, the Headquarters Lease is critical to the Debtors' ongoing operations, and among other things, is where the Debtors' official mail and other correspondence is received, where several of the Debtors' key employees work and meet, and where some of the Debtors' essential IT equipment is located and stored.  <u>Third</u>, the Debtors have been, and will continue to be, timely paying rent for the Headquarters Lease as and when such rental obligations come due and, accordingly, no party in interest will be prejudiced by the relief requested in this Motion.  <u>Fourth</u>, the Chapter 11 Cases are complex and while the Debtors have devoted significant attention since the Petition Date towards reaching a consensus with stakeholders regarding a consensual chapter 11 plan, that consensus has not yet been reached and no plan will be confirmed and consummated prior to January 31, 2023.

10. The Debtors worked quickly and diligently to prepare the *Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket no. 14] to be filed on the Petition Date in an effort to bring stakeholders to the table and build consensus for a path forward.  Since that time, the Debtors have filed the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 63], the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 395] (as may be amended, modified, or supplemented, the "**Amended Plan**"), and the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated*

*Debtors* [Docket No. 396] (as may be amended, modified, or supplemented, the "**Amended Disclosure Statement**"), reflecting, among other things, negotiations with the Reserve Bank and other stakeholder comments. A resolution of the Chapter 11 Cases requires substantial effort from the Debtors and their advisors as they continue to engage with various stakeholders, who each have raised unique and complex issues that require continued coordination among the Debtors and their advisors.

11. Importantly, the Debtors continue to focus their efforts on seeking approval of the Amended Disclosure Statement so that they can begin soliciting votes on the Amended Plan. The Debtors' hearing to approve the Amended Disclosure Statement is currently scheduled for January 19, 2023, at which time the Debtors will also seek to have the confirmation hearing related thereto scheduled for March 13, 2023. In connection therewith, the Debtors intend to file an assumption schedule setting forth a list of agreements that the Debtors intend to assume under the Amended Plan, together with the Plan Supplement, on or about February 14, 2023. The Amended Plan currently contemplates optionality as to whether the Debtors will continue to service their loan portfolios following the Effective Date of the Amended Plan. Consequently, the Debtors' analysis of whether to assume or reject the Headquarters Lease will be largely determined by events yet to be known or decided in connection with stakeholder negotiations and ultimate confirmation. Providing the requested relief herein will ensure that the Debtors will have the requisite time needed to prudently determine whether to assume or reject the Headquarters Lease.

12. Absent the relief requested herein, the Debtors risk the Headquarters Lease being rejected by operation of law pursuant to section 365(d)(4) of the Bankruptcy Code on the Assumption/Rejection Deadline. Such premature rejection would be detrimental to the Debtors' continued operations and would jeopardize their efforts in seeking approval of the Amended

Disclosure Statement, soliciting votes on the Amended Plan, and confirming and consummating the Amended Plan.  Further, if the Headquarters Lease is rejected prematurely, the Debtors would, among other things, need to transition their business operations to another location or a fully-remote workplace system and relocate vital Company IT equipment—each of which would be unduly burdensome on the Debtors and would result in unnecessary and significant costs that would negatively impact the Debtors' estates, and thereby, the Debtors' stakeholders.

13. For these reasons, the Debtors respectfully request an extension of the Assumption/Rejection Deadline by an additional ninety (90) days, as is appropriate and in the best interests of the Debtors, their estates, and all parties in interest.

### Notice

14. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) the non-Debtor counterparties to the Headquarters Lease; and (m) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors believe that no further notice is required.

### No Prior Request

15. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 5, 2023
Wilmington, Delaware

/s/ *Matthew P. Milana*
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
       steele@rlf.com
       shapiro@rlf.com
       milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
E-mail: ray.schrock@weil.com
       candace.arthur@weil.com
       natasha.hwangpo@weil.com
       chase.bentley@weil.com

*Attorneys for Debtors and Debtors in Possession*