## Exhibit 1

**Stipulated Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | ) |
| | ) Chapter 11 |
| **KABBAGE, INC. d/b/a KSERVICING**, *et al.*, | ) |
| | ) Case No. 22-10951 (CTG) |
| | ) |
| **Debtors.** [1] | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket Nos. 336, 355, 357 |
| | ) |

**STIPULATED ORDER REGARDING MOTION
OF CUSTOMERS BANK FOR ENTRY OF AN ORDER (I) COMPELLING
COMPLIANCE WITH COURT APPROVED SETTLEMENT AGREEMENT AND
ORDER; (II) REQUIRING ADDITIONAL ADEQUATE PROTECTION IN FAVOR OF
CUSTOMERS BANK; AND (III) GRANTING RELATED RELIEF**

The above captioned debtors and debtors in possession (the "Debtors"), on the one hand, and

Customers Bank, on the other hand (together with the Debtors, the "Parties" and, each, a "Party"),

by and through their undersigned counsel, hereby stipulate and request that the Court Order as

follows:

WHEREAS, on October 27, 2022, in resolution of certain disputes between the Parties in

connection with their involvement in the SBA Paycheck Protection Program, the Parties executed a

*Settlement and Release Agreement* (the "Settlement Agreement");

WHEREAS, on October 27, 2022, the Debtors filed a *Motion for Entry of an Order (I)*

*Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and*

*(II) Granting Related Relief* ("Settlement Motion") [Docket No. 172];

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309

WHEREAS, on November 9, 2022, the Bankruptcy Court entered an *Order (I) Authorizing and Approving the Settlement Agreement Between KServicing and Customers Bank and (II) Granting Related* Relief [Docket No. 232] ("Settlement Order");

WHEREAS, the Debtors maintain an account at Synovus Bank, account XXX-XXX-525-0 entitled Kabbage, Inc. PPP Payments CUBI (the "Synovus Account");

WHEREAS, on December 7, 2022, Customers Bank filed the *Motion of Customers Bank for Entry of an Order (I) Compelling Compliance with Court Approved Settlement Agreement and Order; (II) Requiring Additional Adequate Protection in Favor of Customers Bank, and (III) Granting Related Relief* (the "Motion")[2] [Docket No. 336] accompanied by the declaration of Alyssa White [Docket No. 337];

WHEREAS, on December 21, 2022, the Debtors filed an objection to the Motion accompanied by the declaration of Tamica M. Williams (collectively, the "Debtors' Objection") [Docket Nos. 355, 357];

WHEREAS, the Debtors provided Customers Bank copies of the bank statements for the Synovus Account for the months of October 2022 (provided on November 4, 2022), November 2022 (provided on January 1, 2023), and December 2022 (provided on January 4, 2023);

WHEREAS, the Debtors provided Customers Bank with a schedule prepared by the Debtors of its reconciliation of any and all Borrower Remittances received by the Debtors during the months of October 2022 and November 2022 on account of Customers Bank PPP Loans against what the Debtors contend are all withdrawals and disbursements made by the Debtors from the Synovus Account for such periods;

WHEREAS, according to the bank statements, the deposits into the Synovus Account for the month of October ($1,551,275.91) and November ($543,313.43) totaled $2,094,589.34;

---

[2] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Motion.

RLF1 28444942v.1

WHEREAS, the Debtors remitted to Customers Bank a payment on November 18, 2022 in the amount of $376,326.59 and on December 14, 2022 in the amount of $1,026,516.58, totaling $1,402,843.17;

WHEREAS, the Parties agree that this Stipulated Order shall govern their dispute regarding the difference between the deposits made into the Synovus Account in October and November 2022 and the payments made by the Debtors to Customers Bank for the months of October and November 2022, and as otherwise set forth in the Motion and the Debtors' Objection;

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulated Order (the "Order") shall have no force or effect until entered by the Bankruptcy Court (the "Order Date").

2.      The Motion will be deemed withdrawn *without* prejudice upon entry of the Order.

3.      The Debtors are ordered and directed to issue payment to Customers Bank within five (5) business days of the Order Date of the amount of all undisputed Borrower Remittances if any, received by the Debtor on Customers Bank's behalf on or from October 3, 2022 through November 30, 2022, ("Initial Payments").  The Initial Payments shall not be subject to reduction or offset except as to any disputed amounts the Debtors withhold that are subject to resolution as set forth herein and the Debtors agree to maintain funds sufficient to pay to Customers Bank the entirety of any disputed amounts pending the resolution of those amounts.

4.      To the extent there exists any disputed amount with respect to the Initial Payments, within five (5) business days of entry of this Order, the Debtors will provide to Customers Bank information as to each withdrawal or disbursement from the Synovus Account, including without limitation, evidence of the payment in the form of ACH/wire confirms, the amount of the payment,

3

the party to whom the payment was made, the loan associated with the payment, including the relevant loan number, ETran number or, if neither the loan number or ETran number are available, other identifying information reasonably acceptable to Customers Bank. Within five (5) business days of the receipt of such information, Customers Bank will provide the Debtors with information to support its calculation of any of the disputed payments, and its reasons for disagreement with any of the disputed payments. In the event of disagreement about any disputed payments, the Parties shall confer in good faith with each other in person or *via* Zoom (or similar on-line meeting application) and to the extent a resolution is not achieved may seek relief from the Court.

