**Exhibit A**
**Objection Response Chart**

*In re Kabbage, Inc. d/b/a KServicing*
Ch. 11 Case No. 22-10951 (CTG)

**Summary of the Objections and Debtors' Responses**[1]

| Objecting Party | Summary of Objections | Debtors' Responses | Status |
|---|---|---|---|
| United States Trustee ("**U.S. Trustee**") [D.I. 431] | The opt-out rights, as provided by the Debtors' proposed form of ballot, are deficient because there is no option to accept the Plan and "opt-out" of the release. | The ballots are appropriate and consistent with the requirements of the Bankruptcy Code and corresponding rules. Holders who are eligible to vote and vote to accept the plan do not require an ability to opt-out of the releases. *See* Disclosure Statement, I.C; Reply, ¶¶ 34-40. | Pending. |
| | Non-voting classes should be provided an opt-out form with respect to the releases and that the Debtors' proposed releases require affirmative action to be deemed consensual. | Parties in nonvoting classes appropriately have the opportunity to object to the releases. *See* Disclosure Statement, I.C; Reply ¶¶ 41-44. | Pending. |
| United States of America on behalf of itself and the Small Business Administration ("**United States**") [D.I. 433] | The Disclosure Statement does not contain adequate disclosure regarding third-party loan servicers' access to loan documentation and information necessary to service the loans. | The Debtors are in ongoing discussions with the United States to resolve any concerns that they have regarding third-party loan servicers' access to loan documentation, including with respect to the transfer of certain non-transferred Pledged PPPLF Loan documentation to the SBA.<br><br>As revised, the Disclosure Statement includes disclosure regarding the potential paths ahead (*e.g.* transfer of loan servicing obligations to third parties or Post-Effective Date PPP Servicing), the work done to date, and importantly, what a work plan for what remains. *See* Disclosure Statement, I.B; Reply, ¶ 31. | Pending. |
| Cross River Bank ("**CRB**") [D.I. 437] | The Disclosure Statement does not contain adequate disclosure regarding the projected recoveries the Debtors' anticipate unsecured creditors such as CRB will | The Disclosure Statement states that sources of distribution under the Plan will include, among other things, proceeds from the Estate Causes of Action. These proceeds are necessarily uncertain given they may be pursued by the | Pending. |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' Omnibus Reply to Objections to Disclosure Statement* (full title) (the "**Reply**"), the applicable Objection, the Plan, the Disclosure Statement, or the Motion, as applicable. This chart summarizes certain key issues raised in the Objections. To the extent that an Objection or a specific point raised in an Objection is not addressed herein, the Debtors reserve the right to respond to such Objection up to and at the hearing on the Disclosure Statement. The Debtors reserve all rights with respect to the confirmation objections raised in the Objections.

| Objecting Party | Summary of Objections | Debtors' Responses | Status |
|---|---|---|---|
| | receive and how the Debtors' intend to fund the Plan distribution. | Wind Down Officer on a post-Effective Date basis. *See* Disclosure Statement, V.I; Reply, ¶ 19. | |
| | The Debtors are not entitled to make certain assumptions in their Liquidation Analysis with respect to creditor recoveries based on projections of outstanding balances of loan portfolios. | The Debtors disclose the reasonable basis for their assumptions in their Liquidation Analysis, including with respect to certain ranges of recoveries. Disclosure Statement, Exhibit C. The Debtors will be prepared to prove at confirmation that the assumptions are reasonable, as the standard requires. | To be addressed in connection with confirmation of the Plan. |
| | The Disclosure Statement does not contain adequate disclosure regarding the causes of action, including claims against shareholders and management. | The Disclosure Statement discloses that the Debtors are investigating any potential claims and causes of action relating to the AmEx Transaction. *See* Disclosure Statement, V.I. The Debtors' plan supplement will reflect a schedule of retained Causes of Action. | Pending. |
| | The Disclosure Statement does not contain adequate disclosure regarding the current Board of Directors and their connections to the Debtors' existing shareholders. | The Disclosure Statement discloses information regarding the Board of Directors and their connections to current shareholders. *See* Disclosure Statement, II.C. | Pending. |
| | The Disclosure Statement does not contain adequate disclosure regarding the identity of the Wind Down Officer and process for selection. | The Debtors will disclose as part of their plan supplement, the identity of the Wind Down Officer; the plan supplement as part of confirmation, is subject to objection. The Plan also provides CRB with consultation rights over the identity of the Wind Down Officer and certain material decisions of the Wind Down Officer. *See* Plan § 5.4(a), (b). | To be addressed in connection with confirmation of the Plan |
| | The plan is patently unconfirmable because the issuance of a single share to the Wind Down Officer to hold as a custodian for former holders of KServicing Equity Interests violates the absolute priority rule. | The Plan states the single share is held in trust consistent with such holders' priority, which is, by definition, treated as junior to holders of General Unsecured Claims and consistent with the absolute priority rule. The single share construct is a standard one, meant to preserve the priority waterfall for tax-reasons, which has been approved by courts in this district with respect to other plans. The Plan as revised, reflects certain language that for the avoidance of doubt notes, the Wind Down Officer owes fiduciary duties to creditor beneficiaries and owes no fiduciary duties to KServicing Existing Equity Interests on account of the Single Share until all Allowed Claims have been satisfied in full. *See* Plan, § 5.4(d). | Pending. |

