**<u>EXHIBIT 2</u>**

**Blackline**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                      :
In re                                 :      Chapter 11
                                      :
KABBAGE, INC. d/b/a KSERVICING, et al.,  :   Case No. 22-10951 (CTG)
                                      :
                                      :
        Debtors.¹                     :      (Jointly Administered)
                                      :
                                      :      Re: Docket Nos. 14, 63, 98, 176, 246,
                                      :         252, 313
------------------------------------------------------------ x
```

**ORDER (I) APPROVING THE DISCLOSURE
STATEMENT OF THE DEBTORS, (II) ESTABLISHING
SOLICITATION, VOTING, AND RELATED PROCEDURES,
(III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF
PLAN, (V) APPROVING SPECIAL ELECTRONIC NOTICING PROCEDURES,
(VI) APPROVING DEBTORS' PROPOSED CURE PROCEDURES FOR UNEXPIRED
LEASES AND EXECUTORY CONTRACTS, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")² of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order (i) approving the Debtors' disclosure statement, (ii) establishing solicitation, voting, and related procedures, (iii) scheduling confirmation hearing, (iv) establishing notice and objection procedures for plan confirmation, (v) approving special electronic noticing procedures, (vi) approving Debtors' proposed cure procedures for unexpired

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

² Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion, Plan, or Disclosure Statement as applicable.

leases and executory contracts, and (vii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT

A.    <u>Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline</u>.  Notice of the Motion, the Disclosure Statement Hearing, and the Disclosure Statement Objection Deadline, provided due, proper, and adequate notice, comport with due process and complied with Bankruptcy Rules 2002 and 3017 and Local Rules 2002-1, 3017-1, and 9006-1.  No further notice is required.

B.    <u>Disclosure Statement</u>.  The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code, as well as adequate disclosure of the Plan release, injunction, and exculpation provisions.  No further information is necessary.

C.      <u>Parties Entitled to Vote</u>.  Pursuant to the Plan, holders of Claims in Class 3 (Reserve Bank Claims) and Class 4 (General Unsecured Claims) are impaired under the Plan and entitled to receive or retain property under the Plan.  Accordingly, holders of Allowed Claims in such classes are entitled to vote on account of such Claims.

D.      <u>Parties Not Entitled to Vote</u>.  Pursuant to the Plan, holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are unimpaired, and therefore deemed to accept the Plan.  Holders of Claims or Interests in Class 5 (Intercompany Claims), Class 7 (Subordinated Securities Claims), and Class 8 (KServicing Equity Interests) are impaired and not receiving or retaining any property under the Plan, and therefore, deemed to reject the Plan. Class 6 (Intercompany Interests) is either impaired or unimpaired and deemed to accept or reject. Accordingly, holders of Interests in such class are conclusively presumed to accept or reject the Plan and not entitled to vote on account of such Interests.

E.      <u>Balloting and Voting Procedures</u>.  The procedures set forth in the Motion for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.      <u>Ballots</u>.    The ballots substantially in the forms annexed hereto as **Exhibits 2-A** and **2-B** (collectively, the "**Ballots**"), including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these Chapter 11 Cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

G.      <u>Solicitation</u>.  The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties of the Voting Deadline, Plan Objection Deadline, Confirmation

Hearing, and other related matters. The period proposed by the Debtors during which the Debtors may solicit votes to accept or reject the Plan, as set forth in this Order, is a reasonable and sufficient period of time for the holders of Claims in the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

       H.    <u>Notice of Confirmation Hearing and Plan Objection Deadline</u>.  The procedures set forth in the Motion, including the Special Electronic Noticing Procedures, regarding notice to parties of the time, date, and place of the Confirmation Hearing and for filing objections or responses to the Plan, provide due, proper, and adequate notice, comport with due process, and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1.  No further notice is required.

       I.    <u>Cure Procedures</u>.  The Cure Procedures are reasonable and provide a sufficient timeline for filing objections relating to assumption or assumption and assignment of executory contracts and leases pursuant to the Plan.

       J.    <u>Notice</u>.  All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

       K.    <u>Relief is Warranted</u>.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

       **IT IS HEREBY ORDERED THAT**:

1.    The Motion is granted to the extent set forth herein.

2.    The following dates and deadlines are hereby established (subject to modification) with respect to solicitation of the Plan, voting on the Plan, and confirmation of the Plan:

| | |
|---|---|
| Voting Record Date | **January 19, 2023** |
| Solicitation Date | **No later than three business days after entry of Proposed Order** |
| Deadline to file an Objection to or a Request for Estimation of a Claim for Voting Purposes | **February 14, 2023** |
| Plan Supplement Filing Deadline | **February 14, 2023** |
| Rule 3018 Motion Deadline | **February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time)** |
| Voting Deadline | **February 21, 2023 at 5:00 p.m. (Prevailing Eastern Time)** |
| Plan Objection Deadline | **February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time)** |
| Rule 3018 Objection Deadline | **February 28, 2023** |
| Deadline to File (i) Reply to Plan Objection(s), (ii) Brief in Support of Plan Confirmation, (iii) Declarations in Support of Confirmation, and (iv) Voting Certification | **March 9, 2023 at 12:00 p.m. (Prevailing Eastern Time)** |
| Confirmation Hearing | **March 13, 2023 at 10:00 a.m. (Prevailing Eastern Time)** |

***Disclosure Statement***

3.      The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

4.      All objections, if any, to the Disclosure Statement or procedures described therein and approved by this Order that have not been withdrawn or resolved as provided for in the record of the Disclosure Statement Hearing are overruled.

***Solicitation and Voting Procedures***

***Parties Entitled to Vote***

5.      Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, subject to certain exceptions set forth in the Motion.

6.      The Non-Voting Creditors and Interest Holders in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), and Class 6 (Intercompany Interests) (if so treated) are presumed to accept the Plan.

7.      The Non-Voting Creditors and Interest Holders in Class 5 (Intercompany Claims), Class 6 (Intercompany Interests) (if so treated), Class 7 (Subordinated Securities Claims), and Class 8 (KServicing Equity Interests) are deemed to reject the Plan.

***Temporary Allowance / Disallowance of Claims***

8.      Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors and other parties in interest in any other context, each Claim held by a holder of a Claim within a Voting Class is temporarily Allowed in an amount equal to the amount of such Claim either as set forth in the Schedules or in a properly and timely filed proof of claim, subject to the Temporary Allowance Exceptions as provided by the Motion.

9.      **February 21, 2023 by or before 4:00 p.m. (Prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**") shall be the deadline to file and serve any motion requesting temporary allowance of a Claim for purposes of voting pursuant to Bankruptcy Rule 3018(a) (the "**Rule 3018(a) Motion(s)**").  Rule 3018(a) Motions must be filed with the Court and served

on the Objection Notice Parties[3] so as to be **actually received** not later than the Rule 3018(a) Motion Deadline.

10. Any objection to a Rule 3018(a) Motion must be filed by **February 28, 2023**. Any Rule 3018(a) Motion and related objections shall be considered by the Court at the Confirmation Hearing.

