UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re                                                       : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                   : Case No. 22-10951 (CTG)
:
:
Debtors.[1]                                                 : (Jointly Administered)
:
: Re: Docket Nos. 14, 63, 98, 176, 246,
:     252, 313 & 468
------------------------------------------------------------ x

**ORDER (I) APPROVING THE DISCLOSURE
STATEMENT OF THE DEBTORS, (II) ESTABLISHING
SOLICITATION, VOTING, AND RELATED PROCEDURES,
(III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF
PLAN, (V) APPROVING SPECIAL ELECTRONIC NOTICING PROCEDURES,
(VI) APPROVING DEBTORS' PROPOSED CURE PROCEDURES FOR UNEXPIRED
LEASES AND EXECUTORY CONTRACTS, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order (i) approving the Debtors' disclosure statement, (ii) establishing solicitation, voting, and related procedures, (iii) scheduling confirmation hearing, (iv) establishing notice and objection procedures for plan confirmation, (v) approving special electronic noticing procedures, (vi) approving Debtors' proposed cure procedures for unexpired

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion, Plan, or Disclosure Statement as applicable.

leases and executory contracts, and (vii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**

A.  <u>Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline</u>.  Notice of the Motion, the Disclosure Statement Hearing, and the Disclosure Statement Objection Deadline, provided due, proper, and adequate notice, comport with due process and complied with Bankruptcy Rules 2002 and 3017 and Local Rules 2002-1, 3017-1, and 9006-1.  No further notice is required.

B.  <u>Disclosure Statement</u>.  The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code, as well as adequate disclosure of the Plan release, injunction, and exculpation provisions.  No further information is necessary.

C. <u>Parties Entitled to Vote</u>. Pursuant to the Plan, holders of Claims in Class 3 (Reserve Bank Claims) and Class 4 (General Unsecured Claims) are impaired under the Plan and entitled to receive or retain property under the Plan. Accordingly, holders of Allowed Claims in such classes are entitled to vote on account of such Claims.

D. <u>Parties Not Entitled to Vote</u>. Pursuant to the Plan, holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are unimpaired, and therefore deemed to accept the Plan. Holders of Claims or Interests in Class 5 (Intercompany Claims), Class 7 (Subordinated Securities Claims), and Class 8 (KServicing Equity Interests) are impaired and not receiving or retaining any property under the Plan, and therefore, deemed to reject the Plan. Class 6 (Intercompany Interests) is either impaired or unimpaired and deemed to accept or reject. Accordingly, holders of Interests in such class are conclusively presumed to accept or reject the Plan and not entitled to vote on account of such Interests.

E. <u>Balloting and Voting Procedures</u>. The procedures set forth in the Motion for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F. <u>Ballots</u>. The ballots substantially in the forms annexed hereto as **Exhibits 2-A** and **2-B** (collectively, the "**Ballots**"), including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these Chapter 11 Cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Plan. No further information or instructions are necessary.

G. <u>Solicitation</u>. The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties of the Voting Deadline, Plan Objection Deadline, Confirmation

Hearing, and other related matters. The period proposed by the Debtors during which the Debtors may solicit votes to accept or reject the Plan, as set forth in this Order, is a reasonable and sufficient period of time for the holders of Claims in the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

H. <u>Notice of Confirmation Hearing and Plan Objection Deadline</u>. The procedures set forth in the Motion, including the Special Electronic Noticing Procedures, regarding notice to parties of the time, date, and place of the Confirmation Hearing and for filing objections or responses to the Plan, provide due, proper, and adequate notice, comport with due process, and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1. No further notice is required.

I. <u>Cure Procedures</u>. The Cure Procedures are reasonable and provide a sufficient timeline for filing objections relating to assumption or assumption and assignment of executory contracts and leases pursuant to the Plan.

J. <u>Notice</u>. All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing. No further notice is required.

K. <u>Relief is Warranted</u>. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted to the extent set forth herein.

2. The following dates and deadlines are hereby established (subject to modification) with respect to solicitation of the Plan, voting on the Plan, and confirmation of the Plan:

| | |
|---|---|
| Voting Record Date | **January 19, 2023** |
| Solicitation Date | **No later than three business days after entry of Proposed Order** |
| Deadline to file an Objection to or a Request for Estimation of a Claim for Voting Purposes | **February 14, 2023** |
| Plan Supplement Filing Deadline | **February 14, 2023** |
| Rule 3018 Motion Deadline | **February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time)** |
| Voting Deadline | **February 21, 2023 at 5:00 p.m. (Prevailing Eastern Time)** |
| Plan Objection Deadline | **February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time)** |
| Rule 3018 Objection Deadline | **February 28, 2023** |
| Deadline to File (i) Reply to Plan Objection(s), (ii) Brief in Support of Plan Confirmation, (iii) Declarations in Support of Confirmation, and (iv) Voting Certification | **March 9, 2023 at 12:00 p.m. (Prevailing Eastern Time)** |
| Confirmation Hearing | **March 13, 2023 at 10:00 a.m. (Prevailing Eastern Time)** |

*Disclosure Statement*

3.    The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

4.    All objections, if any, to the Disclosure Statement or procedures described therein and approved by this Order that have not been withdrawn or resolved as provided for in the record of the Disclosure Statement Hearing are overruled.

