## **EXHIBIT 1**

**Notice of Confirmation Hearing**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, | : | Case No. 22-10951 (CTG) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |
|  | : | Obj. Deadline: Feb. 21, 2023 at 4:00 p.m. (ET) |
|  | : | Hearing Date: Mar. 13, 2023 at 10:00 a.m. (ET) |

---

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT OF THE DEBTORS (II) ESTABLISHMENT OF SOLICITATION, VOTING, AND RELATED PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF PLAN, (V) APPROVAL OF SPECIAL ELECTRONIC NOTICING PROCEDURES (VI) APPROVAL OF DEBTORS' PROPOSED CURE PROCEDURES FOR UNEXPIRED LEASES AND EXECUTORY CONTRACTS, AND (VII) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1.      *Approval of Disclosure Statement*.  On January 19, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") held a hearing (the "**Disclosure Statement Hearing**") at which it approved the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Debtor Affiliates*, filed on January 19, 2023 [D.I. 467] (as may be amended, modified, or supplemented, the "**Disclosure Statement**")[2] in connection with the chapter 11 cases of Kabbage, Inc. d/b/a KServicing and its debtor affiliates (collectively the "**Debtors**"), and thereafter entered an order (the "**Order**") with respect thereto.  The Order, among other things, authorizes the Debtors to solicit votes to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Debtor Affiliates,* filed on January 19, 2023 [D.I. 466] (as may be amended, modified, or supplemented, the "**Plan**").

2.      *Confirmation Hearing*.  A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been scheduled before the Honorable Craig T. Goldblatt, United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion, Disclosure Statement or the Plan, as applicable, or as the context otherwise requires.

Bankruptcy Judge in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor, Courtroom 7, Wilmington, Delaware 19801, on **March 13, 2023 at 10:00 a.m. (Prevailing Eastern Time)**. The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

3.  *Voting Record Date*. The following holders of Claims against the Debtors as of **January 19, 2023** (the "**Voting Record Date**") in the Classes listed in the table below are entitled to vote on the Plan:

| Class | Description |
|---|---|
| Class 3 | Reserve Bank Claims |
| Class 4 | General Unsecured Claims |

4.  *Voting Deadline*. All votes to accept or reject the Plan must be **actually received** by the Debtors' voting agent, Omni Agent Solutions ("**Omni**"), by no later than **February 21, 2023 at 5:00 p.m. (Prevailing Eastern Time)** (the "**Voting Deadline**"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5.  *Parties in Interest Not Entitled to Vote*. Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), and Class 6 (Intercompany Interests) (if so treated) are holders of unimpaired claims or interests and are deemed to accept the Plan. Class 5 (Intercompany Claims), Class 6 (Intercompany Interests) (if so treated), Class 7 (Subordinated Securities Claims), and Class 8 (KServicing Equity Interests) are holders of impaired claims or interests and are deemed to reject the Plan. Holders in such claims and interests are not entitled to vote on the Plan, and will not receive a Ballot. In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, Fee Claims, and Priority Tax Claims, have not been classified and, therefore, holders of such Claims are not entitled to vote and will not receive a Ballot.

6.  *Temporary Allowance of Claim for Voting*. If you disagree with the amount set forth by the Debtors for your Claim in the Schedules, or if you have filed a proof of claim and disagree with either (i) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan; or (ii) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or Class, then you must serve, by email, on the Objection Notice Parties identified in paragraph 8 below and file with the Bankruptcy Court a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") requesting temporary allowance of your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before **February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time)**. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered. Holders of Claims or Interests may contact Omni by (i) visiting Omni's website for these Chapter 11 Cases at www.omniagentsolutions.com/kservicing (ii) writing to Kabbage, Inc. d/b/a KServicing, et al., c/o Omni Agent Solutions, Solicitation Team, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (iii) by email at kservicinginquiries@omniagnt.com, or (iv) by telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international) to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Any objection to a Rule 3018(a) Motion must be filed by **February 28, 2023**. Any Rule 3018(a) Motion and related objections shall be considered by the Bankruptcy Court at the Confirmation Hearing.

7.      *Objections to Confirmation*.  The deadline to object or respond to confirmation of the Plan is **February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Objections and responses, if any, to confirmation of the Plan, must:  (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (iv) provide the basis for the objection and the specific grounds therefor; and (v) be filed with the Bankruptcy Court.

8.      In addition, any objections or responses must also be served by email so that they are **actually received** by the following Objection Notice Parties no later than the Plan Objection Deadline: (a) the Debtors, Kabbage, Inc. d/b/a KServicing, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309, Attn: Holly Loiseau, General Counsel (hloiseau@kservicecorp.com); (b) Counsel to Debtors, (i) Weil, Gotshal & Manges LLP, Attn: Ray C. Schrock (ray.schrock@weil.com), Candace M. Arthur (candace.arthur@weil.com), Natasha Hwangpo (natasha.hwangpo@weil.com), and Chase Bentley (chase.bentley@weil.com) and (ii) Richards, Layton & Finger, P.A., Attn: Daniel J DeFranceschi (defranceschi@rlf.com), Amanda R. Steele (steele@rlf.com), and Zachary I. Shapiro (shapiro@rlf.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov) and Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (d) counsel to any official committee appointed in these Chapter 11 Cases.

