**EXHIBIT 2-A**

**Reserve Bank Claims Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                                                    :

In re                                         :           Chapter 11
                                                    :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,   :           Case No. 22-10951 (CTG)
                                                    :

                                 Debtors.[1]               :           (Jointly Administered)
                                                   :
------------------------------------------------------------ x

**BALLOT FOR ACCEPTING OR REJECTING
JOINT CHAPTER 11 PLAN OF LIQUIDATION OF
KABBAGE, INC. (D/B/A KSERVICING) AND ITS DEBTOR AFFILIATES**

**CLASS 3**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY FEBRUARY 21, 2023 BY 5:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>")**

       The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Ballot to you because our records indicate that you are a holder of a Claim in Class 3 (Reserve Bank Claims) and, accordingly, you have a right to vote to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 466] (as may be amended, modified, or supplemented, the "**Plan**").[2]

       Your rights are described in the Debtors' *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors*, and all exhibits related thereto [Docket No. 467] (as may be amended, modified, or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein), or the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. [•]] (the "**Disclosure Statement Order**"), as applicable, or as the context otherwise requires.

supplemented, the "**Disclosure Statement**") and the Disclosure Statement Order.  The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are included in the Solicitation Package you are receiving with this Ballot.  If you need to obtain additional solicitation materials, you may contact Omni Agent Solutions ("**Omni**"), the voting agent retained by the Debtors in these Chapter 11 Cases, by (i) visiting Omni's website for these Chapter 11 Cases at www.omniagentsolutions.com/kservicing, (ii) writing to Kabbage, Inc. d/b/a KServicing, et al., c/o Omni Agent Solutions, Solicitation Team, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (iii) e-mail at the following address kservicinginquiries@omniagnt.com, or (iv) telephone at 866-956-2138 (toll free) or 747-226-5953 (international).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: www.pacer.psc.uscourts.gov.

The Court has approved the Disclosure Statement as containing adequate information, as defined under section 1125 of the Bankruptcy Code.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact Omni at the address, telephone number, or e-mail address set forth above.

*You should review the Disclosure Statement and the Plan carefully before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 3 under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.*

If Omni does not receive your Ballot on or before the Voting Deadline, which is **February 21, 2023 at 5:00 P.M. (Prevailing Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count.  **If the Court confirms the Plan, it will bind you regardless of whether you vote.**  You may submit your Ballot through Omni's online electronic balloting portal (the "**E-Balloting Portal**") or by returning this paper Ballot.

|  |
|---|
| **If Submitting Your Vote through the E-Balloting Portal** |
| **Omni will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit the following website: www.omniagentsolutions.com/kservicing, click on the "E-Ballot" section of the Debtors' website, and follow the instructions to submit your Ballot.**<br><br>**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**<br><br>　　**Unique E-Ballot ID#:_____**<br><br>**Omni's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**<br><br>**Each E-Ballot ID# is to be used solely for voting only those Claims identified and described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Claimants who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**<br><br>**If your Ballot is not received by Omni on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |
| **If Submitting Your Vote by Overnight Courier, Hand Delivery, or First-Class Mail:** |
| Kabbage, Inc. d/b/a KServicing, et. al.<br>c/o Omni Agent Solutions<br>5955 De Soto Ave., Suite 100,<br>Woodland Hills, CA 91367 |

**Item 1. Treatment of Your Class 3 Reserve Bank Claim.**

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Class 3 Reserve Bank Claim if the Plan is consummated, and except to the extent that a holder of an Allowed Reserve Bank Claim against the Debtors agrees to a less favorable treatment of such Claim, each holder of an Allowed Reserve Bank Claim shall receive the following treatment in respect of the Allowed Reserve Bank Claims:

　　　　　　(i)　　The Reserve Bank Secured Claims will receive[3] (x) the PPPLF Collateral; *provided that*, to the extent the PPPLF

---

[3] The Reserve Bank and the Debtors will agree prior to the confirmation hearing on whether title to the Pledged PPPLF Loans will be transferred to the Reserve Bank or its designee or remain with the Wind Down Estate.

3

        Collateral is transferred to the Reserve Bank or its designee, such transfer shall only pertain to such Pledged PPPLF Loans that as of the date of the transfer shall not have been fully forgiven or guarantee repurchased by the SBA or fully repaid by the borrower and/or (y) the cash proceeds of the PPPLF Collateral, where in accordance with section 5.3 hereof (1) servicing of the loans that constitute PPPLF Collateral shall be transferred to a different servicer on or prior to the Effective Date, or (2) at the Debtors' sole discretion, the Debtors offer Post-Effective Date PPP Servicing and the Reserve Bank consents to such post-Effective Date PPP Servicing and pays the Reserve Bank Servicing Costs.

    (ii)    Reserve Bank Priority Claims will receive GUC Pool Class A Interests.

