## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                   :

In re                                   :         **Chapter 11**
                                     :

**KABBAGE, INC. d/b/a KSERVICING, *et al.*,**     :         **Case No. 22-10951 (CTG)**
                                     :

Debtors.[1]                            :         **(Jointly Administered)**
                                     :

                                     **Obj. Deadline: February 15, 2023 at 4:00 p.m. (ET)**
------------------------------------------------------------ x   **Hearing Date: February 27, 2023 at 10:00 a.m. (ET)**

### DEBTORS' FIRST OMNIBUS
### OBJECTION (SUBSTANTIVE) TO CERTAIN MISCLASSIFIED CLAIMS

> **THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIMS. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE SCHEDULES ATTACHED TO THIS OBJECTION.**

         Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby file this omnibus objection (the "**Objection**")[2] and respectfully represent as follows:

### Relief Requested

         1.       By this Objection, the Debtors seek entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "**Proposed Order**"), pursuant to section 502 of title 11 of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] The facts and circumstances supporting the relief requested herein are set forth in the Thoroddsen Declaration (defined herein). Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Thoroddsen Declaration or the First Day Declaration (defined herein), as applicable.

the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) reclassifying the misclassified priority claims identified on **Schedule 1** hereto (the "**Misclassified Priority Claims**"), (ii) reclassifying the misclassified administrative expense claims identified on **Schedule 2** hereto (the "**Misclassified Administrative Expense Claims**"), and (iii) reclassifying the misclassified secured claims identified on **Schedule 3** hereto (the "**Misclassified Secured Claims**" and, together with the Misclassified Priority Claims and the Misclassified Administrative Expense Claims, the "**Misclassified Claims**"), and (iv) granting related relief.

2.      In support of this Objection, the Debtors submit the *Declaration of Thora Thoroddsen in Support of the Debtors' First Omnibus Objection (Substantive) to Certain Misclassified Claims* (the "**Thoroddsen Declaration**"), annexed hereto as **Exhibit B**.

### Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.     On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").  The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5.     Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

6.     Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of the Chapter 11 Petitions and First-Day Pleadings* [Docket No. 13] (the "**First Day Declaration**").[3]

7.     On January 19, 2023, the Debtors filed their *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 466] (the "**Plan**") and *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 467] (the "**Disclosure Statement**").

8.     On January 19, 2023, the Court entered the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI)*

---

[3] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

*Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 470] (the "**Disclosure Statement Order**") that, among other things, approved the Disclosure Statement, authorized the Debtors to commence solicitation on the Plan, and scheduled a confirmation hearing for the Plan on March 13, 2023 (the "**Confirmation Hearing**").  On January 24, 2023, in accordance with the Disclosure Statement Order, the Debtors completed solicitation of the Plan.

## Claims Process

9.    On October 24, 2022, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 144–155 & 157] (the "**Schedules and Statements**"), in accordance with Local Rule 1007-1.  In the ordinary course of business, the Debtors maintain books and records that reflect, among other things, the Debtors' aggregate liabilities and amounts due and owing to their creditors.

10.    On October 26, 2022, this Court entered the *Order (I) Establishing a General Bar Date to File Proofs of Claim, (II) Establishing a Bar Date to File Proofs of Claim by Governmental Units, (III) Establishing an Amended Schedules Bar Date, (IV) Establishing a Rejection Damages Bar Date, (V) Approving the Form and Manner for Filing Proofs of Claim, (VI) Approving the Proposed Notice of Bar Dates, (VII) Approving Procedures with Respect to Service of the Proposed Notice of Bar Dates, and (VIII) Granting Related Relief* [Docket No. 161] (the "**Bar Date Order**").  Among other things, the Bar Date Order established **November 30, 2022 at 5:00 p.m. (Prevailing Eastern Time)** as the deadline by which all entities, not including governmental units, holding claims (whether secured, unsecured priority (including claims under section 503(b)(9) of the Bankruptcy Code), or unsecured nonpriority) against the Debtors that arose prior to the Petition Date must file proofs of claim (the "**General Bar Date**").

11.    In accordance with the Bar Date Order, Omni Agent Solutions ("**Omni**"), the Debtors' claims and noticing agent, provided notice of the Bar Dates [Docket No. 169] and proof of claim forms to, among others, all of the Debtors' creditors and other known parties in interest as of the Petition Date [Docket No. 254]. Notice of the Bar Dates was also published once in each of the national editions of *The New York Times* and *USA Today* [Docket No. 234].

