**Exhibit B**

**Declaration of Thora Thoroddsen**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                    :

**In re**                                 :       **Chapter 11**

                                                      :

**KABBAGE, INC. d/b/a KSERVICING, *et al.*,**   :       **Case No. 22-10951 (CTG)**

                                                      :

                **Debtors.**[1]         :       **(Jointly Administered)**

                                                      :
---------------------------------------------------------- x

### DECLARATION OF THORA THORODDSEN
### IN SUPPORT OF THE DEBTORS' FIRST OMNIBUS
### OBJECTION (SUBSTANTIVE) TO CERTAIN MISCLASSIFIED CLAIMS

        I, Thora Thoroddsen, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

        1.     I am a Director at AlixPartners, LLP ("**AlixPartners**"), who was retained as financial advisor to Kabbage, Inc. d/b/a KServicing and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors-in-possession (collectively, the "**Debtors**"), by order of the Court entered on October 21, 2022, and have served in such capacity since July, 2022.

        2.     I have been actively involved in the services provided by AlixPartners to the Debtors. In particular, I was directly involved in preparing the Debtors' requests for first-day relief sought on the Petition Date and the Schedules and Statements. I have also led efforts to take

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

inventory of and analyze all proofs of claims filed against the Debtors.  Through these efforts, I have become generally knowledgeable and familiar with the Debtors' day-to-day operations, business and financial affairs, books and records, and the progression of these Chapter 11 Cases.

3.    I have reviewed the *Debtors' First Omnibus Objection (Substantive) to Certain Misclassified Claims* (the "**Objection**") filed by the Debtors contemporaneously herewith, and I am authorized to submit this declaration (this **"Declaration"**) on behalf of the Debtors in support of the Objection.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, the Debtors' books and records, the Schedules and Statements, information provided to me by the Debtors and the Debtors' advisors, and my opinion based upon my experience, knowledge, and information concerning the Debtors.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

<u>**Misclassified Priority Claims**</u>

4.    Based upon a careful review and analysis in good faith of the Debtors' books and records, the Schedules and Statements, and the Claims Register, utilizing due diligence by appropriate personnel, I believe that the Misclassified Priority Claims, listed on <u>**Schedule 1**</u> and summarized below, fail to provide, and I am not otherwise aware of, any facts to support the priority claim status as asserted.

5.    The following claimants assert priority claims pursuant to one or more of the following subsections of section 507(a) of the Bankruptcy Code: 507(a)(1)(A) or (a)(1)(B), 507(a)(4), 507(a)(5), 507(a)(7), 507(a)(8), and/or an unspecified subsection of 507(a).  Based on my review of the Debtors' books and records, such claims do not satisfy the statutory prerequisites for priority under any of the aforementioned subsections of section 507(a) of the Bankruptcy Code and should be reclassified as general unsecured claims:

RLF1 28536648V.1

- **Alicia Bryant – Claim No. 951-41:** Alicia Bryant filed a $3,466 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-41. Based on a review of the Debtors' books and records, the Debtors have determined Alicia Bryant is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Alicia Bryant under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Accordingly, Alicia Bryant's priority claim should be reclassified as a general unsecured claim.

- **AVDN Enterprise LLC – Claim No. 951-224:** AVDN Enterprise LLC ("**AVDN Enterprise**") filed a $3,125 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. *See* proof of claim no. 951-224. Based on a review of the Debtors' books and records, the Debtors have determined AVDN Enterprise is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to AVDN Enterprise under section 507(a) of the Bankruptcy Code. Accordingly, AVDN Enterprise's priority claim should be reclassified as a general unsecured claim.

- **Charmaine Busch – Claim No. 951-27:** Charmaine Busch filed a proof of claim asserting a total claim of $30,000. The claimant asserts that $25,500 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), 507(a)(7), and 507(a)(8) of the Bankruptcy Code. The proof of claim asserts "money loaned . . ." as the basis for the claim. *See* proof of claim no. 951-27. Based on a review of the Debtors' books and records, the Debtors have determined Charmaine Busch is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Charmaine Busch under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Accordingly, Charmaine Busch's priority claim should be reclassified as a general unsecured claim.

- **Corinthus Omari Pittman (Wellness Rehabilitation LLC) – Claim No. 951-218:** Corinthus Omari Pittman (Wellness Rehabilitation LLC) ("**Wellness Rehabilitation**") filed a $20,833 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. *See* proof of claim no. 951-218. Based on a review of the Debtors' books and records, the Debtors have determined Wellness Rehabilitation is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Wellness Rehabilitation under section 507(a) of the Bankruptcy Code. Further, Wellness Rehabilitation does not provide any documentation in support of the claim. Accordingly, Wellness Rehabilitation's priority claim should be reclassified as a general unsecured claim.

3

- **Deborah A. Mastrandrea – Claim No. 951-30:** Deborah A. Mastrandrea filed a $3,900 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-30. Based on a review of the Debtors' books and records, the Debtors have determined Deborah A. Mastrandrea is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Deborah A. Mastrandrea under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Deborah A. Mastrandrea does not provide any documentation in support of the claim. Accordingly, Deborah A. Mastrandrea's priority claim should be reclassified as a general unsecured claim.

- **Kelvin Foster – Claim No. 951-231:** Kelvin Foster filed a proof of claim asserting a total claim of $3,000. The claimant asserts that $2,000 is entitled to priority pursuant to section 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "goods sold" as the basis for the claim. *See* proof of claim no. 951-231. Based on a review of the Debtors' books and records, the Debtors have determined Kelvin Foster is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Kelvin Foster under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Kelvin Foster does not provide any documentation in support of the claim. Accordingly, Kelvin Foster's priority claim should be reclassified as a general unsecured claim.

- **Lakeysha James – Claim No. 951-229:** Lakeysha James filed a $12,708 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "services performed" as the basis for the claim. *See* Proof of claim no. 951-229. Based on a review of the Debtors' books and records, the Debtors have determined Lakeysha James is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lakeysha James under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Accordingly, Lakeysha James' priority claim should be reclassified as a general unsecured claim.

