**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
:
In re : Chapter 11
:
**KABBAGE, INC. d/b/a KSERVICING,** *et al.*, : Case No. 22-10951 (CTG)
:
: **(Jointly Administered)**
Debtors.[1] :
: Hearing Date: Only if objections are filed
: Obj. Deadline: February 20, 2023 at 4:00 p.m. (ET)
---------------------------------------------------------------- x

**SUMMARY OF THIRD MONTHLY FEE STATEMENT
OF OMNI AGENT SOLUTIONS FOR PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PERIOD DECEMBER 1, 2022 THROUGH
DECEMBER 31, 2022**

| | |
|---|---|
| Name of Applicant: | Omni Agent Solutions |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 3, 2022 |
| Period for which compensation and reimbursement are sought: | December 1, 2022 through December 31, 2022 |
| Amount of compensation sought as actual, reasonable, and necessary: | $3,172.20 (80% of $3,965.25) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $0.00 |

This is a(n):  X   monthly ___ interim ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

Prior Applications:

| Date Filed/Dkt. No. | Period | Requested Fees | Requested Costs | Paid Fees | Paid Expenses | Outstanding Total |
|---|---|---|---|---|---|---|
| 12/2/22 No. 324 | 10/3/22 - 10/31/22 | $5,083.50 | $0.00 | $4,066.80 | $0.00 | $1,016.70 |
| 12/29/22 No. 390 | 11/1/22 - 11/30/22 | $8,751.50 | $0.00 | $0.00 | $0.00 | $8,751.50 |
| TOTAL | | $13,835.00 | $0.00 | $4,066.80 | $0.00 | $9,768.20 |

### COMPENSATION BY PROFESSIONAL
### DECEMBER 1, 2022 THROUGH DECEMBER 31, 2022

The Omni professionals who rendered services in these chapter 11 cases from December 1, 2022 through December 31, 2022 (the "**Fee Period**") are:

| Professional | Hours | Rate | Total |
|---|---|---|---|
| Brittney Whitaker | 1.4 | $175.00 | $245.00 |
| Jennifer Lizakowski | 3.9 | $150.00 | $585.00 |
| Jeriad Paul | 2.1 | $187.50 | $393.75 |
| Kim Steverson | 9.2 | $187.50 | $1,725.00 |
| Marina Khan | 0.8 | $155.00 | $124.00 |
| Michelle Ignacio | 5.1 | $175.00 | $892.50 |
| **TOTAL** | **22.5** | ---- | **$3,965.25** |

### COMPENSATION BY PROJECT CATEGORY
### DECEMBER 1, 2022 THROUGH DECEMBER 31, 2022

| Category | Hours | Fees |
|---|---|---|
| Balloting | 22.5 | $3,965.25 |
| **TOTAL** | **22.5** | **$3,965.25** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re                                                        :    Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                    :    Case No. 22-10951 (CTG)
                                                             :
                                                             :    (Jointly Administered)
Debtors.[1]                                                  :
                                                             :    Hearing Date: Only if objections are filed
                                                             :    Obj. Deadline: February 20, 2023 at 4:00 p.m. (ET)
------------------------------------------------------------ x

### THIRD MONTHLY FEE STATEMENT OF OMNI AGENT SOLUTIONS FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD DECEMBER 1, 2022 THROUGH DECEMBER 31, 2022

Omni Agent Solutions ("**Omni**" or the "**Firm**"), administrative agent for Kabbage, Inc. d/b/a KServicing. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby files its third monthly fee statement (this "**Fee Statement**") for payment of compensation for professional services rendered to the Debtors and for reimbursement of actual and necessary expenses incurred in connection therewith for the period commencing December 1, 2022 through and including December 31, 2022 (the "**Fee Period**"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 136] (the "**Interim Compensation Order**"). In support of this Fee Statement, Omni respectfully represents as follows:

## Background

1. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

2. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13] (the "**First Day Declaration**").[2]

4. This Court authorized Omni's retention as administrative agent for the Debtors pursuant to the *Order Authorizing Debtors to Employ and Retain Omni Agent Solutions, Inc. as Administrative Agent Effective as of the Petition Date* [Docket No. 138] (the "**Retention Order**"), entered on October 21, 2022.

