## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                :

In re                         :       **Chapter 11**
                                  :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,   :       **Case No. 22-10951 (CTG)**
                                  :

            **Debtors.**[1]        :       **(Jointly Administered)**
                                  :
                                  :       **Re: Docket No. __**
---------------------------------------------------------- x

**ORDER APPROVING STIPULATION BY AND BETWEEN THE
DEBTORS AND CORPORATION SERVICE COMPANY DISALLOWING
<u>A CERTAIN CLAIM SOLELY FOR VOTING PURPOSES</u>**

Upon consideration of the *Stipulation By and Between the Debtors and Corporation Service Company Disallowing a Certain Claim Solely for Voting Purposes* (the "**Stipulation**"),[2] a copy of which is attached hereto as **<u>Exhibit 1</u>**; and the Court having determined that the agreement set forth in the Stipulation is in the best interests of the Debtors, their estates, and creditors, and any parties in interest; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Stipulation is hereby approved.

2.      The Stipulation shall become effective immediately upon entry of this Order.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Stipulation.

3.      This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

**<u>EXHIBIT 1</u>**

**Stipulation**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| ------------------------------------------------------- x | : | |
| In re | : | **Chapter 11** |
| | : | |
| **KABBAGE, INC. d/b/a KSERVICING,** *et al.,* | : | **Case No. 22-10951 (CTG)** |
| | : | |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |
| ------------------------------------------------------- x | | |

## STIPULATION BY AND BETWEEN
## THE DEBTORS AND CORPORATION SERVICE COMPANY
## <u>DISALLOWING A CERTAIN CLAIM SOLELY FOR VOTING PURPOSES</u>

This stipulation (this "**Stipulation**") is made and entered into by and between Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Corporation Service Company ("**CSC**" and, together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel.

## <u>RECITALS</u>

WHEREAS, on October 3, 2022 (the "**Petition Date**"), the Debtors commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

WHEREAS, on January 19, 2023, the Court entered the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 470] (the "**Disclosure Statement Order**") approving the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 467] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"), which authorized the Debtors to solicit votes to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 466] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**");

WHEREAS, on October 11, 2022, CSC filed the following two (2) proofs of claim against the Debtors:

1. Claim no. 955-1 against Kabbage Asset Funding 2019-A LLC; and
2. Claim no. 951-1 against Kabbage, Inc. d/b/a KServicing (the "**KS Claim**").

Claim No. 955-1 is referred to as the "**Subsidiary Claim**".  The KS Claim and the Subsidiary Claim each assert a general unsecured claim for services rendered prepetition.  The KS Claim asserts a $2,037.50 general unsecured claim and the Subsidiary Claim asserts a $740 claim.

WHEREAS, in accordance with the procedures set forth in the Disclosure Statement Order, the KS Claim and the Subsidiary Claim are in Class 4 (General Unsecured Claims).

WHEREAS, in accordance with the procedures set forth in the Disclosure Statement Order, the Parties have agreed that the Subsidiary Claim shall be deemed disallowed, solely for purposes of voting on the Plan.

NOW THEREFORE, THE PARTIES, BY AND THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.    The above recitals are fully incorporated herein and made an express part of this Stipulation.

2.    Upon approval of this Stipulation by the Court, the Subsidiary Claim shall be deemed disallowed, solely for purposes of voting on the Plan.

3.    Except as otherwise expressly set forth in the preceding paragraph, each of the Parties' rights and remedies with respect to the Subsidiary Claim and the KS Claim are expressly and fully preserved, including but not limited to with respect to the allowance of the Subsidiary Claim and the KS Claim for distributions under the Plan.  Nothing contained herein shall be an admission or, except as otherwise expressly set forth in the preceding paragraph, waiver of the substantive or procedural rights, remedies, claims, or defenses of any of the parties in these chapter 11 cases, whether at law or equity and the Debtors expressly reserve the right to file in the future objections to, and/or requests for estimation of, the Subsidiary Claim and the KS Claim on any basis.  For the avoidance of doubt, nothing in this Stipulation affects the

KS Claim for any purpose, including for purposes of voting on the Plan in accordance with the Disclosure Statement Order.

4.    This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

5.    This Stipulation may be executed in counterparts, any of which may be transmitted by electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

6.    This Stipulation may not be amended without the express written consent of all Parties hereto and approval by the Court.

7.    The Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

Dated: February 10, 2023
Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
E-mail: defranceschi@rlf.com
          steele@rlf.com
          shapiro@rlf.com
          milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
E-mail:    ray.schrock@weil.com
           candace.arthur@weil.com
           natasha.hwangpo@weil.com
           chase.bentley@weil.com

*Attorneys for the Debtors and Debtors in Possession*

CORPORATION SERVICES COMPANY
John C. O'Brien
251 Little Falls Dr.
Wilmington, Delaware 19808
Telephone: (929) 996-1651
E-mail:
John.Obrien@intertrustgroup.com