Exhibit H

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (CTG)
: 
: (Jointly Administered)
Debtors.[1] : 
: 
: Obj. Deadline: March 6, 2023 at 4:00 p.m. (ET)
: Hearing: March 22, 2023 at 10:00 a.m. (ET)
------------------------------------------------------------ x

## CERTIFICATION OF CANDACE M. ARTHUR IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP

1. I am a Partner with the applicant firm, Weil, Gotshal & Manges LLP ("**Applicant**"), and have been admitted to appear before this Court.

2. I make this certification regarding the Applicant's first interim application for payment of compensation and reimbursement of expenses (the "**Interim Fee Application**") for the period October 3, 2022 through December 31, 2022 (the "**Interim Fee Period**") to certify to certain matters addressed in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 136] (the "**Interim Compensation Order**").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Interim Compensation Order.

3. I have personally performed many of the legal services rendered by the Applicant as counsel to the Debtors and Debtors in possession (the "**Debtors**") and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers in the firm.

4. Pursuant to the Interim Compensation Order, the Court authorized the Applicant to file this Interim Fee Application, which has been prepared in accordance with the procedures set forth in both the Interim Compensation Order and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "**U.S. Trustee Guidelines**").

5. I have reviewed this Interim Fee Application, including each Monthly Fee Statement relating to the Interim Fee Period covered by the Interim Fee Application, and I hereby certify that such applications comply with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Moreover, I have reviewed Local Rules 2016-1 and 2016-2, and submit that this Interim Fee Application complies with such rules.

**Disclosures Pursuant to the Revised U.S. Trustee Guidelines**

6. The Court authorized the Debtors to retain the Applicant as its attorneys in this chapter 11 case pursuant to an order entered on October 21, 2022 [Docket No. 137] (the "**Retention Order**").

7. Thirty-three (33) professionals are included in this Interim Fee Application. Of those thirty-three (33) professionals, ten (10) billed fewer than fifteen (15) hours during the Interim Fee Period.

8. The Applicant discussed its rates, fees, and staffing plan with the Debtors at the outset of its engagement and throughout this case.

9. Weil voluntarily reduced its fees and expenses for the Interim Fee Period by $64,813.81 in connection with filing the Debtors' Monthly Fee Statements.

10. In accordance with the U.S. Trustee Guidelines, Weil responds to the questions identified therein as follows:

> Question 1: Did Weil agree to any variations from, or alternatives to, Weil's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim Fee Period? If so, please explain.
>
> Answer: No
>
> Question 2: If the fees sought in the Interim Fee Application as compared to the fees budgeted for the Interim Fee Period are higher by 10% or more, did Weil discuss the reasons for the variation with the client?
>
> Answer: The fees sought in this Interim Fee Application do not exceed the fees budgeted for the time period covered by this Interim Fee Application by 10% or more.
>
> Question 3: Have any of the professionals included in the Interim Fee Application varied their hourly rate based on geographic location of the bankruptcy case?
>
> Answer: No
>
> Question 4: Does the Interim Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?
>
> Answer: Any time expended for such matters during the Interim Fee Period is included under task code 27
>
> Question 5: Does the Interim Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.
>
> Answer: Any time expended for such matters during the Interim Fee Period is included under task code 27

Question 6: Does the Interim Fee Application include any rate increases since Weil's retention in these cases?

Answer: No

Dated: February 13, 2023
New York, New York

/s/ *Candace M. Arthur*
Candace M. Arthur