**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **KABBAGE, INC. d/b/a KSERVICING, *et al.*,** | : | **Case No. 22-10951 (CTG)** |
| | : | |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |
| | : | Rule 3018 Motion Deadline: February 21, 2023 at 4:00 p.m. (ET) |
| | : | Rule 3018 Obj. Deadline: February 28, 2023 |
| | : | |

---------------------------------------------------------- x

**DEBTORS' OBJECTION FOR TEMPORARY DISALLOWANCE OF**
**CLAIMS FILED BY COLE RATIAS SOLELY FOR VOTING PURPOSES**

> **THIS OBJECTION IS BEING FILED PURSUANT TO THE COURT'S DISCLOSURE STATEMENT ORDER AND OBJECTS TO CERTAIN CLAIMS ON <u>SCHEDULE 1</u> ATTACHED TO THIS OBJECTION SOLELY FOR VOTING PURPOSES. IF YOU BELIEVE YOU HAVE AN OBJECTION TO THE RELIEF REQUESTED HEREIN, YOU MUST FILE A RULE 3018(a) MOTION IN ACCORDANCE WITH THE DISCLOSURE STATEMENT ORDER AND PARAGRAPH 19 OF THIS OBJECTION.**
>
> **THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER OBJECTIONS TO THE CLAIMS LISTED ON <u>SCHEDULE 1</u> ON ANY SUBSTANTIVE AND/OR NON-SUBSTANTIVE GROUNDS.**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby file this

objection (the "**Objection**")[2] and respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such capitalized terms in the Thoroddsen Declaration, First Day Declaration (defined herein), or Disclosure Statement Order (defined herein), as applicable.

## Relief Requested

1.      By this Objection, pursuant to the Disclosure Statement Order, the Disclosure Statement Motion (as defined below), section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 3007 and 3018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek to temporarily disallow the claims filed by Cole Ratias (the "**Claimant**"), which are identified on **Schedule 1** (the "**No Liability Claims**") attached hereto, solely for voting purposes.

2.      In support of this Objection, the Debtors submit the *Declaration of Thora Thoroddsen in Support of the Debtors' Objection for Temporary Disallowance of Claims Filed by Cole Ratias Solely for Voting Purposes* (the "**Thoroddsen Declaration**"), attached hereto as **Exhibit A**.

## Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.      On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy

RLF1 28598696V.1

Code (the "**Chapter 11 Cases**").  The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

5.      Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

6.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 13] (the "**First Day Declaration**").

7.      On October 31, 2022, the Debtors filed the *Motion of Debtors For Entry of Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 176] (the "**Disclosure Statement Motion**").

8.      On January 19, 2023, the Debtors filed the solicitation versions of the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 466] (as amended, modified and/or supplemented, the "**Plan**") and the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 467] (the "**Disclosure Statement**").

9.      On January 19, 2023, the Court entered the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 470] (the "**Disclosure Statement Order**") that, among other things, approved the Disclosure Statement, authorized the Debtors to commence solicitation on the Plan, and scheduled a confirmation hearing for the Plan on March 13, 2023 (the "**Confirmation Hearing**").  On January 24, 2023, in accordance with the Disclosure Statement Order, the Debtors commenced solicitation of the Plan.

## The Relevant Solicitation Procedures

10.      The Disclosure Statement Order sets, among other things, the following dates and deadlines that are relevant to this Objection:

| Deadline | Date |
| --- | --- |
| Deadline to file an Objection to or a Request for Estimation of a Claim for Voting Purposes | February 14, 2023 |
| Rule 3018 Motion Deadline | February 21, 2023 at 4:00 p.m. (Prevailing Eastern Time) |
| Voting Deadline | February 28, 2023 at 5:00 p.m.[3] (Prevailing Eastern Time) |
| Rule 3018 Objection Deadline | February 28, 2023 |
| Confirmation Hearing | March 13, 2023 at 10:00 a.m. (Prevailing Eastern Time) |

---

[3] On February 10, 2023, the Voting Deadline was extended to February 28, 2023 at 5:00 p.m. (Prevailing Eastern Time).  *See* Docket No. 523.

11.     The Disclosure Statement Order provides that holders of claims against the Debtors in the Voting Classes are entitled to vote to accept or reject the Plan, subject to certain exceptions.  In particular, each claim within the Voting Classes is temporarily Allowed in an amount equal to the amount of such claim as set forth in the Schedules or in a properly and timely filed proof of claim, subject to the Temporary Allowance Exceptions set forth in the Disclosure Statement Motion, which was approved by the Disclosure Statement Order.  *See* Disclosure Statement Order ¶¶ 5, 8.

12.     To date, approximately 272 proofs of claim have been filed against the Debtors on an aggregate basis, collectively asserting approximately $939 million in aggregate liabilities.[4]  The Debtors and their advisors are reviewing all filed proofs of claim, including supporting documentation, if any, and reconciling the proofs of claim with the Debtors' books and records to determine the validity of each of the claims.  For the reasons set forth in more detail below, based upon, among other things, a diligent review of their books and records and the advice of their advisors, the Debtors seek to temporarily disallow the No Liability Claims solely for voting purposes.

### Summary of the No Liability Claims

13.     As noted above, the Debtors object to the No Liability Claims, identified on **Schedule 1** attached hereto, and seek to temporarily disallow the No Liability Claims solely for purposes of voting to accept or reject the Plan.  The No Liability Claims and the Debtors' justifications for objecting to such claims are described briefly below.

