**Exhibit A**

**Thoroddsen Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------- x
                                                        :
In re                                                   :  Chapter 11
                                                        :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,               :  Case No. 22-10951 (CTG)
                                                        :
                                                        :
                    Debtors.[1]                         :  (Jointly Administered)
                                                        :
------------------------------------------------------- x

**DECLARATION OF
THORA THORODDSEN IN SUPPORT OF
THE DEBTORS' OBJECTION FOR TEMPORARY DISALLOWANCE
OF CLAIMS FILED BY COLE RATIAS SOLELY FOR VOTING PURPOSES**

I, Thora Thoroddsen, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Director at AlixPartners, LLP ("**AlixPartners**"), who was retained as financial advisor to Kabbage, Inc. d/b/a KServicing and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors-in-possession (collectively, the "**Debtors**"), by order of the Court entered on October 21, 2022, and have served in such capacity since July, 2022.

2. I have been actively involved in the services provided by AlixPartners to the Debtors. In particular, I was directly involved in preparing the Debtors' requests for first-day

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

relief sought on the Petition Date and the Debtors' schedules of assets and liabilities and statements of financial affairs. I have also led efforts to take inventory of and analyze all proofs of claim filed against the Debtors. Through these efforts, I have become generally knowledgeable and familiar with the Debtors' day-to-day operations, business and financial affairs, books and records, and the progression of these Chapter 11 Cases.

3. I have reviewed the *Debtors' Objection for Temporary Disallowance of Claims Filed by Cole Ratias Solely for Voting Purposes* (the "**Objection**"), filed by the Debtors contemporaneously herewith, and I am authorized to submit this declaration (this **"Declaration"**) on behalf of the Debtors in support of the Objection. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant proofs of claim and documents, the Debtors' books and records, information provided to me by the Debtors and the Debtors' advisors, and my opinion based upon my experience, knowledge, and information concerning the Debtors. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

**No Liability Claims**

4. Based upon a careful review and analysis of the Debtors' books and records and the relevant proofs of claim, I believe that the No Liability Claims filed by Cole Ratias (the "**Claimant**"), which are listed on **Schedule 1** and summarized below, fail to provide any valid basis upon which the Debtors are liable.

5. The Claimant filed six (6) proofs of claim, one against each of the Debtor entities, asserting non-priority claims in a contingent and unliquidated amount. Each proof of claim asserts "Infring[e]ment of intellectual property rights; unauthorized use of intellectual property; breach of contract" as the basis for the claim. *See* proofs of claim nos. 952-1, 953-1,

2

954-1, 956-1, 955-3, and 951-55. After a thorough review of the Debtors' books and records and a complaint (the "**Complaint**") filed by the Claimant in the Superior Court of California, County of San Francisco for breach of contract, declaratory relief, and specific performance against Radius Intelligence, Inc. ("**Radius**") and certain unnamed defendants (collectively, the "**Defendants**"), the Debtors determined that they do not have any obligations due and owing to the Claimant. In the pending litigation, the Claimant has alleged he was a former shareholder of Radius and believes he has certain claims based on transactions occurring in August of 2019 pursuant to which Radius' secured lenders foreclosed on certain of Radius' assets and then separately sold those assets to Debtor Kabbage Diameter, LLC ("**Diameter**"). Such assets included, among other things, certain of Radius' contracts, copyrights, trademarks, patents, and customer accounts. Neither Diameter nor any of the other Debtors are named as defendants in the Complaint. On August 2, 2022, the Claimant filed a motion with the Superior Court of California, County of San Francisco requesting the court allow him to amend his original complaint to, among other things, name a Mr. Joel Carusone as a defendant (the "**Amended Complaint**"). Although the proposed Amended Complaint mentions Diameter, it does not seek to name Diameter or any of the other Debtors as defendants and does not allege any claims against Diameter or any of the other Debtors.

6. Moreover, the Debtors' books and records show that the Debtors do not owe Radius any amounts and are unaware of a basis that the Claimant, an alleged shareholder of Radius, would be owed any amounts by the Debtors based on Diameter's acquisition of Radius' assets from Radius' secured lenders or otherwise. Additionally, the Claimant does not attach any documentation to the proof of claim forms in support of the claims, and I am not otherwise aware of any other documentation that would support his claims. Accordingly, I believe the temporary

3

disallowance of the No Liability Claims solely for voting purposes for the reasons set forth in the Objection is appropriate.

7.  Based on the foregoing, my experience, and my review of the Objection, the Debtors' books and records, and the relevant proofs of claim, the information contained in the Objection and the schedule attached thereto is true and correct, and the relief requested by the Objection is in the best interests of the Debtors' estates, creditors, and economic stakeholders.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date:  February 14, 2023
       Woodcliff Lake, New Jersey

/s/ *Thora Thoroddsen*
Thora Thoroddsen
Director
AlixPartners, LLP

**Schedule 1**

**No Liability Claims**

## Schedule 1

## No Liability Claims

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Asserted Claim Amount | Reason for Temporary Disallowance Solely for Voting Purposes |
|---|---|---|---|---|---|---|
| 1 | Cole Ratias | 11/25/2022 | 952-1 | Kabbage Canada Holdings, LLC | Contingent and Unliquidated | Cole Ratias (the "**Claimant**") filed identical proofs of claim against each Debtor, which proofs of claim were assigned claim nos. 952-1, 953-1, 954-1, 956-1, 955-3, and 951-55. However, the Claimant has no relationship with any of the Debtors that would give rise to a claim and has not alleged any relationship with any of the Debtors that would give rise to a claim. Based on the Debtors' research, including their review of a complaint (the "**Complaint**") that the Claimant filed in the Superior Court of California, County of San Francisco against Radius Intelligence, Inc. ("**Radius**"), and certain unnamed defendants (collectively, the "**Defendants**"), the Claimant has alleged that he is a shareholder of Radius and believes he has claims against the Defendants in connection with transactions pursuant to which Radius' secured lenders foreclosed on certain of Radius' assets and separately sold those assets to Debtor Kabbage Diameter, LLC ("**Diameter**"). None of the Debtors, including Diameter, were named as defendants in the Complaint, including in a proposed amended version of the Complaint that the Claimant filed as recently as August 2022 (the "**Amended Complaint**"). Moreover, while the Amended Complaint mentions Diameter, it does not allege any claims against Diameter. |
| 2 | Cole Ratias | 11/25/2022 | 953-1 | Kabbage Asset Securitization, LLC | | |
| 3 | Cole Ratias | 11/25/2022 | 954-1 | Kabbage Asset Funding 2017-A, LLC | | |
| 4 | Cole Ratias | 11/25/2022 | 956-1 | Kabbage Diameter, LLC | | |
| 5 | Cole Ratias | 11/25/2022 | 955-3 | Kabbage Asset Funding 2019-A, LLC | | |

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Asserted Claim Amount | Reason for Temporary Disallowance Solely for Voting Purposes |
|---|---|---|---|---|---|---|
| 6 | Cole Ratias | 11/25/2022 | 951-55 | Kabbage, Inc. d/b/a KServicing | | Finally, based on a review of the Debtors' books and records, the Debtors do not owe Radius any amounts and are unaware of a basis that the Claimant, an alleged shareholder of Radius, would be owed any amounts by the Debtors.<br><br>Accordingly, the No Liability Claims should be disallowed for voting purposes as set forth in the Objection. |