# EXHIBIT 1

**Stipulation**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------- x
:
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (CTG)
:
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------- x

### STIPULATION BY AND BETWEEN
### THE DEBTORS AND PAUL PIETSCHNER
### DISALLOWING CERTAIN CLAIMS SOLELY FOR VOTING PURPOSES

This stipulation (this "**Stipulation**") is made and entered into by and between Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Paul Pietschner ("**Pietschner**" and, together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel.

### RECITALS

WHEREAS, on October 3, 2022 (the "**Petition Date**"), the Debtors commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

WHEREAS, on January 19, 2023, the Court entered the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 470] (the "**Disclosure Statement Order**") approving the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 467] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"), which authorized the Debtors to solicit votes to accept or reject the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 466] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**");

WHEREAS, on November 30, 2022, Pietschner filed the following twelve (12) proofs of claim against the Debtors:

1. Claim nos. 955-8 and 955-10 against Kabbage Asset Funding 2019-A LLC;
2. Claim nos. 952-7 and 952-8 against Kabbage Canada Holdings, LLC;
3. Claim nos. 953-5 and 953-6 against Kabbage Asset Securitization LLC;
4. Claim nos. 954-6 and 954-7 against Kabbage Asset Funding 2017-A LLC;
5. Claim nos. 956-6 and 956-7 against Kabbage Diameter, LLC; and
6. Claim nos. 951-133, and 951-174 against Kabbage, Inc. d/b/a KServicing (the "**KS Claims**")

On January 30, 2023, Pietschner withdrew claim nos. 953-5, 954-6, 956-6, 952-7, 955-8, and 951-133.  Claim nos. 955-10, 952-8, 953-6, 954-7, and 956-7 are collectively referred

to as the "**Subsidiary Claims**". The KS Claims and the Subsidiary Claims each assert an unliquidated, contingent amount against the Debtors on account of a lawsuit filed on behalf of the United States of America by Pietschner in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:21-cv-110.

WHEREAS, in accordance with the procedures set forth in the Disclosure Statement Order, the KS Claims and the Subsidiary Claims are in Class 4 (General Unsecured Claims).

WHEREAS, in accordance with the procedures set forth in the Disclosure Statement Order, the Parties have agreed that the Subsidiary Claims shall be deemed disallowed, solely for purposes of voting on the Plan.

NOW THEREFORE, THE PARTIES, BY AND THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The above recitals are fully incorporated herein and made an express part of this Stipulation.

2. Upon approval of this Stipulation by the Court, the Subsidiary Claims shall be deemed disallowed, solely for purposes of voting on the Plan, as currently proposed. To the extent that the Plan is withdrawn or the rights of the Class 4 General Unsecured Creditors are materially modified, the Parties expressly agree that Pietschner reserves the right to withdraw this Stipulation.

3. Except as otherwise expressly set forth in the preceding paragraph, each of the Parties' rights and remedies with respect to the Subsidiary Claims and the KS Claims are expressly and fully preserved, including but not limited to with respect to the allowance of the

Subsidiary Claims and the KS Claims for distributions under the Plan. Nothing contained herein shall be an admission or, except as otherwise expressly set forth in the preceding paragraph, waiver of the substantive or procedural rights, remedies, claims, or defenses of any of the parties in these chapter 11 cases, whether at law or equity and the Debtors expressly reserve the right to file in the future objections to, and/or requests for estimation of, the Subsidiary Claims and the KS Claims on any basis. For the avoidance of doubt, nothing in this Stipulation affects the KS Claims for any purpose, including for purposes of voting on the Plan in accordance with the Disclosure Statement Order.

4. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

5. This Stipulation may be executed in counterparts, any of which may be transmitted by electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

6. This Stipulation may not be amended without the express written consent of all Parties hereto and approval by the Court.

7. The Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

Dated: February 14, 2023
Wilmington, Delaware

/s/ *Zachary I. Shapiro*
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
       steele@rlf.com
       shapiro@rlf.com
       milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
E-mail:   ray.schrock@weil.com
       candace.arthur@weil.com
       natasha.hwangpo@weil.com
       chase.bentley@weil.com

*Attorneys for the Debtors and Debtors in Possession*

/s/ *William C. Meyers*
GOLDBERG KOHN LTD.
William C. Meyers, Esq.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-3919
Email: william.meyers@goldbergkohn.com

*Attorney for Paul Pietschner*