# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ x | : | |
| In re | : | Chapter 11 |
| | : | |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, | : | Case No. 22-10951 (CTG) |
| | : | |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | : | Re: Docket No. 491 |
| ------------------------------------------------------------ x | | |

<u>**ORDER GRANTING DEBTORS' FIRST OMNIBUS**</u>
<u>**OBJECTION (SUBSTANTIVE) TO CERTAIN MISCLASSIFIED CLAIMS**</u>

Upon the *Debtors' First Omnibus Objection (Substantive) to Certain Misclassified Claims* (the "**Objection**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) reclassifying the Misclassified Priority Claims as general unsecured claims, (ii) reclassifying the Misclassified Administrative Expense Claims as general unsecured claims, (iii) reclassifying the Misclassified Secured Claims as general

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Objection.

unsecured claims, and (iv) granting related relief, all as more fully set forth in the Objection; and this Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Objection (the "**Hearing**"), if necessary; and upon the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted to the extent set forth herein.

2. Each proof of claim listed under the heading "Misclassified Priority Claims" on **Schedule 1** annexed hereto is hereby reclassified as set forth on **Schedule 1** under the column "Modified Classification Status".

3. Each proof of claim listed under the heading "Misclassified Administrative Expense Claims" on **Schedule 2** annexed hereto is hereby reclassified as set forth on **Schedule 2** under the column "Modified Classification Status".

4. Each proof of claim listed under the heading "Misclassified Secured Claims" on **Schedule 3** annexed hereto is hereby reclassified as set forth on **Schedule 3** under the column "Modified Classification Status".

5. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on the merits.

6. The objections by the Debtors to the Misclassified Claims, as addressed in the Objection and the schedules hereto, constitute a separate contested matter with respect to each such proof of claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Misclassified Claim.

7. Any stay of this Order pending appeal by any holder of a Misclassified Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

8. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim referenced and/or identified in the Objection that is not listed on **Schedule 1**, **Schedule 2**, or **Schedule 3** annexed hereto as a Misclassified Priority Claim, Misclassified Administrative Expense Claim, and a Misclassified Secured Claim, respectively, and all rights to object or defend against such claims on any basis are expressly reserved.

9. The rights of the Debtors, or any other party in interest, as applicable, to (a) file subsequent objections to any of the Misclassified Claims on any and all substantive and/or non-substantive grounds; (b) amend, modify, and/or supplement the Objection, including, without limitation, the filing of objections to further amended or newly filed Claims; (c) seek expungement

or reduction of any claim to the extent all or a portion of such claim has been paid; and (d) settle any claim for less than the asserted amount are preserved.

10. The Debtors and Omni Agent Solutions are authorized to modify the Claims Register to comport with the entry of this Order.

11. Nothing contained in the Objection or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) an agreement or obligation to pay any claims; (c) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, including but not limited to, any future objections on substantive and/or non-substantive grounds; (d) a waiver of any claim or cause of action which may exist against any creditor or interest holder; or (e) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

12. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Schedule 1**

**Misclassified Priority Claims**

## Misclassified Priority Claims[1]
(Claims are listed alphabetically)

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 1 | Alicia Bryant | 11/18/2022 | 951-41 | Kabbage, Inc. d/b/a KServicing | $3,466.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $3,466.00 (U) $3,466.00 (T) | Alicia Bryant filed a $3,466 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-41. Based on a review of the Debtors' books and records, the Debtors have determined Alicia Bryant is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Alicia Bryant under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 2 | AVDN Enterprise LLC | 12/30/2022 | 951-224 | Kabbage, Inc. d/b/a KServicing | $3,125.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $3,125.00 (U) $3,125.00 (T) | AVDN Enterprise filed a $3,125 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. *See* proof of claim no. 951-224. Based on a review of the Debtors' books and records, the Debtors have determined AVDN Enterprise is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to AVDN Enterprise under section 507(a) of the Bankruptcy Code. |
| 3 | Charmaine Busch | 11/5/2022 | 951-27 | Kabbage, Inc. d/b/a KServicing | $25,500.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $30,000.00 (U) $30,000.00 (T) | Charmaine Busch filed a proof of claim asserting a total claim of $30,000. The claimant asserts that $25,500 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), 507(a)(7), and 507(a)(8) of the Bankruptcy Code. The proof of claim asserts "money loaned . . ." as the basis for the claim. *See* proof of claim no. 951-27. Based on a review of the Debtors' books and records, the Debtors have determined Charmaine Busch is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Charmaine Busch under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. |
| 4 | Corinthus Omari Pittman (Wellness Rehabilitation LLC) | 12/19/2022 | 951-218 | Kabbage, Inc. d/b/a KServicing | $20,833.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $20,833.00 (U) $20,833.00 (T) | Wellness Rehabilitation filed a $20,833 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. *See* proof of claim no. 951-218. Based on a review of the Debtors' books and records, the Debtors have determined Wellness Rehabilitation is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Wellness Rehabilitation under section 507(a) of the Bankruptcy Code. Further, Wellness Rehabilitation does not provide any documentation in support of the claim. |
| 5 | Deborah A Mastrandrea | 11/15/2022 | 951-30 | Kabbage, Inc. d/b/a KServicing | $3,900.00 (P) | $0.00 (A) $0.00 (S) | Deborah A. Mastrandrea filed a $3,900 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the |

---

[1] Certain of the Misclassified Priority Claims assert more than one incorrect classification status. This schedule lists only the misclassified priority amounts.

[2] (A) - Administrative, including 503(b)(9); (S) - Secured; (P) - Priority; (U) - Unsecured; (T) – Total.

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | $0.00 (P)<br>$3,900.00 (U)<br>$3,900.00 (T) | claim. *See* proof of claim no. 951-30. Based on a review of the Debtors' books and records, the Debtors have determined Deborah A. Mastrandrea is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Deborah A. Mastrandrea under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Deborah A. Mastrandrea does not provide any documentation in support of the claim. |
| 6 | Kelvin Foster | 01/23/2023 | 951-231 | Kabbage, Inc. d/b/a KServicing | $2,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,000.00 (U)<br>$3,000.00 (T) | Kelvin Foster filed a proof of claim asserting a total claim of $3,000. The claimant asserts that $2,000 is entitled to priority pursuant to section 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "goods sold" as the basis for the claim. *See* proof of claim no. 951-231. Based on a review of the Debtors' books and records, the Debtors have determined Kelvin Foster is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Kelvin Foster under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Kelvin Foster does not provide any documentation in support of the claim. |
| 7 | Lakeysha James | 01/17/2023 | 951-229 | Kabbage, Inc. d/b/a KServicing | $12,708.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$12,708.00 (U)<br>$12,708.00 (T) | Lakeysha James filed a $12,708 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "services performed" as the basis for the claim. *See* Proof of claim no. 951-229. Based on a review of the Debtors' books and records, the Debtors have determined Lakeysha James is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lakeysha James under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 8 | Lakina Evans | 10/29/2022 | 951-3 | Kabbage, Inc. d/b/a KServicing | $3,350.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,216.00 (U)<br>$3,216.00 (T) | Lakina Evans filed two proofs of claim, each asserting a total claim of $3,216.00. Notwithstanding the asserted total value of the claim, proof of claim no. 951-3 asserts a $3,350 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-3. Based on a review of the Debtors' books and records, the Debtors have determined Lakina Evans is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lakina Evans under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Lakina Evans does not provide any documentation in support of the claim. |
| 9 | Lakina Evans | 10/29/2022 | 951-4 | Kabbage, Inc. d/b/a KServicing | $3,250.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,216.00 (U)<br>$3,216.00 (T) | Lakina Evans filed two proofs of claim, each asserting a total claim of $3,216.00. Notwithstanding the asserted total value of the claim, proof of claim no. 951-4 asserts a $3,250 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-4. Based on a review of the Debtors' books and records, the Debtors have determined Lakina Evans is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lakina Evans under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Lakina Evans does not provide any documentation in support of the claim. |

