**Exhibit A**

**Thoroddsen Declaration**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **KABBAGE, INC. D/B/A KSERVICING**, *et al.*, | : | Case No. 22-10951 (CTG) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

**DECLARATION OF THORA THORODDSEN IN SUPPORT
OF DEBTORS' OBJECTION TO THE MOTION OF THE JUNEAU
GROUP, LLC FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
CLAIM PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

I, Thora Thoroddsen, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Director at AlixPartners, LLP ("**AlixPartners**"), who was retained as financial advisor to Kabbage, Inc. d/b/a KServicing and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors-in-possession (collectively, the "**Debtors**"), by order of the Court entered on October 21, 2022, and have served in such capacity since July, 2022.

2. I have been actively involved in the services provided by AlixPartners to the Debtors. In particular, I was directly involved in preparing the Debtors' requests for first-day relief sought on the Petition Date and the schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules and Statements**"). I have also led efforts to take inventory of and analyze all proofs of claim filed against the Debtors. Through these efforts, I

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

have become generally knowledgeable and familiar with the Debtors' day-to-day operations, business and financial affairs, books and records, and the progression of these Chapter 11 Cases.

3. I have reviewed the *Debtors' Objection to the Motion of The Juneau Group, LLC for Allowance of Administrative Expense Claim Pursuant to Section 503(b)(9) of the Bankruptcy Code* (the "**Objection**") filed by the Debtors contemporaneously herewith, and I am authorized to submit this declaration (this "**Declaration**") on behalf of the Debtors in support of the Objection.[2]  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, the Debtors' books and records, the Schedules and Statements, information provided to me by the Debtors, or advisors to the Debtors, and/or my opinion based upon my experience, knowledge, and information concerning the Debtors.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

### Objection to 503(b)(9) Claim

4. On December 6, 2022, the Juneau Group filed the 503(b)(9) Motion asserting a $499,999.99 administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code.[3]  Pursuant to the 503(b)(9) Motion, the Juneau Group claims to "manufacture[] for industry," asserts it provided the Debtors with goods in the ordinary course, and states such goods include "TIME".  Based on a thorough review of the Debtors' books and records and the Schedules and Statements, the Debtors, in conjunction with their advisors, including myself, determined that the Debtors never received any goods from the Juneau Group within the twenty days prior to the Petition Date.  Furthermore, there is no evidence in the Debtors' books and records

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

[3] On December 8, 2022, the 503(b)(9) Motion was filed on the docket.

that the Juneau Group has ever provided the Debtors with any goods or services either before or after the Petition Date.[4]

5. Additionally, in the 503(b)(9) Motion, the Juneau Group claims to attach, as Exhibit A, invoices and proofs of delivery in support of the 503(b)(9) Claim. However, no such documentation is attached to the 503(b)(9) Motion, nor has it been provided to the Debtors.[5] Prior to the filing of the Objection, the Debtors and their advisors attempted to contact the Juneau Group regarding the 503(b)(9) Motion and its alleged 503(b)(9) Claim but the Juneau Group failed to respond to the Debtors' inquiries.

6. Based on the foregoing, my experience, and my review of the Objection, there is no evidence in the Debtors' books and records to support the 503(b)(9) Claim.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: February 17, 2023
Ocala, Florida

/s/ *Thora Thoroddsen*
Thora Thoroddsen
Director
AlixPartners, LLP

---

[4] Although the 503(b)(9) Motion is styled as a request for allowance of a claim arising under section 503(b)(9) of the Bankruptcy Code (i.e., a claim arising prior to the Petition Date), the 503(b)(9) Claim also appears to assert a post-petition claim in the amount of "$20,833/month for the duration of the case." The Juneau Group has provided no goods or services to the Debtors either before or after the Petition Date.

[5] No such documentation was attached to Claim No. 184 or any of the Other Juneau Group Claims as well.

3