## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **KABBAGE, INC. d/b/a KSERVICING,** *et al.*, | : | **Case No. 22-10951 (CTG)** |
| | : | |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | | **Obj. Deadline: Mar. 6, 2023 at 4:00 p.m. (ET)** |

--------------------------------------------------------- x

### NOTICE OF POTENTIAL ASSUMPTION AND
### CURE AMOUNTS IN CONNECTION WITH CONTRACTS AND LEASES

**PLEASE TAKE NOTICE THAT** pursuant to the Disclosure Statement Order[2] entered by the Bankruptcy Court and Section 8 of the Plan, Kabbage, Inc. d/b/a KServicing and its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby provide notice (this "**Assumption Notice**") that one or more of the Debtors is party to the executory contract(s) or unexpired lease(s) (each, a "**Contract**" or "**Lease**," as applicable, and, collectively, the "**Contracts and Leases**") to which you are a counterparty and that are (i) listed on **Exhibit A** attached hereto (the "**Contract Schedule**") and (ii) included on the Assumption Schedule that was filed as part of the Plan Supplement [Docket No. 561]. The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Contract(s) or Lease(s) is as set forth on the Contract Schedule under the column labeled "Proposed Cure Amount" (the "**Cure Amount**").

**YOU ARE RECEIVING THIS ASSUMPTION NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY (A "CONTRACT PARTY") TO ONE OR MORE CONTRACTS OR LEASES, WITH ONE OR MORE OF THE DEBTORS, WHICH MAY BE ASSUMED PURSUANT TO THE PLAN.[3]**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] "**Disclosure Statement Order**" refers to the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 470]. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or the Plan (as defined below), as applicable.

[3] This Assumption Notice is *not* an admission by the Debtors that any Contracts or Leases are executory or unexpired.

**PLEASE TAKE FURTHER NOTICE THAT the Debtors reserve all their rights, claims, and causes of action with respect to the Contracts and Leases and any other agreements that the Debtors propose to assume, including the right to amend, revise, or supplement the Assumption Schedule and the Contract Schedule for any reason whatsoever, including based on objections received to the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 466] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") or in the event that the Debtors elect to pursue the PPP Transfer scenario or the Post-Effective Date Servicing scenario.[4]**

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with Section 8.1(a) of the Plan, each Contract and Lease to which any of the Debtors are parties shall be deemed rejected, unless such Contract or Lease (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; (iv) is identified in Sections 8.4 and 8.6 of the Plan; or (v) is identified for assumption on the Assumption Schedule. Thus, if your Contract or Lease does not appear on the Assumption Schedule (as may be amended or supplemented) and the Contract Schedule (as may be amended or supplemented) and is not otherwise subject to the exceptions set forth in this paragraph or the Plan, such Contract or Lease will be deemed rejected as of the Effective Date.

**PLEASE TAKE FURTHER NOTICE** that if the Contract Schedule does not list a Cure Amount for a particular Contract or Lease, the Debtors believe there is no cure amount outstanding for that Contract or Lease as of the date of this Assumption Notice.

**PLEASE TAKE FURTHER NOTICE** that all insurance policies issued or providing coverage to the Debtors shall (subject to the applicable insurer's right to object to such a designation) be assumed in their entirety by the Debtors, *regardless of whether such insurance policy is identified on the Assumption Schedule or the Contract Schedule*. To the extent an insurance policy is not listed on the Contract Schedule, such insurance policy shall have a Cure Amount of $0.00.

**PLEASE TAKE FURTHER NOTICE** that all intellectual property contracts, licenses, royalties, or other similar agreements (each, an "**IP Agreement**") to which the Debtors have any rights or obligations in effect as of the date of the Confirmation Order shall be deemed assumed by the Debtors, *regardless of whether such agreements are identified on the Assumption Schedule or the Contract Schedule.* To the extent an IP Agreement is not listed on the Contract Schedule, such agreement shall have a Cure Amount of $0.00. The Debtors reserve the right to separately seek to reject any IP Agreement.

