# **<u>EXHIBIT 2</u>**

# Weil, Gotshal & Manges LLP

VIA E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Theodore E. Tsekerides
+1 (212) 310-8218
theodore.tsekerides@weil.com

December 15, 2022

Steve McLaughlin, Managing Partner
-and-
Amar Mehta, Managing Director
Financial Technology Partners LP
FTP Securities LLC
1 Front St., 31st Floor
San Francisco, CA 94111
Steve.McLaughlin@ftpartners.com
Amar.Mehta@ftpartners.com

Re: *In re Kabbage, Inc. d/b/a KServicing, et al.* [Case No. 22-10951]

Dear Messrs. McLaughlin and Mehta:

As you may know, Kabbage, Inc. d/b/a KServicing and its affiliated debtors (the "Company" or, collectively, the "Debtors") filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 3, 2022 (the "Petition Date") in the United States Bankruptcy Court, District of Delaware. We are counsel to the Debtors in that proceeding.

In connection with the chapter 11 filing, the Debtors are undertaking an examination of all possible claims of the estate and require information necessary to complete that examination. Examinations under Bankruptcy Rule 2004—which courts uniformly recognize as "broad" and "unfettered"—allow parties in interest to obtain information concerning any matter that may affect the administration of a debtor's estate. Rule 2004 allows "the examination of any entity" including investigation of "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a)–(b); *see also In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983) ("[T]he scope of [a Rule 2004] examination is virtually unlimited."). "The scope of Bankruptcy Rule 2004 is 'unfettered and broad.'" *In re Wash. Mut.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009) (quoting *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)). "Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Millennium ab Holdings II, LLC*, 562 B.R. 614, 625–27 (Bankr. D. Del. 2016) (citation omitted). Non-debtors are subject to examination under Bankruptcy Rule 2004. *In re Bennett*, 203 B.R. at 28.

December 15, 2022  
Page 2

**Weil, Gotshal & Manges LLP**

Based on information available to the Debtors, we understand that Financial Technology Partners LP and/or FTP Securities LLC (collectively, "FT Partners") has information that is necessary to examine the transaction that was the subject of that certain *Agreement and Plan of Merger* dated August 16, 2020 (which agreement became effective on October 16, 2020) (the "Transaction") for which it appears FT Partners performed certain services as financial advisors to the Company. *See* attached board minutes reflecting work by FT Partners. To that end we request that FT Partners provide the following documents to the Debtors by January 9, 2023:

1. All drafts and the final version(s) of any discussion materials prepared for, presented to or distributed to the Company and/or its Board or management, including but not limited to, any appraisals, solvency analysis, valuations, modeling, PowerPoints, presentations, fully functional Microsoft Excel models and related support, or other materials relating thereto, that FT Partners prepared relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green;

2. All documents that FT Partners reviewed in connection with any of its proposed or discussed strategic alternatives for the Company, including the Transaction and/or Project Green;

3. All communications between FT Partners and the Company, its Board or management, relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green;

4. All communications between FT Partners and any entity or individual other than the Company, including American Express Travel Related Services Company, Inc., any equity or security holders of the Company and/or its predecessor(s), debt holders of the Company and/or its predecessor(s), Fortis Advisors, LLC, including any employees, representatives or agents thereof and/or any financial advisors or representatives of any entity, relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green;

5. All internal communications between and/or among FT Partners' representatives, employees, managing directors, and/or agents relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green;

6. All FT Partners work papers, analysis or other materials reflecting its work relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green; and

7. All engagement letters between the Company and FT Partners.

Given the importance of this information to the Debtors' estates, and to their creditors, please let us know no later than the close of business on December 21, 2022 if FT Partners will agree to provide the requested

December 15, 2022  
Page 3

**Weil, Gotshal & Manges LLP**

information voluntarily. While it is our hope and expectation that FT Partners will agree to do so, in the absence of such an agreement, the Debtors will seek entry of an order directing FT Partners to produce the requested information pursuant to Bankruptcy Rule 2004 and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

Further, and to that end, please advise if you (or any counsel you may retain) are available for a meet and confer pursuant to Local Rule 2004-1 on December 22, 2022 if FT Partners will not provide the requested materials voluntarily.

