# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KABBAGE, INC. d/b/a KSERVICING, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10951 (CTG)<br><br>(Jointly Administered)<br><br>**Related Docket Nos. 345, 547** |

## ORDER DENYING MOTION TO ALLOW ADMINISTRATIVE CLAIM

The Juneau Group, LLC (the "Movant") has moved for the allowance of an administrative expense claim under 11 U.S.C. § 503(b)(9). [D.I. 345]. The debtors objected to the motion. [D.I. 547].[1] At the request of the Movant [D.I. 421], the motion was set for hearing on February 27, 2023 at 10:00 a.m.

Movant did not appear at the hearing. The debtors moved the admission into evidence of the declaration of Thora Thoroddsen [D.I. 547-1], a Director at AlixPartners, LLP, which is serving as financial advisor to the debtors. The declaration was admitted into evidence without objection.

Debtors point out that the Movant is a limited liability company that has filed its motion without counsel, and has instead appeared via its principal, Jacob Juneau. Debtors are correct that a corporate entity may not appear *pro se*, but only through licensed counsel.[2] On the other hand, an unincorporated sole proprietorship without

---

[1] The debtors in these cases are Kabbage, Inc. d/b/a KServicing; Kabbage Canada Holdings, LLC; Kabbage Asset Securitization LLC; Kabbage Asset Funding 2017-A LLC; Kabbage Asset Funding 2019-A LLC; and Kabbage Diameter, LLC. They are referred to collectively as the "debtors."

[2] *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993).

a "separate existence" from the individual proprietor may appear through the proprietor, *pro se*.[3] In view of the Court's disposition on the merits, however, the Court need not address this issue here.

Section 503(b)(9) provides for an administrative claim for the "value of any goods received by the debtor within 20 days before the date of the commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." The motion recites that the goods it provided were "time." [D.I. 345 ¶ 4]. Under applicable law, "time" is not a "good" that may give rise to an administrative claim under § 503(b)(9).[4]

In addition, the only evidence introduced at the hearing, the declaration of Thora Thoroddsen, indicates that the Juneau Group has not provided any goods or services to the debtors. [D.I. 547-1]. The Juneau Group, which bears the burden of proof to establish its administrative claim, did not appear at the hearing and provided no evidence in support of its claim.[5] It did not meet its burden at the hearing. And perhaps more fundamentally, the motion on its face makes clear that it is not entitled to an administrative claim.[6]

---

[3] *Shulman v. Facebook.com*, 788 F. App'x 882, 885 (3d Cir. 2019).

[4] *See, e.g., See In re NE Opco, Inc.*, 501 B.R. 233, 240-41 (Bankr. D. Del. 2013) (while natural gas is a "good," electricity is a service that is not subject to a § 503(b)(9) claim); *In re Goody's Family Clothing, Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009) (adopting Uniform Commercial Code definition of the term "goods").

[5] *See Unidigital, Inc.* 262 B.R. 283, 288 (Bankr. D. Del. 2001) ("Claimants who seek payment ahead of other unsecured claims bear the burden of establishing that their claim qualifies for priority status.")

[6] Under Fed. R. Bankr. P. 9014, the Court may accordingly deem Fed. R. Bankr. P. 7012 applicable to this contested matter and deny the motion on the ground that the motion itself

The Motion to allow an administrative claim is accordingly DENIED.

Dated: February 27, 2023

_____
CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

---

fails to state a claim for the allowance of an administrative claim under the standard set forth in Fed. R. Civ. P. 12(b)(6).