# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**KABBAGE, INC. d/b/a KSERVICING**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-10951 (CTG)<br><br>(Jointly Administered)<br><br>Re: D.I. No. 466<br><br>Hearing Date: March 13, 2023 at 10:00 a.m. ET.<br><br>Objection Deadline: February 28, 2023 at 4:00 p.m. ET. |

### UNITED STATES TRUSTEE'S LIMITED OBJECTION TO AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF KABBAGE, INC. (D/B/A KSERVICING) AND ITS AFFILIATED DEBTORS

Andrew R. Vara, the United States Trustee for Region 3 ("U. S. Trustee"), through his counsel, files this limited objection (the "Objection") to the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (D/B/A Kservicing) And Its Affiliated Debtors* ("Plan") filed at D.I. 466, and in support, states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

1

**PRELMINARY STATEMENT**

1.      The U.S. Trustee objects on a limited basis to confirmation of the Plan because certain aspects of the Plan's third-party release and the injunction provision amount to a discharge of a liquidating debtor contrary to section 1141(d)(3) of the Bankruptcy Code.  For these reasons, the U.S. Trustee submits that the Plan should not be approved until the offending provisions are revised or stricken from the Plan.

**JURISDICTION, VENUE, AND STANDING**

2.      This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334.  This Court is authorized to hear and determine confirmation of the Plan pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012.  Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

3.      Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

4. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in chapter 11 cases, and to comment on such plans and disclosure statements.

5. Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with regard to this Objection.

**RELEVANT FACTS**

*Procedural Background*

6. On October 3, 2022, the above-captioned Debtors filed voluntary petitions seeking relief under chapter 11. *See* D.I. 1

7. The U.S. Trustee has not appointed a committee of unsecured creditors in these cases. *See* D.I. 156.

8. On October 31, 2022 the Debtors filed the DS Approval Motion seeking approval of the Amended Disclosure Statement filed at D.I. 396 and establishing certain solicitation procedures, deadlines, and approval of materials for solicitation of votes on the Amended Plan of Liquidation filed at D.I. 395. This Court subsequently approved the Amended Disclosure Statement after it ruled that creditors voting to accept the Plan had to be given an opportunity to opt-out of the Plan's third-party release at the solicitation stage. D.I. 470. The solicitation version of the Plan is filed at D.I. 466. Pursuant to the Plan, the Debtors are liquidating their assets, dissolving, and will no longer be engaged in business following confirmation of the Plan.

9. Under the Plan, creditors and claimants that did not opt out of the release, abstained from voting, or -- through no failure of their own -- did not return a ballot or file a confirmation objection, provide, through the third-party release, a release of the Debtors and the Liquidating Debtors of 'any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be

asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors[.]" Plan at Art. 10.6, *accord id*. Art. 1.101 (definition of Released Parties includes the Debtors and the Debtors' Released Related Parties), *accord id*. 1.104 (definition of Releasing Parties).

10. The Plan also contains an injunction provision which states as follows ("<u>Injunction</u>"):

> (a) Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, **discharged**, or released pursuant to the Plan.
>
> (b) Except as expressly provided in the Plan, the Definitive Documents, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, **all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are treated by the Plan from** (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable, or the property of any of the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Wind Down Estates, or the Wind Down Officer; or the property of any of the Debtors, or the Wind Down Estates, as applicable; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Wind Down Estates, or the property of any of the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable; (iv) asserting any right of setoff,

    directly or indirectly, against any obligation due from the Debtors, or the Wind Down Estates, as applicable, or against property or interests in property of any of the Debtors, or the Wind Down Estates, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan

Plan at Art. 10.6(a), (b) (emphasis added)

## ARGUMENT

**I.    The Plan Violates Section 1141(d)(3) of the Bankruptcy Code.**

11.    Section 1141(d)(3) of the Bankruptcy Code provides:

The confirmation of a plan does not discharge a debtor if—

the plan provides for the liquidation of all or substantially all of the property of the estate;

the debtor does not engage in business after consummation of the plan; and

the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. §1141(d)(3)

12.    The elements of section 1141(d)(3) are present here. First, the Plan provides that the Debtors' assets will be liquidated. *See* Plan Art. 5.4(h) (stating that Winddown Officer shall liquidate remaining assets). Second, the Debtors will not engage in business after consummation of the plan. *See id*. Third, the Debtors, as corporations, would not be eligible for a discharge if they were chapter 7 debtors pursuant to Section 727(a)(1) of the Code, which provides that the Court shall grant a debtor a discharge unless the debtor is not an individual. *See, e.g., In re Flintkote Co.*, 486 B.R. 99, 129 n.80 (Bankr. D. Del. 2012) ("Section 1141(d)(3)(C) is always satisfied for corporate debtors, as they cannot receive discharges in chapter 7."). Therefore, the Debtors are not eligible for a discharge. *See* Plan Art. 10.3.

13.     Here, there are two ways in which the Plan achieves a discharge of the Debtor. First, the Debtors are receiving a release by creditors and claimants through the third-party release. *See* Plan Art. 10.6(b).  Second, the Injunction provides that holders of all claims **treated under the Plan** from taking the type of actions against the Debtors, personally, that the discharge injunction in section 524(a) of the Bankruptcy Code provides.  As set forth in section 524(a) of the Code, the effect of a discharge "with respect to any debt discharged under section . . . 1141" includes "an ***injunction*** against the ***commencement or continuation of an action***, the employment of process, or an act, to ***collect***, recovery or ***offset*** any such debt as a personal liability of the debtor[.]"  11 U.S.C. § 524(a)(1) and (2) (emphasis added).

