**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                                                             :

In re                                             :          Chapter 11

KABBAGE, INC. d/b/a KSERVICING, *et al.*,   :         Case No. 22-10951 (CTG)

                        Debtors.[1]               :         (Jointly Administered)

------------------------------------------------------------ x

**OBJECTION OF PAUL PIETSCHNER TO CONFIRMATION**
**OF DEBTORS' PROPOSED PLAN OF LIQUIDATION**

        Paul Pietschner ("**Pietschner**"), a creditor with unsecured claims against each of the above-captioned debtors and debtors-in-possession (the "**Debtors**") in these cases, hereby objects (the "**Objection**") to the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* (as the same may be amended from time-to-time, the "**Plan**") (D.I. 466), filed by the Debtors, as follow:

**INTRODUCTION**

        1.      The Plan's release and injunction provisions are overbroad, in that they would prohibit Pietschner from liquidating his claims, and would effectively provide Debtors with a discharge of Pietschner's claims in violation of sections 1141(d)(6)(A) of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "**Bankruptcy Code**"). Consequently, the Plan fails to satisfy section 1129(a)(1) of the Bankruptcy Code, and cannot be confirmed.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

2.  Pietschner has communicated his concerns to the Debtors and has provided Debtors with a proposed stipulation to resolve his objections. Pietschner continues to seek a consensual resolution, but files this objection to protect his interests in the event one is not available.

## BACKGROUND

3.  Pietschner is the relator in a proceeding commenced under the False Claims Act, 31 U.S.C. Sec. 3729, *et seq.*, currently pending, under seal, in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:21-cv-110 (the "**FCA Action**").

4.  In the FCA Action, Pietschner alleges, among other things, that Kabbage, Inc., in connection with the federal Paycheck Protection Plan loan program (the "**PPP**"), part of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act, Pub. L. 116–136), knowingly presented or caused to be presented false or fraudulent claims for payment and that, as a result, owes the United States substantial monetary damages.

5.  On October 3, 2022 (the "**Petition Date**"), the Debtors each filed a voluntary petition under chapter 11 of the Bankruptcy Code with this Court.

6.  On November 30, 2022, Pietschner filed the following six (6) proofs of claim against each of the Debtors:

    1. Claim No. 10 against Kabbage Asset Funding 2019-A LLC;
    2. Claim No. 8 against Kabbage Canada Holdings, LLC;
    3. Claim No. 6 against Kabbage Asset Securitization LLC;
    4. Claim No. 7 against Kabbage Asset Funding 2017-A LLC;
    5. Claim No. 7 against Kabbage Diameter, LLC; and
    6. Claim No. 174 against Kabbage, Inc. d/b/a KServicing.

Claims against Kabbage Asset Funding 2019-A LLC, Kabbage Canada Holdings, LLC, Kabbage Asset Securitization LLC, Kabbage Asset Funding 2017-A LLC and Kabbage Diameter, LLC

(items 1-5 above) are collectively referred to as the "**Subsidiary Claims**," and the claim against Kabbage, Inc. d/b/a KServicing (item 6 above) is referred to as the "**KS Claim**."

7. The KS Claims and the Subsidiary Claims each assert an unliquidated, contingent claim against the Debtors on account of the FCA Action.

8. On January 10, 2023, the Court entered an order approving the Stipulation by and among Debtors and Pietschner to extend Pietschner's deadline to file a complaint to determine dischargeability of debt, extending such deadline to the date which is 21 days following the entry of an order confirming any plan (D.I. 430).

9. On January 19, 2023, the Court entered the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* (D.I. 470) (the "**Disclosure Statement Order**") approving the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* (D.I. 467) (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"), which authorized the Debtors to solicit votes to accept or reject the Plan, and that scheduled a confirmation hearing for the Plan on March 13, 2023 (the "**Confirmation Hearing**").

10. Section 10.3(a) of the Plan, provides in part, that upon confirmation holders of claims are enjoined from taking any action, in relation to any claim released pursuant to the Plan, that would interfere with the implementation or consummation of the Plan. Section

10.3(b) of the Plan, upon the Effective Date, enjoins holders of claims from continuing any lawsuit against the Debtors, with respect to any claims treated by the Plan:

> 10.3. *Injunction.*
>
> (a) Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, discharged, or released pursuant to the Plan**.**
>
> (b) Except as expressly provided in the Plan, the Definitive Documents, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are treated by the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable, or the property of any of the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Wind Down Estates, or the Wind Down Officer; or the property of any of the Debtors, or the Wind Down Estates, as applicable; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Wind Down Estates, or the property of any of the Debtors, the Wind Down Estates, or the Wind Down Officer, as applicable; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, or the Wind Down Estates, as applicable, or against property or interests in property of any of the Debtors, or the Wind Down Estates, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

11. Section 10.6 of the Plan, provides in part, that as of the Effective Date, each of the Released Parties[2] is deemed released from any claims or suits, "based on or relating to, or in any manner arising from, in whole or in part, the Debtors … ":

> 10.6. Releases By Holders of Claims and Interests. As of the Effective Date, except (a) for the right to enforce the Plan or (b) as otherwise expressly provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the date upon which the Bankruptcy Court enters the Confirmation Order, on or after the Effective Date, each Released Party shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and waived by each of the Releasing Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including any derivative claims asserted or that may be asserted on behalf of any of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the restructuring of Claims or Interests in the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, … [.]

