```
 1                  UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE
 2

 3   IN RE:                         .  Chapter 11
                                    .  Case No. 22-10951 (CTG)
 4   KABBAGE, INC., d/b/a           .  (Jointly Administered)
     KSERVICING, et al.,            .
 5                                  .  Courtroom No. 7
                                    .  824 Market Street
 6                    Debtors.      .  Wilmington, Delaware 19801
                                    .
 7                                  .  Monday, February 27, 2023
     . . . . . . . . . . . . . . .  .  10:02 a.m.
 8

 9                    TRANSCRIPT OF ZOOM HEARING
               BEFORE THE HONORABLE CRAIG T. GOLDBLATT
10                  UNITED STATES BANKRUPTCY JUDGE

11   APPEARANCES:

12   For the Debtors:         Zachary I. Shapiro, Esquire
                              RICHARDS, LAYTON & FINGER, PA
13                            One Rodney Square
                              920 North King Street
14                            Wilmington, Delaware 19801

15                            -and-

16                            Chase A. Bentley, Esquire
                              WEIL, GOTSHAL & MANGES, LLP
17                            767 Fifth Avenue
                              New York, New York 10153
18

19

20   Audio Operator:          Theresa Mistretta, ECRO

21   Transcription Company:   Reliable
                              The Nemours Building
22                            1007 N. Orange Street, Suite 110
                              Wilmington, Delaware 19801
23                            Telephone: (302)654-8080
                              Email: gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

INDEX

MOTIONS:                                                          PAGE

Agenda
Item 3:   Motion of The Juneau Group, LLC for Allowance      3
          of Administrative Expense Claim Pursuant to 11
          U.S.C. 503(b)(9)
          [Docket No. 345 – filed December 6, 2022]

          Court's Ruling:


DECLARATIONS:                                                     PAGE

1) Declaration of Thora Thoroddsen                                6

Declaration of Transcriptionist                                   9

1         (Proceedings commenced at 10:02 a.m.)
2                THE COURT: Good morning. We are on the record
3  in, In re Kabbage, which is Case Number 22-10951.
4                Counsel can proceed.
5                MR. SHAPIRO: Good morning, Your Honor. For the
6  record, Zach Shapiro of Richards, Layton & Finger, on behalf
7  of the debtors, with my colleagues at Weil, Chase Bentley,
8  Natasha Hwangpo, and Richard Slack.
9                We have one matter on the agenda today. It was
10 actually a motion that was not filed by us. We did file an
11 objection. I don't believe the Movant -- the Movant is on?
12               UNIDENTIFIED SPEAKER: Yes.
13               MR. SHAPIRO: So, with that, we did file an
14 objection, Your Honor, but we are not the Movant, so I will
15 turn the podium over, the virtual podium over to the Movant
16 to let them proceed.
17               THE COURT: Thank you very much, Mr. Shapiro. I
18 appreciate it.
19               So, Mr. Juneau, are you on the line?
20      (No verbal response)
21               THE COURT: Have we muted the phone,
22 Ms. Barksdale?
23               THE CLERK: I can unmute this to see if this is
24 him.
25               THE COURT: Okay.

1       (Pause)
2           THE COURT:  Mr. Juneau, if you're on the line, if
3  you could unmute your phone and enter your appearance, that
4  would be very helpful.
5       (Pause)
6           THE COURT:  All right.  While it appears that at
7  the Movant has not dialed in, I'm happy to hear from the
8  debtor on how they'd propose to proceed under the
9  circumstances.
10          MR. BENTLEY:  Thank you, Your Honor.  For the
11 record, Chase Bentley, Weil Gotshal, on behalf of the
12 debtors.
13          Your Honor, given that the Movant has not shown up
14 on the proceeding today to present his motion, I think the
15 debtors are comfortable resting on the papers unless Your
16 Honor has any questions.
17          THE COURT:  I do not.  I've reviewed the papers.
18          Look, I'm satisfied on its face the claim does not
19 assert a claim with respect to goods that would be subject to
20 administrative priority, so I've got no trouble based on the
21 papers concluding that it's not an allowed administrative
22 claim.
23          With respect to the -- so, the debtor objected to
24 the administrative claim.  Did the debtor also move to
25 disallow the claim in its entirety?

1       MR. BENTLEY: Your Honor, we moved to reclassify
2  the claim.
