**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
: 
In re : Chapter 11
: 
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (CTG)
: 
: 
Debtors.[1] : (Jointly Administered)
: 
---------------------------------------------------------------- x    Obj. Deadline: March 23, 2023 at 4:00 p.m. (ET)

**SUMMARY OF FOURTH MONTHLY FEE STATEMENT OF WEIL, GOTSHAL & MANGES LLP FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD JANUARY 1, 2023 THROUGH JANAURY 31, 2023**

| | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 21, 2022 effective as of October 3, 2022 |
| Period for which compensation and reimbursement are sought: | January 1, 2023 through January 31, 2023 |
| Amount of compensation sought as actual, reasonable, and necessary: | $1,573,224.40 (80% of $1,966,530.50) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $14,835.24 |

This is a(n): _X_ monthly ___ interim ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

# COMPENSATION BY PROFESSIONAL
# JANUARY 1, 2023 THROUGH JANUARY 31, 2023

The attorneys who rendered professional services in these chapter 11 cases from January 1, 2023 through January 31, 2023 (the "**Fee Period**") are:

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | YEAR ADMITTED[1] | HOURLY BILLING RATE[2] | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Goldring, Stuart J. | Partner | Tax | 1984 | $2,095.00 | 16.50 | $34,567.50 |
| Slack, Richard W. | Partner | Litigation | 1987 | $1,695.00 | 46.50 | $78,817.50 |
| Slack, Richard W. | Partner | Litigation | 1987 | $847.50† | 1.70 | $1,440.75 |
| Tsekerides, Theodore E. | Partner | Litigation | 1994 | $1,395.00 | 65.30 | $104,153.50 |
| Schrock, Ray C. | Partner | Restructuring | 1998 | $2,095.00 | 4.50 | $9,427.50 |
| Westerman, Gavin | Partner | Corporate | 2004 | $1,725.00 | 14.40 | $24,840.00 |
| Arthur, Candace | Partner | Restructuring | 2010 | $1,695.00 | 157.90 | $267,640.50 |
| Arthur, Candace | Partner | Restructuring | 2010 | $847.50† | 3.00 | $2,542.50 |
| Hwangpo, Natasha | Partner | Restructuring | 2014 | $1,575.00 | 186.90 | $294,367.50 |
| Magill, Amanda Graham | Partner | Tax | 2015 | $1,575.00 | 2.40 | $3,780.00 |
| Bonk, Cameron Mae | Counsel | Litigation | 2016 | $1,375.00 | 93.20 | $128,150.00 |
| Bonk, Cameron Mae | Counsel | Litigation | 2016 | $687.50† | 2.10 | $1,443.75 |
| Guthrie, Hayden | Counsel | Corporate | 2017 | $1,400.00 | 9.10 | $12,740.00 |
| Friedman, Julie T. | Associate | Restructuring | 2003 | $775.00 | 12.10 | $9,377.50 |
| Ruocco, Elizabeth A. | Associate | Restructuring | 2017 | $1,275.00 | 144.60 | $184,365.00 |
| Ruocco, Elizabeth A. | Associate | Restructuring | 2017 | $637.50† | 4.00 | $2,550.00 |
| Bentley, Chase A. | Associate | Restructuring | 2018 | $1,345.00 | 128.60 | $172,967.00 |
| Diplas, Alexandros | Associate | Litigation | 2018 | $1,275.00 | 15.50 | $19,762.50 |
| Kleiner, Adena | Associate | Corporate | 2020 | $1,170.00 | 62.70 | $73,359.00 |
| Parker-Thompson, Destiney | Associate | Restructuring | 2020 | $910.00 | 69.00 | $62,790.00 |
| McMillan, Jillian A. | Associate | Restructuring | 2021 | $1,170.00 | 52.70 | $61,659.00 |
| McMillan, Jillian A. | Associate | Restructuring | 2021 | $585.00† | 4.80 | $2,808.00 |
| Cummings, Kyle | Associate | Litigation | 2021 | $1,065.00 | 8.30 | $8,839.50 |
| Ham, Hyunjae | Associate | Restructuring | 2021 | $1,065.00 | 102.70 | $109,375.50 |

