## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KABBAGE, INC. d/b/a KSERVICING, *et al.*,<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 22-10951 (CTG)<br>)<br>) (Jointly Administered)<br>)<br>) **Docket Ref. No. 566**<br>)<br>) |

### LIMITED OBJECTION OF INSPERITY PEO SERVICES, L.P. TO THE ASSUMPTION OF THE SERVICE AGREEMENT WITH THE DEBTORS

Insperity PEO Services, L.P. ("**Insperity**"), by and through undersigned counsel, hereby submits this limited objection (this "**Limited Objection**") to the *Notice of Potential Assumption and Cure Amounts in Connection with Contracts and Leases* (the "**Assumption Notice**") [Docket No. 566], and respectfully represents as follows:

### PRELIMINARY STATEMENT[2]

Insperity is a professional employer organization that provides comprehensive personnel management services to small- and medium-sized businesses, effectively serving as a full service, off-site human resources department for its clients. Insperity's comprehensive service offerings include payroll and health benefits administration, workers' compensation programs, and many other human resource services. The relationship between Insperity and its client is defined by a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used in the Preliminary Statement are either defined below or shall otherwise have the meanings ascribed to such terms in the Disclosure Statement Order or the Plan, as applicable.

written client service agreement, wherein Insperity takes on specific employment responsibilities including, among other things, the payment of wages and employer-related taxes and the procurement of health benefits and workers' compensation insurance. Separate and apart from the client service agreement, Insperity enters into a co-employment relationship with the employees working at Insperity's client's locations.

Prior to the Petition Date, Insperity and debtor Kabbage Asset Funding 2017 A LLC ("**Kabbage**" or the "**Debtor**") entered into a client services agreement dated November 16, 2020 (the "**Agreement**") whereby Insperity agreed to perform a variety of human resource functions for Kabbage. As detailed more below, the Agreement memorialized the rights and obligations of the parties with respect to the Agreement.

On February 22, 2023, Kabbage filed the Assumption Notice, which identifies certain executory contracts (the "**Designated Contracts**") that "may be assumed pursuant to the Plan." Exhibit A to the Assumption Notice identifies the Agreement as a Designated Contract. As detailed below, the Agreement is a personal services contract that the Debtors are prohibited from assuming under section 365(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") without Insperity's consent. To be clear, Insperity does not consent.

Further, as detailed below, if the Agreement is held not to be a personal services contract, the Debtors must assume all provisions of the Agreement. As such, Insperity submits that this Limited Objection fulfills its obligation under the Agreement to provide written notification to Kabbage of their intent to cancel the Agreement, and that the 30-day requirement be calculated based on the date of service of this Limited Objection.

**BACKGROUND**

1. On November 16, 2020, Insperity and Kabbage entered into the Agreement. Pursuant to the terms and conditions (the "**Terms & Conditions**") set forth in the Agreement, the Agreement is governed by Texas Law. Terms & Conditions ¶ 17(E).

2. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

3. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Chapter 11 Cases are being jointly administered under the above captioned case.

4. On January 19, 2023, the Debtors filed the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KSERVICING) and its Affiliated Debtors* (the "**Plan**") [Docket No. 453].

5. Also on January 19, 2023, the Court entered the *Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* (the "**Disclosure Statement Order**") [Docket No. 470].

6. As relevant here, the Disclosure Statement Order and Section 8 of the Plan provide for the assumption of executory contracts and the vesting of the assumed executory contracts with the Wind Down Estate.

7. On February 22, 2023, in accordance with the Disclosure Statement Order and the Plan, the Debtors filed the Assumption Notice which identifies Designated Contracts that may be assumed and their cure amounts, as applicable.

## THE AGREEMENT

8. The Agreement provides that "either party may cancel this Agreement at any time by giving the other party thirty (30) days prior written notice . . . ." Agreement ¶ 1.

9. The Agreement also provides that the employees of Kabbage are co-employed by Insperity. *See id.* ¶ 2.

10. Further, the Agreement further states that "[t]he Terms & Conditions are available online . . . and are incorporated into this Agreement for all purposes." *Id.* ¶ 5(D).

11. The Terms & Conditions state that Insperity is "relying on the information provided in your Confidential Business Profile, New Client Risk Review Questionnaire, and other client profile documents . . . and warrant to us that the information contained in those materials was complete, true and accurate . . . ." Terms & Conditions ¶ 1.

