**EXHIBIT A**

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**KABBAGE, INC. d/b/a KSERVICING, et al.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-10951 (CTG)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2004, AND LOCAL BANKRUPTCY RULE 2004-1, AUTHORIZING AND DIRECTING THE EXAMINATION OF THE DEBTORS**

Upon the joint motion of Customers Bank and Cross River Bank ("Cross River") pursuant to section 105(a) of the Bankruptcy Code, Rule 2004 of the Federal Rules of Bankruptcy Procedures, and Local Rule 2004-1 of the United States Bankruptcy Court for the District of Delaware, seeking the entry of an order directing the examination of American Express Kabbage Inc. (the "Motion"), and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and upon consideration of the Motion; and due and proper notice of the Motion having been given, it is hereby ordered that:

1. The Motion is granted as set forth herein.

2. Customers Bank and Cross River are hereby authorized to issue a subpoena for the documents set forth in **Exhibit 1** hereto to which the American Express Kabbage Inc. will respond.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A) (collectively, the "Debtors").

3. American Express Kabbage Inc. shall produce documents in accordance with this Order on or before a date that is fourteen (14) days from the service of such subpoenas unless otherwise ordered by the Court.

4. Upon completion of the production of documents requested in **Exhibits 1** hereto, the parties shall meet and confer with respect to any requests for additional documents.

5. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

# EXHIBIT 1

# DOCUMENT REQUEST TO AMERICAN EXPRESS KABBAGE INC.

## **DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. The terms "Document" and "Documents" are intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any writings, drawings, graphs, charts, photographs, phone records, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document" includes, without limitation, affidavits, analyses, appointment books, appraisals, articles from publications, (whether in paper, database, electronic or other format(s)), calculations (whether in paper, database, electronic or other format(s)), books, books of account, statements, cables, calendars, charts, checks (cancelled or uncancelled), check stubs, confirmations, contracts, correspondence, credit card receipts, desk calendars, desk pads, diaries, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, invoices, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, partners' and employees' personnel files, partners' and employees' review check lists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheets or things similar to any of the foregoing however denominated. The term "document" further includes email and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or by some other storage mechanism. The term "document" further means any document now or at any time in the possession, custody, or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). The term "document" also includes all Electronically Stored Information (defined below). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has the right to secure the document or a copy thereof from another person having actual possession thereof, including, but not limited to, work product contracted by you from professional firms.

2. "Electronically Stored Information" or "ESI" has the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and refers to all computer or electronically stored or generated data and information and includes all attachments to and enclosures with any requested item, and all drafts thereof. "Electronically Stored Information" or "ESI" includes information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. "Electronically Stored Information" or "ESI" includes: word-processing Documents; electronic spreadsheets; electronic presentation Documents; email messages; image files; sound files; and material or information stored in a database, or accessible from a database. "Electronically Stored Information" or "ESI" also includes all associated metadata that is maintained or saved, which includes: a Document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes;

history of changes; email header information; history of who viewed an email and when; and email routing information.

3. "You" shall mean American Express Kabbage Inc.

4. "LPA" shall mean the Loan Program Agreement between Cross River Bank and Kabbage, Inc. dated as of April 14, 2020 and all amendments thereto.

5. "SSA" shall mean the Sale and Servicing Agreement between Cross River Bank and Kabbage, Inc. dated as of May 6, 2020 and all amendments thereto.

6. "Servicing File" shall have the meaning ascribed to it in both the LPA and SSA.

7. "Loan Files" shall have the meaning set forth in the Processing and Servicing Agreement between Kabbage and Customers Bank and "Loan Documents" shall have the meaning set forth in the Sale and Servicing Agreement between Kabbage and Customers Bank.

## INSTRUCTIONS

1. These definitions and instructions shall apply in interpreting the scope of the definitions and instructions as well as the individual requests below.

2. The documents covered by this request include all documents in your possession, custody, or control. Unless otherwise specified, each request herein seeks all responsive documents without any limitation with respect to date.

3. Each request for the production of documents shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

4. You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

5. You shall produce Electronically Stored Information in its native format.

6. All documents and Electronically Stored Information shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies.

7. If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

8. Documents shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

9. Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

10. Documents attached to each other should not be separated.

11. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this discovery request.

12. The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

13. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

14. If you object to any part of any request, you shall state fully in writing the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request to which you are not objecting.

15. Each document request shall be construed independently and not with reference to any other document request for the purpose of limitation.

16. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa. The use of defined terms apply whether or not they are capitalized.

17. The term "including" means "including, without limitation."

**DOCUMENTS REQUESTED**

1. The Servicing Files, including without limitation, documentation in CoreCredit and Kore environments related to the loans for each of the Servicing Files, and investigation documents relating to the loans for each of the Servicing Files.

2. The Loan Files and/or Loan Documents.

3. All AML, KYC, and KYB policies and procedures that were used in connection with origination to support the results and findings in each of the Servicing Files.