**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **KABBAGE, INC. d/b/a KSERVICING, et al.,** | Case No. 22-10951 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | RE: D.I. 622 |

**JOINT MOTION OF CROSS RIVER BANK AND CUSTOMERS BANK FOR ENTRY OF AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS FOR JOINT MOTION OF CROSS RIVER BANK AND CUSTOMERS BANK FOR AN ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2004, AND LOCAL BANKRUPTCY RULE 2004-1, AUTHORIZING AND DIRECTING THE EXAMINATION OF AMERICAN EXPRESS KABBAGE INC.**

Cross River Bank ("Cross River") and Customers Bank, respectfully state as follows in support of this motion (the "Motion"):[2]

**Relief Requested**

1.     By this Motion, Cross River and Customers Bank seek entry of an order pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") shortening the notice and objection periods for the *Joint Motion of Cross River Bank and Customers Bank for an Order, Pursuant to Section 105(A) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Bankruptcy Rule 2004-1, Authorizing and Directing the Examination of American Express Kabbage Inc.* filed contemporaneously herewith (the "Examination Motion") as follows: (a)

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A) (collectively, the "Debtors").

[2]     Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Examination Motion (as defined below).

21624447

scheduling a hearing on the Examination Motion for **March 20, 2023 at 10:00 a.m. (Eastern Time)** (the "Hearing"), which is an existing omnibus hearing date in these Chapter 11 Cases; (b) requiring objections and responses to the Examination Motion, if any, to be filed on or before **March 15, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"); and (c) authorizing Cross River and Customers Bank to file a joint reply in further support of the Examination Motion on or before **March 17, 2023 at 12:00 noon (Eastern Time)**.

2.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "Proposed Order").

## Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amending Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Pursuant to Rule 9013-1(f) of the Local Rules, Cross River and Customers Bank consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9006, and Local Rules 2004-1 and 9006-1.

## Background

**A. General Background.**

4.      On October 3, 2022 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The

Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1008 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

5.      The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.      On the Petition Date, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [ECF 14].

7.      On January 19, 2023, the Debtors filed the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [ECF 446] (the "Amended Plan").

8.      On January 19, 2023, the Debtors filed the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [ECF 467] (the "Amended Disclosure Statement").  On January 19, 2023, the Court entered an order approving the Amended Disclosure Statement [ECF 470].

9.      A hearing to consider confirmation of the Amended Plan has been scheduled before the Court on March 13, 2023 at 10:00 a.m. (Eastern Time) (the "Confirmation Hearing").

10.     On March 6, 2023, Customers Bank filed its *Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents and Materials and Appearance for Oral Examination,* [ECF 608] (the "CB-Debtor Examination Motion"). By the CB-Debtor Examination Motion, Customers Bank seeks to examine the Debtor to obtain, *inter alia,* documents and information in the possession, custody or control of the Debtors necessary for the transition of loan servicing obligations from the Debtors to Customers Bank, which intends to act as a successor servicer.  Customers Bank has noticed the CB-Debtor Examination Motion for a

3

hearing on March 20, 2023 – the same date as proposed for the Hearing on the Examination Motion that is the subject of this Motion.

11. March 20, 2023, is an existing omnibus hearing case in these Chapter 11 Cases. The next omnibus hearing date is not scheduled to occur until April 13, 2023 [ECF 580].

**The Examination Motion.**

12. As more fully set forth in the Examination Motion, Cross River and Kabbage entered into agreements relating to the origination and servicing of PPP loans in April and May of 2020. Pursuant to the Loan Program Agreement (as amended and supplemented, the "LPA"), Cross River appointed Kabbage to act as its "Agent" to market, process, and service PPP applications on Cross River's behalf. Cross River and Kabbage also entered into a Sale and Servicing Agreement ("SSA"), which, among other things, effectuated Cross River's purchase of the rights to certain PPP loans that Kabbage had previously originated in its own name (defined in the SSA as the "Assets"). The SSA also obligated Kabbage to continue in its role as servicer for the Assets.

