# **EXHIBIT 1**

**Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, | Case No. 22-10951 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | RE: D.I. 576, 577 |

**ORDER GRANTING MOTION OF DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR PRODUCTION OF DOCUMENTS FROM FINANCIAL TECHNOLOGY PARTNERS LP AND FTP SECURITIES LLC**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"), pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, directing FT Partners to produce the requested documents identified on **Exhibit B** to the Motion (the "**Document Requests**"), as more fully described in the Motion; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 28688760v.1

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given to the Notice Parties and that no other or further notice is necessary; and upon the certification of counsel filed with respect to the Motion and the record herein and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. FT Partners is hereby directed to produce for inspection and copying all non-privileged, responsive documents, whether now in their possession, custody and control, or subsequently obtained, as described in the Document Requests, and such documents must be produced on or before 5:00 p.m. (ET) on March 31, 2023, at the offices of the Debtors' attorneys: Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attention: Theodore E. Tsekerides, Esq. (theodore.tsekerides@weil.com)).

3. This Order is without prejudice to the Debtors' rights to seek additional discovery from FT Partners or other parties, including, without limitation, requests based on any information that may be revealed as a result of the document production and the examination of one or more witnesses.

4. Any Bankruptcy Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

## Exhibit B

**Document Requests**

**DEFINITIONS**

For purposes of these Document Requests, the following Definitions shall apply:

1. "AmEx Transaction" or "Transaction" or "Project Green" means that certain *Agreement and Plan of Merger* among American Express Travel Related Services Company, Inc. and the Debtors, among others, dated August 16, 2020 (which agreement became effective on October 16, 2020).

2. "Chapter 11 Cases" refers to the cases filed by the Debtors under chapter 11 of the Bankruptcy Code, which are jointly administered under Case No. 22-10951 (Bankr. D. Del. 2022).

3. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, discussions, meetings, e-mails, text messages, Zoom chats, Microsoft Team chats, facsimiles, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

4. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

5. "Debtors" or "KServicing" or the "Company" means Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in these Chapter 11 Cases and all of their affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and attorneys therefor, and/or any other persons or entities

purporting to act on their behalf and/or under their control.

6. "Document" or "Documents" as used herein is used in the broadest possible sense, including but not limited to, all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information, including but not limited to, namely: notes, letters, correspondence, memoranda, summaries or records of telephone conversations, summaries and reports and notebooks, charts, lists, schedules, spreadsheets, and workbooks. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document. "Documents" always includes Communications, whether so stated or not.

7. "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26 and 34(a).

8. "FT Partners" means Financial Technology Partners L.P. and/or FTP Securities LLC, and all of its affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and attorneys therefor, and/or any other persons or entities purporting to act on its behalf and/or under its control.

9. "Person" and its plural means and includes individuals as well as entities, corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names and government agencies, and their respective agents, representatives, attorneys and employees.

10. "Regarding" means anything directly or indirectly pertaining to, concerning, alluding to, responding to, connected with, commenting on, in respect of, about, discussing, showing, describing, mentioning, analyzing, studying, reflecting, evidencing, containing or constituting, in whole or in part.

11. "Relate(s) to" or "Relating to" means information that, in whole or in part, constitutes, contains, embodies, evidences, reflects, concerns, describes, discusses, involves, identifies, supports, refutes, refers to, is relevant to, or in any way pertains to.

12. "You" or "Your" means FT Partners.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for the purposes of these Document Requests; the following Instructions shall be followed:

1. Unless otherwise indicated, the Documents requested include all Documents that have come into existence or been utilized, read, transcribed, copied, placed in or retrieved from any file.

2. For each Document withheld by reason of a claim of privilege, provide a privilege log identifying each such Document separately together with: (a) the date of the Document; (b) the identity of the author or preparer; (c) the identity of each person who was sent or furnished with the Document or who received or had possession or custody of the Document; (d) a description of the Document, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of this Request to which the Document is responsive. In the case of Documents Concerning a meeting or conversation, identify all participants in the meeting or conversation.

3. Each Document shall be produced in a fashion that indicates clearly the file

7

RLF1 28688760v.1

in which it was located.

4. For each category of Documents relating to each individual Request set forth below, identify the produced documents responsive to each Request (by Bates Number references if the documents are produced with Bates Numbers), or produce such documents in a manner that categorizes or labels the produced Documents related to each individual Request.

5. If a Document cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for your inability to produce the remainder.

6. You are required to produce ESI (as defined below) in searchable form on DVDs, CD-ROMs, or other media to be mutually agreed by the parties.

7. For Documents produced electronically, and/or if any ESI is produced, the following formatting should be used:

- Use .tiff format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;
- If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs or other media to be mutually agreed by the parties with .tiff and text format, and with a Summation load file; and
- Transmit electronic Documents or ESI on DVDs, CD-ROMs or other media to be mutually agreed by the parties or use an ftp site upload.

8. These Requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. Rule 7026(e).

9. The use of either the singular or plural shall not be deemed a limitation. The

use of the singular includes the plural, and vice versa.

10. The words "and" and "or" are interchangeable and shall be construed either disjunctively or conjunctively or both, as broadly as necessary to bring within the scope of each Request those responses that might otherwise be construed to be outside the scope.

11. The words "any" and "all" shall each be construed to mean "any and all."

12. The word "each" includes the word "every," and "every" includes the word "each."

13. The word "including" is deemed to be followed by "but not limited to."

## DOCUMENT REQUESTS

Unless otherwise specified herein, the timeframe for these requests is from April 8, 2020 through October 16, 2020:

**Request No. 1**:

All drafts and the final version(s) of any discussion materials prepared for, presented to or distributed to the Company and/or its Board or management, including but not limited to, any appraisals, solvency analysis, valuations, modeling, PowerPoints, presentations, fully functional Microsoft Excel models and related support, or other materials relating thereto, that FT Partners prepared relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green.

**Request No. 2**:

All documents that FT Partners reviewed in connection with any of its proposed or discussed strategic alternatives for the Company, including the Transaction and/or Project Green.

**Request No. 3**:

9

All communications between FT Partners and the Company, its Board or management, relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green.

**Request No. 4**:

All communications between FT Partners and any entity or individual other than the Company, including American Express Travel Related Services Company, Inc., any equity or security holders of the Company and/or its predecessor(s), debt holders of the Company and/or its predecessor(s), Fortis Advisors, LLC, including any employees, representatives or agents thereof and/or any financial advisors or representatives of any entity, relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green.

**Request No. 5**:

All internal communications between and/or among FT Partners' representatives, employees, managing directors, and/or agents relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green.

**Request No. 6**:

All FT Partners work papers, analysis or other materials reflecting its work relating to any proposed strategic alternatives for the Company, including the Transaction and/or Project Green.

**Request No. 7**:

All engagement letters between the Company and FT Partners.

**Request No. 8**:

All documents that were contained in any data room that was created for, or utilized in connection with, the Transaction.

**Request No. 9**:

All documents provided or made available to American Express Travel Related Services Company, Inc. in connection with the Transaction.

[*Remainder of Page Intentionally Left Blank*]

RLF1 28688760v.1