**<u>EXHIBIT A</u>**

**Revised Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------- x
                                                         :
In re                                                    :        **Chapter 11**
                                                         :
**KABBAGE, INC. d/b/a KSERVICING, _et al._,**            :        **Case No. 22–10951 (CTG)**
                                                         :
        **Debtors.[1]**                                  :        **(Jointly Administered)**
                                                         :
                                                         :        **Re: Docket No. 627**
-------------------------------------------------------- x

## ORDER CONFIRMING AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF KABBAGE, INC. (d/b/a KSERVICING) AND ITS AFFILIATED DEBTORS

Upon the filing by Kabbage, Inc. d/b/a KServicing and its affiliated debtors (collectively, the "**Debtors**") in the above captioned chapter 11 cases (the "**Chapter 11 Cases**"), as "proponents of the plan" within the meaning of section 1129 of title 11 of the United States Code (the "**Bankruptcy Code**"), of the _Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated Debtors_, dated March 9, 2023 [Docket No. 627] (as amended, modified, or supplemented in accordance with its terms, the "**Plan**"), which is attached hereto as **Exhibit A**;[2] and the Court having approved the _Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated Debtors_, dated January 19, 2023 [Docket No. 467] (the "**Disclosure Statement**"); and on January 19, 2023, the Court having entered the _Order (I) Approving the Disclosure Statement of the Debtors, (II) Establishing Solicitation, Voting, and Related Procedures, (III) Scheduling_

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used in this Order (the "**Confirmation Order**") but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or as the context otherwise requires.

*Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Approving Special Electronic Noticing Procedures, (VI) Approving Debtors' Proposed Cure Procedures for Unexpired Leases and Executory Contracts, and (VII) Granting Related Relief* [Docket No. 470] (the "**Disclosure Statement Order**"); and the Debtors, through their voting agent, Omni Agent Solutions, Inc. ("**Omni**"), having served the Disclosure Statement Order, the Plan, the Disclosure Statement, and other related solicitation materials, including copies of the Court approved ballots (the "**Ballots**") and notice of the hearing on confirmation of the Plan (the "**Confirmation Hearing**"), as applicable, on the holders of Claims and Interests in accordance with the Disclosure Statement Order, as described in the *Affidavit of Service*, dated February 6, 2023 [Docket No. 518], the *Affidavit of Supplemental Service*, dated February 6, 2023 [Docket No. 519], the *Affidavit of Second Supplemental Service,* dated February 7, 2023 [Docket No. 520], the *Affidavit of Third Supplemental Service,* dated February 7, 2023 [Docket No. 521], and the *Affidavit of Fourth Supplemental Service,* dated February 8, 2023 [Docket No. 522] (collectively, the "**Solicitation Affidavits**") as well as the *Declaration of Kim D. Steverson of Omni Agent Solutions, Inc. Regarding Solicitation of Votes and Tabulation of Ballots Cast on the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. d/b/a KServicing and its Affiliated Debtors,* filed on March 9, 2023 [Docket No. 635] (the "**Voting Certification**"); and on January 27, 2023, the Debtors, through Omni, having caused to be published in the national edition of *USA Today* the notice of the Confirmation Hearing as set forth in the *Proof of Publication,* filed on January 31, 2023 [Docket No. 508] (the "**Publication Affidavit**"); and due and proper notice of the Confirmation Hearing having been given to holders of Claims against and Interests in the Debtors and other parties in interest in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"); and the Disclosure Statement Order, as established by the affidavits of service, mailing, and publication filed with this Court, including the Solicitation Affidavits and the Publication Affidavit, and such notice being sufficient under the circumstances and no further notice being required; and the Debtors having filed on (i) February 21, 2023, the *Notice of Filing of Supplement to the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. d/b/a KServicing and its Affiliated Debtors* [Docket No. 561], (ii) March 6, 2023, the *Notice of Filing of Second Supplement to the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. d/b/a KServicing and its Affiliated Debtors* [Docket No. 611], and March 9, 2023, the *Notice of Filing of Third Supplement to the Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. d/b/a KServicing and its Affiliated Debtors* [Docket No. 630]  (together, as may be further amended or supplement, the "**Plan Supplement**"); and due and proper notice of the Plan Supplement having been given to holders of Claims against and Interests in the Debtors and other parties in interest in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement, and the Disclosure Statement Order, and such filing and notice thereof being sufficient under the circumstances and no further notice being required; and the Court having considered the record in these Chapter 11 Cases, the compromises and settlements and transactions embodied in and contemplated by the Plan, the briefs and arguments regarding confirmation of the Plan, the evidence in support of the Plan adduced at the Confirmation Hearing, the *Declaration of Laquisha Milner in Support of Confirmation of Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. d/b/a KServicing and its Affiliated Debtors* [Docket No. 636] (the "**Milner Declaration**"), the *Declaration of Sal Kafiti in Support of Confirmation of Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. d/b/a KServicing and its Affiliated Debtors* [Docket No. 633] (the "**Kafiti Declaration**"), the

