## Exhibit B

## Declaration of Thora Thoroddsen

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x
                    :

**In re**                    :       **Chapter 11**

                    :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.,*  :       **Case No. 22-10951 (CTG)**

                    :

                    :

          **Debtors.**[1]       :       **(Jointly Administered)**

                    :

---------------------------------------------------------- x

## DECLARATION OF THORA THORODDSEN
## IN SUPPORT OF THE DEBTORS' SECOND OMNIBUS
## <u>OBJECTION (SUBSTANTIVE) TO CERTAIN MISCLASSIFIED CLAIMS</u>

I, Thora Thoroddsen, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a Director at AlixPartners, LLP ("**AlixPartners**"), who was retained as financial advisor to Kabbage, Inc. d/b/a KServicing and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors-in-possession (collectively, the "**Debtors**"), by order of the Court entered on October 21, 2022, and have served in such capacity since July, 2022.

2.      I have been actively involved in the services provided by AlixPartners to the Debtors.  In particular, I was directly involved in preparing the Debtors' requests for first-day relief sought on the Petition Date and the schedules of assets and liabilities and statements of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

financial affairs (the "**Schedules and Statements**").  I have also led efforts to take inventory of and analyze all proofs of claim filed against the Debtors.  Through these efforts, I have become generally knowledgeable and familiar with the Debtors' day-to-day operations, business and financial affairs, books and records, and the progression of these Chapter 11 Cases.

3.      I have reviewed the *Debtors' Second Omnibus Objection (Substantive) to Certain Misclassified Claims* (the "**Objection**") filed by the Debtors contemporaneously herewith, and I am authorized to submit this declaration (this **"Declaration"**) on behalf of the Debtors in support of the Objection.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, the Debtors' books and records, the Schedules and Statements, information provided to me by the Debtors and the Debtors' advisors, and my opinion based upon my experience, knowledge, and information concerning the Debtors.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

## Misclassified Claims

4.      Based upon a careful review and analysis in good faith of the Debtors' books and records, the Schedules and Statements, and the Claims Register, utilizing due diligence by appropriate personnel, I believe that the Misclassified Claims, listed on **Schedule 1** and summarized below, fail to provide, and I am not otherwise aware of, any facts to support their priority, administrative expense, and/or secured claim status as asserted.

5.      The following claimants assert priority claims pursuant to one or more of the following subsections of section 507(a) of the Bankruptcy Code: 507(a)(1)(A) or (a)(1)(B), 507(a)(4), 507(a)(5), 507(a)(7), 507(a)(8), and/or an unspecified subsection of 507(a); an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code; and/or a secured claim pursuant to section 506 of the Bankruptcy Code.  Based on my review of the

Debtors' books and records, such claims do not satisfy (i) the statutory prerequisites for priority

under any of the aforementioned subsections of section 507(a) of the Bankruptcy Code; (ii) the

requirements for an administrative expense claim under section 503(b)(9) of the Bankruptcy Code;

and/or (iii) a secured claim under section 506 of the Bankruptcy Code, and should be reclassified

as general unsecured claims:

- **Ayesha Salahuddin – Claim No. 951-232:** Ayesha Salahuddin asserted a total claim of $14,000.  Notwithstanding the total amount of the claim set forth on the proof of claim, the claimant asserts that: (i) $114,350 is entitled to priority pursuant to sections 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code; (ii) $140,000 is entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code; and (iii) $14,000 is secured. The proof of claim asserts "Money loaned, services performed" as the basis for the claim.  *See* proof of claim no. 951-232.  Based on a review of the Debtors' books and records, the Debtors have determined Ayesha Salahuddin is a borrower of a Paycheck Protection Program loan ("**PPP Loan**") that the Debtors service.

  Based on review of the Debtors' books and records, the Debtors have determined that there are no amounts entitled to priority due and owing to Ayesha Salahuddin under sections 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), 507(a)(8) (the claim is not on account of governmental units), or any other section of 507(a) of the Bankruptcy Code.

  In addition, the Debtors have determined there is no evidence of the Debtors receiving goods from Ayesha Salahuddin within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code.  Accordingly, Ayesha Salahuddin's administrative expense claim should be reclassified as a general unsecured claim.  Finally, the Debtors have determined there is no basis for the claim's secured status under section 506 of the Bankruptcy Code.  Accordingly, the Debtors have determined that Ayesha Salahuddin's claim should be reclassified as a general unsecured claim.[2]

- **Nella's Seafood Lounge & Co Inc – Claim No. 951-239:** Nella's Seafood Lounge & Co Inc ("**Nella's Seafood**") filed a $20,833 claim asserting that the entire amount is entitled to priority pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code.  The proof of claim asserts "PPP Loan forgiveness" as the basis for the claim.  *See* proof of claim no. 951-239.  Based on a review of the Debtors' books and records, the Debtors have determined Nella's Seafood is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority

---

[2] As set forth above, the claimant asserted a total claim amount in the proof of claim of $14,000 but such proof of claim contained inconsistences regarding the claim amount.  The Debtors believe that such claim should be limited to the asserted amount set forth on the proof of claim.

due and owing to Nella's Seafood under section 507(a) of the Bankruptcy Code. Accordingly, Nella's Seafood's priority claim should be reclassified as a general unsecured claim.

