# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**KABBAGE, INC. d/b/a KSERVICING,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-10951 (CTG)<br><br>(Jointly Administered)<br><br>**RE: D.I. 683** |

### DECLARATION OF REGINA SORIN IN SUPPORT OF OBJECTION OF AMERICAN EXPRESS TO JOINT MOTION OF CROSS RIVER BANK AND CUSTOMERS BANK FOR AN ORDER AUTHORIZING RULE 2004 EXAMINATION

I, Regina Sorin, hereby declare under penalty of perjury:

1. I am a member in good standing of the Bar of the State of New York and am a Vice President and Senior M&A Counsel at American Express Company and Lead Counsel for Amex Ventures. In that role, I work on American Express M&A, joint venture and venture investment transactions globally, as well as related integration activities and general advice and support for Amex Ventures. Prior to joining American Express in 2020, I was an associate in the Financial Services Group at Sullivan & Cromwell LLP ("S&C"), where I advised public and private financial institutions and other clients on a wide variety of complex strategic transactions, including acquisitions, divestitures, financings and securities offerings.

2. I submit this declaration in support of the *Objection of American Express to*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937) ("Kabbage"); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

*Joint Motion of Cross River Bank and Customers Bank for an Order Authorizing Rule 2004 Examination* (the "Objection"), to place before the Court certain documents and information referred to in the Objection.[2]

3. Attached hereto as Exhibit 1 is a true and correct copy of an American Express press release issued on August 17, 2020 announcing American Express's acquisition of assets of Kabbage, Inc. (the "Acquisition").

4. As part of the Acquisition, Kabbage and American Express entered into a Transition Services Agreement ("TSA") to govern the services and data American Express would make accessible to Kabbage as Kabbage transitioned servicing to itself or third-party vendors. American Express has fulfilled all of its obligations under the TSA, and much more. For example, American Express agreed to amend the TSA to expand the scope of services so that Kabbage could originate, process and service second draw PPP loans (including for Movants) and completed over 20 change orders to either extend the time period for existing services or provide additional services that were not required under the terms of the original TSA. As recently as December 2022, at the request of Movant CRB, and for Debtors to fulfill their contractual obligations to CRB, American Express expended significant resources to complete an external audit of the lending platform that Kabbage licenses from American Express to perform loan servicing. This was done voluntarily in the interest of cooperation.

5. On December 14, 2022, I received an email from Salim Kafiti, Deputy General Counsel at Kabbage, requesting a call, which was scheduled for December 16, 2022. Attached hereto as Exhibit 2 is a true and correct copy of an email chain, including two emails I received from Mr. Kafiti dated December 14, 2022 at 1:03 p.m. and 1:45 p.m., respectively.

---

[2] Capitalized terms not otherwise defined herein are defined in the Objection or the Joint Motion.

6.      On December 16, 2022, I spoke with Mr. Kafiti by phone (the "December 16 Call"). During the December 16 Call, Mr. Kafiti indicated that Debtors were working with their counsel from Weil, Gotshal & Manges LLP ("Weil") to assess how to transition loan servicing to Movants and other Partner Banks following Debtors' declaration of bankruptcy, and that Debtors wanted to begin discussing the various options with American Express. Specifically, Mr. Kafiti explained that as Debtors were assessing transition options, they likely would either be asking American Express (1) to provide Movants, other Partner Banks and their respective servicers system access to the American Express environment, or (2) to migrate necessary servicing data from American Express to third-party servicers (or directly to the systems of Movants and other Partner Banks). Debtors indicated that they had not yet decided their preferred approach. American Express asked that Debtors prepare a description of the transition options being considered, but there was no further substantive discussion of the proposals under consideration.

7.      On December 19, 2022, Mr. Kafiti followed up by email regarding the December 16 Call, indicating that Debtors were "OK with providing [American Express] a scenario matrix and some more detailed portfolio information per [American Express's] request to kickstart some discussion about future servicing options." I suggested that further discussions about the servicing transition take place between Debtors' counsel at Weil and American Express's outside counsel, S&C. Attached hereto as Exhibit 3 is a true and correct copy of an email chain, including an email I received from Mr. Kafiti, dated December 19, 2022 at 4:35 p.m., and an email I sent to Mr. Kafiti, dated December 20, 2022 at 8:39 a.m.

8.      On January 31, 2023, Mr. Kafiti asked for another call, which took place on the same day (the "January 31 Call"). Attached hereto as Exhibit 4 is a true and correct copy of an email chain, including an email I received from Mr. Kafiti, dated January 31, 2023 at 3:01 p.m.

9. During the January 31 Call, Mr. Kafiti requested permission from American Express for Debtors to provide CRB with PPP loan files and other PPP-related loan data to which Debtors had access.

10. On February 2, 2023, I confirmed to Mr. Kafiti that American Express was comfortable with Debtors' providing copies of the CRB PPP loan files and loan data to CRB, and that American Express would be comfortable taking the same approach with Customers Bank. Attached hereto as Exhibit 5 is a true and correct copy of an email chain, including two emails I sent to Mr. Kafiti, dated February 2, 2022 at 11:21 a.m. and 11:48 a.m., respectively.

11. I received no further emails or requests from Mr. Kafiti or other employees of Debtors regarding the Partner Bank Files.

12. Following a call between S&C and Weil on February 2, 2023, American Express promptly began internally discussing how to efficiently transfer Debtors' data needed for loan servicing to Movants and other relevant parties (should Debtors ultimately choose that path).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 15, 2023              */s/ Regina Sorin*
                                   Regina Sorin