# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------- x
:
In re                                                   :    Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*,               :    Case No. 22-10951 (CTG)
:
:
Debtors.[1]                                             :    (Jointly Administered)
:
:    Re: Docket No. 679
------------------------------------------------------- x

**ORDER GRANTING DEBTORS' SECOND OMNIBUS**
**OBJECTION (SUBSTANTIVE) TO CERTAIN MISCLASSIFIED CLAIMS**

Upon the *Debtors' Second Omnibus Objection (Substantive) to Certain Misclassified Claims* (the "**Objection**")[2] of Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to section 502 under title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) reclassifying the Misclassified Claims as general unsecured claims, and (ii) granting related relief, all as more fully set forth in the Objection; and this Court having jurisdiction to consider the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Objection.

Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Objection (the "**Hearing**"), if necessary; and upon the record of the Hearing; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is granted to the extent set forth herein.

2. Each proof of claim listed under the heading "Misclassified Claims" on **Schedule 1** annexed hereto is hereby reclassified as set forth on **Schedule 1** under the column "Modified Classification Status".

3. Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on the merits.

4. The objections by the Debtors to the Misclassified Claims, as addressed in the Objection and the schedules hereto, constitute a separate contested matter with respect to each

such proof of claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Misclassified Claim.

5. Any stay of this Order pending appeal by any holder of a Misclassified Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection or this Order.

6. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim referenced and/or identified in the Objection that is not listed on **Schedule 1** annexed hereto as a Misclassified Claim, and all rights to object to or defend against such claims on any basis are expressly reserved.

7. The rights of the Debtors, or any other party in interest, as applicable, to (a) file subsequent objections to any of the Misclassified Claims on any and all substantive and/or non-substantive grounds; (b) amend, modify, and/or supplement the Objection, including, without limitation, the filing of objections to further amended or newly filed claims; (c) seek expungement or reduction of any claim to the extent all or a portion of such claim has been paid; and (d) settle any claim for less than the asserted amount are preserved.

8. The Debtors and Omni Agent Solutions are authorized to modify the Claims Register to comport with the entry of this Order.

9. Nothing contained in the Objection or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) an agreement or obligation to pay any claims; (c) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the

RLF1 28816238V.1

amount of, basis for, or validity of any claim against the Debtors, including but not limited to, any future objections on substantive and/or non-substantive grounds; (d) a waiver of any claim or cause of action which may exist against any creditor or interest holder; or (e) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

10. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

11. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

RLF1 28816238V.1

**Schedule 1**

**Misclassified Claims**

**Misclassified Claims**
(Claims are listed alphabetically)

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Claim Amount | Modified Classification Status[1] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 1 | Ayesha Salahuddin | 01/30/2023 | 951-232 | Kabbage, Inc. d/b/a KServicing | $114,350.00 (P)<br>$140,000.00 (A)<br>$14,000.00 (S)<br>$0.00 (U) | $0.00 (P)<br>$0.00 (A)<br>$0.00 (S)<br>$14,000.00 (U)[2] | Ayesha Salahuddin asserted a total claim of $14,000. Notwithstanding the total amount of the claim set forth on the proof of claim, the claimant asserts that: (i) $114,350 is entitled to priority pursuant to sections 507(a)(7), 507(a)(8), and an unspecified subsection of 507(a) of the Bankruptcy Code; (ii) $140,000 is entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code; and (iii) $14,000 is secured. The proof of claim asserts "Money loaned, services performed" as the basis for the claim. *See* proof of claim no. 951-232. Based on a review of the Debtors' books and records, the Debtors have determined Ayesha Salahuddin is a borrower of a Paycheck Protection Program loan ("**PPP Loan**") that the Debtors service, and that there are no amounts entitled to priority due and owing to Ayesha Salahuddin under sections 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services), 507(a)(8) (the claim is not on account of governmental units), or any other section of 507(a) of the Bankruptcy Code.<br><br>In addition, the Debtors have determined there is no evidence of the Debtors receiving goods from Ayesha Salahuddin within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code, and that there is no basis for the claim's secured status under section 506 of the Bankruptcy Code. Accordingly, Ayesha Salahuddin's claim should be reclassified as a general unsecured claim. |
| 2 | Nella's Seafood Lounge & Co Inc | 02/22/2023 | 951-239 | Kabbage, Inc. d/b/a KServicing | $20,833.00 (P)<br>$0.00 (U) | $0.00 (P)<br>$20,833.00 (U) | Nella's Seafood Lounge & Co Inc ("**Nella's Seafood**") filed a $20,833 claim asserting that the entire amount is entitled to priority pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code. The proof of claim asserts "PPP Loan forgiveness" as the basis for the claim. *See* proof of claim no. 951-239. Based on a review of the Debtors' books and records, the Debtors have determined Nella's Seafood is a borrower of a PPP Loan that the Debtors service, and that there are no amounts entitled to priority due and owing to Nella's Seafood under section 507(a) of the Bankruptcy Code. Accordingly, Nella's Seafood's priority claim should be reclassified as a general unsecured claim. |

