**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------- x
In re                                                         :  Chapter 11
                                                              :
KABBAGE, INC. d/b/a KSERVICING, *et al.*,                     :  Case No. 22-10951 (CTG)
                                                              :
                                                              :
Debtors.[1]                                                   :  (Jointly Administered)
                                                              :
                                                              :  Re: Docket Nos. 721 & 754
                                                              :
------------------------------------------------------------- x

### ORDER (I) AUTHORIZING AND APPROVING THE LOAN TRANSFER AGREEMENT BETWEEN KSERVICING, LENDISTRY SBLC, LLC, AND THE FEDERAL RESERVE BANK OF SAN FRANCISCO; (II) AUTHORIZING DEBTORS TO TAKE ALL ACTIONS TO FACILITATE TRANSFER OF CERTAIN SERVICING RIGHTS AND OBLIGATIONS; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**"),[2] of Kabbage, Inc. d/b/a KServicing (the "**Company**") and its debtor affiliates, as debtors and debtors in possession in the chapter 11 cases (collectively, the "**Debtors**"), requesting entry of an order (this "**Order**"): (i) authorizing entry into and approval of the Loan Transfer Agreement; (ii) authorizing the Debtors to take any actions reasonably necessary to immediately begin to facilitate the Transaction in accordance with the Loan Transfer Agreement; (iii) authorizing consummation of the Loan Transfer Agreement on a date mutually agreed to by the Parties; and (iv) granting related relief, all as more fully set forth in the Motion; and upon the Loan Transfer Agreement Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. 157 and 1334; and the *Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express.  The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or Loan Transfer Agreement, as applicable.

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and that the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"), if necessary; and upon the Loan Transfer Agreement Declaration and the record of the Hearing, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, DETERMINED AND ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All objections, if any, that have not been withdrawn, waived, or resolved are hereby overruled.

3. Pursuant to section 363(b) of the Bankruptcy Code, the Loan Transfer Agreement, in substantially the form attached to this Order as **Exhibit 1**, and all of the terms and conditions thereof, is approved.  The failure specifically to include any particular provision of the Loan Transfer Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Loan Transfer Agreement be authorized and approved in its entirety.

4. The Company is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Loan Transfer Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Loan Transfer Agreement and the Transaction, and to take all further actions as may be reasonably required for the purpose of assigning, transferring, granting, conveying and conferring the Transferred Loans to Lendistry, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Loan Transfer Agreement and the Transaction.

5. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Transfer of the Transferred Loans is authorized, and upon consummation of the Transfer of the Transferred Loans will be, free and clear of all liens, claims and interests other than the FRB-SF Interests and the Plan Reversion Interest. By consummating the Transfer pursuant to the Loan Transfer Agreement, Lendistry is not a mere continuation of any of the Debtors or any Debtor's estate, and there is no continuity of enterprise or otherwise or common identity between Lendistry and any Debtor. Lendistry is not holding itself out as a continuation of any Debtor. Lendistry is not a successor to any Debtor or any Debtor's estate by reason of any theory of law or equity, and the Transfer does not amount to a consolidation, merger or de facto merger of Lendistry and the Debtors or any of the Debtors' estates. Lendistry shall not assume or in any way be responsible for any obligation or liability of any Debtor or any Debtor's estate, except as expressly provided in the Loan Transfer Agreement. The Transfer of the Transferred Loans to Lendistry will not subject Lendistry to any liability with respect to the operation of the Debtors' businesses prior to the Closing or by reason of such transfer.

6. The Transfer shall constitute a legal, valid, and effective transfer of the Transferred Loans and shall vest Lendistry with all right, title, and interest of the Debtors in and to the Transferred Loans other than the FRB-SF Interests and the Plan Reversion Interest.

7. The transactions contemplated by the Loan Transfer Agreement are undertaken by Lendistry in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of the Transfer of the Transferred Loans to Lendistry, unless such authorization is duly stayed pending such appeal. Lendistry has proceeded in good faith and without collusion in all respects and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. Neither the Transfer of the Transferred Loans nor the Loan Transfer Agreement is subject to avoidance, and no party is entitled to any damages or other recovery in connection therewith under section 363(n) of the Bankruptcy Code.

8. Effective upon the Closing Date, except for the FRB-SF and the Company with respect to the FRB-Interests and the Plan Reversion Interest, respectively, all persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against Lendistry, its assets (including the Transferred Loans), Affiliates, or its successors or assigns, with respect to any (a) Liens on the Transferred Loans or (b) successor, transferee, vicarious or other similar liability or theory of liability, including (i) commencing or continuing any action or other proceeding pending or threatened, in any manner or place, that does not comply with, or is inconsistent with, the provisions of this Order or other orders of the Court or the agreements or actions contemplated or taken in respect hereof or thereof; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order;

(iii) creating, perfecting or enforcing any Lien; (iv) asserting any setoff, right of subrogation or recoupment of any kind; or (v) revoking, terminating or failing or refusing to renew any license, permit or authorization to administer or service any of the Transferred Loans.

9. The terms and provisions of the Loan Transfer Agreement and this Order will be binding in all respects upon, and will inure to the benefit of, the Debtors, their estates, the Wind-Down Estates, the Wind-Down Officer, Lendistry, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting claims in the Transferred Loans to be transferred to Lendistry pursuant to the Loan Transfer Agreement.

10. Notwithstanding any applicable Bankruptcy Rule or Local Rule to the contrary, this Order is effective and enforceable immediately upon entry, and the Debtors may complete the transactions contemplated hereby immediately.

11. To the extent any provisions of this Order conflict with the terms and conditions set forth in the Motion or the Loan Transfer Agreement, this Order shall govern and control.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 11th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**