**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------- x
: 
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (CTG)
:
:
Debtors.[1] : (Jointly Administered)
:
: Obj. Deadline: May 16, 2023 at 4:00 p.m. (ET)
: Hearing Date: May 25, 2023 at 10:00 a.m. (ET)
:
------------------------------------------------------------- x

**DEBTORS' MOTION FOR AN ORDER**
**(I) FURTHER EXTENDING THE DEADLINE BY WHICH THE DEBTORS**
**MAY REMOVE CIVIL ACTIONS, AND (II) GRANTING RELATED RELIEF**

Kabbage, Inc. d/b/a KServicing and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):[2]

**Relief Requested**

1. By this Motion, the Debtors request, pursuant to section 1452 of title 28 of the United States Code (the "**Judicial Code**") and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), entry of an order (i) further extending the deadline by which the Debtors and, after the effective date (the "**Effective Date**"), the Wind Down

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used in this Motion but not defined herein shall have the meanings ascribed to such terms in the Plan (as defined herein).

Estates may file notices of removal under Bankruptcy Rule 9027(a) (the "**Removal Deadline**") by 120 days from the current deadline of May 3, 2023, through and including August 31, 2023, and (ii) granting related relief.[3]

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On October 3, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**" and such cases commenced thereunder, the "**Chapter 11 Cases**"). The Debtors are authorized to continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

---

[3] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the filing of this Motion prior to the expiration of the current Removal Deadline automatically extends such deadline until such time as the Court enters an order with respect to the relief requested herein.

5. Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above captioned case.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Deborah Rieger-Paganis in Support of the Chapter 11 Petitions and First-Day Pleadings* [Docket No. 13] (the "**First Day Declaration**").

7. On December 2, 2022, the Court entered the *Order (I) Extending the Deadline by Which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* [Docket No. 315] (the "**First Extension Order**"), extending the Debtors' initial Removal Deadline by 120 days through and including May 3, 2023.

8. On March 15, 2023, the Court entered the *Order Confirming Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 680], confirming the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 627] (the "**Plan**"). As of the filing of this Motion, the Debtors are working towards completing the necessary conditions precedent to consummate the Plan. The Debtors anticipate that the Plan will be consummated and the Effective Date will occur in the near term.

9. On the Effective Date, the Debtors will become the Wind Down Estates, which will be managed by the Wind Down Officer.

**Relief Requested Should Be Granted**

10. Bankruptcy Rule 9027 and section 1452 of the Judicial Code govern the removal of pending civil actions. Specifically, section 1452(a) of the Judicial Code provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's

>police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

11. Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

>If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

12. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

>only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

13. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the Debtors' removal period, without notice:

>[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

14. It is well-settled that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (explaining that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (finding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (providing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

15. Cause exists to further extend the Removal Deadline in these Chapter 11 Cases by 120 days from the current Removal Deadline of May 3, 2023 through and including August 31, 2023. Since entry of the First Extension Order, the Debtors have worked diligently to, among other things, (i) engage with their major stakeholders to develop, file, and prosecute an amended Plan and disclosure statement; (ii) file three plan supplements; (iii) obtain confirmation of the Plan; (iv) identify a Wind Down Officer after conducting a thorough selection process; (v) negotiate an extension of the consensual use of the Federal Reserve Bank of San Francisco's cash collateral through the Effective Date; (vi) identify and transfer tens of thousands of loan documents and accompanying data for the transition of the Debtors' Paycheck Protection Program ("**PPP**") loan servicing obligations; (vii) facilitate the transfer of PPP loan data and documents stored on third-parties' platforms; and (viii) prepare for the wind down of their business pursuant

to the terms of the Plan for the benefit of all parties in interest. The Debtors currently anticipate consummating their confirmed Plan within the next few weeks and are seeking entry of an order further extending the Removal Deadline to allow the Debtors and, after the Effective Date, the Wind Down Estates time to finalize their analysis of whether to remove any Civil Actions (defined herein).

16. The Debtors are party to certain civil actions (such civil actions, collectively with any other civil actions in other jurisdictions to which any of the Debtors are, or may become, a party, the "**Civil Actions**"). The Debtors are continuing to make determinations as to which, if any, of the Civil Actions they may seek to remove and require additional time to make a well-reasoned decision. Further, upon the Effective Date, the Wind Down Officer (on behalf of the Wind Down Estates) may also analyze the Civil Actions and may seek to remove such actions. Therefore, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a), through and including August 31, 2023, to protect their right to remove those Civil Actions if they deem it appropriate.

17. Further extending the Removal Deadline will provide a reasonable amount of additional time to determine whether to remove any pending Civil Actions and will ensure that the Debtors and the Wind Down Estates do not forfeit valuable rights under 28 U.S.C. § 1452. Absent the requested extension, the Debtors and the Wind Down Officer (on behalf of the Wind Down Estates) will not be able to complete this review adequately and the result could, among other things, unnecessarily hinder the estates' ability to recover assets for the benefit of creditors. Notably, the rights of the adversaries to the Civil Actions will not be prejudiced by such an extension because any party to an action that is removed may seek to have the action remanded to the state court pursuant to 28 U.S.C. § 1452(b).

18. The Debtors further request that the order approving this Motion be without prejudice to (i) any position the Debtors, the Wind Down Estates, and the Wind Down Officer (on behalf of the Wind Down Estates) may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Civil Action pending against the Debtors, and (ii) the right of the Debtors and the Wind Down Estates to seek further extensions of the Removal Deadline.

19. Accordingly, for the reasons stated above, the Debtors submit that the relief requested herein is appropriate and in the best interests of the Debtors, their estates, and all stakeholders. Therefore, the Debtors request that the Court extend the Removal Deadline by 120 days, through and including August 31, 2023.

## Notice

20. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Federal Reserve Bank; (d) Customers Bank; (e) Cross River Bank; (f) the United States Department of Justice; (g) the Federal Trade Commission; (h) the Small Business Administration; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the United States Attorney's Office for the District of Delaware; (l) non-Debtor parties to the Civil Actions; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtors respectfully submit that no further notice is required.

## No Prior Request

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 2, 2023
Wilmington, Delaware

*/s/ Matthew P. Milana*
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
E-mail: defranceschi@rlf.com
       steele@rlf.com
       shapiro@rlf.com
       milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Natasha S. Hwangpo (admitted *pro hac vice*)
Chase A. Bentley (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
E-mail:  ray.schrock@weil.com
       candace.arthur@weil.com
       natasha.hwangpo@weil.com
       chase.bentley@weil.com

*Attorneys for Debtors and Debtors in Possession*