**Exhibit B**

**Blackline**

## Wind Down Agreement

This Wind Down Agreement (the "**Agreement**") is made as of ~~[    ]~~April 28, 2023, by and between Kabbage, Inc. (d/b/a KServicing) ("**KServicing**") and its affiliated debtors (each a "**Debtor**" and collectively, the "**Debtors**") and ~~[    ], [through [    ]]~~Jeremiah Foster (the "**Wind Down Officer**"). This Agreement sets forth, among other things, the scope of the services to be provided by the Wind Down Officer (the "**Services**"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated Debtors*, dated ~~January 19~~March 9, 2023 [ECF No. ~~466] (as may be altered, amended, or modified from time to time in accordance with its terms,~~627] (the "**Plan**").

## RECITALS

WHEREAS, on October 3, 2022, the Debtors commenced with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") voluntary cases (the "**Chapter 11 Cases**") pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, on ~~January 19~~March 9, 2023, the Debtors filed the Plan;

WHEREAS, the Wind Down Officer was selected by the Debtors, subject to the consent of the Reserve Bank, and in consultation with the United States Department of Justice, Small Business Administration, and CRB;

WHEREAS, pursuant to the Plan, the identity of the Wind Down Officer was filed as a schedule to the Plan Supplement;

WHEREAS, pursuant to the Plan, as of the Effective Date, the Wind Down Officer will serve as the Wind Down Officer of the Wind Down Estates and as the sole officer, director or manager, as applicable, of each of the Debtors;

WHEREAS, pursuant to the Plan, the Wind Down Officer will carry out and implement all provisions of the Plan, including implementing the Wind Down of the Debtors and making Distributions to holders of Allowed Claims in accordance with the Plan, and the Confirmation Order (as defined herein) and this Agreement;

WHEREAS, on ~~[    ]~~March 15, 2023, the Court entered the *Order Confirming the Amended Joint Chapter 11 Plan of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated Debtors* [ECF No. ~~[    ]~~680] (the "**Confirmation Order**"), approving and confirming the Plan.

NOW, THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, the sufficiency of which is hereby acknowledged by the parties, the parties hereto agree as follows:

## TERMS

1.        *Acceptance; Effectiveness*. The Wind Down Officer hereby agrees to accept its

appointment as the Wind Down Officer and to provide the Services pursuant to the Plan and the

Confirmation Order, and as set forth herein. Notwithstanding the date of execution, this Agreement shall only become effective on the Effective Date.[1]

2.      *Duties, Powers, and Rights of Wind Down Officer.* From and after the Effective Date, the Wind Down Officer shall act for the benefit of the Wind Down Estates, consistent with the Wind Down Officer's fiduciary duties, including as described in section 4 hereof, and the terms and conditions of the Plan, and subject to all applicable consent or consultation rights of the Reserve Bank, United States Department of Justice, Small Business Administration, and CRB (each as set forth in the Plan and herein), to carry out and implement certain provisions of the Plan and the Confirmation Order. Subject to the provisions of the Plan, the Confirmation Order, and this Agreement, the Wind Down Officer shall have the authority to:

(a)      amend, modify, or supplement from time to time the Wind Down Budget, subject to the prior consent of the Reserve Bank, to be granted in its sole discretion;

(b)      subject to the terms of the Plan and all applicable consent and consultation rights, except to the extent Claims have been previously Allowed, control and effectuate the Claims reconciliation process in accordance with the terms of the Plan including to object to, seek to subordinate, compromise, settle, request estimation proceedings pursuant to section 502(c) of the Bankruptcy Code (except, for the avoidance of doubt, in connection with the Reserve Bank Claims, as described in section 7.5 of the Plan), determine, or otherwise resolve any and all Claims against the Debtors, including all contingent and unliquidated, and Disputed Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, Other Secured Claims, and General Unsecured Claims;

(c)      make Distributions to holders of Allowed Claims in accordance with the Plan, Confirmation Order, and this Agreement, and subject to all applicable consent and consultation rights;

(d)      effectuate the Wind Down according to the Wind Down Budget without any need for further approval by the Bankruptcy Court, *provided, that*, the Wind Down Officer shall not effectuate the Wind Down in a manner inconsistent with any express terms or requirements of the Plan or this Agreement, including with respect to any consent or consultation rights of the Reserve Bank, United States Department of Justice, Small Business Administration, and CRB;

(e)      subject to all applicable consent and consultation rights, create and fund, as necessary, from the assets of the Wind Down Estates, any reserves required under the Plan, ~~including for (1) Disputed Claims; (2) costs of administering the Wind Down; (3) ongoing or~~

---

[1] Any agreed-to pre-Effective Date services and expenses of a~~the~~ Wind Down Officer in furtherance of a timely, orderly and efficient transition of duties and obligations upon the Effective Date shall be governed by a separate consulting agreement; provided that any such agreement shall be in a form and substance reasonably acceptable to the Reserve Bank and provided further that such agreement will not provide the Wind Down Officer with authority to act on behalf of the Wind Down Estates prior to the Effective Date and provided further, for the avoidance of doubt, that such agreement will not limit, dilute, or impair any of the consent or consultation rights of any party contained in the Wind Down Agreement. In connection with such pre-Effective Date activities, which will be at the sole direction of, and with the full cooperation of the Debtors (not to be unreasonably withheld), the Wind Down Officer shall be entitled to compensation and reimbursement of expenses (including expenses for retention of any Professionals), subject to an aggregate ~~fee~~ cap and payable upon the Effective Date.

