**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                                                                                       :

In re                                                       :        Chapter 11

**KABBAGE, INC. d/b/a KSERVICING** *et al.*,   :       Case No. 22-10951 (CTG)
     :
     :       **(Jointly Administered)**
Debtors.[1]                                  :
     :       Obj. Deadline: August 8, 2023 at 4:00 p.m.
     :       Hearing Date: Scheduled only if necessary
------------------------------------------------------------ x

**SUMMARY OF NINTH MONTHLY APPLICATION OF
JONES DAY, SPECIAL COUNSEL TO THE DEBTORS, FOR
ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES
<u>FOR THE PERIOD FROM JUNE 1, 2023 THROUGH JUNE 20, 2023</u>**

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | The above-captioned Debtors |
| Date of Retention: | November 2, 2022, effective as of October 3, 2022 |
| Period for which compensation and reimbursement are sought: | June 1, 2023 through June 20, 2023 |
| Amount of Compensation sought as actual, reasonable and necessary: | $3,160.00 (80% of $3,950.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $9,797.54 |

This is a(n):   _X_ monthly   ___ interim   ___ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

NAI-1537331544v2

**COMPENSATION BY PROFESSIONAL**
**FROM JUNE 1, 2023 THROUGH JUNE 20, 2023**

| Name of Professional Individual | Position/Group*/Bar Year | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| D J Merrett | Partner/BR&R/2007 | $1,200 | 1.80 | $2,160.00 |
| B N Wilhelm | Associate/B&TL/2017 | $725 | 1.20 | $870.00 |
| C L Smith | Paralegal/BR&R | $475 | 1.20 | $570.00 |
| D A Doell | Project Manager/B&TL | $350 | 1.00 | $350.00 |
| TOTAL | | | 5.20 | $3,950.00 |

\* B&TL – Business & Tort Litigation; BR&R – Business Restructuring & Reorganization; IWC – Investigations & White Collar Defense

**BLENDED RATE OF PROFESSIONALS – TOTAL**

| Professionals | Blended Rate | Total Hours | Total Compensation |
|---|---|---|---|
| Partner | $1,200 | 1.80 | $2,160.00 |
| Associate | $725 | 1.20 | $870.00 |
| Paralegal | $475 | 1.20 | $570.00 |
| Project Manager/B&TL | $350 | 1.00 | $350.00 |
| **TOTAL** | **$759.61** | **5.20** | **$3,950.00** |

NAI-1537331544v2

-3-

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | .30 | $142.50 |
| Creditor Inquiries | 0.00 | $0.00 |
| Executory Contracts/Unexpired Leases | 0.00 | $0.00 |
| Automatic Stay/Adequate Protection | 0.00 | $0.00 |
| Plan of Reorganization/Disclosure Statement | 0.00 | $0.00 |
| Use, Sale or Lease of Assets | 0.00 | $0.00 |
| Financing matters | 0.00 | $0.00 |
| Claims Administration | 0.00 | $0.00 |
| Court Hearings | 0.00 | $0.00 |
| General Corporate | 0.00 | $0.00 |
| Schedules/SOFA/U.S. Trustee Reporting | 0.00 | $0.00 |
| Employee Matters | 0.00 | $0.00 |
| Non-Working Travel | 0.00 | $0.00 |
| Tax Advice | 0.00 | $0.00 |
| Department of Justice Investigations | 2.20 | $1,220.00 |
| Congressional Investigation | 0.00 | $0.00 |
| Federal Trade Commission Investigation | 0.00 | $0.00 |
| Litigation and Adversary Proceedings | 0.00 | $0.00 |
| Professional Retention/Fee Issues | 0.00 | $0.00 |
| Fee Application Preparation | 2.70 | $2,587.50 |
| **TOTAL** | **5.20** | **$3,950.00** |

NAI-1537331544v2

**EXPENSE SUMMARY**
**FROM JUNE 1, 2023 THROUGH JUNE 20, 2023**

| Expense Category | Total Expenses |
|---|---:|
| Hosting Charges | $9,797.54 |
| **TOTAL** | **$9,797.54** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
::
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING *et al.*, : Case No. 22-10951 (CTG)
:
: (Jointly Administered)
Debtors.¹ :
: Obj. Deadline: August 8, 2023 at 4:00 p.m.
: Hearing Date: Scheduled only if necessary
------------------------------------------------------------ x

**NINTH MONTHLY APPLICATION OF JONES DAY,**
**SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT**
**OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2023 THROUGH JUNE 20, 2023**

Pursuant to Sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. 136] (the "Interim Compensation Order"), Jones Day hereby files this *Ninth Monthly Application of Jones Day, Special Counsel to the Debtors, for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period from June 1, 2023 Through June 20, 2023* (the "Application"). By this Application, Jones Day moves

