# **EXHIBIT K**

**Certification of Daniel J. Merrett**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
:
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING *et al.*, : Case No. 22-10951 (CTG)
:
: (Jointly Administered)
Debtors.¹ :
: Obj. Deadline: August 10, 2023 at 4:00 p.m.
: Hearing Date: August 22, 2023 at 1:00 p.m.
---------------------------------------------------------- x

**CERTIFICATION OF DANIEL J. MERRETT IN SUPPORT**
**OF THIRD INTERIM AND FINAL FEE APPLICATION OF JONES DAY**

1. I am a partner with the applicant firm, Jones Day (the "Applicant"). I make this certification regarding the Applicant's third interim and final fee application (the "Application") for payment of compensation and reimbursement of expenses for the periods April 1, 2023 through and including June 20, 2023 (the "Third Interim Fee Period") and October 3, 2022 through and including June 20, 2023 (the "Final Fee Period") to certify to certain matters addressed in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. 136] (the "Interim Compensation Order").²

2. Pursuant to the Interim Compensation Order, the Court authorized the Applicant to file this Application, which has been prepared in accordance with the procedures set forth in both the Interim Compensation Order and the *Guidelines for Reviewing Applications for*

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

² Capitalized terms used herein but not otherwise defined have the meanings given to them in the Interim Compensation Order.

-1-

*Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "U.S. Trustee Guidelines").

3. I have reviewed the Application, including each Monthly Fee Application relating to the Third Interim Fee Period and Final Fee Period covered by the Application, and I hereby certify that such application comply with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Moreover, I have reviewed Local Rules 2016-1 and 2016-2, and submit that this Interim Fee Application complies with such rules.

**Disclosures Pursuant to the U.S. Trustee Guidelines**

4. The Court authorized the Debtors to retain the Applicant as special counsel in these chapter 11 cases pursuant to an order entered on November 2, 2022 [Dkt. 198].

5. Seven professionals performed services during the Third Interim Fee Period. Of those seven professionals, five professionals billed fewer than fifteen hours during the Third Interim Fee Period.

6. The Applicant discussed its rates, fees, and staffing plan with the Debtors at the outset of its engagement and throughout these cases.

7. Consistent with its own internal policies and to comply with the "reasonableness" requirements of section 330 of the Bankruptcy Code, Jones Day has reviewed its monthly service descriptions and expense detail and has determined that certain fees should not be charged to the Debtors. In particular, Jones Day has voluntarily determined that $29,315.00 in fees should not be charged to the Debtors. This Application reflects that adjustment.

**Statement of the Applicant**

8. Pursuant to section C5 of the U.S. Trustee Guidelines, the Applicant responds to the questions identified therein as follows:

Question 1: Did Jones Day agree to any variations from, or alternatives to, Jones Day's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim Fee Period? If so, please explain.

Answer: No.

Question 2: If the fees sought in the Interim Fee Application as compared to the fees budgeted for the Interim Fee Period are higher by 10% or more, did Jones Day discuss the reasons for the variation with the client?

Answer: Not applicable.

Question 3: Have any of the professionals included in the Interim Fee Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question 4: Does the Interim Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

Answer: Except as previously disclosed in the Monthly Fee Applications, this Application does not include any time or fees related to reviewing, revising or preparing invoices.

Question 5: Does the Interim Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: No.

Question 6: Does the Interim Fee Application include any rate increases since Jones Day's retention in these cases?

Answer: Yes. The Interim Fee Application includes annual rate increases effective as of January 1, 2023, which were disclosed to the Debtors. These rate changes increased the amount of compensation sought in this Interim Fee Application over 2022 rates by $8,700.00.

Dated: July 20, 2023        */s/ Daniel J. Merrett*
　　　　　　　　　　　　　　　Daniel J. Merrett