Exhibit K

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
:
In re : Chapter 11
:
KABBAGE, INC. d/b/a KSERVICING, *et al.*, : Case No. 22-10951 (CTG)
:
: (Jointly Administered)
:
Debtors.[1] :
:
:
---------------------------------------------------------------- x

**CERTIFICATION OF CANDACE M. ARTHUR IN SUPPORT OF THIRD INTERIM AND FINAL FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP**

1. I am a Partner with the applicant firm, Weil, Gotshal & Manges LLP ("**Applicant**"), and have been admitted to appear before this Court.

2. I make this certification regarding the Applicant's third interim and final application (the "**Application**") for payment of compensation and reimbursement of expenses for the period April 1, 2023 through June 20, 2023 (the "**Third Interim Fee Period**") and October 3, 2022 through and including June 20, 2023 (the "**Final Fee Period**") to certify to certain matters addressed in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 136] (the "**Interim Compensation Order**").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Interim Compensation Order.

3. I have personally performed many of the legal services rendered by the Applicant as counsel to the Debtors and Debtors in possession (the "**Debtors**") and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers in the firm.

4. Pursuant to the Interim Compensation Order, the Court authorized the Applicant to file this Application, which has been prepared in accordance with the procedures set forth in both the Interim Compensation Order and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "**U.S. Trustee Guidelines**").

5. I have reviewed this Application, including each Monthly Fee Statement relating to the Third Interim Fee Period and Final Fee Period covered by the Application, and I hereby certify that such applications comply with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Moreover, I have reviewed Local Rules 2016-1 and 2016-2, and submit that this Interim Fee Application complies with such rules.

**Disclosures Pursuant to the Revised U.S. Trustee Guidelines**

6. The Court authorized the Debtors to retain the Applicant as its attorneys in this chapter 11 case pursuant to an order entered on October 21, 2022 [Docket No. 137] (the "**Retention Order**").

7. Eighteen (18) professionals are included in this Interim Fee Application. Of those eighteen (18) professionals, six (6) billed fewer than fifteen (15) hours during the Third Interim Fee Period.

8. The Applicant discussed its rates, fees, and staffing plan with the Debtors at the outset of its engagement and throughout this case.

9. Weil voluntarily reduced its fees and expenses for the Third Interim Fee Period by $33,705.64 in connection with filing the Debtors' Monthly Fee Statements.

10. Following confirmation of the Chapter 11 Plan, the services Weil rendered to the Debtors were primarily focused on implementing the Plan and handling the workstreams necessary to ensure a smooth transition to the Wind Down Estates. Given the limited scope of tasks and in furtherance of continuing the client driven request to provide frequent estimates of projected fees, Weil provided the Debtors with estimated fees on a weekly and/or monthly basis for all post-confirmation work. Weil provided the Debtors with an estimate of its fees and the actual fees incurred did not exceed such amended estimates. Although such estimates did not set forth projected hours, providing the Debtors with weekly or monthly fee estimates assisted the Debtors with managing Weil's engagement, including adjustments to Weil's scope of work, and provided the Debtors with greater visibility of forecasted expenses. Importantly, the fee estimates reflected Weil's focus of time and resources on addressing, among others, (i) implementing the Debtors' confirmed Chapter 11 Plan; (ii) assisting the Debtors with addressing servicing of their legacy loan portfolio; (iii) engaging with various stakeholders in connection with effectuating the transfer of their respective PPP loans the Debtors formerly serviced; and (iv) engaging with the Reserve Bank and Partner Banks in connection with satisfying the conditions precedent to the Plan going effective.

11. In accordance with the U.S. Trustee Guidelines, Weil responds to the questions identified therein as follows:

> Question 1: Did Weil agree to any variations from, or alternatives to, Weil's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Interim Fee Period? If so, please explain.
>
> Answer:    No

3

<u>Question 2</u>: If the fees sought in the Interim Fee Application as compared to the fees budgeted for the Interim Fee Period are higher by 10% or more, did Weil discuss the reasons for the variation with the client?

<u>Answer</u>: The fees sought for the Third Interim Fee Period do not exceed the fees budgeted for the time period covered by this Interim Fee Application.

<u>Question 3</u>: Have any of the professionals included in the Interim Fee Application varied their hourly rate based on geographic location of the bankruptcy case?

<u>Answer</u>: No

<u>Question 4</u>: Does the Interim Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

<u>Answer</u>: Any time expended for such matters during the Interim Fee Period is included under task code 27.

<u>Question 5</u>: Does the Interim Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

<u>Answer</u>: Any time expended for such matters during the Interim Fee Period is included under task code 27.

<u>Question 6</u>: Does the Interim Fee Application include any rate increases since Weil's retention in these cases?

<u>Answer</u>: Yes, on January 1, 2023, Weil implemented customary annual increases in billing rates.

Dated:   July 20, 2023                                          /s/ *Candace M. Arthur*
         New York, New York                                         Candace M. Arthur