IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| KABBAGE, INC. d/b/a KSERVICING, *et al.*, ) | |
| ) | Case No. 22-10951 (CTG) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | **Hearing Date: August 22, 2023 @ 1:00 p.m. (ET)** |
| ) | **Obj. Deadline: August 8, 2023 @ 4:00 p.m. (ET)** |
| ) | |

### APPLICATION OF BIZ2CREDIT INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Biz2Credit Inc. ("**Biz2Credit**"), by its undersigned counsel, hereby submits this application (this "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), allowing and directing payment of an administrative expense claim in an amount equal to the value of the post-petition benefit that Biz2Credit conferred on the bankruptcy estate of Kabbage, Inc. d/b/a KServicing (the "**Debtor**") through the date of the Debtor's rejection of the Biz2Credit Platform Agreement (as hereinafter defined). In support of this Application, Biz2Credit relies upon and incorporates by reference the *Declaration of Michael Benjamin*, dated July 24, 2023 (the "**Benjamin Declaration**"), a copy of which is attached as **Exhibit B** to this Application. In further support of this Application, Biz2Credit respectfully states as follows:

### Jurisdiction and Background Regarding Bankruptcy Proceedings

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over the matters raised by this Application under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Pursuant to Local Rule 9013-1(f), Biz2Credit consents to the entry of a final judgment or order with respect to this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief requested in this Application is section 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

6. On October 3, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

7. On March 15, 2023, the Court entered an order [Dkt. No. 680] confirming the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. d/b/a KServicing and its Affiliated Debtors* (the "**Plan**") [Dkt. No. 627].

8. On June 20, 2023 (the "**Effective Date**"), the Plan became effective [Dkt. No. 870].

### Factual Background

9. Biz2Credit and the Debtor are parties to a Software License Agreement dated as of April 28, 2021 (as amended by a First Amendment to Software License Agreement dated as of October 3, 2022, the "**Platform Agreement**"). Benjamin Declaration at ¶ 3 and Exhibit 1.

10. Pursuant to the terms of the Platform Agreement, Biz2Credit licensed to the Debtor its proprietary platform for management of Paycheck Protection Program loan forgiveness applications (the "**PPP Platform**"). Benjamin Declaration at ¶ 4.

11. Effective as of the Effective Date of the Plan, the Debtor rejected the Platform Agreement. *See Notice of Rejection of Certain Agreements Pursuant to the Plan* filed on March 6,

900444820.2

2023 [Dkt. No. 613] (identifying the Platform Agreement on the schedule of contracts that, "in accordance with Section 8.1 of the Plan, will be rejected pursuant to the Confirmation Order on the Effective Date").

12. During the period from the Petition Date through the Effective Date, Biz2Credit kept the PPP Platform operational and otherwise fully complied with its obligations under the Platform Agreement. Benjamin Declaration at ¶ 5.

13. The amount owed to Biz2Credit under the Platform Agreement for the period from the Petition Date through the Effective Date, and which remains outstanding as of the date of the filing of this Application, is $371,570.69. Benjamin Declaration at ¶ 6 and Exhibit 2.

## Relief Requested

14. By this Application, Biz2Credit seeks allowance and payment of an administrative expense claim in the amount of $371,570.69, which represents the amount owed to Biz2Credit under the Platform Agreement for the period from the Petition Date through the Effective Date.

15. The statutory basis for the relief requested in this Application is Section 503(b)(1)(A) of the Bankruptcy Code.

## Legal Analysis and Argument

### A. Biz2Credit is Entitled to an Administrative Expense Claim for the Value of the Post-Petition Benefit Conferred on the Bankruptcy Estate

16. Section 503(b)(1)(A) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – (1)(A) the actual, necessary costs and expenses of preserving the estate[.]" 11 U.S.C. § 503(b)(1)(A). Section 507(a) of the Bankruptcy Code grants priority to administrative expense claims that are allowed under Section 503(b) of the Bankruptcy Code. 11 U.S.C. § 507(a)(2).

