# Exhibit A

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **KABBAGE, INC. d/b/a KSERVICING,** *et al.*, | Case No. 22-10951 (CTG) |
| Debtors.[1] | (Jointly Administered) |

## ORDER GRANTING REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

Upon American Express Kabbage Inc. and American Express Travel Related Services Company, Inc.'s (collectively, "American Express")[2] *Request for Allowance and Payment of Administrative Expenses* (the "Request"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having reviewed the Request and any responses or objections thereto and determined that the legal and factual bases set forth in the Request establish just cause for the relief granted herein; and it appearing that notice of the Request was good and sufficient and no other or further notice need be given; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Request is GRANTED as set forth herein.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937) ("Kabbage"); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

[2] Capitalized terms not defined herein are defined in the Request.

2. American Express shall have an allowed chapter 11 administrative expense claim on account of the Postpetition Debt (the "Allowed Claim").

3. This Order is without prejudice to American Express's claim Nos. 131 and 256 and its right to file, pursue, or recover under any other claims, whether administrative or otherwise.

4. The Debtor, or the Wind Down Officer, as applicable, shall pay to American Express the full amount of the Allowed Claim by wire transfer of immediately available funds, or such other method as agreed to by the parties, in accordance with the requirements of Section 2.1 of the Plan.

5. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.