**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| KServicing Wind down Corp., *et al.*,[1] | Case No. 22-10951 (CTG) |
| Post-Confirmation Debtors. | (Jointly Administered) |
| | **Re: Docket No. 925** |

**POST-CONFIRMATION DEBTORS' OBJECTION TO
THE APPLICATION OF BIZ2CREDIT INC. FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

The above captioned post-confirmation debtors ("**Post-Confirmation Debtors**") submit this objection to the *Application of Biz2Credit Inc. for Allowance and Payment of Administrative Expense Claim* [Docket No. 925] ("**Biz2Credit Administrative Expense Request**").[2] In support of this objection, the Post-Confirmation Debtors submit the *Declaration of Tamica M. Williams*, attached hereto as **Exhibit A**.

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The post-confirmation Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: KServicing Wind Down Corp. (f/k/a Kabbage, Inc. d/b/a KServicing) (3937); KServicing Wind Down Canada Holdings LLC (f/k/a Kabbage Canada Holdings, LLC) (N/A); KServicing Wind Down Asset Securitization LLC (f/k/a Kabbage Asset Securitization LLC) (N/A); KServicing Wind Down Asset Funding 2017-A LLC (f/k/a Kabbage Asset Funding 2017-A LLC) (4803); KServicing Wind Down Asset Funding 2019-A LLC (f/k/a Kabbage Asset Funding 2019-A LLC) (8973); and KServicing Wind Down Diameter LLC (f/k/a Kabbage Diameter, LLC) (N/A). The Debtors' mailing and service address is KServicing Wind Down Corp. c/o Resolute Commercial Services, 6750 E. Camelback Road, Suite 103, Scottsdale, AZ 85251.

[2] Capitalized terms used but not defined in this objection retain the definition given to them in the Biz2Credit Administrative Expense Request.

16250930/1

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Post-Confirmation Debtors consent to entry of a final judgment or order with respect to this objection if it is determined that the Court lacks authority under Article III of the United States Constitution to enter such final order or judgment absent consent of the parties.

## Background

3. On March 15, 2023, this Court entered an order [Docket No. 680] ("**Confirmation Order**") confirming the *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and Its Affiliated Debtors* attached thereto ("**Plan**"). Pursuant to Section 5.4(a) of the Plan, a Wind Down Officer was appointed to administer the estates of the Post-Confirmation Debtors. The Wind-Down Officer and the Debtors have the sole authority under the Plan to object to claims. *See* Plan § 7.1(a). The Effective Date of the Plan occurred on June 20, 2023, and Jeremiah Foster is serving as the Wind-Down Officer.

4. The Debtors and Biz2Credit were parties to two separate agreements. The first agreement is the Platform Agreement outlined in the Biz2Credit Administrative Expense Request. Biz2Credit's asserted administrative claim of $371,570.69 ("**Asserted Claim**") is based on fees arising under the Platform Agreement postpetition.

5. In addition to the Platform Agreement, Debtor Kabbage, Inc. ("**Kabbage**") and Biz2Credit were party to a separate *Referral and Marketing Agreement* dated January 18, 2021 ("**Referral Agreement**").[3] As of the date of this objection, no less than $1,031,000 in fees

---

[3] The Referral Agreement contains confidentiality provisions requiring that the Referral Agreement and its terms remain confidential. Upon information and belief, Biz2Credit possesses a copy of the Referral Agreement, but a copy may be available to counsel upon request. To the extent necessary, a copy of the Referral Agreement can also be filed under seal.

remained payable to Kabbage under the Referral Agreement (the "**Kabbage Counterclaim**").[4] *See* Williams Decl., at ¶¶ 3, 5.

6. As set forth more fully below, the Post-Confirmation Debtors believe that rights of setoff fully reduce the amount of Biz2Credit's Asserted Claim. As a threshold matter, the Kabbage Counterclaim far exceeds the Asserted Claim. Williams Decl., at ¶5. Furthermore, the Post-Confirmation Debtors have not waived any of their rights to setoff or payment of the unpaid amounts and have retained all causes of action with respect to all Biz2Credit receivables.[5] Accordingly, the Post-Confirmation Debtors request that the Court enter an order denying the Biz2Credit Administrative Expense Request.

## Objection

7. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."[6] Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.[7] Bankruptcy Code § 502(b)(1) provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."

8. Once an objector raises facts refuting at least one of the central allegations to the claim, the burden reverts to the claimant to prove the validity of the claim by preponderance of the

---

The Referral Agreement and the outstanding Biz2Credit receivable were disclosed in the Kabbage's schedules of assets and liabilities. *See* Doc 144, Schedule A, Line 71.1; Schedule G, Line 2.24.

[4] Biz2Credit's unpaid obligations under the Referral Agreement arose prepetition. Williams Decl., ¶ 5.

[5] In fact, Kabbage explicitly listed the outstanding "Biz2Credit Receivable for Referral" of $1,031,000 in its Schedules of Assets and Liabilities and retained all causes of action with respect to the Biz2Credit Receivable. *See* Doc 144 at PDF page 10 of 88, and page 29 of 88.

[6] 11 U.S.C. § 502(a).

