# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| KServicing Wind Down Corp., *et al.*,[1] | Case No. 22-10951 (CTG) |
| Post-Confirmation Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 998, 999, 1000** |

## DECLARATION OF JEREMIAH FOSTER IN SUPPORT OF (I) KSERVICING WIND DOWN CORP.'S OBJECTION TO THE JUNEAU GROUP'S CLAIMS (II) KSERVICING WIND DOWN CORP.'S OBJECTION TO CLAIM NOS. 95 AND 149, AND (III) KSERVICING WIND DOWN CORP.'S OBJECTION TO THE WIGGINS CLAIM

I, Jeremiah Foster, pursuant to U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the President of Resolute Commercial and am serving as the Wind Down Officer of the Post-Confirmation Debtors (collectively, "**KS Wind Down**") in the above-captioned chapter 11 cases. I have been actively involved in day-to-day administration of the KS Wind Down and the chapter 11 estates. I have overseen the efforts to review all proofs of claims filed against the Debtors in the chapter 11 cases. Through these efforts, I have become generally knowledgeable and familiar with the Debtors' day-to-day operations, business and financial affairs, prepetition litigation and claims against the Debtors, the books and records, and the progression of these chapter 11 cases.

---

[1] The post-confirmation debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, as applicable, are: KServicing Wind Down Corp. (f/k/a Kabbage, Inc. d/b/a KServicing) (3937); KServicing Wind Down Canada Holdings LLC (f/k/a Kabbage Canada Holdings, LLC) (N/A); KServicing Wind Down Asset Securitization LLC (f/k/a Kabbage Asset Securitization LLC) (N/A); KServicing Wind Down Asset Funding 2017-A LLC (f/k/a Kabbage Asset Funding 2017-A LLC) (4803); KServicing Wind Down Asset Funding 2019-A LLC (f/k/a Kabbage Asset Funding 2019-A LLC) (8973); and KServicing Wind Down Diameter LLC (f/k/a Kabbage Diameter, LLC) (N/A). The Debtors' mailing and service address is KServicing Wind Down Corp. c/o Resolute Commercial Services, 6750 E. Camelback Road, Suite 103, Scottsdale, AZ 85251.

2. I have reviewed (i) *KServicing Wind Down Corp.'s Objection to the Juneau Group's Claims* ("**Juneau Group Objection**"); (ii) KServicing Wind Down Corp.'s Objection to Claim Nos. 95 And 149 ("**Class Action Objection**"); and (iii) KServicing Wind Down Corp.'s Objection to the Wiggins Claim ("**Wiggins Objection**" and together with the Juneau Group Objection, the Class Action Objection, the "**Objections**"),[2] and each of the proofs of claim against KS Wind Down underlying the respective Objections. Except as otherwise indicated herein, the facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, the Debtors' books and records, the Schedules and Statements filed in these cases, information provided to me by the former Debtors' employees and the Post-Confirmation Debtors' advisors, as well as my employees. My opinion is based upon my experience, knowledge, and information concerning the Debtors, the Post-Confirmation Debtors, and the chapter 11 estates. If called upon to testify, I would testify competently to the facts set forth in this declaration.

**A.    Juneau Group Objection**

3. Based on a careful review and analysis of the Juneau Group Claims, the Debtors' books and records, the Schedules and Statements, the claims register, and pleadings filed in these chapter 11 cases, and utilizing due diligence by appropriate personnel, I believe that the Juneau Group Claims fail to provide, and I am not otherwise aware of, any facts to support the liability asserted by the Juneau Group Claims.

4. My review of the Juneau Group Claims reveal that the claims are substantively duplicative and attached no supporting documentation. Nevertheless, I performed a thorough

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the respective Objection.

review of the Debtors' books and records and found no evidence of an amount owed to the Juneau Group.

5. As previously disclosed in Debtors' previous objection to the Juneau Group's § 503(b)(9) Claim (*see* Doc 547), the only connection found with the Juneau Group is a small PPP loan that the Juneau Group received in the amount of $2,223. That PPP loan was serviced by Debtor Kabbage, Inc. d/b/a KServicing. I have not discovered any further or additional connection between the Debtors and the Juneau Group.

6. I am aware of the adversary proceeding filed by the Juneau Group that was dismissed by the Bankruptcy Court and the complaint filed in the State Court of Georgia, Hall County alleging similar claims. While KS Wind Down was not properly served in either action, I reviewed each complaint. In consultation with my advisors, I have determined that the none of the Debtors, Post-Confirmation Debtors, or their estates have liability for claims asserted by the Juneau Group.

