**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| KServicing Wind Down Corp., *et al*.,[1] | Case No. 22-10951 (CTG) |
| Post-Confirmation Debtors. | (Jointly Administered) |
| | **Objection Deadline: October 28, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: November 4, 2024 at 10:00 a.m. (ET)** |

**KSERVICING WIND DOWN CORPORATION'S THIRD (SUBSTANTIVE)
OMNIBUS OBJECTION TO PROOFS OF CLAIM [PPP BORROWER CLAIMS]**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 OF EXHIBIT A ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

KServicing Wind Down Corporation ("**KServicing WD**") and its affiliates, as successors to Kabbage, Inc. d/b/a KServicing ("**KServicing**") and its affiliates, submit this third omnibus claims objection (this "**Objection**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), disallowing and expunging each claim set forth in Schedule 1 attached to the Order.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: KServicing Wind Down Corp. (f/k/a Kabbage, Inc. d/b/a KServicing) (3937); KServicing Wind Down Canada Holdings LLC (f/k/a Kabbage Canada Holdings, LLC) (N/A); KServicing Wind Down Asset Securitization LLC (f/k/a Kabbage Asset Securitization LLC) (N/A); KServicing Wind Down Asset Funding 2017-A LLC (f/k/a Kabbage Asset Funding 2017-A LLC) (4803); KServicing Wind Down Asset Funding 2019-A LLC (f/k/a Kabbage Asset Funding 2019-A LLC) (8973); and KServicing Wind Down Diameter LLC (f/k/a Kabbage Diameter, LLC) (N/A). The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

## BACKGROUND AND OVERVIEW

1.      On October 3, 2022 (the "**Petition Date**"), KServicing and its debtor-affiliates commenced bankruptcy under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

2.      Pursuant to Bankruptcy Rule 1015(b), the Chapter 11 Cases are being jointly administered under the above-captioned case.

3.      On January 19, 2023, the Debtors filed their *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 466] (the "**Plan**").

4.      The confirmation hearing was held on March 13, 2023, at the conclusion of which the Court issued a bench ruling confirming the Plan.  On March 15, 2023, this Court entered a written order [Docket No. 680] ("**Confirmation Order**") supplementing the oral ruling.

5.      The Plan became effective on June 20, 2023 (the "**Effective Date**"), and under § 5.4(a) of the Plan, Jeremiah Foster was appointed as the Wind Down Officer. Under § 7.1(a) of the Plan, the Wind Down Officer, on behalf of KServicing WD, has the sole authority to object to claims.

6.      This Objection is filed with respect to claims asserted by parties who received PPP Loans through KServicing ("**PPP Borrowers**"). As detailed below, KServicing WD (as successor to the Debtors) is not liable for the claims asserted by PPP Borrowers.  First, PPP Borrowers whose PPP Loan has been fully forgiven do not have a basis for any claim.  Second, PPP Borrowers whose PPP Loan has not been fully forgiven would have a dispute with the Small Business Administration ("**SBA**")—not KServicing WD.  Simply put: The claims of PPP Borrowers (if any) are against only the SBA or other parties—no KServicing WD.

2

16957000/1

**PPP BORROWER CLAIMS**

7.      KServicing was founded in 2008 and, with its affiliates, was an online lender and loan servicer. Among the loan portfolio serviced by KServicing were "loans issued to small businesses under the Paycheck Protection Program (the 'PPP' and the loans provided thereunder, the 'PPP Loans') during the height of this country's public health and economic crisis caused by COVID-19 . . . ."[2]

8.      These PPP Loans were originated by KServicing, on behalf of itself or its banking partners, after the SBA launched the PPP, in conjunction with the Coronavirus Aid, Relief, and Economic Security Act (the "**CARES Act**").[3]

9.      To administer PPP, the SBA contracted with eligible private lending partners authorized to administer SBA loans (the "**Lenders**") like KServicing. These Lenders helped collect and review documents and information from PPP Borrowers concerning both eligibility and forgiveness for PPP Loans. The Lenders also made *initial* assessments concerning eligibility and forgiveness and issued notices to those who received PPP Loans.

