## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KServicing Wind Down Corp., *et al.*,[1] | Case No. 22-10951 (CTG) |
| Post-Confirmation Debtors. | (Jointly Administered) |
| | **Objection Deadline: January 5, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: January 14, 2026 at 10:00 a.m. (ET)** |

### KSERVICING WIND DOWN CORPORATION'S FIFTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN (I) NO LIABILITY CLAIMS, <u>AND (II) UNLIQUIDATED CLAIMS</u>

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE SCHEDULES ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULES 1 THROUGH 2</u> TO <u>EXHIBIT A</u> ATTACHED HERETO.**

Jeremiah Foster, in his capacity as the wind down officer (the "**Wind Down Officer**") of the wind down estates of the above captioned Post-Confirmation Debtors (collectively, "**KServicing Wind Down Estates**") and each wind down estate's affiliates and successors (collectively, "**KServicing**"), through the undersigned counsel submits this claims objection (this "**Objection**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: KServicing Wind Down Corp. (f/k/a Kabbage, Inc. d/b/a KServicing) (3937); KServicing Wind Down Canada Holdings LLC (f/k/a Kabbage Canada Holdings, LLC) (N/A); KServicing Wind Down Asset Securitization LLC (f/k/a Kabbage Asset Securitization LLC) (N/A); KServicing Wind Down Asset Funding 2017-A LLC (f/k/a Kabbage Asset Funding 2017-A LLC) (4803); KServicing Wind Down Asset Funding 2019-A LLC (f/k/a Kabbage Asset Funding 2019-A LLC) (8973); and KServicing Wind Down Diameter LLC (f/k/a Kabbage Diameter, LLC) (N/A). The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309.

Court for the District of Delaware (the "**Local Rules**"), disallowing and expunging certain proofs of claim filed by claimants (each a "**Claimant**" and collectively, the "**Claimants**"), as identified on **Schedule 1** (the "**No Liability Claims**") and **Schedule 2** (the "**Unliquidated Claims**", and together with the No Liability Claims, the "**Disputed Claims**") to the Order.

In support of this Objection, KServicing Wind Down Estates rely upon the *Declaration of Jeremiah Foster, the Wind Down Officer of KS Wind Down in Support of KServicing Wind Down Corporation's Fifth (Substantive) Omnibus Objection to Certain (I) No Liability Claims, and (II) Unliquidated Claims* (the "**Foster Declaration**"), attached hereto as **Exhibit B**, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a) and 502 title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

4.      Pursuant to Local Rule 9013-1(f), KServicing Wind Down Estates consent to the entry of a final order or judgment by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND AND OVERVIEW

5.      On October 3, 2022, (the "**Petition Date**"), KServicing and its debtor-affiliates (the "**Debtors**") commenced bankruptcy under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

6.      On October 24, 2022 the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket No. 144-155] (collectively, the "**Schedules**").

7.      On October 26, 2022, the Court entered the *Order (I) Establishing a General Bar Date to File Proofs of Claim, (II) Establishing a Bar Date to File Proofs of Claim by Governmental Units, (III) Establishing an Amended Schedules Bare Date, (IV) Establishing a Rejection Damages Bar Date, (V) Approving the Form and Manner for Filing Proofs of Claim, (VI) Approving the Proposed Notice of Bar Dates, (VII) Approving Procedures with Respect to Service of the Proposed Notice of Bar Dates, and (VIII) Granting Related Relief* [Docket No. 161] (the "**Bar Date Order**").

8.      The Bar Date Order established November 30, 2022 at 5:00 p.m. (prevailing Eastern Time) as the deadline for creditors to file proofs of claim for each claim they assert against the Debtors that arose before the Petition Date (the "**General Bar Date**"). The Bar Date Order also established the governmental bar date for governmental units to file proofs of claims against any Debtor as April 3, 2023 at 5:00 p.m. (prevailing Eastern Time). Additionally, the Bar Date Order approved the form of proof of claim to be filed against the Debtors and the manner of giving notice of the General Bar Date (the "**Bar Date Notice**"). The Bar Date Notice was mailed to all known creditors of the Debtors [Docket No. 169].

9.      On January 19, 2023, the Debtors filed their *Amended Joint Chapter 11 Plan of Liquidation of Kabbage, Inc. (d/b/a KServicing) and its Affiliated Debtors* [Docket No. 466] (the "**Plan**").

17619517/13

10.     The confirmation hearing was held on March 13, 2023, at the conclusion of which the Court issued a bench ruling confirming the Plan. On March 15, 2023, this Court entered a written order [Docket No. 680] ("**Confirmation Order**") supplementing the oral ruling.