5.      On or before January 17, 2023, the Debtor shall make a payment to Customers Bank in immediately available funds of the entirety of the deposits made into Synovus Account from December 1, 2022 through December 31, 2022 on for the benefit of Customers Bank and any other funds received for the benefit of Customers Bank in any other account maintained by the Debtor attributable to such period. That payment shall be at least in the amount of $824,687.73 (the "January Payment"). The Parties agree that the Debtors do not waive their right to contend that funds paid pursuant to this paragraph should be returned to the Debtors, and that Customers Bank does not waive its right to contend that the funds paid by the Debtor pursuant to this paragraph do not constitute the entirety of the Borrower Remittances made into the Synovus Account from December 1, 2022 through December 31, 2022 for the benefit of Customers Bank, and the Parties further agree that they will use the resolution procedures in paragraph 10 herein with respect to any such disputes.

6.      Following the Order Date, except as provided above in relation to the Initial Payments and the January Payment, the Debtors shall pay to Customers Bank any and all Borrower Remittances collected by the Debtors during the immediately preceding month, whether received through the Synovus Account or any other account maintained by the Debtors, from counterparties to PPP loans that the Debtor is servicing on behalf of Customers Bank by no later than the tenth (10th)

4

business day following the end of the immediately preceding month without delay, deduction, offset, or reduction, unless and to the extent that Debtors receive Customer Bank's express written authorization in advance. For the avoidance of doubt, the Debtors are not required to pay to Customers Bank funds that are removed from the Synovus Account by actions not subject to the control of the Debtors after such funds having been received into the Synovus Account.

7.      As of the Order Date, and provided that the Debtors have made the January Payment and do not intentionally withhold performance, or fail to correct an unintentional error within ten (10) days after notice from Customers Bank of such error, with respect to paragraph 6 above. Customers Bank agrees that Customers Bank (and not the Debtors) will be solely and exclusively responsible to the (a) SBA or (b) borrowers for any Borrower Overpayments[3] arising from and after the Petition Date and relating to CB PPP Loans. The Parties expressly reserve their rights related to responsibility for any Borrower Overpayments arising prior to the Petition Date and relating to CB PPP loans.[4]

8.      As of the Order Date and thereafter, the Debtors shall

- timely and accurately prepare and distribute the Customers Bank Servicing Plan Reports as set forth in Exhibit A to the Settlement Agreement;

- segregate into the Synovus Account and hold in trust and retain in that Synovus Account any and all Borrower Remittances pertaining to Customers Bank's PPP Loans pending payment to Customers Bank's in accordance with this Order;

- cause Synovus Bank to provide Customers Bank with online viewing access to the Synovus Account;

---

[3] "Borrower Overpayments" shall mean amounts collected from a borrower on account of a CB PPP Loan (i) already purchased by the SBA, thus resulting in such collected amounts being payable to the SBA, (ii) where such amounts are in excess of the required minimum loan payments, including payments on forgiven loans, thus resulting in such collected amounts being payable to the applicable borrower, or (iii) that is ultimately forgiven by the SBA, thus resulting in such collected amounts being payable to the applicable borrower, or (iv) any other overpayments received by KServicing from any source that must be returned or otherwise paid to a borrower or the SBA.

[4] It is Customers Bank's position that a Borrower Overpayment arises on the date that the applicable guaranty or forgiveness payment, or applicable borrower payment in respect of a loan previously forgiven or purchased by the SBA, is received. The Debtors disagree with that position and the Parties reserve all of their rights in connection therewith.

RLF1 28444942v.1

- submit promptly upon receipt to Customers Bank monthly Statements of Account for the Synovus Account; and

- refrain from authorizing disbursements, withdrawals (debits) or transfers of Borrower Remittances received by the Debtors on behalf of Customers Bank from the Synovus Account other than to Customers Bank without the express, written instruction of Customers Bank's authorized representatives.

9.    The Parties shall work together to agree on any additional reporting or exchange of information needed to accomplish repayment of any Borrower Overpayments and for the Debtors to have an accounting of Borrower Overpayments in a format acceptable to the Debtors and compatible with the KORE application platform and enable it to continue servicing loans.

10.    The Parties agree that in the event of any disputes arising after the Order Date other than with respect to the Initial Payments, the Parties shall confer in good faith with each other in person or via Zoom (or similar on-line meeting application) and, if applicable, shall exchange calculations concerning any disputed payments prior to filing any further motion with the Court.

11.    The Settlement Order shall remain in full force and effect, except as where the terms of the Settlement Order are inconsistent with the terms of this Stipulation, this Stipulation shall govern. Nothing herein shall be deemed to be inconsistent with, or to alter or modify the provisions of, paragraph 4(E) of the Settlement Agreement.

12.    This Order shall be immediately effective and enforceable upon its entry.

13.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


*(Remainder of page left intentionally blank)*

RLF1 28444942v.1

/s/ *William A. Hazeltine*

SULLIVAN • HAZELTINE • ALLINSON LLC
William A. Hazeltine (Del. Bar No. 3294)
919 North Market Street, Suite 420
Wilmington, Delaware 19801
Telephone: 302-428-8191
Facsimile: 302-428-8195
whazeltine@sha-llc.com

-and-

HOLLAND & KNIGHT LLP
John J. Monaghan (admitted pro hac vice)
Jeremy M. Sternberg (admitted pro hac vice)
Lynne B. Xerras (pro hac vice forthcoming)
10 St. James Avenue
Boston, MA 02116
Telephone: 617-523-2700
Facsimile: 617-523-685
   john.monaghan@hklaw.com
   jeremy.sternberg@hkaw.com
   lynne.xerras@hklaw.com

*Counsel to Customers Bank*

/s/ *Zachary I. Shapiro*

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele, Esq. (No. 5530)
Zachary I. Shapiro, Esq. (No. 5103)
Matthew P. Milana, Esq. (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
        steele@rlf.com
        shapiro@rlf.com
        milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Richard W. Slack (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
E-mail:       ray.schrock@weil.com
              candace.arthur@weil.com
              theodore.tsekerides@weil.com
              Richard.slack@weil.com
              natasha.hwangpo@weil.com
              chase.bentley@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

7