2

| **Objecting Party** | **Summary of Objections** | **Debtors' Responses** | **Status** |
|---|---|---|---|
| | The Disclosure Statement does not contain adequate disclosure regarding how the Debtors will accomplish the transfer of servicing, and, in particular, with respect to the ability to transfer data to any applicable third-party servicer. | As revised, the Disclosure Statement includes additional information on how the Debtors intend to transfer the loan servicing obligations or provide Post-Effective Date PPP Servicing. *See* Disclosure Statement, I.B. | Pending. |
| | The Debtors' proposed releases as overly broad, unjustified, and not permitted. | Objections to releases are confirmation objections rather than an objection to the adequacy of the information in the Disclosure Statement, and should be addressed in connection with confirmation. | To be addressed in connection with confirmation of the Plan. |
| | The opt-out rights, as provided by the Debtors' proposed form of ballot, are deficient because there is no option to accept the Plan and "opt-out" of the release. | The ballots are appropriate and consistent with the requirements of the Bankruptcy Code and corresponding rules. Holders who are eligible to vote and vote to accept the plan do not require an ability to opt-out of the releases. *See* Disclosure Statement, I.C; Reply ¶¶ 34-40. | Pending. |
| | Contingent claims should not be allowed in the form of $1.00 for voting purposes as such a restriction is improper and inconsistent with the plain language of the Bankruptcy Code. | As explained in the Reply, courts have routinely approved voting and tabulation procedures that provide that holders of contingent claims may vote in the amount of $1.00. *See* Reply ¶ 46. | Pending. |
| | 10 days is insufficient time to object to the Debtors' Assumption Schedule and service of the notice of assumption or rejection be served on counsel through the ECF system or some electronic means. | 10 days to object to the Assumption Schedule is sufficient and more time than is contemplated under the local rules. Reply ¶¶ 47-48. | Resolved. |
| | The Debtors fail to disclose the impact that the dischargeability of certain governmental claims may have on the Debtors' ability to consummate the Plan, the ability to implement the transactions and other actions contemplated by the Plan, or creditor recoveries under the Plan. In particular, the Debtors entered into a stipulation with the United States to extend the government's deadline to bring a nondischargeability complaint premised on, among other things, the False Claims Act. | Given that the Debtors' Plan is a chapter 11 plan of liquidation, the Debtors are not seeking a discharge pursuant to section 1141(d). *See* Plan, § 10.3((f)(2). A nondischargable general unsecured claim, does not affect plan feasibility (which is a confirmation issue because the nondischargable nature of a claim does not affect its priority). Pursuant to section 1122(a) and 1123(a)(4) of the Bankruptcy Code, unsecured creditors holding nondischargeable debts are to be classified and treated the same as general unsecured claims with dischargeable debts. *In re Howell,* 84 B.R. 834, 836 (Bankr. M.D. Fla. 1988) ("Pursuant to § 1123(a)(4) of the Code, each claim or interest of a particular class must receive the same treatment | Pending. |

3

| Objecting Party | Summary of Objections | Debtors' Responses | Status |
|---|---|---|---|
| | | under a plan. Section 1122(a) of the Code prohibits the placing of substantially similar claims in separate classes … Accordingly, the plain language of §§ 1122(a) and 1123(a)(4) suggests that unsecured creditors holding nondischargeable debts are to be classified and treated the same as other unsecured creditors."). | |