11. The deadline to object to or file a request to estimate any Claim solely for purposes of voting on the Plan shall be **February 14, 2023**.

12. Nothing in this Order shall affect or limit any party's rights to object to any Proof of Claim or Rule 3018(a) Motion.

***Voting Record Date***

13. The Voting Record Date shall be **January 19, 2023**. Only holders of Claims in the Voting Classes as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

14. The record holders of Claims and Interests shall be determined, as of the Voting Record Date, based upon the records of the Debtors and Omni.

15. With respect to transfers of Claims and Interests filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim or Interest is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim or Interest only if: (i) all actions necessary to transfer such Claim or Interest are completed by the Voting Record Date; or (ii) the transferee files by the Voting Record Date (a) all documentation

---

[3] The Objection Notice Parties shall include: (a) the Debtors, Kabbage, Inc. d/b/a KServicing, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309, Attn: Holly Loiseau, General Counsel (hloiseau@kservicecorp.com); (b) Counsel to Debtors, (i) Weil, Gotshal & Manges LLP, Attn: Ray C. Schrock (ray.schrock@weil.com), Candace M. Arthur (candace.arthur@weil.com), Natasha Hwangpo (natasha.hwangpo@weil.com), and Chase Bentley (chase.bentley@weil.com) and (ii) Richards, Layton & Finger, P.A., Attn: Daniel J DeFranceschi (defranceschi@rlf.com), Amanda R. Steele (steele@rlf.com), and Zachary I. Shapiro (shapiro@rlf.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov) and Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (d) counsel to any official committee appointed in these Chapter 11 Cases.

required by Bankruptcy Rule 3001(e) to evidence the transfer, and (b) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

### *Solicitation Packages*

16.     The Solicitation Packages are **APPROVED**.

17.     The Debtors shall mail by first class mail the Solicitation Packages to holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, as required by Bankruptcy Rule 3017(d), no later than **three (3) business days following the date of entry of the Disclosure Statement Order** (the "**Solicitation Date**").

18.     Solicitation Packages shall contain:

(a)     a USB flash drive containing this Order (without attachments), the Disclosure Statement, and the Plan;

(b)     a paper copy of the Confirmation Hearing Notice; and

(c)     a paper copy of the Ballot for the applicable Class.

19.     Any eligible holder of a Claim in the Voting Classes that received documents in the Solicitation Package on a USB flash drive may request paper copies of this Order, without attachments, the Disclosure Statement and the Plan, at no cost to the creditor, by contacting Omni by email at kservicinginquiries@omniagnt.com or by telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international).

20.     The Debtors shall not be required to send Solicitation Packages to creditors that held Claims that have already been paid in full.  However, if any such creditor would be entitled to receive a Solicitation Package for any other reason, then the Debtors shall send such creditor a Solicitation Package in accordance with the procedures set forth herein.  Such creditors are entitled

to receive any other notices they may be entitled to receive in connection with the Plan and Confirmation Hearing.

21.    With respect to addresses from which Solicitation Packages are returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to each Person (as defined in the Plan) listed at such addresses unless the Debtors are provided with accurate addresses for such Persons before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such Persons will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017 unless otherwise ordered by the Court.

22.    On the Solicitation Date, the Debtors shall mail by first class mail the Confirmation Hearing Notice to the Non-Voting Creditors and Interest Holders in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 5 (Intercompany Claims), Class 6 (Intercompany Interests), Class 7 (Subordinated Securities Claims), and Class 8 (KServicing Equity Interests).

***Ballots***

23.    The Ballots, substantially in the form annexed hereto as **Exhibits 2-A** and **2-B** are **APPROVED**.

24.    The Debtors are authorized to make non-substantive changes to the Ballots and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Ballots and any other materials in the Solicitation Packages.

25.    The Voting Deadline shall be **February 21, 2023 by or before 5:00 p.m. (Prevailing Eastern Time)**.

26.    The Debtors, in their sole discretion, are authorized to grant an extension of the Voting Deadline in writing with respect to any Ballot received after the Voting Deadline.

27.    All Ballots must be properly executed, completed, and delivered to Omni by first class mail, overnight courier, or hand delivery so that they are **actually received** by Omni no later than the Voting Deadline.  In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors are authorized to accept Ballots from holders of Claims via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' Case Website to be maintained by Omni (the "**E- Ballot Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature).  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

*Tabulation Procedures*

28.    The Tabulation Procedures are **APPROVED**.

*Confirmation Hearing*

29.    The Confirmation Hearing shall be held on **March 13, 2023 at 10:00 a.m. (Prevailing Eastern Time)**.  The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice, including adjournments announced in open Court, or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

### *Plan Supplement*

30.    The Debtors shall file with the Court and post to the Case Website the Plan Supplement by **no later than February 14, 2023,** and are authorized to supplement or amend such Plan Supplement as necessary thereafter.  If the Plan Objection Deadline or the Voting Deadline is extended and such extension is reflected on a notice filed on the docket, the Debtors shall be authorized to file the Plan Supplement by the earlier of seven (7) days prior to such extended Plan Objection Deadline or Voting Deadline, as applicable.

### *Plan Objections and Reply*

31.    The deadline to object or respond to confirmation of the Plan shall be **February 21, 2023 at 4:00 P.M. (Prevailing Eastern Time)** (the "**Plan Objection Deadline**").

32.    Objections and responses, if any, to confirmation of the Plan, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (iv) set forth the basis for the objection and the specific grounds therefor; and (v) be filed with the Court.

33.    Any objection or response also must be served by email and received by the Objection Notice Parties no later than the Plan Objection Deadline.

34.    Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled unless otherwise ordered by the Court.

35.    The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply, the Voting Certification, and any affidavits or declarations in support

of confirmation of the Plan by **March 9, 2023 at 12:00 p.m. (Prevailing Eastern Time)** (the "**Reply Deadline**").  In addition, any party in interest may file and serve a statement in support of confirmation of the Plan or a reply to any objections to confirmation of the Plan by the Reply Deadline.  The Voting Certification shall include, among other things, (i) a certification of the amount and number of holders of Claims who actually voted in the Voting Classes and the results of such votes, (ii) a list of each Ballot that did not conform to the voting instructions or that contains any defect or irregularity, (iii) a list of each Ballot in which the Debtors waived any defect or irregularity as to any such Ballot, (iv) a list of holders of Claims in the Voting Classes that opted out of the third-party releases in Section 10.6 of the Plan, and (v) a list of any agreements with a creditor to allow any Claim solely for voting purposes.

 *Confirmation Hearing Notice*

36.    The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit 1** is **APPROVED**.

37.    The Debtors shall not be required to send the Confirmation Hearing Notice or the Solicitation Package, as applicable, to holders of Claims or Interests that are non-Debtor affiliates.

38.    The Debtors are authorized to publish the Publication Notice in the national edition of *USA Today*.  The Debtors shall also publish the Confirmation Hearing Notice on the Debtors' case management website.