*Solicitation and Voting Procedures*

*Parties Entitled to Vote*

5. Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan, subject to certain exceptions set forth in the Motion.

6. The Non-Voting Creditors and Interest Holders in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), and Class 6 (Intercompany Interests) (if so treated) are presumed to accept the Plan.

7. The Non-Voting Creditors and Interest Holders in Class 5 (Intercompany Claims), Class 6 (Intercompany Interests) (if so treated), Class 7 (Subordinated Securities Claims), and Class 8 (KServicing Equity Interests) are deemed to reject the Plan.

*Temporary Allowance / Disallowance of Claims*

8. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors and other parties in interest in any other context, each Claim held by a holder of a Claim within a Voting Class is temporarily Allowed in an amount equal to the amount of such Claim either as set forth in the Schedules or in a properly and timely filed proof of claim, subject to the Temporary Allowance Exceptions as provided by the Motion.

9. **February 21, 2023 by or before 4:00 p.m. (Prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**") shall be the deadline to file and serve any motion requesting temporary allowance of a Claim for purposes of voting pursuant to Bankruptcy Rule 3018(a) (the "**Rule 3018(a) Motion(s)**"). Rule 3018(a) Motions must be filed with the Court and served

on the Objection Notice Parties[3] so as to be **actually received** not later than the Rule 3018(a) Motion Deadline.

10. Any objection to a Rule 3018(a) Motion must be filed by **February 28, 2023**. Any Rule 3018(a) Motion and related objections shall be considered by the Court at the Confirmation Hearing.

11. The deadline to object to or file a request to estimate any Claim solely for purposes of voting on the Plan shall be **February 14, 2023**.

12. Nothing in this Order shall affect or limit any party's rights to object to any Proof of Claim or Rule 3018(a) Motion.

*Voting Record Date*

13. The Voting Record Date shall be **January 19, 2023**. Only holders of Claims in the Voting Classes as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

14. The record holders of Claims and Interests shall be determined, as of the Voting Record Date, based upon the records of the Debtors and Omni.

15. With respect to transfers of Claims and Interests filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim or Interest is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim or Interest only if: (i) all actions necessary to transfer such Claim or Interest are completed by the Voting Record Date; or (ii) the transferee files by the Voting Record Date (a) all documentation

---

[3] The Objection Notice Parties shall include: (a) the Debtors, Kabbage, Inc. d/b/a KServicing, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309, Attn: Holly Loiseau, General Counsel (hloiseau@kservicecorp.com); (b) Counsel to Debtors, (i) Weil, Gotshal & Manges LLP, Attn: Ray C. Schrock (ray.schrock@weil.com), Candace M. Arthur (candace.arthur@weil.com), Natasha Hwangpo (natasha.hwangpo@weil.com), and Chase Bentley (chase.bentley@weil.com) and (ii) Richards, Layton & Finger, P.A., Attn: Daniel J DeFranceschi (defranceschi@rlf.com), Amanda R. Steele (steele@rlf.com), and Zachary I. Shapiro (shapiro@rlf.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov) and Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (d) counsel to any official committee appointed in these Chapter 11 Cases.

required by Bankruptcy Rule 3001(e) to evidence the transfer, and (b) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date.

*Solicitation Packages*

16. The Solicitation Packages are **APPROVED**.

17. The Debtors shall mail by first class mail the Solicitation Packages to holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, as required by Bankruptcy Rule 3017(d), no later than **three (3) business days following the date of entry of the Disclosure Statement Order** (the "**Solicitation Date**").

18. Solicitation Packages shall contain:

    (a) a USB flash drive containing this Order (without attachments), the Disclosure Statement, and the Plan;

    (b) a paper copy of the Confirmation Hearing Notice; and

    (c) a paper copy of the Ballot for the applicable Class.

19. Any eligible holder of a Claim in the Voting Classes that received documents in the Solicitation Package on a USB flash drive may request paper copies of this Order, without attachments, the Disclosure Statement and the Plan, at no cost to the creditor, by contacting Omni by email at kservicinginquiries@omniagnt.com or by telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international).

20. The Debtors shall not be required to send Solicitation Packages to creditors that held Claims that have already been paid in full. However, if any such creditor would be entitled to receive a Solicitation Package for any other reason, then the Debtors shall send such creditor a Solicitation Package in accordance with the procedures set forth herein. Such creditors are entitled

to receive any other notices they may be entitled to receive in connection with the Plan and Confirmation Hearing.

21. With respect to addresses from which Solicitation Packages are returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to each Person (as defined in the Plan) listed at such addresses unless the Debtors are provided with accurate addresses for such Persons before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such Persons will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017 unless otherwise ordered by the Court.