9.      IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

10.     *Additional Information*.  Any party in interest wishing to obtain a copy of the Disclosure Statement and the Plan should contact Omni Agent Solutions, the Debtors' solicitation agent, (i) in writing at Kabbage, Inc. d/b/a KServicing, et al., c/o Omni Agent Solutions, Solicitation Team, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (ii) by email at kservicinginquiries@omniagnt.com, or (iii) by telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international).  Interested parties may also review the Disclosure Statement and the Plan free of charge at www.omniagentsolutions.com/kservicing.  In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be reviewed for a fee by accessing the Bankruptcy Court's website: www.deb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at www.pacer.psc.uscourts.gov.

### Notice Regarding Certain Release, Exculpation, and Injunction Provisions in Plan

11.     **Please be advised that Article X of the Plan contains certain release, exculpation, and injunction provisions, including those set forth below.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

### Section 10.3 of the Plan:  Plan Injunction

(a)     **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, discharged, or released pursuant to the Plan.**

(b)     **Except as expressly provided in the Plan, the Definitive Documents, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are treated by the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable, or the property of any of the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Wind Down Estates, or the Wind Down Officer; or the property of any of the Debtors, or the Wind Down Estates, as applicable; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Wind Down Estates, or the property of any of the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, or the Wind Down Estates, as applicable, or against property or interests in property of any of the Debtors, or the Wind Down Estates, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

(c)     **By accepting distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.3.**

(d)     **The injunctions in this Section 10.3 shall extend to any successors of the Debtors, or the Wind Down Estates, as applicable, and their respective property and interests in property.**

(e)     **Notwithstanding the foregoing, nothing in this Section 10.3 shall enjoin the assertion of a defensive right of recoupment.**

(f)     **Nothing in the Plan or Confirmation Order shall (1) enjoin, release, impair or otherwise preclude the United States (i) from pursuing any criminal action or any police or regulatory action, (ii) from pursuing any liability to the United States that is not a Claim, (iii) from exercising any rights of setoff or recoupment subsequent to confirmation of the Plan or any order granting substantive consolidation, and such rights are preserved, and (iv) from pursuing any claim of the United States arising on or after the Confirmation Date; and (2) grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

<u>Section 10.5 of the Plan:  Releases by Debtors</u>

**As of the Effective Date, the Debtors, and each of their respective Affiliates, on behalf of themselves and their respective Estates, including any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, including the Wind Down Estate, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, and waived each Released Party from any and all claims, interests,**

4

**obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of or the transactions or events giving rise to any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. The releases set forth in this paragraph shall not extend to any Claim or Cause of Action against any Debtor or Affiliate arising out of the American Express Transaction or the distribution of any consideration or value received on account of the American Express Transaction. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan and (ii) the releases by the Debtors set forth above shall not impair any Estate Causes of Action against a non-Released Party.**

<u>**Section 10.6 of the Plan: Releases by Holders of Claims and Interests**</u>

**As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or**

any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

> **PLEASE BE ADVISED THAT IF YOUR CLAIM IS**
> **(I) UNIMPAIRED UNDER THE PLAN AND YOU ARE DEEMED TO ACCEPT THE PLAN, (II) IMPAIRED UNDER THE PLAN AND DEEMED TO REJECT THE PLAN, OR (III) UNCLASSFIED UNDER THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN SECTION 10.6 OF THE PLAN UNLESS YOU TIMELY OBJECT TO SUCH RELEASES BY THE PLAN OBJECTION DEADLINE IN ACCORDANCE WITH PARAGRAPH 7 OF THIS NOTICE.**

**Section 10.7 of the Plan: Exculpation**

**To the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, arising between the Commencement Date and the Effective Date, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities**.

**To the extent section 1125(e) of the Bankruptcy Code applies, the Exculpated Parties have, and upon completion of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable laws, rules, or regulations protecting such Exculpated Parties from liability. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above shall not be construed as exculpating any party or entity from its post-Effective Date obligations under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Section 10.8 of the Plan: Waiver of Statutory Limitation on Releases.**

**EACH RELEASING PARTY IN EACH OF THE RELEASES CONTAINED IN THE PLAN (INCLUDING UNDER SECTION 10 OF THE PLAN) EXPRESSLY ACKNOWLEDGES THAT ALTHOUGH ORDINARILY A GENERAL RELEASE MAY NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR,**

6

**WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE PARTY RELEASED, IT HAS CAREFULLY CONSIDERED AND TAKEN INTO ACCOUNT IN DETERMINING TO ENTER INTO THE ABOVE RELEASES THE POSSIBLE EXISTENCE OF SUCH UNKNOWN LOSSES OR CLAIMS.  WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EACH RELEASING PARTY EXPRESSLY WAIVES ANY AND ALL RIGHTS CONFERRED UPON IT BY ANY STATUTE OR RULE OF LAW WHICH PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE RELEASED PARTY, INCLUDING THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542. THE RELEASES CONTAINED IN SECTION 10 OF THE PLAN ARE EFFECTIVE REGARDLESS OF WHETHER THOSE RELEASED MATTERS ARE PRESENTLY KNOWN, UNKNOWN, SUSPECTED OR UNSUSPECTED, FORESEEN OR UNFORESEEN.**