    (iii)    For the avoidance of doubt, (x) the Reserve Bank shall not receive Cash in excess of the Reserve Bank Claims and any amounts in excess of the Reserve Bank Claims paid in Cash to the Reserve Bank on account of the Allowed Reserve Bank Claims shall revert to the Wind Down Estate and (y) any Liens on the Pledged PPPLF Loans granted to or held in favor of the Reserve Bank shall remain in place and continue on and after the Effective Date.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

**Item 2.  Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date **January 19, 2023**, the undersigned holder was the holder of a Class 3 Reserve Bank Claim against the Debtors in the following principal amount (insert amount in box below) for voting:

> Amount of Claim:  $_____

**Item 3.  Vote on Plan and Consent to Third Party Release.**

**In this item of the Ballot, you will be given the choice to vote to accept, reject or abstain from voting on the Plan and consent (or not consent) to the third party releases in Section 10.6 of the Plan (the "Third Party Releases").  The complete text of the Third Party Release is set forth later in this Ballot.**

4

**You have the following four options regarding voting on the Plan and/or consenting to the Third Party Release: (i) vote to accept the Plan and consent to the Third Party Release, (ii) vote to reject the Plan and consent to the Third Party Release, (iii) vote to reject the Plan and opt out of the Third Party Release and (iv) abstain from voting on the Plan and opt out of the Third Party Release.**

**Please check ONE box below.**

☐ **ACCEPT THE PLAN AND CONSENT TO THE THIRD PARTY RELEASE**

☐ **REJECT THE PLAN AND CONSENT TO THE THIRD PARTY RELEASE**

☐ **REJECT THE PLAN AND OPT OUT OF THE THIRD PARTY RELEASE**

☐ **ABSTAIN FROM VOTING THE PLAN AND OPT OUT OF THE THIRD PARTY RELEASE**

Any Ballot that is executed by the holder of a Claim, but that checks more than one box above or does not indicate either an acceptance or rejection of the Plan, will not be counted.

Please also be advised that if you do not return your Ballot, you will be deemed to have consented to the Third Party Release.

If no holders of Class 3 Reserve Bank Claims eligible to vote to accept or reject the Plan vote on the Plan, then the Plan will be deemed accepted by Class 3 Reserve Bank Claims.

**<u>Section 10.6 of the Plan provides for the following releases:</u>**

**As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party[4] shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties[5] from any and all claims, interests, obligations, rights, suits, damages, Causes of**

---

[4] ***"Released Parties"*** means, collectively, each of the following in their capacity as such: (a) the Debtors and the Debtors' Released Related Parties; (b) the Wind Down Estates and the Wind Down Estate's Released Related Parties; and (c) the Reserve Bank and its Released Related Parties.

[5] ***"Releasing Parties"*** means, collectively, each of the following in their capacity as such: (a) the Reserve Bank; (b) all holders of Claims in Class 4 who vote to accept the Plan and do not affirmatively opt-out of the releases in accordance with the ballot to solicit acceptances of the Plan; (c) all holders of Claims that are unimpaired and deemed to accept or impaired and deemed to reject the Plan and who do not object to the releases in Section 10.6 of the Plan; (d) all holders of Interests in Class 6; (e) all holders of Claims that are eligible to vote to accept or reject the Plan that either vote to reject the Plan or abstain from voting on the Plan for all Classes in which they are eligible to vote and who do not affirmatively opt-out of the releases in accordance with the ballot to solicit acceptances or rejections of the Plan; (f) all holders of Claims not otherwise included in the foregoing clauses (a) – (e) who have notice and an opportunity to object to the releases and who do not object to the releases in Section 10.6 of the Plan; and (g) with respect to each of the foregoing Entities and Persons in clauses (a) – (f), all of their respective Releasing Related

5

**Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, the pursuit of consummation of the Effective Date, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing, except for Causes of Action arising from an act or omission of a Released Party that is judicially determined in a Final Order to have constituted actual fraud, gross negligence, criminal misconduct or willful misconduct. Notwithstanding anything to the contrary in the foregoing, the releases set forth above shall not be construed as releasing any post-Effective Date obligations of any party or entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Section 10.8 of the Plan: Waiver of Statutory Limitation on Releases.**

EACH RELEASING PARTY IN EACH OF THE RELEASES CONTAINED IN THE PLAN (INCLUDING UNDER SECTION 10 OF THE PLAN) EXPRESSLY ACKNOWLEDGES THAT ALTHOUGH ORDINARILY A GENERAL RELEASE MAY NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE PARTY RELEASED, IT HAS CAREFULLY CONSIDERED AND TAKEN INTO ACCOUNT IN DETERMINING TO ENTER INTO THE ABOVE RELEASES THE POSSIBLE EXISTENCE OF SUCH UNKNOWN LOSSES OR CLAIMS. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EACH RELEASING PARTY EXPRESSLY WAIVES ANY AND ALL RIGHTS CONFERRED UPON IT BY ANY STATUTE OR RULE OF LAW WHICH PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CLAIMANT DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY IT MAY HAVE MATERIALLY AFFECTED ITS SETTLEMENT WITH THE RELEASED PARTY, INCLUDING THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542. THE RELEASES CONTAINED IN SECTION 10 OF THE PLAN ARE EFFECTIVE REGARDLESS OF WHETHER THOSE RELEASED MATTERS ARE PRESENTLY

---

Parties solely with respect to claims that such Entities or Persons could have properly asserted on behalf of such Entities or Persons in clauses (a) – (f).