12.    As of the date of this Objection, approximately 269 proofs of claim have been filed in the Chapter 11 Cases by persons purporting to be holders of claims. The Debtors, with the assistance of their advisors, are reviewing and reconciling the proofs of claims with the Debtors' books and records. The ongoing claims reconciliation process involves the collective effort of the Debtors' management team; counsel to the Debtors, Weil, Gotshal & Manges LLP and Richards, Layton & Finger, P.A.; and the Debtors' financial advisor, AlixPartners, LLP.

### Basis for Relief

13.    Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The framework for assessing whether to overrule or sustain an objection to a claim filed in bankruptcy is a burden shifting one. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir. 1992). Generally, when a claimant files a proof of claim against a bankrupt estate, the claimant must allege facts that, if true, would  support a finding that the debtor is legally liable to the claimant. *Id.*; *see also In re F-Squared Investment Management, LLC*, 546 B.R. 538, 542 n. 21 (Bankr. D. Del. 2016) (noting that *Allegheny* provides the standards for reviewing claims objections) (citing *In re Nortel Networks, Inc.,* 469 B.R. 478, 497 (Bankr. D. Del. 2012)). Absent an objection, the filed claim is afforded prima facie validity pursuant to Bankruptcy Rule 3001(f). *Allegheny*, 954 F.2d at 173. However, when a party objects to a filed claim, the burden shifts to the objecting party, and the objector must provide evidence sufficient to negate the claim's prima facie validity. *Id*. at 173–74. Once an

objecting party produces such evidence, the burden shifts back to the claimant to prove the validity

of their claim by a preponderance of the evidence.  *Id.* at 174; *see also F-Squared*, 546 B.R. at 544

("If an objector meets its burden of production, then the claimant must satisfy its ultimate burden

of persuasion.").

14.    As set forth in the Thoroddsen Declaration, based upon a careful review of

the Misclassified Claims, the Debtors' books and records, the Schedules and Statements, and the

claims register prepared by Omni (the "**Claims Register**"), the Debtors, in conjunction with their

advisors, determined that each of the Misclassified Claims was filed incorrectly as either: (i) a

priority claim pursuant to certain subsections of section 507(a) of the Bankruptcy Code, (ii) an

administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code, and/or (iii) a

secured claim under section 506 of the Bankruptcy Code.  The Debtors also determined that

substantially all of the Misclassified Claims were filed by borrowers of either Paycheck Protection

Program loans ("**PPP Loans**") or Legacy Loans that the Debtors service, and there is no basis in

the Debtors' books and records or the Bankruptcy Code to support any of the Misclassified Claims'

asserted priority, administrative expense, and/or secured status based on the claimants' borrower

status.  Therefore, the Debtors' review of their books and records revealed that the Misclassified

Claims should be reclassified as general unsecured claims.  The specific classification errors for

each of the Misclassified Claims are noted on **Schedule 1**, **Schedule 2**, and **Schedule 3**, and are

summarized more fully in the Thoroddsen Declaration.

I.    **Misclassified Priority Claims**

15.    As discussed in the Thoroddsen Declaration, the Debtors have determined

that the Misclassified Priority Claims listed on **Schedule 1** are incorrectly asserted as priority

RLF1 28536648V.1

claims pursuant to one or more of the following subsections of section 507(a) of the Bankruptcy Code:[4]

    i.    **Section 507(a)(1)(A) or (a)(1)(B):** Section 507(a)(1)(A) and (a)(1)(B) of the Bankruptcy Code provides priority status for allowed unsecured claims for domestic support obligations including alimony and child support. *See* 11 U.S.C. § 507(a)(1)(A) and (a)(1)(B).

    ii.    **Section 507(a)(4):** Section 507(a)(4) provides priority status for allowed unsecured claims up to $15,150* for wages, salaries, or commissions earned within 180 days before the earlier of (i) the filing of the bankruptcy petition, or (ii) the end of the debtor's business. *See* 11 U.S.C. § 507(a)(4).

    iii.    **Section 507(a)(5):** Section 507(a)(5) provides priority status for allowed unsecured claims for certain contributions to an employee benefit plan. *See* 11 U.S.C. § 507(a)(5).

    iv.    **Section 507(a)(7):** Section 507(a)(7) of the Bankruptcy Code provides priority status for allowed unsecured claims of amounts up to $3,350* for deposits toward the purchase, lease, or rental of property or services for personal, family, or household use. *See* 11 U.S.C. § 507(a)(7).

    v.    **Section 507(a)(8)**: Section 507(a)(8) provides priority status for allowed unsecured claims of governmental units for taxes or penalties owed. *See* 11 U.S.C. § 507(a)(8).

    vi.    An unspecified subsection of 507(a).

16.    Each of the Misclassified Priority Claims listed on **<u>Schedule 1</u>** asserts a priority status that is not supported under the Bankruptcy Code and after a review of the Debtors' books and records, the Debtors do not believe they are liable for the Misclassified Priority Claims as currently filed.