- **Lakina Evans – Claim Nos. 951-3 and 951-4:** Lakina Evans filed two proofs of claim, each asserting a total claim of $3,216.00. Notwithstanding the asserted total value of the claim, proof of claim no. 951-3 asserts a $3,350 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code, and proof of claim no. 951-4 asserts a $3,250 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim nos. 951-3 and 951-4. Based on a review of the Debtors' books and records, the Debtors have determined Lakina Evans is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lakina Evans under section 507(a)(7) (the claims are not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Lakina Evans does not provide any documentation in support of the claim.

- **Lauren Garber – Claim No. 951-153:** Lauren Garber filed a $17,700 priority claim pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. The proof of claim form asserts "Paycheck Protection Program loan approved by [the] SBA" as the basis for the priority claim. *See* proof of claim form no. 951-153. Based on a review of the Debtors' books and records, the Debtors have determined Lauren Garber is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lauren Garber under sections 507(a)(4) (the claim is not on account of wages) and 507(a)(5) (the claim is not on account of contributions to an employee benefit plan) of the Bankruptcy Code. Accordingly, Lauren Garber's priority claim should be reclassified as a general unsecured claim.

- **Michael Hamlin – Claim No. 955-2**: Michael Hamlin filed a $13,000 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts a "foreclosure with court agreement" as the basis for the claim. *See* proof of claim no. 955-2. Based on a review of the Debtors' books and records, the Debtors have determined Michael Hamlin is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Michael Hamlin under section 507(a) of the Bankruptcy Code. Further, Michael Hamlin does not provide any documentation in support of the claim. Accordingly, Michael Hamlin's priority claim should be reclassified as a general unsecured claim.

- **Michael R. Hamlin – Claim No. 951-25:** Michael R. Hamlin filed a $500,000 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts a "lien against property that Kabbage, Inc must [have] purchased" as the basis for the claim. *See* proof of claim no. 951-25. Based on a review of the Debtors' books and records, the Debtors have determined Michael R. Hamlin is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Michael R. Hamlin under section 507(a) of the Bankruptcy Code, and no record of the alleged lien. Further, Michael R. Hamlin does not provide any documentation in support of the claim. Accordingly, Michael R. Hamlin's priority claim should be reclassified as a general unsecured claim.

- **Nicolas E. Feliz – Claim No. 951-23:** Nicolas E. Feliz filed an $866.49 priority claim pursuant to section of 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "PPP loan paid by me to Kabbage on 08/2022 . . ." as the basis for the claim. *See* proof of claim no. 951-23. Based on a review of the Debtors' books and records, the Debtors have determined Nicolas E. Feliz is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Nicolas E. Feliz under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Accordingly, Nicolas E. Feliz's priority claim should be reclassified as a general unsecured claim.

- **Quyen Nguyen – Claim No. 951-194:** Quyen Nguyen filed a proof of claim asserting a total claim of $3,349.27. The claimant asserts that $3,270 is entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim

form asserts "services performed" as the basis for the claim. *See* proof of claim no. 951-194. Based on a review of the Debtors' books and records, the Debtors have determined Quyen Nguyen is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Quyen Nguyen under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Accordingly, Quyen Nguyen's priority claim should be reclassified as a general unsecured claim.

- **Rajesh Oza – Claim No. 951-24:** Rajesh Oza filed a $2,800 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-24. Based on a review of the Debtors' books and records, the Debtors have determined Rajesh Oza is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Rajesh Oza under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Rajesh Oza does not provide any documentation in support of the claim. Accordingly, Rajesh Oza's priority claim should be reclassified as a general unsecured claim.

- **Randolph Redley – Claim No. 951-136:** Randolph Redley filed a $16,248 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts "PPP loan forgiveness" as the basis for the claim. *See* proof of claim no. 951-136. Based on a review of the Debtors' books and records, the Debtors have determined Randolph Redley is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Randolph Redley under section 507(a) of the Bankruptcy Code. Accordingly, Randolph Redley's priority claim should be reclassified as a general unsecured claim.

- **Robert Clifton – Claim No. 951-173:** Robert Clifton filed a $19,000 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim form asserts "bank account/my own money was fraudulently withdrawn" as the basis for the priority claim. *See* proof of claim no. 951-173. Based on a review of the Debtors' books and records, the Debtors have determined Robert Clifton is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Robert Clifton under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Further, the claim is in excess of the statutory limit under section 507(a)(4) of the Bankruptcy Code, and Robert Clifton does not provide any documentation in support of the claim. Accordingly, Robert Clifton's priority claim should be reclassified as a general unsecured claim.

- **SS Peter and Paul Orthodox Church – Claim No. 951-195:** SS Peter and Paul Orthodox Church (the "**Orthodox Church**") filed a $10,227 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. *See* proof of claim no. 951-195. Based on a review of the Debtors' books and records, the Debtors have determined the Orthodox Church is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Orthodox

Church under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Accordingly, the Orthodox Church's priority claim should be reclassified as a general unsecured claim.

- **Stewart Williams – Claim No. 951-213:** Stewart Williams filed a proof of claim asserting a total claim of $20,000. Notwithstanding the asserted total value of the claim, the claimant asserts that $30,000 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), and 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "they sent money to the wrong account, got it back and held it, after I got credits against the money they said time run out" as the basis for the claim. *See* proof of claim no. 951-213. Based on a review of the Debtors' books and records, the Debtors have determined that there are no amounts entitled to priority due and owing to Stewart Williams under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), and 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Stewart Williams does not provide any documentation in support of the claim, and the claim is in excess of the statutory limit under section 507(a)(7) of the Bankruptcy Code. Accordingly, Stewart Williams' priority claim should be reclassified as a general unsecured claim.