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

2

District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Fee Statement to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Summary of Professional Compensation
and Reimbursement of Expense Requested**

7. By this Fee Statement, Omni requests allowance and payment of $3,172.20 (80% of $3,965.25) as compensation for professional services rendered to the Debtors during the Fee Period and allowance and payment of $0.00 as reimbursement for actual and necessary expenses incurred by Omni during the Fee Period. All services for which compensation is requested by Omni were performed for or on behalf of the Debtors.

8. During the Fee Period, Omni received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Fee Statement. There is no agreement or understanding between Omni and any other person, other than members of Omni, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

9. The fees charged by Omni in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period, and in accordance with the Retention Order.

10. Omni maintains computerized records of the time spent by all Omni professionals in connection with the Firm's representation of the Debtors. Annexed hereto as

**Exhibit A** are copies of Omni's itemized time records for professionals performing services for the Debtors during the Fee Period. Omni's time records comply with the requirements set forth in Local Rule 2016-2.

## Summary of Services

11. The following is a summary of the significant professional services rendered by Omni during the Fee Period. This summary is organized in accordance with the internal system of task codes set up by Omni at the outset of these Chapter 11 Cases.[3] If a task code does not appear below, then Omni did not bill significant time for that task code during the Fee Period but may bill time for that task code in the future. Certain services performed may overlap between, or appropriately be allocated to, more than one task code.

   a. **Balloting**
      Fees: $3,965.25; Total Hours: 22.5

      - This category includes all services provided by Omni in preparation of the anticipated solicitation and tabulation of the Debtors' plan and disclosure statement, including the preparation of a plan/class report and eballoting portal.

12. The foregoing professional services performed by Omni were necessary and appropriate to the administration of these Chapter 11 Cases and were in the best interests of the Debtors' estates and their stakeholders. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed skillfully and efficiently.

## Actual and Necessary Disbursements

13. Omni did not incur any expenses during the Fee Period.

---

[3] **Exhibit A** annexed hereto provides a more detailed description of the services provided during the Fee Period, and reference should be made thereto for a complete recitation of such services.

**Reservation of Rights**

14. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Fee Period but were not processed prior to the preparation of this Fee Statement, or Omni has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fee Period, Omni reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee statement

**Notice**

15. Notice of this Fee Statement will be provided in accordance with the Interim Compensation Order on the Fee Notice Parties (as defined in the Interim Compensation Order). No further notice is required.

WHEREFORE Omni respectfully requests (a) interim allowance of compensation for professional services rendered to the Debtors during the Fee Period in the amount of $3,965.25 and for expenses incurred by Omni during the Fee Period in the amount of $0.00; (b) that, in accordance with the Interim Compensation Order, the Debtors pay Omni a total of $3,172.20 consisting of fees of $3,172.20 (representing 80% of the total amount of fees allowed) and $0.00 (representing 100% of the expenses allowed), if no objections are timely filed and Omni files a certificate of no objection with the Court in accordance with the Interim Compensation Order; (c) that the interim allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Omni's right to

seek such further compensation for the full value of services performed and expenses incurred; and (d) that the Court grant Omni such other and further relief as is just.

Dated: January 30, 2023
      New York, New York

                                         /s/ Paul H. Deutch
                                         Paul H, Deutch
                                         Omni Agent Solutions
                                         1120 Avenue of the Americas, 4th Fl
                                         New York, NY 10035
                                         212-302-3580
                                         pdeutch@omniagnt.com

                                         *Administrative Agent for Debtors*
                                         *and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
:
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (CTG)
:
:
Debtors.[1] : (Jointly Administered)
:
---------------------------------------------------------- x

## DECLARATION OF PAUL H. DEUTCH

I, Paul H. Deutch, hereby declare the following under penalty of perjury:

1. I am the Executive Vice President of the applicant firm, Omni ("**Omni**" or the "**Firm**").

2. I am familiar with the services rendered by Omni Agent Solutions as Administrative Agent to the Debtors as set forth in the Application.

3. I have reviewed the foregoing Third Monthly Fee Statement, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2 and submit that the Fee Statement complies with such rule.

Dated: January 30, 2023
       New York, New York                    /s/ Paul H. Deutch
                                             Paul H. Deutch

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.