14.     As described on **Schedule 1** and in the Thoroddsen Declaration, the Claimant filed identical proofs of claim against each of the Debtor entities for a total of six (6)

---

[4] This number is inclusive of duplicate and amended claims.

proofs of claim.[5]  Each proof of claim asserts a general unsecured claim in a contingent and unliquidated amount.  The basis provided for each of the claims is described as "Infring[e]ment of intellectual property rights; unauthorized use of intellectual property; breach of contract."  *See* proofs of claim nos. 952-1, 953-1, 954-1, 956-1, 955-3, and 951-55.

15.     Based on the Debtors' research, including their review of a complaint (the "**Complaint**") that the Claimant filed in the Superior Court of California, County of San Francisco, against Radius Intelligence, Inc. ("**Radius**") and certain unnamed defendants (collectively, the "**Defendants**"), the Claimant has alleged that he is a shareholder of Radius and believes he has claims against the Defendants in connection with transactions pursuant to which Radius' secured lenders foreclosed on certain of Radius' assets and separately sold those assets to Debtor Kabbage Diameter, LLC ("**Diameter**").   None of the Debtors, including Diameter, were named as defendants in the Complaint, including in a proposed amended version of the Complaint that the Claimant filed on August 2, 2022 (the "**Amended Complaint**"), which seeks to, among other things, add a Mr. Joel Carusone as a defendant.   Moreover, while the Amended Complaint mentions Diameter, it does not allege any claims against Diameter.

16.     Further, based on a review of the Debtors' books and records, the Debtors do not owe Radius any amounts and are unaware of a basis that the Claimant, an alleged shareholder of Radius, would be owed any amounts by the Debtors.  Finally, the Claimant does not attach to any of his six proof of claim forms, nor has he otherwise provided to the Debtors, any documentation in support of his claims for intellectual property infringement and breach of

---

[5] Claim no. 952-1 is asserted against Kabbage Canada Holdings, LLC; claim no. 953-1 is asserted against Kabbage Asset Securitization LLC; claim no. 954-1 is asserted against Kabbage Asset Funding 2017-A LLC; claim no. 956-1 is asserted against Kabbage Diameter, LLC; claim no. 955-3 is asserted against Kabbage Asset Funding 2019-A; and claim no. 951-55 is asserted against Kabbage, Inc. d/b/a KServicing.

contract.  For the foregoing reasons, the Debtors have determined that there is no valid legal

justification under the Bankruptcy Code or other applicable law for the No Liability Claims and,

as such, respectfully request temporary disallowance of the No Liability Claims solely for voting

purposes.

**Basis for Relief**

17.     The Disclosure Statement Motion provides, in relevant part, that a claim

that would otherwise be allowed for voting purposes is subject to the following exception:

> "[I]f the Debtors have filed an objection to or a request for
> estimation of a Claim at least seven days before the Voting Deadline
> (as such date may be extended by order of the Court or on request
> by the Debtors), such Claim is temporarily disallowed, unless the
> Debtors' objection seeks to reclassify or reduce the Allowed amount
> of such Claim, then such Claim is temporarily Allowed for voting
> purposes in the reduced amount and/or as reclassified, except as may
> be ordered by the Court before the Voting Deadline.

Disclosure Statement Motion at ¶ 32(f).

18.     By this Objection, the Debtors have timely filed an objection to disallow

the No Liability Claims listed on **Schedule 1** pursuant to the Disclosure Statement Order.

Accordingly, the No Liability Claims are disallowed solely for voting purposes, subject to the

rights of the Claimant to file a Rule 3018(a) Motion (as defined below).

**Responses**

19.     If the Claimant seeks to challenge the temporary disallowance of the No

Liability Claims for voting purposes, the Claimant must file and serve a motion, pursuant to

Bankruptcy Rule 3018(a), for an order temporarily allowing such claims for purposes of voting to

accept or reject the Plan (a "**Rule 3018(a) Motion**") by **February 21, 2023 at 4:00 p.m.

(Prevailing Eastern Time)**.  Any response to a Rule 3018(a) Motion must be filed by February

7

28, 2023.  Any Rule 3018(a) Motions and related responses will be considered at the Confirmation Hearing.

### Reservation of Rights

20.     This Objection is being filed solely for voting purposes.  Accordingly, nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claim or cause of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, should one or more of the grounds of objection in the Objection be dismissed or overruled, the Debtors reserve the right to object to any of the No Liability Claims on any other grounds that the Debtors discover or elect to pursue, and such dismissal should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### Notice

21.     Notice of this Objection will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) the Claimant; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors believe that no further notice is required.

RLF1 28598696V.1

**<u>No Prior Request</u>**

22.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.


[*Remainder of page intentionally left blank*]

RLF1 28598696V.1

WHEREFORE, for the reasons set forth herein, the Debtors object to the No Liability Claims solely for voting purposes.

Dated: February 14, 2023
        Wilmington, Delaware

/s/ Matthew P. Milana

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
        steele@rlf.com
        shapiro@rlf.com
        milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
E-mail:       ray.schrock@weil.com
              candace.arthur@weil.com
              natasha.hwangpo@weil.com
              chase.bentley@weil.com

*Attorneys for Debtors and Debtors in Possession*