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 10 | Lauren Garber | 11/30/2022 | 951-153 | Kabbage, Inc. d/b/a KServicing | $17,700.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $17,700.00 (U) $17,700.00 (T) | Lauren Garber filed a $17,700 priority claim pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. The proof of claim form asserts "Paycheck Protection Program loan approved by [the] SBA" as the basis for the priority claim. *See* proof of claim form no. 951-153. Based on a review of the Debtors' books and records, the Debtors have determined Lauren Garber is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Lauren Garber under sections 507(a)(4) (the claim is not on account of wages) and 507(a)(5) (the claim is not on account of contributions to an employee benefit plan) of the Bankruptcy Code. |
| 11 | Michael Hamlin | 11/12/2022 | 955-2 | Kabbage Asset Funding 2019-A, LLC | $13,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $13,000.00 (U) $13,000.00 (T) | Michael Hamlin filed a $13,000 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts a "foreclosure with court agreement" as the basis for the claim. *See* proof of claim no. 955-2. Based on a review of the Debtors' books and records, the Debtors have determined Michael Hamlin is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Michael Hamlin under section 507(a) of the Bankruptcy Code. Further, Michael Hamlin does not provide any documentation in support of the claim. |
| 12 | Michael R. Hamlin | 11/12/2022 | 951-25 | Kabbage, Inc. d/b/a KServicing | $500,000.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $500,000.00 (U) $500,000.00 (T) | Michael R. Hamlin filed a $500,000 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts a "lien against property that Kabbage, Inc must [have] purchased" as the basis for the claim. *See* proof of claim no. 951-25. Based on a review of the Debtors' books and records, the Debtors have determined Michael R. Hamlin is a borrower of a Legacy Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Michael R. Hamlin under section 507(a) of the Bankruptcy Code, and no record of the alleged lien. Further, Michael R. Hamlin does not provide any documentation in support of the claim. |
| 13 | Nicolas E. Feliz | 11/8/2022 | 951-23 | Kabbage, Inc. d/b/a KServicing | $886.49 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $886.49 (U) $886.49 (T) | Nicolas E. Feliz filed an $866.49 priority claim pursuant to section of 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "PPP loan paid by me to Kabbage on 08/2022 . . ." as the basis for the claim. *See* proof of claim no. 951-23. Based on a review of the Debtors' books and records, the Debtors have determined Nicolas E. Feliz is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Nicolas E. Feliz under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 14 | Quyen Nguyen | 12/2/2022 | 951-194 | Kabbage, Inc. d/b/a KServicing | $3,270.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $3,349.27 (U) $3,349.27 (T) | Quyen Nguyen filed a proof of claim asserting a total claim of $3,349.27. The claimant asserts that $3,270 is entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim form asserts "services performed" as the basis for the claim. *See* proof of claim no. 951-194. Based on a review of the Debtors' books and records, the Debtors have determined Quyen Nguyen is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Quyen Nguyen under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 15 | Rajesh Oza | 11/15/2022 | 951-24 | Kabbage, Inc. d/b/a KServicing | $2,800.00 (P) | $0.00 (A) $0.00 (S) $0.00 (P) $2,800.00 (U) | Rajesh Oza filed a $2,800 priority claim pursuant to section 507(a)(7) of the Bankruptcy Code. No basis is asserted for the claim. *See* proof of claim no. 951-24. Based on a review of the Debtors' books and records, the Debtors have determined Rajesh Oza is a borrower of a PPP Loan that the Debtors service, and there are no |