---

[4] For the avoidance of doubt, the Contract Schedule contains Contracts and Leases that may be assumed for use by the Wind Down Estates in both the PPP Transfer scenario and the Post-Effective Date Servicing scenario. The Debtors reserve the right to file an amended or supplemental Assumption Schedule and/or an amended or supplemental Contract Schedule to add or remove contracts or leases in the event that the Debtors elect to pursue either scenario.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Section 8.5 of the Plan, any obligations of the Debtors pursuant to a contract, instrument, agreement, certificate of incorporation, by-law, comparable organizational document or any other document or applicable law, to indemnify, reimburse, or limit the liability of any director, officer, or employee of the Debtors, pursuant to the foregoing in respect of any claims, demands, suits, causes of action, or proceedings against such director, officer, or employee based upon any act or omission related to such director or officer's service with, for, or on behalf of the Debtors prior to the Effective Date with respect to all present and future actions, suits, and proceedings relating to the Debtors shall survive Confirmation of the Plan and except as set forth therein, remain unaffected thereby, and shall not be discharged, irrespective of whether such defense, indemnification, reimbursement, or limitation of liability accrued or is owed in connection with an occurrence before or after the Commencement Date; *provided*, *however*, that all monetary obligations under Section 8.5 of the Plan shall be (a) limited solely to available insurance coverage, (b) to the extent such Claims are not covered by any applicable insurance, including deductibles, shall be treated as Allowed General Unsecured Claims, and (c) neither the Debtors, Wind Down Estates, Wind Down Officer, the GUC Pool, nor any of their assets shall be liable for any such obligations. The foregoing shall not apply to any Former Officers and Directors and any obligations of the Debtors pursuant to a contract, instrument, agreement, certificate of incorporation, by-law, comparable organizational document or any other document or applicable law, including amendments entered into any time prior to the Effective Date, to indemnify, reimburse, or limit the liability of any Former Officer and Director shall be rejected as of the Effective Date, and the Wind Down Officer reserves all legal and equitable rights and defenses in respect of any claims asserted by any Former Officer or Director.

**PLEASE TAKE FURTHER NOTICE** that if you agree with the proposed assumption of your Contract or Lease and the related Cure Amount, you need not take any action.

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed assumption of your Contract or Lease or the related Cure Amount, you must file an objection (each, a "**Contract Objection**") with the Bankruptcy Court by no later than 4:00 p.m. (prevailing Eastern Time) on March 6, 2023 (the "**Objection Deadline**"). Any Contract Objection must: (a) be in writing; (b) set forth the nature of the objector's claims against or interests in the Debtors' estates and the basis for the objection and the specific grounds therefor; (c) comply with the Bankruptcy Rules, Local Rules, and orders of this Court; and (d) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** by no later than the Objection Deadline by the following parties:

(a)    The Debtors: Kabbage, Inc. d/b/a KServicing, 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309, Attn: Holly Loiseau, General Counsel (hloiseau@kservicecorp.com); and

(b)    Counsel to the Debtors: (i) Weil, Gotshal & Manges LLP, Attn: Ray C. Schrock (ray.schrock@weil.com), Candace M. Arthur (candace.arthur@weil.com), Natasha Hwangpo (natasha.hwangpo@weil.com), and Chase Bentley (chase.bentley@weil.com) and (ii) Richards, Layton & Finger, P.A., Attn: Daniel J DeFranceschi (defranceschi@rlf.com), Amanda R. Steele (steele@rlf.com), and Zachary I. Shapiro (shapiro@rlf.com).

**PLEASE TAKE FURTHER NOTICE** that any Contract Party that does not timely object to this Assumption Notice shall be deemed to have assented to assumption of the applicable Contract or Lease notwithstanding any provision thereof that purports to (i) prohibit, restrict, or condition the transfer or assignment of such Contract or Lease; (ii) terminate or modify, or permit the termination or modification of, a Contract or Lease as a result of any direct or indirect transfer or assignment of the rights of any Debtor under such Contract or Lease or a change, if any, in the ownership or control to the extent contemplated by the Plan; (iii) increase, accelerate, or otherwise alter any obligations or liabilities of any Debtor, or any Wind Down Estate, under such Contract or Lease; or (iv) create or impose a Lien upon any property or Asset of any Debtor, or Wind Down Estates, as applicable. Each such provision shall be deemed to not apply to the assumption of such Contract or Lease pursuant to the Plan and Contract Parties that fail to object to this Assumption Notice, shall forever be barred and enjoined from objecting to the proposed assumption or to the validity of such assumption (including with respect to any Cure Amounts or the provision of adequate assurance of future performance), or taking actions prohibited by the foregoing or the Bankruptcy Code on account of transactions contemplated by the Plan.