The Debtors expressly reserve their right to seek additional documents from and/or examinations of FT Partners pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 in connection with these chapter 11 proceedings.

Sincerely,

*Theodore E. Tsekerides* (signature)

Theodore E. Tsekerides

Encl.
cc: Candace M. Arthur, Candace.Arthur@weil.com
    Natasha Hwangpo, Natasha.Hwangpo@weil.com

**MINUTES OF A SPECIAL MEETING**
**OF THE BOARD OF DIRECTORS OF**
**KABBAGE, INC.**

**June 23, 2020**

A special meeting ("Meeting") of the Board of Directors (the "Board") of Kabbage, Inc. (the "Company") was held on June 23, 2020 at approximately 2:45 p.m., Eastern Time via conference. Notice of the Meeting was duly given with Board members Rob Frohwein, Chairman and CEO, Don Butler, Jonathan Ebinger, Alex Chulack, Laurie Hodrick, Bryan Stolle and Ioannis (Yanni) Pipilis, constituting a quorum. Also, in attendance at the invitation of the Board were: Kathryn Petralia, President; and L. Scott Askins, General Counsel and Secretary.

This Meeting followed weekly Board update calls (as supplemented from time to time with materials distributed via email to the Board) held on the following dates in which all members of the Board participated: (i) April 29, 2020 from 12:30 p.m. – 2:00 p.m., Eastern Time; (ii) May 22, 2020 from 11:00 a.m. – 12:50 p.m., Eastern Time; (iii) May 29, 2020 from 12:00 p.m. – 1:00 p.m., Eastern Time; and (iv) June 9, 2020 from 11:00 a.m. – 12:05 p.m., Eastern Time. The Board update calls continued to focus primarily on the Company's crisis response to the COVID-19 pandemic and included participation by various members of management, who provided presentations and updates to the following general agenda items (with questions and discussions ensuing throughout): (i) employee matters, including safety measures, work-from-home, furlough and reduction in force matters; (ii) operating expense initiatives, including Kabbage Funding portfolio actions (such as customer relief and account management), marketing, vendor management and other cost reduction initiatives; (iii) payroll protection program ("PPP") initiatives, including regulatory matters, bank and referral partners, SBA non-depository direct lending authorization and PPP liquidity facility access; (iv) credit facilities, including the Company's asset-backed securitization ("ABS"), warehouse and corporate debt facilities; (v) the Company's insurance renewals; (vi) Company financial and liquidity forecasts and plans to restart Kabbage Funding; and (vii) Company strategic alternatives, including Project Green (with participation in certain calls by Steve McLaughlin and Amar Mehta of Financial Technology Partners LP ("FT Partners"), the Company's financial advisor).

Mr. Frohwein called the Meeting to order and welcomed everyone. Mr. Frohwein first provided the Board an update on Project Green. Ms. Askins then provided an update on the discounted buyout proposal in connection with the continued negotiations on the Company's corporate debt facility under forbearance agreement. Questions and discussion ensued.

Mr. Frohwein requested Board authorization for authorized officers to move forward with negotiations on Project Green and the Company to enter into a 30-day exclusivity agreement with American Express Travel Related Services Company, Inc. ("Amex"), which was unanimously approved by the Board members. Next, the Board acknowledged their support of an approval of an amendment to the Company's certificate of incorporation, which would include a liquidation preference waiver by certain holders of Series E Preferred Stock and Series F Preferred Stock, in order to help facilitate, and conditioned upon the consummation of, the proposed acquisition of the Company by Amex.

There being no further business to come before the Committee, the Meeting was adjourned at approximately 3:00 p.m., Eastern Time.

Respectfully submitted,

*L. Scott Askins*

L. Scott Askins, Secretary