14.     The Debtors should not be able to obtain relief expressly prohibited by section 1141(d)(3) of the Bankruptcy Code by including it in the Plan's Injunction provisions.  Because the Plan violates section 1141(d)(3) of the Code, the Plan does not satisfy section 1129(a)(1) of the Code.

## II.     Reservation of Rights.

15.     The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, inter alia, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

## CONCLUSION

16.     For the reasons set forth above, conformation of the Plan should denied.

Dated: February 28, 2023                    Respectfully submitted,
       Wilmington, Delaware

                                        **ANDREW R. VARA**
                                        **UNITED STATES TRUSTEE**

                                        By: /s/ *Rosa Sierra-Fox*

                                              Richard L. Schepacarter
                                              Rosa Sierra-Fox
                                              Trial Attorney
                                              United States Department of Justice
                                              Office of the United States Trustee
                                              J. Caleb Boggs Federal Building
                                              844 King Street, Suite 2207, Lockbox35
                                              Wilmington, Delaware 19801
                                              Phone: (302) 573-6492
                                              Fax:   (302) 573-6497
                                        Email: rosa.sierra-fox@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Rosa Sierra-Fox, hereby attest that on February 28, 2023, I caused to be served a copy of this Objection by electronic service on the registered parties via the Court's CM/ECF system and upon the following parties by electronic mail:

Daniel J. DeFranceschi
Matthew P. Milana
Zachary I Shapiro
Amanda R. Steele
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
Email: defranceschi@rlf.com
Email: milana@rlf.com
Email: shapiro@rlf.com
Email: steele@rlf.com

Ray C. Schrock
Candace M. Arthur
Natasha S. Hwangpo
Chase A. Bentley
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Email: ray.schrock@weil.com
Email: candace.arthur@weil.com
Email: natasha.hwangpo@weil.com
Email: chase.bentley@weil.com

Anthony W. Clark
Dennis A. Meloro
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Email: Anthony.Clark@gtlaw.com
Email: melorod@gtlaw.com

David B. Kurzweil
Matthew A. Petrie
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305

Email: kurzweild@gtlaw.com
Email: petriem@gtlaw.com

Scott D. Cousins, Esq.
Scott D. Jones, Esq.
Cousins Law LLC
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, DE 19801
Phone: (302) 824-7081
Email: scott.cousins@cousins-law.com
Email: scott.jones@cousins-law.com

William A. Hazeltine, Esq.
Sullivan · Hazeltine · Allinson LLC
919 North Market Street, Suite 420
Wilmington, DE 19801
Email: Bankruptcy001@sha-llc.com

John J. Monaghan, Esq.
Holland & Knight LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
Email: john.monaghan@hklaw.com

Lisa M. Schweitzer, Esq.
Kristin Corbett, Esq.
Richard C. Minott, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Email: lschweitzer@cgsh.com
kcorbett@cgsh.com
rminott@cgsh.com

Pauline K. Morgan Esq.
Sean T. Greecher, Esq.
Ryan M. Bartley, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801
CM/ECF Noticing: bankfilings@ycst.com
Email: pmorgan@ycst.com
Email: sgreecher@ycst.com
Email: rbartley@ycst.com

Susheel Kirpalani, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Email: susheelkirpalani@quinnemanuel.com

Matthew R. Scheck, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
300 West 6th St, Suite 2010
Austin, TX 78701
Email: matthewscheck@quinnemanuel.com

Gregory W. Werkheiser, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
1313 N. Market St., Suite 1201
Wilmington, DE 19801
Email: gwerkheiser@beneschlaw.com

Derek C. Abbott
Jonathan M. Weyand
Morris, Nichol, Arsht & Tunnel
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Email: dabbott@morrisnichols.com
Email: jweyand@morrisnichols.com

James L. Bromley
Sullivan & Cromwell
125 Broad Street
New York, NY 10004-2498
Email: bromleyj@sullcrom.com

GOVERNMENTAL ENTITIES

Alastair M. Gesmundo
U.S. Department of Justice Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
Email: Alastair.M.Gesmundo@usdoj.gov

U.S. Department of Justice - Civil Division, Commercial Litigation Branch, Fraud Section
Attn.: Sarah Loucks, Esq.
Attn.: Alastair M. Gesmundo
1100 L Street, N.W., Room 7206
Washington, D.C. 20005

Email: Alastair.M.Gesmundo@usdoj.gov
Email: Sarah.E.Loucks@usdoj.gov

U.S. Attorney's Office for the District of Massachusetts
Attn.: Brian LaMacchia, AUSA
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Email: blamacchia@usdoj.gov

U.S. Attorney's Office for the Eastern District of Texas - Civil Division
Attn.: Betty Young, Esq.
550 Fannin, Suite 1250
Beaumont, Texas 77701
Email: byoung@usdoj.gov

Federal Trade Commission
Attn.: Marguerite Moeller
Attn.: Alan Bakowski
600 Pennsylvania Avenue NW
Washington, District of Columbia 20580
Email: mmoeller@ftc.gov
Email: abakowski@ftc.gov

Small Business Bureau
Attn.: Susan Streich
Attn.: Eric Benderson
409 3rd Street SW, Suite 7211
Washington, District of Columbia 20416
Email: susan.streich@sba.gov
Email: eric.benderson@sba.gov

*/s/Rosa Sierra-Fox*
Rosa Sierra-Fox
Trial Attorney