12. Pursuant to the Disclosure Statement Order, the KS Claim and the Subsidiary Claims are designated as Class 4 (General Unsecured Claims).

13. On February 15, 2023, the Court entered an order approving the Stipulation by and among Debtors and Pietschner disallowing Pietschner's Subsidiary Claims solely for voting purposes (D.I. 538).  Accordingly, Pietschner asserts this objection solely with respect to the KS Claim.

---

[2] The Released Parties, as defined in the Plan, include, in part, Debtors.  See Plan at 1.102.

## ARGUMENT

14. The Plan, in its current state, cannot be confirmed. To confirm a plan of reorganization, a debtor must prove by a preponderance of the evidence that all elements of § 1129 of the Bankruptcy Code are satisfied. *See In re BSA*, 642 B.R. 504, 553 (Bankr. D. Del. 2022). Courts universally agree that the burden of proof lies with the proponent of the plan, which, here, are the Debtors. *See, e.g.*, *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011) ("[T]he Plan Supporters bear the burden of proving that the Plan complies with all of the requirements of the Bankruptcy Code for confirmation."). Here, the Plan cannot and does not meet the requirements of section 1129(a)(1) which allows for confirmation only if the plan complies with the applicable provisions of the Bankruptcy Code. Because the Plan does not, it cannot be confirmed.

15. Specifically, the Plan proposed by Debtors includes provisions that would release the Debtors from any liability in the FCA Action, and that would enjoin Pietschner from prosecuting the FCA Action and liquidating his claims. As a result, the Plan effectively discharges Debtors' debt arising from the FCA Action.

16. Section 1141(d)(6)(A) of the Bankruptcy Code, however, provides that:

> the confirmation of a plan does not discharge a debtor that is a corporation from any debt (A) of a kind specified in paragraphs (2)(A) or (2)(B) of Section 523(a) that is owed to a domestic governmental unit, or to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar statute ….

11 U.S.C. § 1141(d)(6)(A).

17. Pietschner's allegations in the FCA Action, that money was obtained by false pretenses and false representations, are allegations of debts that are "of a kind specified in Section 523(a)(2)(A)," because that section of the code exempts from discharge those debts "for

money, property, services, … to the extent obtained by false pretenses, false representations or actual fraud …." *See In re Hawker Beechcraft, Inc.*, 515 B.R. 416, 419, 426 (S.D.N.Y. 2014) Moreover, because Pietschner is prosecuting the FCA Action on behalf of the United States, he is pursuing a debt owed to a "domestic governmental unit." *See* 11 U.S.C. § 1141(d)(6)(A).

18.  Accordingly, Debtors' liability in the FCA Action is both a debt of the kind specified in section 523(a)(2)(A) that is owed to a domestic governmental unit, and is also a debt owed to Pietschner as a result of his filing of the FCA Action under subchapter III of chapter 37 of title 31 of the United States Code.

19.  Consequently, the Plan fails to comply with the applicable provisions of the Bankruptcy Code, and pursuant to section 1129(a)(1) of the Bankruptcy Code, it cannot be confirmed.

## **RESERVATION OF RIGHTS**

20.  Pietschner does not waive any, and expressly reserves all, rights and defenses under the Bankruptcy Code, applicable law or otherwise.  Pietschner further reserve all rights to assert any and all such rights and defenses in any appropriate manner or forum whatsoever, including the right to raise and respond to the issues relating to the Plan in the FCA Action, and any procedurally appropriate contested matter and/or adversary proceeding.

21.  Pietschner reserves his right to amend, modify, and/or supplement this Objection and to introduce evidence at any hearing related to the Plan, including at the Confirmation Hearing. Pietschner also expressly reserves the right to adopt any other confirmation objections filed by any other party.

## **CONCLUSION**

For the foregoing reasons, the Plan does not comply with the applicable provisions of the Bankruptcy Code and pursuant to section 1129(a)(1) of the Bankruptcy Code, it cannot be confirmed.

Dated: February 28, 2023                    **PAUL PIETSCHNER**

      /s/ Randall L. Klein

MORRIS NICHOLS ARSHT & TUNNELL
Robert J. Dehney
1201 North Market Street
16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel:   302.351.9353
Fax:   302.425.4673
rdehney@morrisnichols.com

-and-

GOLDBERG KOHN LTD
Randall L. Klein
William C. Meyers
Prisca M. Kim
55 East Monroe, Suite 3300
Chicago, Illinois  60603
Tel:   312.201.4000
Fax:   312.863.7419
randall.klein@goldbergkohn.com
prisca.kim@goldbergkohn.com
william.meyers@goldbergkohn.com

**Counsel for Paul Pietschner**

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on February 28, 2023, the foregoing **OBJECTION OF PAUL PIETSCHNER TO CONFIRMATION OF DEBTORS' PROPOSED PLAN OF LIQUIDATION** was filed with the Clerk of the Court using the CM/ECF filing system, which then sent notification of electronic filing to all CM/ECF participants.

                                              */s/ Randall L. Klein*
                                              Randall L. Klein