3       THE COURT: As a general unsecured claim?
4       MR. BENTLEY: As a general unsecured claim.
5       THE COURT: Okay. So, I'm satisfied, without,
6  obviously, without prejudice --
7       MR. BENTLEY: Thank you, Your Honor.
8       THE COURT: -- to your addressing its allowance.
9  So, I'm happy, under the circumstances, I think it's
10 appropriate, based on the pleadings and having given the
11 Movant the opportunity to be heard to demonstrate the claim
12 is entitled to administrative priority and the claim having
13 failed to appear, I'm happy to issue a brief order that would
14 provide for the claim to be reclassified as a general
15 unsecured claim, without prejudice, to anyone's right to, you
16 know, take further action with respect to allowance of the
17 claim.
18      MR. BENTLEY: Thank you, Your Honor. And just for
19 the record, I think you should have seen that we filed a
20 declaration attached to our objection. If you think it's
21 necessary, we're happy to enter that on the record as direct
22 testimony.
23      THE COURT: I take it you're moving that
24 declaration into evidence?
25      MR. BENTLEY: Only if necessary, Your Honor. If

1  you're comfortable ruling without it, then I think that
2  we're, likewise, okay not entering it.
3          THE COURT:  I think for -- I'm not sure it's
4  necessary, but I think for the completeness of the record, it
5  would make sense for you to make that motion.
6          MR. BENTLEY:  Absolutely.  Given that, Your Honor,
7  we'd like to move to admit as the direct testimony of Thora
8  Thoroddsen, the declaration filed at Docket 547-1.
9          THE COURT:  Is there any objection to the
10 admission of that declaration?
11     (No verbal response)
12         THE COURT:  Okay.  Seeing none, the declaration
13 will be admitted.
14     (Thoroddsen Declaration received in evidence)
15         THE COURT:  Is there any party that seeks to
16 cross-examine the declarant?
17     (No verbal response)
18         THE COURT:  Okay.  Seeing none, the declaration is
19 admitted and we can take it from there.
20         MR. BENTLEY:  Thank you, Your Honor.
21         Nothing from the debtors at this point.
22         THE COURT:  Okay.  Sorry to bring everyone here
23 for what seems to be a rather anticlimactic hearing.
24         Is there any further way in which the Court can be
25 of assistance to the parties, either who are in person or on

1 the line?

2       MR. BENTLEY:  I think Mr. Shapiro has one thing to
3 add.

4       THE COURT:  Okay.  Mr. Shapiro?

5       MR. SHAPIRO:  I just wanted to clarify one thing.
6 You're going to enter your own order?  Is that what the Court
7 would propose?

8       THE COURT:  Yeah, I'm going to.  Under the
9 circumstances, I think it's appropriate for me --

10       MR. SHAPIRO:  Okay.

11       THE COURT:  -- to issue a brief order -- I expect
12 to get it out today -- that sets forth the reasons in light
13 of the record as it exists.

14       MR. SHAPIRO:  Understood.  Just one point of
15 clarification.  Mr. Juneau did file, I guess you call them
16 identical claims.  One was this motion that was docketed as a
17 motion.  Another was a claim 184, which was the same exact
18 motion.  It was just docketed as a claim.

19       That claim has been re-classed, and so I don't
20 know that it's necessary to re-class this motion as well.  I
21 think I --

22       THE COURT:  Obviously, because you think we're
23 then going to have duplicate claims.  You're going to run a
24 process for dealing with duplicate claims, right?

25       MR. SHAPIRO:  Right.  But I think as -- I mean, if

1  we were to submit an order, I'll just tell you what it would
2  say.  It would just say the motion is denied.  I don't think
3  it --
4              THE COURT:  The motion for the allowance of the
5  administrative claim?
6              MR. SHAPIRO:  Yeah, I don't think it needs to
7  address re-classification.
8              THE COURT:  I think it is the -- so, you don't
9  have a motion that is on today?  You don't have a motion to
10 disallow?  You're just here as opposing a motion for the
11 allowance of an administrative claim?
12             MR. SHAPIRO:  Correct.
13             THE COURT:  Okay.  I think you're right about
14 that.
15             MR. SHAPIRO:  Okay.
16             THE COURT:  I think the order will just provide
17 for the denial of a motion.
18             MR. SHAPIRO:  Thank you, Your Honor.
19             THE COURT:  Thank you.
20             Any other way in which the Court can be of
21 assistance to any of the parties?
22             MR. SHAPIRO:  Nothing for today.
23             THE COURT:  Well, with thanks to all of the
24 parties for this, we're adjourned.  Thank you.
25         (Proceedings concluded at 10:09 a.m.)

1                         CERTIFICATION
2          I certify that the foregoing is a correct
3    transcript from the electronic sound recording of the
4    proceedings in the above-entitled matter to the best of my
5    knowledge and ability.
6
7    /s/ William J. Garling                     February 28, 2023
8    William J. Garling, CET-543
9    Certified Court Transcriptionist
10   For Reliable
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25