---

[1] * – Not Yet Admitted to Practice
[2] † – Non-working travel is billed at 50% of regular hourly rates.

| Ollestad, Jordan Alexandra | Associate | Litigation | 2022 | $1,065.00 | 93.70 | $99,790.50 |
|---|---|---|---|---|---|---|
| Ollestad, Jordan Alexandra | Associate | Litigation | 2022 | $532.50† | 3.00 | $1,597.50 |
| Cazes, Catherine | Associate | Litigation | 2022 | $910.00 | 9.50 | $8,645.00 |
| Shah, Bastian | Associate | Tax | 2022 | $910.00 | 27.00 | $24,570.00 |
| Shah, Bastian | Associate | Tax | 2022 | $840.00 | 14.60 | $12,264.00 |
| Suarez, Ashley | Associate | Restructuring | 2022 | $910.00 | 11.40 | $10,374.00 |
| Bertens, Erin | Associate | Corporate | * | $750.00 | 13.80 | $10,350.00 |
| Castillo, Lauren | Associate | Restructuring | * | $750.00 | 158.40 | $118,800.00 |
| **Total for Attorneys** | | | | | **1,539.90** | **$1,958,155.00** |

The paraprofessionals who rendered professional services during the Fee Period are:

| NAME OF PARAPROFESSIONAL | POSITION | DEPARTMENT | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Wong, Sandra | Paralegal | Litigation | $495.00 | 3.60 | $1,782.00 |
| Gilchrist, Roy W. | Paralegal | Litigation | $475.00 | 5.70 | $2,707.50 |
| Chan, Herbert | Paralegal | Litigation | $440.00 | 3.90 | $1,716.00 |
| Mason, Kyle | Paralegal | Restructuring | $310.00 | 3.20 | $992.00 |
| Okada, Tyler | Paralegal | Restructuring | $310.00 | 3.80 | $1,178.00 |
| **Total:** | | | | **20.20** | **$8,375.50** |

The total fees for the Fee Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | $1,597.20 | 603.50 | $963,911.00 |
| Associates | $1,061.77 | 936.40 | $994,244.00 |
| Paraprofessionals | $414.63 | 20.20 | $8,375.50 |
| **Blended Attorney Rate** | **$1,271.36** | | |
| **Total:** | | **1,560.10** | **$1,966,530.50** |

3

## COMPENSATION BY PROJECT CATEGORY
## JANUARY 1, 2023 THROUGH JANUARY 31, 2023

| TASK CODE | PROJECT CATEGORY | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| 001 | Administrative Expense Claims | 10.70 | $11,108.00 |
| 003 | AmEx Transaction Investigation | 19.80 | $23,381.50 |
| 004 | Asset Disposition/363 Asset Sales | 74.00 | $87,768.50 |
| 006 | Bar Date and Claims Matters | 80.90 | $72,848.50 |
| 008 | Case Administration (WIP List & Case Calendar) | 12.30 | $11,509.00 |
| 009 | Chapter 11 Plan/Plan Confirmation/Implementation | 208.20 | $275,985.50 |
| 010 | Corporate Governance/Securities | 90.30 | $104,564.00 |
| 011 | Customer (incl. Partner Banks)/Vendor/Supplier Matters | 15.20 | $22,802.00 |
| 012 | Cash Management | 1.70 | $2,317.50 |
| 013 | Disclosure Statement/Solicitation/Voting | 401.00 | $497,560.00 |
| 014 | Employee Matters | 3.70 | $4,036.50 |
| 015 | Exclusivity | 19.50 | $19,681.50 |
| 016 | Executory Contracts/Leases/Real Prop/Other 365 Matters | 5.90 | $7,663.00 |
| 017 | General Case Strategy (incl Team and Client Calls) | 85.50 | $107,166.00 |
| 019 | Hearings and Court Matters | 17.90 | $23,269.50 |
| 021 | Non-bankruptcy Litigation (incl. CUBI Dispute) | 339.90 | $480,786.50 |
| 022 | Non-working Travel | 18.60 | $12,382.50 |
| 024 | Regulatory Matters | 10.60 | $17,212.00 |
| 025 | Retention/Billing/Fee Applications: OCP | 8.30 | $9,183.00 |
| 026 | Retention/Fee Applications: Non-Weil Professionals | 8.70 | $8,839.50 |
| 027 | Retention/Fee Applications: Weil | 19.60 | $17,354.50 |
| 028 | Secured Creditors Issues/Meetings/Comms (excl. Settlements) | 5.40 | $7,989.00 |
| 031 | Tax Matters | 20.30 | $23,300.00 |
| 033 | US Trustee/MORs/2015.3 Reports | 1.80 | $2,445.00 |
| 035 | Servicing Transfer | 80.30 | $115,377.50 |
| TOTAL | | **1,560.10** | **$1,966,530.50** |