12. The Terms & Conditions further state that "[o]nly as to our separate employment relationship with Staff, we reserve a right of direction and control over Staff, including a right to hire, refuse to hire, or terminate, after notice or consultation with you." *Id.* ¶ 3(C).

13. Because of the co-employment role that Insperity has with employees of Kabbage, Insperity is highly selective with respect to agreements of this nature in choosing the entities and

individuals to which it contracts. Indeed, the Terms & Conditions provide that Kabbage may not assign the agreement without the written consent of Insperity. *See id.* ¶ 17(A).

### **LIMITED OBJECTION**

14. Insperity objects to the potential assumption of the Agreement as set forth in the Assumption Notice on grounds that the Debtors are prohibited from taking such action under section 365(c)(1) of the Bankruptcy Code without Insperity's consent, which has not been provided. 11 U.S.C. § 365(c)(1). In the alternative, if the Court holds that the Agreement is not a personal services contract, Insperity requests that this Limited Objection serve as the requisite writing to cancel the Agreement with the 30-day requirement being calculated upon the date of service of this Limited Objection.

    **A.**    **The Agreement is a Personal Services Contract that Can Only be Assumed with Insperity's Consent Pursuant to Section 365(c) of the Bankruptcy Code**

15. As discussed below, applicable state law holds that contracts for personal services may not be assigned or assumed without the consent of the parties. Because Insperity does not consent, Debtors are prohibited from assuming the Agreement.

16. Sections 365(a) and 365(f) of the Bankruptcy Code allow a trustee or debtor-in-possession to assume or assign executory contracts. Section 365(a) provides that "[e]xcept as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a). And in relevant part, section 365(f) provides that:

> Except as provided in subsections (b) and (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.

11 U.S.C. § 365(f)(1). Thus, while sections 365(a) and 365(f) of the Bankruptcy Code permit a chapter 11 trustee to assume or assign an executory contract, the statutes make clear that the trustee's right to do so is subject to the limitations set forth in section 365(c). In relevant part, section 365(c) provides:

> The trustee may not assume or assign any executory contract . . . of the debtor, whether or not such contract or lease prohibits or restricts assignment . . . if –
>
> (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor . . . whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and
>
> (B) such party does not consent to such assumption or assignment.

11 U.S.C. § 365(c)(1)(A)-(B).

17.    In the Third Circuit, the "applicable law" provision in section 365(c)(1)(A) includes applicable state law. *See In re EBC I, Inc.*, 380 B.R. 348, 363 (Bankr. D. Del. 2008) ("Pursuant to section 365(c) of the Bankruptcy Code, a debtor may not assume or assign an executory contract if applicable state law excuses a party to the contract (other than the debtor) from accepting performance or rendering performance to an entity other than the debtor.)".

18.    Further, when construing the "assume or assign" language of section 365(c), the Third Circuit employs the "hypothetical test." *See In re West Elecs. Inc.*, 852 F.2d 79, 83 (3d Cir. 1988) ["if non-bankruptcy law provides that the [non-debtor] would have to consent to an assignment of the [debtor's] contract to a third party . . . then [debtor], as the debtor-in-possession, cannot assume the contract. This provision limiting assumption of contracts is applicable to any contract subject to a legal prohibition against assignment."].

19.    As such, under the Third Circuit's hypothetical approach, a court must ask whether the non-debtor could refuse to accept performance of the agreement from any assignee because of

applicable non-bankruptcy law. If so, the mere fact that the contract could not be assigned to a third party makes the agreement unassignable as a matter of law. Irrelevant is the fact that the debtor did not actually assign, intend to assign, or attempt to assign the contract. Thus, to determine whether a contract is assumable, the appropriate question is whether a debtor could hypothetically assign the contract to a third party under Texas law.

20. As noted above, the Agreement is governed by Texas law. While Texas law presumes contracts are freely assignable, an exception exists where a contract is for personal services. *Dittman v. Model Baking Co.*, 271 S.W. 75 (Tex. Civ. App. 1925).

21. Texas courts have held that "the personal services exception applies when a contract relies on the parties' personal trust, confidence, skill, character, or credit. *Intertek Asset Integrity Mgmt., Inc. v. Dirksen*, 2021 WL 1047055, at * 4 (Tex. App. Mar. 18, 2021) citing *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 596 (Tex. 1992).

22. To establish whether the personal services exception applies, "courts look to whether the rights [the agreement] conveys to another party are a type that Texas law regards as involving a relation of personal confidence such that the other party should not be permitted to unilaterally substitute another for itself through assignment." *Id*.