13. The LPA requires Kabbage to "maintain and retain on behalf of [Cross River] all original" loan applications, copies of notices of declination, other documents relating to rejected loan applications, and originals or copies of any other documents provided to or received from borrowers, LPA § 3.1(g), and to provide such documents to Cross River on request. Id. § 3.1(i)(2). Likewise, the SSA requires Kabbage to "collect, verify, and maintain all documents required under the CARES Act, the Paycheck protection Program and SBA Regulations for each Asset to be an eligible loan to an eligible borrower," SSA § 5(e)(iv), (vi), and to provide access to such documents upon Cross River's request. id. §§ 5(e)(viii), 9(b).

14.     Both the SSA and LPA state that the "Servicing File"—the "documents, files and records held or maintained by or on behalf of [Kabbage]"—is the property of the Cross River, that it is held in trust by Kabbage "in a custodial capacity only," and that Kabbage "shall deliver" Servicing Files to Cross River "promptly" upon request.  SPA § 11(a); LPA Letter Agreement at 3-4. [3]

15.     In October 2020, the Debtors transferred the substantial majority of their assets to American Express Kabbage Inc. ("Amex Kabbage," and collectively with its parent, American Express Travel Related Services Company, Inc., and subsidiaries of such parent, "American Express").  Disclosure Statement at 3; *see also* Debtors' 2004 Motion at 5 [ECF 576].  American Express obtained, among other things, the Debtors' valuable lending and servicing platform, and the Kabbage IP, including the "Kabbage" name.  *See* Disclosure Statement at 43.  American Express now runs "Kabbage Funding From American Express."  The Debtors' management and shareholders took nearly all of the $750 million that American Express paid for the Debtors' assets.  *Id.* at 43.  Kabbage itself was rendered a "wind down" entity, with minimal funding, intended to service the loans and then close.  *Id.*

16.     As relevant here, in connection with the transaction, Kabbage transferred certain data and information to American Express.  This transfer included key components of the

---

[3]     As detailed in numerous pleadings filed with this Court, including Customers Bank's Motion for Entry of an Order Compelling Compliance with Court Approved Settlement Agreement [ECF 336] at paragraphs 1-7, Customers Bank has a similar contractual relationship with the Debtors, and one of the agreements between the parties, the April 2020 Processing and Servicing Agreement provides that the "Loan File" "means, with respect to each Loan, the Loan Application, Note, Loan Agreement, and any other documents provided to Borrowers in connection with a Loan, as directed by the Bank" (p.3) and that "Loan Files" are the "sole property of the Bank" and "shall remain the sole property of the Bank at all times" (p. 22).  Another agreement between Customers Bank and the Debtor, the Sales and Servicing Agreement, defines Loan Documents as "the Asset Files, Servicing File, Confirmation Documents, and any documents created under the Subservicer's compliance program related to the Asset" (p. 4) and provides that the Debtor "shall deliver or cause to be delivered . . . as soon as practicable upon request, all Loan Documents" (p. 14).

servicing files Kabbage was required to maintain, and which are the property of Cross River and Customers Bank, as applicable, under their respective agreements with the Debtors.

17.    To fulfill its servicing obligations, Kabbage entered into a transition services agreement with Amex Kabbage ("AmEx TSA"), pursuant to which American Express is to provide Kabbage "with information and access to books and records necessary and critical to run its PPP business." Disclosure Statement at 35.  Notwithstanding its obligations under the AmEx TSA, and notwithstanding that it does not own the Partner Bank Files, American Express has failed to provide key components of those files to the Debtors and Cross River and Customers Bank.

18.    According to the Debtors, they have made several attempts to obtain information pursuant to the AmEx TSA, but, as detailed more fully in the Examination Motion, American Express has not been accommodating.  To date, however, the Debtors have not sought relief from this or another court to compel American Express to provide the missing components of the Partner Bank Files to Cross River and Customers Bank.