*Declaration of Deborah Rieger-Paganis in Support of Confirmation of Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. d/b/a KServicing and its Affiliated Debtors* [Docket No. 634] (the "**Rieger-Paganis Declaration**"), and the Confirmation Hearing having been held on March 13, 2023; and the Court having issued a bench ruling at the conclusion of the Confirmation Hearing; and after due deliberation; for the reasons stated by the Court at the Confirmation Hearing,

### IT IS HEREBY FOUND AND DETERMINED THAT:

A.      **Jurisdiction and Venue.**  This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

B.      **Core Proceedings.** This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

C.      **Burden of Proof.** The Plan satisfies the requirements for confirmation of section 1129 of the Bankruptcy Code by a preponderance of evidence.

D.      **Solicitation.** The Plan was solicited in good faith and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order. The Exculpated Parties are entitled to the protection of section 1125(e) of the Bankruptcy Code.

E.      **Good Faith.** The Plan has been proposed in good faith and not by any means forbidden by law.  In so finding, the Court has considered the totality of the circumstances of the Chapter 11 Cases.  The Plan is the result of extensive, good faith, arm's length negotiations among the Debtors and their principal constituencies.

F.      **Plan Supplement**.  All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.  Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement.

G.      **Section 1129(b).** The Plan does not "unfairly discriminate" and is "fair and equitable" with respect to the Classes that are Impaired and are deemed to reject the Plan or have voted to reject the Plan in accordance with section 1129(b) of the Bankruptcy Code.

H.      **Injunction.** The injunction provided by Section 10.3 of the Plan is appropriately tailored to the circumstances of these Chapter 11 Cases.  The injunction is consistent with the Bankruptcy Code and applicable law.

I.      **Releases**.

(i)      The releases contained in Section 10.5 of the Plan (the "**Debtor Release**") are an essential component of the Plan and appropriate.  Good and valid justification has been demonstrated in support of the Debtor Release.  Based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, in the Kafiti Declaration, and in the Rieger-Paganis Declaration, the Debtor Release (i) is essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code; (ii) is in exchange for the good and valuable consideration provided by the Released Parties; (iii) is in the best interests of the Debtors and all holders of Claims and Interests; and (iv) was given and made after due notice and opportunity for a hearing.

(ii)      The releases contained in Section 10.6 of the Plan (the "**Third Party Release**") are appropriate.  Parties subject to the Third Party Release were duly informed of the Third Party Release and given the opportunity to opt out or object.  The Confirmation Hearing Notice (as defined in the Disclosure Statement Order) sent to all holders of Claims and Interests

expressly included in bold font the terms of the Third Party Release, as set forth in Section 10.6 of the Plan and provided instructions for objecting to the Third Party Release if such holders did not want to be bound thereby.  The Ballots sent to all holders of Claims entitled to vote on the Plan included the Third Party Release in the same manner as the Confirmation Notice and set forth the procedures for opting out of the Third Party Release if such holders did not want to be bound thereby. The Third Party Release was emphasized with bold font in the Plan, the Disclosure Statement, the Ballots, and the Confirmation Notice.

(iii)    The Third Party Release is appropriately tailored under the facts and circumstances of these Chapter 11 Cases.  The Third Party Release is consensual under applicable law because each Releasing Party was given due and adequate notice and sufficient instruction and opportunity to opt-out of such release either on their Ballot or by filing an objection to the Third Party Release.

J.    **Exculpation.**  The exculpation provided by Section 10.7 of the Plan for the benefit of the Exculpated Parties is appropriately tailored to the circumstances of these Chapter 11 Cases. The failure to implement the exculpation provision would seriously impair the Debtors' ability to confirm the Plan.

K.    **Notice.**  As evidenced by the Solicitation Affidavits and the Publication Affidavit previously filed with the Court, due, proper, timely, adequate, and sufficient notice of the Plan and the Confirmation Hearing has been provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order to all interested Persons and Entities.

L.    **Tabulation.** As described in the Voting Certification, (i) the holders of Claims in Class 3 (Reserve Bank Claims) against each Debtor and the holders of Claims in Class 4 (General

Unsecured Claims) against each Debtor other than Kabbage, Inc. d/b/a KServicing have accepted the Plan in the numbers and amounts required by section 1126 of the Bankruptcy Code or otherwise pursuant to the Disclosure Statement Order and (ii) the holders of Claims in Class 4 (General Unsecured Claims) against Kabbage, Inc. d/b/a KServicing have voted to reject the Plan. All procedures used to tabulate the Ballots were fair, reasonable, and conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order. All other Claims against and Interests in the Debtors are presumed to accept the Plan, deemed to reject the Plan, or unclassified under the Plan.

M.    **Opportunity to Object.**  In compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order, a fair and reasonable opportunity to object or be heard with respect to the Plan has been afforded to all interested Persons and Entities.