- **Quang Ho – Claim No. 951-235:** Quang Ho filed a $7,000 claim asserting that: (i) an undetermined amount is entitled to priority pursuant to sections 507(a)(4) and 507(a)(7) of the Bankruptcy Code, and (ii) $2,500 is entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "Goods Sold, Lease" as the basis for the claim. *See* proof of claim no. 951-235. Based on a review of the Debtors' books and records, the Debtors have determined Quang Ho is a borrower of a PPP Loan that the Debtors service.

  Based on a review of the Debtors' books and records, the Debtors have determined that there are no amounts entitled to priority due and owing to Quang Ho under sections 507(a)(4) (the claim is not on account of wages) and 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code, or any record of the alleged lease. The Debtors have also determined that there is no evidence of the Debtors receiving goods from Quang Ho within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Accordingly, Quang Ho's claim should be reclassified as a general unsecured claim.

- **Studio Forte Spa Salon – Claim No. 951-238:** Studio Forte Spa Salon ("**Studio Forte**") filed a $20,833 claim asserting that the entire amount is entitled to priority pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts "PPP Loan forgiveness that was applied for" as the basis for the claim. *See* proof of claim no. 951-238. Based on a review of the Debtors' books and records, the Debtors have determined Studio Forte is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Studio Forte under section 507(a) of the Bankruptcy Code. Accordingly, Studio Forte's claim should be reclassified as a general unsecured claim.

- **Summer Stegall – Claim No. 951-234[3]:** Summer Stegall filed a $42,023.65 claim asserting that: (i) $12,023.63 is entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code and (ii) $30,000 is secured. The proof of claim asserts "Money loaned/personal injury/lose of business" as the basis for the claim. *See* proof of claim no. 951-234. Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service.

  Based on the Debtors' books and records, the Debtors have determined that there are no amounts entitled to priority due and owing to Summer Stegall under section 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. In addition, the Debtors have determined that there is no basis for the claim's

---

[3] Claim no. 951-234, filed on February 6, 2023, amends claim no. 951-49 that was reclassified as a general unsecured claim on February 17, 2023, pursuant to the *Order Granting Debtors' First Omnibus Objection (Substantive) to Certain Misclassified Claims* (the *"***First Omnibus Objection Order***"*) [Docket No. 546].

secured status under section 506 of the Bankruptcy Code.  Accordingly, Summer Stegall's claim should be reclassified as a general unsecured claim.

6.      Based on the foregoing, I believe that the Misclassified Claims on **Schedule 1** should be reclassified as general unsecured claims because the claims are not entitled to priority, administrative expense, and/or secured status under the Bankruptcy Code.  Failure to reclassify the Misclassified Claims would lead to an inaccurate Claims Register and, based on my understanding, would provide the claimants a recovery higher than what they should be afforded under the Bankruptcy Code.  As such, I believe the reclassification of the Misclassified Claims on the terms set forth in the Objection is appropriate.

7.      In addition to each classification error, the Misclassified Claims were all filed after the General Bar Date. After reviewing their books and records, with the assistance of Omni, the Debtors determined that each holder of a Misclassified Claim received notice of the General Bar Date.  As such, the Misclassified Claims are all late filed claims.

8.      Based on the foregoing, my experience, and my review of the Objection, the Debtors' books and records, the Schedules and Statements, and the Claims Register, it is my position that the information contained in the Objection and **Schedule 1** attached thereto is true and correct, and the relief requested by the Objection is in the best interests of the Debtors' estates, creditors, and economic stakeholders.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date:   March 14, 2023
        Woodcliff Lake, New Jersey

                                        /s/ *Thora Thoroddsen*
                                        Thora Thoroddsen
                                        Director
                                        AlixPartners, LLP