---

[1] (A) - Administrative, including 503(b)(9); (S) - Secured; (P) - Priority; (U) - Unsecured; (T) – Total.

[2] The amount reflected herein is the total claim amount asserted on the proof of claim notwithstanding any inconsistencies contained in such proof of claim.

| # | Claimant Name | Date Claim Filed | Claim No. | Debtor Name | Misclassified Claim Amount | Modified Classification Status[1] | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 3 | Quang Ho | 02/13/2023 | 951-235 | Kabbage, Inc. d/b/a KServicing | Undetermined (P) $2,500.00 (A) Undetermined (U) | $0.00 (P) $0.00 (S) $7,000.00 (U) | Quang Ho filed a total claim of $7,000 asserting that: (i) an undetermined amount is entitled to priority pursuant to sections 507(a)(4) and 507(a)(7) of the Bankruptcy Code, and (ii) $2,500 is entitled to administrative expense status pursuant to section 503(b)(9) of the Bankruptcy Code.  The proof of claim asserts "Goods Sold, Lease" as the basis for the claim.  *See* proof of claim no. 951-235.  Based on a review of the Debtors' books and records, the Debtors have determined Quang Ho is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Quang Ho under sections 507(a)(4) (the claim is not on account of wages) and 507(a)(7) (the claim is not on account of a deposit in connection with the purchase, lease, or rental of property or purchase of services) of the Bankruptcy Code, or any record of the alleged lease.  The Debtors have also determined that there is no evidence of the Debtors receiving goods from Quang Ho within the twenty days prior to the Petition Date, in the ordinary course, as required by section 503(b)(9) of the Bankruptcy Code.  Accordingly, Quang Ho's claim should be reclassified as a general unsecured claim. |
| 4 | Studio Forte Spa Salon | 02/22/2023 | 951-238 | Kabbage, Inc. d/b/a KServicing | $20,833.00 (P) $0.00 (U) | $0.00 (P) $20,833.00 (U) | Studio Forte Spa Salon ("**Studio Forte**") filed a $20,833 claim asserting that the entire amount is entitled to priority pursuant to an unspecified subsection of 507(a) of the Bankruptcy Code.  The proof of claim asserts "PPP Loan forgiveness that was applied for" as the basis for the claim.  *See* proof of claim no. 951-238.  Based on a review of the Debtors' books and records, the Debtors have determined Studio Forte is a borrower of a PPP Loan that the Debtors service, and there are no amounts entitled to priority due and owing to Studio Forte under section 507(a) of the Bankruptcy Code.  Accordingly, Studio Forte's claim should be reclassified as a general unsecured claim. |
| 5 | Summer Stegall | 02/06/2023 | 951-234 | Kabbage, Inc. d/b/a KServicing | $12,023.63 (P) $30,000.00 (S) $0.00 (U) | $0.00 (P) $0.00 (S) $42,023.65 (U) | Summer Stegall filed a $42,023.65 claim asserting that: (i) $12,023.63 is entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code and (ii) $30,000 is secured.  The proof of claim asserts "Money loaned/personal injury/lose of business" as the basis for the claim.  *See* proof of claim no. 951-234.  Based on a review of the Debtors' books and records, the Debtors have determined Summer Stegall is a borrower of a PPP Loan that the Debtors service, and that there are no amounts entitled to priority due and owing to Summer Stegall under section 507(a)(8) (the claim is not on account of governmental units) of the Bankruptcy Code.  In addition, the Debtors have determined that there is no basis for the claim's secured status under section 506 of the Bankruptcy Code.  Accordingly, Summer Stegall's claim should be reclassified as a general unsecured claim |