including for (1) Disputed Claims; (2) costs of administering the Wind Down; (3) ongoing or anticipated litigation; (4) unclaimed distributions; and (5) such other reserves as the Wind Down Officer reasonably deems necessary to carry out the provisions of the Plan and this Agreement, in each case subject to the Wind Down Budget;

(f)     direct and control the Wind Down under the Plan and in accordance with applicable law as necessary to maximize distributions to holders of Allowed Claims;

(g)     direct and control the dissolution, liquidation, striking off, or similar action to wind down and/or terminate each of the Debtors, which may involve a merger of one or more of the Debtors;

(h)     prepare, file, and prosecute any necessary filings or pleadings with the Bankruptcy Court, or any other court, to carry out the duties of the Wind Down Officer as described herein and in the Plan, subject to all applicable consent and consultation rights;

(i)     subject to all applicable consent and consultation rights set forth in section 3 hereof and the Plan, other than Causes of Action released by the Debtors pursuant to the Plan or otherwise, prosecute all Causes of Action on behalf of the Wind Down Estates, elect not to pursue any Causes of Action, and determine whether and when to compromise, settle, abandon, dismiss, or otherwise dispose of any such Causes of Action, as the Wind Down Officer may determine is in the best interests of the Wind Down Estates;

(j)     retain Professionals (as defined herein) to assist in performing its duties hereunder and under the Plan, subject to all applicable consent and consultation rights;

(k)     open and close bank accounts on behalf of the Wind Down Estates;

(l)     obtain, at the expense of the Wind Down Estates and with funds from the Wind Down Budget, commercially reasonable liability, errors and omissions, directors and officers, or other insurance coverage (including "tail" coverage) as the Wind Down Officer deems reasonably necessary and appropriate, including with respect to the indemnification obligations of the Wind Down Estates;

(m)     incur and pay reasonable and necessary expenses in connection with the performance of its duties hereunder and under the Plan, including the reasonable fees and expenses of Professionals retained by the Wind Down Officer, subject to all applicable consent and consultation rights;

(n)     maintain the books and records and accounts of the Wind Down Estates;

(o)     administer each Wind Down Estates' tax obligations, including (i) filing tax returns and paying tax obligations; (ii) requesting, if necessary, an expedited determination of any unpaid tax liability of each Wind Down Estates under section 505(b) of the Bankruptcy Code for all taxable periods of such Wind Down Estates ending after the Commencement Date through the liquidation of such Wind Down Estates as determined under applicable tax laws; and (iii) representing the interest and account of each of the Wind Down Estates before any taxing authority in all matters including, without limitation, any action, suit, proceeding, or audit;

(p)    prepare and file any and all informational returns, reports, statements, returns or disclosures relating to the Wind Down Estates that are required hereunder, by any Governmental Unit or applicable law;

(q)    invest Cash of the Wind Down Estates, including any Cash proceeds realized from the liquidation of any assets of the Debtors, including any Causes of Action, and any income earned thereon, in a manner that will yield a reasonable net return, taking into account the safety of such investment;

(r)    pay statutory fees and file reports in accordance with section 12.1 of the Plan;

(s)    file motions in the Bankruptcy Court for entry of a final decree contemplated by section 350 of the Bankruptcy Code and Bankruptcy Rule 3022 closing the Chapter 11 Cases of each of the Debtors; and

(t)    perform other duties and functions as necessary to effectuate the Wind Down that are consistent with the implementation of the Plan and this Agreement, subject to all applicable consent and consultation rights.

3.    *Certain Consent Rights with Respect to Causes of Action*.

(a)    *Consent Rights in Connection With the American Express Transaction and Claims Against Former Officers and Directors and Former Shareholders of the Debtors*. Subject to the prior consent of the Reserve Bank and CRB, and in consultation with the United States Department of Justice and the SBA, the Wind Down Officer in the exercise of his/her fiduciary duties to the creditor beneficiaries of the Wind Down Estates (until all Allowed Claims have been satisfied in full accordance with the Bankruptcy Code and the Plan) shall have the right to make any material decisions (including, but not limited to, the selection and retention of counsel, any litigation financing or contingency or similar arrangement, the determination to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment) regarding Causes of Action (i) in any manner based on or relating to, or in any manner arising from, in whole or in part, the American Express Transaction (ii) against Former Officers and Directors, and (iii) against shareholders of the Debtors as of the date the American Express Transaction was consummated (each a "**Material Decision**"). In the event of any disagreement between the Reserve Bank and CRB as to consent over any Material Decision, the Wind Down Officer shall, Reserve Bank, or CRB may file a motion with the Bankruptcy Court with respect to such Material Decision upon appropriate notice and a hearing; provided, that for the avoidance of doubt, the Wind Down Officer, Reserve Bank and, or CRB may object to such relief.