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

NAI-1537331544v2

this Court, pursuant to the Interim Compensation Order, for reasonable compensation for professional legal services rendered as special counsel to the above-captioned debtors (the "Debtors") in the amount of $3,160.00 (80% of $3,950.00), and the reimbursement of actual and necessary expenses incurred in the amount of $9,797.54 for a total of $12,957.54 for the period (the "Compensation Period") from June 1, 2023 through June 20, 2023 (the "Effective Date").  In support of this Application, Jones Day respectfully represents as follows:

## Background

1. On October 3, 2022 (the "Petition Date"), the Debtors each commenced a case under the Bankruptcy Code.  Pursuant to an order entered on October 4, 2022 [Dkt. 42], the Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") were consolidated for procedural purposes only and were administered jointly.

2. On October 14, 2022, the Debtors filed the *Application for Authority to Employ and Retain Jones Day as Special Counsel to the Debtors Effective as of the Petition Date* [Dkt. 108] (the "Retention Application").  By the Retention Application, the Debtors sought authority to retain and employ Jones Day as special counsel, effective as of the Petition Date, to represent them in connection with certain federal investigations (collectively, the "Federal Investigations") regarding the Debtors' paycheck protection program loan practices and related matters.  The Federal Investigations include:  (a) investigations by the Civil Division of the Department of Justice in the District of Massachusetts and Eastern District of Texas; (b) an investigation by the Federal Trade Commission; and (c) an investigation by the United States House of Representatives Select Subcommittee on the Coronavirus Crisis.
On November 2, 2022, the Court entered the *Order Authorizing Debtors to Employ and Retain Jones Day as Special Counsel to the Debtors Effective as of the Petition Date* [Dkt. 198] (the "Retention Order") granting the relief requested in the Retention Application.

3. On March 15, 2023, the Court entered an order [Dkt. 680] confirming the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated Debtors*, dated as of March 9, 2023 [Dkt. 627] (as supplemented, the "Plan"). On the Effective Date, the Debtors filed a notice [Dkt. 870] that the Plan has become effective in accordance with its terms as of that date.

## Jurisdiction

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Fee Statement to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Summary of Professional Compensation and Reimbursement of Expense Requested

6. By this Application, Jones Day requests allowance and payment of $3,160.00 (80% of $3,950.00) as compensation for professional services rendered to the Debtors during the Compensation Period and allowance and payment of $9,797.54 as reimbursement for actual and necessary expenses incurred by Jones Day during the Compensation Period. All services for which compensation is requested by Jones Day were performed for or on behalf of the Debtors in furtherance of the purposes for which Jones Day was retained.

7. During the Compensation Period, Jones Day received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Jones Day and any other person, other than members of Jones Day, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

8. The fees charged by Jones Day in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period, and in accordance with the Retention Order.

9. Jones Day maintains detailed records of the time spent by professionals and paraprofessionals in connection with Jones Day's representation of the Debtors. Annexed hereto as <u>Exhibit A</u> are copies of Jones Day's itemized time records for professionals and paraprofessionals performing services for the Debtors during the Compensation Period. Jones Day's time records comply with the requirements set forth in Local Rule 2016-2 and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "<u>Guidelines</u>"), including the use of itemized time entries and separate matter numbers for different project types, as hereinafter described in greater detail. In addition, for the convenience of the Court and parties in interest, Jones Day has maintained separate matter numbers for each of the Federal Investigations described above.

## **Summary of Services**

The following is a summary of the activities performed by Jones Day professionals and paraprofessionals during the Compensation Period, organized by project

-4-

NAI-1537331544v2

billing category.² If a project billing category does not appear below, then Jones Day did not bill time for that project billing category during the Compensation Period, but may bill time to that project billing category in the future. Certain services performed may overlap between, or appropriately be allocated to, more than one project billing category.

10. **Case Administration** — **0.30 hours** — **$142.50**

During the Compensation Period, Jones Day professionals devoted time to this project category regarding matters that deal solely with the administration of the bankruptcy case, including communications not within the scope of other project billing categories and the maintenance of the case docket and calendar.

11. **Department of Justice Investigations** — **2.20 hours** — **$1,220.00**

During the Compensation Period, Jones Day professionals devoted time to addressing issues related to the Department of Justice's civil investigative demand, including communicating and coordinating with Department of Justice representatives, counsel to other entities and retained professionals of the Debtor regarding the demand.

12. **Fee Application Preparation** — **2.70 hours** — **$2,587.50**

During the Compensation Period, Jones Day professionals prepared and submitted Jones Day's seventh monthly fee application and prepared for forthcoming interim and final fee applications. These efforts included:

- Drafting and reviewing the monthly fee application;
- Reviewing time detail for compliance with the Guidelines; and
- Communicating internally and with local counsel regarding related matters.