17. In the context of executory contracts, a non-debtor party to an executory contract is entitled to an administrative expense claim equal to the value of any post-petition benefit conferred on the bankruptcy estate before assumption or rejection of that contract. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984); *see also In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818-19 (3rd Cir. 2010) (noting that "when third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of administrative claims plainly require that their claims be afforded priority") (internal citation omitted). Further, "the amount of an administrative expense claim will generally be calculated pursuant to the parties' underlying contract or agreement. In this regard, the negotiated terms of the parties will be presumed to be the proper basis for the calculation of the administrative expense claim." *In re N. Am. Petroleum Corp. USA*, 445 B.R. 382, 401 (Bankr. D. Del. 2011) (internal citation omitted).

18. Here, the amount owed to Biz2Credit under the Platform Agreement for the period from the Petition Date through the Effective Date – which amount is presumed to be the proper basis for calculating the value of the post-petition benefit that Biz2Credit conferred on the bankruptcy estate – is $371,570.69. Biz2Credit is thus entitled to an administrative expense claim in such amount.

19. There can be no question that the Debtor received significant value as a result of its use of the Biz2Credit PPP Platform during the post-petition period. Significantly, the Debtor did not seek to reject the Platform Agreement at the outset of the bankruptcy proceedings or even at the time of confirmation of the Plan. Instead, the Debtor continued to use the PPP Platform, and continued to receive the significant value provided by the PPP Platform, through the Effective Date.

B. **The Court Should Direct Payment of the Administrative Expense Claim in Accordance with Section 2.1 of the Plan**

20. The Court ordinarily has discretion to determine the timing of payment of an allowed administrative expense claim. *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). Here, however, the timing of payment is determined by the terms of the Plan. In particular, Section 2.1 of the Plan provides:

> **2.1. Administrative Expense Claims.**
>
> Except to the extent that a holder of an Allowed Administrative Expense Claim and the Debtors or the Wind Down Officer agree to different treatment, the Debtors (or the Wind Down Officer, as the case may be) shall pay to each holder of an Allowed Administrative Expense Claim Cash in an amount equal to such Claim on (a) the later of (i) the Effective Date and (ii) the first Business Day after the date that is thirty (30) calendar days after the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or as soon thereafter as is reasonably practicable, or (b) on such other date or terms as may be mutually agreed upon between the holder of such an Allowed Administrative Expense Claim and the Debtors or the Wind Down Officer, as applicable; provided that, Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtors, as Debtors in Possession, shall be paid by the Debtors in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents establishing, such liabilities.

900444820.2

21. Given the circumstances, there is no reason to further delay payment to Biz2Credit. Accordingly, the Court should direct payment of the administrative expense claim in accordance with Section 2.1 of the Plan.

### Notice of Application

22. Notice of this Application will be served on the following: (i) counsel for the Debtors; (ii) counsel for the Post-Confirmation Debtors; (iii) the Claims and Noticing Agent; and (iv) the Office of the U.S. Trustee.

*[Remainder of Page Intentionally Left Blank]*

900444820.2

**WHEREFORE**, for the reasons set forth in this Application and such other reasons as may be presented at any hearing on this Application, Biz2Credit respectfully requests that the Court enter an order, substantially in the form of the Proposed Order:

(a) Allow Biz2Credit an administrative expense claim in the amount of $371,570.69, and direct that the administrative expense claim be paid in accordance with the requirements of Section 2.1 of the Plan; and

(b) Grant such other relief as is just and appropriate under the circumstances.

Dated: July 25, 2023
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

 /s/ Matthew S. Sarna
Matthew S. Sarna (DE Bar No. 6578)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801
Tel: (302) 468-5700
Fax: (302) 394-2341
Email: matthew.sarna@us.dlapiper.com

-and-

C. Kevin Kobbe (*pro hac vice* pending)
650 South Exeter Street
Suite 1100
Baltimore, Maryland 21202
Tel: (410) 580-4189
Fax: (410) 580-3189
Email: kevin.kobbe@us.dlapiper.com

*Counsel for Biz2Credit Inc.*

900444820.2