[7] 11 U.S.C. § 502(b).

evidence.[8] The burden of persuasion with respect to the claim is always on the claimant.[9] In considering an objection to claims, the Court may take judicial notice of the underlying records in a bankruptcy case.[10]

A.     **Setoff Rights Fully Eliminate the Asserted Claim**

9.     Section 6.5 of the Plan, titled Setoffs and Recoupments, provides as follows:

> **6.15.   *Setoffs and Recoupments.***
>
> The Debtors or Wind Down Estates, as applicable, or such entity's designee (including, without limitation, the Disbursing Agent) may, but shall not be required to, set off or recoup against any Claim, and any distribution to be made on account of such Claim, any and all claims, rights, and Causes of Action of any nature whatsoever that the Debtors or Wind Down Estates, as applicable, may have against the holder of such Claim pursuant to the Bankruptcy Code or applicable non-bankruptcy law; *provided*, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by a Debtor or its successor of any claims, rights, or Causes of Action that a Debtor or its successor or assign may possess against the holder of such Claim.

10.    In addition to the setoff rights under the Plan, Bankruptcy Code § 558 preserves the right of a debtor or trustee to defenses held by the debtor under non-bankruptcy law, including setoff and recoupment.[11] Importantly, Bankruptcy Code § 558 allows a debtor to "set off pre-petition claims against postpetition obligation[s] it owes."[12]

---

[8]     *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)

[9]     *Payne v. Lampe (In re Lampe)*, 665 F.3d 506, 514 (3d Cir. 2011).

[10]    *See In re W.R. Grace & Co.*, 626 B.R. 217, 227 n. 5 (Bankr. D. Del. 2021).

[11]    11 U.S.C. § 558; *see, e.g., In re PSA, Inc.*, 277 B.R. 51, 54 (Bankr. D. Del. 2002) (holding that "a right to setoff must be established under state law so that the debtor then may assert the setoff as a defense reserved by § 558.").

[12]    *In re Women First Healthcare, Inc.*, 345 B.R. 131, 134 (Bankr. D. Del. 2006); *see also PSA,* 277 B.R. at 54 (holding that "the prepetition/postpetition distinctions are irrelevant under § 558"); *In re Papercraft Corp.*, 127 B.R. 346, 351 (Bankr. W.D. Pa. 1991) (concluding that "because § 558 preserves to the Debtor the defenses it would have had prepetition, the court must examine the transaction as though the bankruptcy had not been filed. Doing so eliminates the prepetition/postpetition distinction and, in essence, obliterates the requirement that the mutual debts must both be prepetition obligations in a § 558 context.").

11. This case presents a classic case of when such setoff should apply. Setoff under applicable state law allows a creditor to reduce or cancel mutual debts, and to avoid situations where parties end up transferring money between them.[13] Here, New York is the relevant governing law, and New York law clearly provides for the right of set-off.[14] In this case, the Kabbage Counterclaim exceeds the Asserted Claim by no less than $659,430. Williams Decl., at ¶5. Eliminating the payment obligation here will promote administrative efficiency in the bankruptcy case, especially if it allows the Post-Confirmation Debtors to mitigate their losses from the unpaid Biz2Credit amount owed under the Referral Agreement. Moreover, absent the relief requested here, the Post-Confirmation Debtors will likely be forced to claw back these payments from Biz2Credit, which will require additional estate resources both in terms of attorney fees and additional administrative costs.

12. Accordingly, the Post-Confirmation Debtors submit that the Biz2Credit Administrative Expense Request should be denied.

## **Reservation of Rights**

13. The Post-Confirmation Debtors expressly reserve their right to amend, modify, or supplement the objections asserted in this objection and to file additional objections to the Administrative Claims or any other claims that may be asserted against the Wind Down Estates.

---

[13] *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (the right of setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.") (internal quotation and citation omitted).

[14] *See Westinghouse Credit Corp. v. D'Urso*, 278 F. 3d 138, 149 (2d Cir. 2002) ("In setoff debts may arise from different transaction, but they must be mutual. Debts are mutual when they are due to and from the same persons in the same capacity.") (internal citations and quotations omitted); *Matter of Midland Ins. Co.*, 79 N.Y. 2d 253 (N.Y. 1992) (recognizing setoff rights in cases of multiple transactions); *see also* N.Y. Debtor & Creditor Law § 151 (codifying common law right of setoff).

16250930/1

For the reasons above, the Post-Confirmation Debtors respectfully request that the Court deny the relief requested in the Biz2Credit Administrative Expense Request.

| | |
|---|---|
| Dated: August 8, 2023 | **MORRIS JAMES LLP** |
| | */s/ Eric J. Monzo* |
| | Eric J. Monzo (DE Bar No. 5214) |
| | Brya M. Keilson (DE Bar No. 4643) |
| | Tara C. Pakrouh (DE Bar No. 6192) |
| | 500 Delaware Avenue, Suite 1500 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 888-6800 |
| | Facsimile: (302) 571-1750 |
| | E-mail: emonzo@morrisjames.com |
| | E-mail: bkeilson@morrisjames.com |
| | E-mail: tpakrouh@morrisjames.com |
| | |
| | and |
| | |
| | **PERKINS COIE LLP** |
| | Bradley A. Cosman (admitted *pro hac vice*) |
| | Kathleen Allare (admitted *pro hac vice*) |
| | 2901 North Central Avenue, Suite 2000 |
| | Phoenix, AZ 85012-2788 |
| | Telephone: (602) 351-8000 |
| | Facsimile: (602) 648-7000 |
| | E-mail: BCosman@perkinscoie.com |
| | E-mail: KAllare@perkinscoie.com |
| | |
| | *Counsel to the Post-Confirmation Debtors* |