7. I understand that none of the Debtors, Post-Confirmation Debtors, or their estates have any direct liability for PPP loans that were previously serviced by the Debtors. Moreover, the Juneau Group Claims do not even identify their PPP loan as the basis of their claims against the Debtors. Accordingly, I do not believe that KS Wind Down has any liability owed to the Juneau Group. I believe that it is necessary to disallow the Juneau Group Claims in order to avoid an improper recovery to the Juneau Group and dilution of the pro rata claims of other Class 4 claimholders.

**B.      Class Action Objection**

8. Based on a careful review of the Class Action Proof of Claim, the Debtors' books and records, the Schedules and Statements, the claims register, and pleadings filed in these

chapter 11 cases, the pleadings in the Class Action, and utilizing due diligence by appropriate personnel, I believe that the Class Action Proof of Claim asserts a liability for which KS Wind Down is not liable, and I am not otherwise aware of any facts to support the liability asserted by the Class Action Proof of Claim.

9. Based on my review of the documentation attached to the Class Action Proof of Claim, I believe that the Class Action Proof of Claim asserts a liability based on the claims already asserted and adjudicated in the Class Action that the Representative Plaintiffs filed in the Northern District of Georgia.

10. After a review of the case docket and relevant pleadings from the Class Action, as well as consulting with my advisors, it is my understanding that the legal claims at issue were fully briefed in the Class Action, that the Class Action was dismissed with prejudice in the Dismissal Order, that the Representative Plaintiffs did not appeal the Dismissal Order, and that the Dismissal Order has become a final binding order.

11. Accordingly, I do not believe that KS Wind Down has any liability owed on account of the Class Action Proof of Claim. I believe that it is necessary to disallow the Class action Proof of Claim in order to avoid an improper recovery to the members of the Class Action and dilution of the pro rata claims of other Class 4 claimholders

**C.    Wiggins Claim Objection**

12. Based on a careful review of the Wiggins Claim, the Debtors' books and records, the Schedules and Statements, the claims register, and pleadings filed in these chapter 11 cases, the relevant pleadings in the criminal case against Wiggins, the relevant pleadings in the Civil Case, and utilizing due diligence by appropriate personnel, I believe that the Wiggins Claim fails to provide, and I am not otherwise aware of, any facts to support the liability asserted by the

Wiggins Claim. Further, to the extent that it is asserted that the Wiggins Claim relates to PPP loans received by Wiggins or the claims asserted in the Civil Action, I believe that the Wiggins Claim asserts a liability for which KS Wind Down is not liable.

13. The Wiggins Claim asserts a non-priority unsecured claim of $260 million arising from a "personal claim." The Wiggins Claim attaches no documentation in support of its claim. The Debtors scheduled Wiggins with a $0.00 unliquidated claim against Debtor Kabbage, Inc. d/b/a KServicing.

14. While the Wiggins Claim does not provide any explanation for the asserted liability, I performed a thorough review of the Debtors' records to determine whether there was any basis for alleged claim. I determined that Wiggins was the recipient of PPP loans from Kabbage, Inc. Specifically, on May 27, 2020, Wiggins submitted a PPP Application to Kabbage, Inc. for an alleged business named Wiggins & Graham Enterprises, LLC. Based on the representations made on the PPP Application, Wiggins received a PPP loan from Kabbage, Inc. in the amount of $1,828,568.00. On June 23, 2020, Wiggins submitted a PPP Application to Kabbage, Inc. for an alleged business named Pink Lady Line. Based on the representations made on the PPP Application, Wiggins received a PPP loan from Kabbage, Inc. in the amount of $1,819,577.00.

15. Further, on review of the prepetition litigation commenced against the Debtors, I learned that Wiggins brought the Civil Case, which appears to be a meritless lawsuit against certain Debtors. Nevertheless, based on my review of the case docket in the Civil Docket, it appears that the Civil Case has since been dismissed with prejudice.

16. Accordingly, I do not believe that KS Wind Down has any liability owed on account of the Wiggins Claim. I believe that it is necessary to disallow the Wiggins Claim in order to avoid an improper recovery to Wiggins.

**Conclusion**

17. Based on the foregoing, my experience, and my review of the Objections, the Debtors' books and records, the Schedules and Statements, the pleadings in the chapter 11 case, prepetition litigation and claims against the Debtors, and the claims register, it is my position that the information contained in the Objections, and the relief requested by the objections is in the best interests of the chapter 11 estates and KS Wind Down's creditors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: December 28, 2023
Phoenix, Arizona

*/s/ Jeremiah Foster*
Jeremiah Foster
Wind Down Officer
KServicing Wind Down Corp.