10.     Pursuant to an agreement with the SBA dated April 9, 2020, KServicing became an authorized Lender.[4]

11.     At various times after launching the PPP, the SBA released rules and guidelines governing borrower eligibility, Lender responsibilities, and forgiveness of PPP Loans.[5] On May 22, 2020, for example, the SBA released its Interim Final Rules on SBA Loan Review Procedures and Related Borrower and Lender Responsibilities (the "LRR").  The LRR is to be

---

[2] Plan, at 3.

[3] 15 U.S.C. § 9001, et seq.

[4] Plan, at 8.

[5]  The Treasury Department web page with a host or resources, rules and polices is a located here – https://home.treasury.gov/policy-issues/coronavirus/assistance-for-small-businesses/paycheck-protection-program.

read in conjunction with the *Business Loan Program Temporary Changes; Paycheck Protection Program—Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act* released by SBA on February 5, 2021 at 13 CFR 120 (the "**SBA Forgiveness Rule**"). A copy of the SBA Forgiveness Rule is attached to this Objection as **Exhibit B**.[6]

12.     The LRR and SBA Forgiveness Rule impose minimal requirements on Lenders for determining (a) a potential PPP Borrower's eligibility to receive a PPP Loan and the amount of such PPP Loan, and (b) if a PPP Borrower subsequently requests forgiveness of their PPP Loan, the appropriateness of the PPP Borrower's forgiveness request. In terms of eligibility, PPP Borrowers were required to certify and submit documents.  After PPP Borrowers submitted these documents, Lenders worked with the PPP Borrowers to ensure a PPP Borrower's submitted certifications and documents were complete and, if necessary, to request additional documentation. Lenders were entitled to rely on any certification or documentation submitted by a PPP applicant or an eligible PPP borrower" that was submitted pursuant to all applicable statutory and regulatory requirements.[7]

13.      A completed application (the "**Loan Application**") was then forwarded to the SBA, to be reviewed and approved. As noted in the SBA Forgiveness Rule:

> *SBA's review* of borrower certifications and representations regarding the borrower's eligibility for a PPP loan and loan forgiveness, and the borrowers use of PPP loan proceeds, is essential to ensure that PPP loans are directed to the entities Congress intended, and that PPP loan proceeds are used for the purposes Congress required . . . .[8]

---

[6] A copy of the SBA Forgiveness Rule is also available at: https://home.treasury.gov/system/files/136/Interim-Final-Rule-on-Loan-Forgiveness-Requirements-and-Loan-Review-Procedures.pdf.

[7] SBA Forgiveness Rule at Section IV (p. 8294).

[8] SBA Forgiveness Rule at Section III (p. 8285) (emphasis added).

16957000/1

14.     Although the SBA generally did not conduct a detailed review of the Loan Application at the time it was submitted, the SBA reserved the right to review any relevant documents or certifications or to conduct an investigation into a Loan Application at any time, but especially when making forgiveness determinations. As noted in the SBA Forgiveness Rule, the "*SBA* may review any PPP loan, as the Administrator deems appropriate" including expressly to determine "borrower eligibility," "loan amounts and use of proceeds," and "loan forgiveness."[9]

15.     Approved PPP Loans were then serviced by Lenders "until they are fully forgiven or paid in full or, in the event of a default or other qualifying event, until the SBA purchases the guaranty and charges off any uncollectable remaining balance."[10]

16.     In terms of forgiveness, all PPP Borrowers can apply for forgiveness (the "**Forgiveness Application**") through their Lender.  Critically, forgiveness determinations ("**Forgiveness Determina**tions") are made by the SBA—not a Lender. As with the Loan Application, the Forgiveness Application is collected and reviewed for completeness by the Lender and then submitted to the SBA for approval.

17.     Based on its review, a Lender issues an *initial* suggestion to the SBA regarding forgiveness, but the SBA issues a final Forgiveness Determination after independently reviewing the Forgiveness Application. If during its review, the SBA determines that a PPP Borrower was ineligible for their PPP Loan, or that the PPP Borrower did not use loan proceeds for permitted purposes, the SBA can direct the Lender to deny any Forgiveness Application in part or in full and

---

[9]  SBA Forgiveness Rule at Section V (p. 8294) (emphasis added).