11.     The Plan became effective on June 20, 2023 (the "**Effective Date**"), and under § 5.4(a) of the Plan, Jeremiah Foster was appointed as the Wind Down Officer. Under § 7.1(a) of the Plan, the Wind Down Officer, on behalf of KServicing Wind Down Estates, has the sole authority to object to claims.

12.     The Debtors' register of claims (the "**Claims Register**") as maintained by Stretto, Inc. includes three hundred and three (303) proofs of claim that were filed against the Debtors including another sixty-four (64) scheduled claims.

13.     In the ordinary course of business, the Debtors maintained books and records (the "**Books and Records**") that reflect, among other things, the nature and amount of the liabilities the Debtors owed to their creditors. The Debtor began, and the Wind Down Officer and his professionals have continued reviewing, comparing, and reconciling the proofs of claim (including any supporting documentation) with the Schedules, Claims Register, and the Books and Records. The claims reconciliation process includes identifying particular categories of claims that may be subject to objection. While this review, analysis, and reconciliation is ongoing, the Wind Down Officer has determined that certain claims should be disallowed and expunged for one or more reasons. Accordingly, the Wind Down Officer files this Objection seeking the relief requested below.

14.     On October 16, 2025 KServicing Wind Down Corp. (f/k/a Kabbage, Inc.), commenced an adversary action styled as Adv. Case No. 25-52372 (CTG) against (i) certain directors and officers to recover damages KServicing Wind Down Corp. (f/k/a Kabbage, Inc.)

allegedly sustained as a result of their breaches of fiduciary duty; and (ii) to recover the more than $500 million in allegedly fraudulent transfers (the "**D&O Complaint**"). *See* D&O Complaint ¶32. For the avoidance of doubt, this Objection is not intended to interfere with or affect anything related to the D&O Complaint, that adversary action or effect the former directors and officers that are named as defendants in the D&O Complaint.

15.     KServicing Wind Down Estates respectfully requests that the Disputed Claims be disallowed and expunged.

## RELIEF REQUESTED

16.     For the reasons set forth more fully below, the Wind Down Officer requests the Court enter the Order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, (a) disallowing the Disputed Claims and (b) granting related relief.

## BASIS FOR RELIEF

17.     At their core, the Disputed Claims seek indemnification from KServicing and allege certain rights pursuant to the Debtors' insurance policies and agreements between KServicing and the Claimants listed in this Objection.

18.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party-in-interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

19.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." *Id*. The Bankruptcy Code provides for the disallowance of a claim where any agreement or applicable law would find the claim unenforceable

against the debtor. *Id*. In short, if a claimant could not file suit and recover against a debtor, the claim must be disallowed. While a properly filed claim is *prima facie* evidence of the claim's allowed amount, when an objecting party rebuts a claim's *prima facie* validity, the Claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("The burden of persuasion is always on the claimant."); *see also* 11 U.S.C. § 501; Fed. R. Bankr. P. 3001(f).

## DISPUTED CLAIMS

### I.    No Liability Claims

20.    The Wind Down Officer objects to each of the claims listed on **Schedule 1** to the Proposed Order and requests that the No Liability Claims be disallowed. The No Liability Claims set forth in **Schedule 1** to the Proposed Order arise from agreements, governance documents, or other contracts that certain Claimants executed with one of more Debtors during their tenure with the respective Debtor entity.

21.    The No Liability Claims listed on **Schedule 1** are contingent claims for indemnification and/or benefits related to certain of KServicing's directors' and officers' liability insurance policies, as referenced in the respective claim filed by certain former officers and directors of KServicing. The No Liability Claims are based on purported indemnification and benefits obligations under certain agreements, corporate governance documents, and insurance policies.

22.    However, the Plan provides, in relevant part, that:

> Notwithstanding the above, this Section 8.5 shall not apply to any Former Officers and Directors and any obligations of the Debtors pursuant to a contract, instrument, agreement, certificate of incorporation, by-law, comparable organizational document or any other document or applicable law, including amendments entered into any time prior to the Effective Date, to indemnify, reimburse, or limit the liability of any Former Officer and Director shall be

6

rejected as of the Effective Date, and the Wind Down Officer reserves all legal and equitable rights and defenses in respect of any claims asserted by any Former Officer or Director.

Plan § 8.5.