39.    The Debtors' Special Electronic Noticing Procedures are **APPROVED**.

40.    For the avoidance of doubt, the Special Electronic Noticing Procedures shall not apply to any Borrower in Class 4 (General Unsecured Claims), and consistent with the Creditor Matrix Order, the named plaintiffs (or their counsel) in the putative class action filed as *Jason Carr, Vicki LeMaster, Edward Ford Services LLC, Carlton Morgan, 365 Sun LLC and Candice*

*Worthy, individually and on behalf of all others similarly situated v. Kabbage, Inc. d/b/a K Servicing*, Case No. 1:22-cv-01249-VMC (N.D. Ga. Mar. 30, 2022).

41.    To the extent the Debtors do not have an email address on file for a Borrower, the Debtors have received a "bounce-back" email in response to the electronic service of the notices served in these Chapter 11 Cases, or a Borrower has indicated to the Debtors that it wishes to receive notices by physical mail as provided in the Creditor Matrix Order, the Debtors will serve the Confirmation Hearing Notice via first-class mail directed to the last known physical address, if available, maintained in their books and records for such Borrower, or the address at which they have indicated they wish to receive service of physical notices.

*Cure Procedures*

42.    The Cure Procedures are **APPROVED**.

*General*

43.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages.

44.    The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

45.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## **EXHIBIT 1**

**Notice of Confirmation Hearing**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
                                     :

In re                                 :      **Chapter 11**
                                       :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.,*  :      **Case No. 22-10951 (CTG)**
                                       :

              **Debtors.**[1]      :      **(Jointly Administered)**
                                       :

                                     :      **Obj. Deadline: Feb. 21, 2023 at 4:00 p.m. (ET)**
                                     :      **Hearing Date: Mar. 13, 2023 at 10:00 a.m.**
                                     :      **(ET)**
---------------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE
STATEMENT OF THE DEBTORS (II) ESTABLISHMENT
OF SOLICITATION, VOTING, AND RELATED PROCEDURES,
(III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF
PLAN, (V) APPROVAL OF SPECIAL ELECTRONIC NOTICING PROCEDURES
(VI) APPROVAL OF DEBTORS' PROPOSED CURE PROCEDURES FOR UNEXPIRED
LEASES AND EXECUTORY CONTRACTS, AND (VII) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

        1.    ***Approval of Disclosure Statement***.  On January 19, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") held a hearing (the "**Disclosure Statement Hearing**") at which it approved the *Amended* Disclosure Statement for the *Amended* Joint Chapter 11 Plan *of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Debtor Affiliates*, filed ~~October 5~~on January 19, ~~2022~~ 2023 [D.I. ~~63~~467] (as may be amended, modified, or supplemented, the "**Disclosure Statement**")[2] in connection with the chapter 11 cases of Kabbage, Inc. d/b/a KServicing and its debtor affiliates (collectively the "**Debtors**"), and thereafter entered an order (the "**Order**") with respect thereto.  The Order, among other things, authorizes the Debtors to solicit votes to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Debtor Affiliates,* filed on ~~October 3~~January 19, ~~2022~~ 2023 [D.I. ~~14~~466] (as may be amended, modified, or supplemented, the "**Plan**").

        2.    ***Confirmation Hearing***.  A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been scheduled before the Honorable Craig T. Goldblatt, United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion, Disclosure Statement or the Plan, as applicable, or as the context otherwise requires.

Bankruptcy Judge in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor, Courtroom 7, Wilmington, Delaware 19801, on **March 13, 2023 at 10:00 a.m. (Prevailing Eastern Time)**.  The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

3.      *Voting Record Date*.  The following holders of Claims against the Debtors as of **January 19, 2023** (the "**Voting Record Date**") in the Classes listed in the table below are entitled to vote on the Plan:

| Class | Description |
|---|---|
| Class 3 | Reserve Bank Claims |
| Class 4 | General Unsecured Claims |

4.      *Voting Deadline*.  All votes to accept or reject the Plan must be **actually received** by the Debtors' voting agent, Omni Agent Solutions ("**Omni**"), by no later than **February 21, 2023 at 5:00 p.m. (Prevailing Eastern Time)** (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5.      *Parties in Interest Not Entitled to Vote*.  Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), and Class 6 (Intercompany Interests) (if so treated) are holders of unimpaired claims or interests and are deemed to accept the Plan. Class 5 (Intercompany Claims), Class 6 (Intercompany Interests) (if so treated), Class 7 (Subordinated Securities Claims), and Class 8 (KServicing Equity Interests) are holders of impaired claims or interests and are deemed to reject the Plan.  Holders in such claims and interests are not entitled to vote on the Plan, and will not receive a Ballot. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, Fee Claims, and Priority Tax Claims, have not been classified and, therefore, holders of such Claims are not entitled to vote and will not receive a Ballot.

6.      *Temporary Allowance of Claim for Voting*.  If you disagree with the amount set forth by the Debtors for your Claim in the Schedules, or if you have filed a proof of claim and disagree with either (i) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan; or (ii) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or Class, then you must serve, by email, on the Objection Notice Parties identified in paragraph 8 below and file with the Bankruptcy Court a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") requesting temporary allowance of your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed on or before **February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time)**.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.  Holders of Claims or Interests may contact Omni by (i) visiting Omni's website for these Chapter 11 Cases at www.omniagentsolutions.com/kservicing (ii) writing to Kabbage, Inc. d/b/a KServicing, et al., c/o Omni Agent Solutions, Solicitation Team, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (iii) by email at kservicinginquiries@omniagnt.com, or (iv) by telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international) to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted.  Any objection to a Rule 3018(a) Motion must be filed by **February 28, 2023**.  Any Rule 3018(a) Motion and related objections shall be considered by the Bankruptcy Court at the Confirmation Hearing.

7.    *Objections to Confirmation*.  The deadline to object or respond to confirmation of the Plan is **February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Objections and responses, if any, to confirmation of the Plan, must:  (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (iv) provide the basis for the objection and the specific grounds therefor; and (v) be filed with the Bankruptcy Court.

8.    In addition, any objections or responses must also be served by email so that they are **actually received** by the following Objection Notice Parties no later than the Plan Objection Deadline: (a) the Debtors, Kabbage, Inc. d/b/a KServicing, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309, Attn: Holly Loiseau, General Counsel (hloiseau@kservicecorp.com); (b) Counsel to Debtors, (i) Weil, Gotshal & Manges LLP, Attn: Ray C. Schrock (ray.schrock@weil.com), Candace M. Arthur (candace.arthur@weil.com), Natasha Hwangpo (natasha.hwangpo@weil.com), and Chase Bentley (chase.bentley@weil.com) and (ii) Richards, Layton & Finger, P.A., Attn: Daniel J DeFranceschi (defranceschi@rlf.com), Amanda R. Steele (steele@rlf.com), and Zachary I. Shapiro (shapiro@rlf.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov) and Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (d) counsel to any official committee appointed in these Chapter 11 Cases.