22. On the Solicitation Date, the Debtors shall mail by first class mail the Confirmation Hearing Notice to the Non-Voting Creditors and Interest Holders in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 5 (Intercompany Claims), Class 6 (Intercompany Interests), Class 7 (Subordinated Securities Claims), and Class 8 (KServicing Equity Interests).

*Ballots*

23. The Ballots, substantially in the form annexed hereto as **Exhibits 2-A** and **2-B** are **APPROVED**.

24. The Debtors are authorized to make non-substantive changes to the Ballots and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Ballots and any other materials in the Solicitation Packages.

25. The Voting Deadline shall be **February 21, 2023 by or before 5:00 p.m. (Prevailing Eastern Time)**.

26. The Debtors, in their sole discretion, are authorized to grant an extension of the Voting Deadline in writing with respect to any Ballot received after the Voting Deadline.

27. All Ballots must be properly executed, completed, and delivered to Omni by first class mail, overnight courier, or hand delivery so that they are **actually received** by Omni no later than the Voting Deadline. In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors are authorized to accept Ballots from holders of Claims via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' Case Website to be maintained by Omni (the "**E- Ballot Portal**"). Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature). The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

*Tabulation Procedures*

28. The Tabulation Procedures are **APPROVED**.

*Confirmation Hearing*

29. The Confirmation Hearing shall be held on **March 13, 2023 at 10:00 a.m. (Prevailing Eastern Time)**. The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice, including adjournments announced in open Court, or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

*Plan Supplement*

30. The Debtors shall file with the Court and post to the Case Website the Plan Supplement by **no later than February 14, 2023,** and are authorized to supplement or amend such Plan Supplement as necessary thereafter. If the Plan Objection Deadline or the Voting Deadline is extended and such extension is reflected on a notice filed on the docket, the Debtors shall be authorized to file the Plan Supplement by the earlier of seven (7) days prior to such extended Plan Objection Deadline or Voting Deadline, as applicable.

*Plan Objections and Reply*

31. The deadline to object or respond to confirmation of the Plan shall be **February 21, 2023 at 4:00 P.M. (Prevailing Eastern Time)** (the "**Plan Objection Deadline**").

32. Objections and responses, if any, to confirmation of the Plan, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (iv) set forth the basis for the objection and the specific grounds therefor; and (v) be filed with the Court.

33. Any objection or response also must be served by email and received by the Objection Notice Parties no later than the Plan Objection Deadline.

34. Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled unless otherwise ordered by the Court.

35. The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply, the Voting Certification, and any affidavits or declarations in support

11

of confirmation of the Plan by **March 9, 2023 at 12:00 p.m. (Prevailing Eastern Time)** (the "**Reply Deadline**"). In addition, any party in interest may file and serve a statement in support of confirmation of the Plan or a reply to any objections to confirmation of the Plan by the Reply Deadline. The Voting Certification shall include, among other things, (i) a certification of the amount and number of holders of Claims who actually voted in the Voting Classes and the results of such votes, (ii) a list of each Ballot that did not conform to the voting instructions or that contains any defect or irregularity, (iii) a list of each Ballot in which the Debtors waived any defect or irregularity as to any such Ballot, (iv) a list of holders of Claims in the Voting Classes that opted out of the third-party releases in Section 10.6 of the Plan, and (v) a list of any agreements with a creditor to allow any Claim solely for voting purposes.

*Confirmation Hearing Notice*

36. The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit 1** is **APPROVED**.

37. The Debtors shall not be required to send the Confirmation Hearing Notice or the Solicitation Package, as applicable, to holders of Claims or Interests that are non-Debtor affiliates.

38. The Debtors are authorized to publish the Publication Notice in the national edition of *USA Today*. The Debtors shall also publish the Confirmation Hearing Notice on the Debtors' case management website.

39. The Debtors' Special Electronic Noticing Procedures are **APPROVED**.

40. For the avoidance of doubt, the Special Electronic Noticing Procedures shall not apply to any Borrower in Class 4 (General Unsecured Claims), and consistent with the Creditor Matrix Order, the named plaintiffs (or their counsel) in the putative class action filed as *Jason Carr, Vicki LeMaster, Edward Ford Services LLC, Carlton Morgan, 365 Sun LLC and Candice*

*Worthy, individually and on behalf of all others similarly situated v. Kabbage, Inc. d/b/a K Servicing*, Case No. 1:22-cv-01249-VMC (N.D. Ga. Mar. 30, 2022).

41. To the extent the Debtors do not have an email address on file for a Borrower, the Debtors have received a "bounce-back" email in response to the electronic service of the notices served in these Chapter 11 Cases, or a Borrower has indicated to the Debtors that it wishes to receive notices by physical mail as provided in the Creditor Matrix Order, the Debtors will serve the Confirmation Hearing Notice via first-class mail directed to the last known physical address, if available, maintained in their books and records for such Borrower, or the address at which they have indicated they wish to receive service of physical notices.

*Cure Procedures*

42. The Cure Procedures are **APPROVED**.

*General*

43. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages.

44. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

45. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: January 19th, 2023
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**