**Notice of Assumption of Executory Contracts and
Unexpired Leases of Debtors and Related Procedures**

11. Section 8 of the Plan provides, as of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; (iv) is identified in Section 8.4 of the Plan; or (v) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

12. Subject to the occurrence of the Effective Date, entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the assumptions, assumptions and assignments, or rejections provided for in the Plan pursuant to sections 365(a) and 1123 of the Bankruptcy Code and a determination by the Bankruptcy Court that Wind Down Estates, as applicable, have provided adequate assurance of future performance under such assumed executory contracts and unexpired leases.  Each executory contract and unexpired lease assumed or assumed and assigned pursuant to the Plan shall vest in and be fully enforceable by the Wind Down Estates, as applicable, in accordance with its terms, except as modified by the provisions of the Plan, any order of the Bankruptcy Court authorizing and providing for its assumption, or applicable law.  For the avoidance of doubt, the Program Agreements are not executory contracts or unexpired leases.

13. Any Cure Amount shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Amount, as reflected in the applicable cure notice, in Cash on the Effective Date, subject to the limitations described below, or on such other terms as the parties to such executory contracts or unexpired leases and the Debtors may otherwise agree.

14. The Debtors shall file, as part of the Plan Supplement, the Assumption Schedule.  At least fourteen (14) days before the Confirmation Hearing, the Debtors shall serve a notice on parties to executory contracts or unexpired leases to be assumed or assumed and assigned reflecting the Debtors' intention to potentially assume or assume and assign the contract or lease in connection with this Plan and, where applicable, setting forth the proposed Cure Amount (if any).  **Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed, served, and actually received by the Debtors within ten (10) days of the service of the assumption notice, or such shorter period as agreed to by the parties or authorized by the Bankruptcy Court.**  Any counterparty to an executory contract or unexpired lease that does not timely object to the notice of the proposed assumption of such executory contract or unexpired

7

lease shall be deemed to have assented to assumption of the applicable executory contract or unexpired lease notwithstanding any provision thereof that purports to (i) prohibit, restrict, or condition the transfer or assignment of such contract or lease; (ii) terminate or modify, or permit the termination or modification of, a contract or lease as a result of any direct or indirect transfer or assignment of the rights of any Debtor under such contract or lease or a change, if any, in the ownership or control to the extent contemplated by the Plan; (iii) increase, accelerate, or otherwise alter any obligations or liabilities of any Debtor, or any Wind Down Estate, under such executory contract or unexpired lease; or (iv) create or impose a Lien upon any property or Asset of any Debtor, or Wind Down Estates, as applicable.  Each such provision shall be deemed to not apply to the assumption of such executory contract or unexpired lease pursuant to the Plan and counterparties to assumed executory contracts or unexpired leases that fail to object to the proposed assumption in accordance with the terms set forth in this Section 8.2(b), shall forever be barred and enjoined from objecting to the proposed assumption or to the validity of such assumption (including with respect to any Cure Amounts or the provision of adequate assurance of future performance), or taking actions prohibited by the foregoing or the Bankruptcy Code on account of transactions contemplated by the Plan.

15. If there is an Assumption Dispute pertaining to assumption of an executory contract or unexpired lease (other than a dispute pertaining to a Cure Amount), such dispute shall be heard by the Bankruptcy Court prior to such assumption being effective; *provided*, that the Debtors or Wind Down Estates, as applicable, may settle any Assumption Dispute without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

16. To the extent an Assumption Dispute relates solely to the Cure Amount, the Debtors may assume and/or assume and assign the applicable executory contract or unexpired lease prior to the resolution of the Assumption Dispute; *provided*, that the Debtors or the Wind Down Estate, as applicable, reserve Cash in an amount sufficient to pay the full amount reasonably asserted as the required cure payment by the non-Debtor party to the extent such executory contract or unexpired lease (or such smaller amount as may be fixed or estimated by the Bankruptcy Court or otherwise agreed to by such non-Debtor party and the applicable Reorganized Debtor or the Wind Down Estate, as applicable).  The Debtors or Wind Down Estates, as applicable, may settle any dispute regarding the Cure Amount or the nature thereof without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

17. Assumption or assumption and assignment of any executory contract or unexpired lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims against any Debtor or defaults by any Debtor, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the date that the Debtors assume or assume and assign such executory contract or unexpired lease.  Any proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed or assumed and assigned shall be deemed Disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity, upon the assumption of such executory contract or unexpired leases.

Dated: January ___, 2023
       Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele, Esq. (No. 5530)
Zachary I. Shapiro, Esq. (No. 5103)
Matthew P. Milana, Esq. (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur, Esq. (admitted *pro hac vice*)
Natasha S. Hwangpo, Esq. (admitted *pro hac vice*)
Chase A. Bentley, Esq. (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

*Attorneys for Debtors
and Debtors in Possession*