**KNOWN, UNKNOWN, SUSPECTED OR UNSUSPECTED, FORESEEN OR UNFORESEEN.**

**Item 4.  Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors:

a.  that as of the Voting Record Date the undersigned is either: (a) the Person that is the holder of the Class 3 Reserve Bank Claim(s) being voted; or (b) the Person that is an authorized signatory for the Person that is the holder of the Class 3 Reserve Bank Claim(s) being voted;

b.  that the Person has received a copy of the Disclosure Statement, the Plan, and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.  that the Person has cast the same vote with respect to all Class 3 Reserve Bank Claims;

d.  that no other Ballots with respect to the amount of the Class 3 Reserve Bank Claim(s) identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

e.  that the Person acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Person's Class 3 Reserve Bank Claim(s);

f.  that the Person understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) under the Plan;

g.  that the Person acknowledges and understands that (a) if no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class; and (b) any Class of Claims that does not have a holder of an Allowed Claim, or a Claim temporarily allowed by the Court as of the date of the Confirmation Hearing, shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

h.  that the Person acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary but that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Holder:  _____
(Please print or type)

Signature:  _____

Name of Holder: _____

Name of Signatory: _____
(If other than holder)[6]

Title: _____

Address: _____

_____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

---

[6] If you are completing this Ballot on behalf of another Person, indicate your relationship with such Person and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

**UNLESS SUBMITTING YOUR VOTE THROUGH THE E-BALLOTING PORTAL, PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.**

**WHETHER SUBMITTING YOUR BALLOT THROUGH THE E-BALLOTING PORTAL, OR BY FIRST CLASS MAIL, OVER NIGHT COURIER, OR HAND DELIVERY, YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS FEBRUARY 21, 2023 AT 5:00 P.M. PREVAILING EASTERN TIME.**

### INSTRUCTIONS FOR COMPLETING BALLOTS

1. The Debtors are soliciting the votes of holders of certain Claims with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2. The Court may confirm the Plan and thereby bind you to the terms of the Plan. Please review the Disclosure Statement for more information.

3. Omni's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. To have your vote counted, you must electronically complete, sign, and return this customized Electronic Ballot by utilizing the E-Ballot platform on Omni's website. Your Ballot must be received by Omni no later than the Voting Deadline, unless such time is extended by the Debtors.

   **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

4. If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class, overnight courier, or hand delivery to:

   **Kabbage, Inc. d/b/a KServicing, et al.**
   c/o Omni Agent Solutions
   5955 De Soto Ave., Suite 100,
   Woodland Hills, CA 91367

5. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept, reject, or abstain from voting on the Plan in the boxes provided in Item 3 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein. The Voting Deadline for the receipt of Ballots by Omni is **February 21, 2023 at 5:00 p.m. (Prevailing Eastern Time)**. Your completed Ballot must be received by Omni on or before the Voting Deadline.

9

6. Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

7. If you cast more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

8. If you cast a Ballot that is properly completed, executed, and timely returned to Omni, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9. If you cast a Ballot that is properly completed, executed, and timely returned to Omni, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10. You shall be deemed to have voted the full amount of your Claim in each Class and shall not be entitled to split your vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11. If you cast Ballots received by Omni on the same day, but which are voted inconsistently, such Ballots will not be counted.

12. The following Ballots shall not be counted:

    (i) any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

    (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

    (iv) any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

    (v) any unsigned Ballot;

    (vi) any Ballot for which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    (vii) any Ballot transmitted to Omni by means not specifically approved herein.

13. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Omni, the

Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14. If you hold Claims in more than one Voting Class, you must use separate Ballots for each Class of Claims.

15. The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

16. Neither the Debtors, nor any other Person, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

17. Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

18. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Omni will accept delivery of any such certificates or instruments surrendered together with a Ballot.

19. This Ballot does not constitute, and shall not be deemed to be (i) a proof of claim or (ii) an assertion or admission of a Claim.

20. If you believe you have received the wrong Ballot, you should contact Omni immediately at telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international) or by email to kservicinginquiries@omniagnt.com and include "Kabbage, Inc., d/b/a KServicing" in the subject line.

**PLEASE SUBMIT YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT OMNI AT 866-956-2138 (U.S. & CANADA TOLL FREE) OR 747-226-5953 (INTERNATIONAL)**

****