17.    Accordingly, these Misclassified Priority Claims are ineligible for their asserted priority status and should be reclassified as general unsecured claims. Failure to reclassify the Misclassified Priority Claims will result in these claimants receiving improper recoveries on

---

[4] Amounts noted with an asterisk are subject to adjustment on April 1, 2025 and every three years after that for cases begun on or after the date of adjustment.

account of the claims to the detriment of the Debtors' other creditors and in contravention of the Bankruptcy Code's priority scheme.

## II.    Misclassified Administrative Expense Claims

18.    The Misclassified Administrative Expense Claims, listed on **Schedule 2**, incorrectly assert administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code.  Section 503(b)(9) of the Bankruptcy Code provides priority status for the value of any goods received by a debtor, in the ordinary course of the debtor's business, within the twenty days prior to the debtor's petition date.  11 U.S.C. § 503(b)(9).  As explained in the Thoroddsen Declaration, a thorough review of the Debtors' books and records, the Schedules and Statements, and the Claims Register revealed that no evidence exists to support the administrative expense priority asserted by the Misclassified Administrative Expense Claims; in particular, no evidence exists that any of the Misclassified Administrative Expense Claims are on account of goods received by the Debtors in the ordinary course of business within the 20-day period prior to the Petition Date.

19.    Accordingly, these Misclassified Administrative Expense Claims are ineligible for their asserted priority status pursuant to section 503(b)(9) of the Bankruptcy Code and should be reclassified as general unsecured claims.  Failure to reclassify the Misclassified Administrative Expense Claims will result in the claimants receiving an improper recovery on account of the claims to the detriment of the Debtors' other creditors and in contravention of the Bankruptcy Code's priority scheme.

## III.    Misclassified Secured Claims

20.    Certain of the Misclassified Claims assert a secured claim.  These Misclassified Secured Claims are listed on **Schedule 3**.  As explained in the Thoroddsen

Declaration, based on a review of the Misclassified Secured Claims, the Debtors' books and records, the Schedules and Statements, and the Claims Register, the Debtors do not believe the Misclassified Secured Claims are entitled to secured status under section 506 of the Bankruptcy Code.

21.     Accordingly, these Misclassified Secured Claims should be reclassified as general unsecured claims.  Failure to reclassify the Misclassified Secured Claims will result in the claimants receiving improper recoveries on account of the claims to the detriment of the Debtors' other creditors and in contravention of the Bankruptcy Code's priority scheme.

### Responses to this Objection

22.     To contest the determinations made as to the Misclassified Claims included in this Objection, a claimant must file with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 a written response to this Objection (a "**Response**") no later than **February 15, 2023 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Response Deadline**") and serve the Response to Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Zachary I. Shapiro (shapiro@rlf.com) and Amanda R. Steele (steele@rlf.com); and  Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Natasha S. Hwangpo (natasha.hwangpo@weil.com), Elizabeth Ruocco (elizabeth.ruocco@weil.com), and Lauren Castillo (lauren.castillo@weil.com).

23.     Each Response to this Objection must, at a minimum, contain the following information:

    i.    a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number, and the title of the Objection to which the Response is directed;

    ii.    the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

iii.    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

iv.    all documentation and other evidence in support of the claim, not previously filed with the Bankruptcy Court or the claims agent, upon which the claimant will rely in opposing this Objection; and

v.    the name, address, telephone number, fax number, and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim subject to this Objection, and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

24.    If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtors may present to the Court an appropriate order reclassifying the Misclassified Claims and sustaining this Objection without further notice to the claimant or a hearing.

25.    The Debtors may file and serve a reply to any Response in accordance with the Local Rules.  The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## Compliance with Local Rule 3007-1

26.    To the best of the Debtors' knowledge and belief, this Objection and Schedules 1, 2, and 3 attached hereto, comply with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## Separate Contested Matters

27.    To the extent a Response is filed regarding any claim listed in this Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order

entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## **Reservation of Rights**

28.     Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claim or cause of action which may exist against any creditor or interest holder, including but not limited to, any future objections on substantive and/or non-substantive grounds; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently on any and all substantive and/or non-substantive grounds.

## **Notice**

29.     Notice of this Objection will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) each of the claimants whose claims are Misclassified Claims subject to this Objection; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors believe that no further notice is required.

## **No Prior Request**

30.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 27, 2023
       Wilmington, Delaware

/s/ Matthew P. Milana
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
       steele@rlf.com
       shapiro@rlf.com
       milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
E-mail:     ray.schrock@weil.com
          candace.arthur@weil.com
          natasha.hwangpo@weil.com
          chase.bentley@weil.com

*Attorneys for Debtors and Debtors in Possession*