- **Summer Stegall – Claim No. 951-49:** Summer Stegall filed a proof of claim asserting a total claim of $42,023.65. The claimant asserts that $30,523 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), 507(a)(7), and 507(a)(8) of the Bankruptcy Code. The proof of claim asserts "money loaned/personal injury" as the basis for the claim. *See* proof of claim no. 951-49. Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Summer Stegall under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the claim is in excess of the statutory limit under section 507(a)(7). Accordingly, Summer Stegall's priority claim should be reclassified as a general unsecured claim.

- **The Juneau Group, LLC – Claim Nos. 951-91, 955-4, 952-2, 953-2, 954-2, 956-2:** The Juneau Group, LLC (the "**Juneau Group**") filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim nos. 951-91, 955-4, 952-2, 953-2, 954-2, and 956-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of

7

wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. Accordingly, the Juneau Group's priority claims should be reclassified as general unsecured claims.

- **Valeria Sanders – Claim No. 951-108:** Valeria Sanders filed a $17,378 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts "money loaned but never received" as the basis for the priority claim. *See* proof of claim no. 951-108. Based on a review of the Debtors' books and records, the Debtors have determined Valeria Sanders is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Valeria Sanders under section 507(a) of the Bankruptcy Code. Further, Valeria Sanders does not provide any documentation in support of the claim. Accordingly, Valeria Sanders' priority claim should be reclassified as a general unsecured claim.

- **Yanelys Gomez – Claim No. 951-205:** Yanelys Gomez filed a $3,600 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "loaned" as the basis for the claim. *See* proof of claim no. 951-205. Based on a review of the Debtors' books and records, the Debtors have determined Yanelys Gomez is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Yanelys Gomez under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Further, Yanelys Gomez does not provide any documentation in support of the claim. Accordingly, Yanelys Gomez's priority claim should be reclassified as a general unsecured claim.

6.     Based on the foregoing, I believe that the Misclassified Priority Claims on

**Schedule 1** should be reclassified as general unsecured claims because the claims are not entitled

to priority status under the Bankruptcy Code. Failure to reclassify the Misclassified Priority

Claims would lead to an inaccurate Claims Register and, based on my understanding, would

provide the claimants a recovery higher than what they should be afforded under the Bankruptcy

Code. As such, I believe the reclassification of the Misclassified Priority Claims on the terms set

forth in the Objection is appropriate.

## II.    Administrative Expense Claims

7.    Based on a thorough review of the Debtors' books and records, the Schedules and Statements, and the Claims Register, I believe that the claims listed on **Schedule 2**, and summarized below, incorrectly assert administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code:

- **Best Sister Friends Catering and Events LLC – Claim No. 951-58**: Best Sister Friends Catering and Events LLC ("**Best Sister**") filed a $21,120.34 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-58. Based on a review of the Debtors' books and records, the Debtors have determined Best Sister is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Best Sister within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Accordingly, Best Sister's administrative expense claim should be reclassified as a general unsecured claim.

- **Carlos Aceves – Claim No. 951-215:** Carlos Aceves filed a proof of claim asserting a total claim of $63,490. The claimant asserts that $1,549 is an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "loan was approved f[or] $63,490 after months a deposit of $1,590" as the basis for the claim. *See* proof of claim no. 951-215. Based on a review of the Debtors' books and records, the Debtors have determined Carlos Aceves is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Carlos Aceves within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Accordingly, Carlos Aceves' administrative expense claim should be reclassified as a general unsecured claim.

- **Charmaine Busch – Claim No. 951-27**: Charmaine Busch filed a $30,000 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned . . ." as the basis for the claim. *See* proof of claim no. 951-27. Based on a review of the Debtors' books and records, the Debtors have determined Charmaine Busch is a borrower of a Legacy Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Charmaine Busch within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Accordingly, Charmaine Busch's administrative expense claim should be reclassified as a general unsecured claim.

- **Deborah A. Mastrandrea – Claim No. 951-30**: Deborah A. Mastrandrea filed a $3,900 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-30. Based on a review of the Debtors' books

and records, the Debtors have determined Deborah A. Mastrandrea is a borrower of a PPP loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Deborah A. Mastrandrea within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Further, Deborah A. Mastrandrea does not attach any documentation in support of the claim. Accordingly, Deborah A. Mastrandrea's administrative expense claim should be reclassified as a general unsecured claim.

- **George James Mallios, PC – Claim Nos. 951-196, 951-207, 951-216**: George James Mallios, PC ("**George Mallios**") filed three proofs of claim, each asserting a $209,816.08 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim nos. 951-196, 951-207 and 951-216. Based on a review of the Debtors' books and records, the Debtors have determined George Mallios is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from George Mallios within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Accordingly, George Mallios' administrative expense claim should be reclassified as a general unsecured claim.

- **Kelvin Foster – Claim No. 951-231:** Kelvin Foster filed a proof of claim asserting a total claim of $3,000. The claimant asserts that $2,000 is an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "goods sold" as the basis for the claim. *See* proof of claim no. 951-231. Based on a review of the Debtors' books and records, the Debtors have determined Kelvin Foster is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Kelvin Foster within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Accordingly, Kelvin Foster's administrative expense claim should be reclassified as a general unsecured claim.

- **Madel Carmen Hernandez d/b/a Todo Para Tu Pachang – Claim No. 951-15**: Madel Carmen Hernandez d/b/a Todo Para Tu Pachang ("**Madel Hernandez**") filed a $32,000 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "Loan" as the basis for the claim. *See* proof of claim no. 951-15. Based on a review of the Debtors' books and records, the Debtors have determined Madel Hernandez is a borrower of a Legacy Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Madel Hernandez within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Accordingly, Madel Hernandez's administrative expense claim should be reclassified as a general unsecured claim.

- **Paula Roach – Claim Nos. 951-208, 951-210, 951-214**: Paula Roach filed three proofs of claim, each asserting a $112,770 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim nos. 951-208, 951-210 and 951-214. Based on a review of the Debtors' books and records, the

Debtors have determined Paula Roach is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Paula Roach within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code.    Accordingly, Paula Roach's administrative expense claim should be reclassified as a general unsecured claim.