3

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | $2,800.00 (T) | amounts entitled to priority due and owing to Rajesh Oza under section 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Rajesh Oza does not provide any documentation in support of the claim. |
| 16 | Randolph Redley | 11/30/2022 | 951-136 | Kabbage, Inc. d/b/a KServicing | $16,248.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$16,248.00 (U)<br>$16,248.00 (T) | Randolph Redley filed a $16,248 priority claim pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts "PPP loan forgiveness" as the basis for the claim. *See* proof of claim no. 951-136. Based on a review of the Debtors' books and records, the Debtors have determined Randolph Redley is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Randolph Redley under section 507(a) of the Bankruptcy Code. |
| 17 | Robert Clifton | 11/30/2022 | 951-173 | Kabbage, Inc. d/b/a KServicing | $19,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$19,000.00 (U)<br>$19,000.00 (T) | Robert Clifton filed a $19,000 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim form asserts "bank account / my own money was fraudulently withdrawn" as the basis for the priority claim. *See* proof of claim no. 951-173. Based on a review of the Debtors' books and records, the Debtors have determined Robert Clifton is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Robert Clifton under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Further, the claim is in excess of the statutory limit under section 507(a)(4) of the Bankruptcy Code, and Robert Clifton does not provide any documentation in support of the claim. |
| 18 | SS Peter and Paul Orthodox Church EIN 06-6087116 | 12/3/2022 | 951-195 | Kabbage, Inc. d/b/a KServicing | $10,227.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$10,227.00 (U)<br>$10,227.00 (T) | The Orthodox Church filed a $10,227 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts the "Paycheck Protection Program" as the basis for the claim. *See* proof of claim no. 951-195. Based on a review of the Debtors' books and records, the Debtors have determined the Orthodox Church is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Orthodox Church under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. |
| 19 | Stewart Williams | 12/8/2022 | 951-213 | Kabbage, Inc. d/b/a KServicing | $30,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$20,000.00 (U)<br>$20,000.00 (T) | Stewart Williams filed a proof of claim asserting a total claim of $20,000. Notwithstanding the asserted total value of the claim, the claimant asserts that $30,000 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), and 507(a)(7) of the Bankruptcy Code. The proof of claim asserts "they sent money to the wrong account, got it back and held it, after I got credits against the money they said time run out" as the basis for the claim. *See* proof of claim no. 951-213. Based on a review of the Debtors' books and records, the Debtors have determined that there are no amounts entitled to priority due and owing to Stewart Williams under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), and 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code. Further, Stewart Williams does not provide any documentation in support of the claim, and the claim is in excess of the statutory limit under section 507(a)(7) of the Bankruptcy Code. |
| 20 | Summer Stegall | 11/24/2022 | 951-49 | Kabbage, Inc. d/b/a KServicing | $30,523.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P) | Summer Stegall filed a proof of claim asserting a total claim of $42,023.65. The claimant asserts that $30,523 is entitled to priority pursuant to sections 507(a)(1)(A) and (a)(1)(B), 507(a)(4), 507(a)(7), and 507(a)(8) of the Bankruptcy Code. The proof |

4

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | $42,023.65 (U)<br>$42,023.65 (T) | of claim asserts "money loaned/personal injury" as the basis for the claim. *See* proof of claim no. 951-49. Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Summer Stegall under sections 507(a)(1)(A) (the claim is not on account of domestic support obligations) and (a)(1)(B) (the claim is not on account of domestic support obligations), 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the claim is in excess of the statutory limit under section 507(a)(7). |
| 21 | The Juneau Group, LLC | 11/28/2022 | 951-91 | Kabbage, Inc. d/b/a KServicing | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 951-91. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 22 | The Juneau Group, LLC | 11/28/2022 | 955-4 | Kabbage Asset Funding 2019-A, LLC | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 955-4. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 23 | The Juneau Group, LLC | 11/28/2022 | 952-2 | Kabbage Canada Holdings, LLC | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 952-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group |

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | | does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 24 | The Juneau Group, LLC | 11/28/2022 | 953-2 | Kabbage Asset Securitization, LLC | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 953-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 25 | The Juneau Group LLC | 11/28/2022 | 954-2 | Kabbage Asset Funding 2017-A, LLC | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 954-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 26 | The Juneau Group LLC | 11/28/2022 | 956-2 | Kabbage Diameter, LLC | $11,000,000.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 priority claims against each of the Debtor entities pursuant to sections 507(a)(4), 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code. No basis is asserted for any of the claims. *See* proof of claim no. 956-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to the Juneau Group under sections 507(a)(4) (the claim is not on account of wages), 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), and 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. Further, the Juneau Group does not provide any documentation in support of the $11,000,000 claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 27 | Valeria Sanders | 11/29/2022 | 951-108 | Kabbage, Inc. d/b/a KServicing | $17,378.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$17,378.00 (U)<br>$17,378.00 (T) | Valeria Sanders filed a $17,378 priority claim pursuant to an unspecified subsection of section 507(a) of the Bankruptcy Code. The proof of claim asserts "money loaned but never received" as the basis for the priority claim. *See* proof of claim no. 951-108. Based on a review of the Debtors' books and records, the Debtors have determined Valeria Sanders is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Valeria Sanders under section 507(a) of |