**PLEASE TAKE FURTHER NOTICE** that any Contract Objection (other than a Contract Objection only pertaining to a Cure Amount), shall be heard by the Bankruptcy Court prior to such assumption being effective; *provided*, that the Debtors or Wind Down Estates, as applicable, may settle any Contract Objection without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, to the extent a Contract Objection relates solely to the Cure Amount, the Debtors may assume the applicable Contract or Lease prior to the resolution of the Contract Objection; *provided*, that the Debtors or the Wind Down Estates, as applicable, reserve Cash in an amount sufficient to pay the full amount reasonably asserted as the required cure payment by the non-Debtor party to the extent such Contract or Lease (or such smaller amount as may be fixed or estimated by the Bankruptcy Court or otherwise agreed to by such non-Debtor party and the applicable Debtor or the Wind Down Estates, as applicable). The Debtors or the Wind Down Estates, as applicable, may settle any dispute regarding the Cure Amount or the nature thereof without any further notice to any party or any action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that assumption of any Contract or Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims against any Debtor or defaults by any Debtor, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Contract or Lease at any time before the date that the Debtors assume or assume and assign such Contract or Lease. Any proofs of Claim filed with respect to a Contract or Lease that has been assumed shall be deemed Disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity, upon the assumption of such Contract or Lease.

**PLEASE TAKE FURTHER NOTICE** that the Debtors may amend the Assumption Schedule and the Contract Schedule up until five (5) Business Days immediately prior to the

4

commencement of the Confirmation Hearing[5] in order to (i) add, delete, or reclassify any Contract or Lease or amend a proposed assumption or assumption and assignment and/or (ii) amend the proposed Cure Amount; *provided*, that if the Confirmation Hearing is adjourned for a period of more than two (2) consecutive calendar days, the Debtors' right to amend such schedules and notices shall be extended to the Business Day immediately prior to the adjourned date of the Confirmation Hearing, with such extension applying in the case of any and all subsequent adjournments of the Confirmation Hearing. The Debtors shall provide notice of such amendment to any affected counterparty as soon as reasonably practicable.

**PLEASE TAKE FURTHER NOTICE** that all documents filed with the Bankruptcy Court in connection with the above-captioned chapter 11 cases, including the Disclosure Statement Order, the Plan and the Plan Supplement, may be viewed free of charge by visiting the website maintained by the Debtors' claims, noticing and solicitation agent, Omni Agent Solutions, Inc. ("**Omni**"), at http://www.omniagentsolutions.com/kservicing. Copies of all such documents may also be obtained by contacting Omni (i) in writing at Kabbage, Inc. d/b/a KServicing, *et al.*, c/o Omni Agent Solutions, Solicitation Team, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (ii) by email at kservicinginquiries@omniagnt.com, or (iii) by telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international). You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at http://www.deb.uscourts.gov.

> **IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT OMNI AT THE NUMBER OR ADDRESS SPECIFIED ABOVE. PLEASE NOTE THAT THE CLAIMS AND NOTICING AGENT CANNOT PROVIDE LEGAL ADVICE.**

---

[5] As previously noticed, the Confirmation Hearing is currently scheduled for March 13, 2023 at 10:00 a.m. (prevailing Eastern Time). The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court or a notice of agenda filed with the Bankruptcy Court.

RLF1 28622451v.1

Dated: February 22, 2023
       Wilmington, Delaware

/s/ Matthew P. Milana
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele, Esq. (No. 5530)
Zachary I. Shapiro, Esq. (No. 5103)
Matthew P. Milana, Esq. (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
        steele@rlf.com
        shapiro@rlf.com
        milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, Esq. (admitted *pro hac vice*)
Candace M. Arthur, Esq. (admitted *pro hac vice*)
Natasha S. Hwangpo, Esq. (admitted *pro hac vice*)
Chase A. Bentley, Esq. (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
E-mail:       ray.schrock@weil.com
              candace.arthur@weil.com
              natasha.hwangpo@weil.com
              chase.bentley@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*