**EXPENSE SUMMARY**
**JANUARY 1, 2023 THROUGH JANUARY 31, 2023**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Air Courier/Express Mail/Outside Messenger Service | $110.86 |
| Computerized Research | $6,422.06 |
| Duplicating | $1,102.30 |
| Meals | $180.00 |
| Transportation | $1,302.78 |
| Travel | $5,717.24 |
| **TOTAL** | **$14,835.24** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re                                            : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*,        : Case No. 22-10951 (CTG)
:
:
Debtors.[1]                                      : (Jointly Administered)
:
------------------------------------------------------------ x   Obj. Deadline: March 23, 2023 at 4:00 p.m. (ET)

**FOURTH MONTHLY FEE STATEMENT OF
WEIL, GOTSHAL & MANGES LLP FOR PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
PERIOD JANUARY 1, 2023 THROUGH JANUARY 31, 2023**

Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), attorneys for Kabbage, Inc. d/b/a KServicing. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby files its fourth monthly fee statement (this "**Fee Statement**") for payment of compensation for professional services rendered to the Debtors and for reimbursement of actual and necessary expenses incurred in connection therewith for the period commencing January 1, 2023 through and including January 31, 2023 (the "**Fee Period**"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

*Expenses of Professionals* [Docket No. 136] (the "**Interim Compensation Order**"). In support of this Fee Statement, Weil respectfully represents as follows:

### Background

1. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

2. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 13].[2]

4. This Court authorized Weil's retention as attorneys for the Debtors pursuant to the *Order Authorizing Retention and Employment of Weil, Gotshal & Manges LLP As Attorneys For Debtors Effective as of Petition Date* [Docket No. 137] (the "**Retention Order**"), entered on October 21, 2022.

### Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the *Joint Chapter 11 Plan of Liquidation* [Docket No. 14] (as may be amended, modified, or supplemented, the "**Plan**").

2

pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Fee Statement to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Summary of Professional Compensation
and Reimbursement of Expense Requested**

7. By this Fee Statement, Weil requests allowance and payment of $1,573,224.40 (80% of $1,966,530.50) as compensation for professional services rendered to the Debtors during the Fee Period and allowance and payment of $14,835.24 as reimbursement for actual and necessary expenses incurred by Weil during the Fee Period.  All services for which compensation is requested by Weil were performed for or on behalf of the Debtors.

8. During the Fee Period, Weil received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Fee Statement.  There is no agreement or understanding between Weil and any other person, other than members of Weil, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

9. The fees charged by Weil in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period, and in accordance with the Retention Order.

10. Weil maintains computerized records of the time spent by all Weil attorneys, paraprofessionals, and other non-legal staff in connection with the Firm's representation of the Debtors.  Annexed hereto as **Exhibit A** are copies of Weil's itemized time records for

professionals, paraprofessionals, and other non-legal staff performing services for the Debtors during the Fee Period. Weil's time records comply with the requirements set forth in Local Rule 2016-2 and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**Guidelines**"), including the use of itemized time entries and separate matter numbers for different project types, as hereinafter described in greater detail.