23. Under applicable Texas law, the Agreement is a non-assignable "personal services" contract, and therefore, section 365(c)(1) prohibits the Debtors from assuming or assigning the Agreement.

24. Since Texas law does not allow for the assignment of a personal service contract without consent, pursuant to the Third Circuit's "hypothetical test," the Debtors may neither assume nor assign the contract. *See In re Planet Hollywood Int'l, Inc.* 2000 WL 36118317, at * 10 (Bankr. D. Del. Nov. 21, 2000) (finding that "because applicable **state law prohibits the**

**assignment** of the [personal service] contracts . . . the **[d]ebtors cannot assume** the [c]ontracts under 365 of the Bankruptcy Code." (Emphasis added).

25.     The nature of the services that Insperity provides to Kabbage is one that undoubtedly relies on "personal trust, confidence, skill, character or credit." One need only look to the plain language of the second paragraph of the Agreement where a co-employment relationship is established based on Insperity also employing Kabbage's employees. As such, Insperity must have trust and confidence in Kabbage's ability to attract quality employees because Insperity can only "hire, refuse to hire, or terminate, after notice or consultation with [Kabbage]." Terms & Conditions ¶ 3(C).

26.     Further, it is clear that there is a personal trust, confidence and character between Insperity and Kabbage. The first paragraph of the Terms & Conditions explicitly states that Insperity is "relying on the information provided in your *Confidential Business Profile, New Client Risk Review Questionnaire and other client profile documents.*" *Id.* ¶ 1 (emphasis added). Insperity only entered into the Agreement with Kabbage upon ensuring that its character interests aligned with that of Kabbage.

27.     Based on the prevailing view of the courts (in Delaware and Texas), and the highly personal nature of the services that Insperity provides to Kabbage, the necessary personal trust between Insperity and Kabbage, and the necessity for the character and confidence of the two entities to be aligned, the Agreement should be held to be a personal services contract. Thus, the Debtors may only assume the Agreement with Insperity's consent.

28.     Insperity does not consent to the assumption of the Agreement as set forth in the Assumption Notice.

### B. If the Court Holds that the Agreement is Not a Personal Services Contract, the Debtors Must Assume the Agreement in its Entirety

29. If a debtor chooses to assume an executory contract, they must assume the entire contract and accept both the obligations and the benefits. *In re Escarant Entities, L.P.*, 423 F. App'x 462, 466 (5th Cir. 2011); *see also, e.g., AGV Prods., Inc. v. Metro-Goldwyn-Mayer, Inc.*, 115 F. Supp. 2d 378, 390-91 (S.D.N.Y. 2000) ("Orion could not have assumed some of the provisions of an agreement and rejected others, because under the law of bankruptcy a contract cannot be assumed in part or rejected in part."), *aff'd,* 37 F. App'x 555 (2d Cir. 2002); *In re Kaiser Grp. Int'l, Inc.*, 375 B.R. 120, 129 (Bankr. D. Del. 2007) ("The Debtors cannot seek to enforce part of the Arbitration Award and ignore the rest.").

30. Pursuant to the Agreement, a party may cancel the Agreement upon thirty (30) days written notice.

31. As such, if the Agreement is held not to be a personal services contract, Insperity asks this Court to hold that this Limited Objection serves as Insperity's written notice to Kabbage that it intends to cancel the Agreement, and that the 30-day requirement is calculated upon the date of service of this Limited Objection upon Kabbage.

### RESERVATION OF RIGHTS

32. Insperity reserves all rights to be heard before the Court in connection with the Limited Objection (and any joinders thereto), to amend, supplement, or otherwise modify the Limited Objection prior to or during any hearing on the Limited Objection, and to assert such other and further objections prior to the final adjudication of the matter.

WHEREFORE, Insperity respectfully requests that the Court enter an order denying the proposed assumption of the Agreement as set forth in the Assumption Notice, and granting such other and further relief as it deems just and proper.

Dated: March 6, 2023
      Wilmington, Delaware

/s/ *Scott D. Cousins*
Scott D. Cousins (No. 3079)
Scott D. Jones (No. 6672)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:   (302) 824-7081
Facsimile:   (302) 295-0331
Email:   scott.cousins@cousins-law.com
        scott.jones@cousins-law.com

*Counsel to Insperity PEO Services, L.P.*