19.    The files in American Express's possession are relevant not only to the impending servicing transfer, administration of forgiveness and guaranty purchase applications, and to the liquidation of Cross River's asserted claims against the Debtors, but also to numerous governmental investigations regarding the Debtors and their origination of PPP Loans.  *See* Disclosure Statement at 30-35.  Additionally, the SBA has held up the payment of PPP loans held by Customers Bank and Cross River for forgiveness or guarantee purchase on multiple purported grounds, including that the Debtors may not have followed proper procedures at the time of origination, and that the Debtors should be liable for loan amounts paid to borrowers exceeding what the borrowers were entitled to receive.  First Day Declaration, ¶ 16.

20.     Both Cross River and Customers Bank have a critical and imminent need for the relief requested in the Examination Motion.   Pursuant to the Debtors' Amended Plan, the Confirmation Hearing for which is to be held in this Court on March 13, 2023, (a) the Debtors apparently intend to transition servicing of Cross River's and Customers Bank's respective PPP loan portfolios to new servicers prior to the Plan's Effective Date, and to reject the contracts under which that servicing occurs (including, the AmEx TSA and other contracts that allow for access to pertinent documents) as of the Effective Date, and (b) the Debtors purport to have the unilateral option to provide or not provide any servicing or transitioning efforts from and after the Amended Plan's Effective Date.   Further, under the terms of the Amended Plan, the Effective Date could occur as early as March 28, 2023, if the Amended Plan is confirmed at the March 13, 2023 Confirmation Hearing.

## Basis for Relief

21.     The Court my grant the relief requested herein pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(c).

22.     Local Rule 2004-1(d) applies to motions for relief pursuant to Bankruptcy Rule 2004 and provides that the hearing on such a motion shall be "no less than fourteen (14) days from service of the motion." Del. Bankr. L.R. 2004-1(d).   Local Rule 9006-1(e) provides in relevant part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); *see also* Fed. R. Bankr. P. 9006(c)(1) ("[T]he court for cause shown may in its discretion with or without motion or notice order the period reduced.").

23.     Cross River and Customers Bank submit that good cause exists to expedite consideration of the Examination Motion.  As set forth herein and in the Examination Motion, Cross River has been trying to obtain copies of its Servicing Files, as defined in the CRB Agreements, for Cross River's PPP Loans (the "CRB Servicing Files") for over a year. Customers Bank has made similar efforts to obtain its own files and key information (the "CB Files" and, together with the CRB Servicing Files, the "Partner Bank Files"), and has not received the complete requested transaction data information and key origination data.

24.     American Express currently has possession of key components of the Partner Bank Files and American Express has failed to provide those files to the Debtors or Cross River and Customers Bank.

25.     At the Debtors' (and American Express's) insistence Cross River and Customers Bank had allowed the Debtors to attempt to obtain the Partner Bank Files from American Express.  But the Debtors have not yet been able to provide any further information or documents from American Express, and time has run out.  Per the Debtors' Amended Plan, servicing of Cross River's and Customers Bank's loans must be transferred in potentially a matter of just a few weeks.  As such, the Partner Bank Files are imperative to ensure that servicing of the loans can continue without interruption after the Debtors cease servicing of these loans, and that Cross River and Customers Bank have the information and materials necessary to continue servicing and to comply with regulatory and legal obligations under PPP guidelines and otherwise.

26.     Cross River and Customers Bank have attempted to informally obtain the requested information (including through the Debtors, as insisted by American Express and the Debtors), but are now left with no option but to compel American Express to produce the

requested information before the servicing of Cross River's and Customers Bank's loans must be transferred.