N.    **No Action.**  Pursuant to the appropriate provisions of the Delaware Limited Liability Company Act and the Delaware General Corporation Law, other applicable non-bankruptcy law, and section 1142(b) of the Bankruptcy Code, no action of the respective directors, managers, members, or stockholders of the Debtors, as applicable, shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan, including any of the Definitive Documents.

O.    **Best Interests.**  The liquidation analysis provided in the Disclosure Statement and the other evidence presented, proffered, or adduced at the Confirmation Hearing (i) are persuasive and credible; (ii) have not been controverted by other evidence; and (iii) establish that each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the

Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

P.     **Executory Contracts and Unexpired Leases**

i.     **Cure and Assumption Notice and Opportunity to Object.** The Debtors served the *Notice of Potential Assumption and Cure Amounts in Connection with Contracts and Leases* [Docket No. 566] and the *Supplemental Notice of Potential Assumption and Cure Amounts in Connection with Contracts and Leases* [Docket No. 612] (together, the "**Cure and Assumption Notice**") on each non-Debtor counterparty (each, a "**Counterparty**" and collectively, the "**Counterparties**") to the executory contracts and unexpired leases (the "**Assumed Contracts**") which provided notice of the Debtors' intent to potentially assume or assume and assign the contract or lease in connection with the Plan, and where applicable, setting forth the proposed Cure Amount upon each respective Counterparty. The service of the Cure and Assumption Notice was timely, good, sufficient and appropriate under the circumstances and no further notice need be given. All Counterparties to the Assumed Contracts have had a reasonable opportunity to object both to the Cure Amount listed on the Cure and Assumption Notice and to the assumption of the Assumed Contracts.

ii.     **Cure/Adequate Assurance.** The Debtors have cured or demonstrated their ability to cure any default with respect to any act or omission that occurred prior to the Effective Date under any of the Assumed Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code. Unless otherwise agreed to by the Debtors and the applicable Counterparty, the Cure Amounts set forth in the Cure and Assumption Notice are deemed the amounts necessary to "cure" within the meaning of section 365(b)(1) of the Bankruptcy Code all "defaults" within the

meaning of section 365(b) of the Bankruptcy Code under such executory contract or unexpired lease. Accordingly, all of the requirements of sections 1123(b)(2) and 365(b) of the Bankruptcy Code have been satisfied for the assumption by the Debtors of each of the Assumed Contracts.

Q.    **Unenforceability of Anti-Assignment Provisions.** Anti-assignment provisions in any Assumed Contract assumed by the Wind Down Estates, including any provisions requiring rating agency confirmation, "no downgrade" letters, any other third party consent, or of the type described in sections 365(b)(2), (e)(1), and (f) of the Bankruptcy Code, shall not restrict, limit, or prohibit the assumption, assignment, and sale of the Assumed Contracts and are unenforceable anti-assignment provisions within the mean of section 365(f) of the Bankruptcy Code.

R.    **Final Order.** This Confirmation Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

**FURTHER, IT IS HEREBY ORDERED THAT:**

1.    The Plan is confirmed as set forth herein.

2.    The findings of fact and conclusions of law listed above, as well as any additional findings of fact and conclusions of law announced by this Court at the Confirmation Hearing, are hereby incorporated into this Confirmation Order.

3.    The documents contained in the Plan Supplement are approved in their entirety. The Debtors are authorized to take all actions required under the Plan, the Plan Supplement, and the Wind Down Agreement, subject to any applicable consent or consultation requirements therein, to effectuate the Plan and the transactions contemplated therein.

4.    The terms and provisions of the Plan are incorporated herein by reference and are an integral part of this Confirmation Order. The terms of the Plan, the documents contained in the

Plan Supplement and all exhibits and other relevant and necessary documents related thereto or contemplated thereby shall be effective and binding as of the Effective Date.

5.      **Objections.** To the extent any objections (including any reservation of rights contained therein) to confirmation of the Plan or other responses or reservations of rights with respect thereto have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, such objections and responses are denied and overruled on the merits with prejudice.

6.      **Implementation and Effectiveness of the Plan.** Upon the Effective Date, by virtue of entry of the Confirmation Order, all actions contemplated by the Plan shall be deemed authorized, approved, and, to the extent taken prior to the Effective Date, ratified without any requirement for further action by holders of Claims or Interests, the Debtors, or any other Entity or Person. All matters provided for in the Plan, including the PPP Transfer to alternate servicers and related activities and, at the Debtors' sole discretion, the Post-Effective Date PPP Servicing, are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without any requirement of further action by the Debtors or the Estates, subject to any applicable condition precedent, consent or consultation requirements set forth in the Plan, the Plan Supplement, or the Wind Down Agreement.