**Schedule 1**

**Misclassified Claims**

**Misclassified Claims**
(Claims are listed alphabetically)

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Claim Amount | Modified Classification Status[1] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 1 | Ayesha Salahuddin | 01/30/2023 | 951-232 | Kabbage, Inc. d/b/a KServicing | $114,350.00 (P) $140,000.00 (A) $14,000.00 (S) $0.00 (U) | $0.00 (P) $0.00 (A) $0.00 (S) $14,000.00 (U)[2] | Ayesha Salahuddin asserted a total claim of $14,000. Notwithstanding the total amount of the claim set forth on the proof of claim, the claimant asserts that: (i) $114,350 is entitled to priority pursuant to sections 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code; (ii) $140,000.00 is entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code; and (iii) $14,000 is secured. The proof of claim asserts "Money loaned, services performed" as the basis for the claim. *See* proof of claim no. 951-232. Based on a review of the Debtors' books and records, the Debtors have determined Ayesha Salahuddin is a borrower of a Paycheck Protection Program loan ("**PPP Loan**") that the Debtors service, and that there are no amounts entitled to priority due and owing to Ayesha Salahuddin under sections 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), 507(a)(8) (the claim is not on account of governmental units), or any other section of 507(a) of the Bankruptcy Code.<br><br>In addition, the Debtors have determined there is no evidence of the Debtors receiving goods from Ayesha Salahuddin within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code, and that there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. Accordingly, Ayesha Salahuddin's claim should be reclassified as a general unsecured claim. |
| 2 | Nella's Seafood Lounge & Co Inc | 02/22/2023 | 951-239 | Kabbage, Inc. d/b/a KServicing | $20,833.00 (P) $0.00 (U) | $0.00 (P) $20,833.00 (U) | Nella's Seafood Lounge & Co Inc ("**Nella's Seafood**") filed a $20,833 claim asserting that the entire amount is entitled to priority pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts "PPP Loan forgiveness" as the basis for the claim. *See* proof of claim no. 951-239. Based on a review of the Debtors' books and records, the Debtors have determined Nella's Seafood is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Nella's Seafood under section 507(a) of the Bankruptcy Code. Accordingly, Nella's Seafood's priority claim should be reclassified as a general unsecured claim. |

---

[1] (A) - Administrative, including 503(b)(9); (S) - Secured; (P) - Priority; (U) - Unsecured; (T) – Total.

[2] The amount reflected herein is the total claim amount asserted on the proof of claim notwithstanding any inconsistencies contained in such proof of claim.

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Claim Amount | Modified Classification Status[1] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 3 | Quang Ho | 02/13/2023 | 951-235 | Kabbage, Inc. d/b/a KServicing | Undetermined (P) $2,500.00 (A) Undetermined (U) | $0.00 (P) $0.00 (S) $7,000.00 (U) | Quang Ho filed a total claim of $7,000 asserting that: (i) an undetermined amount is entitled to priority pursuant to sections 507(a)(4) and 507(a)(7) of the Bankruptcy Code, and (ii) $2,500 is entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code. The proof of claim asserts "Goods Sold, Lease" as the basis for the claim. *See* proof of claim no. 951-235. Based on a review of the Debtors' books and records, the Debtors have determined Quang Ho is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Quang Ho under sections 507(a)(4) (the claim is not on account of wages) and 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code, or any record of the alleged lease. The Debtors have also determined that there is no evidence of the Debtors receiving goods from Quang Ho within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code. Accordingly, Quang Ho's claim should be reclassified as a general unsecured claim. |
| 4 | Studio Forte Spa Salon | 02/22/2023 | 951-238 | Kabbage, Inc. d/b/a KServicing | $20,833.00 (P) $0.00 (U) | $0.00 (P) $20,833.00 (U) | Studio Forte Spa Salon ("**Studio Forte**") filed a $20,833 claim asserting that the entire amount is entitled to priority pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts "PPP Loan forgiveness that was applied for" as the basis for the claim. *See* proof of claim no. 951-238. Based on a review of the Debtors' books and records, the Debtors have determined Studio Forte is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Studio Forte under section 507(a) of the Bankruptcy Code. Accordingly, Studio Forte's claim should be reclassified as a general unsecured claim. |
| 5 | Summer Stegall | 02/06/2023 | 951-234 | Kabbage, Inc. d/b/a KServicing | $12,023.63 (P) $30,000.00 (S) $0.00 (U) | $0.00 (P) $0.00 (S) $42,023.65 (U) | Summer Stegall filed a $42,023.65 claim asserting that: (i) $12,023.63 is entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code and (ii) $30,000 is secured. The proof of claim asserts "Money loaned/personal injury/lose of business" as the basis for the claim. *See* proof of claim no. 951-234. Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service, and that there are no amounts entitled to priority due and owing to Summer Stegall under section 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code. In addition, the Debtors have determined that there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. Accordingly, Summer Stegall's claim should be reclassified as a general unsecured claim |