(b)    *Certain Consent Rights in Connection with Other Decisions*. The Wind Down Officer acknowledges and agrees that, in accordance with the Plan, the Reserve Bank shall have consent rights over the following decisions by the Wind Down Officer; *provided, however*, that this Section 3(b) shall not apply to Material Decisions, which are subject to the consent and consultation rights set out in section 3(a) hereof:

(i)    determination to prosecute, investigate, enforce, otherwise pursue, abandon, release, withdraw, or otherwise resolve any Causes of

Action not released by the Debtors pursuant to the Plan on behalf of the Wind Down Estates to the extent such Cause of Action has or is reasonably estimated to have a value of $250,000 or more;

(ii)     determination to prosecute, investigate, enforce, otherwise pursue, abandon, release, withdraw, or otherwise resolve any Causes of Action not released by the Debtors pursuant to the Plan on behalf of the Wind Down Estates against any affiliate of Former Officers or Directors;

(iii) proposed reserves and budgets of the Wind Down Estates including, without limitation, the proposed Wind Down Budget, including as needed from time to time any amendment, modifications, or supplements thereto;

(iv) proposed Distributions on behalf of the Wind Down Estates;

(v)     determination to object to, seek to subordinate, compromise, request estimation proceedings subject to the limitations set forth hereof and in the Plan, determine, settle or otherwise resolve any and all Claims against the Debtors where such Claim has an asserted or reasonably estimated value of $250,000 or more;

(vi)    retention of any Professionals;

(vii) borrowing of any funds on behalf of the Wind Down Estates or pledge of any portion of the Wind Down Estates' assets;

(viii) commence the dissolution of any of the Wind Down Estates;

(ix) decision to make any change in the corporate form of any of the Wind Down Estates, including, but not limited to, the establishment of a liquidation trust or litigation trust; and

(x)     to the extent not addressed by (i)-(ix) above, the sale, transfer, assignment, or other disposition of any assets of the Wind Down Estates having an asserted or reasonably estimated value in excess of $250,000.

(c)     *Additional Consent Rights*. In addition to the consent rights described in sections 3(a) and (b) of this Agreement, the Reserve Bank shall have consent rights over the following matters related to the governance of the Wind Down Estates:

(i)     material amendments to the terms of this Wind Down Agreement, which, for the avoidance of doubt and without limitation, include any amendments to sections 2 and 3(a)-(c);

    (ii)        changes to the fee structure of the Wind Down Officer or any of its Professionals following their appointment or retention;

    (iii) except for the payment of the Wind Down Officer's monthly Fees from the Effective Date through December 31, 2023, as defined in section 10 of this Agreement, payment of fees and expenses to the Wind Down Officer, which consent shall not be withheld to the extent such payment is consistent with the Wind Down Budgets and sections 10 and 11 of this Agreement;[2]

    (iiiiv) payment of reasonable fees and expenses to the Wind Down Officer orof the Wind Down Estates' Professionals from the assets of the Wind Down Estates, which consent shall not be withheld to the extent such payment is consistent with the Wind Down Budgets[3]; and

    (ivv)- the appointment of a successor Wind Down Officer.

    (d)    *Consultation Rights*. The Wind Down Officer further acknowledges and agrees that, in accordance with the Plan, the United States Department of Justice, SBA and, CRB , and the named plaintiffs in the action filed as *Carr et al., v. Kabbage, Inc.*, Case No. 22-cv-01249 (N.D. Ga. Mar. 30, 2022) on behalf of themselves and the borrowers listed in the *Bankruptcy Rule 2019 Disclosure Statement by White and Williams LLP*, [Docket No. 660] shall have consultation rights over the following decisions by the Wind Down Officer, which rights are in addition to (and not in replacement of) the consent and consultation rights set forth in section 3(a) hereof:

    (i)        determination to prosecute Causes of Action not released by the Debtors pursuant to the Plan on behalf of the Wind Down Estates to the extent such Cause of Action has or is reasonably estimated to have a value of [[$250,000]] or more;

    (ii)        proposed reserves and budgets of the Wind Down Estates including, without limitation, the proposed Wind Down Budget, including as needed from time to time any amendment, modifications, or supplements thereto;

---

[2] Notwithstanding anything in this Agreement to the contrary, for purposes of section 3(c)(iii), the Reserve Bank's consent will be deemed to be given for payment of fees and expenses to the Wind Down Officer to the extent such payment is consistent with the Wind Down Budgets and sections 10 and 11 of this Agreement if the Reserve Bank does not respond with ten (10) business days to a notice of payment of fees and expenses to the Wind Down Officer properly submitted under section 4 of this Agreement.

[3] Notwithstanding anything in this Agreement to the contrary, for purposes of section 3(c)(iv), the Reserve Bank's consent will deemed to be given for payment of reasonable fees and expenses to the Wind Down Estates' Professionals to the extent such payment is consistent with the Wind Down Budgets and section 9 of this Agreement if the Reserve Bank does not respond in writing within ten (10) business days to a notice of payment of fees and expenses to a Wind Down Estate Professional properly submitted by the Wind Down Officer under section 4 of this Agreement.