---

² The summary set forth below is qualified in its entirety by reference to the time and services detail attached hereto as Exhibit A.

NAI-1537331544v2

13. The foregoing professional services performed by Jones Day were necessary and appropriate to the administration of these Chapter 11 Cases and were in the best interests of the Debtors' estates and their stakeholders. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed skillfully and efficiently.

**Actual and Necessary Disbursements**

14. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. Accordingly, Jones Day seeks reimbursement for expenses ("Expenses") incurred in rendering services to the Debtors during the Compensation Period in the amount of $9,797.54. Itemized records detailing the Expenses incurred by Jones Day during the Compensation Period are attached hereto as Exhibit B.

15. Jones Day maintains the following policies with respect to Expenses:

   a. No amortization of the cost of any investment, equipment or capital outlay is included in the expenses. In addition, for those items or services that Jones Day purchased from or contracted with a third party, Jones Day seeks reimbursement only for the exact amount billed to Jones Day by the third party vendor.

   b. Photocopying by Jones Day is charged at 10 cents per page. To the extent practicable, Jones Day utilizes less expensive outside copying services.

   c. Meals charged to the Debtors either are associated with: (a) out-of-town travel; (b) meetings at Jones Day with the Debtors and other professionals; or (c) attorneys working late on matters concerning the Debtors.

   d. Computer-assisted research is billed on a per-search and/or per-minute basis, depending upon the provider.

   e. Charges for airline and train travel include the cost of each airline or train ticket used in connection with the provision of services to the Debtors.

    f. The time pressures associated with the services rendered by Jones Day at times require Jones Day's professionals and paraprofessionals to devote substantial amounts of time during the evenings and on weekends. Jones Day charges for secretarial and other staff overtime expense that is directly associated with such after-hours work and is necessary given the circumstances of these cases. Jones Day does not consider such expenses to be part of its ongoing overhead expenses because they are special incremental expenses arising from the specific services being provided to the Debtors.

## **Reservation of Rights**

16. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Jones Day has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Jones Day reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## **Notice**

Notice of this Application will be provided in accordance with the Interim Compensation Order on the Fee Notice Parties (as defined in the Interim Compensation Order). No further notice is required.

WHEREFORE Jones Day respectfully requests (a) interim allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $3,160.00, (b) interim allowance of Expenses incurred by Jones Day during the Compensation Period in the amount of $9,797.54, (c) that, in accordance with the Interim Compensation Order, the Debtors pay Jones Day a total of $12,957.54 consisting of $3,160.00 (representing 80% of the total amount of fees allowed) and $9,797.54 (representing 100% of the Expenses allowed), if no objections are timely filed and Jones Day files a certificate of no

-7-

-8-

objection with the Court in accordance with the Interim Compensation Order, (d) that the interim allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Jones Day's right to seek such further compensation for the full value of services performed and expenses incurred and (e) that the Court grant Jones Day such other and further relief as is just.

| | |
|---|---|
| Dated: July 19, 2023<br>Atlanta, Georgia | Respectfully submitted,<br><br>*/s/ Daniel J. Merrett*<br>Daniel J. Merrett (GA 924076)<br>JONES DAY<br>1221 Peachtree Street, N.E., Suite 400<br>Atlanta, Georgia  30361<br>Telephone: (404) 521-3939<br>Facsimile: (404) 581.8330<br>E-mail:  djmerrett@jonesday.com<br><br>ATTORNEYS FOR DEBTORS |

NAI-1537331544v2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
:
In re                                                      : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING *et al.*,   : Case No. 22-10951 (CTG)
:
:
Debtors.[1]                                              : (Jointly Administered)
:
------------------------------------------------------------ x

## DECLARATION OF DANIEL J. MERRETT

I, Daniel J. Merrett, hereby declare the following under penalty of perjury:

1. I am a partner of Jones Day. I make this declaration in accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Guidelines") regarding the contents of applications for compensation and expenses.

2. I have read the *Ninth Monthly Fee Application of Jones Day, Special Counsel to the Debtors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period From June 1, 2023 Through June 20, 2023*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

NAI-1537331544v2

-2-

(the "<u>Application</u>").[2]  The Debtors have been provided with a copy of this Application.  As of the date hereof, the Debtors have not reviewed or approved the Application.

3. I have reviewed the requirements of the Interim Compensation Order, the Guidelines, and the Local Rules, and I believe this Application complies therewith.

Dated:  July 19, 2023                                  <u>/s/ Daniel J. Merrett</u>
                                                                     Daniel J. Merrett

---

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Application.