[10] SBA Procedural Notice Control No. 5000 -812316 (July 15, 2021), available at https://home.treasury.gov/system/files/136/Guidance-on-SBA-Guaranty-Purchases-and-Lender-Servicing-Responsibilities-for-PPP-Loans.pdf.

16957000/1

may seek repayment of any outstanding balance of the loan from the PPP Borrower (or pursue other remedies, including criminal charges).[11]

18.    Notably, the rules of procedure adopted by the SBA for appealing Forgiveness Determinations clearly that a PPP Borrower may appeal only a final Forgiveness Determination from the SBA.[12]

19.    In summary, although a Lender's role in the PPP Loan process includes certain tasks such as submitting applications and servicing the PPP Loan, a Lender does not have ultimate authority to make (or responsibility for) Forgiveness Determinations.

**JURISDICTION AND VENUE**

20.    The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.  Pursuant to Local Rule 9013-1(f), KServicing WD consents to the entry of a final order or judgment by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[11] 15 U.S.C. § 636(a)

[12] *See* 13 CFR § 134.1201(c) ("A borrower cannot directly fiel an appeal of a cecision made by a lender concerning a PPP loan with OHA."); see also 13 CFR § 134.1203 ("Only the borrower on a loan . . . *for which SBA has issued a final SBA loan review decision* . . . has standing to appeal the final SBA loan review decision to OHA.") (emphasis added).

16957000/1

**BASIS FOR RELIEF**

21. At their core, the claims subject to this Objection allege that KServicing was deficient in one or more ways when processing Forgiveness Applications. KServicing, however, is not liable to these claimants because: (a) the claimant's PPP Loan has been subsequently forgiven and, thus, claimant has no monetary damages (referred to herein as "**Forgiven PPP Loans**") or (b) the SBA—not KServicing—is responsible for any Forgiveness Determination (referred to herein as "**Outstanding PPP Loans**").

22. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party-in-interest . . . objects."[13] Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim.[14]

23. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."[15] To determine whether a claim may be disallowed as unenforceable against the debtor and property of the debtor under any applicable law, bankruptcy courts look to applicable nonbankruptcy law.[16] The Bankruptcy Code provides for the disallowance of a claim where any agreement or applicable law would find the claim unenforceable against the debtor.[17] In short, if a claimant could not file suit and recover against a debtor, the claim must be disallowed.

---

[13] 11 U.S.C. § 502(a).

[14] *Id.* § 502(b).

[15] *Id.*

[16] *Id.* § 502(b)(1).

[17] *Id.*

16957000/1

24.     Here, claims based on Forgiven PPP Loans can easily be disallowed for lack of monetary damages.  And claims based on PPP Loans that were only forgiven in part or not forgiven at all fail because (a) neither the CARES Act nor the SBA Act (15 U.S.C. § 633, et seq.) grants PPP Borrowers a private right of action against KServicing as a Lender (as detailed below) and (b) the Forgiveness Determinations at the heart of PPP Borrowers' claims ultimately rest with SBA, not KServicing.

25.     As discussed above, SBA-approved Lenders to participate in the PPP. Approved Lenders had certain limited responsibilities under the program related to the underwriting, disbursement, and forgiveness of loans. And while a Lender's failure to meet these responsibilities might jeopardize the Lender's right to payments or guarantees from the SBA, nothing in the PPP gives PPP Borrowers a cause of action against Lenders.

26.     Indeed, courts nationwide have repeatedly refused to enforce claims related to the PPP against both Lenders and the SBA.[18]  In analyzing both the SBA Act and the CARES Act, these courts have refused to find either an implied or express private right of action against Lenders.[19] In one such case, a federal district court declined to allow PPP Borrowers to sue KServicing for a variety of causes of action on account KServicing's alleged "failure to