23.    The Plan defines "Former Officers and Directors" as "any Person that (a) served in a capacity as an officer or director of any of the Debtors prior to the Commencement Date and (b) was not an officer or director of any of the Debtors as of the Commencement Date." Plan § 1.54. Furthermore, "Commencement Date" under the Plan refers to "the date on which the Debtors commenced the Chapter 11 Cases." *Id*. at §1.21. The Chapter 11 Cases began on the Petition Date and the Wind Down Officer reads such terms to be synonymous with one another.

24.    Based on the Books and Records, none of the Claimants listed in **<u>Schedule 1</u>** to the Proposed Order were officers or directors of any Debtor as of the Commencement Date. Therefore, pursuant to the Plan, the No Liability Claims reflect claims for which the Debtors do not have any liability or existing payment obligations.

25.    In evaluating the Disputed Claims, the Wind Down Officer thoroughly reviewed the Books and Records of the KServicing Wind Down Estates, each Disputed Claim, as well as any supporting documentation.

26.    During the Wind Down Officer's review of the Wind Down Estates' books and records, he discovered that certain of the corporate documents for the Debtors provide for the indemnification of the entity's directors and officers.

27.    Nonetheless, the Wind Down Officer believes that the Plan explicitly terminates the Claimant's rights to indemnification and insurance benefits. Specifically, in addition to the language in Section 8.5, Section 1 C of the Plan states "[i]n the event of an inconsistency between the Plan and other document, the terms of the Plan shall control." Plan ¶1C.

28.     Additionally, Section 5.9 of the Plan states "[a]s of the Effective Date, the certificate of incorporation and by-laws, or other organizational documents, as applicable, of the Debtors shall be amended to the extent necessary to carry out the provisions of this Plan, subject to the consent of the Reserve Bank, not to be unreasonably withheld."

29.     Therefore, any potential or perceived rights of the Claimants, as alleged via the Disputed Claims, are superseded by the language in the Plan.

30.     Furthermore, certain of the Claimants have executed separation agreements that further limit such Claimant's right to bring claims against the Wind Down Estates.

31.     In sum, based on the foregoing, the Wind Down Officer determined that the KServicing Wind Down Estates are  not liable or does not have any payment obligation due and owing on account of each Disputed Claim. *See* Foster Declaration.

32.     Failure to disallow the No Liability Claims will result in Claimants receiving an unwarranted recovery from KServicing Wind Down Estates to the detriment of other creditors. Thus, the relief requested herein is necessary to prevent any improper or unjustified distribution of estate funds and to facilitate the administration of the claims allowance process. Accordingly, the No Liability Claims set forth on **Schedule 1** to the Order should be disallowed and expunged in their entirety.

**II.     Unliquidated Claims**

33.     The Wind Down Officer objects to each of the claims listed on **Schedule 2** to the Proposed Order on the grounds that they were filed in an undetermined amount, or assert only unliquidated, and/or contingent claims, failing to adhere to the requirements under the Bankruptcy Code to sufficiently specify the amount sought.  **Schedule 2** to the Order identifies for each such

claim: (a) the Claimant's name; (b) the proof of claim number; (c) the claim date; (d) the claim amount and asserted priority status; and (e) the basis for disallowance.

34.     Accordingly, because the parties asserting the Unliquidated Claims have failed to meet their burden of support under Bankruptcy Rule 3001(f) to provide sufficient support for their Unliquidated Claims and because the failure to fix or liquidate the amount of the Unliquidated Claims would unduly delay the administration of the cases, the Unliquidated Claims should be disallowed and expunged.

35.     For the reasons set forth herein and in **<u>Schedule 2</u>** to the Proposed Order, the Wind Down Officer objects to the Unliquidated Claims and requests that such claims be disallowed and expunged because such claims were filed in unliquidated amounts and the failure to fix or liquidate the amount of such claims would unduly delay the administration of the cases.  The Unliquidated Claims were filed in a contingent, unliquidated, or undetermined amount and either provided insufficient support from which a liquidated allowable amount for the claim could be determined.

36.     As of today, the information available to the Wind Down Officer reflects that the allowable liability of each Unliquidated Claim is $0. Without some liquidated amount for these claims, the Wind Down Officer does not even have a basis on which it could reserve for those claims while otherwise evaluating the Debtors' liability on those claims, and thereby make distributions to other claimants whose liquidated claims have been allowed.

37.     Accordingly, the parties asserting the Unliquidated Claims have failed to meet their burden of support under Bankruptcy Rule 3001(f) to provide any support for their Unliquidated Claims and because the failure to fix or liquidate the amount of the Unliquidated Claims would unduly delay the administration of the distribution process, the Unliquidated Claims should be disallowed and expunged.