9.    IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

10.    *Additional Information*.  Any party in interest wishing to obtain a copy of the Disclosure Statement and the Plan should contact Omni Agent Solutions, the Debtors' solicitation agent, (i) in writing at Kabbage, Inc. d/b/a KServicing, et al., c/o Omni Agent Solutions, Solicitation Team, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (ii) by email at kservicinginquiries@omniagnt.com, or (iii) by telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international).  Interested parties may also review the Disclosure Statement and the Plan free of charge at www.omniagentsolutions.com/kservicing.  In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be reviewed for a fee by accessing the Bankruptcy Court's website: www.deb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at www.pacer.psc.uscourts.gov.

## Notice Regarding Certain Release, Exculpation, and Injunction Provisions in Plan

11.    **Please be advised that Article X of the Plan contains certain release, exculpation, and injunction provisions, including those set forth below.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

### Section 10.3 of the Plan:  Plan Injunction

(a)    **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, discharged, or released pursuant to the Plan.**

(b)    Except as expressly provided in the Plan, the Definitive Documents, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are treated by the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable, or the property of any of the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Wind Down Estates, or the Wind Down Officer; or the property of any of the Debtors, or the Wind Down Estates, as applicable; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Wind Down Estates, or the property of any of the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, or the Wind Down Estates, as applicable, or against property or interests in property of any of the Debtors, or the Wind Down Estates, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)    By accepting distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.3.

(d)    The injunctions in this Section 10.3 shall extend to any successors of the Debtors, or the Wind Down Estates, as applicable, and their respective property and interests in property.

(e)    Notwithstanding the foregoing, nothing in this Section 10.3 shall enjoin the assertion of a defensive right of recoupment.

(f)    Nothing in the Plan or Confirmation Order shall (1) enjoin, release, impair or otherwise preclude the United States (i) from pursuing any criminal action or any police or regulatory action, (ii) from pursuing any liability to the United States that is not a Claim, (iii) from exercising any rights of setoff or recoupment subsequent to confirmation of the Plan or any order granting substantive consolidation, and such rights are preserved, and (iv) from pursuing any claim of the United States arising on or after the Confirmation Date; and (2) grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

<u>Section 10.5 of the Plan:  Releases by Debtors</u>

As of the Effective Date, the Debtors, and each of their respective Affiliates, on behalf of themselves and their respective Estates, including any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, including the Wind Down Estate, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, and waived each Released Party from any and all claims, interests,

obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of or the transactions or events giving rise to any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  The releases set forth in this paragraph shall not extend to any Claim or Cause of Action against any Debtor or Affiliate arising out of the American Express Transaction or the distribution of any consideration or value received on account of the American Express Transaction. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (ii) the releases by the Debtors set forth above shall not impair any Estate Causes of Action against a non-Released Party.

### Section 10.6 of the Plan:  Releases by Holders of Claims and Interests

As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or

any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

> **PLEASE BE ADVISED THAT IF YOUR CLAIM IS
> (I) UNIMPAIRED UNDER THE PLAN AND YOU ARE DEEMED TO ACCEPT THE PLAN,
> (II) IMPAIRED UNDER THE PLAN AND DEEMED TO REJECT THE PLAN, OR (III)
> UNCLASSFIED UNDER THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED  THE
> RELEASES CONTAINED IN SECTION 10.6 OF THE PLAN UNLESS YOU TIMELY OBJECT
> TO SUCH RELEASES BY THE PLAN OBJECTION DEADLINE IN ACCORDANCE WITH
> PARAGRAPH 7 OF THIS NOTICE.**

### Section 10.7 of the Plan:  Exculpation

To the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, arising between the Commencement Date and the Effective Date, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities.

To the extent section 1125(e) of the Bankruptcy Code applies, the Exculpated Parties have, and upon completion of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable laws, rules, or regulations protecting such Exculpated Parties from liability.  Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above shall not be construed as exculpating any party or entity from its post-Effective Date obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

### Section 10.8 of the Plan:  Waiver of Statutory Limitation on Releases.

EACH RELEASING PARTY IN EACH OF THE RELEASES CONTAINED IN THE PLAN (INCLUDING UNDER SECTION 10 OF THE PLAN) EXPRESSLY ACKNOWLEDGES THAT ALTHOUGH ORDINARILY A GENERAL RELEASE MAY NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR,

**WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE PARTY RELEASED, IT HAS CAREFULLY CONSIDERED AND TAKEN INTO ACCOUNT IN DETERMINING TO ENTER INTO THE ABOVE RELEASES THE POSSIBLE EXISTENCE OF SUCH UNKNOWN LOSSES OR CLAIMS. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EACH RELEASING PARTY EXPRESSLY WAIVES ANY AND ALL RIGHTS CONFERRED UPON IT BY ANY STATUTE OR RULE OF LAW WHICH PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE RELEASED PARTY, INCLUDING THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542. THE RELEASES CONTAINED IN <u>SECTION 10</u> OF THE PLAN ARE EFFECTIVE REGARDLESS OF WHETHER THOSE RELEASED MATTERS ARE PRESENTLY KNOWN, UNKNOWN, SUSPECTED OR UNSUSPECTED, FORESEEN OR UNFORESEEN.**

**Notice of Assumption of Executory Contracts and**
**<u>Unexpired Leases of Debtors and Related Procedures</u>**

11.     Section 8 of the Plan provides, as of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; (iv) is identified in <u>Section 8.4</u> of the Plan; or (v) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

12.     Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the assumptions, assumptions and assignments, or rejections provided for in the Plan pursuant to sections 365(a) and 1123 of the Bankruptcy Code and a determination by the Bankruptcy Court that Wind Down Estates, as applicable, have provided adequate assurance of future performance under such assumed executory contracts and unexpired leases. Each executory contract and unexpired lease assumed or assumed and assigned pursuant to the Plan shall vest in and be fully enforceable by the Wind Down Estates, as applicable, in accordance with its terms, except as modified by the provisions of the Plan, any order of the Bankruptcy Court authorizing and providing for its assumption, or applicable law. For the avoidance of doubt, the Program Agreements are not executory contracts or unexpired leases.

13.     Any Cure Amount shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Amount, as reflected in the applicable cure notice, in Cash on the Effective Date, subject to the limitations described below, or on such other terms as the parties to such executory contracts or unexpired leases and the Debtors may otherwise agree.