- **Randolph Redley – Claim No. 951-136**: Randolph Redley filed a $16,248 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code.  The proof of claim asserts "SBA PPP loan forgiveness" as the basis for the claim.  *See* proof of claim no. 951-136.  Based on a review of the Debtors' books and records, the Debtors have determined Randolph Redley is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Randolph Redley within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code.  Accordingly, Randolph Redley's administrative expense claim should be reclassified as a general unsecured claim.

- **The Juneau Group, LLC – Claim No. 951-184**: The Juneau Group filed an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code, in the amount of $20,833 per month for the duration of the Chapter 11 Cases for an aggregate amount of $499,999.99.  The proof of claim asserts "TIME" as the basis for the claim.  *See* proof claim no. 951-184.  Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from the Juneau Group within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code.  Further, the Juneau Group does not attach any documentation in support of the $499,999.99 claim, and the total value of the Juneau Group's PPP Loan is only $2,223.  Accordingly, the Juneau Group's administrative expense claim should be reclassified as a general unsecured claim.

8.    Based on the foregoing, I believe that the Misclassified Administrative Expense Claims on **Schedule 2** should be reclassified as general unsecured claims because the claims are not entitled to administrative priority status pursuant to section 503(b)(9) of the Bankruptcy Code.  Failure to reclassify the Misclassified Administrative Expense Claims would lead to an inaccurate Claims Register and, based on my understanding, would provide the claimants a recovery higher than what they should be afforded under the Bankruptcy Code.  As such, I believe the reclassification of the Misclassified Administrative Expense Claims on the terms set forth in the Objection is appropriate.

RLF1 28536648V.1

### III.    Misclassified Secured Claims

9.    The claimants listed on **Schedule 3**, and summarized below, assert secured claims pursuant to section 506 of the Bankruptcy Code.  After a careful review of the Debtors' books and records, the Schedules and Statements, and the Claims Register, I believe that no records exist supporting the asserted secured status of each of the Misclassified Secured Claims and, therefore, each of the following claims should be reclassified as a general unsecured claim.

- **Anthony Dinish – Claim No. 951-185**: Anthony Dinish filed a secured claim for an unliquidated amount.  The proof of claim asserts "chapter 11 bankruptcy" as the basis for the claim.  *See* proof of claim no. 951-185.  Based on a review of the Debtors' books and records, the Debtors have determined Anthony Dinish is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code.  Accordingly, Anthony Dinish's secured claim should be reclassified as a general unsecured claim.

- **Kadada, LLC – Claim No. 951-226**: Kadada, LLC ("**Kadada**") filed a $22,000 secured claim.  The proof of claim asserts "money loaned" as the basis for the claim.  *See* proof of claim no. 951-226.  Based on a review of the Debtors' books and records, the Debtors have determined Kadada is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code.  Accordingly, Kadada's secured claim should be reclassified as a general unsecured claim.

- **Michael R. Hamlin – Claim No. 951-25**: Michael R. Hamlin filed a $500,000 secured claim.  The proof of claim asserts "a lien against property, that Kabbage Inc, must [have] purchased" as the basis for the claim.  The claimant further asserts that the lien is against 13 River Street, Sanford, Maine, which is on file at the York County Registry of Deeds.  *See* proof of claim no. 951-25.  Based on a review of the Debtors' books and records, the Debtors have determined Michael R. Hamlin is a borrower of a Legacy Loan that the Debtors service, there is no evidence of the alleged lien, and no basis for the claim's secured status under section 506 of the Bankruptcy Code.

- **Summer Stegall – Claim No. 951-49**: Summer Stegall filed a filed a proof of claim asserting a total claim of $42,023.65, including a $42,023 secured claim.  The proof of claim asserts "money loaned/personal injury" as the basis for the claim.  *See* proof of claim no. 951-49.  Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code.  Accordingly, Summer Stegall's secured claim should be reclassified as a general unsecured claim.

RLF1 28536648V.1

- **The Juneau Group, LLC – Claim Nos. 954-2, 956-2, 951-91, 955-4, 952-2, 953-2:** The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities.  No basis for the claims is provided.  *See* proof of claim nos. 954-2, 956-2, 951-91, 955-4, 952-2, 953-2.  Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claims' secured status under section 506 of the Bankruptcy Code.  Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223.  Accordingly, the Juneau Group's secured claims should be reclassified as general unsecured claims.

10.     Based on the foregoing, I believe that the Misclassified Secured Claims on **Schedule 3** should be reclassified as general unsecured claims because the claims are not entitled to their asserted secured status under section 506 of the Bankruptcy Code.  Failure to reclassify the Misclassified Secured Claims would lead to an inaccurate Claims Register and, based on my understanding, would provide the claimants a recovery higher than what they should be afforded under the Bankruptcy Code.  As such, I believe the reclassification of the Misclassified Secured Claims on the terms set forth in the Objection is appropriate.

11.     Based on the foregoing, my experience, and my review of the Objection, the Debtors' books and records, the Schedules and Statements, and the Claims Register, it is my position that the information contained in the Objection and schedules attached thereto is true and correct, and the relief requested by the Objection is in the best interests of the Debtors' estates, creditors, and economic stakeholders.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date:   January 27, 2023
        New York, New York

                                    /s/ *Thora Thoroddsen*
                                    Thora Thoroddsen
                                    Director
                                    AlixPartners, LLP