RLF1 28611784V.1

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Priority Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| | | | | | | | the Bankruptcy Code. Further, Valeria Sanders does not provide any documentation in support of the claim. |
| 28 | Yanelys Gomez | 12/6/2022 | 951-205 | Kabbage, Inc. d/b/a KServicing | $3,600.00 (P) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,600.00 (U)<br>$3,600.00 (T) | Yanelys Gomez filed a $3,600 priority claim pursuant to section 507(a)(4) of the Bankruptcy Code. The proof of claim asserts "loaned" as the basis for the claim. *See* proof of claim no. 951-205. Based on a review of the Debtors' books and records, the Debtors have determined Yanelys Gomez is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Yanelys Gomez under section 507(a)(4) (the claim is not on account of wages) of the Bankruptcy Code. Further, Yanelys Gomez does not provide any documentation in support of the claim. |

7

**Schedule 2**

**Misclassified Administrative Expense Claims**

**Misclassified Administrative Expense Claims**[1]

(Claims are listed alphabetically)

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Administrative Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 1 | Best Sister Friends Catering and Events LLC | 11/25/2022 | 951-58 | Kabbage, Inc. d/b/a KServicing | $21,120.34 (A) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$21,120.34 (U)<br>$21,120.34 (T) | Best Sister filed a $21,120.34 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-58. Based on a review of the Debtors' books and records, the Debtors have determined Best Sister is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Best Sister within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 2 | Carlos Aceves | 12/10/2022 | 951-215 | Kabbage, Inc. d/b/a KServicing | $1,549.00 (A) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$63,490.00 (U)<br>$63,490.00 (T) | Carlos Aceves filed a proof of claim asserting a total claim of $63,490. The claimant asserts that $1,549 is an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "loan was approved f[or] $63,490 after months a deposit of $1,590" as the basis for the claim. *See* proof of claim no. 951-215. Based on a review of the Debtors' books and records, the Debtors have determined Carlos Aceves is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Carlos Aceves within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 3 | Charmaine Busch | 11/5/2022 | 951-27 | Kabbage, Inc. d/b/a KServicing | $30,000.00 (A) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$30,000.00 (U)<br>$30,000.00 (T) | Charmaine Busch filed a $30,000 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned . . ." as the basis for the claim. *See* proof of claim no. 951-27. Based on a review of the Debtors' books and records, the Debtors have determined Charmaine Busch is a borrower of a Legacy Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Charmaine Busch within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 4 | Deborah A Mastrandrea | 11/15/2022 | 951-30 | Kabbage, Inc. d/b/a KServicing | $3,900.00 (A) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$3,900.00 (U)<br>$3,900.00 (T) | Deborah A. Mastrandrea filed a $3,900 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-30. Based on a review of the Debtors' books and records, the Debtors have determined Deborah A. Mastrandrea is a borrower of a PPP loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Deborah A. Mastrandrea within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Further, Deborah A. Mastrandrea does not attach any documentation in support of the claim. |

---

[1] Certain of the Misclassified Administrative Expense Claims assert more than one incorrect classification status. This schedule lists only the misclassified administrative expense amounts.

[2] (A) - Administrative, including 503(b)(9); (S) - Secured; (P) - Priority; (U) - Unsecured; (T) – Total.