### Summary of Services

11.     The following is a summary of the significant professional services rendered by Weil during the Fee Period. This summary is organized in accordance with the internal system of task codes set up by Weil at the outset of these Chapter 11 Cases.[3] If a task code does not appear below, then Weil did not bill significant time for that task code during the Fee Period, but may bill time for that task code in the future. Certain services performed may overlap between, or appropriately be allocated to, more than one task code.

a.  Asset Disposition/363 Asset Sales (Task Code 004)
    Fees: $87,768.50; Total Hours: 74.00

    - Reviewed and analyzed documents related to the sale of the Debtors' legacy loans;

    - Drafted, reviewed, and revised legacy loans purchase agreement;

    - Researched legal issues in connection with precedent asset sale motions and plans with sale processes; and

    - Conferred with Weil team and Debtors' advisors related to the sale of the Debtors' legacy loans.

b.  Bar Date and Claims Matters (Task Code 006)
    Fees: $72,848.50; Total Hours: 80.90

    - Reviewed and summarized proofs of claim;

---

[3] **Exhibit A** annexed hereto provides a more detailed description of the services provided during the Fee Period, and reference should be made thereto for a complete recitation of such services.

- Drafted, reviewed, and revised claims objection summary chart;

- Drafted, reviewed, and revised omnibus objection for reclassification purposes;

- Researched issues related to omnibus claims objections; and

- Corresponded with Debtors and Debtors' advisors regarding the above.

c. Chapter 11 Plan/Plan Confirmation/Implementation (Task Code 009)
Fees: $275,985.50; Total Hours: 208.20

- Participated on calls with Debtors' advisors, the U.S. Trustee, and counsel to various creditors regarding the Plan and the Plan Supplement;

- Drafted, reviewed, revised, and finalized the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated Debtors* [Docket No. 466];

- Responded to Plan-related questions and comments from the Debtors, the Debtors' advisors, the U.S. Trustee, the Reserve Bank, and other stakeholders;

- Analyzed third party servicer regulatory requirements;

- Drafted, reviewed and revised Plan Supplement documents.

d. Corporate Governance / Securities (Task Code 010)
Fees: $104,564.00; Total Hours: 90.30

- Prepared board materials and presentations for Board meetings regarding the chapter 11 cases;

- Attended the Debtors' Board meetings regarding the chapter 11 cases and prepared minutes thereof; and

- Coordinated with Board counsel to among other things, to avoid duplication of services.

e. Disclosure Statement / Solicitation / Voting (Task Code 013)
Fees: $497,560.00; Total Hours: 401.00

- Drafted, reviewed, revised, and finalized the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated*

5

> *Debtors* [Docket Nos. 454 and 467] (the "**Disclosure Statement**");

- Drafted, reviewed, revised, and finalized the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 470];

- Drafted, reviewed, revised, and finalized the *Debtors' Omnibus Reply to Objections to Motion of Debtors for Entry of Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 449] (the "**Disclosure Statement Reply**");

- Reviewed and revised liquidation analysis and discussed with Debtors' advisors;

- Reviewed and responded to the Debtors, the Debtors' advisors, the U.S. Trustee, the Reserve Bank, the Department of Justice, and other stakeholders' comments and objections to Disclosure Statement;

- Researched and conferred with Weil team, various counsel, and Debtors regarding the Disclosure Statement Reply; and

- Reviewed and revised ballots for solicitation of the Plan.

f.  <u>General Case Strategy (incl. Team and Client Calls) (Task Code 017)</u>
    Fees: $107,166.00; Total Hours: 85.50

- Communicated with the Debtors, members of the various Weil teams, and other advisors regarding case strategy, pending and upcoming matters, filings, key dates, and deadlines; and

- Participated on regular update calls with the Debtors and their other advisors regarding chapter 11 cases process, strategy, priority workstreams, and timeline.