27.    As such, Cross River and Customers Bank have a compelling need for prompt relief on the Examination Motion.  As discussed above, the Amended Plan could be confirmed as early as March 13, 2023.  If that occurs, the Effective Date of the Amended Plan could occur just two weeks later – as early as March 28, 2023.  To date, the Debtors have not made any definitive commitments to Cross River and Customers Bank concerning how the servicing obligations for the PPP loans will be addressed following the Effective Date.  Cross River and Customers Bank, thus, must proceed on the assumption that they or their respective designees will be responsible for servicing of the PPP loans following the Effective Date and responding to any SBA inquiries.  Without the missing pieces of the Partner Bank Files that apparently remain in the custody or control of American Express, Cross River and Customers Bank will be hamstrung in their ability to do so.  Such a result would be harmful, not only for Cross River and Customers Bank, but also for all other parties that have an interest in the proper servicing of the PPP loans.

28.    Furthermore, the shortened notice period request does not prejudice the parties in interest.  As discussed in the Examination Motion, both the Debtors and American Express have been aware of the critical need that Cross River and Customers Bank have for the Partner Bank Files and that they were likely to seek relief from this Court to obtain such documents and information if American Express did not voluntarily provide it.  Moreover, with respect to the Debtors, this schedule is being driven by the Debtors' own scheduled Confirmation Hearing on March 13, 2023, and the possibility that the Debtors would cause the Amended Plan's Effective Date to occur as early as two weeks after the Amended Plan is confirmed.

29.     For the foregoing reasons, Cross River and Customers Bank respectfully submit that allowing the Examination Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

### Compliance with Local Rule 9006-1(e)

30.     Prior to the filing of this Motion, and pursuant to Local Rule 9006-1(e), counsel for Cross River and Customers Bank notified counsel for the Debtors, American Express, and the U.S. Trustee of the relief requested in this Motion.  The U.S. Trustee has advised movants that they take no position with respect to the scheduling relief requested in the Motion.  Movants understand that the Debtors and American Express oppose the proposed scheduling of Examination Motion for hearing on March 20, 2023.[4]

### Notice

31.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) the Small Business Administration; (e) counsel for American Express; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

### No Prior Request

32.     No previous request for relief sought herein has been made by Cross River or Customers Bank to this or any other court.

---

[4] Movants understand that the Court may have some availability on Wednesday, March 22, 2022, which would be an acceptable alternative hearing date for Cross River and Customers Bank.  If the Court is inclined to schedule the Examination Motion to be heard on March 22, 2023, the relief requested by this Motion would no longer be necessary under Local Rule 2004-1(d), which requires 14 days' notice of the hearing on motion of this nature.  Additionally, movants understand that the Debtors do not oppose the scheduling of the Examination Motion for a hearing on March 22, 2023.  American Express's position on the use of the March 22nd hearing date is unknown at this time.

WHEREFORE, Cross River and Customers Bank respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 8, 2023
       Wilmington, Delaware

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Gregory W. Werkheiser*
Gregory W. Werkheiser (No. 3553)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
gwerkheiser@beneschlaw.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Susheel Kirpalani (admitted *pro hac vice*)
Isaac Nesser (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
susheelkirpalani@quinnemanuel.com
isaacnesser@quinnemanuel.com

Erika Morabito (admitted *pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
erikamorabito@quinnemanuel.com

Matthew R. Scheck (admitted *pro hac vice*)
300 West 6th Street, Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100
matthewscheck@quinnemanuel.com

*Counsel to Cross River Bank*

11

**Sullivan Hazeltine Allinson LLP**

*/s/ William A. Hazeltine*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 N. Market Street, Suite 420
Wilmington, Delaware 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195
whazeltine@sha-llc.com

-and-

**HOLLAND & KNIGHT LLP**
John J. Monaghan (admitted *pro hac vice*)
Jeremy M. Sternberg (admitted *pro hac vice*)
Lynne B. Xerras
10 St. James Avenue
Boston, MA 02116
Telephone: 617-523-2700
Facsimile: 617-523-685
john.monaghan@hklaw.com
jeremy.sternberg@hkaw.com
lynne.xerras@hklaw.com

*Counsel to Customers Bank*