7.      **PPP Transfer.** The Debtors or the Wind Down Estates, as applicable, are hereby authorized, following entry of this Confirmation Order, to continue servicing all Pledged PPPLF Loans, all CRB PPP Loans, and all CB Loans in the ordinary course and in accordance with the Program Agreements, the CRB Agreements, and the CB Agreements (including the *Settlement and Release Agreement,* dated October 27, 2022, by and among KServicing and CB), as applicable, through the Effective Date, or pause servicing if the Reserve Bank, SBA, CRB, or CB, as

applicable, reasonably agree to such pause in furtherance of the transfer of servicing of such loans. The Debtors shall use commercially reasonable efforts to assist the Reserve Bank, the SBA and/or the Partner Banks to transfer servicing obligations to a third-party loan servicer or the SBA prior to the Effective Date and, in the case of the Reserve Bank—to transfer the title to the Pledged PPPLF Loans that as of the date of the transfer shall not have been fully forgiven or guarantee repurchased by the SBA or fully repaid by the borrower in furtherance of such transfer of servicing and, in the case of the SBA—to assign to the SBA all notes, loan agreements, and the power of attorney to service the Pledged PPPLF Loans that as of the date of the transfer have been fully forgiven or guarantee repurchased by the SBA or fully repaid by the borrower in furtherance of such transfer of servicing.  For the avoidance of doubt (a) any fees, costs, and expenses associated with the transfer of servicing obligations shall be borne by the applicable party as provided for in the Plan; provided, that in the case of the SBA, such fees, costs, and expenses shall be subject to finalization as between the Debtors or Wind Down Estates (as applicable) and the SBA; and (b) nothing herein limits the obligations of the Debtors to comply with the Cash Collateral Order or with section 9.1(g) of the Plan with respect to the PPPLF Loans.

8.     **Post-Effective Date PPP Servicing.** The Debtors or the Wind Down Estates, as applicable, are hereby authorized, following entry of this Confirmation Order, to (i) continue servicing all Pledged PPPLF Loans, all CRB PPP Loans, and all CB Loans in the ordinary course and in accordance with the Program Agreements, the CRB Agreements, and the CB Agreements (including the *Settlement and Release Agreement*, dated October 27, 2022, by and among KServicing and CB), as applicable, through the Effective Date and (ii) in its sole discretion and prior to the Effective Date offer the Reserve Bank, SBA, CRB, and/or CB, Post-Effective Date PPP Servicing and if the Reserve Bank, SBA, CRB, or CB, as applicable consents to such

continued servicing, the Debtors will continue servicing the applicable PPP Loan portfolio. Any fees, costs, and expenses associated with the continued servicing of the PPP Loans following the Effective Date, shall be borne upfront by the Reserve Bank, SBA, CRB, or CB, as applicable; provided that, for the avoidance of doubt, to the extent the applicable servicing costs are not provided to the Debtors prior to the Effective Date, the Debtors shall not provide any Post-Effective Date servicing for the applicable party; provided, further that in the case of the SBA, such fees, costs, and expenses shall be subject to finalization as between the Debtors or Wind Down Estates (as applicable) and the SBA.

9.    **Cancellation of Existing Securities and Agreements**.  On the Effective Date, except for the purpose of evidencing a right to a distribution under the Plan and except as otherwise set forth in the Plan (including, for the avoidance of doubt, those provisions of the Plan preserving the rights of the Reserve Bank with respect to the Reserve Bank Claims, the Program Agreements, and the PPPLF Collateral), all notes, instruments, other securities, and other evidence of debt issues, and any rights of any holder in respect thereof shall be deemed cancelled, discharged, and of no force or effect and the obligations of the Debtors thereunder shall be deemed fully satisfied, released, and discharged.

10.    **Release of Liens**. Upon the payment in full in Cash of an Other Secured Claim, any lien securing an Other Secured Claim that is paid in full in Cash shall be deemed released, and the holder of such Other Secured Claim shall be authorized and directed to release any collateral or other property of the Debtors held by such holder to take such actions as may be requested by the Wind Down Officer, to evidence the release of such Lien, including the execution, delivery and filing or recording of such releases as may be requested by the Wind Down Officer. Any Liens

on the Pledged PPPLF Loans granted to or held in favor of the Reserve Bank shall remain in place and continue on and after the Effective Date.

11.     **Executory Contracts and Unexpired Leases**. Pursuant to Section 8 of the Plan, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected unless such contract or lease (i) was previously assumed or rejected by the Debtors pursuant to an order of the Court; (ii) previously expired or terminated pursuant to its own terms or by agreements of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; (iv) is identified in Section 8.4 of the Plan; (v) is identified for assumption on the Assumption Schedule included in the Plan Supplement, or (vi) is an intellectual property contract assumed pursuant to Section 8.6 of the Plan.  For the avoidance of doubt, all intellectual property contracts in effect as of the date of this Confirmation Order shall be deemed assumed by the Debtors and the Wind Down Estates unless any such intellectual property contract is specifically rejected pursuant to the *Notice of Rejection of Certain Agreements Pursuant to the Plan*, dated March 6, 2023 [Docket No. 613] filed by the Debtors in accordance with Section 8.1 of the Plan.