(iii) proposed Distributions on behalf of the Wind Down Estates; and

(iv) determination to settle a Claim or Cause of Action pursued on behalf of the Wind Down Estates where such Claim or Cause of Action has an asserted or reasonably estimated value of $250,000 or more.

(e)    Upon reasonable request by counsel to Paul Pietschner,[34] the Wind Down Officer shall provide material updates or non-privileged information, if any, regarding the prosecution of Causes of Action and/or proposed Distributions to the holders of Allowed General Unsecured Claims; provided, however, that the foregoing shall not require the Wind Down Officer to disclose information that would result in a waiver of any attorney-client privilege, work product privilege, or other privilege.

(f)    For the avoidance of doubt, the consent and consultation rights outlined herein for the benefit of the respective named parties shall (i) inure to the benefit of the named parties or any successor thereto, and (ii) no longer exist upon the indefeasible payment in full, transfer, withdrawal, expungement, or disallowance in full of their respective claims.

[34] Mr. Paul Pietschner filed a lawsuit on behalf of the United States of America in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:21-cv-110.

4. *Notice to Parties With Consent Rights.* The Wind Down Officer shall notify any party holding consent or consultation rights in writing about all matters over which the party has consent or consultation rights at least ten (10) business days prior to the date on which the Wind Down Officer expects the act or circumstance requiring consent or consultation to occur (the "**Notice Period**"); provided that the Notice Period may be shortened to the extent expedited relief or action is necessary or required. The Wind Down Officer may obtain consent from the party holding consent rights for any action by email. The Wind Down Officer may satisfy any requirement to provide written notices under this section by sending written notice to applicable party's physical and email addresses set forth in section 32 of this Agreement.

5. *Wind Down Officer's Fiduciary Duties.* For the avoidance of doubt, until all Allowed Claims have been satisfied in full in accordance with the Bankruptcy Code and the Plan, the Wind Down Officer shall owe no fiduciary duties to KServicing Existing Equity Interests on account of the Single Share maintained by the Wind Down Officer to hold in trust as custodian for the benefit of the former holders of KServicing Equity Interests, and shall instead owe fiduciary duties to creditor beneficiaries of the Wind Down Estates, consistent with those owed by directors of a Delaware corporation.

6. *Information Sharing and Reports to be Filed by the Wind Down Officer.* The Wind Down Officer shall file with the Bankruptcy Court quarterly operating reports, as required by the Office of the United States Trustee. The Wind Down Officer shall also respond to reasonable information requests from the Reserve Bank, CRB, and the SBA and report to the Reserve Bank CRB, and the SBA from time to time (or as requested by the Reserve Bank, CRB, and the SBA), but in no event less than on a ~~monthly~~quarterly basis (or such other period as the Reserve Bank, CRB, and the SBA may ~~agree~~reasonably request to from time to time), concerning the status of the Wind Down Estates' assets, including the amount of indebtedness, if any, incurred by the Wind Down Estates,

---

: Mr. Paul Pietschner filed a lawsuit on behalf of the United States of America in the United States District Court for the Eastern District of Texas, Sherman Division, Case No. 4:21-cv-110.

the current outstanding balance of the Wind Down Estates' expenses and a brief summary of the status of outstanding Claims and Causes of Action undertaken on behalf of the Wind Down Estates, and the Wind Down Officer's litigation strategy with respect to any Causes of Action being pursued or considered for pursuit on behalf of the Wind Down Estates. The Debtors, Wind Down Officer, Reserve Bank, CRB, and the SBA recognize and agree that they have similar and common interests in connection with the Causes of Action ("**Common Interest**"), and may wish to share certain privileged and confidential material(s) in connection with the Causes of Action that were or will be prepared by the Debtors, Wind Down Officer, Reserve Bank, CRB, and the SBA or their respective counsel or consultants. Pursuant to Federal Rule of Evidence 502(d), any attorney client privilege, work product privilege, Common Interest privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) regarding any such Causes of Action may be shared with the Reserve Bank, CRB, and the SBA or any of their respective representatives, attorneys, or advisors on a common interest privilege basis without waiver of the relevant underlying privilege. The Wind Down Officer shall not otherwise be required to disclose information that would result in a waiver of any attorney-client privilege, work product privilege, or other privilege.

7.     *Sole Officer, Director or Manager*. Upon the Effective Date, the Wind Down Officer shall be the sole officer, director, or manager, as applicable, for each of the Debtors without the requirement of having to take any further action and shall have the duties set forth in this Agreement with respect to such Debtors.

8.      *No Other Duties*. Other than the duties and obligations of the Wind Down Officer specifically set forth in this Agreement, the Plan, or the Confirmation Order, the Wind Down Officer shall have no duties or obligations of any kind or nature with respect to its position.