---

[18] *See, e.g.*, Small Business Act § 2[7], 15 U.S.C. § 636(a); *Carr v. Kabbage, Inc.*, No. 1:22-CV-01249-VMC, 2023 WL 3150084, at *4 (N.D. Ga. Mar. 31, 2023); *Johnson v. JPMorgan Chase Bank, N.A.*, 488 F. Supp. 3d 144, 157 (S.D.N.Y. 2020) ("The CARES Act does not contain an express cause of action to enforce the PPP"); *Profiles, Inc. v. Bank of Am. Corp.*, 453 F. Supp. 3d 742, 751 (D. Md. 2020) ("The Court is not persuaded that the language of the CARES Act evidences the requisite congressional intent to create a private right of action."); *see also Crandal v. Ball, Ball & Brosamer, Inc.*, 99 F.3d 907, 909 (9th Cir. 1996) ("[T]he Small Business Act does not create a private right of action in individuals."); *Radix L. PLC v. JPMorgan Chase Bank, N.A.*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) ("there is no private right of action to enforce the CARES Act").

[19] *Carr v. Kabbage, Inc., at *4.*

16957000/1

competently process their loan forgiveness applications".[20]  In so declining, the Court noted that neither the SBA nor the CARES Act provided a private right of action against Lenders.[21] Additionally, the court ruled in favor of KServicing on numerous state common law claims, noting that it was likely such claims were barred as they were merely "an attempt to circumvent the fact that neither the CARES Act nor the SBA create a private right of action."[22]

27.    Further, as discussed above, the LRR, SBA Forgiveness Rule, and all other PPP rules and regulations make clear that it is the SBA—and not the Lender—who determines whether a PPP Loan is to be forgiven.

28.    The burden to provide complete and accurate information as part of a Forgiveness Determination rests solely with the PPP Borrower, and the Forgiveness Determination rests ultimately with the SBA.  A Lender is merely a processer who compiles information from the PPP Borrower, provides a preliminary review for completeness, and makes a preliminary recommendation to the SBA.  The SBA has, at all times, sole authority to grant forgiveness in all

---

[20] *Carr v. Kabbage, Inc., at \*4* (denying Plaintiff's attempts to "seek[ ] a declaration from the Court that Kabbage is obligated to abide by the SBA's [rules on PPP Loans]). In this case, "the Representative Plaintiffs [sought] a declaration that Kabbage is obligated to 1) review and to process loan forgiveness applications in good faith and within the 60-day time frame according to SBA regulations; 2) process PPP loan forgiveness applications for loans equal to or less than $150,000 via Form 3508S, according to SBA regulations; and 3) process PPP loan forgiveness applications and may not require any documentation other than that explicitly required by SBA regulations" through the Declaratory Judgment Act. *Id.* However, the Court denied the request because the CARES Act does not grant a private right of action. *Id.*

[21] "In light of the foregoing authority, the Court agrees that the CARES Act does not create a private right of action." *Carr v. Kabbage, Inc., at \*4.*

[22] Aside from attempting to sue under the CARES Act, the plaintiffs sued under common law, claiming that "the manner in which Kabbage serviced their loans was contrary to consumer law and public policy." *Carr v. Kabbage, Inc.*, at \*3. The Court noted that it was inclined to rule in favor of Kabbage on the grounds that their state common law claims were precluded because the claims were directly rooted in purported violations of the CARES Act and were, therefore, "an attempt to circumvent the fact that neither the CARES Act nor the SBA creates a private right of action." *Id.* at n.6. However, the Court instead resolved the claims by noting that plaintiffs failed to state a claim when they failed, for example, on an unjust enrichment claim, to allege or identify what fees they paid to Kabbage for servicing their PPP Loan. *Id.* at \*5. The unjust enrichment claims were also dismissed because the plaintiffs never paid any fees to Kabbage.

16957000/1

cases. If the PPP Borrower has not received forgiveness for its PPP Loan, the PPP Borrower's dispute is with the SBA, not the Lender.

29.    To the extent that a PPP Borrower disagrees with the SBA's decision to grant only partial forgiveness, or no forgiveness at all, on their PPP Loan, the PPP Borrower's sole remedy is to pursue a timely appeal with the SBA or OHA. The procedures for filing appeals against SBA and OHA, respectively, are set forth in SBA rules and guidelines.[23] As numerous courts have made clear, these procedures and the underlying PPP rules do not give rise to a claim against Lenders. Accordingly, no PPP Borrower has any viable claim or remedy against KServicing.