## **RESPONSE TO THE OBJECTION**

38.    To contest this Objection, the Claimant must file and serve a written response to this Objection (a "**Response**") so that it is received no later than **January 5, 2026**, **at 4:00 p.m. (ET)** (the "**Response Deadline**"). The Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to KServicing, Perkins Coie LLP, 500 N. Akard Street, Suite 3300, Dallas, Texas 75201, Attn: John Penn (jpenn@perkinscoie.com) and Bradley Cosman (bcosman@perkinscoie.com) and Morris James LLP, 3205 Avenue North Blvd., Suite 100, Wilmington, Delaware 19803, Attn: Eric Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com), so as to be actually received by no later than the Response Deadline.

The response to this Objection must, at a minimum, contain the following information:

   a.   a caption setting forth the name of the Court, the name of the Debtors, the lead case number and the title of the Objection to which the Response is directed;

   b.   the name of the Claimant, the claim number, and a description of the basis for the amount of the claim;

   c.   the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   d.   all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

   e.   the name, address, telephone number, fax number or email address of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for KServicing should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Claim on behalf of the claimant.

39.     If the Claimant fails to timely file and serve a Response by the Response Deadline, KServicing will present to the Court the Order disallowing and expunging the Claim in its entirety without further notice to the Claimant or a hearing.

40.     KServicing may file and serve a reply to any Response in accordance with the Local Rules. KServicing reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

41.     **Adjournment of Hearing**: KServicing reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.  The agenda will be served on the person designated by the Claimant in its Response.

42.     **Separate Contested Matter**: The objection by the Wind Down Officer to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

43.     Nothing in this Objection: (a) shall impair, prejudice, waive, or otherwise affect the rights of KServicing Wind Down Estates or their estates to contest the validity, priority, or amount of any claim against KServicing Wind Down Estates or the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of KServicing Wind Down Estates or their estates with respect to any and all claims or causes of action against any third party; or (c) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of KServicing Wind Down Estates.

44.     KServicing Wind Down Estates and the Wind Down Officer expressly reserve the right to amend, modify, or supplement this Objection. Should one or more of the grounds for

objection stated in this Objection be dismissed or overruled, KServicing Wind Down Estates reserves the right to object to each of the claims on any other grounds that the Wind Down Officer discovers or elects to pursue. The Wind Down Officer reserves the right to assert additional substantive or non-substantive objections to the claims at a later time.

45.     Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the KServicing Wind Down Estates, the Wind Down Officer or any successors thereto, may have to enforce any other rights, including but not limited to the right of setoff against the Unliquidated Claims or any other claim filed by the Claimant.

46.     Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against KServicing Wind Down Estates and/or the Wind Down Officer under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the KServicing Wind Down Estates', the Wind Down Officer's, or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the KServicing Wind Down Estates or the Wind Down Officer; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## COMPLIANCE WITH LOCAL RULE 3007-1

47.     To the best of KServicing Wind Down Estates' knowledge and belief, this Objection and related exhibits comply with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**NOTICE**

48.    Notice of this Objection will be provided to: (a) the U.S. Trustee; (b) each holder of the Disputed Claims subject to this Objection; and (c) any other party that has requested notice pursuant to Bankruptcy Rule 2002.

**NO PRIOR REQUEST**

No prior request for the relief sought herein has been made by KServicing to this or any other court with respect to the claims identified herein.

**WHEREFORE**, KServicing respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.


Dated: December 15, 2025             **MORRIS JAMES LLP**

                                     */s/ Brya M. Keilson*
                                     Brya M. Keilson (DE Bar No. 4643)
                                     Eric J. Monzo (DE Bar No. 5214)
                                     3205 Avenue North Blvd., Suite 100
                                     Wilmington, DE 19803
                                     Telephone: (302) 888-6800
                                     Facsimile: (302) 571-1750
                                     E-mail: bkeilson@morrisjames.com
                                     E-mail: emonzo@morrisjames.com

                                     and

                                     **PERKINS COIE LLP**
                                     Bradley A. Cosman (admitted *pro hac vice*)
                                     Kathleen Allare (admitted *pro hac vice*)
                                     2525 E. Camelback Road, Suite 500
                                     Phoenix, AZ 85016-4227
                                     Telephone: (602) 351-8000
                                     Facsimile: (602) 648-7000
                                     E-mail: BCosman@perkinscoie.com
                                     E-mail: KAllare@perkinscoie.com

                                     and

17619517/13

John D. Penn (admitted *pro hac vice*)
500 North Akard Street, Suite 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
E-mail: JPenn@perkinscoie.com

*Counsel to the Post-Confirmation Debtors,*
*operating as the Wind Down Estates*