14.     The Debtors shall file, as part of the Plan Supplement, the Assumption Schedule. At least fourteen (14) days before the Confirmation Hearing, the Debtors shall serve a notice on parties to executory contracts or unexpired leases to be assumed or assumed and assigned reflecting the Debtors' intention to potentially assume or assume and assign the contract or lease in connection with this Plan and, where applicable, setting forth the proposed Cure Amount (if any). **Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed, served, and actually received by the Debtors within ten (10) days of the service of the assumption notice, or such shorter period as agreed to by the parties or authorized by the Bankruptcy Court.** Any counterparty to an executory contract or unexpired lease that does not timely object to the notice of the proposed assumption of such executory contract or unexpired

7

lease shall be deemed to have assented to assumption of the applicable executory contract or unexpired lease notwithstanding any provision thereof that purports to (i) prohibit, restrict, or condition the transfer or assignment of such contract or lease; (ii) terminate or modify, or permit the termination or modification of, a contract or lease as a result of any direct or indirect transfer or assignment of the rights of any Debtor under such contract or lease or a change, if any, in the ownership or control to the extent contemplated by the Plan; (iii) increase, accelerate, or otherwise alter any obligations or liabilities of any Debtor, or any Wind Down Estate, under such executory contract or unexpired lease; or (iv) create or impose a Lien upon any property or Asset of any Debtor, or Wind Down Estates, as applicable.  Each such provision shall be deemed to not apply to the assumption of such executory contract or unexpired lease pursuant to the Plan and counterparties to assumed executory contracts or unexpired leases that fail to object to the proposed assumption in accordance with the terms set forth in this Section 8.2(b), shall forever be barred and enjoined from objecting to the proposed assumption or to the validity of such assumption (including with respect to any Cure Amounts or the provision of adequate assurance of future performance), or taking actions prohibited by the foregoing or the Bankruptcy Code on account of transactions contemplated by the Plan.

15.     If there is an Assumption Dispute pertaining to assumption of an executory contract or unexpired lease (other than a dispute pertaining to a Cure Amount), such dispute shall be heard by the Bankruptcy Court prior to such assumption being effective; *provided*, that the Debtors or Wind Down Estates, as applicable, may settle any Assumption Dispute without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

16.     To the extent an Assumption Dispute relates solely to the Cure Amount, the Debtors may assume and/or assume and assign the applicable executory contract or unexpired lease prior to the resolution of the Assumption Dispute; *provided*, that the Debtors or the Wind Down Estate, as applicable, reserve Cash in an amount sufficient to pay the full amount reasonably asserted as the required cure payment by the non-Debtor party to the extent such executory contract or unexpired lease (or such smaller amount as may be fixed or estimated by the Bankruptcy Court or otherwise agreed to by such non-Debtor party and the applicable Reorganized Debtor or the Wind Down Estate, as applicable).  The Debtors or Wind Down Estates, as applicable, may settle any dispute regarding the Cure Amount or the nature thereof without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

17.     Assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims against any Debtor or defaults by any Debtor, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease.  Any proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed or assumed and assigned shall be deemed Disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity, upon the assumption of such executory contract or unexpired leases.

Dated:  January ___, 2023
        Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele, Esq. (No. 5530)
Zachary I. Shapiro, Esq. (No. 5103)
Matthew P. Milana, Esq. (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur, Esq. (admitted *pro hac vice*)
Natasha S. Hwangpo, Esq. (admitted *pro hac vice*)
Chase A. Bentley, Esq. (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>EXHIBIT 2-A</u>**

**Reserve Bank Claims Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

--------------------------------------------------------- x
                        :
In re                    :          **Chapter 11**
                        :
**KABBAGE, INC. d/b/a KSERVICING,** *et al.,*  :     **Case No. 22-10951 (CTG)**
                        :
                        :
             **Debtors.**[1]     :     **(Jointly Administered)**
                        :
--------------------------------------------------------- x

**BALLOT FOR ACCEPTING OR REJECTING**
**JOINT CHAPTER 11 PLAN OF LIQUIDATION OF**
**KABBAGE, INC. (D/B/A KSERVICING) AND ITS DEBTOR AFFILIATES**

**CLASS 3**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
**COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY FEBRUARY 21, 2023 BY**
**5:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE")**

       The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Ballot to you because our records indicate that you are a holder of a Claim in Class 3 (Reserve Bank Claims) and, accordingly, you have a right to vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. —466] (as may be amended, modified, or supplemented, the "**Plan**").[2]

       Your rights are described in the Debtors' *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors*, and all exhibits related thereto [Docket No. —467] (as may be amended, modified, or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein), or the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. [•]] (the "**Disclosure Statement Order**"), as applicable, or as the context otherwise requires.

supplemented, the "**Disclosure Statement**") and the Disclosure Statement Order.  The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, you may contact Omni Agent Solutions ("**Omni**"), the voting agent retained by the Debtors in these Chapter 11 Cases, by (i) visiting Omni's website for these Chapter 11 Cases at www.omniagentsolutions.com/kservicing, (ii) writing to Kabbage, Inc. d/b/a KServicing, et al., c/o Omni Agent Solutions, Solicitation Team, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (iii) e-mail at the following address kservicinginquiries@omniagnt.com, or (iv) telephone at 866-956-2138 (toll free) or 747-226-5953 (international).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: www.pacer.psc.uscourts.gov.

The Court has approved the Disclosure Statement as containing adequate information, as defined under section 1125 of the Bankruptcy Code.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact Omni at the address, telephone number, or e-mail address set forth above.

*You should review the Disclosure Statement and the Plan carefully before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 3 under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.*

If Omni does not receive your Ballot on or before the Voting Deadline, which is **February 21, 2023 at 5:00 P.M. (Prevailing Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count.  **If the Court confirms the Plan, it will bind you regardless of whether you vote.**  You may submit your Ballot through Omni's online electronic balloting portal (the "**E-Balloting Portal**") or by returning this paper Ballot.

<table>
<tr><td>

**If Submitting Your Vote through the E-Balloting Portal**

---

**Omni will accept Ballots if properly completed through the E-Balloting Portal.  To submit your Ballot via the E-Balloting Portal, visit the following website: www.omniagentsolutions.com/kservicing, click on the "E-Ballot" section of the Debtors' website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot ID#:**_____

**Omni's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims identified and described in your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Claimants who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Omni on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

---

**If Submitting Your Vote by Overnight Courier, Hand Delivery, or First-Class Mail:**

---

**Kabbage, Inc. d/b/a KServicing, et. al.**
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100,
Woodland Hills, CA 91367

</td></tr>
</table>

**Item 1.  Treatment of Your Class 3 Reserve Bank Claim.**

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Class 3 Reserve Bank Claim if the Plan is consummated, and except to the extent that a holder of an Allowed Reserve Bank Claim against the Debtors agrees to a less favorable treatment of such Claim, each holder of an Allowed Reserve Bank Claim shall receive the following treatment in respect of the Allowed Reserve Bank Claims:

        (i)      The Reserve Bank Secured Claims will receive[3] (x) the PPPLF Collateral; *provided that*, to the extent the PPPLF

---

[3] The Reserve Bank and the Debtors will agree prior to the confirmation hearing on whether title to the Pledged PPPLF Loans will be transferred to the Reserve Bank or its designee or remain with the Wind Down Estate.

Collateral is transferred to the Reserve Bank or its designee, such transfer shall only pertain to such Pledged PPPLF Loans that as of the date of the transfer shall not have been fully forgiven or guarantee repurchased by the SBA or fully repaid by the borrower and/or (y) the cash proceeds of the PPPLF Collateral, where in accordance with section 5.3 hereof (1) servicing of the loans that constitute PPPLF Collateral shall be transferred to a different servicer on or prior to the Effective Date, or (2) at the Debtors' sole discretion, the Debtors offer Post-Effective Date PPP Servicing and the Reserve Bank consents to such post-Effective Date PPP Servicing and pays the Reserve Bank Servicing Costs.