**<u>Schedule 1</u>**

**Misclassified Priority Claims**

## Misclassified Priority Claims[1]
(Claims are listed alphabetically)

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 1 | Alicia Bryant | 11/18/2022 | 951-41 | Kabbage, Inc. d/b/a KServicing | $3,466.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $3,466.00 (U) $3,466.00 (T) | Alicia Bryant filed a $3,466 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-41. Based on a review of the Debtors' books and records, the Debtors have determined Alicia Bryant is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Alicia Bryant under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 2 | AVDN Enterprise LLC | 12/30/2022 | 951-224 | Kabbage, Inc. d/b/a KServicing | $3,125.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $3,125.00 (U) $3,125.00 (T) | AVDN Enterprise filed a $3,125 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. *See* proof of claim no. 951-224. Based on a review of the Debtors' books and records, the Debtors have determined AVDN Enterprise is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to AVDN Enterprise under section 507(a) of the Bankruptcy Code. |
| 3 | Charmaine Busch | 11/5/2022 | 951-27 | Kabbage, Inc. d/b/a KServicing | $25,500.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $30,000.00 (U) $30,000.00 (T) | Charmaine Busch filed a proof of claim asserting a total claim of $30,000.  The claimant asserts that $25,500 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), 507(a)(7), and 507(a)(8) of the Bankruptcy Code.  The proof of claim asserts "money loaned . . ." as the basis for the claim.  *See* proof of claim no. 951-27.  Based on a review of the Debtors' books and records, the Debtors have determined Charmaine Busch is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Charmaine Busch under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. |
| 4 | Corinthus Omari Pittman (Wellness Rehabilitation LLC) | 12/19/2022 | 951-218 | Kabbage, Inc. d/b/a KServicing | $20,833.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $20,833.00 (U) $20,833.00 (T) | Wellness Rehabilitation filed a $20,833 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. *See* proof of claim no. 951-218. Based on a review of the Debtors' books and records, the Debtors have determined Wellness Rehabilitation is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Wellness Rehabilitation under section 507(a) of the Bankruptcy Code.  Further, Wellness Rehabilitation does not provide any documentation in support of the claim. |
| 5 | Deborah A Mastrandrea | 11/15/2022 | 951-30 | Kabbage, Inc. d/b/a KServicing | $3,900.00 (P) | $0.00 (A) $0.00 (S) | Deborah A. Mastrandrea filed a $3,900 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the |

[1] Certain of the Misclassified Priority Claims assert more than one incorrect classification status.  This schedule lists only the misclassified priority amounts.

[2] (A) - Administrative, including 503(b)(9); (S) - Secured; (P) - Priority; (U) - Unsecured; (T) – Total.

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | $0.00 (P)<br>$3,900.00 (U)<br>$3,900.00 (T) | claim. *See* proof of claim no. 951-30. Based on a review of the Debtors' books and records, the Debtors have determined Deborah A. Mastrandrea is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Deborah A. Mastrandrea under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Deborah A. Mastrandrea does not provide any documentation in support of the claim. |
| 6 | Kelvin Foster | 01/23/2023 | 951-231 | Kabbage, Inc. d/b/a KServicing | $2,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,000.00 (U)<br>$3,000.00 (T) | Kelvin Foster filed a proof of claim asserting a total claim of $3,000. The claimant asserts that $2,000 is entitled to priority pursuant to section 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "goods sold" as the basis for the claim. *See* proof of claim no. 951-231. Based on a review of the Debtors' books and records, the Debtors have determined Kelvin Foster is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Kelvin Foster under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Kelvin Foster does not provide any documentation in support of the claim. |
| 7 | Lakeysha James | 01/17/2023 | 951-229 | Kabbage, Inc. d/b/a KServicing | $12,708.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$12,708.00 (U)<br>$12,708.00 (T) | Lakeysha James filed a $12,708 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "services performed" as the basis for the claim. *See* Proof of claim no. 951-229. Based on a review of the Debtors' books and records, the Debtors have determined Lakeysha James is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lakeysha James under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 8 | Lakina Evans | 10/29/2022 | 951-3 | Kabbage, Inc. d/b/a KServicing | $3,350.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,216.00 (U)<br>$3,216.00 (T) | Lakina Evans filed two proofs of claim, each asserting a total claim of $3,216.00. Notwithstanding the asserted total value of the claim, proof of claim no. 951-3 asserts a $3,350 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-3. Based on a review of the Debtors' books and records, the Debtors have determined Lakina Evans is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lakina Evans under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Lakina Evans does not provide any documentation in support of the claim. |
| 9 | Lakina Evans | 10/29/2022 | 951-4 | Kabbage, Inc. d/b/a KServicing | $3,250.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,216.00 (U)<br>$3,216.00 (T) | Lakina Evans filed two proofs of claim, each asserting a total claim of $3,216.00. Notwithstanding the asserted total value of the claim, proof of claim no. 951-4 asserts a $3,250 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-4. Based on a review of the Debtors' books and records, the Debtors have determined Lakina Evans is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lakina Evans under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Lakina Evans does not provide any documentation in support of the claim. |