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Administrative Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 5 | George James Mallios, PC | 12/5/2022 | 951-196 | Kabbage, Inc. d/b/a KServicing | $209,816.08 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $209,816.08 (U) $209,816.08 (T) | George Mallios filed three proofs of claim, each asserting a $209,816.08 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-196. Based on a review of the Debtors' books and records, the Debtors have determined George Mallios is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from George Mallios within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 6 | George James Mallios, PC | 12/5/2022 | 951-207 | Kabbage, Inc. d/b/a KServicing | $209,816.08 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $209,816.08 (U) $209,816.08 (T) | George Mallios filed three proofs of claim, each asserting a $209,816.08 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-207. Based on a review of the Debtors' books and records, the Debtors have determined George Mallios is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from George Mallios within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 7 | George James Mallios, PC | 12/10/2022 | 951-216 | Kabbage, Inc. d/b/a KServicing | $209,816.08 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $209,816.08 (U) $209,816.08 (T) | George Mallios filed three proofs of claim, each asserting a $209,816.08 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. *See* proof of claim no. 951-216. Based on a review of the Debtors' books and records, the Debtors have determined George Mallios is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from George Mallios within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 8 | Kelvin Foster | 01/23/2023 | 951-231 | Kabbage, Inc. d/b/a KServicing | $2,000.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $3,000.00 (U) $3,000.00 (T) | Kelvin Foster filed a proof of claim asserting a total claim of $3,000. The claimant asserts that $2,000 is an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "goods sold" as the basis for the claim. *See* proof of claim no. 951-231. Based on a review of the Debtors' books and records, the Debtors have determined Kelvin Foster is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Kelvin Foster within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 9 | Madel Carmen Hernandez dba TODO PARA TU PACHANG | 11/3/2022 | 951-15 | Kabbage, Inc. d/b/a KServicing | $32,000.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $32,000.00 (U) $32,000.00 (T) | Madel Hernandez filed a $32,000 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "Loan" as the basis for the claim. *See* proof of claim no. 951-15. Based on a review of the Debtors' books and records, the Debtors have determined Madel Hernandez is a borrower of a Legacy Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Madel Hernandez within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Administrative Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 10 | Paula Roach | 12/5/2022 | 951-208 | Kabbage, Inc. d/b/a KServicing | $112,770.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $112,770.00 (U) $112,770.00 (T) | Paula Roach filed three proofs of claim, each asserting a $112,770 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. See proof of claim no. 951-208. Based on a review of the Debtors' books and records, the Debtors have determined Paula Roach is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Paula Roach within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 11 | Paula Roach | 12/5/2022 | 951-210 | Kabbage, Inc. d/b/a KServicing | $112,770.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $112,770.00 (U) $112,770.00 (T) | Paula Roach filed three proofs of claim, each asserting a $112,770 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. See proof of claim no. 951-210. Based on a review of the Debtors' books and records, the Debtors have determined Paula Roach is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Paula Roach within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 12 | Paula Roach | 12/7/2022 | 951-214 | Kabbage, Inc. d/b/a KServicing | $112,770.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $112,770.00 (U) $112,770.00 (T) | Paula Roach filed three proofs of claim, each asserting a $112,770 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proofs of claim assert "failure to provide forgiveness" as the basis for the claim. See proof of claim no. 951-214. Based on a review of the Debtors' books and records, the Debtors have determined Paula Roach is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Paula Roach within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 13 | Randolph Redley | 11/30/2022 | 951-136 | Kabbage, Inc. d/b/a KServicing | $16,248.00 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $16,248.00 (U) $16,248.00 (T) | Randolph Redley filed a $16,248 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "SBA PPP loan forgiveness" as the basis for the claim. See proof of claim no. 951-136. Based on a review of the Debtors' books and records, the Debtors have determined Randolph Redley is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from Randolph Redley within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. |
| 14 | The Juneau Group, LLC | 11/28/2022 | 951-184 | Kabbage, Inc. d/b/a KServicing | $499,999.99 (A) | $0.00 (A) $0.00 (S) $0.00 (P) $499,999.99 (U) $499,999.99 (T) | The Juneau Group filed an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code, in the amount of $20,833 per month for the duration of the Chapter 11 Cases for an aggregate amount of $499,999.99. The proof of claim asserts "TIME" as the basis for the claim. See proof claim no. 951-184. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, and there is no evidence of the Debtors receiving goods from the Juneau Group within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Further, the Juneau Group does not attach any documentation in support of the $499,999.99 claim, and the total value of the Juneau Group's PPP Loan is only $2,223. |