6

    g.    <u>Non-Bankruptcy Litigation (incl. CUBI Dispute) (Task Code 021)</u>
Fees: $480,786.50; Total Hours: 339.90

- Drafted, reviewed, and revised reply related to *Debtors' Motion for an Order Authorizing the Debtors to File Under Seal Certain Exhibits to the Declarations in Support of Motion to Enforce* [Docket No. 351] (the "**Motion to Enforce**") and objections thereto;

- Drafted, reviewed, and revised the CUBI stipulation, the proposed order related to the CUBI Dispute, and the letter to CUBI regarding data information requests;

- Corresponded with the Debtors and the Debtors' advisors regarding various pending litigations and disputes.

    h.    <u>Servicing Transfer (Task Code 035)</u>
Fees: $115,377.50; Total Hours: 80.30

- Participated on calls with Weil team, the Debtors, and various parties regarding the loan servicing transition plan;

- Reviewed and analyzed documents and correspondence related to the transitioning of the Debtors' loan servicing obligations;

- Discussed and conferred with Weil team, the Debtors, CUBI, CRB, AmEx regarding servicing documents in AmEx's control and/or possession;

- Drafted, reviewed, and revised loan servicing transition plan;

12. The foregoing professional services performed by Weil were necessary and appropriate to the administration of these Chapter 11 Cases and were in the best interests of the Debtors' estates and their stakeholders. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed skillfully and efficiently.

**Actual and Necessary Disbursements**

13. Weil requests allowance of actual and necessary expenses incurred during the Fee Period in the aggregate amount of $14,835.24. Annexed hereto as **Exhibit B** is a list of

Weil's itemized actual and necessary expenses. Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. For example, with respect to duplication charges, Weil charges $0.10 per black and white page and $0.50 per color page because the actual cost is difficult to determine. Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include, but are not limited to, overtime meals, deliveries, travel, and local transportation.

### Reservation of Rights

14. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Fee Period but were not processed prior to the preparation of this Fee Statement, or Weil has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fee Period, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee statement.

### Notice

15. Notice of this Fee Statement will be provided in accordance with the Interim Compensation Order on the Fee Notice Parties (as defined in the Interim Compensation Order). No further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE Weil respectfully requests (a) interim allowance of compensation for professional services rendered to the Debtors during the Fee Period in the amount of $1,966,530.50 for actual and necessary costs, and for expenses incurred by Weil during the Fee Period in the amount of $14,835.24; (b) that, in accordance with the Interim Compensation Order, the Debtors pay Weil a total of $1,588,059.64 consisting of $1,573,224.40 (representing 80% of the total amount of fees allowed) and $14,835.24 (representing 100% of the expenses allowed), if no objections are timely filed and Weil files a certificate of no objection with the Court in accordance with the Interim Compensation Order; (c) that the interim allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Weil's right to seek such further compensation for the full value of services performed and expenses incurred; and (d) that the Court grant Weil such other and further relief as is just.

Dated: March 3, 2023
      New York, New York

/s/ *Candace M. Arthur*
WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
E-mail:   ray.schrock@weil.com
           candace.arthur@weil.com
           natasha.hwangpo@weil.com
           chase.bentley@weil.com

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                    :    Case No. 22-10951 (CTG)
                                                             :
                                                             :
            Debtors.¹                                        :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

## DECLARATION OF CANDACE M. ARTHUR

I, Candace M. Arthur, hereby declare the following under penalty of perjury:

1. I am a member with the applicant firm, Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), and have been admitted to appear before this Court, by order dated October 4, 2022 [Docket No. 29].

2. I have personally performed many of the legal services rendered by Weil as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers, paraprofessionals, and other non-legal staff in the Firm.

3. I have reviewed the foregoing Fee Statement, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2 and submit that the Fee Statement complies with such rule.

Dated:  March 3, 2023
        New York, New York                /s/ *Candace M. Arthur*
                                          Candace M. Arthur

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.