12.     Subject to the occurrence of the Effective Date, entry of the Order by the Bankruptcy Court shall constitute approval of the assumptions, assumptions and assignments, or rejections provided for in the Plan pursuant to section 365(a) and 1123 of the Bankruptcy Code and a determination by the Bankruptcy Court that Wind Down Estates, as applicable, have provided adequate assurance of future performance under such Assumed Contracts.  Each Assumed Contract pursuant to the Plan shall vest and be fully enforceable by the Wind Down Estates, as applicable, in accordance with its terms, excepts as modified by the provisions of the

Plan, any order of the Court authorizing and providing for its assumption, or applicable law. For the avoidance of doubt, the Program Agreements are not executory contracts or unexpired leases.

13.     **Rejection Damages Claims.** Any Proofs of Claim based on rejection, solely pursuant to the provisions of the Plan, of any Executory Contracts or Unexpired Leases must be filed by no later than thirty days after the filing and service of the Notice of Effective Date (as defined herein) (the "**Rejection Damages Bar Date**").  Any such rejection damages Claim will be forever barred and will not be enforceable against the Debtors, the Wind Down Estates, or their respective property unless a Proof of Claim is timely filed, unless otherwise expressly allowed by the Court.

14.     **Conditions Precedent to the Effective Date.** Notwithstanding anything to the contrary herein or in the Plan, the Plan shall not become effective unless and until all conditions set forth in Section 9.1 of the Plan have been satisfied or waived pursuant to Section 9.2 of the Plan.

15.     **Release, Injunction and Exculpation Provisions.** As of the Effective Date, pursuant to Bankruptcy Rule 3020(c)(1), all release, injunction, and exculpation provisions embodied in the Plan, including those contained in Sections 10.3 (Injunction), 10.5 (Releases by Debtors), 10.6 (Releases by Holders of Claims and Interests), and 10.7 (Exculpation) are hereby approved and shall be effective and binding on all Persons and Entities, to the extent provided in the Plan, without further order or action by this Court.

16.     **Substantial Consummation.** On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101(2) and 1127(b) of the Bankruptcy Code.

17.     **Administrative Expense Claims Bar Date**. Except as otherwise provided in this Confirmation Order, the Cash Collateral Order, or the Plan, requests for payment of Administrative

Expense Claims must be filed with this Court, and served within thirty-five (35) days from the date of service of the Notice of Effective Date (the "**Administrative Expense Claims Bar Date**"). Such proof of Administrative Expense Claim must include at a minimum: (i) the name of the applicable Debtor that is purported to be liable for the Administrative Expense Claim and if the Administrative Expense Claim is asserted against more than one Debtor, the exact amount asserted to be owed by each such Debtor; (ii) the name of the holder of the Administrative Expense Claim; (iii) the asserted amount of the Administrative Expense Claim; (iv) the basis of the Administrative Expense Claim; and (v) supporting documentation for the Administrative Expense Claim. **FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE EXPENSE CLAIM TIMELY AND PROPERLY SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED AND DISALLOWED.**

18.     **Common Interest Privilege.** In approving the Plan, the Court confirms that the Reserve Bank, CRB, and the SBA share a common interest with the Wind Down Estates relating to the pursuit and consideration by the Wind Down Estates of the Causes of Action. Thus, pursuant to Federal Rule of Evidence 502(d), any attorney client privilege, work product privilege, or other privilege or immunity attaching to any documents or communications (whether oral or written) (the "**Privileges**") regarding Causes of Action being pursued or considered for pursuit on behalf of the Wind Down Estates may, but need not, be shared with the Reserve Bank, CRB and the SBA or any of their respective representatives, attorneys, or advisors on a common interest privilege basis without waiver of the relevant underlying Privilege. All Privileges shall remain in the control of the Wind Down Estates, which shall seek to preserve and protect all applicable Privileges of the Debtors.

19.    **Retention of Jurisdiction.** Notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, except as set forth in this Confirmation Order, the Court shall retain such jurisdiction over the Chapter 11 Cases after the Effective Date as is legally permissible, including, among other things, jurisdiction over the matters set forth in Section 11 of the Plan.

20.    **Reversal/Stay/Modification/Vacatur of Order.** Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court, or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or Lien incurred or undertaken by the Debtors, the Wind Down Estates, or any other party authorized or required to take action to implement the Plan, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, the Definitive Documents, or any amendments or modifications to the foregoing.

21.    **Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent.** The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

22.    **Binding Effect**. Subject to the occurrence of the Effective Date, on and after the entry of this Confirmation Order, the provisions of the Plan shall bind every holder of a Claim against or Interest in any Debtor and inure to the benefit of and be binding on such holders'

respective successors and assigns, regardless of whether the Claim or Interest of such holder is impaired under the Plan and whether such holder has accepted the Plan.