9.      *Retention of Counsel and Agents*. Subject to the terms of this Agreement and all applicable consent and consultation rights, the Wind Down Officer may hire attorneys, accountants, consultants, independent contractors, and other professionals (collectively, the "**Professionals**") as may be required or appropriate in connection with its duties hereunder. Any Professionals retained by the Wind Down Officer shall be entitled to reasonable compensation for services rendered and reimbursement of reasonable and documented fees, costs, and expenses incurred, subject to all applicable consent and consultation rights. The payment of the fees, costs, and expenses of the Wind Down Officer and the Professionals shall be made in the ordinary course of business upon the submission of statements to the Wind Down Officer, with a copy to the Reserve Bank (including by e-mail), and shall not be subject to the approval of the Bankruptcy Court; *provided*, however, that any disputes related to such fees, costs, and expenses shall be resolved by the Bankruptcy Court. Subject to receiving all applicable consent and consultation rights, and subject to the Wind Down Budget, the Wind Down Officer may hire Perkins Coie LLP as counsel and may hire Resolute Commercial Services as consultant in connection with matters under section 3(b) of this Agreement. Any such retention and consent for purposes of section 3(b) is without prejudice to all parties' rights (including all applicable consent and consultation rights) with respect to retention of Professionals for matters under section 3(a) of this Agreement or retention of any additional Professionals for matters under section 3(b) of this Agreement.

10.      *Fees*. The fees of the Wind Down Officer shall be $30,000 per month beginning the month of the Effective Date and continuing through December 31, 2023 (the "**Fees**"). Fees for

10.     *Fees*. [The fees of the Wind Down Officer ~~shall be $[   ] per month for the first year following execution~~for months after December 31, 2023 are subject to the approval of the Reserve Bank in accordance with sections 3(b)-(c) of this Agreement ~~and $[   ] per month for the remaining period of this Agreement until it is terminated pursuant to Section 15 hereof (collectively, the "**Fees**")~~. In the event that the Effective Date falls, or the Wind Down Officer's appointment concludes, during the middle of the month, the Wind Down Officer's applicable monthly fee will be prorated. An initial payment of $[   ]30,000 shall be made within five (5) business days following the Effective Date, and each successive payment shall be made on the same date (or the first subsequent business day) of each month going forward.] The Fees shall be payable out of the assets of the Wind Down Estates, subject to all applicable consent and consultation rights.

11.     *Expenses*. The reasonable and documented out-of-pocket expenses of the Wind Down Officer incurred in performance of the Services shall be reimbursed from the assets of the Wind Down Estates, subject to all applicable consent and consultation rights.

12.     *Service of Wind Down Officer*. The Wind Down Officer shall serve until the earlier of: (i) the Bankruptcy Court enters an order closing the Chapter 11 Cases, unless otherwise set forth in such order; (ii) the Bankruptcy Court enters an order removing the Wind Down Officer for Cause; or (iii) the effective date of any resignation of the Wind Down Officer. The Wind Down Officer may resign at any time upon thirty (30) days' written notice filed with the Bankruptcy Court; provided, that such resignation shall only become effective upon the appointment of a successor Wind Down Officer or as otherwise provided by the Bankruptcy Court. For purposes of this Agreement, "Cause" shall mean: (a) the commission of a crime under the laws of the United States or any state thereof involving fraud, theft, false statements or other similar acts, or the commission of any crime that is a felony (or a comparable classification in a jurisdiction that does not use such terms) under such laws; (b) the willful, grossly negligent or repeated failure to perform any material employment-related duties; or (c) the willful, grossly negligent or repeated violation of any substantive and material written policy, if any, adopted by the Wind Down Estates as may be in effect from time to time. The resignation or removal of a Wind Down Officer shall not operate to terminate this Agreement, revoke any existing agency created pursuant to this Agreement, nor invalidate any action theretofore taken by any Wind Down Officer.

13.     *Standing*. The Reserve Bank shall have standing and authority to seek removal of the Wind Down Officer or relief from the Bankruptcy Court for any actions or inactions of the Wind Down Officer that the Reserve Bank believes violates the terms of the Plan, the Confirmation Order, or this Agreement, or are inconsistent with the Wind Down Officer's fiduciary duties to creditor beneficiaries of the Wind Down Estates.

14.     *Appointment of Successor Wind Down Officer*. Upon resignation, death, dissolution, incapacity, or removal of the Wind Down Officer, the Reserve Bank shall have the right, but not the obligation, to appoint a successor Wind Down Officer, on an interim or permanent basis, in consultation with the United States Department of Justice, Small Business Administration, and CRB, until such time when the Reserve Bank Claims have been indefeasibly paid in full under the terms of the Plan. Should the Reserve Bank decline to exercise its right to appoint a successor, or following the indefeasible payment of the Reserve Bank Claims in full, in the event that the Wind Down Officer resigns, the Wind Down Officer shall recommend a successor for consideration, in consultation with the United States Department of Justice, Small Business Administration, and CRB, as applicable. Any successor Wind Down Officer shall consent to and

accept in writing the terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Wind Down Officer.

15.     *Termination of Agreement*. This Agreement shall terminate when the Bankruptcy Court enters a final decree contemplated by section 350 of the Bankruptcy Code and Bankruptcy Rule 3022 closing the last open Chapter 11 Cases of the Debtors, unless otherwise set forth in such final decree.

16.     *Indemnification*.