30.    To the extent a PPP Borrower assert a claim because the SBA has not yet made a Forgiveness Determination, such PPP Borrower does not currently have a monetary loss in the first instance, and even if such PPP Borrower does not agree with a future Forgiveness Determination by the SBA, such claimants sole recourse is the right to appeal that loss with SBA or OHA.[24]

31.    Finally, none of the claimants subject to this Objection assert any facts in their proofs of claim that support a failure on the part of KServicing that prejudiced the claimant's right to exhaust the administrative remedies available following the SBA's decision with respect to their PPP Loan.[25].

32.    For the reasons above, the claimants have not submitted claims that are allowable against the estate.

---

[23] *See, e.g.,* https://home.treasury.gov/system/files/136/final-rule-on-borrower-appeals-of-final-sba-loan-review-decisions.pdf .

[24] And, of course, to the extent a PPP Borrower's claim is based on a PPP Loan that was forgiven after the PPP Borrower filed its proof of claim, such claim should be disallowed because the PPP Borrower has not suffered a monetary loss on account of the fact the PPP loan was subsequently forgiven.

[25] *Carr v. Kabbage, Inc., at *6 and *7.*

## RESPONSES TO OBJECTIONS

33.     To contest this Objection, a claimant must file and serve a written response to this Objection (a "**Response**") so that it is received no later than **October 28, 2024, at 4:00 p.m. (ET)** (the "**Response Deadline**"). Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to KServicing WD, Perkins Coie LLP, 500 N. Akard Street, Suite 3300, Dallas, Texas 75201, Attn: John Penn (jpenn@perkinscoie.com) and Bradley Cosman (bcosman@perkinscoie.com) and  Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Eric Monzo (emonzo@morrisjames.com), so as to be actually received by no later than the Response Deadline.

34.     Each Response to this Objection must, at a minimum, contain the following information:

   a.     a caption setting forth the name of the Court, the name of the Debtors, the lead case number and the title of the Objection to which the Response is directed;

   b.     the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

   c.     the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   d.     all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

   e.     the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the KServicing WD should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Claim on behalf of the claimant.

11

35.     If a claimant fails to timely file and serve a Response by the Response Deadline, KServicing WD will present to the Court the Order disallowing and expunging in their entirety the Claims without further notice to the claimant or a hearing.

36.     KServicing WD may file and serve a reply to any Response in accordance with the Local Rules. KServicing WD reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## RESERVATION OF RIGHTS

37.     Nothing in this Objection: (a) shall impair, prejudice, waive, or otherwise affect the rights of KServicing WD or their estates to contest the validity, priority, or amount of any claim against KServicing WD or the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of KServicing WD or their estates with respect to any and all claims or causes of action against any third party; or (c) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of KServicing WD.

## SEPARATE CONTESTED MATTERS

38.     To the extent a Response is filed regarding any claim listed in this Objection, and KServicing WD is unable to resolve the Response, the objection by KServicing WD to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

16957000/1

## COMPLIANCE WITH RULE 3007-1

39.     To the best of KServicing WD's knowledge and belief, this Objection and related exhibits comply with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

40.     Notice of this Objection has been provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Department of Justice; (c) the Federal Trade Commission; (d) the Small Business Administration; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Attorney's Office for the District of Delaware; (h) each of the claimants whose claims are subject to this Objection; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

41.     No prior request for the relief sought herein has been made by KServicing WD to this or any other court with respect to the claims identified herein.

[*Remainder of page intentionally left blank*]

13

WHEREFORE, for the reasons set forth herein, KServicing WD respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: September 30, 2024

**MORRIS JAMES LLP**

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Tara C. Pakrouh (DE Bar No. 6192)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com
E-mail: tpakrouh@morrisjames.com

and

**PERKINS COIE LLP**
Bradley A. Cosman (admitted *pro hac vice*)
Kathleen Allare (admitted *pro hac vice*)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
E-mail: BCosman@perkinscoie.com
E-mail: KAllare@perkinscoie.com

and

John D. Penn (admitted *pro hac vice*)
500 North Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
E-mail: JPenn@perkinscoie.com

*Counsel to the Post-Confirmation Debtors, operating as the Wind Down Estates*

14

16957000/1