(ii)     Reserve Bank Priority Claims will receive GUC Pool Class A Interests.

(iii)    For the avoidance of doubt, (x) the Reserve Bank shall not receive Cash in excess of the Reserve Bank Claims and any amounts in excess of the Reserve Bank Claims paid in Cash to the Reserve Bank on account of the Allowed Reserve Bank Claims shall revert to the Wind Down Estate and (y) any Liens on the Pledged PPPLF Loans granted to or held in favor of the Reserve Bank shall remain in place and continue on and after the Effective Date.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

<u>**Item 2.**</u>  **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date **January 19, 2023**, the undersigned holder was the holder of a Class 3 Reserve Bank Claim against the Debtors in the following principal amount (insert amount in box below) for voting:

| |
|---|
| Amount of Claim:  $_____ |

<u>**Item 3.**</u>  **Vote on Plan and Consent to Third Party Release.**

**In this item of the Ballot, you will be given the choice to vote to accept, reject or abstain from voting on the Plan and consent (or not consent) to the third party releases in Section 10.6 of the Plan (the "Third Party Releases").  The complete text of the Third Party Release is set forth later in this Ballot.**

**You have the following four options regarding voting on the Plan and/or consenting to the Third Party Release: (i) vote to accept the Plan and consent to the Third Party Release, (ii) vote to reject the Plan and consent to the Third Party Release, (iii) vote to reject the Plan and opt out of the Third Party Release and (iv) abstain from voting on the Plan and opt out of the Third Party Release.**

**Please check ONE box below.**

☐ **ACCEPT THE PLAN AND CONSENT TO THE THIRD PARTY RELEASE**

☐ **REJECT THE PLAN AND CONSENT TO THE THIRD PARTY RELEASE**

☐ **REJECT THE PLAN AND OPT OUT OF THE THIRD PARTY RELEASE**

☐ **ABSTAIN FROM VOTING THE PLAN AND OPT OUT OF THE THIRD PARTY RELEASE**

Any Ballot that is executed by the holder of a Claim, but that checks more than one box above or does not indicate either an acceptance or rejection of the Plan, will not be counted.

Please also be advised that if you do not return your Ballot, you will be deemed to have consented to the Third Party Release.

If no holders of Class 3 Reserve Bank Claims eligible to vote to accept or reject the Plan vote on the Plan, then the Plan will be deemed accepted by Class 3 Reserve Bank Claims.

<u>**Section 10.6 of the Plan provides for the following releases**</u>:

**As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party[4] shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties[5] from any and all claims, interests, obligations, rights, suits, damages, Causes of**

---

[4] **"Released Parties"** means, collectively, each of the following in their capacity as such: (a) the Debtors‸ and the Debtors' Released Related Parties; (b) the Wind Down Estates and the Wind Down Estate's Released Related Parties; and (c) the Reserve Bank and its Released Related Parties.

[5] **"Releasing Parties"** means, collectively, each of the following in their capacity as such: (a) the Reserve Bank; (b) all holders of Claims in Class 4 who vote to accept the Plan and do not affirmatively opt-out of the releases in accordance with the ballot to solicit acceptances of the Plan; (c) all holders of Claims that are unimpaired and deemed to accept or impaired and deemed to reject the Plan and who do not object to the releases in Section 10.6 of the Plan; (d) all holders of Interests in Class 6; (e) all holders of Claims that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who do not affirmatively opt-out of the releases in accordance with the ballot to solicit acceptances or rejections of the Plan; (f) all holders of Claims not otherwise included in the foregoing clauses (a) – (e) who have notice and an opportunity to object to the releases and who do not object to the releases in Section 10.6 of the Plan; and (g) with respect to each of the foregoing Entities and Persons in clauses (a) – (f), all of their respective Releasing Related

Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

<u>Section 10.8 of the Plan:  Waiver of Statutory Limitation on Releases.</u>

EACH RELEASING PARTY IN EACH OF THE RELEASES CONTAINED IN THE PLAN (INCLUDING UNDER <u>SECTION 10</u> OF THE PLAN) EXPRESSLY ACKNOWLEDGES THAT ALTHOUGH ORDINARILY A GENERAL RELEASE MAY NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE PARTY RELEASED, IT HAS CAREFULLY CONSIDERED AND TAKEN INTO ACCOUNT IN DETERMINING TO ENTER INTO THE ABOVE RELEASES THE POSSIBLE EXISTENCE OF SUCH UNKNOWN LOSSES OR CLAIMS.  WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EACH RELEASING PARTY EXPRESSLY WAIVES ANY AND ALL RIGHTS CONFERRED UPON IT BY ANY STATUTE OR RULE OF LAW WHICH PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE RELEASED PARTY, INCLUDING THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542. THE RELEASES CONTAINED IN <u>SECTION 10</u> OF THE PLAN ARE EFFECTIVE REGARDLESS OF WHETHER THOSE RELEASED MATTERS ARE PRESENTLY

---

Parties solely with respect to claims that such Entities or Persons could have properly asserted on behalf of such Entities or Persons in clauses (a) – (f).

**KNOWN, UNKNOWN, SUSPECTED OR UNSUSPECTED, FORESEEN OR UNFORESEEN.**

<u>**Item 4.**</u>  **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors:

a.  that as of the Voting Record Date the undersigned is either: (a) the Person that is the holder of the Class 3 Reserve Bank Claim(s) being voted; or (b) the Person that is an authorized signatory for the Person that is the holder of the Class 3 Reserve Bank Claim(s) being voted;

b.  that the Person has received a copy of the Disclosure Statement, the Plan, and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.  that the Person has cast the same vote with respect to all Class 3 Reserve Bank Claims;

d.  that no other Ballots with respect to the amount of the Class 3 Reserve Bank Claim(s) identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

e.  that the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 3 Reserve Bank Claim(s);

f.  that the Person understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) under the Plan;

g.  that the Person acknowledges and understands that (a) if no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class; and (b) any Class of Claims that does not have a holder of an Allowed Claim, or a Claim temporarily allowed by the Court as of the date of the Confirmation Hearing, shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

h.  that the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Holder: _____
(Please print or type)

Signature: _____

Name of Holder: _____

Name of Signatory: _____
(If other than holder)[6]

Title: _____

Address: _____

_____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

---

[6] If you are completing this Ballot on behalf of another Person, indicate your relationship with such Person and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOTING PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOTING PORTAL, OR BY FIRST CLASS MAIL, OVER NIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS FEBRUARY 21, 2023 AT 5:00 P.M. PREVAILING EASTERN TIME.**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.     The Debtors are soliciting the votes of holders of certain Claims with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2.     The Court may confirm the Plan and thereby bind you to the terms of the Plan.  Please review the Disclosure Statement for more information.