RLF1 28536648V.1

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 10 | Lauren Garber | 11/30/2022 | 951-153 | Kabbage, Inc. d/b/a KServicing | $17,700.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $17,700.00 (U) $17,700.00 (T) | Lauren Garber filed a $17,700 priority claim pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. The proof of claim form asserts "Paycheck Protection Program loan approved by [the] SBA" as the basis for the priority claim. *See* proof of claim form no. 951-153. Based on a review of the Debtors' books and records, the Debtors have determined Lauren Garber is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lauren Garber under sections 507(a)(4) (the claim is not on account of wages) and 507(a)(5) (the claim is not on account of contributions to an employee benefit plan) of the Bankruptcy Code. |
| 11 | Michael Hamlin | 11/12/2022 | 955-2 | Kabbage Asset Funding 2019-A, LLC | $13,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $13,000.00 (U) $13,000.00 (T) | Michael Hamlin filed a $13,000 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts a "foreclosure with court agreement" as the basis for the claim. *See* proof of claim no. 955-2. Based on a review of the Debtors' books and records, the Debtors have determined Michael Hamlin is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Michael Hamlin under section 507(a) of the Bankruptcy Code. Further, Michael Hamlin does not provide any documentation in support of the claim. |
| 12 | Michael R. Hamlin | 11/12/2022 | 951-25 | Kabbage, Inc. d/b/a KServicing | $500,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $500,000.00 (U) $500,000.00 (T) | Michael R. Hamlin filed a $500,000 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts a "lien against property that Kabbage, Inc must [have] purchased" as the basis for the claim. *See* proof of claim no. 951-25. Based on a review of the Debtors' books and records, the Debtors have determined Michael R. Hamlin is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Michael R. Hamlin under section 507(a) of the Bankruptcy Code, and no record of the alleged lien. Further, Michael R. Hamlin does not provide any documentation in support of the claim. |
| 13 | Nicolas E. Feliz | 11/8/2022 | 951-23 | Kabbage, Inc. d/b/a KServicing | $886.49 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $886.49 (U) $886.49 (T) | Nicolas E. Feliz filed an $866.49 priority claim pursuant to section of 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "PPP loan paid by me to Kabbage on 08/2022 . . ." as the basis for the claim. *See* proof of claim no. 951-23. Based on a review of the Debtors' books and records, the Debtors have determined Nicolas E. Feliz is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Nicolas E. Feliz under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 14 | Quyen Nguyen | 12/2/2022 | 951-194 | Kabbage, Inc. d/b/a KServicing | $3,270.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $3,349.27 (U) $3,349.27 (T) | Quyen Nguyen filed a proof of claim asserting a total claim of $3,349.27. The claimant asserts that $3,270 is entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim form asserts "services performed" as the basis for the claim. *See* proof of claim no. 951-194. Based on a review of the Debtors' books and records, the Debtors have determined Quyen Nguyen is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Quyen Nguyen under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 15 | Rajesh Oza | 11/15/2022 | 951-24 | Kabbage, Inc. d/b/a KServicing | $2,800.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $2,800.00 (U) | Rajesh Oza filed a $2,800 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-24. Based on a review of the Debtors' books and records, the Debtors have determined Rajesh Oza is a borrower of a PPP Loan that the Debtors service, and there are no |

3

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | $2,800.00 (T) | amounts entitled to priority due and owing to Rajesh Oza under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Rajesh Oza does not provide any documentation in support of the claim. |
| 16 | Randolph Redley | 11/30/2022 | 951-136 | Kabbage, Inc. d/b/a KServicing | $16,248.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $16,248.00 (U) $16,248.00 (T) | Randolph Redley filed a $16,248 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts "PPP loan forgiveness" as the basis for the claim. See proof of claim no. 951-136. Based on a review of the Debtors' books and records, the Debtors have determined Randolph Redley is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Randolph Redley under section 507(a) of the Bankruptcy Code. |
| 17 | Robert Clifton | 11/30/2022 | 951-173 | Kabbage, Inc. d/b/a KServicing | $19,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $19,000.00 (U) $19,000.00 (T) | Robert Clifton filed a $19,000 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim form asserts "bank account / my own money was fraudulently withdrawn" as the basis for the priority claim. See proof of claim no. 951-173. Based on a review of the Debtors' books and records, the Debtors have determined Robert Clifton is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Robert Clifton under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Further, the claim is in excess of the statutory limit under section 507(a)(4) of the Bankruptcy Code, and Robert Clifton does not provide any documentation in support of the claim. |
| 18 | SS Peter and Paul Orthodox Church EIN 06-6087116 | 12/3/2022 | 951-195 | Kabbage, Inc. d/b/a KServicing | $10,227.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $10,227.00 (U) $10,227.00 (T) | The Orthodox Church filed a $10,227 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. See proof of claim no. 951-195. Based on a review of the Debtors' books and records, the Debtors have determined the Orthodox Church is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Orthodox Church under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 19 | Stewart Williams | 12/8/2022 | 951-213 | Kabbage, Inc. d/b/a KServicing | $30,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $20,000.00 (U) $20,000.00 (T) | Stewart Williams filed a proof of claim asserting a total claim of $20,000. Notwithstanding the asserted total value of the claim, the claimant asserts that $30,000 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), and 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "they sent money to the wrong account, got it back and held it, after I got credits against the money they said time run out" as the basis for the claim. See proof of claim no. 951-213. Based on a review of the Debtors' books and records, the Debtors have determined that there are no amounts entitled to priority due and owing to Stewart Williams under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), and 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Stewart Williams does not provide any documentation in support of the claim, and the claim is in excess of the statutory limit under section 507(a)(7) of the Bankruptcy Code. |
| 20 | Summer Stegall | 11/24/2022 | 951-49 | Kabbage, Inc. d/b/a KServicing | $30,523.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) | Summer Stegall filed a proof of claim asserting a total claim of $42,023.65. The claimant asserts that $30,523 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), 507(a)(7), and 507(a)(8) of the Bankruptcy Code. The proof |

RLF1 28536648V.1

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | $42,023.65 (U)<br>$42,023.65 (T) | of claim asserts "money loaned/personal injury" as the basis for the claim. *See* proof of claim no. 951-49. Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Summer Stegall under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the claim is in excess of the statutory limit under section 507(a)(7). |
| 21 | The Juneau Group, LLC | 11/28/2022 | 951-91 | Kabbage, Inc. d/b/a KServicing | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 951-91. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 22 | The Juneau Group, LLC | 11/28/2022 | 955-4 | Kabbage Asset Funding 2019-A, LLC | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 955-4. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 23 | The Juneau Group, LLC | 11/28/2022 | 952-2 | Kabbage Canada Holdings, LLC | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 952-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group |