**Schedule 3**

**Misclassified Secured Claims**

## Misclassified Secured Claims[1]
(Claims are listed alphabetically)

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Secured Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 1 | Anthony Dinish | 11/28/2022 | 951-185 | Kabbage, Inc. d/b/a KServicing | $0.00 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $0.00 (U) $0.00 (T) | Anthony Dinish filed a secured claim for an unliquidated amount. The proof of claim asserts "chapter 11 bankruptcy" as the basis for the claim. *See* proof of claim no. 951-185. Based on a review of the Debtors' books and records, the Debtors have determined Anthony Dinish is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. |
| 2 | Kadada, LLC | 1/5/2023 | 951-226 | Kabbage, Inc. d/b/a KServicing | $22,000.00 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $22,000.00 (U) $22,000.00 (T) | Kadada filed a $22,000 secured claim. The proof of claim asserts "money loaned" as the basis for the claim. *See* proof of claim no. 951-226. Based on a review of the Debtors' books and records, the Debtors have determined Kadada is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. |
| 3 | Michael R. Hamlin | 11/12/2022 | 951-25 | Kabbage, Inc. d/b/a KServicing | $500,000.00 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $500,000.00 (U) $500,000.00 (T) | Michael R. Hamlin filed a $500,000 secured claim. The proof of claim asserts "a lien against property, that Kabbage Inc, must [have] purchased" as the basis for the claim. The claimant further asserts that the lien is against 13 River Street, Sanford, Maine, which is on file at the York County Registry of Deeds. *See* proof of claim no. 951-25. Based on a review of the Debtors' books and records, the Debtors have determined Michael R. Hamlin is a borrower of a Legacy Loan that the Debtors service, there is no evidence of the alleged lien, and no basis for the claim's secured status under section 506 of the Bankruptcy Code. |
| 4 | Summer Stegall | 11/24/2022 | 951-49 | Kabbage, Inc. d/b/a KServicing | $42,023.65 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $42,023.65 (U) $42,023.65 (T) | Summer Stegall filed a filed a proof of claim asserting a total claim of $42,023.65, including a $42,023 secured claim. The proof of claim asserts "money loaned/personal injury" as the basis for the claim. *See* proof of claim no. 951-49. Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service, and there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. |
| 5 | The Juneau Group, LLC | 11/28/2022 | 954-2 | Kabbage Asset Funding 2017-A, LLC | $11,000,000.00 (S) | $0.00 (A) $0.00 (S) $0.00 (P) $11,000,000.00 (U) $11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities. No basis for the claims is provided. *See* proof of claim no. 954-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code. Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |

---

[1] Certain of the Misclassified Secured Claims assert more than one incorrect classification status. This schedule lists only the misclassified secured amounts.

[2] (A) - Administrative, including 503(b)(9); (S) - Secured; (P) - Priority; (U) - Unsecured; (T) – Total.

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Secured Claim Amount | Modified Classification Status[2] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 6 | The Juneau Group LLC | 11/28/2022 | 956-2 | Kabbage Diameter, LLC | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities. No basis for the claims is provided. *See* proof of claim no. 956-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code. Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 7 | The Juneau Group, LLC | 11/28/2022 | 951-91 | Kabbage, Inc. d/b/a KServicing | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities. No basis for the claims is provided. *See* proof of claim no. 951-91. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code. Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 8 | The Juneau Group, LLC | 11/28/2022 | 955-4 | Kabbage Asset Funding 2019-A, LLC | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities. No basis for the claims is provided. *See* proof of claim no. 955-4. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code. Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 9 | The Juneau Group, LLC | 11/28/2022 | 952-2 | Kabbage Canada Holdings, LLC | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities. No basis for the claims is provided. *See* proof of claim no. 952-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code. Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |
| 10 | The Juneau Group, LLC | 11/28/2022 | 953-2 | Kabbage Asset Securitization, LLC | $11,000,000.00 (S) | $0.00 (A)<br>$0.00 (S)<br>$0.00 (P)<br>$11,000,000.00 (U)<br>$11,000,000.00 (T) | The Juneau Group filed identical $11,000,000 secured claims against each of the Debtor entities. No basis for the claims is provided. *See* proof of claim no. 953-2. Based on a review of the Debtors' books and records, the Debtors have determined the Juneau Group is a borrower of a PPP Loan that the Debtors service, there is no evidence of the Juneau Group's claims, and no basis for the claims' secured status under section 506 of the Bankruptcy Code. Further, the Juneau Group provides no documentation in support of the claims, and the total value of the Juneau Group's PPP Loan is only $2,223. |