23.     **Applicable Non-Bankruptcy Law.** Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, the Definitive Documents, and any other related documents or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

24.     **Notice of Entry of Confirmation Order and Effective Date.** In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtors shall serve a notice of the entry of this Confirmation Order and occurrence of the Effective Date, substantially in the form annexed hereto as **Exhibit B**, on all parties who hold a Claim or Interest in these Chapter 11 Cases, the U.S. Trustee, and any other parties listed in the creditor matrix maintained by Omni (the "**Notice of Effective Date**"). The Wind Down Estates may cause a summary version of the Notice of Effective Date to be published in the national edition of *USA Today* or a similar national newspaper within ten (10) Business Days after the Effective Date. Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of the contents thereof, entry of this Confirmation Order, the occurrence of the Effective Date, the Administrative Expense Claims Bar Date, and the Rejection Damages Bar Date.

25.     **No Waiver.** Any failure of this Confirmation Order to specifically include or refer to any particular article, section, or provision of the Plan, the documents contained in the Plan Supplement, or any exhibit or document related thereto, or contemplated thereby, does not, and shall not be, deemed to diminish or impair the effectiveness or enforceability of such article, section, or provision nor constitute a waiver thereof; it being the intention of the Court that all such documents are approved in their entirety.

26.     **<u>Miscellaneous</u>**.

a.      Subject to payment of any applicable filing fees under applicable non-bankruptcy law, each federal, state, commonwealth, local, foreign, or other governmental agency is authorized to accept for filing and/or recording any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

b.      This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Confirmation Order, all amendments thereto, and any waivers and consents thereunder.

27.     **<u>Federal Reserve Board.</u>** For the avoidance of doubt, notwithstanding any provision of this Order or the Plan including any releases provided for under the Plan, the Reserve Bank does not release, waive or discharge any Cause of Action, if any, pursuant to 12 U.S.C. § 1818 belonging to the Federal Reserve Board.

28.     **<u>Internal Revenue Service</u>**

a.      Notwithstanding any other provision of the Plan, the Internal Revenue Service's (the "**IRS**") right to post-petition interest and penalties on its priority and administrative tax claims is preserved.

b.      For the avoidance of doubt, nothing in the Plan or the Confirmation Order shall bar the IRS from exercising its non-bankruptcy rights to offset any request for a tax refund for a tax year ending prior to the Commencement Date against any prepetition claims of the United States government against any of the Debtors.

c.      The Court shall not have jurisdiction to hear and determine any right to a refund pursuant to section 505(a)(2)(B) unless the refund was properly requested by the Debtors prior to entry of the Confirmation Order. Pursuant to 11 U.S.C. 503(b)(1)(D) and Local Rule 3002- 1(a), nothing contained in the Plan or Confirmation Order shall be deemed to require the IRS to file a request for payment of taxes entitled to administrative expense priority as a condition of their being allowed as administrative expenses.

d.      Notwithstanding anything to the contrary contained herein or therein, nothing contained in the Confirmation Order or Plan shall be deemed: (1) to determine the federal tax liability of any Entity to the IRS, including, but not limited to, the Debtors; (2) to be binding on the Internal Revenue Service with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtors; (3) to have conferred jurisdiction upon the Court to make determinations as to federal tax liability or to hear and determine any right to a refund pursuant to section 505(a)(2)(B), except as provided under section 505 of the Bankruptcy Code, sections 157 and 1334 of Title 28 of the United States Code, or any other applicable law; (4) release or discharge any claim for federal taxes against any Entity other than the Debtors, or enjoin the collection or assessment of such taxes; and (5) to grant any relief to any Entity, including but not limited to the Debtors, against the IRS that the Court is prohibited from granting by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a).

29.      **Vaco LLC and Morgan Franklin Consulting LLC.**  Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or this Confirmation Order, the Debtors agree and stipulate that: (i) as of the Effective Date, Kabbage, Inc. is assuming the executory contract with Vaco LLC ("**Vaco**") identified in the Plan Supplement (including all amendments,

modifications, and supplements thereto, the "**Vaco Contract**"); (ii) as of the Effective, Date Kabbage, Inc. is assuming the executory contract with Morgan Franklin Consulting LLC ("**Morgan Franklin**") identified in the Plan Supplement (including all amendments, modifications, and supplements thereto, the "**Morgan Franklin Contract**"); (iii) pursuant to 11 U.S.C. § 365, upon the occurrence of the Effective Date, Kabbage, Inc. shall be deemed to have assumed all rights, benefits, and liabilities under the Vaco Contract and Morgan Franklin Contract, regardless of the date of accrual thereof, including without limitation any contingent or unliquidated liabilities; (iv) Kabbage, Inc. reserves all defenses to any claims under the Vaco Contract, Morgan Franklin Contract, and applicable law; and (v) subject to the occurrence of the Effective Date, Kabbage, Inc. shall pay all of its obligations under the Vaco Contract or Morgan Franklin Contract arising on or before the Effective Date in the ordinary course of business without the necessity of Vaco or Morgan Franklin filing any application for an administrative expense claim.