(a)     Except as otherwise set forth in the Plan or Confirmation Order, the Wind Down Officer and all Professionals (collectively, the "**Indemnified Parties**") shall be indemnified and held harmless as set forth in section 5.4(g) of the Plan. Such indemnification shall survive the termination of this Agreement, and, to the fullest extent permitted by law, the Indemnified Parties shall be indemnified and held harmless by the Wind Down Estates from and against loss, liability, damages, cost, or expense (including legal fees and expenses and any amounts paid in settlement) (each, a "**Loss**" and, collectively, "**Losses**") resulting from a claim, demand, lawsuit, action, or proceeding caused by, relating to, based on, or arising out of (directly or indirectly) the Wind Down Officer's or Professionals' performance or nonperformance of its obligations and fulfilment of its fiduciary duties under this Agreement, the Plan, or the Confirmation Order; *provided*, that such acts or omissions of such Indemnified Person are not found by a court of competent jurisdiction to constitute bad faith, gross negligence, willful misconduct, or criminal conduct.

(b)     Satisfaction of any obligation of the Wind Down Estates arising pursuant to the terms of this Section 16 shall be payable only from the assets of the Wind Down Estates and may be advanced to the applicable Indemnified Person prior to the conclusion of the matter from which such obligation arises, subject to all applicable consent and consultation rights, and such right to payment shall be prior and superior to the rights of any other party to receive a distribution of the assets of the Wind Down Estates.[5]

(c)     ~~Subject to all applicable consent and consultation rights set forth in the Plan and this Agreement, the~~The Wind Down Officer shall be permitted to pay from the assets of the Wind Down Estates expenses reasonably incurred by any Indemnified Party in defending, participating in, or settling any action, proceeding, or investigation in which such Indemnified Party is a party or is threatened to be made a party or otherwise is participating in connection with the duties, acts, or omissions of the Wind Down Officer, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise.

(d)     Each Indemnified Party shall, and by its acceptance of the indemnification rights hereunder, hereby undertakes to repay any and all such amounts so advanced if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefor under this Agreement.

---

[5] The Wind Down Officer shall provide notice of at least ten (10) business days to the Reserve Bank in a manner consistent with section 4 of this Agreement prior to the advancement of any such funds.

(e)     The provisions of this section 16 shall survive the termination of this Agreement.

(f)     The Indemnified Parties are third-party beneficiaries of this Agreement and are entitled to enforce the terms hereof against the applicable persons and/or entities.

(g)     In no event shall the parties holding consent rights as described in section 3 of this Agreement be liable for any Claim, expense, liability, or other obligation asserted against the Wind Down Estates, or for any negligence or error of judgment made in good faith with respect to their decision to grant or withhold consent for any action taken or omitted to be taken in good faith, except to the extent that their decision to grant or withhold consent is judicially determined in a Final Order to have constituted gross negligence or willful misconduct. The parties holding consent rights as described in section 3 of this Agreement shall be, and hereby are, exculpated by all Persons, including the beneficiaries of the Wind Down Estates and other parties in interest in the Chapter 11 Cases, from any and all Claims, causes of action, and other assertions of liability arising out of their decision to grant or withhold consent for any action taken or omitted to be taken in good faith under this Agreement, or any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, or applicable law, except for decisions to grant or withhold consent that are judicially determined in a Final Order to have constituted fraud, gross negligence, or willful misconduct.

17.     *Ratification of Prior Acts*. In order to effectuate an orderly and efficient transition of the administration of the assets of the Wind Down Estates from the Debtors to the Wind Down Officer, the Wind Down Officer may perform certain services in connection with its duties and obligations under this Agreement prior to the Effective Date, and the authorization for such performance and ratification of acts taken by the Wind Down Officer prior to the Effective Date is evidenced by the execution hereof to the extent not already authorized by the Plan or Confirmation Order.

18.     *Standard of Care; Exculpation*. Subject to entry of a final decree by the Bankruptcy Court, neither the Wind Down Officer nor any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Wind Down Officer (solely when acting in such capacities) shall be liable for losses, claims, damages, liabilities, or expenses in connection with the affairs or property of the Debtors or the assets of the Wind Down Estates to any holder of

an Allowed Claim, or any other Person, for the acts or omissions of the Wind Down Officer under this Agreement or the Plan; *provided*, however, that the foregoing limitation shall not apply as to any losses, claims, damages, liabilities, or expenses suffered or incurred by any holder of an Allowed Claim that are found by a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the actual fraud, gross negligence, or willful misconduct of such Person or Entity. Every act done, power exercised, or obligation assumed by any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Wind Down Officer pursuant to the provisions of this Agreement shall be held to be done, exercised, or assumed, as the case may be, by such director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Wind Down Officer for and on behalf of the Wind Down Officer and not otherwise; *provided*, however, that none of the foregoing Entities or Persons shall be deemed to be responsible for any other such Entities' or Persons' actions or inactions outside of the scope of the authority provided by the Wind Down

Officer. Subject to entry of a final decree by the Bankruptcy Court, except as provided in the proviso of the first sentence of this Section 18, every holder of an Allowed Claim, Person, or Entity contracting or otherwise dealing with or having any relationship with the Wind Down Officer, and any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Wind Down Officer, shall have recourse only to the assets of the Wind Down Estates for payment of any liabilities arising in connection with such contracts, dealings, or relationships, and the Wind Down Officer, any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Wind Down Officer shall not be individually liable therefor. For the avoidance of doubt, subject to entry of a final decree by the Bankruptcy Court, except as provided in the proviso of the first sentence of this Section 18, the Wind Down Officer, in its capacity as such, shall have no liability whatsoever to any party for the liabilities and/or obligations, however created, whether direct or indirect, in tort, contract, or otherwise, of the Debtors.