3.     Omni's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.  To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot platform on Omni's website.  Your Ballot must be received by Omni no later than the Voting Deadline, unless such time is extended by the Debtors.

**HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

4.     If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class, overnight courier, or hand delivery to:

**Kabbage, Inc. d/b/a KServicing, et al.**
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100,
Woodland Hills, CA 91367

5.     To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept, reject, or abstain from voting on the Plan in the boxes provided in Item 3 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein.  The Voting Deadline for the receipt of Ballots by Omni is **February 21, 2023 at 5:00 p.m. (Prevailing Eastern Time)**.  Your completed Ballot must be received by Omni on or before the Voting Deadline.

6.      Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

7.      If you cast more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

8.      If you cast a Ballot that is properly completed, executed, and timely returned to Omni, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9.      If you cast a Ballot that is properly completed, executed, and timely returned to Omni, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10.     You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11.     If you cast Ballots received by Omni on the same day, but which are voted inconsistently, such Ballots will not be counted.

12.     The following Ballots shall not be counted:

(i)     any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

(ii)    any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

(iii)   any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

(iv)    any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

(v)     any unsigned Ballot;

(vi)    any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

(vii)   any Ballot transmitted to Omni by means not specifically approved herein.

13.     If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Omni, the

Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14.    If you hold Claims in more than one Voting Class, you must use separate Ballots for each Class of Claims.

15.    The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

16.    Neither the Debtors, nor any other Person, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

17.    Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

18.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Omni will accept delivery of any such certificates or instruments surrendered together with a Ballot.

19.    This Ballot does not constitute, and shall not be deemed to be (i) a proof of claim or (ii) an assertion or admission of a Claim.

20.    If you believe you have received the wrong Ballot, you should contact Omni immediately at telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international) or by email to kservicinginquiries@omniagnt.com and include "Kabbage, Inc., d/b/a KServicing" in the subject line.

## PLEASE SUBMIT YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AT 866-956-2138 (U.S. & CANADA TOLL FREE) OR 747-226-5953 (INTERNATIONAL)**

**\*\*\*\***

## **EXHIBIT 2-B**

### **General Unsecured Claims Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                                           :
**In re**                                                  :    **Chapter 11**
                                                           :
**KABBAGE, INC. d/b/a KSERVICING, *et al.*,**              :    **Case No. 22-10951 (CTG)**
                                                           :
                                                           :
                                                           :
**Debtors.**[1]                                            :    **(Jointly Administered)**
                                                           :
---------------------------------------------------------- x

**BALLOT FOR ACCEPTING OR REJECTING**
**JOINT CHAPTER 11 PLAN OF LIQUIDATION OF**
**KABBAGE, INC. (D/B/A KSERVICING) AND ITS DEBTOR AFFILIATES**

**CLASS 4**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
**COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY FEBRUARY 21, 2023 BY**
**5:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE")**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Ballot to you because our records indicate that you are a holder of a Claim in Class 4 (General Unsecured Claims) and, accordingly, you have a right to vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. —466] (as may be amended, modified, or supplemented, the "**Plan**").[2]

Your rights are described in the Debtors' *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors*, and all exhibits related thereto [Docket No. —467] (as may be amended, modified, or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein), or the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. [•]] (the "**Disclosure Statement Order**"), as applicable, or as the context otherwise requires.

supplemented, the ("**Disclosure Statement**") and the Disclosure Statement Order.  The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, you may contact Omni Agent Solutions ("**Omni**"), the voting agent retained by the Debtors in these Chapter 11 Cases, by (i) visiting Omni's website for these Chapter 11 Cases at www.omniagentsolutions.com/kservicing, (ii) writing to Omni at Kabbage, Inc. d/b/a KServicing, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (iii) e-mail at the following address kservicinginquiries@omniagnt.com, or (iv) telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: www.pacer.psc.uscourts.gov.

The Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact Omni at the address, telephone number, or e-mail address set forth above.

*You should review the Disclosure Statement and the Plan carefully before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 4 under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.*

If Omni does not receive your Ballot on or before the Voting Deadline, which is **February 21, 2023, at 5:00 p.m. (Prevailing Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count.  **If the Court confirms the Plan, it will bind you regardless of whether you vote.**  You may submit your Ballot through Omni's online electronic balloting portal (the "**E-Balloting Portal**") or by returning this paper Ballot.

| **If Submitting Your Vote through the E-Balloting Portal** |
|---|
| **Omni will accept Ballots if properly completed through the E-Balloting Portal.  To submit your Ballot via the E-Balloting Portal, visit the following website: www.omniagentsolutions.com/kservicing, click on the "E-Ballot" section of the Debtors' website, and follow the instructions to submit your Ballot.**<br><br>**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**<br><br>    **Unique E-Ballot ID#:**_____<br><br>**Omni's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**<br><br>**Each E-Ballot ID# is to be used solely for voting only those Claims or Interests identified and described in your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Claimants who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**<br><br>**If your Ballot is not received by Omni on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |
| **If Submitting Your Vote by Overnight Courier, Hand Delivery, or First Class Mail:** |
| **Kabbage, Inc. d/b/a KServicing**, **et al.**<br>c/o Omni Agent Solutions<br>5955 De Soto Ave., Suite 100,<br>Woodland Hills, CA 91367 |

**Item 1.  Treatment of Your Class 4 General Unsecured Claim.**

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Class 4 General Unsecured Claim if it is Allowed and the Plan is consummated, and except to the extent that a holder of an Allowed General Unsecured Claim against the Debtors agrees to a less favorable treatment of such Claim, each holder of an Allowed General Unsecured Claim in full and final satisfaction of Allowed General Unsecured Claims, will receive the following:

          (i)        Allowed General Unsecured Claims will receive its *pro rata* share of the GUC Pool Class B Interests.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

**Item 2.**  **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, **January 19, 2023** the undersigned holder was the holder of a Class 4 General Unsecured Claim in the following principal amount(s) (insert amount in box below) for voting:

> Amount of Claim:  $_____
>
> Debtor:  _____

**Item 3.**  **Vote on Plan and Consent to Third Party Release.**

**In this item of the Ballot, you will be given the choice to vote to accept, reject or abstain from voting on the Plan and consent (or not consent) to the third party releases in Section 10.6 of the Plan (the "Third Party Releases").  The complete text of the Third Party Release is set forth later in this Ballot.**

**You have the following ~~four~~ five options regarding voting on the Plan and/or consenting to the Third Party Release: (i) vote to accept the Plan and consent to the Third Party Release, (ii) vote to accept the Plan and opt out of the Third Party Release, (iii) vote to reject the Plan and consent to the Third Party Release, (~~iii~~iv) vote to reject the Plan and opt out of the Third Party Release, and (~~iv~~v) abstain from voting on the Plan and opt out of the Third Party Release.**

**Please check ONE box below.**

☐ **ACCEPT THE PLAN AND CONSENT TO THE THIRD PARTY RELEASE**

☐ **ACCEPT THE PLAN AND OPT OUT OF THE THIRD PARTY RELEASE**

☐ **REJECT THE PLAN AND CONSENT TO THE THIRD PARTY RELEASE**

☐ **REJECT THE PLAN AND OPT OUT OF THE THIRD PARTY RELEASE**

☐ **ABSTAIN FROM VOTING THE PLAN AND OPT OUT OF THE THIRD PARTY RELEASE**

Any Ballot that is executed by the holder of a Claim, but that checks more than one box above or does not indicate either an acceptance or rejection of the Plan, will not be counted.