RLF1 28536648V.1

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | | does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 24 | The Juneau Group, LLC | 11/28/2022 | 953-2 | Kabbage Asset Securitization, LLC | $11,000,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $11,000,000.00 (U) $11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code.  No basis is asserted for any of the claims.  *See* proof of claim no. 953-2.  Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code.  Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 25 | The Juneau Group LLC | 11/28/2022 | 954-2 | Kabbage Asset Funding 2017-A, LLC | $11,000,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $11,000,000.00 (U) $11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code.  No basis is asserted for any of the claims.  *See* proof of claim no. 954-2.  Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code.  Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 26 | The Juneau Group LLC | 11/28/2022 | 956-2 | Kabbage Diameter, LLC | $11,000,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $11,000,000.00 (U) $11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code.  No basis is asserted for any of the claims.  *See* proof of claim no. 956-2.  Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code.  Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 27 | Valeria Sanders | 11/29/2022 | 951-108 | Kabbage, Inc. d/b/a KServicing | $17,378.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $17,378.00 (U) $17,378.00 (T) | Valeria Sanders filed a $17,378 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts "money loaned but never received" as the basis for the priority claim. *See* proof of claim no. 951-108. Based on a review of the Debtors' books and records, the Debtors have determined Valeria Sanders is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Valeria Sanders under section 507(a) of |

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | | the Bankruptcy Code. Further, Valeria Sanders does not provide any documentation in support of the claim. |
| 28 | Yanelys Gomez | 12/6/2022 | 951-205 | Kabbage, Inc. d/b/a KServicing | $3,600.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,600.00 (U)<br>$3,600.00 (T) | Yanelys Gomez filed a $3,600 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "loaned" as the basis for the claim. *See* proof of claim no. 951-205. Based on a review of the Debtors' books and records, the Debtors have determined Yanelys Gomez is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Yanelys Gomez under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Further, Yanelys Gomez does not provide any documentation in support of the claim. |

7

**Schedule 2**

**Misclassified Administrative Expense Claims**

**Misclassified Administrative Expense Claims[1]**
(Claims are listed alphabetically)

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Administrative Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 1 | Best Sister Friends Catering and Events LLC | 11/25/2022 | 951-58 | Kabbage, Inc. d/b/a KServicing | $21,120.34 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $21,120.34 (U) $21,120.34 (T) | Best Sister filed a $21,120.34 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-58. Based on a review of the Debtors' books and records, the Debtors have determined Best Sister is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Best Sister within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 2 | Carlos Aceves | 12/10/2022 | 951-215 | Kabbage, Inc. d/b/a KServicing | $1,549.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $63,490.00 (U) $63,490.00 (T) | Carlos Aceves filed a proof of claim asserting a total claim of $63,490. The claimant asserts that $1,549 is an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "loan was approved f[or] $63,490 after months a deposit of $1,590" as the basis for the claim. *See* proof of claim no. 951-215. Based on a review of the Debtors' books and records, the Debtors have determined Carlos Aceves is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Carlos Aceves within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 3 | Charmaine Busch | 11/5/2022 | 951-27 | Kabbage, Inc. d/b/a KServicing | $30,000.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $30,000.00 (U) $30,000.00 (T) | Charmaine Busch filed a $30,000 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned . . ." as the basis for the claim. *See* proof of claim no. 951-27. Based on a review of the Debtors' books and records, the Debtors have determined Charmaine Busch is a borrower of a Legacy Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Charmaine Busch within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 4 | Deborah A Mastrandrea | 11/15/2022 | 951-30 | Kabbage, Inc. d/b/a KServicing | $3,900.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $3,900.00 (U) $3,900.00 (T) | Deborah A. Mastrandrea filed a $3,900 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-30. Based on a review of the Debtors' books and records, the Debtors have determined Deborah A. Mastrandrea is a borrower of a PPP loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Deborah A. Mastrandrea within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Further, Deborah A. Mastrandrea does not attach any documentation in support of the claim. |

---

[1] Certain of the Misclassified Administrative Expense Claims assert more than one incorrect classification status. This schedule lists only the misclassified administrative expense amounts.

[2] (A) - Administrative, including 503(b)(9); (S) - Secured; (P) - Priority; (U) - Unsecured; (T) – Total.

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Administrative Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 5 | George James Mallios, PC | 12/5/2022 | 951-196 | Kabbage, Inc. d/b/a KServicing | $209,816.08 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $209,816.08 (U) $209,816.08 (T) | George Mallios filed three proofs of claim, each asserting a $209,816.08 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-196. Based on a review of the Debtors' books and records, the Debtors have determined George Mallios is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from George Mallios within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 6 | George James Mallios, PC | 12/5/2022 | 951-207 | Kabbage, Inc. d/b/a KServicing | $209,816.08 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $209,816.08 (U) $209,816.08 (T) | George Mallios filed three proofs of claim, each asserting a $209,816.08 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-207. Based on a review of the Debtors' books and records, the Debtors have determined George Mallios is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from George Mallios within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 7 | George James Mallios, PC | 12/10/2022 | 951-216 | Kabbage, Inc. d/b/a KServicing | $209,816.08 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $209,816.08 (U) $209,816.08 (T) | George Mallios filed three proofs of claim, each asserting a $209,816.08 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-216. Based on a review of the Debtors' books and records, the Debtors have determined George Mallios is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from George Mallios within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 8 | Kelvin Foster | 01/23/2023 | 951-231 | Kabbage, Inc. d/b/a KServicing | $2,000.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $3,000.00 (U) $3,000.00 (T) | Kelvin Foster filed a proof of claim asserting a total claim of $3,000. The claimant asserts that $2,000 is an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "goods sold" as the basis for the claim. *See* proof of claim no. 951-231. Based on a review of the Debtors' books and records, the Debtors have determined Kelvin Foster is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Kelvin Foster within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 9 | Madel Carmen Hernandez dba TODO PARA TU PACHANG | 11/3/2022 | 951-15 | Kabbage, Inc. d/b/a KServicing | $32,000.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $32,000.00 (U) $32,000.00 (T) | Madel Hernandez filed a $32,000 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "Loan" as the basis for the claim. *See* proof of claim no. 951-15. Based on a review of the Debtors' books and records, the Debtors have determined Madel Hernandez is a borrower of a Legacy Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Madel Hernandez within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |

RLF1 28536648V.1

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Administrative Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 10 | Paula Roach | 12/5/2022 | 951-208 | Kabbage, Inc. d/b/a KServicing | $112,770.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $112,770.00 (U) $112,770.00 (T) | Paula Roach filed three proofs of claim, each asserting a $112,770 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-208. Based on a review of the Debtors' books and records, the Debtors have determined Paula Roach is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Paula Roach within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 11 | Paula Roach | 12/5/2022 | 951-210 | Kabbage, Inc. d/b/a KServicing | $112,770.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $112,770.00 (U) $112,770.00 (T) | Paula Roach filed three proofs of claim, each asserting a $112,770 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-210. Based on a review of the Debtors' books and records, the Debtors have determined Paula Roach is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Paula Roach within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 12 | Paula Roach | 12/7/2022 | 951-214 | Kabbage, Inc. d/b/a KServicing | $112,770.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $112,770.00 (U) $112,770.00 (T) | Paula Roach filed three proofs of claim, each asserting a $112,770 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-214. Based on a review of the Debtors' books and records, the Debtors have determined Paula Roach is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Paula Roach within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 13 | Randolph Redley | 11/30/2022 | 951-136 | Kabbage, Inc. d/b/a KServicing | $16,248.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $16,248.00 (U) $16,248.00 (T) | Randolph Redley filed a $16,248 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "SBA PPP loan forgiveness" as the basis for the claim. *See* proof of claim no. 951-136. Based on a review of the Debtors' books and records, the Debtors have determined Randolph Redley is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Randolph Redley within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 14 | The Juneau Group, LLC | 11/28/2022 | 951-184 | Kabbage, Inc. d/b/a KServicing | $499,999.99 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $499,999.99 (U) $499,999.99 (T) | The Juneau Group filed an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code, in the amount of $20,833 per month for the duration of the Chapter 11 Cases for an aggregate amount of $499,999.99. The proof of claim asserts "TIME" as the basis for the claim. *See* proof of claim no. 951-184. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from the Juneau Group within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Further, the Juneau Group does not attach any documentation in support of the $499,999.99 claim, and the total value of the Juneau Group's PPP Loan is only $2,223. |

RLF1 28536648V.1

**Schedule 3**

**Misclassified Secured Claims**

## Misclassified Secured Claims[1]
### (Claims are listed alphabetically)

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Secured Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 1 | Anthony Dinish | 11/28/2022 | 951-185 | Kabbage, Inc. d/b/a KServicing | $0.00 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $0.00 (U) $0.00 (T) | Anthony Dinish filed a secured claim for an unliquidated amount. The proof of claim asserts "chapter 11 bankruptcy" as the basis for the claim. *See* proof of claim no. 951-185. Based on a review of the Debtors' books and records, the Debtors have determined Anthony Dinish is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. |
| 2 | Kadada, LLC | 1/5/2023 | 951-226 | Kabbage, Inc. d/b/a KServicing | $22,000.00 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $22,000.00 (U) $22,000.00 (T) | Kadada filed a $22,000 secured claim. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-226. Based on a review of the Debtors' books and records, the Debtors have determined Kadada is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. |
| 3 | Michael R. Hamlin | 11/12/2022 | 951-25 | Kabbage, Inc. d/b/a KServicing | $500,000.00 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $500,000.00 (U) $500,000.00 (T) | Michael R. Hamlin filed a $500,000 secured claim. The proof of claim asserts "a lien against property, that Kabbage Inc, must [have] purchased" as the basis for the claim. The claimant further asserts that the lien is against 13 River Street, Sanford, Maine, which is on file at the York County Registry of Deeds. *See* proof of claim no. 951-25. Based on a review of the Debtors' books and records, the Debtors have determined Michael R. Hamlin is a borrower of a Legacy Loan that the Debtors service, there is no evidence of the alleged lien, and no basis for the claim's secured status under section 506 of the Bankruptcy Code. |
| 4 | Summer Stegall | 11/24/2022 | 951-49 | Kabbage, Inc. d/b/a KServicing | $42,023.65 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $42,023.65 (U) $42,023.65 (T) | Summer Stegall filed a filed a proof of claim asserting a total claim of $42,023.65, including a $42,023 secured claim. The proof of claim asserts "money loaned/personal injury" as the basis for the claim. *See* proof of claim no. 951-49. Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. |
| 5 | The Juneau Group, LLC | 11/28/2022 | 954-2 | Kabbage Asset Funding 2017-A, LLC | $11,000,000.00 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $11,000,000.00 (U) $11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities. No basis for the claims is provided. *See* proof of claim no. 954-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code. Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |

---

[1] Certain of the Misclassified Secured Claims assert more than one incorrect classification status. This schedule lists only the misclassified secured amounts.

[2] (A) - Administrative, including 503(b)(9); (S) - Secured; (P) - Priority; (U) - Unsecured; (T) – Total.

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Secured Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 6 | The Juneau Group LLC | 11/28/2022 | 956-2 | Kabbage Diameter, LLC | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities.  No basis for the claims is provided.  *See* proof of claim no. 956-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code.  Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 7 | The Juneau Group, LLC | 11/28/2022 | 951-91 | Kabbage, Inc. d/b/a KServicing | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities.  No basis for the claims is provided.  *See* proof of claim no. 951-91. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code.  Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 8 | The Juneau Group, LLC | 11/28/2022 | 955-4 | Kabbage Asset Funding 2019-A, LLC | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities.  No basis for the claims is provided.  *See* proof of claim no. 955-4. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code.  Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 9 | The Juneau Group, LLC | 11/28/2022 | 952-2 | Kabbage Canada Holdings, LLC | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities.  No basis for the claims is provided.  *See* proof of claim no. 952-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code.  Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 10 | The Juneau Group, LLC | 11/28/2022 | 953-2 | Kabbage Asset Securitization, LLC | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities.  No basis for the claims is provided.  *See* proof of claim no. 953-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code.  Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |

RLF1 28536648V.1