30.    **Salesforce.com.** For the avoidance of doubt, entry of this Confirmation Order authorizes and approves the rejection of those certain contracts between Salesforce.com, Inc. ("**Salesforce**") and KServicing that are identified on **Exhibit A** to the *Notice of Rejection of Certain Agreements Pursuant to the Plan* [Docket No. 613] (the "**Rejected Salesforce Contracts**") effective as of the Effective Date. Upon entry of this Confirmation Order, the automatic stay under section 362 of the Bankruptcy Code shall be modified to permit Salesforce to the terminate the Rejected Salesforce Contracts pursuant to, and in accordance with, the terms of such contracts effective as of the Effective Date.

31.    **Paul Pietschner.** For the avoidance of doubt, section 10.3 of the Plan shall apply to that certain proceeding commenced by Paul Pietschner ("**Pietschner**") under the False Claims

Act, 31 U.S.C. Sec. 3729, *et seq*., currently pending under seal in the United States District Court

for the Eastern District of Texas, Sherman Division (the "**Texas Court**"), Case No. 4:21-cv-110

(the "**FCA Action**"); provided, however, the following procedures shall apply:

    a.    Upon the intervention of the United States in the FCA Action:

        i.    Pietschner shall then have ten (10) business days after the date of such intervention to file a notice on the docket in these Chapter 11 Cases that Pietschner intends to liquidate Proof of Claim nos. 955-10, 952-8, 953-6, 954-7, 956-7 and 951-174 (the "**Pietschner Claims**"), in the FCA Action in the Texas Court (a "**Prosecution Notice**").

        ii.    The Wind Down Officer or any other party in interest shall have ten (10) business days to file an objection to any Prosecution Notice (a "**Prosecution Objection**") in these Chapter 11 Cases. If no such objection is filed, section 10.3 of the Plan shall be modified to allow the liquidation of the Pietschner Claims in the FCA Action.

        iii.    If a Prosecution Objection is filed and the parties are unable to resolve such objection, Pietschner shall request a hearing at the next regularly scheduled omnibus hearing on the Prosecution Notice and any Prosecution Objection.

    b.    Upon the Wind Down Officer determining that there will be a Distribution to the holders of Allowed General Unsecured Claims:

        i.    By no later than five (5) business days thereafter, the Wind Down Officer shall notify counsel to Pietschner in writing of such determination (email being sufficient).

        ii.    Pietschner shall then have ten (10) business days after receipt of such notice to file a Prosecution Notice in these Chapter 11 Cases.

        iii.    The Wind Down Officer or any other party in interest shall have ten (10) business days to file a Prosecution Objection. If no such objection is filed, section 10.3 of the Plan shall be modified to allow Pietschner to liquidate the Pietschner Claims in the FCA Action.

        iv.    If a Prosecution Objection is filed and the parties are unable to resolve such objection, Pietschner shall request a hearing at the next regularly scheduled omnibus hearing on the Prosecution Notice and any Prosecution Objection.

c.      In the event that: (i) the seal is lifted in the FCA Action prior to a determination by the Wind Down Officer that there will be a Distribution to the holders of Allowed General Unsecured Claims; (ii) the United States has not intervened in the FCA Action; and (iii) Pietschner's reasonable best efforts to stay the FCA Action pending such determination are rejected by the Texas Court:

    i.      By no later than ten (10) business days after the Texas Court denies the request to stay the FCA Action, Pietschner may file a Prosecution Notice in these Chapter 11 Cases.

    ii.     The Wind Down Officer or any other party in interest shall have ten (10) business days to file a Prosecution Objection. If no such objection is filed, section 10.3 of the Plan shall be modified to allow Pietschner to liquidate the Pietschner Claims in the FCA Action.

    iii.    If a Prosecution Objection is filed and the parties are unable to resolve such objection, Pietschner shall request a hearing at the next regularly scheduled omnibus hearing on the Prosecution Notice and any Prosecution Objection.

d.      In the event that the Pietschner Claims are liquidated in the FCA Action pursuant to a judgment against, or a settlement consented to by the United States with, KServicing or the Wind Down Estates, as applicable, the judgment or settlement shall be an Allowed General Unsecured Claim in the amount of such judgment or settlement.

32.    **<u>United States of America.</u>** Nothing in the Plan or Confirmation Order shall (1) permit the Debtors, the Wind Down Estates and/or the Wind Down Officer (on behalf of the Wind Down Estates) to preemptively settle or compromise the United States' Claims without its consent or a further order of the Court; (2) enjoin, release, impair or otherwise preclude the United States (i) from pursuing any criminal action or any police or regulatory action, including the FCA Action, (ii) from pursuing any liability to the United States that is not a Claim, (iii) from exercising any rights of setoff or recoupment subsequent to confirmation of the Plan or any order granting substantive consolidation, and such rights are preserved, and (iv) from pursuing any claim of the United States arising on or after the Confirmation Date; and (3) grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