19. *Limitation of Liability*. In connection with all actions taken in its capacity as Wind Down Officer, the Wind Down Officer shall be entitled to rely upon the applicable exculpation, release, indemnification, and limitation of liability provisions set forth in any corporate organizational document, this Agreement, the Plan, and the Confirmation Order; *provided*, that, the Wind Down Officer shall not be entitled to any release, exculpation, or indemnification if the Wind Down Officer is determined to have engaged in actual fraud, gross negligence, or willful misconduct as determined by a Final Order of the Bankruptcy Court.

20. *Reliance by Wind Down Officer*. To the fullest extent permitted by applicable law, the Wind Down Officer may rely, and shall be fully protected in acting or refraining from acting if he relies, upon any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order, or other instrument or document that the Wind Down Officer reasonably believes to be genuine and to have been signed or presented by the proper party or parties or, in the case of e-mails or facsimiles, to have been sent or the Wind Down Officer reasonably believes to have been sent by the proper party or parties, and the Wind Down Officer may conclusively rely as to the truth of the statements and correctness of the opinions expressed therein. To the fullest extent permitted by applicable law, the Wind Down Officer may consult with counsel, accountants, financial advisors, and other Professionals with respect to matters in their area of expertise, and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or not taken by the Wind Down Officer (other than for acts or omissions constituting

willful misconduct, bad faith, gross negligence, or actual fraud of the Wind Down Officer as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction). To the fullest extent permitted by applicable law, the Wind Down Officer shall be entitled to rely upon the advice of Professionals in acting or failing to act and shall not be liable for any act taken or not taken in reliance thereon (other than for acts or omissions constituting willful misconduct, bad faith, gross negligence, or actual fraud of the Wind Down Officer as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction). ~~To t~~The ~~fullest extent permitted by applicable law, the~~ Wind Down Officer shall have the right at any time to seek and rely upon instructions from the Bankruptcy Court concerning this Agreement, the Plan, or any other document executed in connection herewith or therewith, and the Wind Down Officer shall be entitled to rely upon such instructions in acting or failing to act and shall not be liable for any act taken or not taken in reliance thereon.

21.     *Preservation of Privilege*. In connection with any rights, claims, and causes of action that constitute assets of the Wind Down Estates, any attorney-client privilege, work product privilege, or other privilege or immunity attaching to any documents or communications (whether oral or written) in respect of those assets (collectively, the "**Privileges**") shall vest in the Wind Down Officer on the Effective Date, and thereafter, such Privileges shall solely belong to the Wind Down Officer and shall be solely waivable by the Wind Down Officer. The Wind Down Officer shall seek to preserve and protect all applicable Privileges and any causes of action of the Debtors. The Wind Down Officer's receipt of any information subject to the Privileges shall not waive any such Privileges, and all such Privileges are expressly preserved.

22.     *Survival*. Upon termination of this Agreement, the Wind Down Officer shall have no further duties or obligations hereunder or as Wind Down Officer, except as specifically provided herein. For the avoidance of doubt, any other provision in the Agreement that, by its terms, specifically survives termination of the Agreement shall survive termination of this Agreement.

23.     *Headings.* The section headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement or of any term or provision hereof.

24.     *Amendment; Waiver*. The Wind Down Officer may, from time to time modify, supplement, or amend this Agreement in any way that is not inconsistent with the Plan or the Confirmation Order, subject to all applicable consent and consultation rights, *provided that* (i) any material amendments to this Agreement will require approval of the Bankruptcy Court, and (ii) no amendment shall alter the consent and consultation rights of any party without the consent of such party. No failure by any party hereto to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

25.     *Governing Law*. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to the rules of conflict of laws of the State of Delaware or any other jurisdiction.

26.     *Retention of Jurisdiction*. The Bankruptcy Court shall retain jurisdiction over the Debtors and the assets of the Wind Down Estates to the fullest extent permitted by law, including, but not limited to, for the purposes of interpreting and enforcing the provisions of this Agreement.

27.     *Dispute Resolution*. Without permission of the Bankruptcy Court, no judicial, administrative, arbitral, or other action or proceeding shall be commenced against the Wind Down Officer in its official capacity as such with respect to its status, duties, powers, acts, or omissions in any forum other than the Bankruptcy Court.

28.     *Conflict with Plan*. The principal purpose of this Agreement is to aid in the implementation of the Plan and Confirmation Order and, therefore, this Agreement incorporates and is subject to the provisions of the Plan. To that end, the Wind Down Officer shall have full power and authority to take any action consistent with the purposes and provisions of the Plan and

Confirmation Order, subject to all applicable consent and consultation rights. In the event that the provisions of this Agreement are found to be inconsistent with the provisions of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order, as applicable, shall control; provided that in the event of a conflict between the consent or consultation rights set forth in section 5.4 of the Plan on the one hand, and this Agreement on the other, the document containing the broadest consent or consultation rights shall control. For the avoidance of doubt, and notwithstanding anything to the contrary herein, any consent or consultation rights set forth herein shall not limit, dilute, or otherwise impair those set forth in section 5.4 of the Plan. Notwithstanding anything to the contrary in this Agreement, the Wind Down Officer will distribute all property of the Wind Down Estates and/or the proceeds thereof to holders of Allowed Claims as of the Distribution Record Date in accordance with the Plan and Confirmation Order.