If no holders of Class 4 General Unsecured Claims eligible to vote to accept or reject the Plan, then the Plan will be deemed accepted by Class 4 General Unsecured Claims.

**Section 10.6 of the Plan provides for the following releases:**

**As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party[3] shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties[4] from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct.**

---

[3] ***"Released Parties"*** means, collectively, each of the following in their capacity as such: (a) the Debtors~~'~~ and the Debtors' Released Related Parties; (b) the Wind Down Estates and the Wind Down Estate's Released Related Parties; and (c) the Reserve Bank and its Released Related Parties.

[4] ***"Releasing Parties"*** means, collectively, each of the following in their capacity as such: (a) the Reserve Bank; (b) all holders of Claims in Class 4 who vote to accept the Plan and do not affirmatively opt-out of the releases in accordance with the ballot to solicit acceptances of the Plan; (c) all holders of Claims that are unimpaired and deemed to accept or impaired and deemed to reject the Plan and who do not object to the releases in Section 10.6 of the Plan; (d) all holders of Interests in Class 6; (e) all holders of Claims that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who do not affirmatively opt-out of the releases in accordance with the ballot to solicit acceptances or rejections of the Plan; (f) all holders of Claims not otherwise included in the foregoing clauses (a) – (e) who have notice and an opportunity to object to the releases and who do not object to the releases in Section 10.6 of the Plan; and (g) with respect to each of the foregoing Entities and Persons in clauses (a) – (f), all of their respective Releasing Related Parties solely with respect to claims that such Entities or Persons could have properly asserted on behalf of such Entities or Persons in clauses (a) – (f).

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Section 10.8 of the Plan:  Waiver of Statutory Limitation on Releases.**

**EACH RELEASING PARTY IN EACH OF THE RELEASES CONTAINED IN THE PLAN (INCLUDING UNDER SECTION 10 OF THE PLAN) EXPRESSLY ACKNOWLEDGES THAT ALTHOUGH ORDINARILY A GENERAL RELEASE MAY NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE PARTY RELEASED, IT HAS CAREFULLY CONSIDERED AND TAKEN INTO ACCOUNT IN DETERMINING TO ENTER INTO THE ABOVE RELEASES THE POSSIBLE EXISTENCE OF SUCH UNKNOWN LOSSES OR CLAIMS.  WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EACH RELEASING PARTY EXPRESSLY WAIVES ANY AND ALL RIGHTS CONFERRED UPON IT BY ANY STATUTE OR RULE OF LAW WHICH PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE RELEASED PARTY, INCLUDING THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542. THE RELEASES CONTAINED IN SECTION 10 OF THE PLAN ARE EFFECTIVE REGARDLESS OF WHETHER THOSE RELEASED MATTERS ARE PRESENTLY KNOWN, UNKNOWN, SUSPECTED OR UNSUSPECTED, FORESEEN OR UNFORESEEN.**

**Item 4.  Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors:

    a.   that as of the Voting Record Date the undersigned is either: (a) the Person that is the holder of the Class 4 General Unsecured Claim(s) being voted; or (b) the Person that is an authorized signatory for the Person that is the holder of the Class 4 General Unsecured Claim(s) being voted;

    b.   that the Person has received a copy of the Disclosure Statement, the Plan, and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    c.   that the Person has cast the same vote with respect to all Class 4 General Unsecured Claims;

    d.   that no other Ballots with respect to the amount of the Class 4 General Unsecured Claim(s) identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

e.   that the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 4 General Unsecured Claim(s);

f.   that the Person understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) under the Plan;

g.   that the Person acknowledges and understands that (a) if no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class; and (b) any Class of Claims that does not have a holder of an Allowed Claim, or a Claim temporarily allowed by the Court as of the date of the Confirmation Hearing, shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

h.   that the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Holder: _____
(Please print or type)

Signature: _____

Name of Signatory: _____
(If other than holder)[5]

Title: _____

Address: _____

_____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

---

[5] If you are completing this Ballot on behalf of another Person, indicate your relationship with such Person and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOTING PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOTING PORTAL, OR BY FIRST CLASS MAIL, OVER NIGHT COURIER OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS ON FEBRUARY 21, 2023 PREVAILING EASTERN TIME BY 5:00 P.M.**

## <u>INSTRUCTIONS FOR COMPLETING BALLOTS</u>

1.  The Debtors are soliciting the votes of holders of certain Claims with respect to the Plan annexed as **<u>Exhibit A</u>** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2.  The Court may confirm the Plan and thereby bind you to the terms of the Plan. Please review the Disclosure Statement for more information.

3.  Omni's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot platform on Omni's website. Your Ballot must be received by Omni no later than the Voting Deadline, unless such time is extended by the Debtors.

    **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

4.  If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class, overnight courier, or hand delivery to:

    **Kabbage, Inc. d/b/a KServicing, et al.**
    c/o Omni Agent Solutions
    5955 De Soto Ave., Suite 100,
    Woodland Hills, CA 91367

5.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein. The Voting Deadline for the receipt of Ballots by Omni is on **February 21, 2023 at 5:00 P.M. (Prevailing Eastern Time)**. Your completed Ballot must be received by Omni on or before the Voting Deadline.

6.  Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

7.  If you cast more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

8.  If you cast a Ballot that is properly completed, executed, and timely returned to Omni, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9.  If you cast a Ballot that is properly completed, executed, and timely returned to Omni, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10. You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11. If you cast Ballots received by Omni on the same day, but which are voted inconsistently, such Ballots will not be counted.

12. The following Ballots shall not be counted:

    (i)   any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    (ii)  any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

    (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

    (iv)  any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

    (v)   any unsigned Ballot;

    (vi)  any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    (vii) any Ballot transmitted to Omni by means not specifically approved herein.

13. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Omni, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14. If you hold Claims in more than one Voting Class, you must use separate Ballots for each Class of Claims.

15.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

16.     Neither the Debtors, nor any other Person, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

17.     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

18.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Omni will accept delivery of any such certificates or instruments surrendered together with a Ballot.

19.     This Ballot does not constitute, and shall not be deemed to be (i) a proof of claim or (ii) an assertion or admission of a Claim.

20.     If you believe you have received the wrong Ballot, you should contact Omni immediately at 866-956-2138 (Toll Free) or 747-226-5953 (International) or by email to kservicinginquiries@omniagnt.com and include "Kabbage, Inc. d/b/a KServicing" in the subject line.

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AT 866-956-2138 (TOLL FREE) OR 747-226-5953 (INTERNATIONAL)**

****