**<u>Exhibit A</u>**

**Plan**

**<u>Exhibit B</u>**

**Notice of Effective Date**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
--------------------------------------------------------- x
                                             :
In re                                        :    Chapter 11
                                             :
KABBAGE, INC. d/b/a KSERVICING, et al.,      :    Case No. 22-10951 (CTG)
                                             :
                                             :
      Debtors.¹                              :    (Jointly Administered)
                                             :    Re: Docket Nos. __
--------------------------------------------------------- x
```

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING AMENDED JOINT CHAPTER
11 PLAN OF LIQUIDATION OF KABBAGE, INC. (d/b/a KSERVICING)
AND ITS AFFILIATED DEBTORS AND (II) EFFECTIVE DATE**

      **PLEASE TAKE NOTICE** that on [March 13], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [Docket No. [•]] (the "**Confirmation Order**") confirming the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated Debtors* attached to the Confirmation Order as **Exhibit A** thereto (as amended, modified, or supplemented, the "**Plan**").²

      **PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan was [•], 2023.

      **PLEASE TAKE FURTHER NOTICE** that, unless otherwise provided by the Plan, the Cash Collateral Order, the Confirmation Order, or any other applicable order of the Bankruptcy Court, or agreed to by the holder of an Allowed Administrative Expense Claim and the Debtors or the Wind Down Estates, as applicable, all requests for payment of Administrative Expense Claims must be filed with the Bankruptcy Court and served on the Debtors and the Wind Down Officer (as the case may be), the Claims and Noticing Agent, and the U.S. Trustee **no later than [_____], 2023** (the "**Administrative Expense Claims Bar Date**"). Such proof of Administrative Expense Claim must include at a minimum: (i) the name of the applicable Debtor that is purported to be liable for the Administrative Expense Claim and if the Administrative Expense Claim is asserted against more than one Debtor, the exact amount asserted to be owed by each such Debtor; (ii) the name of the holder of the Administrative Expense Claim; (iii) the asserted amount of the Administrative Expense Claim; (iv) the basis of the Administrative Expense Claim; and (v) supporting documentation for the Administrative Expense Claim.

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**PLEASE TAKE FURTHER NOTICE that holders of Administrative Expense Claims that are required to file and serve a request for payment of such Administrative Expense Claims that do not file and serve such a request by the Administrative Expense Claims Bar Date shall be forever barred and disallowed from asserting such Administrative Expense Claims against the Debtors, the Wind Down Estates, or their respective property or interests.**

**PLEASE TAKE FURTHER NOTICE** that the Debtors filed the Schedule of Rejected Contracts [Docket No. 613] on March 6, 2023, which includes a list of intellectual property contracts, licenses, royalties, or other similar agreements (collectively, the "**Rejected IP Agreements**") that will be rejected pursuant to the Plan on the Effective Date. In addition to the Rejected IP Agreements, all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected, unless such contract or lease (i) was previously assumed or rejected by the Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtors on or before the Confirmation Date; (iv) is identified in Sections 8.4 and 8.6 of the Plan (other than the Rejected IP Agreements, which shall be rejected pursuant to the Plan); or (v) is identified for assumption on the Assumption Schedule included in the Plan Supplement. In accordance with Section 8.3 of the Plan, in the event the rejection of an executory contract or unexpired lease, solely pursuant to the Plan, results in damages to the other party or parties to such contract or lease, a Proof of Claim on account of such rejection damages Claim must be filed by **[____], 2023** (the "**Rejection Damages Bar Date**").

**PLEASE TAKE FURTHER NOTICE that any such rejection damages Claim will be forever barred and will not be enforceable against the Debtors, the Wind Down Estates, or their respective property unless a Proof of Claim is timely filed by the Rejection Damages Bar Date, unless otherwise expressly allowed by the Court.**

**PLEASE TAKE FURTHER NOTICE** that all documents filed with the Bankruptcy Court in connection with the above-captioned chapter 11 cases, including the Assumption Schedule, the Rejection Schedule, the Plan and the Confirmation Order, may be viewed free of charge by visiting the website maintained by the Debtors' claims, noticing and solicitation agent, Omni Agent Solutions, Inc. ("**Omni**"), at http://www.omniagentsolutions.com/kservicing. Copies of all such documents may also be obtained by contacting Omni (i) in writing at Kabbage, Inc. d/b/a KServicing, *et al.*, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, (ii) by email at kservicinginquiries@omniagnt.com, or (iii) by telephone at 866-956-2138 (U.S. & Canada toll free) or 747-226-5953 (international). You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the Plan and the provisions thereof are binding on the Debtors, the Wind Down Estates, any holder of a Claim against, or Interest in, the Debtors and such holder's respective successors and assigns, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder voted to accept the Plan.

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
        steele@rlf.com
        shapiro@rlf.com
        milana@rlf.com

-and-


WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
E-mail:       ray.schrock@weil.com
              candace.arthur@weil.com
              natasha.hwangpo@weil.com
              chase.bentley@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*