29.     *Severability*. If any provision of this Agreement is held by a court of competent jurisdiction to be unenforceable, this Agreement shall be deemed to be amended to the extent necessary to make such provision enforceable, or, if necessary, this Agreement shall be deemed to be amended to delete the unenforceable provision or portion thereof. In the event any provision is deleted or amended, the remaining provisions shall remain in full force and effect. Notwithstanding the foregoing, the parties recognize and agree that this Agreement is to be interpreted and applied in such manner as to, as nearly as possible, give effect to the parties' intent as to all provisions hereof, including, without limitation, such provisions as may be declared to be unenforceable.

30.     *Integration*. This Agreement (together with the Plan and the Confirmation Order) sets forth the whole agreement between the parties with respect to the transactions contemplated herein, superseding all other discussions, promises, representations, warranties, agreements, and understandings, whether written or oral, between the parties with respect thereto.

31.     *Successors and Assigns*. Except as provided herein, no party hereto shall have the right to assign its rights hereunder.

32.     *Notice*. Notices or other documents required to be delivered under this Agreement to the Wind Down Officer, the Reserve Bank, CRB, the United States Department of Justice ~~and~~, the SBA, and the Carr Plaintiffs (including notice required for the Wind Down Officer to obtain consent) shall be delivered to (as applicable):

> Resolute Commercial Services
> Attn: Jeremiah Foster
> 6750 E. Camelback Rd., Suite 103
> Scottsdale, AZ 85251
> Phone: (480) 947-3321
> Email: jfoster@resolutecommercial.com
>
> *Wind Down Officer*
>
> Perkins Coie LLP
> Attn: Bradley Cosman

2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: (602) 351-8205
Email: bcosman@perkinscoie.com

*Counsel to the Wind Down Officer*

White and Williams LLP
Attn: Rochelle L. Gumpac
600 N. King Street, Suite 800
Wilmington, DE 19801
Phone: (302) 467-4531
Email: gumapacr@whiteandwilliams.com

*Counsel for the Carr Plaintiffs and Putative Class Members*

United States Small Business Administration
Attn: Eric Benderson
        Christine Nell
409 3rd Street SW, Suite 8200
Washington, DC 20416
Phone: (202) 205-6636
Phone: (202) 619-0396
Email: Eric.Benderson@sba.gov
Email: Christine.Nell@sba.gov

United States Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Alastair M. Gesmundo
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-4659
Email: Alastair.M.Gesmundo@usdoj.gov

Cross River Bank
Attn: Arlen Gelbard
        Frayda Ginsburg
2115 Linwood Ave, 3rd Floor
Fort Lee, NJ 07024
Phone: (201) 808-7189
Email: agelbard@crossriver.com
Email: fginsburg@crossriver.com

Quinn Emanuel Urquhart & Sullivan, LLP
Attn: Matthew Scheck

300 West 6th St., Suite 2010 Austin, TX 78701
Phone: (737) 667-6100
Email: matthewscheck@quinnemanuel.com

Federal Reserve Bank of San Francisco
101 Market Street
San Francisco, CA 94105
Attn: Credit Risk Management Department
Email: wallace.young@sf.frb.org
         david.xu@sf.frb.org
         avery.belka@sf.frb.org
         braden.parker@sf.frb.org

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn: Lisa M. Schweitzer
         Thomas S. Kessler
Telephone: (212) 225-2884
Email: lschweitzer@cgsh.com
         tkessler@cgsh.com

*Counsel for the Reserve Bank*

with copies to:

[ ]


33.      *Counterparts; Effectiveness*. This Agreement may be executed in one or more counterparts, each of which shall be an original, but all such counterparts shall together constitute one and the same agreement. Provided that the Effective Date has occurred, this Agreement shall become effective when each party hereto shall have received a counterpart thereof signed by the other party hereto. The parties agree that this Agreement will be considered signed when the

signature of a party is delivered by facsimile or e-mail transmission. Such facsimile or e-mail signature shall be treated in all respects as having the same effect as an original signature.

[*Signature page follows.*]

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers.

**<u>WIND DOW OFFICER</u>**

**<u>By:</u>**

Name:        Jerem

<u>1.0.1.</u>

<u>Name:</u>        <u>[•]</u>
<u>Title:</u>        <u>[•]</u>

*[Signature Page to Wind Down Agreement]*

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers.

**WIND DOWN OFFICER**

By:

Name:          [ ],
               through [ ]

[ ]

Name:          [ ]Jeremiah Foster

**DEBTORS**
**Kabbage, Inc. (d/b/a KServicing), on behalf of itself and its affiliated debtors**

By:

Name:          Laquisha Milner

Title:         [   ]Chief Executive Officer

[*Signature Page to Wind Down Agreement*]